UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| GROUP MANAGEMENT CORP., | : | CASE NO. 03-93031 |
| a/k/a IVG Corp., | : | |
| | : | |
| DEBTOR. | : | JUDGE MURPHY |

**UNITED STATES TRUSTEE'S MOTION FOR DISMISSAL WITH PREJUDICE OR FOR CONVERSION TO CHAPTER 7**

COMES NOW the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed by 28 U.S.C. § 586(a), and pursuant to 11 U.S.C. §§ 105(a) and 1112(b) respectfully moves this Court to enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or, in the alternative, dismissing it with prejudice to Debtor's ability to seek further relief under chapter 11 of the Bankruptcy Code for a period of 180 days. In support thereof, the United States Trustee represents as follows:

1. Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on March 18, 2003, and has remained in control of the assets and business affairs of the bankruptcy estate as a debtor in possession since that date.

2. Debtor represents on the face of its petition that its corporate offices are in Atlanta, Georgia. However, according to the records of the Georgia Secretary of State available on its Internet web site, Debtor is not a Georgia corporation, nor has it complied with the provisions of O.C.G.A. 14-2-1501 requiring foreign corporations to obtain a certificate of authority from the Secretary of State to transact business in this state.

3. The petition was signed by Thomas Ware (**"Mr. Ware"**) in his asserted capacity as Debtor's attorney. However, at the time the petition was filed Mr. Ware was not authorized to practice law in this Court, having been suspended from practice in the Northern District of Georgia by order of the United States District Court entered on June 29, 1999, due to his failure to comply with two (2) orders assessing monetary sanctions against him under Bankruptcy Rule 9011 for filing incomplete, inaccurate and unwarranted petitions in prior bankruptcy cases. On March 26, 2003, this Court entered an order giving the Debtor fifteen (15) days to obtain an attorney licensed to practice and currently in good standing in this district, and on April 8, 2003, Sims W. Gordon, Jr., Esq., entered an appearance as counsel for the Debtor.

4. Represented by Mr. Gordon, Debtor has filed an Emergency Motion to Reject Executory Contract (**"the Emergency Motion"**) seeking to reject its obligation under the terms of a convertible Financing Transaction to honor certain stock conversion requests made by the following creditors: Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership.

5. Attached as Exhibit "A" to this Motion is a copy of an order ("**the Contempt Order**") issued on or about March 13, 2003 by the United States District Court for the Southern District of New York, holding the Debtor and two of its directors, including Mr. Ware, in contempt for their disobedience of a prior order directing them to honor what appear to be the same conversion requests that are the subject of the Emergency Motion. The Contempt Order provided for the issuance of a warrant for the arrest of Mr. Ware and the other director unless the conversion requests were honored within three (3) days of service of the Contempt Order by certified mail. The United States Trustee submits that it is evident from these circumstances that Mr. Ware signed and filed the petition

2

commencing the present case for the purpose of avoiding or forestalling his arrest under the Contempt Order.

6. Debtor has failed to discharge its duty under 11 U.S.C. § 521(1) and Bankruptcy Rule 1007 to file schedules and assets of liabilities and a statement of financial affairs within fifteen (15) days of the date of filing of the petition and has likewise failed to comply with its duty under 11 U.S.C. § 704(8), made applicable to it as a debtor in possession by 11 U.S.C. §§ 1106(a)(1) and 1107, to provide the Office of the United States Trustee with requested documentation concerning its bank accounts and insurance coverage.

7. Based on the foregoing facts and circumstances, the United States Trustee submits that Debtor filed this case in bad faith for the improper purpose of obstructing and delaying creditors in the enforcement of their rights and remedies under non-bankruptcy law and without any bona fide reorganizational purpose. Under these circumstances, the Court is authorized by 11 U.S.C. § 105(a) to take necessary and appropriate action to prevent further abuse of its process by the Debtor.

WHEREFORE, the United States Trustee respectfully moves this Court to enter an order converting this case to a case under chapter 7 of the Bankruptcy Code or, in the alternative, acting pursuant to its authority under 11 U.S.C. § 105(a) to take necessary and appropriate action to prevent abuse of its process, dismissing it with the proviso that Debtor shall be ineligible to seek further relief under chapter 11 of the Bankruptcy Code for a period of 180 days.

C. DAVID BUTLER
United States Trustee
Region 21

[Signatures of Counsel On Next Page]

      /s/
GUY G. GEBHARDT
Assistant United States Trustee
Georgia Bar No. 288550

      /s/
JAMES H. MORAWETZ
Senior Attorney
Georgia Bar No. 521900

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street
Atlanta, Georgia 30303

Tel: (404) 331-4437

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing UNITED STATES TRUSTEE'S MOTION FOR DISMISSAL WITH PREJUDICE OR FOR CONVERSION TO CHAPTER 7 was this day sent by U.S. Mail, properly addressed and with correct postage, to the following:

Thomas Ware, Esq.
Rosenfeld, Goldman & Ware, Inc.
101 Marietta Street
Suite 1070
Atlanta, GA 30303

Sims W. Gordon, Jr., Esq.
Gordon & Boykin
2130 Kingston Court, SE
Suite B
Marietta, GA 30067

This the  10th  day of April, 2003.

      /s/
JAMES H. MORAWETZ
Senior Attorney

SAND S.

United States District Court
Southern District of New York

------------------------------------------------------------X

Alpha Capital Aktiengesellschaft, Amro
International, S.A., Markham Holdings, Ltd., and
Stonestreet Limited Partnership,

02 Civ. 2219 (LBS)

Plaintiffs,

-against-

Order

Group Management Corp., formerly known as
IVG Corp., formerly known as Internet Venture
Group, Inc., Thomas Ware, Len Churn and Barry
Corker,

Defendants.
------------------------------------------------------------X

Whereas, the plaintiffs Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership (collectively the "Plaintiffs"), have moved this Court by Order to Show Cause dated February 20, 2003, for an Order holding defendants Group Management Corp. and its directors Thomas Ware, Len Churn and Barry Corker in contempt for the failure to honor conversion requests duly submitted by Plaintiffs, as Group Management Corp. and all those in active concert with it were required to do pursuant to this Court's Order and Judgment of November 25, 2002; and

Whereas, based upon the affidavits of service filed with the Court, it appears that Group Management Corp., Thomas Ware and Barry Corker were duly served with said Order to Show Cause; and

Exhibit "A"

Whereas, Group Management Corp., Thomas Ware and Barry Corker failed to appear at the hearing on March 3, 2003 and oppose the within motion; and

Whereas, by Order dated January 15, 2003, the Court ordered Group Management Corp. to cause substitute counsel to appear on or before March 3, 2003, failing which the Court would award Plaintiffs' additional damages and attorneys' fees as therein set forth; and

Whereas, Group Management Corp. failed to file with the Clerk of this Court a notice of appearance by substitute counsel on or before March 3, 2003 as Ordered by this Court on January 15, 2003;

Now, therefore, it is

Ordered that defendants Group Management Corp. and its directors Thomas Ware and Barry Corker are hereby held in contempt for their disobedience of the Order and Judgment of this Court of November 25, 2002; and it is further

Ordered that in the event that Group Management Corp. and its directors Thomas Ware and Barry Corker do not honor Plaintiffs' pending conversion requests within three (3) days of the mailing of this Order via Certified Mail to the addresses at which they were served with the Order to Show Cause, then Group Management Corp. shall pay to Plaintiffs the sum of $1,000.00 per day until it complies with the Order and Judgment of November 25, 2002 and the

Court shall issue a warrant for the arrest of Thomas Ware and Barry Corker and they shall stand committed in the custody of the U.S. Marshal *in the district in which they are arrested* until the contempt is purged by honoring all of the conversion requests duly submitted by Plaintiffs; and it is further

Ordered that pursuant to the Order of this Court dated January 15, 2003, Plaintiffs are awarded additional damages, based upon their application dated December 26, 2002, in the amount of $119,700.00 plus interest from February 7, 2002 in the amount of $11,670.45 (through March 7, 2003), attorney's fees in the amount of $119,812.50 and expenses in the amount of $4,997.35; and it is further

Ordered that pursuant to the Order of this Court of January 15, 2003, the provisions of paragraphs 8(e)-(f) of the Order and Judgment of November 25, 2002 which provided for an escrow of funds recovered by Plaintiffs are stricken.

_____
U.S.D.J.

Dated: March /7 2003

3