IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 03-93031-mhm |
| | ) | |
| GROUP MANAGEMENT CORP., | ) | Chapter 11 |
| a/k/a IVG CORP., | ) | |
| | ) | JUDGE MARGARET H. MURPHY |
| Debtor. | ) | |
| | ) | |
| ---------------------------------------------------) | | |

**EMERGENCY MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR RELIEF FROM
THE AUTOMATIC STAY, AND REQUEST FOR EMERGENCY HEARING**

Alpha Capital Aktiengesellschaft ("Alpha"), Amro International, S.A. ("Amro"), Markham Holdings, Ltd. ("Markham"), and Stonestreet Limited Partnership ("Stonestreet") (hereinafter referred to as "Movants") bring this Emergency Motion to Dismiss, or in the Alternative, for Relief from the Automatic Stay (the "Motion"), and state as follows:

1.  The facts and law supporting this Motion are more fully set forth in the Brief and Exhibits filed concurrently herewith and incorporated herein by reference.

2.  Movants are creditors of the Debtor. On or about February 2, 2001, Movants purchased notes from the Debtor in an aggregate principal amount in excess of $1 million. The Debtor has failed to satisfy its obligations under the notes and related subscription agreements.

3.  As described in the Brief, this case was filed by the Debtor solely for the purpose of evading compliance with the Order and Judgment of the United States District Court for the Southern District of New York, entered on November 25, 2002 (the "Order and Judgment"), and the contempt order issued by the United States District Court for the

Southern District of New York on March 13, 2003 (the "Contempt Order") following the Debtor's failure to comply with terms of the Order and Judgment and the failure of its representatives to appear for hearing before the District Court. Copies of the Order and Judgment and Contempt Order are attached as Exhibits A and B, respectively, to the concurrently filed Brief.

4. The Debtor's bad faith in filing this Chapter 11 case is demonstrated by the following:

a) This Chapter 11 case was filed on March 18, 2003, five days after entry of the Contempt Order, which, among other things, provided for the arrest and incarceration of Thomas Ware, one of the Debtor's directors (Mr. Ware signed as the Chief Executive Officer of the Debtor on a Form 8-K filed by the Debtor with the Securities and Exchange Commission on the petition date, March 18, 2003. The Form 8-K reports that Mr. Ware purportedly resigned from the Board of Directors of the Debtor on March 17, 2003, the day prior to the filing of this case. A copy of the Form 8-K is attached as Exhibit C to the concurrently filed Brief.);

b) The attorney initially purporting to represent the Debtor in filing this Chapter 11 case was Mr. Ware, who has been suspended from practice in the Northern District of Georgia, causing this Court to issue an order requiring the Debtor to obtain counsel admitted to practice and currently in good standing in the Northern District of Georgia;

c) The Debtor failed to file its Schedules of Assets and Liabilities and its Statement of Financial Affairs on the petition date (March 18, 2003) and, as of the date of

this motion, has not yet filed those documents as required by Rule 1007(c) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

                d)      The Debtor has moved on an emergency basis, without identifying any basis for emergency relief, to reject the contracts on which the Order and Judgment are based, even though the Movants' obligations under those contracts have been fully performed and the Debtor's obligations thereunder are now fixed by and subject to the Orders of the United States District Court for the Southern District of New York;

                e)      The Debtor has, at most, identified only two creditors other than the Movants; and,

                f)      The Debtor has virtually no assets (approximately $150,000 as set forth in the petition) and no ongoing business operations.

5.      Plainly, this case was not commenced for the purpose of reorganization, but to evade compliance with the Order and Judgment and Contempt Order of the United States District Court for the Southern District of New York. Consequently, pursuant to 11 U.S.C. § 1112(b) and 11 U.S.C. § 305(a), this Court should dismiss the Debtor's Chapter 11 case because it has been filed in bad faith.

6.      In the alternative, should this Court determine not to dismiss the Debtor's Chapter 11 case, the Movants request, pursuant to 11 U.S.C. § 362(d), relief from the automatic stay of 11 U.S.C. § 362(a) in order to enforce the Orders of the United States District Court for the Southern District of New York.

## Request for Emergency Hearing

7.      To further its efforts to evade compliance with the Order and Judgment and the Contempt Order, the Debtor has filed an Emergency Motion to reject the contractual

arrangements between the Debtor and the Movants. The Movants vigorously dispute whether any such emergency exists. In any event, the Movants may be irreparably harmed if the Debtor's emergency motion, which is scheduled to be heard on Tuesday, April 15, 2003, is heard in isolation from this Motion, which accurately sets forth the circumstances under which this case was filed. Accordingly, the Movants request that this motion be heard forthwith and in any event prior to the hearing of the Debtor's rejection motion.

WHEREFORE, the Movants respectfully request that this Court dismiss the Debtor's Chapter 11 case, or, in the alternative, grant relief from the automatic stay to enable the Movants to enforce the Orders of the United States District Court for the Southern District of New York.

Dated: April 11, 2003

Respectfully submitted,

/s/ Dennis S. Meir
Dennis S. Meir - Georgia Bar No. 501100
John W. Mills, III - California Bar No. 149861

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

COUNSEL TO ALPHA CAPITAL AKTIENGESELLSCHAFT, AMRO INTERNATIONAL, S.A., MARKHAM HOLDINGS, LTD., AND STONESTREET LIMITED PARTNERSHIP

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Emergency Motion To Dismiss Or, In The Alternative, For Relief From The Automatic Stay, And Request For Emergency Hearing was served by Facsimile on the parties below on April 11, 2003.

Sims W. Gordon, Jr.
Gordon & Boykin
2130 Kingston Court, SE, Suite B
Marietta, GA 30067
Fax: (770) 612-2627

James H. Morawetz
Office of the United States Trustee
362 Richard Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303
Fax: (404) 331-4464

Baker & McKenzie
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Fax: (214) 978-3099

Boise Cascade Office Products
150 E. Pierce Road
Itasca, IL 60143
Fax: 1 (800) 572-6473

Dated: April 11, 2003

KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

Respectfully submitted,

　　　/s/ Dennis S. Meir
Dennis S. Meir
Georgia Bar No. 501100

COUNSEL TO ALPHA CAPITAL
AKTIENGESELLSCHAFT, AMRO
INTERNATIONAL, S.A., MARKHAM
HOLDINGS, LTD., AND STONESTREET
LIMITED PARTNERSHIP

# EXHIBIT "A"

*Return to Cashiers interest Bearing-Acct.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALPHA CAPITAL AKTIENGESELLSCHAFT,
AMRO INTERNATIONAL, S.A.,
MARKHAM HOLDINGS, LTD., and
STONESTREET LIMITED PARTNERSHIP,

      Plaintiffs,

    -against-

GROUP MANAGEMENT CORP.,
formerly known as IVG CORP.,
formerly known as INTERNET
VENTURE CORP.,

      Defendant.*
------------------------------------------------------------X

02 Civ. 2219 (LBS)

**ORDER AND JUDGMENT**

SAND, District Judge.

  For the reasons more fully expressed in a Memorandum filed on this day, it is hereby

  (1) ORDERED and adjudged that Plaintiff Alpha Capital Aktiengesellschaft, Pradafant 7, 9490 Furstentums, Vaduz, Liechtenstein ("Alpha"), is entitled to recover against Defendant Group Management Corp., 13135 Dairy Ashford, Sugar Land, Texas 77478 ("Defendant") the sum of $386,000.00 principal plus interest on the Notes, $17,745.00 principal plus interest on the Promissory Notes, liquidated damages in the amount of $99,000.00, plus additional liquidated damages in the amount of $6,700 for late delivery of shares pursuant to the February 21, 2002 conversion notice, for a total recovery on such items in the amount of $509,445.00; and it is further

  (2) ORDERED and adjudged that Plaintiff Amro International, S.A., c/o Ultra Finanz,

---

* The action against Defendants Elorian Landers and Becky Landers having been stayed pursuant to bankruptcy filing, and the Court having severed them as Defendants in this case by Order of November 7, 2002, the Court hereby amends the caption of this case by deleting their names.

COPIES MAILED TO ALL PARTIES

Grossmuensterplatz 6, Zurich, Switzerland CH 8022 ("Amro"), is entitled to recover against Defendant the sum of $321,667.00 principal plus interest on the Notes, $14,788.00 principal plus interest on the Promissory Notes, liquidated damages in the amount of $82,500.00, less $3,600.00 credit for the August 8, 2002 conversion, for a total recovery on such items in the amount of $415,355.00; and it is further

(3) ORDERED and adjudged that Plaintiff Markham Holdings, Ltd., 50 Town Range, P.O. Box 472, Gibraltar ("Markham"), is entitled to recover against Defendant the sum of $450,333.00 principal plus interest on the Notes, $20,703.00 principal plus interest on the Promissory Notes, and liquidated damages in the amount of $115,500.00, less $4,050.00 credit for the August 9, 2002 conversion, for a total recovery on such items in the amount of $582,486.00; and it is further

(4) ORDERED and adjudged that Plaintiff Stonestreet Limited Partnership, 260 Town Centre Blvd., Suite 201, Markham, Ontario L3R 8H8 ("Stonestreet"), is entitled to recover against Defendant the sum of $257,333.00 principal plus interest on the Notes, $11,830.00 principal plus interest on the Promissory Notes, and liquidated damages in the amount of $66,000.00, for a total recovery on such items in the amount of $335,163.00; and it is further

(5) ORDERED and adjudged that Plaintiffs Alpha, Amro, Markham, and Stonestreet . shall recover against Defendant in an amount to be determined by the Court damages for the delay in delivering all necessary opinions and other documents to Plaintiffs regarding the shares released from escrow; and it is further

(6) ORDERED and adjudged that Defendant, its officers, agents, servants, employees and

2

attorneys and all those in active concert with them,[1] continue to honor all conversion requests in accordance with the terms and conditions of the agreements between the parties and deliver all opinions and other documents necessary for Plaintiffs to sell shares received upon conversion pursuant to Rule 144 until all amounts due and owing to Plaintiffs are paid in full; and it is further

(7) ORDERED and adjudged that Plaintiffs shall recover against Defendant reasonable legal fees in an amount to be determined by the Court.

(8) The Court is aware that the parties may dispute the proper valuation of the shares released from escrow in January 2002, the measure of damages relating to the delay in delivering all necessary opinions and other documents regarding the shares released from escrow, as well as the number and valuation of stock conversions executed (collectively, the "offsets") which should be set off against the recovery to which Plaintiffs are otherwise entitled herein. The Court is further aware that Defendant is in default of its obligations under the agreements between the parties and of this Court's orders; that Defendant is in dire fiscal straits; and that Defendant has failed, despite repeated requests by the Court, to provide specific alternative proposals or data supporting its claims, or to provide Plaintiffs with any reasonable alternative to the security provisions contained in the agreements between the parties. The Court therefore further directs:

(a) that notwithstanding any other provision herein except for subparagraphs (e) through (g) below, Plaintiffs shall have the immediate recovery of and entry of judgment against

---

[1] Although Defendant Elorian Landers has been severed from this action by virtue of his bankruptcy filing, he remains subject to this provision insofar as he remains an officer, agent, or employee of Defendant Group Management.

3

Defendant in the amount of $1,000,000.00,[2] and that Plaintiffs shall have the immediate right to institute and maintain all proceedings to which a judgment creditor is entitled in order to execute upon and collect that amount; and

(b) that Plaintiffs shall have THIRTY ONE DAYS to submit a detailed claim, accompanied by affidavits, legal memoranda, and any other necessary supporting documents, for damages relating to the delay in delivering all necessary opinions and other documents regarding the shares released from escrow, taking full regard of the recent decision of the Second Circuit in Lucente v. IBM, 2002 U.S. App. LEXIS 23049 (2d Cir. Nov. 4, 2002), and for reasonable legal fees; and

(c) that Defendant shall have FIFTEEN DAYS thereafter to submit a similarly detailed and supported claim for offsets to the amounts set forth above, including credit for the shares released from escrow and any conversions not fully accounted for above; and

(d) that the Court shall hold an inquest on January 15, 2003, to determine what amount if any Plaintiffs shall recover against Defendant in excess of the $1,00,000.00 ordered and adjudged on this date, or if necessary what amount if any Defendant shall recover against Plaintiff in offset from any amounts already collected by that date; and

(e) that all sums recovered by Plaintiffs in execution of subparagraph (a) of this Order and Judgment be deposited with the Clerk of the Court until such time as the Court shall order such sums to be released; and

(f) that the Clerk of the Court, as soon as the business of his office allows, prepare the

---

[2] This sum represents the total set forth in paragraphs (1) through (7) above less the maximum feasible offset that might, upon inquest, be merited by Defendant.

4

necessary forms to effectuate the transfer of said funds from the Registry of the Court of the Southern District of New York, to the Registry of the Court of the Southern District of Texas, for the purpose of placing said funds in the Court Registry Investment System, Interest Bearing Account; and

(g) that the Clerk shall deduct from the income earned on the investment a fee not exceeding that authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office whenever such income becomes available for deduction from the investment so held and without further order of this Court.

SO ORDERED.

Dated:    New York, New York
          November 25, 2002

_____
U.S.D.J.

5

Case 8:25-cv-00613-MSS Document 1-1 Filed 04/15/03 Entered 04/15/03 14:58:23 Page 7 of 15 Desc
Case 9:25-cv-00613-MLB Document 15-1 Filed 04/15/03 Entered 04/15/03 Page 7 of 15 Desc
Exhibit "A" and "B"   Page 7 of 10

# EXHIBIT "B"

*SA-15*

United States District Court
Southern District of New York

------------------------------------------------------------X
Alpha Capital Aktiengesellschaft, Amro
International, S.A., Markham Holdings, Ltd., and
Stonestreet Limited Partnership,

                                   02 Civ. 2219 (LBS)

                Plaintiffs,

            -against-

                                    Order

Group Management Corp., formerly known as
IVG Corp., formerly known as Internet Venture
Group, Inc., Thomas Ware, Len Churn and Barry
Corker,

                Defendants.
------------------------------------------------------------X

Whereas, the plaintiffs Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership (collectively the "Plaintiffs"), have moved this Court by Order to Show Cause dated February 20, 2003, for an Order holding defendants Group Management Corp. and its directors Thomas Ware, Len Churn and Barry Corker in contempt for the failure to honor conversion requests duly submitted by Plaintiffs, as Group Management Corp. and all those in active concert with it were required to do pursuant to this Court's Order and Judgment of November 25, 2002; and

Whereas, based upon the affidavits of service filed with the Court, it appears that Group Management Corp., Thomas Ware and Barry Corker were duly served with said Order to Show Cause; and

1

Whereas, Group Management Corp., Thomas Ware and Barry Corker failed to appear at the hearing on March 3, 2003 and oppose the within motion; and

Whereas, by Order dated January 15, 2003, the Court ordered Group Management Corp. to cause substitute counsel to appear on or before March 3, 2003, failing which the Court would award Plaintiffs' additional damages and attorneys' fees as therein set forth; and

Whereas, Group Management Corp. failed to file with the Clerk of this Court a notice of appearance by substitute counsel on or before March 3, 2003 as Ordered by this Court on January 15, 2003;

Now, therefore, it is

Ordered that defendants Group Management Corp. and its directors Thomas Ware and Barry Corker are hereby held in contempt for their disobedience of the Order and Judgment of this Court of November 25, 2002; and it is further

Ordered that in the event that Group Management Corp. and its directors Thomas Ware and Barry Corker do not honor Plaintiffs' pending conversion requests within three (3) days of the mailing of this Order via Certified Mail to the addresses at which they were served with the Order to Show Cause, then Group Management Corp. shall pay to Plaintiffs the sum of $1,000.00 per day until it complies with the Order and Judgment of November 25, 2002 and the

2

Case 2:51-cv-00613-MLB-1 Doc 6 Filed 08/04/51/08 Page 10 of 15 Desc
Case 03-21ev-0061-dMB-1 Document 04/15/03 Filed 08/04/51/08 Page 53 of 15 Desc
Exhibit "A" and "B"   Page 10 of 10

Court shall issue a warrant for the arrest of Thomas Ware and Barry Corker and they shall stand committed in the custody of the U.S. Marshal *in the district in which they are arrested* until the contempt is purged by honoring all of the conversion requests duly submitted by Plaintiffs; and it is further

Ordered that pursuant to the Order of this Court dated January 15, 2003, Plaintiffs are awarded additional damages, based upon their application dated December 26, 2002, in the amount of $119,700.00 plus interest from February 7, 2002 in the amount of $11,670.45 (through March 7, 2003), attorney's fees in the amount of $119,812.50 and expenses in the amount of $4,997.35; and it is further

Ordered that pursuant to the Order of this Court of January 15, 2003, the provisions of paragraphs 8(e)-(f) of the Order and Judgment of November 25, 2002 which provided for an escrow of funds recovered by Plaintiffs are stricken.

_____
U.S.D.J.

Dated: March /) 2003

3