**IT IS ORDERED as set forth below:**



**Date: February 18, 2025**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 03-93031-BEM |
| GROUP MANAGEMENT CORP., | |
| Debtor. | CHAPTER 11 |

## O R D E R

An appeal has been filed in this case which was accompanied by a letter from Mr. Ulysses T. Ware in which Mr. Ware requests that this Court hold a status conference under 11 U.S.C. § 105(d) to establish a briefing schedule on the asserted jurisdictional issue. This Court addressed its jurisdiction, the standing of claimants who held or hold certain convertible promissory notes issued by Debtor, and Mr. Ware in an order entered October 22, 2024, (the "October Order"). Thus, to the extent Mr. Ware seeks relief from the Bankruptcy Court, there is no action this Court can take until the District Court rules on the appeal. *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020). Furthermore, letters are not proper pleadings. BLR 9003-2.

Notwithstanding the short duration of the case[1], which was filed on March 18, 2003, and dismissed with consent of Debtor on May 21, 2003, Mr. Ware, an attorney who was prohibited from practice in the Bankruptcy Court for the Northern District of Georgia at the time the case was filed and was subsequently disbarred in Georgia, has inundated the Court with letters, documents and purported pleadings. The October Order sets forth the litany of filings submitted by Mr. Ware to that point. [Doc. 256, pp. 6, 9, 50]. Thereafter, the Court entered an order denying all pending motions [Doc. 274] and an Order Finding Ulysses T. Ware Is A Vexatious Litigant and Limiting His Future Filing In This Case (the "Bar Order"). [Doc. 275].

In the October Order, the Court ordered that (i) the Clerk must only place on the docket of the Group Management case papers properly filed with the Clerk (not emailed) and which are orders, judgments or activities reflecting request for relief in this bankruptcy case, (ii) the Clerk need not file or docket papers delivered to the Clerk if they are copies of pleadings filed in cases other than this bankruptcy case, copies of correspondence sent to any person or entity, or correspondence to the Clerk, and (iii) Mr. Ware had time to file a response to show cause why he should not be deemed a vexatious litigant and be prohibited from making any further filings in this closed bankruptcy case. [Doc. 256, p. 53]. The Court held a hearing for Mr. Ware to show cause on December 8, 2022, at which Mr. Ware appeared by video.

As is shown in the Court's December 13, 2024, Order, (the "December Order") Mr. Ware failed to abide by the October Order and filed six motions between entry of the October Order on October 24 and the December Order on December 13, 2022 [Doc. 274, p. 2]. In the December Order, in determining that no grounds existed to reconsider the October Order, the Court

---

[1] This case was closed on June 3, 2003, and remains closed.

noted that if Mr. Ware disagrees with the Court's rulings that an appeal is the appropriate remedy. Id. at 15.

In the Bar Order the Court reviewed the history of this closed case and the show cause hearing held after entry of the October Order. The Court will not restate the history or analysis in each of the October Order, the December Order or the Bar Order but assumes familiarity with each and fully adopts each of the Orders and their findings. In addition, the Court reviewed Mr. Ware's behavior in cases pending in the Southern District of New York and the Second Circuit where he, as he has done here, inundated the court in closed cases with inflammatory and frivolous papers. [Doc. 275 pp. 8-12]. The Court concluded that Mr. Ware is a vexatious litigant and barred him from filing any pleadings in this case except a notice of appeal to the United States District Court for the Northern District of Georgia or the Eleventh Circuit Court of Appeals and any documents necessary to prosecute the appeal, such as the designation of the record or requests for transcripts. The Court noted further that all filing limitations that were included in the October Order continue to apply.

Notwithstanding these Orders and filing restrictions, since May 29, 2024, Mr. Ware has sent over 100 emails to now retired Judge Hagenau's and this judge's chambers email addresses. These emails are composed of orders and memoranda concerning cases (long closed) pending in the Southern District of New York and filing repetitive, inflammatory and frivolous .pdf attachments with emails related to this long-closed bankruptcy case. The emails often contain allegations of unlawful actions by judges and employees of this Court, lawyers, attorneys for the United States Trustee among others. Each of these arguments were addressed in the October Order. [Doc. 256, pp. 10-17, 29-43]; [Doc. 274, pp. 6-8].

While the Court can take no substantive action while the appeal is pending in the District Court it can and will take action to control the purported filings sent by Mr. Ware via email. The constant emailing by Mr. Ware of voluminous, repetitive, abusive and frivolous documents wastes judicial resources and administrative time and must stop. Therefore, the Court will begin the return of all documents submitted through email and will henceforth return any email received from Mr. Ware unopened and it is now, hereby,

ORDERED that the Court will not review and will return all emails received from Mr. Ware.

**END OF ORDER**

## **Distribution List**

Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303