# 03-93031 Chapter 11
## Re: (12-10A2) (Part 14-10A2)

## A.    Appellants' Expressed Actual Notice of Adverse Effects and Consequences.

## The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

February 19, 2025

*Filed in U.S. Bankruptcy Court*
*Northern District of Georgia*
*Vania S. Allen, Clerk*

**FEB 2 6 2025**

By: _____
*Deputy Clerk*

**VIA ELECTRONIC FILING AND U.S. MAIL**

The Honorable Barbara Ellis-Monro
Chief Judge, United States Bankruptcy Court
Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Vania S. Allen
Clerk of the Bankruptcy Court
United States Bankruptcy Court
Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

**B.    Re: IMMEDIATE ATTENTION REQUIRED: APPELLANTS' SUBMISSION FOR FILING AND DOCKETING OF AMENDMENT NO. 2 TO NOTICE OF APPEAL (DKT. 279) – APPEAL OF DKT. 286—THE CRIMINAL VIOLATIONS OF 18 U.S.C. § 2071(a), (b) ARISING FROM ATTEMPTED RETURN OF JUDICIAL PUBLIC RECORDS.**

Sincerely,

/s/ Ulysses T. Ware

*Ulysses T. Ware*

Page **1** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

Ulysses T. Ware
Attorney in Fact for Appellants-Movants
Ulysses T. Ware and Group Management

Page **2** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

# Table of Contents

Re: (12-10A2) (Part 14-10A2) ............................................................................................ 1

A.    Appellants' Expressed Actual Notice of Adverse Effects and Consequences. ..................... 1

The Office of Ulysses T. Ware ........................................................................................ 1

B.    Re: IMMEDIATE ATTENTION REQUIRED: APPELLANTS' SUBMISSION FOR FILING
AND DOCKETING OF AMENDMENT NO. 2 TO NOTICE OF APPEAL (DKT. 279) – APPEAL
OF DKT. 286—THE CRIMINAL VIOLATIONS OF 18 U.S.C. § 2071(a), (b) ARISING FROM
ATTEMPTED RETURN OF JUDICIAL PUBLIC RECORDS. ...................................................... 1

C.    Appellants' Actual and Constructive Notice of Adverse Consequences. ........................ 4

D.    APPELLANTS' AMENDMENT NO. 2 TO NOTICE OF APPEAL DKT. 279. ......................... 7

E.    Bankr. Rule 5003. Records *Kept* By the Clerk. (a) Bankruptcy Dockets. ...................... 9

12-10B) (Part 14-10B) APPELLANTS' ULYSSES T. WARE AND GROUP MANAGEMENTS'
AMENDMENT NO. 2 TO APPELLANTS' NOTICE OF APPEAL, Dkt. 279, Feb. 7, 2025, 03-
93031 (BC NDGA), APPEAL OF DKT. 286. ...................................................................... 11

I. INTRODUCTION .......................................................................................................... 11

II. GROUNDS FOR APPEAL ............................................................................................. 12

A. WILLFUL JUDICIAL FABRICATION OF "FACTS" AND LACK OF ARTICLE III SUBJECT MATTER
JURISDICTION (DKT. 286 ORDER VOID AB INITIO). .......................................................... 12

B. WILLFUL AND UNLAWFUL RESISTANCE TO RES JUDICATA AND BINDING EFFECT OF SDNY FINAL
JUDGMENT. ..................................................................................................................... 14

C. BAD FAITH AND FRIVOLOUS CHARACTERIZATION OF APPELLANTS' SUBMISSIONS. ............ 15

D. WILLFUL OBSTRUCTION OF APPELLATE RECORD DESIGNATION AND RULE 8009(d) PROCESS. ......... 15

E. VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 5003(a) AND SUPREME COURT
PRECEDENT. ................................................................................................................... 15

F. WILLFUL MISCHARACTERIZATION OF KTS' UNREGISTERED BROKER-DEALER CLIENTS. .............. 17

III. RELIEF REQUESTED ................................................................................................. 17

IV. CONCLUSION ............................................................................................................ 19

V. EXHIBITS .................................................................................................................. 20

EXHIBIT 1—Dkt. 286. Purported Order Entered by the Bankruptcy Court on February 18,
2025, and Docketed as Docket Entry 286 in *In re Group Management Corp.*, Case No. 03-93031
(BEM) (Bankr. N.D. Ga.). ................................................................................................ 21

EXHIBIT 2—03-93031 Docket Sheet for *In re Group Management Corp.*, Case No. 03-93031
(BEM) (Bankr. N.D. Ga.), as of Feb. 19, 2025, reflecting the complete absence of any "October
Order" 2024 or "December Order" entered as required by Bankr. Rule 5003(a) in 2024. .......... 26

Certificate of Service ........................................................................................................ 30

End of document .............................................................................................................. 31

Page **3** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

**Case:** *In re: Group Management Corp.*, **Chapter 11, Case No. 03-93031-BEM**
**Appeal Case No. 25cv00613 (NDGA) (MLB).**

## C.    Appellants' Actual and Constructive Notice of Adverse Consequences.

To Chief Judge Ellis-Monro and the Clerk of the Bankruptcy Court:

This letter is written with utmost urgency and grave concern regarding the Bankruptcy Court's stated criminal intention in its Order entered February 18, 2025 (Dkt. 286), to "return all emails received from Mr. Ware." This directive, if implemented with respect to Appellants' recently submitted Amendment No. 2 to the Notice of Appeal (Dkt. 279), and any other filings, would constitute a direct and actionable violation of 18 U.S.C. § 2071(a) and (b), potentially subjecting those responsible to criminal penalties, and the 28 USC 586(a

Appellants, Ulysses T. Ware and Group Management have today, February 19, 2025, submitted for filing and docketing Amendment No. 2 to the Notice of Appeal (Dkt. 279), challenging the Bankruptcy Court's demonstrably and manifestly erroneous Order (Dkt. 286). This submission is a crucial judicial public record in Case No. 03-93031-BEM and the related appeal, Case No. 25cv00613 (NDGA) (MLB).

The Bankruptcy Court's announced intention to "return" emails and, by necessary implication, any attached legal filings, directly contravenes the mandatory record-keeping requirements of Federal Rule of Bankruptcy Procedure 5003(a), which compels the Clerk to "keep a docket in each case under the Code and shall enter thereon each judgment, order, ***and activity*** in that case." Furthermore, and of critical legal significance, any act of "returning" or refusing to docket Appellants' filings, particularly Amendment No. 2, or any other judicially related "paper" ***constitutes a violation of 18 U.S.C. § 2071, which explicitly criminalizes the unlawful removal, concealment, or destruction of public records***.

18 U.S.C. § 2071(a) states in pertinent part:

***Whoever*** [whether a clerk or a judge] willfully and unlawfully conceals, ***removes***, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, ***paper,*** document, or other thing, ***filed*** or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 2071(b) further provides:

***Whoever***, having the custody of any such record, proceeding, map, book, ***document, paper,*** or other thing, willfully and unlawfully conceals, ***removes***, mutilates, obliterates, falsifies, or destroys the same, ***shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States***.

Page **4** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

The act of "returning" Appellants' filings, including Amendment No. 2, cannot be construed as anything other than a deliberate, willful, reckless, and irresponsible attempt ***to remove, suppress, and conceal*** judicial public records from the Court's mandated record-keeping system. This action, if undertaken, would demonstrably constitute a violation of 18 U.S.C. § 2071(a) and (b).

Moreover, Appellants assert that this attempted suppression of judicial records is not an isolated incident, but rather an ongoing and continuous pattern of overt and predicate acts in an ongoing conspiracy to obstruct justice and commit bankruptcy fraud within Case No. 03-93031-BEM. This conspiracy is directly related to the deliberate concealment and mischaracterization of critical subject matter issues, including:

1. The unregistered broker-dealer status of KTS' clients and their lack of Article III standing to assert claims in this bankruptcy proceeding.
2. The predatory criminal usury status of promissory notes GX 1, GX 2, GX 3, GX 4, and GX 5, which are void ab initio under applicable law and cannot form the basis of legitimate claims.

The Bankruptcy Court's attempt to prevent the docketing and official recording of Appellants' filings, particularly Amendment No. 2, and other prior filings serves to further conceal these critical jurisdictional and substantive defects from appellate review and public scrutiny.

**Therefore, Appellants formally demand that Chief Judge Ellis-Monro and the Clerk of the Bankruptcy Court immediately cease and desist from any action that would result in the "return," non-docketing, removal, suppression, concealment, or destruction of Appellants' filings, including Amendment No. 2.**

We further demand that Amendment No. 2, and all other submissions by Appellants, be promptly and properly docketed in accordance with Federal Rule of Bankruptcy Procedure 5003(a) and all other applicable rules and regulations.

Be advised that any action taken to violate 18 U.S.C. § 2071, or to obstruct justice in this matter, will be immediately reported to the United States Attorney for the Northern District of Georgia, the Department of Justice, and the Judicial Council of the Eleventh Circuit Court of Appeals for appropriate investigation and prosecution, and the Office of the U.S. Trustee, Region 21, Mary Ida Townsend, Esq. and Jeneane Treace, Esq., both who have been served with a copy of this Amendment No. 2

Appellants trust that the Bankruptcy Court will immediately rectify this grave error and ensure full compliance with all applicable laws and rules, thereby preserving the integrity of the judicial record and upholding the principles of due process and open access to the courts.

Sincerely,

/s/ Ulysses T. Ware

*Ulysses T. Ware*

Ulysses T. Ware
Attorney in Fact for Appellants-Movants
Ulysses T. Ware and Group Management

Page **6** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

## (12-10A2) (Part 14-10A2)

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Filed on February 19, 2025, via U.S. mail and email, 10:40:48 AM.

In re:
**GROUP MANAGEMENT CORP.,**
Debtor.

**Case No.: 03-93031 (WLH)**
Chapter 11

---

# D.  APPELLANTS' AMENDMENT NO. 2 TO NOTICE OF APPEAL DKT. 279.[1]

### APPELLANTS' APPEAL OF  DKT. 286,  AND BANKR. RULE 9014/12(h)(3) ARTICLE III "THRESHOLD MATTER" JURISDICTIONAL APPEAL[2]

---

**Appellants/Movants**: Ulysses T. Ware and Group Management[3]

**Appellees/Respondents**: Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, L.P., Amro International, S.A., Kilpatrick, Townsend, & Stockton, LLP,  Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, Wab Kadaba, Kenneth A. Zitter, Arie Rabinowitz, LH Financial Services Corp., Konrad Ackermann, Joseph Hammer, Trailblazer Merger Corp., I, Wendy L. Hagenau, James H. Morawetz, the Office of the U.S. Trustee, Region 21, Mary Ida Townson, Jeneane Treace, M. Regina Thomas, Patricia Sinback, Margaret H. Murphy, Joyce Bihary, Coleman Ray Mullins, Securities and Exchange Commission, Financial Industry Regulatory Agency (FINRA),

---

[1] See Dkt. 278. On appeal in *In re Group Management Corp.,* 25cv00613 (NDGA) (MLB).

[2] Article III *jurisdictional* and *standing **appeals*** pursuant to Fed. R. Civ. P. Rule 12(h)(3) and 9014 ***are only permitted and authorized to be filed in the Bankruptcy Court (NDGA) in regard to In re Group Management Corp., 03-93031 Chapter 11***: (Rule 12(h)(3): *Lack of Subject-Matter Jurisdiction*. If the [bankruptcy] court determines **at any time** that **it** lacks subject-matter jurisdiction [over the Criminal Usury Subject Matter, GX 1, GX 2, GX 3, GX 4, and GX 5, the [bankruptcy] ***court must dismiss the action***.

[3] Successor in interest to the Chapter 11 Debtor, Group Management Corp., a sole proprietorship.

Barbara Ellis-Monro, Marcia E. Asquith, Robert L.D., Colby, Robert W. Cook, Emma Jones, Sarah Jeffries, The State Bar of Georgia, Office of the General Counsel, William D. NeSmith, III, Paula Fredrick, Leigh Burgess, William Alan Myers, Adrienne Nash, Jenny Mittlemen, Jonathan Hewett, Patrick N. Arndt, Michael D. Hostetter, Nall & Miller, LLP, Manibur S. Arora, Edward T.M. Garland, Michael F. Bachner, David B. Levitt, Donald F. Samuel, Janice Singer, Alexander H. Southwell, Thomas W. Thrash, Jr., Michael P. Boggs, Thomas A. Leghorn, Lawrence B. Mandala, Baker & McKenzie, LLP, Robert H. Albaral, John F. King, and Office of the Georgia Insurance Commissioner, and **John Does Insurance Companies**, ##1-5.

/s/ Ulysses T. Ware

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

**February 19, 2025, 10:40:48 AM**

**BEFORE THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

In re:
**GROUP MANAGEMENT CORP., Chapter 11**
Debtor. Case No.: 03-93031 (WLH)

## Re: (12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279, Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01. Exhibit 1, attached hereto, infra.

COME NOW Appellants-Movants, Ulysses T. Ware and Group Management (collectively, "Appellants"), and hereby on Feb. 19, 2025, duly submit this Amendment No. 2 to the Notice of Appeal, Docket Entry 279, **_Bankr. Rule 5003(a) "activity" in 03-93031_**,[4] filed in the above-captioned matter on February 3, 2025, for filing and docketing with the Court. In accordance with the Federal Rules of Bankruptcy Procedure, Rule 5003(a), and to ensure the accuracy and completeness of the record, Appellants respectfully submit the following amendment:

E.       **Bankr. Rule 5003. Records _Kept_ By the Clerk. (a) Bankruptcy Dockets.**

Rule 5003(a) states that: The clerk **_shall keep_** a docket in each case [03-93031] under the Code and **_shall enter thereon_** each judgment, order, **_and activity in that case_**[5] as prescribed by the Director of the

---

[5] Under **Bankruptcy Rule 5003(a)**, the Clerk must maintain a docket showing all "activity" (**_all papers filed_**) and each **"judgment, order, or other proceeding"** in the case. In practice, this means that **any formal event** that bears on the court's consideration or administration of the bankruptcy—whether initiated by the debtor, a creditor, another party in interest, or the court itself—generally qualifies as **"activity"** that must be entered on the docket. Although the rule does not contain a bright-line definition of "activity," courts and clerks typically treat the following as "activity" for Rule 5003(a) purposes:
    1.  **Formal Filings or Papers**:

Page **9** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made. Palpably, if Judge Ellis-Monro's ill-advised, and unprecedentedly announced ***intended criminal violation*** of 18 USC §§ 2071(a), (b) is actually carried out, ***her crimes will constitute a per se admission, confession, and self-incrimination of an ongoing conspiracy to obstruct justice***, and commit bankruptcy fraud by sealing the 03-93031 docket in violation of the First Amendment right of all to all judicial public records—that is, egregious and criminal violations of the Code of Conduct for Federal Judge, ***high crimes and misdemeanors, impeachable offenses***. See ***Press Enterprise***, 464 U.S. at 508-09.

---

      a.  **Petitions, pleadings, motions, applications, complaints, notices**, and any other **written request for relief** that a party tenders for the court's review.
      b.  **Responses, objections, replies**, or any paper that responds to a pending motion or proceeding.
      c.  **Proofs of claim** filed by creditors or interest-holders.

  ii.  **Orders and Judgments**:
      a.  **Court orders** disposing of motions or granting/denying relief.
      b.  **Judgments**, whether final or interlocutory, issued by the court.

  iii.  **Proceedings or Events in the Case**:
      a.  **Notices of hearing, minutes of hearings**, or **hearing transcripts** (once made part of the record).
      b.  **Certificates of service**, status reports, or scheduling orders.

  iv.  **Other Substantive Communications Intended for the Court's Docket:**
      a.  **Letters or correspondence** (including those transmitted via email) ***that clearly seek relief, respond to a court directive, or otherwise bear on the rights and obligations of parties shall be considered "papers filed" that require docketing—particularly if they effectively function as a motion, request for relief, or written argument.***
      b.  **Requests for transcripts, requests for entry of default**, or other case-administration communications, so long as they are filed with the Clerk and pertain to the progress or disposition of the case.

  v.  **Administrative Entries**:
      a.  **Clerk's docket notations**, such as entries reflecting receipt of fees, issuance of summons, or scheduling of Section 341 meetings.

In essence, ***any written submission*** or formal event that is part of the **official record** of the bankruptcy ***or is reasonably related to the resolution of the case constitutes "activity."*** If a filing or communication **seeks relief, addresses a pending matter**, or otherwise **affects the debtor's estate, the administration of the case, or parties' rights**, ***it must be filed on the docket and becomes a matter of public record***. This obligation under Rule 5003(a) reflects the principle that **bankruptcy proceedings must maintain an accurate, transparent record** ***of everything that can influence or determine the outcome of the case***. Put differently, "**activity**" is any event ***or filing*** that the court and interested parties need to be able to track, review, and, if necessary, challenge or appeal.

# 12-10B) (Part 14-10B) APPELLANTS' ULYSSES T. WARE AND GROUP MANAGEMENTS' AMENDMENT NO. 2 TO APPELLANTS' NOTICE OF APPEAL, Dkt. 279, Feb. 7, 2025, 03-93031 (BC NDGA), APPEAL OF DKT. 286.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:
**GROUP MANAGEMENT CORP.,**
**Debtor.**

**Chapter 11**
**Case No. 03-93031-BEM**

On appeal in *In re Group Management Corp.,* **25cv00613 (NDGA) (MLB)**

**APPELLANTS:** ULYSSES T. WARE and GROUP MANAGEMENT

**DOCUMENT TITLE:** APPELLANTS' AMENDMENT NO. 2 TO NOTICE OF APPEAL (RE: DKT. 286) CHALLENGING BANKRUPTCY COURT'S WILLFUL FABRICATION OF "FACTS," RESISTANCE TO RES JUDICATA, AND UNAUTHORIZED PRECLUSIVE EFFECT OF ORDERS.

**DATE:** February 19, 2025

## I. INTRODUCTION

Appellants-Movants, Ulysses T. Ware and Group Management (collectively, "Appellants"), 11 USC § 1109(B) statutory parties in interest, hereby submit this Amendment No. 2 to their Notice of Appeal, Dkt. 279. This amendment supplements and amends Appellants' initial Notice of Appeal, Docket Entry 279, filed on February 3, 2025, and pertains to the Order-01 entered by the Bankruptcy Court on February 18, 2025, and docketed as Docket Entry 286 (the "February 18, 2025 Order" or "Dkt. 286 Order"), attached hereto as Exhibit 1. This appeal is taken to the United States District Court for the Northern District of Georgia pursuant to Rule 8001 and

Page **11** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

Rule 8002 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 158(a)(1), asserting an appeal as of right from a final order of the Bankruptcy Court.

## II. GROUNDS FOR APPEAL

Appellants appeal from the Bankruptcy Court's February 18, 2025 Order (Dkt. 286) on the following grounds, which demonstrate the Bankruptcy Court's:

### A. WILLFUL JUDICIAL FABRICATION OF "FACTS" AND LACK OF ARTICLE III SUBJECT MATTER JURISDICTION (DKT. 286 ORDER VOID AB INITIO).

1. **Lack of Article III Jurisdiction:** The Bankruptcy Court lacked Article III subject matter jurisdiction to enter the February 18, 2025, Order (Dkt. 286), rendering it and all prior orders in this matter void ab initio. See ***Steel Co***., 523 U.S. at 93-95.

2. **Judicial Fabrication of Factual Predicates:** Chief Judge Barbara Ellis-Monro's issuance of Dkt. 286 is further legally invalid—a nullity, due to its reliance on fabricated and non-existent false alleged "factual" predicates. Dkt. 286 repeatedly references purported "October Order" and "December Order" rulings, asserting:

   i. "The October ["2024"] Order sets forth the litany of filings submitted by Mr. Ware to that point. [Doc. 256, pp. 6, 9, 50]."

   ii. "In the October ["2024"] Order, the Court ordered that... (i) the Clerk must only place on the docket...papers properly filed with the Clerk... (ii) the Clerk need not file or docket papers... (iii) Mr. Ware had time to file a response to show cause why he should not be deemed a vexatious litigant..."

    iii.    "As is shown in the Court's **December 13, 2024**, Order, (the "December Order") Mr. Ware failed to abide by the October [2024] Order…"

    iv.    "In the December ["2024"] Order, in determining that no grounds existed to reconsider the October Order, the Court noted that if Mr. Ware disagrees with the Court's rulings that an appeal is the appropriate remedy."

    v.    "In the Bar Order the Court reviewed the history of this closed case and the show cause hearing held after entry of the October Order."

    vi.    "The Court will not restate the history or analysis in each of the October ["2024"] Order, the December ["2024"]Order or the Bar Order but assumes familiarity with each and fully adopts each of the Orders and their findings."

    vii.    "The Court noted further that all filing limitations that were included in the October Order continue to apply."

    viii.    "Each of these arguments were addressed in the October ["2024"] Order."

3. **Demonstrably False Factual Basis:** As evidenced by the most recent, Feb. 19, 2025, 03-93031 docket sheet (Exhibit 2), no order was entered or docketed by the Bankruptcy Court in *October 2024*, nor on *December 13, 2024*. The Bankruptcy Court's repeated references to these non-existent orders are demonstrably false and constitute a willful judicial fabrication of facts. This fabrication, combined with the persistent lack of Article III subject matter jurisdiction, renders Dkt. 286 ***void ab initio*** and exposes egregious judicial misconduct.

## B. WILLFUL AND UNLAWFUL RESISTANCE TO RES JUDICATA AND BINDING EFFECT OF SDNY FINAL JUDGMENT.

1. **Resistance to Res Judicata:** Dkt. 286, predicated on fabricated "facts," further embodies a willful and legally indefensible resistance[6] to the binding preclusive effect of res judicata and the lawful authority of the United States District Court for the Southern District of New York.

2. **Judicial Dishonesty:** Judge Ellis-Monro's reliance on fabricated "October ["2024" nonexistent] Order" and "December ["2024" nonexistent] Order" fraudulent and fabricated ultra vires rulings to justify Dkt. 286 *is a brazen act of judicial dishonesty and overt criminality*. This fabrication creates a false and misleading narrative to legitimize the continued disregard for *Judge Sand's voluntary, Rule 41(a)(2) December 20, 2007, Final Judgment* (Dkt. 90 in 02cv2219 SDNY) and to obstruct Appellants' appellate efforts.

3. **Grave Breach of Judicial Ethics:** This willful resistance to res judicata, compounded by manifest judicial fabrication, is a grave breach of judicial ethics and a direct assault on the integrity of the federal judiciary, and constitutes civil and willful "resistance" (18 USC §§ 401(2), 401(2)), *criminal contempt* of Judge Sand's Rule 41(a)(2) final judgment (02cv2219), Dkt. 90.

---

[6] See 18 USC §§ 401(2), 401(3): A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, *such contempt of its authority*, and none other, as—
**(1)** Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
**(2)** Misbehavior of any of its officers *in their official transactions*;
**(3)** Disobedience or *resistance* to its lawful writ, process, order, rule, decree, or command.

## C. BAD FAITH AND FRIVOLOUS CHARACTERIZATION OF APPELLANTS' SUBMISSIONS.

The Bankruptcy Court's irresponsible mischaracterization of Appellants' submissions as "inflammatory and frivolous" in Dkt. 286 is maliciously and insidiously factually and legally frivolous, baseless, meritless, and made in bad faith. This fraudulent mischaracterization, analyzed in Appellants' Notice of Appeal No. 1 (Dkt. 279), is deployed within an Order predicated upon ***willful judicial fabrication*** of non-existent "facts." The dismissal of Appellants' documented jurisdictional challenges as "inflammatory and frivolous" is a dishonest pretext to conceal judicial misconduct and fabrication.

## D. WILLFUL OBSTRUCTION OF APPELLATE RECORD DESIGNATION AND RULE 8009(d) PROCESS.

The Bankruptcy Court's continued obstruction of Appellate Record designation and the Rule 8009(d) process, as evidenced by Dkt. 286, is intertwined with the ***willful fabrication*** of PURPORTED "facts" and judicial dishonesty. These actions reflect a deliberate and malicious intent to sabotage the Appellants' appeal, conceal jurisdictional deficiencies, and undermine the integrity of the judicial process.

## E. VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 5003(a) AND SUPREME COURT PRECEDENT.

1. **Violation of Rule 5003(a):** The Bankruptcy Court's directive in Dkt. 286 to "return all emails received from Mr. Ware" violates Federal Rule of Bankruptcy Procedure 5003(a), which mandates the Clerk to docket "each... **activity** in that case." This directive

Page **15** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

improperly prevents the docketing of court activity based on the filer's identity, undermining the integrity and transparency of the court record.

2. **Supreme Court Precedent:** Supreme Court precedent establishes that federal courts are bound by their own procedural rules:

   i.   *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 318 (1988) ("The Federal Rules of Civil Procedure are binding upon the federal courts as well as the litigants and cannot be modified to suit the convenience of a particular case."). (paraphrased)

   ii.  *Bank of Nova Scotia v. United States,* 487 U.S. 250, 254-55 (1988) ("[T]he rules are binding upon the court, as well as upon the parties, and the courts have no more discretion to disregard [them] than they have to disregard statutory provisions."). (paraphrased).

   iii. *Colgrove v. Battin*, 413 U.S. 149, 164 n.23 (1973) ("The Federal Rules of Civil Procedure have the force and effect of law . . . ."). (paraphrased).

The Bankruptcy Court's action, Dkt. 278 and 286, overt and predicate acts—*a repeating pattern of racketeering activity* as defined in 18 USC § 1961(4), contravenes Rule 5003(a) and established Supreme Court precedent, depriving Appellants and the public of a complete and accurate court record.[7]

---

[7] Cf., *In re Westinghouse Elec. Corp. Uranium Contracts Litig.*, 570 F.2d 899 (10th Cir. 1978) (**Limits on Case-Management Discretion:** While federal courts hold broad discretion over scheduling and consolidation, *Westinghouse* reaffirms *that such discretion has limits*. **Any procedure that meaningfully *affects the parties' substantive or due process rights* (e.g., discovery, motion practice, filings, etc.) must be rooted in and consistent with the FRCP)**. (emphasis added).

## F. WILLFUL MISCHARACTERIZATION OF KTS' UNREGISTERED BROKER-DEALER CLIENTS.

The Bankruptcy Court's willful, persistent, deliberate, and intentional mischaracterization of KTS' unregistered broker-dealer clients as "claimants" falsely implies lawful claims based on enforceable debts. In reality, these alleged claims (Dkt. 11, 15, and 16) are predicated on ***predatory criminal usury debts***, void ab initio under New York law (GX 1-4), and violated NYS Penal Law, section 190.40. *See Adar Bays, LLC v. GeneSYS ID, Inc.*, 28 F.4d 379 (2d Cir. 2022); ***United States v. Grote***, 961 F.3d 105, 109 (2d Cir. 2020)(aff'd criminal conviction, sentence, and +$3.5 billion RICO forfeiture judgment for unlawful debt collection activities). ***This deliberate, intentional, bad faith, reckless, and irresponsible mischaracterization demonstrates actual and apparent bias, prejudice, and lack of judicial impartiality.***

# III. RELIEF REQUESTED

WHEREFORE, Appellants-Movants, Ulysses T. Ware and Group Management, respectfully request that the United States Bankruptcy Court for the Northern District of Georgia grant the following relief:

1. Pursuant to Rule 5003(a) accept this Amendment No. 2 to Notice of Appeal (Re: Dkt. 286) as a timely and proper appeal from the Bankruptcy Court's Order entered on February 18, 2025, docketed as Docket Entry 286, docket the same, and forward to the District Court (NDGA) in 25cv00613 (NDGA) (MLB) for consolidation in the pending appeal.

Page **17** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

2. For the District Court, 25cv00613 (MLB) to consolidate this Amendment No. 2 to Notice of Appeal (Re: Dkt. 286) with Appellants' initial Notice of Appeal, Docket Entry 279, for all further appellate proceedings in Case No. 25cv00613 (NDGA) (MLB).

3. For the District Court to ***summarily*** Reverse and Vacate the Bankruptcy Court's February 18, 2025, Order (Dkt. 286) in its entirety, finding that said Order ***was flagrantly, blatantly, and recklessly*** entered without Article III subject matter jurisdiction, constitutes a willful, bad faith, and unlawful resistance (civil and criminal contempt) to res judicata's preclusive effects that attached to Judge Sand's Dec. 20, 2007, Dkt. 90, ***voluntary*** Rule 41(a)(2) final judgment entered in 02cv2219 (SDNY), is predicated upon demonstrably fabricated "facts," reflects ***a manifest abuse of discretion***, and is a deliberate and legally dishonest misapplication of controlling Eleventh Circuit and Supreme Court precedent.

4. Vacate Ab Initio and Annul All Orders Issued by the Bankruptcy Court in Case No. 03-93031 (BEM) Since May 29, 2003 (Including Dkts. 28, 256, 258, 263, 274, 275, 278, and 286), as Jurisdictionally Void and Procured Through Fraud Upon the Court.

5. Remand this matter to the Bankruptcy Court with explicit and peremptory instructions to immediately cease and desist from any further actions or proceedings in Case No. 03-93031 (BEM) pending the final resolution of the appeal before the United States District Court, and to fully cooperate with Appellants-Movants in the designation and certification of the Appellate Record pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure.

6. Order the immediate recusal and judicial disqualification of Chief Judge Ellis-Monro in regard to the 03-93031 proceedings.

7. Order the immediate referral of Judge Ellis-Monro and the Bankruptcy Clerk to the Judicial Council of the Eleventh Circuit Court of Appeals with a recommendation to initiate a

Page **18** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

JC&D Rule 5(a) sua sponte complaint by the Chief Judge based on the enclosed information.

8. Grant such other and further relief as is just, equitable, and proper, including but not limited to the imposition of severe judicial sanctions against Chief Bankruptcy Judge Barbara Ellis-Monro for her willful and contumacious judicial misconduct, and referral of this matter to the appropriate authorities for investigation into potential criminal violations of federal law by Chief Judge Ellis-Monro and other officers and employees of the Bankruptcy Court.

## IV. CONCLUSION

For the foregoing reasons, Appellants respectfully request that the District Court grant the relief requested herein and reverse the Bankruptcy Court's demonstrably erroneous and jurisdictionally void Order, Dkt. 286, forthwith.

Respectfully submitted,

/s/ Ulysses T. Ware

ULYSSES T. WARE

Attorney in Fact for Appellants-Movants
Ulysses T. Ware and Group Management
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Dated: February 19, 2025, 10:40:48 AM

Page **19** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

# V. EXHIBITS

(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279, Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

**EXHIBIT 1—Dkt. 286. Purported Order Entered by the Bankruptcy Court on February 18, 2025, and Docketed as Docket Entry 286 in *In re Group Management Corp.*, Case No. 03-93031 (BEM) (Bankr. N.D. Ga.).**

Case 03-93031-wlh     Doc 286     Filed 02/18/25     Entered 02/18/25 15:23:02     Desc Main
Document     Page 1 of 5

IT IS ORDERED as set forth below:

Date: February 18, 2025

Barbara Ellis-Monro
U.S. Bankruptcy Court Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

GROUP MANAGEMENT CORP.,                    CASE NO. 03-93031-BEM

_____Debtor._____                       CHAPTER 11

**O R D E R**

   An appeal has been filed in this case which was accompanied by a letter from Mr.
Ware in which Mr. Ware requests that this Court hold a status conference under 11

Request a copy of the alleged "letter."

Ulysses T. Ware

U.S.C. § 105(d) to establish a briefing schedule on the asserted jurisdictional issue. This Court
addressed its jurisdiction, the standing of claimants who held or hold certain convertible
promissory notes issued by Debtor, and Mr. Ware in an order entered October 22, 2024, (the

Unregistered broker-dealers according to FINRA

predatory criminal usury convertible promissory notes, GX 1-4.     ??????

"October Order"). Thus, to the extent Mr. Ware seeks relief from the Bankruptcy Court, there is
no action this Court can take until the District Court rules on the appeal. *U.S. Commodity Futures*

We reviewed the 03-93031 docket and there is no such order on the docket.
No such " alleged October Order" appears on the 03-93031 Rule 5003 docket

*Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020). Furthermore, letters are not

proper pleadings. BLR 9003-2.



Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2) re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

Notwithstanding the short duration of the case[1], which was filed on March 18, 2003, and dismissed with consent of Debtor on May 21, 2003, Mr. Ware, an attorney who was prohibited from practice in the Bankruptcy Court for the Northern District of Georgia at the time the case was filed and was subsequently disbarred in Georgia, has inundated the Court with letters, documents and purported pleadings. The October Order sets forth the litany of filings submitted by Mr. Ware to that point. [Doc. 256, pp. 6, 9, 50]. Thereafter, the Court entered an order denying all pending motions [Doc. 274] and an Order Finding Ulysses T. Ware Is A Vexatious Litigant and Limiting His Future Filing In This Case (the "Bar Order"). [Doc. 275].

In the October Order, the Court ordered that (i) the Clerk must only place on the docket of the Group Management case papers properly filed with the Clerk (not emailed) and which are orders, judgments or activities reflecting request for relief in this bankruptcy case, (ii) the Clerk need not file or docket papers delivered to the Clerk if they are copies of pleadings filed in cases other than this bankruptcy case, copies of correspondence sent to any person or entity, or correspondence to the Clerk, and (iii) Mr. Ware had time to file a response to show cause why he should not be deemed a vexatious litigant and be prohibited from making any further filings in this closed bankruptcy case. [Doc. 256, p. 53]. The Court held a hearing for Mr. Ware to show cause on December 8, 2022, at which Mr. Ware appeared by video.

No such order appears on the 03-93031 docket

As is shown in the Court's December 13, 2024, Order, (the "December Order") Mr. Ware failed to abide by the October Order and filed six motions between entry of the October Order on October 24 and the December Order on December 13, 2022 [Doc. 274, p. 2]. In the December Order, in determining that no grounds existed to reconsider the October Order, the Court

---

[1] This case was closed on June 3, 2003, and remains closed.

2



noted that if Mr. Ware disagrees with the Court's rulings that an appeal is the appropriate remedy. Id. at 15.

In the Bar Order the Court reviewed the history of this closed case and the show cause hearing held after entry of the October Order. The Court will not restate the history or analysis in each of the October Order, the December Order or the Bar Order but assumes familiarity with each and fully adopts each of the Orders and their findings. In addition, the Court reviewed Mr. Ware's behavior in cases pending in the Southern District of New York and the Second Circuit where he, as he has done here, inundated the court in closed cases with inflammatory and frivolous papers. [Doc. 275 pp. 8-12]. The Court concluded that Mr. Ware is a vexatious litigant and barred him from filing any pleadings in this case except a notice of appeal to the United States District Court for the Northern District of Georgia or the Eleventh Circuit Court of Appeals and any documents necessary to prosecute the appeal, such as the designation of the record or requests for transcripts. The Court noted further that all filing limitations that were included in the October Order continue to apply.

Notwithstanding these Orders and filing restrictions, since May 29, 2024, Mr. Ware has sent over 100 emails to now retired Judge Hagenau's and this judge's chambers email addresses. These emails are composed of orders and memoranda concerning cases (long closed) pending in the Southern District of New York and filing repetitive, inflammatory and frivolous .pdf attachments with emails related to this long-closed bankruptcy case. The emails often contain allegations of unlawful actions by judges and employees of this Court, lawyers, attorneys for the United States Trustee among others. Each of these arguments were addressed in the October Order. [Doc. 256, pp. 10-17, 29-43]; [Doc. 274, pp. 6-8].

3



Page **23** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

While the Court can take no substantive action while the appeal is pending in the District Court it can and will take action to control the purported filings sent by Mr. Ware via email. The constant emailing by Mr. Ware of voluminous, repetitive, abusive and frivolous documents wastes judicial resources and administrative time and must stop. Therefore, the Court will begin the return of all documents submitted through email and will henceforth return any email received from Mr. Ware unopened and it is now, hereby,

ORDERED that the Court will not review and will return all emails received from Mr. Ware.

**END OF ORDER**

4



Page **24** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

**Distribution List**

Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

5

Page **25** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

**EXHIBIT 2—03-93031 Docket Sheet for *In re Group Management Corp.*, Case No. 03-93031 (BEM) (Bankr. N.D. Ga.), as of Feb. 19, 2025, reflecting the complete absence of any "October Order" 2024 or "December Order" entered as required by Bankr. Rule 5003(a) in 2024.**

| CM/ECF | Query | Reports | Utilities | Help | Log Out |

| | 274 | Order Denying request for continuation and continuation of this Court's October 24, 2022 and other requests for relief. It is ORDERED that all… where requests for relief in Dckt. Nos. 270, 271, 272, and 273 are DENIED. Service by BNC. Entered on 12/13/2022. (related document(s)259, 260, 261, 264, 265, 269, 270, 271, 273) (cns) |
| 12/13/2022 | 275 | Order Finding Ulysses T. Ware is a Vexatious Litigant and Limiting his future filing in this case. It is further Ordered that Mr. Ware is hereby barred from filing any pleadings in this case except a notice of appeal to the United States District Court for the Northern District of Georgia or the Eleventh Circuit Court of Appeals. Service by BNC. Entered on 12/13/2022. (cns) |
| 12/15/2022 | 276 | Certificate of Mailing by BNC of Order Notice Date 12/15/2022. (Admin.) (Entered: 12/16/2022) |
| 12/15/2022 | 277 | Certificate of Mailing by BNC of Order Notice Date 12/15/2022. (Admin.) (Entered: 12/16/2022) |
| 01/27/2025 | 278 | Letter to Mr. Ulysses T. Ware dated January 27, 2025. (scn) |
| 02/03/2025 | 279 | Notice of Appeal Bankr Rule 8014/12(b)(3) Article III "Threshold Matter" Jurisdictional Appeal , Fee $ 298 Receipt Number: None, Amount Paid $ 0.00, filed by Ulysses T. Ware . Appellant Designation due by 2/18/2025, submission by USBC to USDC due by 3/5/2025. (related document(s) 6, 11, 13, 14, 15, 16, 28, 256, 258, 263, 274, 275, 278) (kb) (Entered: 02/07/2025) |
| 02/07/2025 | 280 | Notice of deficient filing re: Missing Fee, $394.00 Service by BNC. (related document(s) 279) (yl) |
| 02/07/2025 | 281 | Notification of Appeal Requirements (related document(s) 279) (yl) |
| 02/07/2025 | 282 | Transmittal of Notice of Appeal to District Court (related document(s) 279) (yl) |
| 02/09/2025 | 283 | Certificate of Mailing by BNC of Notice of Deficiency Notice Date 02/09/2025. (Admin.) (Entered: 02/10/2025) |
| 02/09/2025 | 284 | Certificate of Mailing by BNC of Notice of Appeal Requirements Notice Date 02/09/2025. (Admin.) (Entered: 02/10/2025) |
| 02/11/2025 | 285 | Notice of Docketing Appeal by District Court. Case Number: 25-cv-00613-MLB (related document(s) 279) (yl) |
| 02/12/2025 | | Receipt of Appeal Filing Fee - $298.00 by RS. Receipt Number 10006430. Paid by Ulysses T Ware. Related document(s) 279 Notice of Appeal (FEE). Modified on 2/14/2025 (hw). |
| 02/18/2025 | 286 (5 pgs) | Order that the Court will not review and will return all emails received from Ulysses T. Ware. Service by BNC. Entered on 2/18/2025. (related document(s) 275) (sgs) |

Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279, Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

**VI. CERTIFICATE OF SERVICE**

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 19th day of February, 2025, I caused to be served a true and correct copy of the foregoing APPELLANTS' AMENDMENT NO. 2 TO NOTICE OF APPEAL (RE: DKT. 286) CHALLENGING BANKRUPTCY COURT'S WILLFUL FABRICATION OF "FACTS," RESISTANCE TO RES JUDICATA, AND UNAUTHORIZED PRECLUSIVE EFFECT OF ORDERS, including Exhibits 1 and 2, via electronic filing with the Bankruptcy Court and by U.S. Mail to the Office of the Clerk, United States Bankruptcy Court, Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303, and via electronic mail to all parties listed on the Court's Electronic Filing System in Case No. 03-93031 (BEM).

/s/ Ulysses T. Ware

Ulysses T. Ware

End of document

Please find enclosed for formal Bankr. Rule 5003(a) filing with the Clerk of the Bankruptcy Court:

1.  Appellants' Amendment No. 2 to their Dkt. 279 Notice of Appeal of Dkt. 286, Feb. 18, 2025, moot, null and void ab initio, ultra vires, and nullity purported Order-01, Pursuant to Bankruptcy Rule 9014 and Rule 12(h)(3) Regarding Article III Subject Matter Jurisdiction and Standing.

Thank you for your attention to this critically important Article III "threshold" jurisdiction and standing constitutional matter.

**RESPECTFULLY SUBMITTED,**

**For Appellants-Movants: GROUP MANAGEMENT and Ulysses T. Ware**

/s/ Ulysses T. Ware

**Submitted by:**
**/s/ Ulysses T. Ware**
**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
**Utware007@gmail.com**
February 19, 2025

**For Appellants-Movants Ulysses T. Ware and Group Management and Appellees:**

cc: U.S. Court of Appeals for the Eleventh Circuit, Office of the Judicial Council

Administrative Office of the U.S. Courts, Executive Director

Office of the U.S. Trustee, Region 21, (Mary Ida Townson, Esq.)

Financial Industry Regulatory Agency (FINRA) on behalf of the Securities and Exchange Commission (Marcia E. Asquith, Esq.)

State Bar of Georgia, Office of the General Counsel (William D. NeSmith, III) on behalf of the Supreme Court of Georgia, Office of the Chief Justice, the Hon. Michael P. Boggs

Edward T.M. Garland on behalf of Garland, Samuel, & Loeb, P.C. and affiliates

Nall & Miller, LLP

Kilpatrick, Townsend, & Stockton, LLP on behalf of its clients, the 02cv2219 (SDNY) plaintiffs, Unregistered broker-dealers Arie Rabinowitz on behalf of LH Financial Services Corp., Trailblazer Merger Corp., I

Unregistered broker-dealers Frank V. Sica on behalf of Tailwind Management L.P., Colleen McMahon, and Michael S. Bertisch (see Ex. 10)

# Certificate of Service

I Ulysses T. Ware certify that I have this 19th February 2025 served each of the below persons or entities with a copy of this pleading via their public email accounts and submitted the same to the U.S. Bankruptcy Court (NDGA), to the Office of the Bankruptcy Clerk (NDGA) via the U.S. mail for immediate filing and docketing pursuant to 18 USC §§ 2071(a), (b), Bankr. Rules 5003(a), 5005(a)(2)[8] and 5005(b)(1) with the U.S. Trustee.[9]

cc:     Office of the U.S. Trustee, Region 21 (Mary Ida Townson)

U.S. Court of Appeals for the Eleventh Circuit, Office of the Judicial Council

Kilpatrick, Townsend, & Stockton, LLP (via CEO Wab Kadaba, Esq., J. Henry Walker, IV, Dennis S. Meir, and John W. Mills, III)

Arie Rabinowitz, Kenneth A. Zitter, Alpha Capital, AG, Stonestreet, L.P. Markham Holdings, Ltd., AMRO International, S.A., Trailblazer Merger Corp, I, LH Financial Services Corp., convicted felon Edward M. Grushko, Joseph Hammer, and Barbara R. Mittman via Kilpatrick, Townsend, Stockton, LLP (Wab Kadaba, Esq. and J. Henry Walker, IV).

Baker & McKenzie, LLP (via Lawrance B. Mandala, Esq., Robert Alberal, Esq. and Thomas A. Leghorn, Esq.)[10]

William D. NeSmith, III, State Bar of Georgia; Office of the Chief Justice, Supreme Court of Georgia, the Hon. Michael P. Boggs (via Paula Fredrick and William D. NeSmith, III--statutory agents in fact); and

---

[8] ***With a Judge of the Court.*** A judge may personally accept for filing a paper listed in (1). The judge must note on it the date of filing and promptly send it to the clerk.

[9] **(b) Sending Copies to the United States Trustee.**
(1) ***Papers Sent Electronically.*** All papers required to be sent to the United States trustee may be sent by using the court's electronic-filing system in accordance with Rule 9036, unless a court order or local rule provides otherwise.

[10] **Baker & McKenzie, LLP has primary liability in the sum certain amount of $2.225 billion.**

John F. King, Georgia Insurance Commissioner on behalf of (undisclosed identities) John Doe Insurance Companies ##1-5 (via William D. NeSmith, III, Wab Kadaba, J. Henry Walker, III, Michael D. Hostetter, Edward T.M. Garland, the State Bar of Georgia, Office of the General Counsel, and Wendy L. Hagenau, statutory agents in fact);

FINRA (via Robert W. Cook, Robert L.D. Colby, Sarah Jeffries, and Marcia E. Asquith) on behalf of the Securities and Exchange Commission (11 USC 1109(a) statutory party in interest); and

## Acting Director of the FBI (via Mary Ida Townson, Esq., U.S. Trustee, Region 21)

/s/ Ulysses T. Ware

**February 19, 2025**

# End of document

Page **31** of **31**
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

CLEARED DATE

FEB 2 6 2025

U.S. Marshals Service
Atlanta, GA 30303

Office of the Bankruptcy Clerk
U.S. Bankruptcy Court (NDGA)
75 Ted Turner Dr., SW
Atlanta, GA 30303
Case No. 03-93031

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
Filed on 02.19.25

Re: 03-93031

— Amendment No. 2
Dkt. 279, Notice of
Appeal.

— Appeal of Dkt. 286
Feb. 19, 2025, Order.

02.19.25(w): Filed by Appellods Ulysses T. Ware and Group Management.