FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 07 2025

KEVIN P WEIMER, Clerk
Matthew /Deputy Clerk

(16-9) (Part 16-9)

# Case No. 25cv00613 (MLB)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

(Appeal from Bankruptcy Court Case No. 03-93031 (WLH))

---

**ULYSSES T. WARE and GROUP MANAGEMENT,**
Appellants,

v.

**ALPHA CAPITAL, AG, et al.,**
Appellees.

---

### APPELLANTS' ULYSSES T. WARE'S AND GROUP MANAGEMENT'S DECLARATION OF SERVICE OF ACTUAL NOTICE OF ADVERSE CONSEQUENCES

I, Ulysses T. Ware, this 3rd day of March 2025, in Brooklyn, NY hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, having personal knowledge of the facts as follows:

1. **Identity and Authority:** I am Ulysses T. Ware, attorney in fact for Appellants Ulysses T. Ware and Group Management, a sole proprietorship, and am duly authorized to make this Declaration on their behalf. This Declaration is executed and dated March 3, 2025.
2. **Purpose of Declaration:** This Declaration of Service is executed to formally certify to the United States District Court for the Northern District of Georgia, and to all Appellees-Respondents in Case No. 25cv00613 (NDGA) (MLB), that Appellants-Movants have provided **Actual Notice of Adverse Consequences** to each Appellee, their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, jointly and severally, regarding the following critical matters pertaining to the appeal in Case No.

25cv00613 (NDGA) and the underlying Bankruptcy Court proceedings in *In re Group Management Corp.*, Case No. 03-93031 (WLH) (Bankr. N.D. Ga.):

a. **Actual Notice of *In re Group Management Corp.*, Case No. 03-93031 (BC NDGA), Chapter 11 Proceedings:** Appellants-Movants have provided Actual Notice to each Appellee of the pendency of the Chapter 11 proceedings in *In re Group Management Corp.*, Case No. 03-93031 (WLH) (Bankr. N.D. Ga.), and of the critical docket entries therein, including but not limited to Docket Entries 279, 281, and 290-295, which are demonstrably part of the public record in Case No. 03-93031 (WLH) and directly relevant to the pending appeal.

b. **Actual Notice of *Ware and Group Management v. Alpha Capital, AG, et al.*, Case No. 25cv00613 (NDGA) Proceedings:** Appellants-Movants have provided Actual Notice to each Appellee of the pendency of the appeal before the United States District Court for the Northern District of Georgia, styled as *Ware and Group Management v. Alpha Capital, AG, et al.*, Case No. 25cv00613 (NDGA) (MLB), and have made each Appellee demonstrably aware of the issues, claims, and relief sought by Appellants-Movants in said appeal.

c. **Service of Notice of Adverse Consequences Regarding Dkt. 279 and Dkt. 281 (Case No. 25cv00613 NDGA):** Appellants-Movants have formally served upon each Appellee Actual Notice of Adverse Consequences regarding Docket Entry 279 (Notice of Appeal) and Docket Entry 281 (Notice of Appeal Requirements) in Case No. 25cv00613 (NDGA), informing each Appellee in clear and unequivocal terms of the *potentially catastrophic legal, financial, and penal consequences* arising from their continued non-response, obstructionist conduct, and resistance to the lawful orders and final judgment of the United States District Court for the Southern District of New York (Sand, J.). Said Notice of Adverse Consequences explicitly referenced and incorporated the Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), to fully apprise Appellees of the legal basis for Appellants-Movants' claims and the potential for waiver of procedural due process rights.

3. **Certification of Actual Service and Notice to Appellees:** I hereby certify, under oath and subject to the penalty of perjury, that Appellants-Movants have, as of February 28, 2025, formally and effectively served Actual Notice upon each Appellee, or their duly authorized agents in fact, of the matters set forth in Paragraph 2 above, and specifically certify the following:

**(I) Actual Service of Dkts. 279, 281, and 290-295 and Notice of Waiver of Rights:** Each Appellee, or their duly authorized agents in fact, have been actually served with and made demonstrably aware of Docket Entries 279, 281, and 290-295 in Case No. 03-93031 (WLH), all of which are publicly available on the official docket of the United States Bankruptcy Court for the Northern District of Georgia, and which collectively establish:

a) The filing of Appellants-Movants' Notice of Appeal (Dkt. 279) in Case No. 25cv00613 (NDGA) (MLB).
b) The procedural requirements for perfecting said appeal and designating the Appellate Record (Dkt. 281).
c) The filing of Appellants-Movants' Rule 8009(d) Joint Stipulated Appellate Record (Dkts. 290-295).
d) Each Appellee has been repeatedly and formally advised, via direct written communications and public court filings, to retain legal counsel to represent their interests in the pending appeal and to fully avail themselves of all available legal processes and procedural rights to present any objections, defenses, or counter-arguments they may possess.
e) Each Appellee has been *__explicitly and unequivocally__* notified that, in the event of their continued failure to retain legal counsel, to participate in the appellate proceedings, or to otherwise affirmatively assert their legal rights, they will be deemed to have knowingly, willfully, and intentionally **waived, forfeited, and/or abandoned all legal and equitable rights** regarding the 03-93031 and 25cv00613 proceedings and the attendant adverse consequences, pursuant to the Supreme Court's holding in ***United Student Aid Funds, Inc. v. Espinosa***, 559 U.S. 260 (2010).

**(II) Personal Advisory to Retain Legal Counsel and Notice of Adverse Legal Consequences of Resisting *Res Judicata* and Judge Sand's Orders:** Each Appellee has been personally and individually advised to immediately retain competent legal counsel to represent their interests in Case No. 25cv00613 (NDGA) (MLB), and has been explicitly and unequivocally notified of the ***potentially catastrophic adverse legal consequences*** arising from their continued resistance to, or their aiding, abetting, enabling, or facilitating the resistance to, the binding preclusive effects of:

i. **(Dkt. 90, 02cv2219 SDNY – Rule 41(a)(2) Final Judgment). See 25cv00613 (NDGA) Dkt. 292-1 at pages 23-24:** The extant and outstanding December 20, 2007, Final Judgment, Docket Entry 90 in Case No. 02cv2219 (SDNY), entered by the late Honorable District Judge Leonard B. Sand of the United States District Court for the Southern District of New York, which constitutes ***a voluntary dismissal with prejudice*** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and operates as a final adjudication on the merits of all claims asserted in Case No. 02cv2219 (SDNY), and by extension, all claims asserted in the 03-93031 Bankruptcy Case predicated upon the same underlying predatory 18 USC 1951(a), 1961(6)(B), and 1962(a-d) RICO loan sharking transactions, GX 5, and null and void ab initio criminal usury unlawful debts, GX 1-4. Said voluntary Final Judgment, entered upon the express motion of Appellees-Respondents' predecessor counsel, Unindicted Coconspirator Kenneth A. Zitter, Esq., ***after the statute of limitations had expired on all claims in the 02cv2219 (SDNY) Complaint***, unequivocally establishes Appellants-Movants Ulysses T. Ware and Group Management as the **Rule 41(a)(2) Final Judgment Prevailing Parties** in Case No. 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY, and ***25cv00613 (NDGA),*** and related proceedings.

ii. **(Dkt. 65, 02cv2219 SDNY – 15 U.S.C. § 78p(b) Statutory Insider Ruling). See Id. at paged 21-22:** Judge Sand's August 13, 2003, Order, Docket Entry 65 in Case No. 02cv2219 (SDNY), which constitutes a lawful and binding court order of the United States District Court, definitively ruled and determined that each of Kilpatrick Townsend & Stockton LLP's *unregistered broker-dealer clients* (identified in Docket Entry 11 of the 03-93031 Bankruptcy Case), including Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, Ltd., and Amro International, S.A., (a) had in fact lied and committed perjury before the United States District Court for the Southern District of New York and the United States Bankruptcy Court for the Northern District of Georgia in the 02cv2219 (SDNY) and 03-93031 proceedings, constituting clear and convincing evidence of a fraud upon the court; (b) are, in fact and in law, "the beneficial owners of more than 9.9% of GMC's [the Chapter 11 Debtor's] stock"; (c) are, therefore, fiduciaries of the Chapter 11 Debtor, Group Management Corp.; (d) are, therefore, 15 U.S.C. § 78p(b) statutory insiders of the Chapter 11 Debtor; and (e) are, **therefore, legally required to disgorge and turnover (pursuant to 11 U.S.C. § 542(a)) all strict-liability short-swing insider-trading profits, in the sum certain amount of +$522 million, to the 03-93031 Chapter 11 estate for administration to the lawful creditors of the Chapter 11 Debtor**. See *Roth v. Jennings*, 489 F.3d 499, 506-10 (2d Cir. 2007) (Kearse, J.).

iii. **Binding Preclusive Effect of *Res Judicata*:** Each Appellee has been actually notified and explicitly advised of the legally binding adverse consequences of resisting the preclusive effects of Judge Sand's December 20, 2007, Final Judgment (Dkt. 90 in 02cv2219 SDNY) and August 13, 2003, Court Order (Dkt. 65 in 02cv2219 SDNY), and has been formally put on notice that Appellants-Movants Ulysses T. Ware and Group Management have been definitively ruled by the United States District Court for the Southern District of New York to be the *sole and exclusive* **Rule 41(a)(2) Final Judgment Prevailing Parties**, which, pursuant to established Supreme Court precedent (*Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 401-02 (1981)), on Dec. 20, 2007, triggered the absolute finality of *res judicata*, precluding any further litigation of the claims and issues adjudicated in Case No. 02cv2219 (SDNY) and extending to all aspects of the 03-93031 and 25cv00613 proceedings, and binding "absolutely on all courts [03-93031, 04cr1224 (SDNY), 25cv00613; and the Supreme Court of GA in *In re Ware* (2008) fraudulent disbarment proceedings], all parties [all Appellees], and their privies [all those in active concert therewith]" (emphasis added).

4. **Method of Service of Actual Notice:** Actual Notice of Adverse Consequences, and all related documents referenced herein, has been served upon each Appellee, or their duly authorized agents in fact, via electronic mail to their respective public email accounts and via U.S. Mail, first-class postage prepaid, to their last known addresses, as detailed in the Certificates of Service accompanying Appellants-Movants' prior filings and correspondence, which are incorporated herein by reference.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Dated: March 3, 2025

Respectfully submitted under penalty of perjury,

/s/ Ulysses T. Ware

**ULYSSES T. WARE**
**Attorney in Fact for Appellants-Movants**

**Brooklyn, NY**

**End of Declaration**

The Office of Ulysses T. Ware
123 Linden Blvd., Ste. 9-L
Brooklyn, NY 11226

NEW YORK NY 100

4 MAR 2025  PM 14 L



Re: 03.03.25 Appellants' Declaration of actual notice and adverse consequences
25cv00613 (NDGA)

**CLEARED DATE**

**MAR 0 7 2025**

U.S. Marshals Service
Atlanta, GA 30303

**The Office of the Clerk**
**United States District Court**
**Northern District of Georgia**
1988 Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

30303-330999