## (17-1) (Part 17-1) re Cover Letter to Judge Brown

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 19 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

March 10, 2025, 12:12:38 PM

The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

17-1

Re: *Ulysses T. Ware and Group Management v. Alpha Capital, AG, et al.*, Case No. 1:25-cv-00613-MLB – Appellants' Request for Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Order, Appellate Status Conference, and Briefing Schedule.

Dear Judge Brown:

On behalf of Appellants, Ulysses T. Ware, and Group Management, I, Ulysses T. Ware, attorney in fact for the Appellants, respectfully submit the enclosed Appellants' Request for Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Order, Appellate Status Conference, and Briefing Schedule for consideration by this Honorable Court.

This Request addresses a matter of paramount importance to the integrity of these appellate proceedings: the express ethical and professional responsibility obligations that attorney Appellees owe to this Court. As officers of the court and members of the bar, *these Appellees are bound by a duty of complete candor, requiring them to be forthright and truthful in all representations made before this tribunal, particularly regarding issues that are dispositive to the instant appeal*. This duty is not merely aspirational; it is a foundational principle essential to the fair and efficient administration of justice.

The enclosed Request seeks to invoke this Court's inherent authority to ensure that all attorney Appellees fulfill their duty of candor to the District Court, 25cv00613 (NDGA). By directing the attorney Appellees to file sworn Certificates of Candor and by scheduling an appellate status conference, this Court can proactively address potential breaches of professional responsibility and ensure that the appellate record is grounded in truthfulness and accuracy. Such measures will demonstrably save and conserve valuable judicial resources by clarifying critical factual and legal

assertions at the outset of these proceedings. Moreover, it will promote judicial efficiency by focusing the appellate process on genuinely contested issues, rather than allowing it to be encumbered by inaccuracies or misrepresentations. Ultimately, upholding the duty of candor serves to protect the inherent integrity of these judicial proceedings and maintain public trust in the legal profession and the courts.

As detailed in the Request, the Bankruptcy Court's Order of Certification, March 7, 2025, Docket Entry 296, provides a firm basis for the relief sought, ***establishing dispositive binding factual judicial admissions*** that bear directly on the Appellees' prior conduct and representations. We believe that the requested orders are not only warranted but are also essential to ensure the just and proper resolution of this appeal.

We respectfully request that this Honorable Court grant the Appellants' Request and take the necessary steps to uphold the critical duty of candor in these appellate proceedings.

Respectfully submitted,

The Office of Ulysses T. Ware

*/s/ Ulysses T. Ware*

Ulysses T. Ware
Attorney in fact for the Appellants

**(17-1) (Part 17-1) 03.10.25 re: Appellants' Request for Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Show Cause Order, Appellate Status Conference., and Briefing Schedule**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 19 2025

KEVIN P WEIMER, Clerk
By _____ Deputy Clerk

/s/ By: Ulysses T. Ware for the Appellants

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

# Case No. 1:25-cv-00613-MLB

**ULYSSES T. WARE and GROUP MANAGEMENT,**
Appellants,

v.

**ALPHA CAPITAL, AG, STONESTREET, L.P., MARKHAM HOLDINGS, L.P., AMRO INTERNATIONAL, S.A., KILPATRICK, TOWNSEND & STOCKTON, LLP, DENNIS S. MEIR, JOHN W. MILLS III, J. HENRY WALKER, IV, WAB KADABA, KENNETH A. ZITTER, ARIE RABINOWITZ, LH FINANCIAL SERVICES CORP., KONRAD ACKERMANN, JOSEPH HAMMER, TRAILBLAZER MERGER CORP. I, WENDY L. HAGENAU, JAMES H. MORAWETZ, THE OFFICE OF THE U.S. TRUSTEE, REGION 21, MARY IDA TOWNSON, JENEANE TREACE, M. REGINA THOMAS, PATRICIA SINBACK, MARGARET H. MURPHY, JOYCE BIHARY, COLEMAN RAY MULLINS, SECURITIES AND EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA), BARBARA ELLIS-MONRO, MARCIA E. ASQUITH, ROBERT L.D. COLBY, ROBERT W. COOK, EMMA JONES, SARAH JEFFRIES, THE STATE BAR OF GEORGIA, OFFICE OF THE GENERAL COUNSEL, WILLIAM D. NESMITH III, PAULA FREDERICK, LEIGH BURGESS, WILLIAM ALAN MYERS, ADRIENNE NASH, JENNY MITTLEMEN, JONATHAN HEWETT, PATRICK N. ARNDT, MICHAEL D. HOSTETTER, NALL & MILLER, LLP, MANIBUR S. ARORA, EDWARD T. M. GARLAND, MICHAEL F. BACHNER, DAVID B. LEVITT, DONALD F. SAMUEL, JANICE SINGER, ALEXANDER H. SOUTHWELL, THOMAS W. THRASH, JR., MICHAEL P. BOGGS, THOMAS A. LEGHORN, LAWRENCE B. MANDALA, BAKER & MCKENZIE, LLP, ROBERT H. ALBARAL, JOHN F. KING, AND OFFICE OF THE GEORGIA INSURANCE COMMISSIONER, JOHN DOES INSURANCE COMPANIES ##1-5,**
Appellees.

# Table of Contents

(17-1) (Part 17-1) re Cover Letter to Judge Brown ................................................................................. 1

(17-1) (Part 17-1) 03.10.25 re: Appellants' Request for Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Show Cause Order, Appellate Status Conference., and Briefing Schedule. ....................................................................................................................................... 3

APPELLANTS' REQUEST FOR AN ORDER DIRECTING APPELLEES WHO ARE LAWYERS TO FILE A DISTRICT COURT (NDGA), STATE BAR OF GEORGIA, OR ABA RULE 3.3 CERTIFICATE OF CANDOR TO THE COURT; AND (2) A RULE 8.4 DECLARATION ADMITTING TO DENYING VIOLATIONS OF RULE 8.4. ................................................................. 5

A.    Requested Reliefs. ........................................................................................................................ 5

B.    Opening statement. ...................................................................................................................... 6

I. INTRODUCTION ............................................................................................................................ 7

II. FACTUAL BACKGROUND ......................................................................................................... 8

III. LEGAL ARGUMENT ................................................................................................................ 14

A. Authority of This Court to Order a Sworn Certificate of Candor .......................................... 14

B. Duty of Candor Under ABA Model Rule 3.3 and Rule 8.4. ................................................... 15

C. Binding Effect of Judicial Admissions: Hoodho v. Holder and Adelphia Recovery Trust v. Goldman, Sachs & Company. .................................................................................................... 17

D. Dkt. 296 Certification Order and Binding Judicial Admissions Establish Rule 3.3 and Rule 8.4 Violations. ............................................................................................................................ 18

V. CONCLUSION AND PRAYER FOR RELIEF ........................................................................... 19

C.    APPELLANTS' DECLARATION OF COMPLIANCE WITH DKT. 2, ¶ (m) OF THE STANDING ORDER IN CASE NO. 25-CV-00613 (NDGA). ............................................................... 21

D.    Appellants' Proposed Show Cause Order. ................................................................................ 24

APPELLANTS' PROPOSED ORDER DIRECTING APPELLEES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR VIOLATIONS OF RULES 3.3 AND 8.4 OF THE RULES OF PROFESSIONAL CONDUCT. ................................................................................. 24

End of Order ................................................................................................................................... 27

End of document ............................................................................................................................. 28

**APPELLANTS' REQUEST FOR AN ORDER DIRECTING APPELLEES WHO ARE LAWYERS TO FILE A DISTRICT COURT (NDGA), STATE BAR OF GEORGIA, OR ABA RULE 3.3 CERTIFICATE OF CANDOR TO THE COURT; AND (2) A RULE 8.4 DECLARATION ADMITTING TO DENYING VIOLATIONS OF RULE 8.4.**

**TO THE HONORABLE COURT:**

## A.    Requested Reliefs.

Appellants Ulysses T. Ware and Group Management (collectively, "Appellants"), by and through undersigned attorney-in-fact, respectfully move this Court for entry of an Order:

(i)      requiring all attorney Appellees to submit a sworn affirmative certification pursuant to the District Court (NDGA), State Bar of Georgia, or the ABA Model Rule 3.3—Candor Toward the Tribunal—and Rule 8.4 (fraud, deceit, misrepresentation, and deception) specifically attesting to their compliance with the Rules of Professional Conduct;

(ii)     for a pre-briefing appellate status conference between the Court and the parties; and

(ii)     entry of an appellate briefing schedule.

This request is predicated on the Bankruptcy Court's Order of Certification, Dkt. 296, dated March 7, 2025, and Appellees' indisputable binding judicial admissions established therein, Dkt. 513 and Dkt. 5-14. This request is brought after Appellants' multiple, yet unavailing, attempts to informally resolve concerns regarding potential breaches of candor with the Appellees, in the salutary interests of judicial efficiency, judicial economy, and to preserve the inherent integrity of these judicial proceedings. In support thereof, and to address ostensible, egregious, and material

violations of the Georgia Bar Association, American Bar Association ("ABA"), and this District Court's Rules of Professional Conduct, Rule 3.3, Appellants state as follows:

## B.    Opening statement.

**Purpose of This Motion.** Appellants submit that the attorney Appellees have engaged in a sustained pattern of making material misrepresentations, misstatements or omissions in briefs and declarations submitted to the Bankruptcy Court (NDGA). Such conduct implicates attorneys' duty of candor under **ABA Model Rule 3.3**, as well as Rule 8.4 (fraud, deceit, misrepresentation, and deceit), 28 U.S.C. § 1927 (governing vexatious litigation), and the Court's inherent supervisory powers.

**To promote judicial efficiency and economy, and to safeguard the integrity of the record and the judicial process itself,** Appellants seek an Order directing all Appellee attorneys to file a sworn certificate of candor attesting to the veracity of factual and legal assertions made in these proceedings, and affirming that any inaccuracies, omissions, or misrepresentations have been timely corrected. **Critically, this Motion is further compelled and directly supported by the Bankruptcy Court's Order of Certification, Dkt. 296, dated March 7, 2025, which establishes Appellees' binding judicial admissions of critical facts demonstrating violations of Rule 3.3 and Rule 8.4.** This Motion is further necessitated by Appellees' complete and unyielding failure to respond to Appellants' multiple good-faith attempts to informally "meet and confer" regarding these profound and consequential candor issues.

This Request is not about relitigating the merits of the bankruptcy case but about addressing the *ethical obligations* of attorney Appellees to be candid with the Court, particularly in light of the Bankruptcy Court's Certification Order. This *Request is narrowly tailored to address the critical issue of attorney candor and professional responsibility in the appellate proceedings* and to ensure the integrity of the judicial process before this Honorable Court."

---

## I. INTRODUCTION

1. **Nature of the Proceeding.** This matter arises from a complex Chapter 11 proceeding (*In re Group Management Corp.*, No. 03-93031, Bankr. N.D. Ga.) and related litigation in the Southern District of New York (***Group Management Corp., Ware, et al. v. Alpha Capital Aktiengesellschaft, et al.***, Case No. 02 Civ. 2219 (LBS)). The instant appeal, 25cv00613 (NDGA), presents numerous factual and legal questions regarding both the underlying bankruptcy case and the alleged misconduct of Appellees whose attorneys are also subject to the District Court (NDGA) Rules of Professional Conduct and Ethics, Rules 3.3 (duty of candor to the tribunals) and Rule 8.4 (fraud, deceit, misrepresentation, and deception).

2. **Purpose of This Request.** Appellants submit that the attorney Appellees have engaged in a sustained pattern of making material misstatements or omissions in briefs and declarations submitted to the Bankruptcy Court (NDGA) and this Court. Such conduct implicates attorneys' duty of candor under **ABA Model Rule 3.3**, as well as Rule 8.4 (fraud, deceit, misrepresentation, and deceit), 28 U.S.C. § 1927 (governing vexatious litigation), and the Court's inherent supervisory powers.

3. **To promote judicial efficiency and economy, and to safeguard the integrity of the record and the judicial process itself,** Appellants seek an Order directing all Appellee attorneys to file a sworn certificate of complete candor attesting to the veracity of factual and legal assertions made in these proceedings, Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6, and affirm that any inaccuracies, false statements, or other misrepresentations have been timely corrected.

4. Critically, this request is further compelled and directly supported by the Bankruptcy Court's Order of Certification, Dkt. 296, dated March 7, 2025, which establishes Appellees' binding judicial admissions of critical facts demonstrating violations of Rule 3.3 and Rule 8.4, cf., Dkt. 5-13, Dkt. 5-14, and Dkt. 5-16.

5. This request is further necessitated by Appellees' complete and unyielding failure to respond to the Appellants' multiple good-faith attempts to informally "meet and confer" regarding these profound and consequential candor issues as ordered by this Court's standing order, Dkt. 2, directives. See Appellants' Declaration, infra.

6. This Court, in its appellate capacity, retains inherent Article III supervisory authority to address misconduct occurring in the underlying 03-93031 bankruptcy proceedings that impact the integrity of the appellate record and the fairness of the appellate process.

## II. FACTUAL BACKGROUND

1. **Commencement of the Bankruptcy Case.** On or about March 18, 2003, Debtor (former Group Management Corp.) commenced a voluntary Chapter 11 case in the United States Bankruptcy Court for the Northern District of Georgia (Case No. 03-93031). The principal impetus for filing the 03-93031 Chapter 11 was to eliminate ***the constant harassment and***

*threats of violence and bodily harm then being made on a daily basis made by Appellees*
*Kenneth A. Zitter, Leonard B. Sand, Edward M. Grushko, and Arie Rabinowitz--made*
*on a daily basis to the Debtor's counsel, Appellant Ulysses T. Ware, Esq.,* regarding the
Hobbs Act extortion, 18 USC § 1951(a), 18 USC §§ 1961(6)(B), and 1962(a-d)
*racketeering collection activities with respect to the predatory criminal usury convertible*
*promissory notes,* GX 1-4; and (ii) the then ongoing, likely to become deadly, violent
dispute with the *unregistered broker-dealers* alleged "creditors" (e.g., Alpha Capital, AG;
Stonestreet, L.P.; Markham Holdings, L.P.; Amro International, S.A.) concerning
predatory unlawful debt, criminal usury convertible notes, GX 1-4, and GX 5 (the criminal
usury so-called subscription agreement), collection activities, jointly, (the "**Moot and Void**
**ab Initio Subject Matter**") and a null and void ab initio Contempt Order (GX 11)
fraudulently entered by the 02cv2219 (SDNY) district court (Sand, J.) (deceased) while
lacking all Article III jurisdiction over the criminal usury subject matter, GX 1-4, and GX
5, on March 13, 2003 (Dkt. 5-3, Doc. 13).[1]

2. That is why the Debtor, Group Management Corp., filed the Chapter 11 case in good faith,
   and to reorganize without the illegal pressure of the unindicted co-cosnspirators'-
   Appellees' *daily threats of graphic bodily harm and extreme racially-motivated violence*[2]

---

[1] 18 USC §§ 2, 152, 157, 371, 1341, 1343, 1344, 1951(a), 1961(6)(B), and 1962(a-d)—a pattern of
racketeering activities, criminalized the unlawful collection activities in the 03-93031 Chapter 11 case
criminally and unethically in bad faith conducted by Appellees KTS, Dennis S. Meir, John W. Mills, III,
James H. Morawetz, Kenneth A. Zitter, Arie Rabinowitz, the Office of the U.S. Trustee, Region 21, the
02cv2219 (SDNY) plaintiffs named in Dkt. 5-2 (KTS' entry of appearance).

[2] See Dkt. 5-13 at pages 55-56; 57, and 58 for the Hobbs Act extortion unlawful debt collection activities,
racially-motivated hate crime threats, threats of violence, and false imprisonment made by Appellees and
their agents, including Kenneth A. Zitter, Esq. who appeared in the District Court (NDGA) (Thrash, J.) on

Page **9 of 28**
Monday, March 10, 2025
(17-1) (Part 17-1) re: Appellants' request for appellate status conference, briefing schedule, and show
cause order for sanctions

being inflicted on Group Management Corp., legal counsel, Appellant Ulysses T. Ware, Esq.

3. **Appellees' Role and Assertions.** Several of the Appellees, particularly attorneys associated with Kilpatrick Townsend & Stockton, LLP (formerly Kilpatrick Stockton LLP), fraudulently appeared in the Chapter 11, Dkt. 5-2 on Apr. 10, 2003, on behalf of the ***unregistered broker-dealers***, misrepresenting the facts that each alleged "creditor" was, in fact, (i) an unregistered broker-dealer, (ii) 15 USC § 78p(b) statutory insider (fiduciary) of the Chapter 11 Debtor required by law to immediately turnover and disgorge to the Chapter 11 estate +$522 million in strict-liability sort-swing insider-trading profits, pursuant to 11 USC 542(a), and (iii) filed manifestly frivolous, bad faith, vexatious, legally and factually baseless, and fraudulent emergency motions in the bankruptcy case seeking to dismiss or convert the bankruptcy for alleged bad-faith filing, or to lift the automatic stay—that is, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) predatory criminal usury unlawful debt, GX 1-4, collection activities, see ***Grote***, 961 F.3d at 105, 109. See, e.g., (i) **Dkt. 5-5 (Doc. 15)** (Emergency Motion to Dismiss); (ii) **Dkt. 5-6 (Doc. 16)** (Brief in Support).

4. In support, they deliberately and in bad faith misrepresented to the Bankruptcy Court that the Debtor had "no legitimate reorganizational purpose,"[3] had engaged in "egregious

---

Sept. 9, 2004, in furtherance of the 18 USC § 1961(6)(B) unlawful debt collection activities associated with GX 1-4, and GX 5.

[3] The valid, and legitimate Chapter 11 Debtor's reorganizational purpose was to, (i) rid itself of the predatory, criminal usury unlawful debts, GX 1-4, cf., Dkt. 5-4 (KTS' frivolous, bad faith, vexatious, baseless in law and in fact, and filed for an improper purpose in violation of Rule 9011(b)(1-4) opposition to the Appellants' motion to reject executory contracts, GX 1-4, and GX 5), and (ii) seek disgorgement and 11 USC § 542(a) turnover to the Chapter 11 estate, 11 USC § 542(a), +$522 million in strict-liability short-swing profits derived by the Appellees from the illegal insider trading in the equity securities of the Chapter

delay," and that the moot and void ab initio S.D.N.Y. Contempt Order was final in nature. It was not. Notwithstanding the mootness of the alleged contempt order.

5. **Appellees' Inaccuracies Concerning the S.D.N.Y. Orders.** The attorney Appellees (Meir, Mills, and Morawetz) repeatedly asserted that (1) the March 13, 2003 order in *Alpha Capital Aktiengesellschaft v. Group Management Corp.* was a conclusive final order imposing unconditional liability on the Debtor's principals and (2) that no further proceedings were pending in the S.D.N.Y. action. However, the actual text of the March 13, 2003 order (GX 11) reflects it was partially interlocutory, allowing further compliance or modification by the District Court, and moreover has as of Dec. 20, 2007, Dkt. 90, been ***voluntarily annulled, set aside, vacated, and vitiated  nunc pro tunc*** by Appellees (the 02cv2219 plaintiffs and their legal counsel, Appellee Kenneth A. Zitter, Esq.) pursuant to Fed. R. Civ. P. 41(a)(2*) **after the statute of limitation had run on all claims in the 02cv2219 (SDNY) complaint**. See (Dkt. 5-3, Doc. 13, attaching GX 11). These fundamental and material misrepresentations, and inaccuracies were and have never been corrected in the Bankruptcy Court or here on appeal.

6. **Appellees' Bad faith Misstatements about Debtor's Assets and Operations.** In various filings, attorney Appellees contended that the Debtor had "virtually no assets" and "no ongoing business." (See e.g., Dkt. 5-4, Doc. 14; Dkt. 5-6, Doc. 16). But the Appellants' investigations have identified at least $5.225 billion in potential insurance policies claims for racketeering unlawful debt collection activities, 18 USC §1961(6)(B), fraud,

---

11 Debtor by Appellee KTS' unregistered broker-dealer clients, see Dkt. 5-2, and Dkt. 5-13 on pages 44-45.

conspiracy, unjust enrichment, intentional infliction of emotional distress, and other racketeering insurance torts, insurance frauds, bank fraud, etc. in regard to the unlawful collection activities with respect to GX 1-4, the criminal usury unlawful convertible promissory notes, ***plus potential claims—15 USC §78p(b)/11 USC §542(a) disgorgement/turnover of +$522 million of short-swing insider-trading profits, that would have been used to fund a plan of reorganization*** (Dkt. 5-17, docket printout from 03-93031). The attorney Appellees apparently completely omitted or minimized that information, misleading the bankruptcy court about the viability of any reorganization.

7. **Appellees' Mischaracterization of the Bankruptcy Dismissal Rationale.** On May 21, 2003, the Bankruptcy Court (Murphy, J.) fraudulently dismissed the Debtor's Chapter 11 case with prejudice based on the bad faith, fraudulent, and deceptive misrepresentations made by Appellees Meir, Mills, and Morawetz in filing in the bankruptcy court, to wit: Dkt. 5-3, 5-4, 5-5, and 5-6. (Doc. 28). (Dkt. 5-14, 5-15).

8. **Bankruptcy Court Certification of Joint Stipulated Appellate Record (Dkt. 296 & 296A).** On March 7, 2025, the Bankruptcy Court issued Docket Entry 296 and Attachment 296A, formally judicially certifying the Rule 8009(d) Joint Stipulated Appellate Record encompassing Docket Entries 292, 293, and 294 (Dkt. 5-13, 5-14, and 5-16, respectively). This judicial certification, explicitly confirming the "accuracy and completeness" and veracity of the Joint Stipulated Appellate Record, constitutes a definitive judicial determination of the veracity of the factual record for this appeal. **Critically, and as further detailed below, Appellees' stipulation to the facts contained within this judicially certified record, without any good faith or nonfrivolous challenge thereto,**

*operates as binding judicial admissions of those facts __binding on the Appellees in all__*
*__subsequent proceedings__*. See ***Hoodho v. Holder***, 558 F.3d 184, 191 (2d Cir. 2009).

9. **The Instant Appeal.** Appellants timely appealed related orders, Doc. 278 and 286. In other
proceedings ***U.S. v. Ware***, 04cr1224 (SDNY), ***In re Ware***, (2008) State Bar of GA
disbarment proceedings, Appellees,[4] and attorney Appellees have filed or referenced
statements that conflict with the Joint Stipulated Appellate Record facts, see Dkt. 5-13, 5-
14, and 5-16, including: (1) deliberately and in bad faith mischaracterizing and
misrepresenting the scope of frivolous and fraudulent alleged contempt in the S.D.N.Y.
proceeding, (March 13, 2003, order), (2) misstating the posture of the Bankruptcy Court's
concern about possible conflicts of interest among counsel, (3) deliberately, in bad faith,
and fraudulently misrepresentations regarding the predatory criminal usury nature of GX
1-4, and GX 5, (4) deliberately, bad faith, and fraudulently misrepresentation and
omissions regarding the lack of Article III standing of Appellee KTS' clients, Dkt. 5-2,

---

[4] Appellants respectfully assert that, during the 2007 proceedings in *United States v. Ware*, Case No. 04-
cr-1224 (S.D.N.Y.), Appellees Kenneth A. Zitter, Esq. and Arie Rabinowitz knowingly provided false
testimony and committed perjury regarding the unregistered broker-dealer, fiduciary, and statutory insider
status of KTS's clients in 03-93031—who were plaintiffs in *02-cv-2219 (S.D.N.Y.)* (see Dkt. 5-2).
Furthermore, these Appellees—acting with the knowledge and consent of AUSAs Alexander H. Southwell,
Nicholas S. Goldin, Sarah E. Paul, Katherine Polk-Failla, Margaret Garnett, and Maria E. Douvas—
knowingly and in bad faith offered perjured statements concerning the purported lawfulness of GX 1-4 and
GX 5. Specifically, they (Zitter and Rabinowitz) knowingly and in bad faith lied, committed perjury, and
deliberately misrepresented the enforceability and collectability of ***what amounted to predatory criminal***
***usury unlawful debts***, the collection of which violated 18 U.S.C. §§ 1951(a) and 1961(6)(B), *ipso facto*, as
interpreted by ***United States v. Grote***, 961 F.3d 105, 109. Finally, Appellants contend that these acts of bad
faith lying and perjury were carried out in bad faith, again with the knowledge and consent of the AUSAs,
particularly as they relate to critical actual innocent Brady exculpatory and impeachment evidence
establishing the unregistered broker-dealer (25cv00613 (NDGA) Dkt. 5-13 at page 48), fiduciary, and
statutory insider status (Dkt. Id. at pages 44-45)  of Appellee KTS's clients (see Dkt. 5-2).

Page **13** of **28**
Monday, March 10, 2025
(17-1) (Part 17-1) re: Appellants' request for appellate status conference, briefing schedule, and show
cause order for sanctions

***unregistered broker-dealers*** certified by FINRA's senior executive Marcia E. Asquith, Esq. on May 17, 2021, (see Dkt. 5-13 at page 48).[5]

## III. LEGAL ARGUMENT

### A. Authority of This Court to Order a Sworn Certificate of Candor

1. **Inherent Power of Federal Courts.** Federal courts possess the ***inherent authority*** to regulate practice before them, including ensuring (i) ***the ethical conduct of counsel*** and (ii) ***safeguarding the integrity of the judicial process***. ***Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991).** Requiring Appellees (that are lawyers) to file a sworn certificate confirming ***actual compliance*** with Rule 3.3 and Rule 8.4 is a measured and appropriate exercise of this inherent power, particularly in circumstances where, as here, there are clear and convincing, and substantial indicia of potential ethical, unprofessional, and criminal breaches of federal and state racketeering law by Appellees KTS, its unregistered broker-dealer clients, and others lawyers, involved directly and/or indirectly in the proceedings.[6]

---

[5] 15 USC § 78cc(b) rendered all alleged contracts, GX 1-4, and GX 5 entered into or performed in violation of the 1934 Act null and void ab initio to the rights of the unregistered broker-dealers—that is, ipso facto as a matter of law Appellees 02cv2219 (SDNY) lawsuit plaintiffs lacked Article III standing to have (i) filed the 02cv2219 (SDNY) lawsuit, and (ii) lacked a lawful claim to have appeared in 03-93031 Chapter 11 as bona fide creditors seeking to collect predatory criminal usury unlawful debts, GX 1-4, in violation of federal racketeering laws, 18 USC §§ 2, 152, 157, 371, 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(B), and 1962(a-d), a pattern of racketeering activities to collect predatory criminal usury unlawful debts, GX 1-4, criminally sanctioned in ***U.S. v. Grote***, 961 F.3d at 105, 109.

[6] Dkt. 5-1 to 5-6, are binding judicial admissions made in pleadings by lawyers (Meir, Mills, and Morawetz) that implicitly and expressly judicially admitted, and conceded violation of federal racketeering laws, 18 USC §§ 2, 152, 157, 371, 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1956-57, 1958-59, 1961(b)(6), and 1962(a-d)—that is, a pattern of unlawful debt collection activities regarding the predatory criminal usury unlawful debts, GX 1-4, referenced in Dkt. 5-5. Attorneys involved in the racketeering criminal enterprise include, but not limited to Kenneth A. Zitter, Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, Janice Singer, Michael F. Bachner, David B. Levitt, William D. NeSmith, III, Russell Willard, Paula Frederick, James H. Morawetz, Jeneane Treace, Mary Ida Townson, Dennis S. Meir, John W. Mills,

2. **Potential Sanctions Under 28 U.S.C. § 1927.** Where an attorney's conduct multiplies proceedings unreasonably or vexatiously, that attorney may be required to personally satisfy the excess costs incurred. ***Roadway Express, Inc. v. Piper***, **447 U.S. 752 (1980).** The presentation of demonstrably misleading or materially incomplete facts to a court, as alleged herein, see Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6, inevitably results in unnecessary motion practice, increased costs, and a protracted and inefficient resolution of legal disputes, thus squarely meeting the statutory standard for vexatious multiplication under 28 U.S.C. § 1927.

**B. Duty of Candor Under ABA Model Rule 3.3 and Rule 8.4**

1. **Scope of Rule 3.3 and Rule 8.4.** ABA Model Rule 3.3(a) and its Georgia and District Court counterparts provide that a lawyer ***shall not*** knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made. **Complementary to Rule 3.3, ABA Model Rule 8.4, also adopted in Georgia and applicable in this District Court, *explicitly prohibits attorney conduct involving dishonesty, fraud, deceit, or misrepresentation.*** These rules are not mere aspirational guidelines, but rather, impose mandatory and foundational ethical obligations upon all attorneys practicing before this Court, designed to ensure the integrity of the judicial process and to promote the fair and efficient administration of justice.

---

III, J. Henry Walker, IV, Wab Kadaba, Patrick N. Arndt, Michael D. Hostetter, Alexander H. Southwell, Leigh Burgess, William Alan Myers, Jonathan Hewett, Jenny Mittlemen, Andrienne Nash, and others both known and unknown, ***an ongoing illegal association in fact as defined in 18 USC § 1961(4).***

2. **Materiality of Appellees' Misrepresentations and Binding Judicial Admissions.** The documented, judicially certified, and judicially admitted material and bad faith inaccuracies, misrepresentations, lies, frauds, perjury, and omissions detailed above concern demonstrably material facts: the finality and scope of the S.D.N.Y. order, the Debtor's assets and prospects for reorganization, the reasons for the Chapter 11 filing, and the true and complete rationale underlying the Bankruptcy Court's dismissal. Each of these factual matters is consequentially material to the core issues in this appeal, including whether the Debtor acted in bad faith, the propriety of Bankruptcy Court jurisdiction, the Article III standing of Appellee KTS' client, Dkt. 5-2, ***the unregistered broker-dealers attempting to collect predatory criminal usury unlawful debts***, GX 1-4, in criminal violation of NYS Penal Law, § 190.40, ***a class E felony***, and federal racketeering law, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d), and the legitimacy of Appellees' claims against Appellants.

3. **Continuing Duty to Correct.** Even if an attorney initially relied on incomplete or inaccurate information, ***they have a continuing duty*** to correct false or misleading statements once they become aware of them. The bankruptcy court's record shows no such corrections by Appellees.

Critically, and directly relevant to the instant Motion, the Bankruptcy Court's Rule 8009(d) Certification Order, Dkt. 296 & 296A, now establishes Appellees' binding judicial admissions, stipulations, and concession of the factual accuracy, veracity, and completeness of the Joint Stipulated Appellate Record (Dkts. 292, 293, 294). By stipulating to the factual content of this Record, and by failing to raise any good faith or nonfrivolous objection or challenge to its accuracy

and completeness before the Bankruptcy Court, **each Appellee has knowingly, willfully, intentionally, and expressly admitted, conceded, and judicially stipulated to the veracity of the factual predicates contained within the Joint Stipulated Appellate Record.**

**C. Binding Effect of Judicial Admissions: *Hoodho v. Holder* and *Adelphia Recovery Trust v. Goldman, Sachs & Company.***

1. **Binding Nature of Judicial Admissions: *Hoodho v. Holder*.** The Second Circuit Court of Appeals, in *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009), has definitively articulated the binding legal effect of judicial admissions, holding that "*the parties' judicial admissions are binding on the parties and the court and cannot be challenged or changed.*" *Hoodho* directly establishes that factual statements (Dkt. 5-13, 5-14, and 5-16) unequivocally conceded and stipulated to by a party in the course of judicial proceedings are not mere evidentiary concessions, but rather, ***constitute irreversible and binding judicial admissions that foreclose any subsequent contrary assertions or factual disputes.***[7]

---

[7] In the controlling precedent of ***Hoodho v. Holder***, 558 F.3d 184, 191 (2d Cir. 2009), the Second Circuit held that ***unequivocal concessions made on the record become conclusive judicial admissions, irrevocably binding both litigants and the court***. (emphasis added). Similarly, in ***Adelphia Recovery Trust v. Goldman, Sachs & Co.***, the court emphasized that factual stipulations, once intentionally and clearly placed before the tribunal, preclude any subsequent contradictory assertions. These authorities confirm that Appellees' statements in Dkt. 5-13, 5-14, and 5-16 amount to definitive and final acknowledgments, insulating them from alteration or repudiation in later proceedings. As a direct result, ***the Appellees cannot introduce or argue contradictory facts, nor can they dismiss these stipulations as nonbinding***. Moreover, any attempt to deviate from those admissions risks summary rejection by the court, **since an admission conclusively establishes the admitted fact for all purposes**. The upshot is that such recognized concessions critically ***foreclose factual disputes on the admitted points***, thereby shaping the litigation's trajectory and imposing permanent legal consequences. This rule ensures accountability, preserving judicial economy, underscoring impact of such admissions.

2. **Judicial Admissions in the Bankruptcy Context:** ***Adelphia Recovery Trust v. Goldman, Sachs & Company.*** The Second Circuit, in ***Adelphia Recovery Trust v. Goldman, Sachs & Company***, 748 F.3d 110, 116 (2d Cir. 2014), has specifically affirmed the binding effect of judicial admissions within the context of bankruptcy litigation, holding that *in the bankruptcy context, judicial admissions are binding on the party making the admission.* ***Adelphia Recovery Trust*** underscores the particular force and effect of judicial admissions in bankruptcy proceedings, emphasizing that such admissions are not lightly disregarded and ***serve to definitively establish factual matters before the Bankruptcy Court and any reviewing appellate tribunals***.

**D. Dkt. 296 Certification Order and Binding Judicial Admissions Establish Rule 3.3 and Rule 8.4 Violations.**

1. **Dkt. 296 Certification Order as Catalyst for Binding Judicial Admissions.** The Bankruptcy Court's March 7, 2025, Judicial Certification Order, Dkt. 296 & 296A, issued pursuant to Rule 8009(d), now serve as the critical catalyst for transforming Appellees' factual stipulations in the Joint Stipulated Appellate Record into ***binding judicial admissions*** directly governed by the legal principles articulated in *Hoodho* and *Adelphia Recovery Trust*. By stipulating to the veracity, and "accuracy and completeness" of the Joint Stipulated Appellate Record, (Dkt. 5-13, 5-14, and 5-16) and by failing to timely and substantively challenge or oppose its certification before the Bankruptcy Court, Appellees have unequivocally and irrevocably conceded the ***veracity and completeness*** of the factual predicates contained therein.

2. **Binding Judicial Admissions Unequivocally Establish Rule 3.3 and Rule 8.4 Violations.** When these now-binding judicial admissions, established through the Bankruptcy Court's Judicial Certification Order, Dkt. 296 & 296A, are directly juxtaposed with the demonstrably false, misleading, or materially incomplete factual assertions made by Appellee attorneys in prior filings before the Bankruptcy Court—Dkt. 5-3, Dkt. 5-4, Dkt. 5-5, and Dkt. 5-6, the ostensible and egregious violations of the District Court (NDGA), the State Bar of Georgia, and the ABA Model Rule 3.3 and Rule 8.4 become readily apparent and legally undeniable.

3. The judicially certified Joint Stipulated Appellate Record, Dkt. 5, therefore, now serves as irrefutable ***prima facie*** evidence of Appellees' breaches of their mandatory duties of candor and ethical conduct before this Court.

## V. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, based on the foregoing factual record, applicable legal authority, Appellants' repeated and unavailing attempts to resolve these matters informally with Appellees, and the paramount interests of judicial integrity, efficiency, and economy, Appellants respectfully request that this Court:

1. Direct each Appellee attorney to submit forthwith a written sworn under the penalty of perjury certificate of compliance with the District Court (NDGA), State Bar of Georgia, and/or ABA Model Rule 3.3 and Rule 8.4 specifying whether that attorney stands by the factual assertions made in prior filings, including but not limited to Dkt. 5-2, Dkt. 5-3, Dkt.

5-4, Dkt. 5-5, Dkt. 5-6, Dkt. 5-13, Dkt. 5-14, Dkt. 5-15, and Dkt. 5-16, and if any misstatements were made, to correct them forthwith.

2. Schedule an evidentiary hearing, if needed, to determine: (a) the scope and effect of any misrepresentations on the appellate record, (b) whether Appellants have incurred additional costs due to those misrepresentations, and (c) whether sanctions under 28 U.S.C. § 1927 or the Court's inherent authority are warranted.

3. Order that any further failures to correct material misstatements or to disclose known adverse facts or law shall result in appropriate sanctions, including possible referral to the State Bar of Georgia or other disciplinary bodies.

4. Grant such other and further relief as this Court deems just, equitable, and proper under the circumstances.

5. Set the briefing schedule for Appellants' opening brief due 40 days from the date that all Appellees have filed the Ordered sworn Rule 3.3/8/4 certification with the Court.

**DATED: March 10, 2025**

Respectfully submitted,

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ **Ulysses T. Ware**
**Ulysses T. Ware, attorney in fact for the Appellants**

## C.   APPELLANTS' DECLARATION OF COMPLIANCE WITH DKT. 2, ¶ (m) OF THE STANDING ORDER IN CASE NO. 25-CV-00613 (NDGA).

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 9 2025

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

KEVIN P WEIMER, Clerk
By:
Deputy Clerk

**Case No. 25-cv-00613-MLB**

---

**Ulysses T. Ware and Group Management,**

Appellants,

v.

**Alpha Capital, AG, et al.,**

Appellees.

---

I, **Ulysses T. Ware**, in my capacity as attorney in fact for Appellants **Ulysses T. Ware** and **Group Management** ("Appellants"), hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, having personal knowledge of the facts:

1. **Introduction**

   a) I make this Declaration to confirm Appellants' full compliance with paragraph (m) of the Standing Order (Dkt. 2) issued in Case No. 25-cv-00613 (NDGA) (Hon. Michael L. Brown), which requires the parties to confer in good faith before seeking the Court's assistance in resolving disputes.

2. **Authority and Capacity**

a) I am authorized, as attorney in fact, to act on behalf of Appellants in the above-referenced matter. All statements herein are based on my personal knowledge or upon records I maintain in the regular course of representing Appellants.

3. **Relevant Factual Background**

a) **Commencement of Appeal**: On or around February 3, 2025, Doc. 279, Appellants filed a Notice of Appeal from the United States Bankruptcy Court for the Northern District of Georgia in the underlying bankruptcy proceeding, Case No. 03-93031.

b) **Standing Order (Dkt. 2)**: Shortly thereafter, the District Court, 25cv00613 (NDGA), entered its Standing Order governing this matter, including paragraph (m), which requires that parties "meet and confer" and make a good-faith effort to resolve or narrow disputes before filing motions or requesting judicial intervention.

4. **Meet-and-Confer Efforts**

a. **Initial Communications**: Between early February and early March 7, 2025, Appellants sent multiple email communications to Appellees' counsel in an effort to coordinate on record-designation matters (pursuant to Fed. R. Bankr. P. 8009) and to address any factual or legal disagreements relevant to the forthcoming appellate proceedings.

b. **Final "Meet-and-Confer" Notice (March 7, 2025)**: In accordance with the Standing Order's meet-and-confer requirement, on March 7, 2025, I transmitted a detailed, written communication entitled "IMMEDIATE NOTICE: Appellants' Rule 9011 Sanctions Motion and Show Cause Order Forthcoming – Final Opportunity to Meet and Confer Regarding Certified Appellate Record." A true and correct copy of that letter/email was duly served on Appellees and their counsel via electronic mail.

c. **Content of the March 7, 2025, Notice**:
   i. The notice reiterated Appellants' position and enumerated the factual and legal grounds for the anticipated motion.
   ii. It expressly demanded that Appellees provide any good-faith opposition basis or factual clarifications by a specified deadline, thus creating an opportunity to resolve or narrow the dispute without Court intervention.
   iii. It advised that, absent a good-faith response, Appellants would proceed with filing a comprehensive motion for sanctions in the District Court.

d. **Responses from Appellees (or Lack Thereof)**:
   i. As of the date of this Declaration, Appellees have not provided any substantive or good-faith response addressing the issues raised in the March 7 notice and remain in default of the meet-and-confer requirement.
   ii. Appellants have received no written opposition that identifies any legitimate good faith, non-frivolous factual, or legal justification opposing the relief Appellants intend to seek.

5. **Appellants' Good-Faith Compliance**

   a. Appellants have meticulously complied with paragraph (m) of the Court's Standing Order (Dkt. 2) by:

      i. Formally notifying all counsel of record of the specific issues and proposed relief;

      ii. Offering ample time and opportunity for Appellees to respond, clarify, or engage in dialogue to resolve or narrow disputes;

      iii. Attempting resolution at each stage regarding the legitimacy and enforceability of the contested claims, as well as the integrity of the appellate record.

   b. Despite these efforts, Appellants have received no meaningful or good-faith rebuttal from Appellees. Accordingly, there is no alternative but to seek the Court's intervention at this juncture.

6. **Certification**

   a) By virtue of the facts enumerated herein and consistent with the requirement of paragraph (m) in the Standing Order (Dkt. 2), I certify that Appellants have made every reasonable effort to meet and confer with opposing counsel to address and possibly resolve the matters in contention prior to requesting judicial relief.

7. **Conclusion**

   a) Based on the foregoing, Appellants respectfully submit that they have fully complied with all meet-and-confer obligations mandated by the District Court, thereby satisfying the prerequisites set forth in Dkt. 2, ¶ (m), before seeking judicial relief or sanctions.

I, Ulysses T. Ware, declare under penalty of perjury pursuant to 28 USC §1746, having personal knowledge of the facts, this 10th day of March 2025, in Brooklyn, NY that the foregoing is true and correct to the best of my knowledge.

*Melyss 2. Ware*

Dated: March 10, 2025

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste. 9-L
Brooklyn, NY 11226
(718) 844-1260
**/s/ Ulysses T. Ware**
**Attorney in Fact for Appellants**

## D.    Appellants' Proposed Show Cause Order.

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 19 2025

KEVIN P. WEIMER, Clerk
By: _Matthew H_ Deputy Clerk

**Case No. 25-cv-00613-MLB**

_____

**In re:
Group Management Corp.,**
Debtor, 03-93031 (BC NDGA)

_____

**Ulysses T. Ware and Group Management,**
Appellants,

v.

**Alpha Capital, AG; Stonestreet L.P.;
Markham Holdings, L.P.; Amro International, S.A.;
Kilpatrick Townsend & Stockton, LLP;
Dennis S. Meir, Esq.; John W. Mills III, Esq.;
J. Henry Walker, IV, Esq.; Wab Kadaba, Esq.;
Kenneth A. Zitter, Esq.; Arie Rabinowitz, Esq.;
Office of the U.S. Trustee, Region 21;
James H. Morawetz, Esq.;
(and all other Appellees who are attorneys practicing
or appearing in the Northern District of Georgia),**
Appellees.

_____

**APPELLANTS' PROPOSED ORDER DIRECTING APPELLEES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR VIOLATIONS OF RULES 3.3 AND 8.4 OF THE RULES OF PROFESSIONAL CONDUCT.**

Upon review of Appellants' submissions outlining alleged violations of Rules 3.3 (Candor Toward the Tribunal) and 8.4 (Misconduct) of the State Bar of Georgia's Rules of Professional Conduct, as adopted in this District, and good cause appearing, this Court finds it necessary to issue a show cause order to certain Appellees who are attorneys admitted to or practicing before the Northern District of Georgia.

Accordingly, **IT IS HEREBY ORDERED**:

1. **SHOW CAUSE HEARING AND RESPONSE DEADLINE.**

   (a) No later than _____, March 2025 (the "Show Cause Deadline"), each Appellee named below (or any attorney-Appellee subject to the District Court's disciplinary authority under LR 83 and/or the State Bar of Georgia's Rules of Professional Conduct) **shall file a written SWORN response** to this Order, demonstrating why he or she should not be sanctioned under this Court's inherent powers and pursuant to the State Bar of Georgia's Rules of Professional Conduct 3.3 and 8.4, for failing to disclose or correct material misrepresentations about unregistered broker-dealer status, convertible note enforceability, and related matters in connection with the underlying bankruptcy proceedings.

   (b) The Court will set a hearing date, if necessary, by separate notice.

2. **APPELLEES SUBJECT TO THIS ORDER.**

   This Show Cause Order applies to:

   a) Kilpatrick Townsend & Stockton, LLP;

   b) All individual attorneys affiliated therewith who appeared or participated in the underlying bankruptcy case or this appeal (including, but not limited to, Dennis S.

Meir, Esq.; John W. Mills III, Esq.; J. Henry Walker, IV, Esq.; Wab Kadaba, Esq.; and any other KTS attorneys materially involved);

c) The Office of the U.S. Trustee, Region 21, and all attorneys therein who signed or filed pleadings, including but not limited to James H. Morawetz, Esq.;

d) Any other Appellee-attorneys who, by virtue of admission and appearance, are subject to this Court's jurisdiction and the State Bar of Georgia's Rules of Professional Conduct.

3. **SCOPE OF THE SHOW CAUSE INQUIRY.**

Each attorney or entity named in Paragraph 2 shall address, inter alia:

a) Whether they, jointly and/or severally, knowingly, recklessly, in bad faith, or negligently misrepresented and/or deliberately omitted material facts or law concerning the unregistered broker-dealer status of Appellees, the plaintiffs named in the 02cv2219 (SDNY) litigation, cf., Dkt. 5-2, as required under 15 U.S.C. § 78o(a)(1) and the alleged void nature of the predatory criminal usury convertible promissory notes, GX 1-4;

b) Whether they violated Rule 3.3 of the Georgia Rules of Professional Conduct by failing to correct false statements or by making material misrepresentations to the Bankruptcy Court, this District Court, or both made in Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6;

c) Whether they engaged in conduct involving ***dishonesty, fraud, deceit, or misrepresentation***, or conduct prejudicial to the administration of justice, contrary to Rule 8.4—specifically in regard to OCGA 33-3-28(a)(1), (2), and Rule

26(a)(1)(A)(iv) insurance disclosures, and other matters regarding GX 1-4, and GX

5, lawfulness, enforceability, collectability, and validity.

4. **POTENTIAL SANCTIONS**

If any attorney or firm fails to demonstrate good cause for the challenged conduct, this

Court shall and will impose appropriate sanctions, up to and including monetary

sanctions, referral to the District's disciplinary committee, or such other measures as the

Court deems just.

5. **SERVICE OF THIS ORDER**

The Clerk of Court shall serve a copy of this Order on all Appellees that are lawyers, and

counsel of record in this matter, as well as on each attorney identified in Dkt. 281 (03-

93031), via the Court's ECF system or, where necessary, by U.S. mail.

6. **CONTINUING JURISDICTION**

The Court retains jurisdiction to modify the terms of this Order, schedule additional

proceedings, and impose disciplinary measures as appropriate.

**IT IS SO ORDERED.**

Dated: _____, 2025.

_____

HON. MICHAEL L. BROWN
United States District Judge
Northern District of Georgia

**End of Order**



Respectfully submitted,

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: **/s/ Ulysses T. Ware for the Appellants**


### Certificate of Service

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that

on this 10th day of March 2025, I caused to be served a true and correct copy of the foregoing

Appellants' Request for a Show Cause Order, Request for an Appellate Status Conference, and

Briefing Schedule via electronic mail to all Appellees.


/s/ Ulysses T. Ware

Ulysses T. Ware


# End of document


Page **28** of **28**
Monday, March 10, 2025
(17-1) (Part 17-1) re: Appellants' request for appellate status conference, briefing schedule, and show
cause order for sanctions