(17-2) (Part 17-2) 03.12.25: Appellants' Rule 59(e) Application to Vacate Dkt. 6, Order.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MAR 19 2025

KEVIN P. WEIMER, Clerk
By: _Matthew H_ Deputy Clerk

# Case No. 1:25-cv-00613-MLB

**ULYSSES T. WARE and d/b/a GROUP MANAGEMENT (a sole proprietorship),**
Appellants,

v.

**ALPHA CAPITAL, AG, STONESTREET, L.P., MARKHAM HOLDINGS, L.P., AMRO INTERNATIONAL, S.A., KILPATRICK, TOWNSEND & STOCKTON, LLP, DENNIS S. MEIR, JOHN W. MILLS III, J. HENRY WALKER, IV, WAB KADABA, KENNETH A. ZITTER, ARIE RABINOWITZ, LH FINANCIAL SERVICES CORP., KONRAD ACKERMANN, JOSEPH HAMMER, TRAILBLAZER MERGER CORP. I, WENDY L. HAGENAU, JAMES H. MORAWETZ, THE OFFICE OF THE U.S. TRUSTEE, REGION 21, MARY IDA TOWNSEND, M. REGINA THOMAS, PATRICIA SINBACK, MARGARET H. MURPHY, JOYCE BIHARY, COLEMAN RAY MULLINS, SECURITIES AND EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA), BARBARA ELLIS-MONRO, MARCIA E. ASQUITH, ROBERT L.D. COLBY, ROBERT W. COOK, EMMA JONES, SARAH JEFFRIES, THE STATE BAR OF GEORGIA, OFFICE OF THE GENERAL COUNSEL, WILLIAM D. NESMITH III, PAULA FREDERICK, LEIGH BURGESS, WILLIAM ALAN MYERS, ADRIENNE NASH, JENNY MITTLEMEN, JONATHAN HEWETT, PATRICK N. ARNDT, MICHAEL D. HOSTETTER, NALL & MILLER, LLP, MANIBUR S. ARORA, EDWARD T. M. GARLAND, MICHAEL F. BACHNER, DAVID B. LEVITT, DONALD F. SAMUEL, JANICE SINGER, ALEXANDER H. SOUTHWELL, THOMAS W. THRASH, JR., MICHAEL P. BOGGS, THOMAS A. LEGHORN, LAWRENCE B. MANDALA, BAKER & MCKENZIE, LLP, ROBERT H. ALBARAL, JOHN F. KING, AND OFFICE OF THE GEORGIA INSURANCE COMMISSIONER, JOHN DOES INSURANCE                    COMPANIES                    ##1-5,**
Appellees.

**Submitted by: Ulysses T. Ware, Attorney in fact for the Appellants.**

/s/ Ulysses T. Ware

*[signature: Ulysses T. Ware]*

Page **1** of **20**
Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

# Table of Contents

A.   Introduction. ................................................................................................................................4

B.   The Court overlooked and/or misapprehended the legal and factual significance of the
following indisputable facts: ...........................................................................................................4

C.   Discussion and analysis. ...........................................................................................................5

D.   Requested relief. .......................................................................................................................7

Exhibit A—(297) (03-93031)—Dkt. 6, March 6, 2025, Order. ...................................................9

Exhibit B—February 25, 2025, filing via U.S. mail of Appellants' timely response to Dkt. 4, Order.
........................................................................................................................................................11

Exhibit 1—Appellants' refiling of their Feb. 25. 2025, timely response to the District Court's Order, Dkt.
4. ..................................................................................................................................................12

   Pending delivery to District Clerk's Office (NDGA), Feb. 25, 2025, response to Dkt. 4, Order....13

Exhibit 2—Appellants' Feb. 25, 2025, timely response to Dkt. 4, Order....................................14

Exhibit 3—Group Management's Feb. 25, 2025, entry of appearance in 25cv00613 (NDGA). ........15

Exhibit 4—Feb. 25, 2025, Appellants' email to the Chamber of the Hon. District Judge Michael L.
Brown, actual and constructive receipt of filing of Appellants' Feb. 25, 2025, response, and entry of
appearance in 25cv00613 (NDGA), see Ex. 3, supra............................................................................16

Exhibit 5—Appellees' Alpha Capital, AG, et al., *voluntary* Rule 41(a)(2) *dismissal with prejudice* of
the underlying 02cv2219 (SDNY) lawsuit. .................................................................................17

Exhibit 6—March 12, 2025, filing of Appellants' Rule 59(e) application to vacate Dkt. 3, March 10,
2025, order (MLB). .....................................................................................................................19

End of document ...........................................................................................................................20

Page **2** of **20**
Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10,
2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of
the District Clerk (NDGA).

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Wednesday, March 12, 2025, 2:05:56 PM

VIA CERTIFIED MAIL#: 7022 0410 0001 1417 8798

**VIA ELECTRONIC and U.S. MAIL**

The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re: *Ware, et al. v. Alpha Capital, AG, et al.,* **Case No. 25cv00613 (NDGA) – Appellants'
Response Regarding Dkt. 6 Order of Dismissal for Appellant Group Management.**

## APPELLANTS' RULE 59(e) APPLICATION TO VACATE DKT. 6: RESPONSE REGARDING DKT. 6 ORDER OF DISMISSAL FOR APPELLANT GROUP MANAGEMENT, *A SOLE PROPRIETORSHIP*.

**TO THE HONORABLE COURT:**

Appellants Ulysses T. Ware and Group Management (collectively, "Appellants"), by and

through undersigned attorney-in-fact, Ulysses T. Ware, pursuant to Fed. R. Civ. P. Rule 59(e),[1]

respectfully submit this Rule 59(e) Application to Vacate Dkt. 6, Order: Response to address the

Court's Order of Dismissal, Docket Entry 6 ("Dkt. 6"), dated March 10, 2025, dismissing

---

[1] Rule 59(e): (e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be
filed no later than 28 days after the entry of the judgment.

Page **3** of **20**
Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10,
2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of
the District Clerk (NDGA).

Appellant Group Management from the above-referenced appeal, Case No. 25cv00613 (NDGA), "without prejudice."

## A.    Introduction.

Appellants respectfully submit that the Court's dismissal "without prejudice" of Appellant Group Management, *a sole proprietorship,* while understood as an effort to ensure proper representation before this Honorable Court, appears to be predicated upon an erroneous factual finding, lacking in record support, regarding the legal status of Appellant Group Management. Specifically, Dkt. 6 states: "*The Court ordered Appellant Group Management [a sole proprietorship] to have counsel [Ulysses T. Ware, see 28 USC §1654][2] file a notice of appearance with the Clerk no later than March 6, 2025. (Dkt. 4.) [see Ex. 3, infra: Appellants' entry of appearance, filed via U.S. mail and dated Feb. 25, 2025]. The Court warned Appellant that failure to comply may result in sanctions, including dismissal. (Id.) Appellant has failed to comply with the Court's order. Accordingly, the Court DISMISSES Appellant Group Management without prejudice for failure to comply with a lawful order of the Court.*"

## B.    The Court overlooked and/or misapprehended the legal and factual significance of the following indisputable facts:

On *February 25, 2025*, again on *March 6, 2025*, and again on March 8, 2025, via certified mail #9589 0710 5270 0693 4844 81, Appellants submitted to the District Clerk (NDGA), see Ex.

---

[2] 28 U.S. Code § 1654 - **Appearance personally** or by counsel.
"*In all courts* of the United States the parties *may plead* and *conduct their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

1, infra, (Brown, J.) Chambers via email, (see Ex. 4, infra), and filed via the U.S. mail, addressed
to the District Clerk, (NDGA), their response to the Court's Dkt. 4, Order, which included an entry
of appearance by the Rule 17(a)(1)(G) real party in interest, Group Management, *__a sole__*
*__proprietorship since Dec. 31, 2003.__* Accordingly, Appellants fully, and timely complied with the
Court's directive to have counsel file an entry of appearance in 25cv00613 (NDGA). See Ex. 3,
infra.

## C.    Discussion and analysis.

Appellants respectfully submit that this dismissal order is based upon an inadvertent factual
misapprehension and legal error, insofar as the District Court's Order appears to operate under the
erroneous factual premise that Appellant Group Management is a (i) corporation, (ii) an artificial
entity, or (iii) a limited liability company, thereby necessitating representation by separate legal
counsel. There is no record evidence or proof in the Bankruptcy Court, 03-93031, as of February
13, 2025, the date of Dkt. 4, Order, of the current existence, as of December 21, 2003, of Appellant
Group Management being an "artificial entity."

The record evidence shows that as of December 31, 2003, Ulysses T. Ware, d/b/a Group
Management owned all legal and equitable title to all assets, interests, and claims of the former
defunct Chapter 11 Debtor, Group Management Corp. Accordingly, pursuant to binding Supreme
Court precedent, Ulysses T. Ware d/b/a Group Management, a sole proprietorship, is the Fed. R.
Civ. P. 17(a)(1)(!)(G) *__real party in interest__*, and Rule 41(a)(2) Final Judgment Prevailing Party,
see Ex. 5, infra, Appellee Alpha Capital, AG, et al.'s Dkt. 90, Dec. 20, 2007, *__voluntary dismissal__*
*__with prejudice__* of the underlying 02cv2219 (SDNY) lawsuit—ipso facto a binding factual judicial

Page **5** of **20**
Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10,
2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of
the District Clerk (NDGA).

admission of the mootness of all prior orders, judgments, and proceedings in 02cv2219 (SDNY) and by necessary implication in 03-93031, and in 25cv00613 (NDGA), see Dkt. 5-1, 5-2, 5-3, 5-4, 5-5, and 5-6 (25cv00613) (NDGA).[3]

In fact, and as unequivocally established in Appellants' prior filings, including Docket Entry 16-5 and Exhibit D thereto (IRS Sole Proprietorship Certificate), Appellant Group Management is, in truth and in fact, a ***sole proprietorship***, legally indistinguishable from its individual owner and operator, Ulysses T. Ware. As a sole proprietorship, Appellant Group Management is not subject to the general rule prohibiting artificial entities from appearing *pro se*.

Rather, and as expressly authorized by federal statute, 28 U.S.C. § 1654, and definitively affirmed by binding Supreme Court precedent, ***Rowland v. California Men's Colony***, 506 U.S. 194 (1993), Appellant Group Management, ***as a sole proprietorship***, is lawfully and properly represented *pro se* by its individual owner, Ulysses T. Ware, who is duly appearing before this Court as Attorney in Fact for Appellants-Movants. See Ex. 3, infra, filed on Feb. 25, 2025, via the U.S. mail, addressed to the Office of the District Clerk (NDGA).

**The legal rationale for this well-established principle is clear: 28 U.S.C. § 1654 explicitly grants individuals the right to represent themselves *pro se* in federal court, and this right extends to representing their business interests when operating as a sole proprietorship.** As the Supreme Court clarified in ***Rowland,*** this right of self-representation is primarily limited to

---

[3] 25cv00613 (NDGA) Dkt. 5-13, page 46-47, the Parties' Rule 8009(d) Joint Stipulated Appellate Factual Record. Ex. 5, infra.

(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

"natural persons," and does not extend to artificial legal entities such as corporations, partnerships, or limited liability companies. However, *Rowland* and 28 U.S.C. § 1654 unequivocally affirm the right of individual sole proprietors, such as Appellant Ulysses T. Ware d/b/a Group Management, to appear before this Court *pro se*.

Therefore, Appellants respectfully submit that the factual predicate for the Court's Dismissal Order (Dkt. 6) is factually and legally lacking a record factual foundation, ***as Appellant Group Management is not an entity requiring separate legal counsel, but rather, a sole proprietorship lawfully represented pro se by its owner, Ulysses T. Ware***. See 28 USC § 1654, and *Rowland,* Id.

## D. Requested relief.

**WHEREFORE**, for the foregoing reasons, Appellants Ulysses T. Ware and Group Management respectfully request that this Honorable Court:

1. Vacate and set aside its Order of Dismissal, Docket Entry 6, dated March 10, 2025, as legally erroneous and predicated upon a demonstrably inaccurate factual finding.

2. Recognize and affirm Appellant Group Management, a sole proprietorship, and Rule 41(a)(2) Final Judgment Prevailing Party in 02cv2219 (SDNY), lawful and proper *pro se* appearance in this matter, consistent with 28 U.S.C. § 1654 and controlling Supreme Court precedent.

3. Grant such other and further relief as this Court deems just, equitable, and proper.

**DATED:** March 12, 2025

Respectfully submitted,

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: **/s/ Ulysses T. Ware**

**Ulysses, attorney in fact for the Appellants**

Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

**Exhibit A—(297) (03-93031)--Dkt. 6, March 6, 2025, Order.**

Wednesday, March 12, 2025

(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ulysses T. Ware and Group
Management,

               Appellants,

                             Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

               Appellees,

_____/

### ORDER

    The Court ordered Appellant Group Management to have counsel file a notice of appearance with the Clerk no later than March 6, 2025. (Dkt. 4.) The Court warned Appellant that failure to comply may result in sanctions, including dismissal. (*Id.*) Appellant has failed to comply with the Court's order.

    Accordingly, the Court **DISMISSES** Appellant Group Management without prejudice for failure to comply with a lawful order of the Court. *See* LR 41.3(A)(2), NDGa.

    **SO ORDERED** this 10th day of March, 2025.

**MICHAEL L. BROWN**
UNITED STATES DISTRICT JUDGE

(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

**Exhibit B—February 25, 2025, filing via U.S. mail of Appellants'
timely response to Dkt. 4, Order.**



The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Mailed on 02.25.25

Re: Ware, et al v. Alpha Capital AG, et al.
   25 cv 00613 (NDGA)

Re: Appellants' response to Dkt. 4

Office of the District Clerk
United States District Court
Northern District of Georgia
1968 Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

/s/ Ulysses J. Ware, & Group Management (Appellants)

Page **11** of **20**
Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10,
2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of
the District Clerk (NDGA).

Exhibit 1—Appellants' refiling of their Feb. 25. 2025, timely response to the District Court's Order, Dkt. 4.



Page **12** of **20**
Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

**Pending delivery to District Clerk's Office (NDGA), Feb. 25, 2025, response to Dkt. 4, Order.**



Tracking Number:
**9589071052700693484481**

📋 Copy    📇 Add to Informed Delivery

**Latest Update**

Your package will arrive later than expected, but is still on its way. It is currently in transit to the next facility.

**Get More Out of USPS Tracking:**

📲 USPS Tracking Plus®

**Moving Through Network**
**In Transit to Next Facility, Arriving Late**
March 11, 2025

**Departed Post Office**
BROOKLYN, NY 11226
March 8, 2025, 2:26 pm

**USPS in possession of item**
BROOKLYN, NY 11226
March 8, 2025, 12:12 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**

(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

## Exhibit 2—Appellants' Feb. 25, 2025, timely response to Dkt. 4, Order.



**(16-5) (Part 16-5)**
## Case No. 25cv00613 (NDGA) (MLB)

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**



PLAINTIFF'S
EXHIBIT
2

**ULYSSES T. WARE, d/b/a as Group Management, and Group Management (a sole proprietorship),**[1]
**Appellants,**

v.

**Alpha Capital, AG, et al.,**[2]
**Appellees.**

On appeal from:
in re GROUP MANAGEMENT CORP., Debtor.
Case No. 03-93031 (BC NDGA) Chapter 11

Appellants' Response Brief in Support of Appellant Ware's Status as the Only Lawfully Authorized Real Party in Interest Under Federal Rule of Civil Procedure 17(a)(1)(G) and Appellant Group Management's Status as a *Sole Proprietorship* Authorized to Appear Herein in Pro se status Pursuant to 28 U.S.C. § 1654 and *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

[1] See Ex. D, infra. Appellant Ware and Group Management are lawfully authorized to appear herein in a pro se status by federal law, 28 USC § 1654 and Supreme Court binding precedent, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) ("Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U. S. C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow *corporations, partnerships, or associations* to appear in federal court otherwise than through a licensed attorney."). (citations omitted) (emphasis added). Appellant Group Management is neither a corporation, a partnership, or an association. Appellant *Group Management is a sole proprietorship* registered with the IRS as such, see Ex. Id., infra.

[2] Appellees Alpha Capital, AG, Stonestreet L.P., Markham Holdings, Ltd., and Amro International, S.A., the clients of Appellee Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP ("KTS"), see Dkt. 11 (03-93031), were certified on May 17, 2021, by FINRA's senior executive Marcia E. Asquith. Esq. as *unregistered broker-dealers operating in the United States in violation of the federal securities laws*, 15 USC § 78o(a)(1) and 18 USC § 1961(6)(B); whom all have since 2001 without interruption agreed, confederated, colluded, conspired, racketeered, and have knowingly and willfully operated as an illegal association in fact as defined in 18 USC § 1961(4), *a racketeering predatory unlawful debt collecting, 18 USC § 1961(6)(B), continuing criminal enterprise*, unlawful debt collection activities in the 03-93031 Chapter 11, see Dkt. 11, 15, and 16, predatory loan sharking of criminal usury debts, GX 1-4, money laundering, extortion, *murder for hire*, bankruptcy fraud conspiracy, theft of Chapter 11 estate assets (+$522 million in 15 USC § 78p(b) strict-liability short-swing profits), and racketeering, a pattern of racketeering activities. See The Parties' Rule 8009(d) Joint Stipulated Appellate Record Facts.

**Page 1 of 37**
**Tuesday, February 25, 2025**
(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

Scanned with CamScanner

Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

## Exhibit 3—Group Management's Feb. 25, 2025, entry of appearance in 25cv00613 (NDGA).





(16-5--NOP) (Part 16-5--NOP) (MLB)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ULYSSES T. WARE and GROUP MANAGEMENT,**
Appellants,

v.

**ALPHA CAPITAL, AG, et al.,**
Appellees.

### NOTICE OF APPEARANCE OF COUNSEL

Case No. 25cv00613 (MLB)
(Appeal from Bankruptcy Court Case No. 03-93031 (WLH))

PLEASE TAKE NOTICE that Ulysses T. Ware, hereby enters his appearance as **Attorney In Fact** for Appellant Group Management, *a sole proprietorship*, in the above-entitled action.

Appellant Group Management, a sole proprietorship, is authorized to be represented in these proceedings *pro se* by its sole proprietor, Ulysses T. Ware, pursuant to 28 U.S.C. § 1654, which provides that "*In all courts* of the United States *the [natural persons and sole proprietorship] parties may plead and conduct their own cases personally* or by counsel...";

All notices, pleadings, motions, orders, and other papers in this action should be served upon:

Ulysses T. Ware, Attorney in Fact for Appellant Group Management
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Page 1 of 2
Tuesday, February 25, 2025
(16-5-NOP) (Part 16-5—NOP) re Appellant Group Management's counsel's entry of appearance in 25cv00613 (NDGA).

CS Scanned with CamScanner

Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

**Exhibit 4—Feb. 25, 2025, Appellants' email to the Chamber of the Hon. District Judge Michael L. Brown, actual and constructive receipt of filing of Appellants' Feb. 25, 2025, response, and entry of appearance in 25cv00613 (NGDA), see Ex. 3, supra.**



M Gmail                                         Ulysses Ware <utware007@gmail.com>

**02.25.25 re 25cv00613 (NDGA) re Appellants' Ulysses T. Ware and Group Management's response to Dkt. 4, Order (Brown, J.) and Group Management's counsel's entry of appearance in 25cv00613 (NDGA).**

Ulysses Ware <utware007@gmail.com>                          Tue, Feb 25, 2025 at 1:42 PM
To: Jessica_Kelley@gand.uscourts.gov
Bcc: Ulysses Ware <UTWARE007@gmail.com>, lawyers@mignetlaw.com

**PLAINTIFF'S EXHIBIT 4**

## (16-5) (Part 16-5)

## The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

February 25, 2025, 1:37:39 PM

**VIA ELECTRONIC AND U.S. MAIL**

The Honorable Judge Michael L. Brown
United States District Court
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re: *Ware, et al. v. Alpha Capital, et al.*, Case No. 25cv00613 (NDGA)

Enclosures: (1) Appellants' Response to the District Court, Brown, J., Dkt. 4, February 13, 2025, Order; and (2) Appellant Group Management's Entry of Appearance of Counsel in 25cv00613 (NDGA).

Dear Judge Brown:

Appellants-Movants, Ulysses T. Ware and Group Management, a sole proprietorship, respectfully submit this letter to provide the Court with copies of the following documents, which are being concurrently filed with the Clerk of the District Court in the above-referenced matter, Case No. 25cv00613 (NDGA):

    1. **Appellants' Response to the District Court, Brown, J., Dkt. 4, February 13, 2025, Order:** This Response is submitted in direct compliance with the Court's Order, Docket Entry 4, dated February 13, 2025, and respectfully addresses the Court's inquiry regarding the representation of Appellant Group Management, clarifying its status as a sole proprietorship and affirming Appellant Ulysses T. Ware's right to represent Group Management *pro se* pursuant to 28 U.S.C. § 1654.

    2. **Appellant Group Management's Entry of Appearance of Counsel in 25cv00613 (NDGA):** This Notice of Appearance formally enters the appearance of Ulysses T. Ware as Attorney in Fact for Appellant Group Management, a sole proprietorship, consistent with federal law and the arguments presented in Appellants' Response to Dkt. 4.

Appellants-Movants respectfully submit these filings to ensure full compliance with the Court's directives and to provide the Court with a clear and comprehensive understanding of the representation status of Appellant Group Management in this appeal.

Thank you for Your Honor's attention to this matter.

Respectfully submitted,
*Ulysses T. Ware*

CS Scanned with CamScanner

Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

**Exhibit 5—Appellees' Alpha Capital, AG, et al., *voluntary* Rule 41(a)(2) *dismissal with prejudice* of the underlying 02cv2219 (SDNY) lawsuit.**

Case 1:25-cv-00613-MLB    Document 5-13    Filed 03/07/25    Page 46 of 270

Exhibit 2--Dkt. 90 (Binding Final Judgment)—02cv2219 (SDNY) Prevailing Parties Chapter 11 Debtor Group Management and 11 USC §1109(b) statutory party in interest Ulysses T. Ware's Final Judgment—December 20, 2007, Dkt. 90, Case No. 02cv2219 (SDNY), District Judge Leonard B. Sand, Fed. R. Civ. P. Rule 41(a)(2) voluntary, ex parte *Dismissal with Prejudice* of the 02cv2219 (SDNY) Lawsuit *After the Statute of Limitation Had Run on All Claims Final Judgment conferred final judgment prevailing party status on Group Management and Ulysses T. Ware.*[7]



United States District Court
Southern District of New York

Alpha Capital Aktiengesellschaft, Amro
International, S.A., Markham Holdings, Ltd.,
and Stonestreet Limited Partnership,

                        Plaintiffs,

-against-

Group Management Corp., formerly known
as IVG Corp., formerly known as Internet
Venture Group, Inc., Martin Landers and
Becky Landers,

                        Defendants.

Order of Dismissal
Without Prejudice

02 Civ. 2219(LBS)

Pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon
request of Plaintiff Alpha Capital Aktiengesellschaft, this case is dismissed without prejudice.

Dated: New York, New York
        December   , 2007

CERTIFIED AS A TRUE COPY ON
THIS DATE

By
        Clerk
        Deputy

U S DJ

                        Law Offices of Kenneth A. Zitter

                        By:
                            Kenneth A. Zitter, Esq.
                            Attorneys for Plaintiff
                            Alpha Capital Aktiengesellschaft
                            260 Madison Avenue - 18th Floor
                            New York, New York 10016

COPIES MAILED TO ALL PARTIES

Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual
Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10,
2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of
the District Clerk (NDGA).

**Exhibit 6—March 12, 2025, filing of Appellants' Rule 59(e) application to vacate Dkt. 3, March 10, 2025, order (MLB).**



Wednesday, March 12, 2025
(17-2) (Part 17-2) re: Appellants' Rule 59(e) application of reconsideration of Dkt. 6, Orde, March 10, 2025. Filed on March 12, 2025, via certified mail#: 7022 0410 0001 1417 8798 addressed to the Office of the District Clerk (NDGA).

*Ulysses T. Ware*.

Respectfully submitted,

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: **/s/ Ulysses T. Ware for the Appellants**

**Filed on March 12, 2025 via U.S. mail**

## Certificate of Service

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 12th day of March 2025, I caused to be served a true and correct copy of the foregoing Appellants' Application for Rule 59(e) Reconsideration of Dkt. 6, Order, via electronic mail to all Appellees; and

The Office of the District Clerk (NDGA) via certified mail#: 7022 0410 0001 1417 8798

*Ulysses D. Ware*

/s/ Ulysses T. Ware

Ulysses T. Ware

## End of document

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

03.12.25  Filed



7022 0410 0001 1417 8798

RDC 99

30303

U.S. POSTAGE PAID
FCM LG ENV
BROOKLYN, NY 11226
MAR 12, 2025

**$7.16**

S2324K504996-40

Ware, et al. v. Alpha Capital, A6, etal.
25 cv 00613 (NDGA)

re: Part 17-2
Rule 59(e) application to vacate
March 10, 2025, Order, Dkt. 6.

CLEARED SECURITY

MAR 19 2025

U.S. MARSHALS SERVICE
Atlanta, Georgia
CLEARED SECURITY

MAR 19 2025

U.S. MARSHALS SERVICE
Atlanta, Georgia

**Office of the District Clerk**
**U.S. District Court (NDGA)**
**Richard B. Russell U.S. Courthouse**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**

/s/ Ulysses 2 Ware
Group Management (a sole proprietorship)