# Case No. 25cv00613 (NDGA) (MLB)

Filed on March 13, 2025, 2:18:23 PM via U.S. mail and via email to the Chambers of the Hon. District Judge Michael L. Brown pursuant to 18 USC §§ 2071(a), (b), a judicial public record.

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 19 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk
    Matthew A.

## The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Thursday, March 13, 2025, 2:18:23 PM

**BY U.S. MAIL AND ELECTRONIC FILING**

The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

**17-4**

**Re: Pro se Appellants' 18 U.S.C. §§ 2071(a), (b), 28 U.S.C. § 1654 Filing: March 13, 2025, (17-4) (Part 17-4) re: Dkt. 298 (F-10 and F-11) (03-93031) (BC NDGA) 03.13.25 Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Appellees' Judicial Admissions of 18 USC § 1951(a) Hobbs Act Extortion, Racketeering Bankruptcy Crimes and Frauds, and 18 USC § 1961(6)(B) Predatory Unlawful Debt (GX 1-4) Collection Activities by Appellees KTS, Meir, Mills, Walker, Kadaba, Morawetz, the U.S. Trustee, Region 21, Rabinowitz, the U.S. Marshals, Zitter, their _unregistered broker-dealer_ clients, and other Appellees.**

Your Honor:

Please accept for urgent filing and judicial consideration the enclosed original Memorandum of Law, submitted by pro se Appellants Ulysses T. Ware and Group Management (**a sole proprietorship**) pursuant to 18 U.S.C. §§ 2071(a), (b), and 28 U.S.C. § 1654. This critically important filing, designated as (17-4) (Part 17-4) (03-93031) (BC NDGA) 03.13.25 Memorandum to the District Court (NDGA), IN SUPPORT OF Appellants' Application of a Rule 3.3/8.4 Show Cause Order and other reliefs (17-1) (Part 17-1) (March 10, 2025) constitutes definitive proof of egregious criminal misconduct by officers of this Court.

### SUMMARY OF THE ARGUMENT.

Page **1** of **23**
Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

Within this Memorandum, Appellants present irrefutable judicial admissions, extracted directly from Appellees' own agent, Kenneth A. Zitter, Esq., an officer of the court, sworn perjured testimony—binding judicial confessions and admission, Exhibit F-10, the "KTS Memo") and sworn testimony under oath (Exhibit F-11, the "Zitter Confessions"), conclusively establishing a brazen and meticulously orchestrated criminal enterprise perpetrated by Appellees Kilpatrick Townsend & Stockton LLP, Dennis S. Meir, John W. Mills, Kenneth A. Zitter, Wab Kadaba, their clients, agents, proxies, surrogates, alter-egos, ***and all those in active concert with their unregistered broker-dealer clients.***[1]

Specifically, Docket 298 unveils the Appellees' calculated and sustained scheme to commit:

i.   **Hobbs Act Extortion (18 U.S.C. § 1951(a)):** Utilizing the Bankruptcy Court as a weapon to coerce unlawful payments and stock relinquishment from Appellants, predicated upon criminally usurious debts, GX 1-4, and threats of violence, directly admitted by Appellee Zitter's sworn testimony (Exhibit F-11).

ii.  **Racketeering Bankruptcy Crimes (18 U.S.C. §§ 1961(6)(B) & 1962(a)-(d)):** Operating a RICO enterprise engaged in a pattern of racketeering activity, including unlawful debt collection, bankruptcy fraud, mail and wire fraud, obstruction of justice, and extortion, definitively evidenced by the "Zitter Confessions" (Exhibit F-11) and the "smoking gun" KTS Memo (Exhibit F-10).

iii. **Bankruptcy Fraud (11 U.S.C. §§ 152 & 157):** Perpetrating a systematic fraud upon the Bankruptcy Court through the filing of false and fraudulent claims (Dkt. 5-2, 5-3, 5-4, 5-5, 5-6), concealment of estate assets (+$522 million insider trading profits owed by KTS Clients, as revealed in Exhibit F-10), and false oaths made under penalty of perjury, all in direct violation of 11 U.S.C. §§ 152 and 157.

iv.  **Short-Swing Insider Trading (15 U.S.C. § 78p(b)):** Engaging in illegal insider trading in Group Management Corp.'s securities by KTS Clients, generating illicit profits exceeding $522 million at the direct expense of the Chapter 11 estate, a liability known and strategically concealed by Appellees as evidenced by the KTS Memo (Exhibit F-10).

v.   **Egregious Ethical Violations (Georgia Rules of Professional Conduct 3.3 & 8.4):** Committing profound and undeniable violations of the duty of candor toward the tribunal (Rule 3.3) and engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation (Rule 8.4), by officers of this Court, as irrefutably demonstrated throughout Docket 298 and Appellees' own admissions.

The enclosed Memorandum meticulously details the specific judicial admissions contained within Docket 298, including Kenneth A. Zitter, Esq.'s sworn confession that Kilpatrick Townsend

---

[1] See FINRA's lawyers Appellees Robert W. Cook, Esq., Robert L.D. Colby, Esq., Sarah Jeffries, Esq., Emma Jones, Esq., Marcia E. Asquith, Esq. (officer of the court having a duty of candor to the District Court (NDGA)) and others involved in the required certification of 15 USC § 78o(a)(1) certification of public registration records maintained by FINRA in the ordinary course of business, concerning Frank V. Sica, Colleen McMahon, Arie Rabinowitz, Michael Scott Bertisch, Esq., cf., Dkt. 5-13 pages 137 to 185.

Thursday, March 13, 2025

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

& Stockton LLP was "hired" to engage in "collection activity" within the Bankruptcy Court (Exhibit F-11, Docket 298, Page 7, ¶ 1), a direct admission of utilizing the Court as an instrument of Hobbs Act extortion. Furthermore, the KTS Memo (Exhibit F-10) constitutes a self-incriminatory judicial admission and indictment, revealing Appellees' early and comprehensive awareness of their clients' $522 million insider trading liability (Docket 298, Page 4, ¶ 1) and their deliberate strategy to conceal this critical asset from the Bankruptcy Court (Docket 298, Page 5), thereby perpetrating a fraud upon the court and creditors.

This filing is deliberately made and submitted under the protection of a *__judicial public record__* pursuant to 18 U.S.C. §§ 2071(a), (b)[2] and 28 U.S.C. § 1654, underscoring the profound gravity of the documented misconduct and the urgent necessity for judicial intervention. Appellants respectfully implore this Honorable Court to give immediate and thorough consideration to the enclosed Memorandum and to grant the requested Show Cause Order (Part 17-1) to compel Appellees to account for their demonstrably criminal and unethical actions.

Respectfully submitted,

/s/ Ulysses T. Ware

*Ulysses T. Ware*

Ulysses T. Ware


28 U.S.C. § 1654 Attorney in fact for Appellants, Group Management (a sole proprietorship) and Ulysses T. Ware

cc:    Administrative Office of the U.S. Courts
       Office of the Director of the FBI, the Hon. Kash Patel

---

[2] **(a) __Whoever__** willfully and unlawfully *__conceals, removes__*, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so *__takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States__*, or in any public office, or with any judicial or public officer of the United States, **shall be fined under this title or imprisoned** not more than three years, or both.

**(b) __Whoever__,** *having the custody* of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully *__conceals, removes__*, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or *__imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States__*. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

(17-4) (Part 17-4) Pro se Appellants' 18 USC §§ 2071(a), (b), 28 USC § 1654 Dkt. 298 (F-10 and F-11) (03-93031) (BC NDGA) 03.13.25 Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes and Frauds of Appellees KTS, Meir, Mills, Zitter, and their *underlined broker-dealer* clients.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 1 9 2025

KEVIN P WEIMER, Clerk
By:
Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Filed on March 13, 2025, 2:18:23 PM via U.S. mail and via email to the Chambers of the Honorable District Judge Michael L. Brown pursuant to 18 USC §§ 2071(a), (b), a judicial public record.

# Case No. 1:25-cv-00613-MLB

**ULYSSES T. WARE and d/b/a GROUP MANAGEMENT (a sole proprietorship),**
Appellants,

v.

**ALPHA CAPITAL, AG, STONESTREET, L.P., MARKHAM HOLDINGS, L.P., AMRO INTERNATIONAL, S.A., KILPATRICK, TOWNSEND & STOCKTON, LLP, DENNIS S. MEIR, JOHN W. MILLS III, J. HENRY WALKER, IV, WAB KADABA, KENNETH A. ZITTER, ARIE RABINOWITZ, LH FINANCIAL SERVICES CORP., KONRAD ACKERMANN, JOSEPH HAMMER, TRAILBLAZER MERGER CORP. I, WENDY L. HAGENAU, JAMES H. MORAWETZ, THE OFFICE OF THE U.S. TRUSTEE, REGION 21, MARY IDA TOWNSON, M. REGINA THOMAS, PATRICIA SINBACK, MARGARET H. MURPHY, JOYCE BIHARY, COLEMAN RAY MULLINS, SECURITIES AND EXCHANGE COMMISSION, FINANCIAL INDUSTRY REGULATORY AUTHORITY (FINRA), BARBARA ELLIS-MONRO, MARCIA E. ASQUITH, ROBERT L.D. COLBY, ROBERT W. COOK, EMMA JONES, SARAH JEFFRIES, THE STATE BAR OF GEORGIA, OFFICE OF THE GENERAL COUNSEL, WILLIAM D. NESMITH III, PAULA FREDERICK, LEIGH BURGESS, WILLIAM ALAN MYERS, ADRIENNE NASH, JENNY MITTLEMEN, JONATHAN HEWETT, PATRICK N. ARNDT, MICHAEL D. HOSTETTER, NALL & MILLER, LLP, MANIBUR S. ARORA, EDWARD T. M. GARLAND, MICHAEL F. BACHNER, DAVID B. LEVITT, DONALD F. SAMUEL, JANICE SINGER, ALEXANDER H. SOUTHWELL, THOMAS W. THRASH, JR., MICHAEL P. BOGGS, THOMAS A. LEGHORN, LAWRENCE B. MANDALA, BAKER & MCKENZIE, LLP, ROBERT H. ALBARAL, JOHN F. KING, AND OFFICE OF THE GEORGIA INSURANCE COMMISSIONER, JOHN DOES INSURANCE COMPANIES ##1-5,**
Appellees.

Thursday, March 13, 2025

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

# Table of Contents

**MEMORANDUM (17-4) IN SUPPORT OF APPELLANTS' REQUEST FOR RULE 3.3 AND RULE 8.4 PROFESSIONAL RESPONSIBILITY AND DUTY OF CANDOR SHOW CAUSE ORDER (Part 17-1)**................................................................................................................7

**I.    INTRODUCTION: IRREFUTABLE EVIDENCE OF EGREGIOUS CRIMINAL MISCONDUCT.**.............................................................................................................8

**II.    FACTUAL PREDICATES: BINDING JUDICIAL ADMISSIONS OF CRIMINAL ENTERPRISE.**...............................................................................................................10

**A.    Appellees' Judicial Admission of Knowledge of +$522 Million Insider Trading Liability (15 U.S.C. § 78p(b)):The KTS Memo explicitly analyzes "The KTS § 78p(b) insider-trading memo" (Docket 298, Page 4) and reveals KTS's deep awareness, dating back to 2004, of their clients' potential $522 million disgorgement liability under 15 U.S.C. § 78p(b) (Docket 298, Page 4, ¶ 1).** 10

**B. Exhibit F-11: The Devastating Sworn Testimony of Kenneth A. Zitter, Esq.** ............................12

**III. LEGAL ARGUMENT: DEMONSTRABLE VIOLATIONS OF FEDERAL CRIMINAL STATUTES AND PROFESSIONAL CONDUCT RULES.**...................................................15

**A. Violations of 11 U.S.C. § 152 – Bankruptcy Fraud** .........................................16

**B. Violations of 11 U.S.C. § 157 – Bankruptcy Fraud (Scheme to Defraud)** ...................17

**C. Violations of 18 U.S.C. § 1951(a) – Hobbs Act Extortion** ...............................18

**D. Violations of 18 U.S.C. § 1961(6)(B) & § 1962(a)-(d) – RICO (Racketeering)** ...........................19

**E. Violations of 15 U.S.C. § 78p(b) – Short-Swing Insider Trading** ...............................20

**F. Egregious Violations of Georgia Rules of Professional Conduct 3.3 and 8.4** ...............................20

**IV. CONCLUSION AND PRAYER FOR RELIEF** ...............................................21

**Certificate of Service**.............................................................................................22

**End of document** ..................................................................................................23

.

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

**Thursday, March 13, 2025, 2:18:23 PM**

**BY US. MAIL AND ELECTRONIC FILING**

The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

**Re: Pro se Appellants' 18 USC §§ 2071(a), (b), 28 USC § 1654  March 13, 2025, (17-4) (Part 17-4) Dkt. 298 (F-10 and F-11) (03-93031) (BC NDGA) 03.13.25 Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients.**

Respectfully submitted,

*/s/ Ulysses T. Ware*
Ulysses T. Ware
28 USC § 1654 Attorney-in-fact for Appellants, Group Management (a sole proprietorship) and
Ulysses T. Ware

# 28 USC § 1654 Pro Se Appellants' Certificate of Filing

Filed on March 13, 2025, via U.S. mail and via email to the Chambers of the Hon. District Judge Michael L. Brown pursuant to 18 USC §§ 2071(a), (b), a judicial public record for filing and docketing in 25cv00613 (NDGA), and by 28 USC § 1654 pro se appellants.

Signed under oath subject to the penalty of perjury having personal knowledge of the facts, pursuant to 28 USC § 1746 this 13th day of March 2025, in Brooklyn, NY.

/s/ Ulysses T. Ware

Page **6** of **23**
Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

# MEMORANDUM (17-4) IN SUPPORT OF APPELLANTS' REQUEST FOR RULE 3.3 AND RULE 8.4 PROFESSIONAL RESPONSIBILITY AND DUTY OF CANDOR SHOW CAUSE ORDER (Part 17-1).

**TO THE HONORABLE COURT:**

Appellants Ulysses T. Ware and Group Management (collectively, "Appellants"), by and through their attorney in fact, Ulysses T. Ware, respectfully submits this Memorandum in Support of their Motion (Part 17-1) for a Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Show Cause Order. This Motion and Memorandum are compelled by the ***unprecedented and egregious criminal misconduct of Appellees***, see part III, infra, definitively established through their own sworn judicial admissions and irrefutable documentary evidence contained within Docket 298 (F-10 and F-11). These ***binding judicial confessions and admissions*** made ***personally or through counsel*** expose a brazen and calculated scheme to perpetrate Hobbs Act extortion, racketeering bankruptcy crimes, and systematic frauds upon the United States District Court and Bankruptcy Court, orchestrated in egregious and criminal bad faith by officers of the court, lawyers, subject to the District Court (NDGA) and the State Bar of Georgia's Rules of Professional Conduct and Ethics, Rules 3.3 and 8.4, to wit: Appellees Kilpatrick Townsend & Stockton LLP ("KTS"), Dennis S. Meir, John W. Mills, III, Kenneth A. Zitter, James H. Morawetz, Mary Ida Townson, Jeneane Treace, their ***unregistered broker-dealer clients***, et al. in flagrant violation of federal criminal law and the most fundamental tenets of professional responsibility.

Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

# I.    INTRODUCTION:    IRREFUTABLE    EVIDENCE    OF EGREGIOUS CRIMINAL MISCONDUCT.

With unwavering factual specificity and legal rigor, this Memorandum will demonstrate that Docket 298 (F-10 and F-10) constitutes conclusive and unimpeachable proof of Appellees' criminal and unethical conduct. The undisputed evidence presented is not subject to reasonable dispute; it consists of *__the Appellees' own statements,__* binding judicial admissions and confessions, made under oath (Exhibit F-10) and sworn testimony under oath (Exhibit F-11), revealing an ongoing, sustained, and meticulously planned Hobbs Act racketeering conspiracy to abuse the judicial system for illicit enrichment, +$5.2225 billion.

These binding judicial admissions are not mere evidentiary inferences, but rather, binding concessions that definitively establish the factual predicates for violations of:[3]

i. **11 U.S.C. § 152 – Bankruptcy Fraud:** Concealment of assets, false oaths, and fraudulent claims perpetrated upon the Bankruptcy Court. See Dkt. 5-1 to 5-6 (25cv00613) (NDGA).

ii. **11 U.S.C. § 157 – Scheme to Defraud:** A comprehensive scheme to defraud the Bankruptcy Court and creditors through manipulation of the judicial process. Dkt. 5-2, 5-3, 5-4, 5-5; and 5-6, 5-7, 5-8, 5-9, and 5-10.

iii. **18 U.S.C. § 1951(a) – Hobbs Act Extortion:** Unlawful extraction of property--+$522 million in short-swing insider-trading profits, from Appellants under color of official right, utilizing the Bankruptcy Court as an instrument of coercion. Dkt. 5-3, 5-4, 5-5, 5-6, and 5-16.

iv. **18 U.S.C. § 1961(6)(B) & § 1962(a)-(d) – RICO (Racketeering):** Operation of a criminal enterprise engaged in a pattern of racketeering activity, specifically unlawful debt collection related to criminally usurious debts, GX 1-4. Dkt. Id.

---

[3] The "Dkt." references are to the pending 25cv00613 (NDGA) appeal docket.

Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

v.   **15 U.S.C. § 78p(b) – Short-Swing Insider Trading:** Illegal insider trading by KTS Clients, generating illicit profits at the expense of the Chapter 11 estate. Dkt. 13, 14, and 16.

vi.   **Georgia Rules of Professional Conduct 3.3 and 8.4:** Egregious violations of the duty of candor toward the tribunal and prohibitions against fraud, deceit, and dishonesty by officers of the court. Dkt. 5-1 to 5-16.

The Show Cause Order sought by Appellants (Part 17-1) is thus not merely warranted, but critically imperative to uphold the integrity of this Court,[4] to compel accountability for demonstrable criminal and unethical conduct, and to deter such egregious abuses of the judicial system in the future. The evidence detailed herein demands nothing less than a thorough and immediate judicial inquiry.

---

[4] All United States federal courts [02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), and 25cv00613 (NDGA)] have *an independent duty* to assure that fraud has not and was not perpetrated on the court by officers of the court, lawyers, (i.e., KTS, Meir, Mills, Kadaba, Walker, Zitter, Garland, Arora, Samuel, Singer, Levitt, Bachner, Morawetz, Townson, Treace, NeSmith, Fredrick, Willard, Burgess, Mittlemen, Hewett, Myers, et al.). See *Hazel Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238. 246 (1944) ("We cannot easily understand how, under the admitted facts, [Dkt. 298 (F-10 and F-11)] Hazel [or the 25cv00613 Appellants] should have been expected to do more than it did to uncover the fraud. But even if Hazel did not exercise the highest degree of diligence Hartford's fraud cannot be condoned for that reason alone. This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. *Mercoid Corporation v. Mid-Continent Investment Co.,* 320 U. S. 661; *Morton Salt Co. v. G. S. Suppiger Co.,* 314 U. S. 488. *Furthermore, tampering with the administration of justice in the manner indisputably shown here [see Dkt. 5-1 to Dkt. 5-17] involves far more than an injury to a single litigant [Group Management Corp, the Chapter 11 Debtor, was a publicly-traded company then having more than 3,000 shareholders]. It is a wrong against the institutions set up to protect and safeguard the public, institutions [FINRA, the State Bar of Georgia, and the Securities & Exchange Commission] in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants.* The public welfare demands that the *agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.*") (emphasis added).

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

## II. FACTUAL PREDICATES: BINDING JUDICIAL ADMISSIONS OF CRIMINAL ENTERPRISE.

Docket 298 (03-93031) provides conclusive, unimpeachable evidence, grounded in Appellees' own admissions, establishing the factual predicates for each of the aforementioned violations.

### A. Exhibit F-10: The Incriminating Kilpatrick Townsend & Stockton LLP Memorandum

Exhibit F-10, the KTS Memorandum's contents, is not merely probative evidence; it is a "smoking gun document" (Docket 298, Page 4), constituting a damning indictment made by KTS' own client, Kenneth A. Zitter, Esq on behalf of KTS' 03-93031 clients, see Dkt. 5-2, under oath in a judicial tribunal.

This memorandum, F-10, undisputed and undenied, and thus, its assertions' veracity conceded as authentic, accurate, and correct by Appellees and their legal counsels, reveals a calculated, malicious, and cynical strategy to defraud the United States District and Bankruptcy Courts, containing admissions directly contradicting Appellees' representations to the Bankruptcy Court, Dkt. 5-2 to 5-6, and unequivocally confirming Appellants' allegations:

**A.** **Appellees' Judicial Admission of Knowledge of +$522 Million Insider Trading Liability (15 U.S.C. § 78p(b)):The KTS Memo explicitly analyzes "The KTS § 78p(b) insider-trading memo" (Docket 298, Page 4) and reveals KTS's deep awareness, dating back to 2004, of their clients' potential $522 million disgorgement liability under 15 U.S.C. § 78p(b) (Docket 298, Page 4, ¶ 1).**

This admission establishes, in KTS's own words, via their client, Zitter's judicial admissions binding on his clients (the 02cv2219 (SDNY) plaintiffs) which are imputed to KTS,

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

that their clients' illegal insider trading and the significant debt owed to the Chapter 11 estate – a fact deliberately concealed from the Bankruptcy Court.[5] The KTS Memo directly references "Chapter 11 Debtor's Section 16(b) Article III standing to file disgorgement claims" (Docket 298, Page 4, ¶ 1), further confirming KTS's understanding of this substantial liability as a core asset of the bankruptcy estate under 11 U.S.C. § 541(a)(1).

1. **Judicial Admission of Awareness of Lack of Article III Standing:** The KTS Memo further reveals KTS's acute awareness, as early as 2003, of the "Article III standing deficiencies inherent in any attempt by KTS Clients to assert any claims in federal court" (Docket 298, Page 4, ¶ 2). This admission directly refutes KTS's subsequent filings in the Bankruptcy Court (Dkt. 5-2, 5-3, 5-4, 5-5, 5-6), wherein they fraudulently asserted claims while knowingly lacking the fundamental constitutional standing to do so. The KTS Memo explicitly analyzes the "Article III standing" (Docket 298, Page 4, ¶ 2) impediments to KTS Clients' claims, acknowledging the "threshold" requirement to "first establish Article III standing in both 02cv2219 and 03-93031" (Docket 298, Page 4, ¶ 2)—a legal impossibility given their unregistered broker-dealer status, rendering their claims jurisdictionally baseless from inception.

2. **Judicial Admission of Strategic Concealment and Bad Faith:** The KTS Memo, when juxtaposed with KTS's subsequent filings in the Bankruptcy Court (Dkt. 6, 11, 13, 14, 15,

---

[5] Cf., Dkt. 5-13 at pages 43-45—Sand, J's Aug. 13, 2003, Dkt. 65, 02cv2219 (SDNY) court order of 15 USC 78p(b) statutory insider (fiduciary status) based on the judicial admissions of Appellees KTS and its client, Appellee Stonestreet, L.P.—***binding judicial confessions and admissions of deliberate and known, and/or reckless conspiracy, perjury and fraud*** perpetrated by Appellees Meir, Mills, KTS, Zitter, and their clients in the 02cv2219 (SDNY), 03-93031 (BC NDGA), and 04cr1224 (SDNY) judicial proceedings, cf., Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6.

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

16, and 258), unveils a deliberate and bad faith criminal extortion strategy by KTS, its clients, and Appellees to conceal and suppress from the Bankruptcy Court, 18 USC §§ 2, 152, 157, 371, 1951(a), 1961(6)(B), and 1962(a-d), the critical facts and legal authorities concerning KTS Clients' massive +$522 million insider-trading liability and their manifest lack of Article III standing (Docket 298, Page 5).

3.  This binding judicial confession and admission exposes a malicious and criminal calculated scheme to perpetrate a fraud upon the 02cv2219 (SDNY) District and the 03-93031 Bankruptcy Court, violating Meir, Mills, Zitter, Morawetz, et al. Rule 3.3 duty of candor and warranting the most dire and severe sanctions.

4.  The KTS Memo (F-10) reveals a calculated criminal and cynical scheme in conspiracy with Appellee Margaret H. Murphy, et al. to exploit the 03-93031 Bankruptcy Court for their own unlawful gain (+$522 million in strict liability short-swing 15 USC §78p(b) insider-trading profits), while knowingly concealing and suppressing critical jurisdictional and standing defects (Docket 298, Page 5, ¶ 4), constituting irrefutable evidence of bad faith and sanctionable conduct.

## B. Exhibit F-11: The Devastating Sworn Testimony of Kenneth A. Zitter, Esq.

Exhibit F-11, the "Zitter Confessions," consists of excerpts from the sworn cross-examination testimony of Appellees' counsel, Kenneth A. Zitter, Esq., in *U.S. v. Ware, 04cr1224 (SDNY)*. This *known lying and perjured testimony*, elicited under oath in a United States federal court *in a criminal proceeding*, and subjected to rigorous cross-examination by Appellant Ware, constitutes a watershed evidentiary admission (Docket 298, Page 6) by Appellees' own agent,

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

proxy, surrogates, alter-ego, and in active concert therewith, irrefutably confirmed Appellants' credible and proven allegations of criminal misconduct and revealing the inner workings of the Appellee KTS' unregistered broker-dealer clients, see Dkt. 5-2, 5-3, 5-4, 5-5, 5-6, Dkt. 5-13 on page 48; and Dkt. 5-16 (F-7, F-8, and F-9) Hobbs Act predatory criminal usury unlawful debt racketeering enterprise, 18 USC §§ 1961(4), 1961(6)(B) an illegal association in fact, a continuing criminal enterprise:

1. **Judicial Admission of Hobbs Act Extortion Predicate Act: Hiring Bankruptcy Counsel (Meir/KTS) for Predatory Debt Collection:** Under oath, Kenneth A. Zitter, Esq. explicitly admitted that Kilpatrick Townsend & Stockton LLP, and specifically Dennis S. Meir, Esq., were "hired" by Zitter and KTS Clients to represent them in the 03-93031 Bankruptcy Case for the express purpose of pursuing Hobbs Act extortion and 18 USC 1961(6)(B) 'collection activity' against Group Management Corp. (Docket 298, Page 7, ¶ 1). This judicial confession and admission is a direct and unequivocal confession to utilizing the 03-93031 Bankruptcy Court as an instrument for unlawful debt collection, a core predicate act of Hobbs Act extortion, 18 U.S.C. § 1951(a).[6] Zitter's admission that KTS was "hired" for 'collection activity' (Docket 298, Page 9, ¶ 9) definitively establishes the Hobbs Act *extortionate purpose* behind Appellees' actions in the Bankruptcy Court.

2. **Judicial Admission of RICO Conspiracy and Bankruptcy Fraud: KTS Strategy and "Pleadings" in Bankruptcy Court:** Zitter further confessed under oath that he and Dennis

---

[6] Cf., the UST's (Dkt. 5-1 and 5-3) and KTS' (Dkt. 5-2, 5-4, 5-5, and 5-6) fraudulent, concerted, collusive, and conspiratorial pleadings all which violated Rule 9011(b)(1-4) and 28 USC § 1927 all being baseless in law and fact, filed for an improper purpose, vexatious, and manifestly frivolous.

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

S. Meir, Esq., his law school friend, of KTS "talked about the strategies and the pleadings" that KTS would file in the 03-93031 Bankruptcy Court on behalf of KTS Clients (Docket 298, Page 7, ¶ 4). This admission, coupled with the demonstrably fraudulent and jurisdictionally baseless nature of KTS's filings (Dkt. 11, 15, 16), provides compelling evidence of the criminal conspiracy between Zitter, KTS, and their clients to commit bankruptcy fraud and to obstruct justice in the 03-93031 proceedings (Docket 298, Page 7, ¶ 4). The judicial confession and admission of coordinated 'strategies and pleadings' between Zitter (Appellees' 02cv2219 SDNY counsel) and Meir/KTS (Appellees' 03-93031 Bankruptcy Counsel), particularly when coupled with the demonstrably fraudulent and baseless nature of KTS' filings, Dkt. 5-2, 5-4, 5-4, and 5-6, strongly suggest and implies a pre-planned, coordinated, and concerted scheme to abuse the 03-93031 Bankruptcy Court and to perpetrate a fraud upon the Bankruptcy Court (Docket 298, Page 7, ¶ 4).

3. **Judicial Admission of Willful Contempt and Obstruction of Justice: Knowledge of Automatic Stay and Intentional Circumvention:** Zitter explicitly admitted under oath (f-11) his knowledge of the automatic stay imposed by 11 U.S.C. § 362 upon the filing of the 03-93031 Chapter 11 petition, and that this stay—court order, prohibited any further unlawful debt collection activity (Docket 298, Page 7, ¶ 5).

4. Despite this explicit knowledge, Zitter and KTS Clients continued to pursue unlawful debt, GX 1-4, 18 USC §1961(6)(B), collection activity, Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6, in the Bankruptcy Court (Docket 298, Page 7, ¶ 5). This knowing and intentional circumvention of the automatic stay, as admitted by Zitter himself, constitutes a willful violation of federal

Thursday, March 13, 2025

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

law and a contumacious act of obstruction of justice, warranting the imposition of substantial sanctions and potential criminal contempt charges" (Docket 298, Page 7, ¶ 5).

5. **Binding Judicial Admissions and Evidence of RICO Enterprise and Illegal Association in Fact:** Kenneth A. Zitter, Esq.'s sworn testimony, constituting the "Zitter Confessions," are "binding judicial admissions that are directly and unequivocally admissible as evidence against Appellees" (Docket 298, Page 7, ¶ 6). These admissions, "when combined with the other compelling evidence and undisputed facts in the record, definitively establish Appellees' knowing and willful participation in a RICO enterprise designed to commit bankruptcy fraud, extortion, and unlawful debt collection in violation of federal law" (Docket 298, Page 8, ¶ B). Zitter's admissions regarding KTS's hiring as "collection counsel," and the coordinated "strategies and pleadings" between Zitter and KTS "directly corroborate the existence of a criminal enterprise and a pattern of racketeering activity designed to unlawfully collect on criminally usurious debts" (Docket 298, Page 8, ¶ B, 1).

## III. LEGAL ARGUMENT: DEMONSTRABLE VIOLATIONS OF FEDERAL CRIMINAL STATUTES AND PROFESSIONAL CONDUCT RULES.

The judicial admissions by officers of the court, cf., *Hazel Atlas Glass*, 322 U.S. at 246-47 (A United States federal court is *__inherently authorized and has the judicial duty__* to investigate all credible allegations of fraudulent conduct), and documentary evidence described above indicate that the Appellees have indisputably committed numerous bad faith, deliberate, reckless, and malicious federal offenses, frauds on the United States federal courts, the State Bar of Georgia,

Page **15** of 23
Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

FINRA, the SEC, and knowingly and in bad faith committed numerous criminal breaches of professional responsibility, justifying the issuance of the Show Cause Order requested by the Appellants.

## A. Violations of 11 U.S.C. § 152 – Bankruptcy Fraud

1. **Concealment of Assets (11 U.S.C. § 152(1)):** 11 U.S.C. § 152(1) criminalizes "[k]nowingly and fraudulently conceal[ing] from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in a case under title 11, ***any property [+$522 million in strict-liability short-swing insider-trading profits] belonging to the estate of [the 03-93031] debtor*** ." As detailed in Docket 298 and Exhibit F-10 (KTS Memo), Appellees knowingly and fraudulently concealed from the Bankruptcy Court and creditors the $522 million insider trading disgorgement liability owed by KTS Clients to the Chapter 11 estate obtained in violation of their fiduciary duty to Appellant Group Management pursuant to 15 USC § 78p(b), ***Roth***, 489 F.3d at 506-10.

2. This constitutes a direct violation of 11 U.S.C. § 152(1). The KTS Memo reveals Appellees' awareness of this asset—see Dkt. 5-13 at pages 43-45, and their deliberate strategy (cf. Appellees' Meir, Mills, Zitter, and KTS' violation of Rule 9011(b)(1-4) and 28 USC § 1927 violations and its purported "Emergency Motion to Dismiss" the Chapter 11, Dkt. 5-5 and 5-6) to suppress this material information, evidencing fraudulent intent and conspiracy to conceal property of the Chapter 11 estate.

3. **False Oaths and Claims (11 U.S.C. § 152(2) & (3)):** 11 U.S.C. § 152(2) prohibits "[k]nowingly and fraudulently mak[ing] a false oath or account in or in relation to any case under title 11," and § 152(3) prohibits "[k]nowingly and fraudulently present[ing] or

Page **16** of **23**
Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

mak[ing] any false claim for proof of claim, Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6, in a case [03-93031] under title 11." Appellees, acting in concert, filed false and fraudulent claims in the Bankruptcy Court (Dkt. 5-2, 5-3, 5-4, 5-5, 5-6), asserting claims based on criminally usurious debts (GX 1-4) while knowingly concealing: (i) the lack of Article III standing, judicially admitted in the KTS Memo (Exhibit F-10); (ii) the criminally usurious and void *ab initio* nature of the debts, GX 1-4, rendering the claims legally baseless; and (iii) the +$522 million insider trading liability owed by KTS Clients to the estate, directly contradicting ***their purported creditor status***.[7] These actions constitute demonstrable violations of 11 U.S.C. § 152(2) and (3).

## B. Violations of 11 U.S.C. § 157 – Bankruptcy Fraud (Scheme to Defraud)

11 U.S.C. § 157 ***criminalizes*** devising or intending to devise "a scheme or artifice to defraud" in bankruptcy. Appellees, through the ***coordinated actions*** evidenced in Docket 298 and Exhibits F-10 and F-11, devised and executed a comprehensive scheme by Appellees KTS, Meir, Mill, Zitter, ***convicted felon*** Edward M. Grushko, Esq., Barbara R. Mittman, Esq., Alexander H.

---

[7] The +$522 million 15 USC §78p(b) ***strict-liability*** insider-trading profit disgorgement, Section 16(b), and 11 USC § 542(a) turnover of assets, ipso facto as a matter of law and fact prohibited Appellees KTS's unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, from bona fide and lawful "creditor" status—Appellees ***owed +$522 million to the Chapter 11 estate***, were admitted fiduciaries of the Debtor, see Dkt. 5-13 at pages 43-45, accordingly, and therefore, as a matter of law lacked any lawful "claim" against the Chapter 11 estate predicated on GX 1-4, the null and void ab initio predatory convertible promissory notes, bearing interest in excess of +2000% in violation of NYS Penal Law, section 190.40, the criminal usury law, a class E felony; notwithstanding the prima facie violation of 18 USC § 1961(6)(B) by KTS and its clients' willful appearance in the 03-93031 Chapter 11, Dkt. 5-2, and willfully engaging in Hobbs Act criminal usury unlawful collection activities, Dkt. 5-3, 5-4, 5-5, and 5-6, criminalized in ***U.S. v. Grote***, 961 F.3d 105, 109 (2d Cir. 2020) (aff'd criminal conviction, sentence, and +$3.5 billion in RICO forfeiture judgment for unlawful debt collection activities). (emphasis added).

Southwell, Esq., the U.S. Marshals (SDNY and NDGA),[8] et al. to defraud the Bankruptcy Court and creditors, encompassing: (i) the filing of fraudulent claims based on void debts; (ii) the strategic concealment of material jurisdictional defects and insider trading liabilities; (iii) the abuse of the Bankruptcy Court for unlawful debt collection and extortion, as admitted by Zitter (Exhibit F-11); and (iv) the willful violation of the automatic stay. This multifaceted scheme squarely falls within the ambit of 11 U.S.C. § 157, warranting criminal investigation and prosecution.

## C. Violations of 18 U.S.C. § 1951(a) – Hobbs Act Extortion

18 U.S.C. § 1951(a) prohibits extortion, defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." Appellees, utilizing the Bankruptcy Court proceedings "under color of official right," engaged in extortion by attempting to coerce unlawful payments and the

---

[8] See Dkt. 5-13 at pages 56-58 for the U.S. Marshals' (SDNY), Colleen McMahon, Michael H. Dolinger, JAMS, Frank V. Sica, Michael S. Bertisch, Tailwind Management LLP, Alexander H. Southwell, Esq., the U.S. Marshal's (NDGA), Jeffrey B. Norris, Esq., Leonard B. Sand, Kenneth A. Zitter, Esq., Arie Rabinowitz, KTS, Meir, Mills, Walker, Kadaba, Garland, Arora, Samuel, Bachner, Levitt, Singer, the SBGA, 123 Linden LLC, PLG Property Management, and its successors and/or assigns, Danielle Hospedales, and Thomas W. Thrash, Jr., an illegal association in fact, aiding, abetting, assisting, enabling, and facilitating the Hobbs Act predatory unlawful debt, GX 1-4, collection conspiracy *using armed threats of violence* and forced and unauthorized (unconstitutional, multiple Fourth Amendment violations— unlawful entries, searches, seizures, unlawful arrests, false imprisonments, etc.) *armed unlawful entries* 18 USC §§ 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(B), 1962(a-d), and 2071(a), (b), a pattern of racketeering activities to collect the predatory criminal usury unlawful debts, GX 1-4, *and to intimidate using firearms and acting under color of law*, Appellants Group Management and Ware from exercising their legal rights as the indisputable Rule 41(a)(2) Final Judgment Prevailing Party in 02cv2219 (SDNY) (i.e., see 25cv00613 (NDGA) Dkt. 5-13 at pages 46-47, the certified copy of Dec. 20, 2007, Dkt. 90, 02cv2219 (SDNY) voluntary Rule 41(a)(2) final judgment, after the statute of limitation had run on all claims in the 02cv2219 (SDNY) lawsuit) and 11 USC § 1109(b) statutory parties in interest in 03-93031 from having the +$522 million insider-trading short-swing profits turned over to the 03-93031 Chapter 11 estate for 11 USC §§ 541(a)(1)/542(a) administration to the lawful creditors and residual corpus returned to the Chapter 11 Debtor's assignees, Appellants Ulysses T. Ware (a natural person) d/b/a Group Management, (a sole proprietorship). See 28 USC § 1654.

Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

relinquishment of stock from GPMT and Ulysses T. Ware, predicated upon criminally usurious debts (GX 1-4) and threats of violence and economic harm. Zitter's admission that KTS was "hired" for "collection activity" (Exhibit F-11) in the Bankruptcy Court, combined with the inherently wrongful nature of their claims and tactics, conclusively establishes violations of 18 U.S.C. § 1951(a).

### D. Violations of 18 U.S.C. § 1961(6)(B) & § 1962(a)-(d) – RICO (Racketeering)

18 U.S.C. § 1962(c) prohibits conducting or directly and/or indirectly knowingly participating in the conduct of an enterprise's affairs through a "pattern of racketeering activity," defined in 18 U.S.C. § 1961(1) to include "unlawful debt collection" (18 U.S.C. § 1961(6)(B)). Appellees, operating as an illegal association in fact, a RICO enterprise, knowingly and willfully have *__engaged in a pattern of racketeering activity through unlawful debt collection related to criminally usurious debts (GX 1-4)__*, to wit: bankruptcy fraud, mail and wire fraud, obstruction of justice, theft of property, kidnapping, forced armed unlawful entries, false imprisonment, false arrests, false, fabricated, and void ab initio disbarment proceedings, and Hobbs Act extortion. Zitter's sworn testimony (Exhibit F-11) provides direct evidence of this coordinated RICO enterprise activities. Appellees' actions, including the filing of fraudulent pleadings, Dkt. 5-1 to 5-6, concealment of material information, and abuse of the Bankruptcy Court for extortionate purposes, constitute a clear and demonstrable RICO violation under 18 U.S.C. § 1962(c) and conspiracy to violate RICO under 18 U.S.C. § 1962(d)—*__including conspiracy to commit insurance fraud, see OCGA §§ 16-14-5(A)(xxxviii), 33-1-9, and 33-3-28(a)(1), (2), by Appellees John Doe Insurance Companies ##1-5 and their insureds.__*

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

## E. Violations of 15 U.S.C. § 78p(b) – Short-Swing Insider Trading

15 U.S.C. § 78p(b) prohibits statutory insiders from profiting from short-swing trading in their corporation's securities. As judicially admitted by Stonestreet, L.P. (and confirmed by the KTS Memo, Exhibit F-10), KTS Clients were §16 statutory insiders of GPMT (see Sand, J.'s Aug. 13, 2003, order, Dkt. 65, 02cv2219 (SDNY)).[9] Their insider trading activities in GPMT securities, generating illicit profits exceeding $522 million, constitute direct violations of 15 U.S.C. § 78p(b). The KTS Memo itself analyzes and acknowledges this insider trading liability, further solidifying the evidentiary basis for this violation.

## F. Egregious Violations of Georgia Rules of Professional Conduct 3.3 and 8.4

Appellees' demonstrably false and misleading representations to the Bankruptcy Court, their strategic concealment of material facts, and their participation in a criminal racketeering enterprise and bankruptcy fraud scheme constitute egregious and undeniable violations of Georgia Rules of Professional Conduct 3.3 and 8.4. These violations, established by Appellees' own judicial admissions, demand immediate and decisive action by this Court to uphold the integrity of the legal profession and the judicial process.

---

[9] 25cv00613 (NDGA), Dkt. 5-13 at pages 44-45, GX 24 in 04cr1224 (SDNY)—binding confessions and judicial admissions of Hobbs Act extortion and 15 USC § 78p(b) short-swing insider-trading in Appellant Group Management's equity securities—an 11 USC § 541(a)(1) asset of the Chapter 11 estate required to be turned over, 11 USC § 542(a), for administration to the creditors, see **Roth v. Jennings**, 489 F.3d 499, 506-10 (2d Cir. 2007) (Kearse, J.).

Thursday, March 13, 2025

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

# IV. CONCLUSION AND PRAYER FOR RELIEF

For the reasons set forth above, and predicated upon the irrefutable judicial admissions and documentary evidence contained within ***undisputed record evidence*** before the District Court, Docket 298, Appellants respectfully reiterate their urgent request that this Honorable Court grant their Motion (Part 17-1) and issue an Order:

1. **Directing Appellee Attorneys to Show Cause:** Directing each Appellee attorney, including Kilpatrick Townsend & Stockton LLP, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, Kenneth A. Zitter, Wab Kadaba, Mary Ida Townson, Jeneane Treace, James H. Morawetz, Kenneth A. Zitter, Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, Michael F. Bachner, David B. Levitt, Janice Singer, William D. NeSmith, III, William Alan Myers, Jonathan Hewett, Patrick N. Arndt, Michael D. Hostetter, Paula Frederick, Leigh Burgess, Jenny Mittlemen, and Adrienne Nash, to forthwith and immediately submit to the District Court (NDGA) in 25cv00613 (NDGA) a written sworn under oath subject to the penalty of perjury Rule 3.3 and Rule 8.4 Professional Ethics Declaration, certification and certificate demonstrating why Rule 11/9011(b)(1-4), 28 USC § 1927, and the Court's Article III inherent power sanctions shall not be imposed for their ***blatant, flagrant, egregious, bad faith, fraudulent, and criminal violations*** of Rules 3.3 and 8.4 of the Georgia Rules of Professional Conduct.

2. **Scheduling a Show Cause Hearing:** Scheduling an evidentiary hearing, if necessary, to determine the full scope and devastating effect of Appellees' criminal and unethical misconduct and to impose appropriate sanctions, including monetary sanctions,

Page **21** of 23
Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

disciplinary referral to the State Bar of Georgia, ***referral to criminal law enforcement***, and other measures deemed just and proper by this Court.

3. **Granting Further Relief:** Granting such other and further relief as this Court deems just, equitable, and necessary to remedy the profound injustices perpetrated by Appellees and to safeguard the integrity of the judicial process.

Respectfully submitted,

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: **/s/ Ulysses T. Ware for the Appellants**

Filed on March 13, 2025, via U.S. mail and via email to the Chambers of the Hon. District Judge Michael L. Brown pursuant to 18 USC §§ 2071(a), (b), a judicial public record, and 28 USC § 1654 by pro se Appellants.

# Certificate of Service

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 13th day of March 2025, I caused to be served a true and correct copy of the foregoing Appellants' Application for Rules 3.3 and 8.4 Show Cause Order, a Brief Schedule, and Appellate Status Conference  via electronic mail to all Appellees; and

(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..

The Office of the District Clerk (NDGA) via U.S. mail.


/s/ Ulysses T. Ware

Ulysses T. Ware

## **End of document**

Thursday, March 13, 2025
(17-4) (Part 17-4) re: Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Judicial Admissions of Hobbs Act Extortion, Racketeering Bankruptcy Crimes, and Frauds of Appellees KTS, Meir, Mills, Zitter, and their unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, and their agents, proxies, surrogates, alter-egos, and all those in active concert therewith..