# 25cv00613 (NDGA)
# (17-5) (Part 17-5)

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

**Friday, March 14, 2025, 1:33:38 PM**

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 19 2025

KEVIN P. WEIMER, Clerk
By: Matthew A. Deputy Clerk

**BY US. MAIL AND ELECTRONIC FILING**

The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

**Re: Pro se Appellants' 18 USC §§ 2071(a), (b), 28 USC § 1654  March 14, 2025, (17-5) (Part 17-5) 03.14.25 Memorandum to the District Court (NDGA), 25cv00613 (NDGA) (Brown, J.): re Supplemental Memorandum of Law regarding Appellees' Lack of Article III Standing and Subject Matter Jurisdiction.**

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware
28 USC § 1654 Attorney-in-fact for Appellants, Group Management (a sole proprietorship) and Ulysses T. Ware

cc:
The Office of the District Clerk (NDGA).
Executive Director Administrative Office of the U.S. Courts,
Office of the FBI Director,
via U.S. mail.

# 28 USC § 1654 Pro Se Appellants' Certificate of Filing

Page **1** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

Filed on March 14, 2025, via U.S. mail and via email to the Chambers of the Hon. District Judge Michael L. Brown pursuant to 18 USC §§ 2071(a), (b), a judicial public record for filing and docketing in 25cv00613 (NDGA), and by 28 USC § 1654 pro se appellants.

Signed under oath subject to the penalty of perjury having personal knowledge of the facts, pursuant to 28 USC § 1746 this 14th day of March 2025, in Brooklyn, NY.

/s/ Ulysses T. Ware

*Ulysses T. Ware*

# Table of Contents

**A.      Summary of the Appellants' Argument: Appellees' Lack of Article III Standing and Jurisdiction over the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, Argument.** ..... 4

**APPELLANTS' ARGUMENT IN SUPPORT OF REQUEST FOR SHOW CAUSE ORDER DIRECTED TO EACH (PUTATIVE) APPELLEE.** ........................................................................... 9

**I. INTRODUCTION AND SUMMARY OF THE ARGUMENT.** ...................................................... 9

**II. FACTUAL AND PROCEDURAL BACKGROUND: THE PURPORTED "PREDATORY CRIMINAL USURY SUBJECT MATTER"** ................................................................................... 11

**III. LEGAL STANDARD AND AUTHORITIES** ............................................................................ 15

**IV. ARGUMENT** .................................................................................................................................. 19

**V. REQUEST FOR AN ORDER REQUIRING SWORN DECLARATIONS** .............................. 23

**VI. CONCLUSION** .............................................................................................................................. 26

**End of document** .................................................................................................................................. 29

.

Page **3** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

## A.    Summary of the Appellants' Argument: Appellees' Lack of Article III Standing and  Jurisdiction over the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, Argument.

**APPELLANTS'   SUMMARY   OF   THE   ARTICLE   III   STANDING   AND JURISDICTIONAL ARGUMENT.**

Appellants contend that the "Predatory Criminal Usury Subject Matter" (GX 1–4 and GX 5), upon which the disputed claims in **02cv2219 (S.D.N.Y.)**, **03-93031 (Bankr. N.D. Ga.)**, and this **25cv00613 (N.D. Ga.)** appeal are purportedly founded, is categorically **null and void ab initio** under New York's criminal usury statute, N.Y. Penal Law § 190.40, and federal racketeering law (18 U.S.C. §§ 1951(a), 1961(6)(B), 1962(a–d)). As a result, no constitutionally required "legally protected interest" can stem from these ***predatory criminally usurious contracts***, GX 1-4, and GX 5, and, there can be no "particularized" or "concrete" injury in fact sufficient to satisfy Article III's constitutional standing requirements (***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83 (1998); ***Lujan v. Defenders of Wildlife***, 504 U.S. 555 (1992)). Because standing is ***an indispensable*** predicate to federal jurisdiction, any orders, judgments, or proceedings relying on GX 1–5 are, by operation of law, **moot and void** ab initio, from inception.

Appellants further emphasize that the claims in **02cv2219** were ***voluntarily dismissed*** with prejudice on December 20, 2007, pursuant to Fed. R. Civ. P. 41(a)(2), after all applicable statutes of limitation had expired—thus extinguishing forever any arguable right of enforcement of the alleged "debts." Consequently, there is no legitimate basis for standing in **03-93031** or this **25cv00613** appeal. When no Article III injury in fact exists, a federal court is constitutionally barred from hearing the merits. Appellants thus respectfully request that each (putative) Appellee

Page **4** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

submit a sworn declaration, under penalty of perjury, affirming how any "live" controversy could exist regarding obligations that are criminally usurious and long since dismissed on the merits.

By pointing out the legal and factual impossibility of establishing a legally cognizable ***injury in fact,*** Appellants highlight that, under ***Steel Co.***, courts must address jurisdiction "first" and dismiss an action if the requirements of standing are unmet. Here, ***no adverse real party in interest*** can claim an enforceable "legally protected interest or equitable right" in criminally usurious null and void ab initio, see NYS Penal Law, section 190.40, contracts, GX 1-4, and GX 5; no cognizable harm arises from Appellants' lawful refusal to aid, abet, or facilitate transactions that violate federal securities laws (15 U.S.C. §§ 77e, 77x, 78o(a)(1), 78ff) and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq.*). Thus, because the "Predatory Criminal Usury Subject Matter" contravenes both state and federal law, the proceedings and orders in **02cv2219, 03-93031,** and **25cv00613** ***by operation of law*** deemed **null, void ab initio, and unenforceable**.

On the one hand, the (putative) Appellees—namely, KTS and its unregistered broker-dealer clients, the UST, Zitter, Rabinowitz, et al.—bear the burden under ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560–61 (1992), to present affirmative proof of a concrete and particularized "injury in fact" fairly traceable to the Appellants' refusal to facilitate or collect on the predatory criminal usury instruments (GX 1–5). They must establish that those predatory debt instruments, despite being *null and void ab initio* under New York's criminal usury statute, section 190.40, a class E felony, somehow confer a lawful "legally protected interest" that can survive scrutiny under ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 93–95 (1998). ***Meeting this threshold requires them to explain how a party, a putative Appellee, could legally suffer an Article III***

Page 5 of 29
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

*injury in fact from the nonpayment of an unenforceable debt—which by its very nature cannot generate a legitimate, enforceable right*. A mystery, inside of a conundrum, wrapped in a riddle, of unprecedented dimensions.

On the other hand, *any attempt by Appellees to prove such standing carries the inherent risk of self-incrimination and possible criminal prosecution*. By arguing that facially usurious contracts, GX 1-4, prohibited by state and federal law, constitute a basis for real "concrete" harm, they would be forced to endorse the existence and validity of a bogus and fraudulent predatory criminal usury debt deemed unlawful and subject to racketeering prohibitions under 18 U.S.C. §§ 1961(6)(B), 1962(a)–(d). In pressing a perilous and dangerous position that contradicts their own judicial admissions and confessions in related proceedings—and that aligns them with collecting or enforcing a criminally usurious debt—*the Appellees risk triggering further investigation or indictment for engaging in, or attempting to profit from, illegal loan sharking, money laundering, or Hobbs Act extortion*. Thus, any "affirmative showing" of standing not only clashes with well-settled legal principles but also *exposes the Appellees to heightened liability, including criminal sanction*s. A metaphysical dilemma.

Accordingly, Appellants respectfully request that this Court promptly issue an Order directing each named (putative) Appellee to file sworn declarations by *March 21, 2025, at 10:00 AM*, explaining the factual and legal basis upon which they purport to assert a "legally protected interest" and consequent "concrete injury in fact." Should no Appellee demonstrate the mandatory constitutional elements of standing, which they cannot, the Court must dismiss these proceedings in their entirety—or declare them **void ab initio**—for lack of subject matter jurisdiction. In addition, **Appellants specifically pray** that this Court enter the following reliefs holding this

Page **6** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

appeal in abeyance pending sanctioning proceedings and other proceedings to be conducted by this Court:

1. **Withdraw the reference to the Bankruptcy Court** for the 03-93031 proceedings and vest jurisdiction in the District Court to conduct sanctioning proceedings and other relevant matters.

2. **Order the Chapter 11 proceedings reopened** so that the estate's rights and interests may be fully protected.

3. **Require the Appellees to immediately turn over all assets of the Chapter 11 estate** under 11 U.S.C. § 542(a), including the +US$522 million in short-swing profits recoverable under 15 U.S.C. § 78p(b), any liability insurance policies owned by the putative Appellees, and any John Doe Insurance Companies (#1–5) and their insured.

4. **Refer each lawyer and officer of the court** implicated herein to the District Court (N.D. Ga.), the State Bar of Georgia, or their respective bar associations with a **judicial recommendation for lifetime disbarment** for violations of Rules 3.3 (candor toward the tribunal) and 8.4 (fraud, deceit, and misrepresentation).

5. **Enter an order scheduling comprehensive fraud-on-the-court sanctioning proceedings**, including under 28 U.S.C. § 1927, Fed. R. Civ. P. 11(b)(1)–(4), and the Court's inherent powers.

6. **Refer all culpable parties to the U.S. Department of Justice's Office on Public Integrity**, together with a judicial recommendation to open a criminal investigation for conspiracy to collect predatory, criminally usurious debts using Hobbs Act extortion and threats of violence.

Page **7** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

Only by requiring a full and transparent jurisdictional showing—and by imposing the requested remedies and sanctions if no standing is established—can this Court safeguard the integrity of the judicial process and uphold the constitutional imperative that **no federal court** may adjudicate a controversy lacking a **valid and non-moot Article III stake**.

Respectfully submitted,

**/s/ Ulysses T. Ware**

*Ulysses J. Ware*

Ulysses T. Ware

28 USC § 1654 Attorney-in-fact for Appellants, Group Management (a sole proprietorship) and Ulysses T. Ware

**March 14, 2024**

Page **8** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

## APPELLANTS' ARGUMENT IN SUPPORT OF REQUEST FOR SHOW CAUSE ORDER DIRECTED TO EACH (PUTATIVE) APPELLEE.

Appellants Ulysses T. Ware, a natural person d/b/a Group Management, a sole proprietorship, jointly, pursuant to 28 USC § 1654, respectfully submit this Argument in further support of their request (17-1) (March 10, 2025) that this Court issue an Order—pursuant to Article III of the United States Constitution, binding Supreme Court authority, and the Court's inherent power—requiring each of the identified (putative) party Appellees, infra, jointly and severally, to file, under penalty of perjury, a sworn declaration attesting to the existence (or non-existence) of the essential jurisdictional predicates of a "live" Article III case or controversy with respect to the predatory criminal usury subject matter designated as GX 1, GX 2, GX 3, GX 4, and GX 5 (collectively the "**Predatory Criminal Usury Subject Matter**"), ***null and void ab initio*** as a matter of ***federal racketeering law***, (i) see 18 USC §§ 152, 157, 1951(a), 1961(6)(B), 1962(a-d), and (ii) NYS Penal Law, section 190.40, the criminal usury law, a class E felony.

---

# I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT.

1.   **No Live Article III Case or Controversy**. Appellants assert that, as a matter of both law and fact, no justiciable Article III case or controversy regarding the purported "Predatory Criminal Usury Subject Matter" (GX 1–4 and GX 5) ***has ever existed*** in any of the proceedings below—namely, **02cv2219, 03-93031**, and **25cv00613**.

2.   **No Legally Protected Interest; No Injury in Fact**. The Appellees (plaintiffs) have never possessed a valid, "legally protected interest" in the Predatory Criminal Usury Subject

Matter that could satisfy the "concrete injury in fact" requirement of Article III. When a party is attempting to enforce or collect regarding a transaction that is criminally usurious[1]—and thus void ab initio under New York law (N.Y. Penal Law § 190.40; see also ***Adar Bays LLC v. GeneSYS ID, Inc.***, 28 F.4th 379 (2d Cir. 2022))—no "concrete" and "particularized" harm exists to form the basis of an Article III controversy.

3. **Mootness and Void Ab Initio**. Consequently, the prior and pending proceedings are null, void ab initio, and moot. By definition, criminally usurious contracts (and demands for performance thereon) cannot give rise to a constitutionally cognizable legal interest.

4. **Requirement to Address Jurisdiction First**. Under ***Steel Co. v. Citizens for a Better Environment***, 523 U.S. 83, 93–95 (1998), and ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560–61 (1992), this Court must "first" confirm its Article III jurisdiction over the Predatory Criminal Usury Subject Matter ***before*** proceeding to consider any merits-based issues. This principle is mandatory and non-waivable.

5. **Requested Order**. Accordingly, Appellants respectfully request an immediate Order, by which each of the 29 (putative) Appellees identified below is required—under oath, pursuant to the penalty of perjury, and not later than **Friday, March 21, 2025, at 10:00 AM**—to show cause why they believe any justiciable, non-moot, and non-void interest exists with respect to the purported Criminal Usury Subject Matter.

---

[1] See 02cv2219 (SDNY) lawsuit's claims; and also see 25cv00613 (NDGA) Dkt. 5-1 to 5-6 manifestly bogus, frivolous, vexatious, filed for an improper purpose (i.e., cf., 18 USC § 1961(6)(B), criminal usury unlawful debt collection activities, reckless and negligent purported pleadings filed by the U.S. Trustee, Region 21, Appellee James H. Morawetz, Esq., an officer of the court (see Dkt. 5-1 and 5-3), and filed by Atlanta, GA law firm KTS and its partners Appellees Meir, Mills, Walker, and Kadaba (see Dkt. 5-2, 5-4, 5-4, and 5-6), jointly, with the UST's pleadings, (the "Unlawful Debt Collection Pleadings"), all in bad faith and recklessly violated Rule 9011(b)(1-4), 28 USC § 1927, and the Court's inherent sanctioning power.

Page **10** of 29
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

# II. FACTUAL AND PROCEDURAL BACKGROUND: THE PURPORTED "PREDATORY CRIMINAL USURY SUBJECT MATTER"

1. **Nature of the Criminal Usury Subject Matter**

1.1. The subject of this dispute, denominated as GX 1, GX 2, GX 3, GX 4, and GX 5, involves predatory criminal usury convertible promissory debts or agreements that, on their face, bear interest rates or fee structures (+2000%) far exceeding the statutory thresholds for criminal usury under New York law (N.Y. Penal Law § 190.40), thereby rendering them *void ab initio*.

1.2. *Adar Bays LLC v. GeneSYS ID, Inc.*, 28 F.4th 379 (2d Cir. 2022), reaffirms that certain high-interest instruments—particularly those convertible into securities—may be ***deemed usurious and hence void from inception*** where they violate New York's criminal usury statute, section 190.40, the criminal usury law, a class E felony, and the collection thereof shall violate federal racketeering law, 18 USC 1951(a), 1961(6)(B), and 1962(a-d). See *U.S. v. Grote*, 961 F.3d 105, 109 (2d Cir. 2020) (aff'd criminal conviction, sentence, and +$3.5 billion RICO forfeiture judgment for unlawful debt collection activities).

2. **Proceedings Below**

2.1. In **02cv2219** (S.D.N.Y.), the claims relating to this same purported Criminal Usury Subject Matter were **voluntarily dismissed with prejudice** on Dec. 20, 2007, Dkt. 90, Sand, J., by the then-plaintiffs, see Dkt. 5-2 (KTS' entry of appearance in 03-93031 on behalf of the unregistered broker-dealers, the 02cv2219 plaintiffs) under Fed. R. Civ. P.

Page **11** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

41(a)(2), culminating in a final judgment entered on December 20, 2007, in favor of the Appellants herein, long after the statutes of limitation had lapsed for any potentially valid claims—that is, a final judgment and res judicata on the merits in favor of Appellants Ware and Group Management. See ***U.S. v. L-3 Comm'cs EOTech, Inc***., 921 F.3d 11, 18-19 (2d Cir. 2019) (Kearse, J.) (collecting cases) (plaintiff's voluntary of their lawsuit ***annulled, voided, vitiated, set aside, and vacated all prior proceedings, orders, and judgments in the [02cv2219 (SDNY)] proceedings***, and rendered the proceedings moot). (emphasis added).[2]

2.2. During the **03-93031** Chapter 11 proceeding in the Bankruptcy Court (N.D. Ga.), similar manifestly frivolous, bogus, vexatious, filed for an improper purpose, baseless in law and fact, 18 USC § 1961(6)(B) criminal usury debt collection allegations were made by the UST (Morawetz, see Dkt. 5-3) and KTS (see Dkt. 5-4, 5-4, and 5-6) concerning the same set of predatory criminal usury null and void ab initio debt instruments (GX 1–4 and GX 5), see Dkt. 5-13, 5-14, and 5-16. Appellants contend those bogus and fraudulent vexatious baseless allegations never ripened into a valid Article III case or controversy because the predatory criminal usury debt contracts, GX 1-4, GX 5, being criminally usurious, cannot create a legally enforceable debt or a bona fide debt, or collectible or enforceable "claim" legally cognizable in a United States or state court (the Supreme Court

---

[2] Cf., 25cv00613 (NDGA) Dkt. 5-2, 5-3, 5-4, 5-5, and 5-6; and Dkt. 5-7, 5-8, 5-9, and 5-10 are all referenced and are predicated on the alleged and unsupported in fact or law legal existence of the 02cv2219's void ab initio and moot proceedings, moot orders, and moot judgments.

(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025) Application for entry of a Show Cause Order and other reliefs.

of Georgia regarding the predatory, moot, and fabricated *In re Ware* 2008 fake disbarment proceedings).[3] See Adar Bays, Id., and 18 USC §1961(6)(B).

2.3. The matter sub judice, **25cv00613** (N.D. Ga.), recycles the same basic usurious obligations as the basis of an asserted claim or standing by the (putative) Appellees. Appellants maintain that none of the identified persons or entities has demonstrated (or can demonstrate) a valid, legally protected interest that meets constitutional requirements for standing.

## 3. Appellants' Lawful Conduct and Federal Securities Implications

3.1. The refusal by Appellants to aid, abet, assist, enable, or facilitate any transactions in regarding to the issuance of bogus and fabricated Rule 144(k) legal opinions to enable the Appellees to conduct an unregistered public offering of the Chapter 11 Debtor's equity securities in contradiction to SEC Release 33-7190 n. 17 (1995), and *Berckeley*, 455 F.3d at 220, *that criminally violated federal securities laws* (15 U.S.C. §§ 77d, 77e, 77x, 78o(a)(1), 78p(b), 78ff), and federal racketeering and loan sharking law, 18 USC 2, 152, 157, 371, 1951(a), 1961(6)(B), and 1962(a-d) cannot, as a matter of law, constitute the basis for a cognizable "concrete injury in fact" to the (putative) Appellees with respect to

---

[3] The *In re Ware* **2008 SBGA disbarment proceedings** were **retaliatory** in nature and **undertaken to coerce compliance** with a **criminally usurious and thus void debt**, GX 1-4, in direct furtherance of the **unlawful debt collection activities** alleged under **18 U.S.C. § 1961(6)(B)**. By exploiting the professional disciplinary process to penalize.nonpayment of a debt deemed void *ab initio*, the Appellees orchestrated and/or benefited from Appellant Ware's disbarment effectively weaponized a state bar proceeding to enforce or collect on an **unlawful debt, GX 1-4**—thereby illustrating a clear nexus between the disbarment action and the larger scheme to collect a **criminally usurious** obligation.

the null and void ab initio Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5. *Lujan*, 504 U.S. at 560-61.

3.2. No (putative) Appellee named in the 25cv00613 appeal can in good faith claim a constitutionally protected "legal or equitable right or property interest" in the (i) enforcement or (ii) collection of an unlawful, criminally usurious debt, GX 1-4, or (iii) *in the continued facilitation of a federally prohibited securities transaction conducted by unregistered broker-dealers*, KTS' clients (see Dkt. 5-2) as certified by FINRA's senior executive Macia E. Asquith, Esq. on May 17, 2021, see Dkt. 5-13 on page 48, in violation of the federal securities laws, 15 USC §§ 77x, 78o(a)(1), 78cc(b)[4], and 78ff (the criminal violation of the federal securities laws aided and abetted by KTS and its lawyers, Meir, Mills, Walker, Kadaba, and the UST's lawyers (Morawetz, Townson, and Treace), all officers of the court—an illegal association in fact as defined at 18 USC § 1961(4), subject to the District Court's Rules of Professional Conduct Rule 3.3 (duty of complete candor) and Rule 8.4 (fraud, deceit, misrepresentation, and deception); and moreover subject to federal criminal prosecution for aiding and abetting predatory loan sharking, extortion, money laundering, unlawful entries, attempted armed robbery, Hobbs Act extortion, mail

---

[4] 15 USC 78cc**(b). Contract provisions in violation of chapter.**

*Every contract* [GX 1-4, and GX 5] made in violation of any provision of this chapter [15 USC §78o(a)(1)] or of any rule or regulation thereunder, and *every contract* (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, *shall be void (1) as regards the rights of any person [KTS' unregistered broker-dealer clients, see Dkt. 5-2, 5-3, 5-4, 5-5, and 5-3; and Dkt. 7 to Dkt. 5-10] who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract*[.] (emphasis added).

and wire fraud, conspiracy to commit bankruptcy fraud, obstruction of justice, and racketeering to obstruct justice—that is, a pattern of racketeering activities.

# III. LEGAL STANDARD AND AUTHORITIES

1. **Article III Standing and Case or Controversy**

1.1. Under Article III of the Constitution of the United States, a party (the Appellee UST—Morawetz, Townson, and Treace in 03-93031, and Appellee KTS' clients in 02cv2219 and 03-93031)[5] seeking redressable judicial relief in a federal court 02cv2219 (see the moot complaint), and 03-93031, (see Dkt. 5-3, 5-4, 5-5, and 5-6) must demonstrate (a) *__a concrete and particularized__* injury in fact to a "legally protected interest," (b) that is fairly traceable to the defendant's (Appellants') unlawful conduct, and (c) that is likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. at 560–61.

1.2. An alleged "concrete" *__injury in fact__* was never suffered by the Appellees that purportedly derives from a nonexistent "legally protected interest" in the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, is central to the present Article III standing inquiry. *Id.* Where no lawful "legally protected interest" exists with respect to the Predatory Criminal Usury Subject Matter—such as an attempt to enforce a contract, GX 1-4, and GX 5, *__that is criminally usurious and thus void ab initio__*—there is and legally

---

[5] Appellee KTS on Apr. 10, 2003, Dkt. 5-2, entered its fraudulent and deceitful appearance in 03-93031 on behalf of the 02cv2219 (SDNY) plaintiffs, *__certified unregistered broker-dealers__*, after being "hired" by Appellee Kenneth A. Zitter, Esq. for the express and judicially admitted purpose and criminal objective to enforce, and/or collect, or have the 03-93031 Chapter 11 dismissed with prejudice (see Dkt. 5-5 and 5-6) to enable the Appellees' unlawful enforcement or collection of the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, in criminal violation of federal racketeering loan sharking and money laundering laws, 18 USC §§ 1951(a), 1956-57, 1961(6)(B), and 1962(a-d).

cannot be a "particularized" "concrete *injury[6]* in fact" suffered by the Appellees. Accordingly ipso facto, see *Steel Co.,* 523 U.S. at 94-95, all proceedings (02cv2219, 03-90331, 04cr1224 (SDNY), and 25cv00613 (NDGA)) therefore in whole or in part predicated on the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, are null and void ab initio, moot, and a nullity. *Steel Co.,* Id.

2. **Mandatory Duty to Address Jurisdiction First**

2.1. In *Steel Co.*, 523 U.S. at 93–95, the Supreme Court held that not some but all federal courts must "first" determine the existence (or absence) of subject matter jurisdiction before reaching any merits issues. Appellants' requested Show Cause Order (17-1) requiring a showing of Article III standing by *unregistered broker-dealers* (KTS' loan sharking predator clients), a legal and factual impossibility, and article III subject matter jurisdiction over the Predatory Criminal Usury Subject Matter GX 1-4, and GX 5, also a legal and factual impossibility, is especially warranted when, as here, there is the strongest evidentiary foundation and indication that the entire proceedings in 02cv2219 (SDNY) 03-93031 (Dkt. 5-1 to 5-16, and Dkt. 9), and 04cr1224 (SDNY) were shams and all are "null and void ab initio." *Extra-judicial and illegal proceedings* in furtherance of the ongoing

---

[6] Exactly what is and how the alleged "concrete injury" was suffered by the Appellees respect to enforcement or collection of null and void ab initio Predatory Criminal Usury Subject Matter is at the core of this Article III judicial proceeding—that is, the plaintiffs below in 02cv2219 (SDNY), KTS' unregistered broker-dealer clients, see Dkt. 5-2, pursuant to the Court's holding in *Lujan*, 504 U.S. at 560-61, currently *have the burden of proof and production* to appear in the District Court (NDGA), 25cv00613 (NDGA) (MLB) and "affirmatively establish" Article III standing, a legal and factual impossibility given their own binding judicial admissions and confessions pleaded in other relevant judicial proceedings. *Steel Co.,* 523 U.S. at 93-95. *A dubious, insurmountable, and inherently risky prospect*. On the one hand

Page **16** of 29
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

and continuous RICO loan sharking, money laundering Hobbs Act extortion, and unlawful debt collection conspiracy.

2.2. United States Federal Courts do not possess equitable or remedial power over claims that fail to satisfy the threshold requirement of a live case or controversy, the matter is a nullity without legal validity. *Steel Co., 523 U.S. at 93-95.*

3. **Criminal Usury Under New York Penal Law, section 190.40, the criminal usury law, a class E felony.**

3.1. N.Y. Penal Law § 190.40 states that charging interest exceeding 25% per annum constitutes *criminal usury* in the first degree, punishable as *a class E felony*. Such *obligations [GX 1-4] are void from their inception.*[7]

3.2. Where a predatory criminal usury obligation, GX 1-4, is null and void ab initio, the Appellees herein are legally prohibited, precluded, and cannot assert or claim an *enforceable legal or equitable right* under that predatory criminal usury debt obligation, GX 1-4. *Adar Bays*, 28 F.4th at 380–81 (analyzing the effect of convertible notes with usurious interest rates).

---

[7] KTS in Dkt. 5-2, 5-4, 5-5, 5-6, and in Dkt. 6, and the UST in Dkt. 5-3, judicially admitted and confessed, that KTS' clients, the unregistered broker-dealers in fact sought to enforce and collect on GX 1-4 in the 02cv2219 (SDNY) and 03-93031 judicial proceedings, and, accordingly, *the judicial admissions pleaded in 02cv2219 (SDNY), admitted by Appellees Rabinowitz and Zitter in 04cr1224 (SDNY), see Dkt. 6, and pleaded in the 03-93031 Chapter 11 are absolutely binding on KTS, their clients, and the UST in all subsequent proceedings*, (25cv00613 (NDGA)), see *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (judicial admissions are binding on the clients and the lawyers making such admissions in judicial proceedings).

Article III standing with respect to the 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), and 25cv00613 (NDGA) in whole and/or in part to ***enforce or collect*** the null and void ab initio predatory criminal usury debt obligations, GX 1-4, is, therefore, ipso facto, **as a matter of law and fact a legal impossibility**; thus, ipso facto, *by necessary implication* it follows that lacking Article III standing **the 02cv2219 (SDNY) proceedings and all orders and purported judgments entered therein are *null and void ab initio***, all orders and judgments entered in the 03-93031 Chapter 11 in favor of KTS' unregistered broker-dealer clients are null and void ab initio, moot, and nullities (Dkt. 28 (Murphy, J.); Dkt. 5-7, 5-8, 5-9, and 5-10, Orders). ***Steel Co.,*** 523 U.S. at 93-95.

4. **Statutes of Limitation and Voluntary Dismissals**

4.1. A final judgment of ***dismissal with prejudice*** under Fed. R. Civ. P. 41(a)(2) in **02cv2219** legally foreclosed any further litigation of the same claims in the 02cv2219 lawsuit with respect to GX 1-4 and GX 5, the Predatory Criminal Usury Subject Matter, see ***Federated,*** 452 U.S. at 398, 401-02 (final judgment ***is binding absolutely in all courts***, the parties, and ***their privies*** in all subsequent litigation or lawsuits; and all issues, facts and claims *actually or necessarily* resolved by the voluntary Dec. 20, 2007, Dkt. 90, Rule 41(a)(2) final judgment "***are forever resolved against [the 02cv2219 plaintiffs, their privies, agents, proxies, surrogates, alter-egos, and all those in concert therewith***, i.e., each Appellee named in the pending 25cv00613 (NDGA) appeal)]." (emphasis added).

4.2. The 25cv00613 (NDGA) Appellate Record, Dkt. 5-13 at pages 46-47, definitively indicates that the 02cv2219 lawsuit's claims ***were voluntarily dismissed with prejudice*** by

Page **18** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

the plaintiffs, through counsel Appellee Kenneth A. Zitter, Esq., pursuant to Rule 41(a)(2) on Dec. 20, 2007, Dkt.90, ***after the limitations period had expired***.[8] Consequently, there are no extant or "live" cognizable extant case or controversy with respect to annulled, vitiated, and moot claims, orders, judgments, or proceedings related to the 02cv2219 (SDNY) lawsuit upon which Article III jurisdiction in 03-93031 (BC NDGA) and accordingly, 25cv00613 (NDGA) appeal can lawfully be based. See ***L-3 Comm'cs EOTech***, 921 F.3d at 18-19.

# IV. ARGUMENT

1. **No Viable *Adverse Real Party in Interest* Has Been Identified by the District Court or by the (putative) Appellees according to the 25cv00613 (NDGA) Docket as of March 14, 2025.**

1.1. Appellants challenge each (putative) Appellee to identify a "real" and "adverse" ***party in interest*** having an Article III constitutional "legally protected interest" with respect to enforcement or collection (but see RICO federal law, 18 USC §1961(6)(B)) the Predatory Criminal Usury Subject Matter (GX 1–4 and GX 5).[9] Because the instruments themselves are nullities, no legally recognizable adverse interest exists.

1.2. The Federal Rules and Supreme Court precedent require a showing that a complaining party has a present, non-conjectural injury in fact. None of the Appellees has demonstrated

---

[8] See 25cv00613 (NDGA) Dkt. 5-13 on pages 46-47.
[9]

that a current, non-extinguished right or "legally protected interest" in these usurious instruments persists.

2. **Criminal Usury and Void Ab Initio**

2.1. As a matter of law, a debt that is criminally usurious under N.Y. Penal Law § 190.40 is null and void from inception and confers no enforceable rights—that is, no Article III legally protected interest" in GX 1-4 and GX 5; and accordingly, lacking the constitutional "legally protected interest" KTS and its clients ipso facto as a matter of law and fact have not and cannot establish the constitutionally required "particularized concrete injury in fact" to a nonexistent "legally protected interest" in the Predatory Criminal Usury Subject Matter, GX 1-4 and GX 5—that is, the 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), and 25cv00613 (NDGA) moot proceedings to the ***rights and interests of the Appellees are null and void ab initio nunc pro tunc March 2001***.

2.2. The "injury" alleged—namely, that Appellants declined to facilitate or repay an unlawful debt or assist in possible violations of federal securities laws—cannot constitute a legitimate "injury" recognized by Article III.

3. **Implications of Voluntary Dismissal and Limitations Period**

3.1. The final dismissal in **02cv2219** (S.D.N.Y.) was entered voluntarily under Fed. R. Civ. P. 41(a)(2) on December 20, 2007, extinguishing any prospective claim arising from the same set of facts once and for all.

Page **20** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

3.2. Any attempt to resurrect or reassert those claims now—well after the relevant statutes of limitation—constitutes a legal impossibility and further eviscerates any claim of a "live" controversy.

4. **Subject Matter Jurisdiction Must Be Determined Before Reaching Merits**

    4.1. This Article III United States Federal Court is constitutionally and procedurally bound to satisfy itself "first" that a live justiciable case or controversy exists between the real parties in interest (Ulysses T. Ware d/b/a Group Management, a sole proprietorship, and the Appellees) with respect to the null and void ab initio Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, before it is legally authorized address any merits-based argument. *Steel Co.*, 523 U.S. at 93–95.[10]

    4.2. Because Appellants have put forth substantial evidence and legal arguments that no such controversy exists, the burden rightly shifts to those invoking federal jurisdiction to submit sworn declarations demonstrating the existence of a viable claim and actual "injury in fact."

5. **Practical Application and Judicial Economy**

---

[10] Applying the Court's instructions to the lower federal courts explained in ***Steel Co.,*** 523 U.S. at 93-95 and ***Lujan***, 504 U.S. 560-61, Appellees Zitter, Rabinowitz, Grushko, Mittman, Southwell, Meir, Mills, Walker, Kadaba, Garland, Arora, Samuel, Singer, Bachner, Levitt, the SBGA, the UST, Morawetz, Townson, Treace, KTS' lawyers and KTS' clients (the unregistered broker-dealers, see Dkt. 5-2, 5-4, 5-5, and 5-6) have the burden of proof and production to "affirmatively establish" their Article III standing to have initiated the 02cv2219 (SDNY) lawsuit, and Article III standing to have appeared in, Dkt. 5-1, 5-2, and criminally obstructed, 18 USC 152, 157, 1951(a), 1961(6)(B), 1962(a-d), and 2071(a), (b) Appellant Group Management's Chapter 11 reorganization, Dkt. 5-3, 5-4, 5-5, and 5-6, with respect to the null and void ab initio Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5.

5.1. A swift resolution regarding subject matter jurisdiction serves the interests of judicial economy by ensuring that neither party nor court expends resources on proceedings that are constitutionally void from the start.

5.2. By compelling each (putative) Appellee to immediately come forth as an officer of the court, and under oath attest to the current extant existence of any purported claim or legal or equitable "legally protected interest," in the ***enforcement or collection*** of GX 1-4, the Court can efficiently confirm whether there is an extant cognizable adverse "legally protected interest" which suffered a "particularized concrete injury in fact" caused by the lawful conduct of Appellants in refusing to issue bogus and fraudulent Rule 144(k) legal opinions to the 02cv2219 (SDNY) plaintiffs and their agents, Appellees herein, to circumvent the ***strict-liability registration*** provisions of the federal securities law, 15 USC 77e, 77x, and 78ff, and enable an illegal and unregistered public offering of Appellant Group Management's equity securities in violation of 18 USC 2, 371, 1341, 1343, 1344, 1503, 151(a), 1956-57, 1961(6)(B), and 1962(a-d), a pattern of racketeering activities—or, as Appellants contend, no interest at all. See SEC Release 33-7190 n. 17 (1995) cf., GX 5, ¶10.1(iv) ("Section 2(a)(11) statutory underwriter *is required to register* [*i.e., KTS' clients, judicially admitted and confessed, see GX 5, at ¶10.1(iv), and ¶¶ 12-13 in the 02cv2219 (SDNY) complaint, 15 USC § 77b(a)(11) **statutory underwriters** of GX 1-4 legally were and are ineligible for Rule 144(k) exemption to Section 5 of the 1933 Act's registration requirements*] ***all distributions*** [public offerings] of securities" with the SEC.) (emphasis added.

Page **22** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

# V. REQUEST FOR AN ORDER REQUIRING SWORN DECLARATIONS

For all the good faith and complete reasons set forth above, Appellants respectfully request that this Court issue an Order directing each of the following (putative) Appellees—jointly and severally, and personally and individually—to file, **not later than Friday, March 21, 2025, by 10:00 AM (time being of the essence)**, a sworn declaration signed under penalty of perjury and in full compliance with professional ethics rules (including ABA Model Rules 3.3 and 8.4, the District Court (N.D. Ga.) Rules of Professional Conduct, and the State Bar of Georgia Rules of Professional Conduct):

1. Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP
2. James H. Morawetz, Esq., Mary Ida Townson, and Jeneane Treace, Esq.
3. The Office of the U.S. Trustee, Region 21, Atlanta, GA office
4. Dennis S. Meir, Esq.
5. John W. Mills, III, Esq.
6. J. Henry Walker, IV, Esq.
7. Wab Kadaba, Esq.
8. Kenneth A. Zitter, Esq.
9. Edward T.M. Garland; Esq.
10. Manibur A. Arora, Esq.
11. Donald F. Samuel, Esq.
12. Michael F. Bachner, Esq.
13. David B. Levitt, Esq.
14. Janice Singer, Esq.
15. Alexander H. Southwell, Esq.
16. Patrick N. Arndt, Esq.
17. Michael D. Hostetter, Esq.

Page **23** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

18. William D. NeSmith, III, Esq.

19. Paula Frederick, Esq.

20. Leigh Burgess, Esq.

21. Jenny Mittlemen, Esq.

22. William Alan Myers, Esq.

23. Jonathan Hewett, Esq.

24. Andrienne Nash, Esq.

25. Russell Willard, Esq.

26. The State Bar of Georgia

27. Convicted felon Edward M. Grushko, Esq.

28. Barbara R. Mittman, Esq., and

29. Arie Rabinowitz

Such declarations shall state, with specificity and under oath, the legal and factual bases (if any) by which a cognizable live Article III case or controversy (1) exists now in **25cv00613** (N.D. Ga.), (2) ***existed at all points*** during the **03-93031** (Bankr. N.D. Ga.) Chapter 11 proceeding, and (3) ***existed at all points*** during the **02cv2219** (S.D.N.Y.) action:

1. **Identification of Real Party in Interest.**

   a. Which party, putative Appellee, if any, allegedly currently holds, or held a lawful "legally protected right" to which they suffered "a particularized concrete injury n facts" caused by the Appellants' lawful conduct with respect to GX 1, GX 2, GX 3, GX 4, and GX 5, enforcement and/or collection, notwithstanding the fact that these Predatory Criminal Usury debt instruments bear interest rates in excess of +2,000%, and thus, criminally violated NYS Penal Law, section 190.40, the criminal usury law, a class E felon, and also the collection thereof violated federal

Page **24** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

racketeering law, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d),  and are criminally usurious and thus void ab initio?

2. **Article III Standing as a Real Party in Interest to Assert an Alleged Legally Protected Interest in the Predatory Criminal Usury Subject Matter, GX 1-4 and GX 5.**

    a.  To state under oath subject to the penalty of perjury as an officer of the court, or interested party, identify each alleged lawful ground that party (putative Appellee) claims a "legally protected interest" in GX 1-4 and GX 5 amounting to a "particularized and ***concrete injury*** in fact," consistent with *Lujan* and *Steel Co.*, given that no party can lawfully enforce or benefit from criminally usurious contracts?

3. **Effect of 02cv2219 (SDNY) Dec. 20, 2007, Rule 41(a)(2) Voluntary Dismissal and Time-Bar.**

    a.  Explain under oath subject to the penalty of perjury how, if at all, do the (putative) Appellees circumvent or negate the preclusive effect of res judicata and collateral, equitable, and judicial estoppel final judgment of ***voluntary dismissal*** under Fed. R. Civ. P. 41(a)(2) entered on December 20, 2007, in **02cv2219** (S.D.N.Y.), after all applicable statutes of limitation had expired?

4. **Identification of Real Party in Interest.**

    b.  Which party, putative Appellee, if any, allegedly currently holds, or held a lawful "legally protected right" to which they suffered "a particularized concrete injury n facts" caused by the Appellants' lawful conduct with respect to GX 1, GX 2, GX 3, GX 4, and GX 5, enforcement and/or collection, notwithstanding the fact that

Page **25** of 29
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

these Predatory Criminal Usury debt instruments bear interest rates in excess of +2,000%, and thus, criminally violated NYS Penal Law, section 190.40, the criminal usury law, a class E felon, and also the collection thereof violated federal racketeering law, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d), and are criminally usurious and thus void ab initio?

5. **Article III Standing as a Real Party in Interest to Assert an Alleged Legally Protected Interest in the Predatory Criminal Usury Subject Matter, GX 1-4 and GX 5.**

   b. To state under oath subject to the penalty of perjury as an officer of the court, or interested party, identify each alleged lawful ground that the party (putative Appellee) claims a "legally protected interest" in GX 1-4 and GX 5 amounting to a "particularized and ***concrete injury*** in fact," consistent with *Lujan* and *Steel Co.*, given that no party can lawfully enforce or benefit from criminally usurious contracts?

6. **Effect of  02cv2219 (SDNY) Dec. 20, 2007, Rule 41(a)(2) Voluntary Dismissal and Time-Bar.**

   b. Explain under oath subject to the penalty of perjury how, if at all, do the (putative) Appellees circumvent or negate the preclusive effect of res judicata, collateral equitable, and judicial estoppel's doctrines final judgment of voluntary dismissal under Fed. R. Civ. P. 41(a)(2) entered on December 20, 2007, in **02cv2219** (S.D.N.Y.), after all applicable statutes of limitation had expired?

# VI. CONCLUSION

Page **26** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

In light of the foregoing, the Appellants respectfully submit that no live Article III case or controversy ***exists or has ever existed*** as to the Predatory Criminal Usury Subject Matter (GX 1–4 and GX 5). Absent a ***bona fide adverse party in interest*** with a lawful, non-expired claim, there is no cognizable "injury in fact," no standing, and no subject matter jurisdiction. Consequently, the earlier and current proceedings (02cv2219, 03-93031, and 25cv00613) are null, void ab initio, and moot.

Therefore, Appellants pray that this Court promptly issue an Order requiring each named (putative) Appellee to file a sworn declaration by ***March 21, 2025, at 10:00 AM,*** specifying the purported legal basis for any claim of a legitimate Article III injury in fact with respect to the ***Predatory Criminal Usury Subject Matter***, GX 1-4, and GX 5. Should no party supply such evidence, the Court should dismiss these proceedings in their entirety for want of subject matter jurisdiction or, in the alternative, declare the relevant claims and judgments void ab initio and moot; and:

      I.    enter an Order withdrawing the reference to the Bankruptcy Court regarding the proceedings and vest jurisdiction in the District Court to conduct sanctioning proceedings and other proceedings related to the 03-93031Chapter 11,

      II.    Order the Chapter 11 proceedings reopened,

      III.    Order the Appellees to immediately turn over all assets of the Chapter 11 estate, 11 USC § 542(a), specifically, the 15 USC § 78p(b) +$522 million in short-swing profits, all liability insurance policies owned by any putative Appellee, and Appellees John Doe Insurance Companies, ##1-5 and their insured,

IV.   order each lawyer, officers of the court, to be referred to the District Court (NDGA), the SBGA, or the respective Bar Association with a judicial recommendation for lifetime disbarment for violation of Rules 3.3 and 8.4,

V.    enter an order scheduling fraud on the court sanctioning proceedings, 28 USC §1927 sanctioning proceedings, Rule 11(b)(1-4) sanctioning proceedings; and inherent power sanctioning proceedings, and

VI.   refer all culpable parties to the United States Department of Justice's Office on Public Integrity and with a judicial recommendation to open a criminal investigation on each lawyer and Appellee named herein for conspiracy to collect predatory criminal usury unlawful debts using Hobbs Act extortion and threats of violence.

Respectfully submitted,

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: **/s/ Ulysses T. Ware for the Appellants**

*Ulysses S. Ware*

Filed on March 14, 2025, via U.S. mail and via email to the Chambers of the Hon. District Judge

Michael L. Brown pursuant to 18 USC §§ 2071(a), (b), a judicial public record, and 28 USC §

1654 by pro se Appellants.

Page **28** of **29**
Friday, March 14, 2025
(17-5) (Part 17-5) re: Appellants' Supplemental Memorandum #2 in Support of (17-1) (March 10, 2025)
Application for entry of a Show Cause Order and other reliefs.

## Certificate of Service

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 14th day of March 2025, I caused to be served a true and correct copy of the foregoing Appellants' Supplemental Article III Standing and Subject Matter Jurisdiction Memorandum Application for Rules 3.3 and 8.4 Show Cause Order, a Brief Schedule, and Appellate Status Conference  via electronic mail to all Appellees;

The Office of the District Clerk (NDGA).

Executive Director Administrative Office of the U.S. Courts,

Office of the FBI Director,

 via U.S. mail.

*Ulysses T. Ware*
/s/ Ulysses T. Ware

Ulysses T. Ware

## End of document

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Filed on March 14, 2025

(17-5)(Part 17-5)

25 cv 00613 (NDGA)

Re: Supp. Memo. of Law #2.0
in Support of Show Cause Order
(17-1)(Part 17-1)

cc: Director of the FBI
Exec. Dir, Admin. Office
of the U.S. Courts





Retail

U.S. POSTAGE PAID
FCM LG ENV
BROOKLYN, NY 11226
MAR 14, 2025

30303

**$2.87**

RDC 99                    S2324K504996-16

CLEARED DATE

MAR 19 2025

U.S. Marshals Service
Atlanta, GA 30303

**Office of the District Clerk (NDGA)**
**U.S. District Court (NDGA)**
**Richard B. Russell U.S. Courthouse**
**75 Ted Turner Drive, SW**
**Atlanta, GA 30303**

March 14, 2025
/s/ Ulysses D. Ware