FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 19 2025

KEVIN P WEIMER, Clerk
*Matthew* Deputy Clerk

(16-5) (Part 16-5)

# Case No. 25cv00613 (NDGA) (MLB)

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**ULYSSES T. WARE, d/b/a as Group Management, and Group Management (a sole proprietorship),[1]**
**Appellants,**

v.

**Alpha Capital, AG, et al.,[2]**
**Appellees.**

On appeal from:
In re GROUP MANAGEMENT CORP., Debtor.
Case No. 03-93031 (BC NDGA) Chapter 11

Appellants' Response Brief in Support of Appellant Ware's Status as the Only Lawfully Authorized Real Party in Interest Under Federal Rule of Civil Procedure 17(a)(1)(G) and Appellant Group Management's Status as a ***Sole Proprietorship*** Authorized to Appear Herein in Pro se status Pursuant to 28 U.S.C. § 1654 and ***Rowland v. California Men's Colony, Unit II Men's Advisory Council***, 506 U.S. 194, 202-03 (1993).

---

[1] See Ex. D, infra. Appellant Ware and Group Management are lawfully authorized to appear herein in a pro se status by federal law, 28 USC § 1654 and Supreme Court binding precedent, ***Rowland v. California Men's Colony, Unit II Men's Advisory Council***, 506 U.S. 194, 202-03 (1993) ("Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U. S. C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow ***corporations, partnerships, or associations*** to appear in federal court otherwise than through a licensed attorney."). (citations omitted) (emphasis added). Appellant Group Management is neither a corporation, a partnership, or an association. Appellant ***Group Management is a sole proprietorship*** registered with the IRS as such, see Ex. Id., infra.

[2] Appellees Alpha Capital, AG, Stonestreet L.P., Markham Holdings, Ltd., and Amro International, S.A., the clients of Appellee Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP ("KTS"), see Dkt. 11 (03-93031), were certified on May 17, 2021, by FINRA's senior executive Marcia E. Asquith, Esq. as ~~unregistered broker-dealers operating in the United States in violation of the federal securities laws~~, 15 USC § 78o(a)(1) and 18 USC § 1961(6)(B); whom all have since 2001 without interruption agreed, confederated, colluded, conspired, racketeered, and have knowingly and willfully operated as an illegal association in fact as defined in 18 USC § 1961(4), ***a racketeering predatory unlawful debt collecting, 18 USC § 1961(6)(B), continuing criminal enterprise***, unlawful debt collection activities in the 03-93031 Chapter 11, see Dkt. 11, 15, and 16, predatory loan sharking of criminal usury debts, GX 1-4, money laundering, extortion, ***murder for hire***, bankruptcy fraud conspiracy, theft of Chapter 11 estate assets (+$522 million in 15 USC § 78p(b) strict-liability short-swing profits), and racketeering, a pattern of racketeering activities. See The Parties' Rule 8009(d) Joint Stipulated Appellate Record Facts.

*Ulysses T. Ware*

Respectfully submitted,

/s/ Ulysses T. Ware

Ulysses T. Ware
Attorney in fact for Appellants-Movants
The Office of Ulysses T. Ware
123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Filed on February 25, 2025, 12:34:51 PM

.

.

# Table of Contents

Authorities .......................................................................................................................... 4

(i)     Citations of legal authorities: ................................................................................. 4

(ii)    Statutes: ................................................................................................................... 4

(iii)   Rules of Procedure: ................................................................................................. 5

A.     Summary of the argument: Appellants Ulysses T. Ware's Statutory Right, 28 USC § 1654,
Right to Pro Se Representation of Group Management A Sole Proprietorship. ................... 6

I. INTRODUCTION ............................................................................................................ 7

II. STATEMENT OF RELEVANT FACTS ......................................................................... 8

III. ARGUMENT ................................................................................................................ 12

A. Mr. Ware Is the Real Party in Interest Under Rule 17(a)(1)(G). ................................. 12

B. Appellant Ware's Personal Ownership of Claims Entitles Him to Pro Se Representation. ...... 15

C. No Prejudice to Any Other Party from Pro Se Representation ................................... 17

IV. CONCLUSION ............................................................................................................. 18

Exhibits ............................................................................................................................. 20

Exhibit A—25cv00613 (NDGA) Dkt. 4, Feb. 13, 2025, Order .......................................... 21

Exhibit B—Ulysses T. Ware's Feb. 25, 2025, Declaration of undisputed material facts. .......... 23

Declaration of Appellant Ulysses T. Ware ......................................................................... 24

Exhibit C—Dec. 31, 2003 Group Management Corp.'s Asset sale, rights assignment, and transfer
contract. ............................................................................................................................. 31

Exhibit D—(IRS Sole Proprietorship Certificate) Group Management (sole proprietorship) IRS
EIN certificate. ................................................................................................................... 35

Certificate of Service ......................................................................................................... 37

End of document ................................................................................................................ 37

# Authorities

## (i)    Citations of legal authorities:

1.  Adar Bays LLC v. GeneSYS ID, Inc., 28 F.4th 379 (2d Cir. 2022)

2.  *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900).

3.  In re Group Management Corp., No. 03-93031 (Bankr. N.D. Ga.)

4.  Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)

5.  Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985)

6.  Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194

    (1993)

7.  Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269 (2008)

8.  United States v. Grote, 961 F.3d 105 (2d Cir. 2020)

## (ii)    Statutes:

1.  11 U.S.C. § 542(a)
2.  11 U.S.C. § 1109(b)
3.  15 U.S.C. § 78o(a)(1)
4.  15 U.S.C. § 78cc(b)
5.  15 U.S.C. § 78p(b)
6.  18 U.S.C. § 2
7.  18 U.S.C. § 152
8.  18 U.S.C. § 257
9.  18 U.S.C. § 371
10. 18 U.S.C. § 924(c)
11. 18 U.S.C. §§ 1201–1202 *(Cited in the text as "1201-02.")*
12. 18 U.S.C. § 1341
13. 18 U.S.C. § 1343
14. 18 U.S.C. § 1344
15. 18 U.S.C. § 1503
16. 18 U.S.C. § 1951(a)

17. 18 U.S.C. §§ 1956–1957
18. 18 U.S.C. §§ 1958–1959
19. 18 U.S.C. § 1961(6)(b)
20. 18 U.S.C. § 1962(a)–(d) *(Cited in the text as 1962(a-d).)*
21. 28 U.S.C. § 1654
22. 28 U.S.C. § 1746
23. N.Y. Penal Law § 190.40 *(Cited in the text as "NYS Penal Law, section 190.40.")*

## (iii) Rules of Procedure:

1. Federal Rule of Civil Procedure 17(a)(1)

2. Federal Rule of Civil Procedure 17(a)(1)(G)

3. Federal Rule of Civil Procedure 41(a)(2)

4. Federal Rule of Bankruptcy Procedure 8009(d)

.

.

## A. Summary of the argument: Appellants Ulysses T. Ware's Statutory Right, 28 USC § 1654, Right to Pro Se Representation of Group Management A Sole Proprietorship.

Under established federal law, and specifically 28 U.S.C. § 1654,[3] Appellant Ulysses T. Ware, as an individual, a natural person, *is unequivocally authorized* to ***conduct his own case personally*** before this Honorable Court, including the representation of his "personal" business interest, Group Management. Group Management is *not a corporation,* is not a *limited liability company,* or *other distinct "artificial" legal entity* that would trigger the rule against non-attorney representation; rather, **it is a sole proprietorship**, a business structure that is legally indistinguishable from its individual owner and operator, Appellant Ulysses T. Ware. See Ex. D, infra. As the sole proprietor of Group Management, Mr. Ware's appearance before this Court on behalf of Group Management is, in substance and legal effect, an exercise of his fundamental statutory right to "personally" represent himself and Group Management *pro se* in federal court, a "fundamental" right expressly guaranteed by 28 U.S.C. § 1654 and consistently upheld by the Supreme Court and federal appellate courts. See ***California Men's Colony***, 506 U.S. at 202-03.

The legal distinction between individuals and artificial entities is paramount in this analysis. While **corporations, partnerships, and limited liability companies**, as separate legal "persons," are compelled to appear in federal court through licensed counsel, this requirement is wholly inapplicable and inapposite to individual sole proprietors, Appellant Ware. Group Management, lacking separate legal existence from its owner, Ulysses T. Ware, ***functions merely as the trade name under which Mr. Ware conducts his individual business activities***. See Ex. D,

---

[3] 28 USC § 1654: ***In all courts*** of the United States ***the parties*** may plead and ***conduct their own cases personally*** or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

infra. Therefore, Appellant Ware's representation of Group Management is not the representation of a separate legal entity by a non-attorney; instead, it is the permissible and legally protected *pro se* appearance of an individual, Ulysses T. Ware, acting in his capacity as the sole proprietor of his own business, a right explicitly recognized and safeguarded by federal statute and constitutional principles. 28 USC § 1654.

In conclusion, to compel Appellant Ulysses T. Ware to retain separate legal counsel to represent Group Management, his sole proprietorship, would be a legally unfounded and formality, directly contravening the express language of 28 U.S.C. § 1654 and ***the fundamental right of self-representation in federal court***. Mr. Ware, as the sole proprietor of Group Management, is fully authorized and legally entitled to appear *pro se* on behalf of Group Management, and the Court's recognition of this right is essential to ensure the just, efficient, and procedurally sound adjudication of this matter.

# I. INTRODUCTION

Comes now Appellant Ulysses T. Ware ("Mr. Ware"), and Appellant Group Management, (a sole proprietorship), pursuant to 28 USC § 1654, proceeding *pro se*, jointly, ("Appellants"), and respectfully submits this Memorandum of Law to establish that ***he, Appellant Ware, is the only lawful real party in interest***[4] under **Federal Rule of Civil Procedure 17(a)(1)(G), see Ex. 3, and**

---

[4] Under Federal Rule of Civil Procedure 17(a), the **real party in interest** is definitively understood as the party who **possesses the actual legal right to enforce the claim asserted**. In the context of Case No. 25cv00613, Ulysses T. Ware is the **sole real party in interest** because he **personally and individually holds legal title** to the claims and causes of action at issue, having validly acquired them via assignment from Group Management Corp. As the ***undisputed owner*** of these claims, Mr. Ware is uniquely positioned and legally entitled to prosecute them *pro se*, without the necessity of separate counsel, see 28 USC § 1654, as his appearance represents ***the assertion of his own individual property rights***, not the representation of a separate legal entity.

**Ex. D, infra,** with respect to the claims and causes of action formerly belonging to Group Management Corp. (the "Debtor" or "Group Management Corp.").[5] As demonstrated herein, Appellant Ware acquired **100% of the Chapter Debtor's assets and claims** for good and valuable consideration upon the Debtor's dissolution and the fraudulent and ultra vires dismissal of its Chapter 11 bankruptcy in May 2003, Dkt. 28 (03-93031), and acquired all of Group Management Corp.'s assets and *acquired legal and equitable title to all rights and claims* of Group Management Corp. in December 2003. These assets and legal rights were duly assigned and transferred to Appellant Ware **in his personal and individual capacity** for the sum certain amount of **$10.00.** By virtue of this valid and legally effective assignment, Appellant Ware is now solely entitled to "personally" through his sole proprietorship, d/b/a Group Management, prosecute these claims and is, therefore, unequivocally the proper Fed. R. Civ. P. 17(a)(1)(G) only and sole ***real party in interest*** before this Honorable Court.[6]

## II. STATEMENT OF RELEVANT FACTS

1. **Corporate Status and Bankruptcy Dismissal**

   a. Group Management Corp. ("GMC") initiated proceedings under Chapter 11 of the Bankruptcy Code, to fend off predatory loan sharking criminal enterprise's agents, KTS' unregistered broker-dealer clients, see Dkt. 11, 15, and 16, styled as Case No.

---

[5] Defunct since Dec. 2003.

[6] Appellant Ware appearing by and through Ulysses T. Ware personally and individually, and on behalf of Ulysses T. Ware, d/b/a Group Management, a sole proprietorship, the sole owner of the legal and equitable title to all claims and assets formerly owned by Group Management Corp., (see Ex. C, infra), as a matter of law Appellant Ware is the Rule 17(a)(1)(G) real party in interest personally and through Group Management, the sole proprietorship, see 28 USC §1654 and *California Men's Colony,* Id. Appellant Ware as the assignee stepped into the shoes of the Chapter 11 Debtor, Group Management Corp., and is the sole real party in interest with respect to the 03-93031 and 25cv00613 proceedings.

*In re Group Management Corp.*, **03-93031** (the "Chapter 11 Case") regarding the enforcement and collection of predatory criminal usury unlawful debts, GX 1-4, which charged interest rates in excess of 2000%, and therefore, ipso facto as a matter of law, violated NYS Penal Law, section 190.40, the criminal usury law, a class E felony; accordingly, ipso facto, the predatory criminal usury convertible promissory notes, GX 1-4, are null and void ab initio, unenforceable, uncollectible, violated NYS Penal Law, section 190.40, see *Adars Bays LLC v. GeneSYS ID, Inc.,* 28 F.4d 379 (2d Cir. 2022); and Appellee KTS and its unregistered broker-dealer clients, Dkt, 11, attempts in the 03-93031 Chapter 11 bankruptcy case to enforce and/or collect the predatory criminal usury unlawful debts (GX 1-4), Dkt. 11, 15, and 16, indisputably violated federal racketeering law, 18 USC §§ 2, 152, 257, 371, 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(b), and 1962(a-d), a pattern of racketeering activities. See *U.S. v. Grote,* 961 F.3d 105, 109 (2d Cir. 2020) (aff'd **criminal conviction**, sentence, and +$3.5 billion in RICO forfeiture judgment for unlawful debt collection activities).[7]

b. In or around May 2003, Dkt. 28, the 03-93031 Chapter 11 Case was fraudulently dismissed **with prejudice**, on ultra vires and moot motion by KTS' unregistered broker-dealer clients, Dkt. 15 and Dkt. 16, ***who as unregistered broker-dealers***, cf., 15 USC §§ 78o(a)(1) and 78cc(b), all lacked Article III standing to have appeared

---

[7] Appellees KTS, Meir, Mills, Walker, Kadaba, ***and its unregistered broker-dealer clients,*** Dkt. 11, each, jointly and severally, cf., 18 USC § 1962(d), violated federal loan sharking racketeering law, 18 USC §§ 2, 152, 157, 371, 924(c), 1341, 1343, 1344, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(B), and 1962(a-d) by appearing in the 03-93031 Bankruptcy Court, Dkt. 11, 15, and 16, and attempting to enforce and/or collect the predatory criminal usury unlawful debts, GX 1-4—that is, unlawful debt collection activities ***criminally sanctioned*** in *Grote*, Id.

in the 03-93031 Chapter 11, and by extension lack Article III standing to appear in this 25cv00613 (NDGA) appeal, ***Lujan***, 504 U.S. at 560-61; ***Great Southern Fire Proof Hotel Co. v. Jones***, 177 U.S. 449, 453 (1900).

    c. Subsequent to the May 2003 fraudulent dismissal of its Chapter 11 petition, with prejudice, Dkt. 28, Group Management Corp. undertook no further corporate business operations and became effectively **defunct** under applicable Delaware state law, retaining no assets of value other than those previously listed as property of the bankruptcy estate prior to dismissal.

2. **December 31, 2003, Purchase of Corporate Assets and Assignment of all Claims. See Ex. C, infra.[8]**

    a. Subsequent to the May 2003 dismissal of the 03-93031 Chapter 11 Case, Appellant Ware seeking to salvage his massive personal financial investment in Group Management Corp. entered into a legally valid **written Asset Purchase and Rights Assignment Agreement** with Group Management Corp. (the "**Assignment Agreement**"), see Ex. C, infra. Pursuant to the express terms of the Assignment Agreement, Appellant Ware acquired **all tangible and intangible assets and legal and equitable rights** of the now-defunct corporation.

    b. The agreed-upon **purchase price** for all corporate assets and legal and equitable rights to all claims was the sum certain amount of **$10.00**, which was expressly acknowledged by both contracting parties as good and valuable consideration for

---

[8] The 03-93031 Bankruptcy Court (Hagenau, C.J.), categorically refused and denied the Appellants any due process proceeding to present Ex. C, infra, to the Bankruptcy Court, make a record, or conduct any fact-finding inquiry on this issue.

the transfer of assets, including all causes of action, legal claims, and equitable interests formerly owned or controlled by Group Management Corp.

3. **Valid Assignment of Claims**

   a. Pursuant to the duly executed Assignment Agreement, Group Management Corp. irrevocably and unconditionally **assigned** to Appellant Ware, **in his individual capacity**, any and all claims, rights of action, or causes of action, of every kind and description, that Group Management Corp. held, owned, or controlled as of the date of the Assignment Agreement, December 31, 2003. See Ex. C, infra.

   b. The Assignment Agreement further provided that Group Management Corp. would execute and deliver all such further instruments and take all such further action as may reasonably be necessary or appropriate to effectively effectuate and confirm ***Appellant Ware's sole and exclusive ownership of these assigned legal claims and causes of action.***

4. **Appellant Ware's Ongoing Efforts to Prosecute Claims as Real Party in Interest**

   a. Consistent with the legally effective Assignment Agreement, Appellant Ware, a natural person, now appears before this Honorable Court, pursuant to 28 USC §1654 proceeding *pro se* as Ulysses T. Ware d/b/a Group Management, (a sole proprietorship, see Ex. D, infra) and 11 USC § 1109(b) statutory party in interest, to assert and defend the formerly Group Management Corp.-owned claims and causes of action, having acquired all rights, title, and interest therein via valid assignment. Ex. C, infra.

b. Given that there is **no extant corporate entity** capable of prosecuting these claims post-dissolution, Appellant Ware, as the **sole and rightful owner** of the assigned claims, now respectfully presents to the Honorable District Court this factual clear and convincing evidence and legal authorities for his position as the sole ***real party in interest*** under Rule 17(a)(1)(G) of the Federal Rules of Civil Procedure.

## III. ARGUMENT

### A. Mr. Ware Is the Real Party in Interest Under Rule 17(a)(1)(G).

Rule 17(a)(1) of the Federal Rules of Civil Procedure unequivocally provides that "[a]n action must be prosecuted in the name of the real party in interest." The "real party in interest" is the party who, by substantive law, ***possesses the actual right to enforce the claim asserted in the litigation***.

1. **Valid Assignment Vests Real Party in Interest Status in Assignee**

a. It is a fundamental and universally recognized principle of law that the valid assignment of a legal cause of action legally operates to convey to the assignee, Appellant Ware, all rights to prosecute and enforce that claim in a court of law. *See, e.g., **Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.***, 554 U.S. 269, 286 (2008) (holding that when a claim is validly assigned for valuable consideration, the assignee "obtains title to the claims and [can] pursue them").[9]

---

[9] Id. at 269: "History and precedent show that, ***for centuries,*** courts have found ways to allow assignees to bring suit; where assignment is at issue, **courts—both before and after the founding—have always permitted the party with legal title [Appellant Ware] alone to bring suit**; and there is a strong tradition specifically of suits by assignees for collection." (emphasis added).

Tuesday, February 25, 2025
(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

b. By virtue of the duly executed and legally effective Assignment Agreement with Group Management Corp., Ex. C, infra, Appellant Ware has obtained assignment of and **legal and equitable title** to the claims and causes of action at issue in this proceeding—the 11 USC § 542(a) turnover of +$522 million in 15 USC § 78p(b) short-swing insider-trading profits to the Chapter 11 estate for administration. As the lawful assignee of these claims, Appellant Ware is, therefore, the paradigmatic Rule 17(a)(1)(G) "real party in interest" and the only proper party entitled to prosecute and control the litigation arising from these claims. 28 USC § 1654.

2. **Corporate Dissolution and Post-Dismissal Asset Transfer Do Not Impair Valid Assignment.**

a. The subsequent dissolution of Group Management Corp., and the dismissal of its Chapter 11 bankruptcy case with prejudice, do not in any manner invalidate or defeat the legally effective assignment of corporate assets and claims to Mr. Ware post Chapter 11 dismissal in May 2003, Dkt. 28. Even a dissolved or defunct corporation retains the legal capacity to distribute or assign its remaining assets and claims to an individual or entity.[10] Here, following the dismissal of the Chapter 11 case, Group Management Corp. validly and legally transferred its remaining legal claims and causes of action to Appellant Ware via the Assignment Agreement. Upon valid execution of this Assignment, Group Management Corp. *divested itself of all ownership and control over these claims, and Mr. Ware became the sole*

---

[10] ***Ortiz v. Fibreboard Corp.***, 527 U.S. 815, 832 (1999) ("The necessary parties rule in equity mandated that "*all persons materially interested, either as plaintiffs or defendants in the subject matter of the bill ought to be made parties to the suit*, however numerous they may be." *West* v. *Randall*, 29 F. Cas. 718, 721 (No. 17,424) (CC RI) (1820) (Story, J.)."). (emphasis added).

***and exclusive owner thereof***. The prior corporate dissolution and bankruptcy dismissal thus have no bearing on the validity or legal effect of the post-dismissal Assignment Agreement.

3. **No Plan Confirmation or Bankruptcy Court Oversight Required for Post-Dismissal Asset Transfer.**

    a. Because the Chapter 11 petition in Case No. 03-93031 (WLH) was dismissed with prejudice **prior to plan confirmation**, Dkt. 28, May 2003 (Murphy, J.) the post-dismissal December 31, 2003, transfer of corporate assets and claims to Mr. Ware, Ex. C, infra, did not require further approval or oversight by the Bankruptcy Court. Upon dismissal of the Chapter 11 case with prejudice on or about May 28, 2003, Dkt. 28, the Debtor and its assets reverted to the control of the Debtor, and Group Management Corp. was thereafter legally authorized to enter into private contractual transactions, such as the Assignment Agreement with Mr. Ware, without further Bankruptcy Court involvement.

    b. Mr. Ware's December 31, 2003, acquisition of the corporate assets and claims via the Assignment Agreement was, therefore, a straightforward and legally valid **contractual transaction** for valuable consideration, and did not require any plan confirmation or Bankruptcy Court approval to be deemed effective.

4. **Holder of Assigned Claims Is the Undisputed Rule 17(a)(1)(G) Real Party in Interest.**

    a. Federal law is unequivocal in holding that "[t]he assignee of a claim has standing to pursue it if the assignment is valid under applicable law." *See **Sprint,*** Id. at 285-86. The operative inquiry under Rule 17(a) *is **simply** **whether the party seeking to***

*prosecute the claim [Appellant Ware and Group Management, the sole proprietorship] is the party who, under substantive law, possesses the right to enforce it.* See Ex. C, infra, the Dec. 2003 assignment of all claims.

b. In this matter, the Assignment Agreement, a legally valid and duly executed contractual instrument, clearly and unambiguously vests in Mr. Ware the exclusive right to enforce the claims and causes of action formerly belonging to Group Management Corp. As such, Appellant Ware, as the lawful assignee and current holder of these claims, *is the undisputed <u>real party in interest</u> and the only proper party authorized to prosecute the instant appeal.*[11]

## B. Appellant Ware's Personal Ownership of Claims Entitles Him to Pro Se Representation.

Because Appellant Ware d/b/a as Group Management, see Ex. D, infra, now holds all legal and equitable title to all claims and causes of action at issue in his **individual** capacity d/b/a as Group Management, as the lawful assignee thereof, his and Group Management's appearance before this Court in pursuit of these claims is not subject to the rule against **corporate** *pro se* representation. Rather, Appellant Ware and Group Management, a sole proprietorship, see Ex. D, infra, are asserting **his/their own** *personal property rights* in these assigned claims, ***and is thus, lawfully entitled to proceed pro se pursuant to 28 U.S.C. § 1654***.

1. **Rule Against Corporate *Pro Se* Representation Inapplicable to Individuals**

---

[11] See, *e.g.*, Clark & Hutchins, The Real Party in Interest, 34 Yale L. J. 259, 264–265 (1925) (noting that the changes in the law permitted both the assignee with "naked legal title" and the assignee with an equitable interest in a claim to bring suit).

Tuesday, February 25, 2025
(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

a. It is well-settled law that a corporation or limited liability company, as artificial legal entities, must be represented by licensed counsel and cannot appear in federal court *pro se*. ***Palazzo v. Gulf Oil Corp.***, 764 F.2d 1381, 1385 (11th Cir. 1985).

b. However, this rule against ***corporate*** *pro se* representation is explicitly and ***exclusively limited to*** corporations, partnerships, limited liability companies, and other artificial entities. It has no application to a **natural person** such as Mr. Ware, or Group Management, a sole proprietorship, who are asserting their own "personal" and individual legal rights and property interests through his solely owned sole proprietorship, Group Management, see Ex. D, infra. The Supreme Court has clearly delineated this distinction, holding that only "***artificial entities***" are barred from *pro se* representation, while "natural persons," Appellant Ware, retain the ***fundamental right*** to represent themselves and their sole proprietorship business interest. ***Rowland v. California Men's Colony***, 506 U.S. 194, 202 (1993) (stating that only ***natural persons*** [Mr. Ware d/b/a Group Management, a sole proprietorship] can appear in federal court *pro se*). (emphasis added).

b. **Rule 17(a)(1)(G) and Practical Considerations Favor Pro Se Appearance**[12]

---

[12] Rule 17. Plaintiff and Defendant; Capacity; Public Officers
(a) Real Party in Interest.
(1) *Designation in General.* **An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:**
(A) an executor;
(B) an administrator;
(C) a guardian;
(D) a bailee;
(E) a trustee of an express trust;
(F) a party with whom or in whose name a contract has been made for another's benefit; and
(G) a [pro se, Appellants Ware and Group Management] party authorized by statute [28 USC § 1654].

Tuesday, February 25, 2025
(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

a. Rule 17(a)(1)(G) is designed to ensure that litigation is pursued by the party who actually possesses the legal rights being asserted, Appellant Ware d/b/a Group Management. Here, Appellant Ware, as the lawful assignee of all legal and equitable claims, is demonstrably that ***real party*** in interest. To compel Appellant Ware to retain separate counsel to represent himself via Group Management in enforcing claims that he "personally" owns would be a legally formality, serving no legitimate procedural or substantive purpose, and is contrary and directly opposed to Supreme Court precedent, ***Rowland***, Id. and federal law, 28 USC § 1654.

b. Recognizing Appellant Ware's "fundamental" legal right to proceed *pro se* via d/b/a Group Management in this matter promotes judicial efficiency and clarity by streamlining the proceedings and ensuring that the litigation is controlled and prosecuted by the individual, Appellant Ware, who has a direct "legally protected interest" and personal stake in the outcome. ***Lujan,*** 504 U.S. at 560-61.

## C. No Prejudice to Any Other Party from Pro Se Representation

Recognition of Appellant Ware d/b/a Group Management as the Rule 17(a)(1)(G) real party in interest read *in pari materia* with 28 USC §1654 required by prevailing law discussed herein authorizes Appellants Ware and Group Management to appear herein as Appellants in pro se status. Appellees-Respondents remain fully entitled, *to the extent each is not prohibited by res judicata and collateral estoppel* of the late District Judge Sand, 02cv2219 (SDNY) Dec. 20, 2007, Dkt. 90, Fed. R. Civ. P. Rule 41(a)(2) ***voluntary final judgment***, to challenge the merits of the claims being asserted, to raise any legitimate defenses, and to vigorously litigate the appeal. The

recognition of Appellant Ware, personally and individually an 11 USC § 1109(b) statutory party in interest as determined by the Bankruptcy Court (Murphy, J.), has suffered irreparable injuries to his direct and personal pecuniary interest (+$5.2225 billion) as a result of the frauds and crimes committed by KTS, its clients, and the Appellees before, during, and after the Chapter 11. Accordingly, Appellant Ware *personally* and through Group Management, a sole proprietorship, has Article III standing, *Lujan,* 504 U.S. at 560-61, to "personally" prosecute this 25cv00613 appeal in his own name, and in the name of Ulysses T. Ware d/b/a Group Management (sole proprietorship) assignee of all legal and equity claims previously owned by the Chapter 11 Debtor, defunct Group Management Corp. *Sprint*, Id., Rule 17(a)(1)(G).

## IV. CONCLUSION

For the foregoing reasons, Appellants Ulysses T. Ware and Group Management, jointly, respectfully assert fully supported by the factual record presented in the Bankruptcy Court and in the Rule 8009(d) Joint Stipulated Appellate Record, herein that this Honorable Court **formally recognize him, individually as an 11 USC § 1109(b) statutory party in interest, and (ii) as sole and only _Rule 17(a)(1)(G) real party in interes_t** under **Federal Rule of Civil Procedure 17(a)(1)(G)** with respect to the claims and causes of action validly and legally assigned to him by Group Management Corp. on December 31, 2003, see Ex. C, infra.

Appellant Ware having purchased 100% of the corporation's assets and claims for good and valuable consideration, and having been duly assigned all legal and equitable rights previously belonging to the defunct corporation, see Ex. C, infra, Mr. Ware in law stands alone as the rightful

and lawful owner of these claims and is fully entitled to prosecute them pro se before this Court.[13]

Respectfully submitted this 25th day of February, 2025.

/s/ Ulysses T. Ware

The Office of Ulysses T. Ware
**Ulysses T. Ware, Pro Se**
123 Linden Blvd., Ste. 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

---

[13] Note that none of the Appellees named in the Notice of Appeal, Dkt. 279, according to the Rule 5003 official record, appeared in the 03-93031 Bankruptcy Court (NDGA) and presented any factual record that Appellant Ware is not the lawful and legal owner of all legal and equitable rights of the former now defunct since Dec. 2003 Chapter 11 Debtor, and is therefore, the Fed. R. Civ. P. Rule 17(a)(1)(G)—that is, 28 USC § 1654, "***real party*** in [having legal] ***interest***" and thus, each Appellee having *actual* and/or *constructive* notice of the proceedings in the Bankruptcy Court each Appellee has knowingly and willfully waived, forfeited, and abandoned any right to appear in the District Court and make any argument regarding this matter. See ***United Student Aid Fund, Inc. v. Espinosa***, 559 U.S. 260 (2010) (having actual notice of the proceedings in the bankruptcy court the party waived, forfeited, and abandoned all procedural due process rights by not appearing and asserting its position on the matter).

# Exhibits

(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ulysses T. Ware and Group
Management,

                Appellants,

                              Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

                Appellees,

_____/

### ORDER

Appellants Ulysses T. Ware and Group Management seek to appeal

an order entered by the United States Bankruptcy Court for the Northern

District of Georgia. After reviewing the bankruptcy record, the Court

notes that Appellants paid the required filing fee on February 12, 2025.

(*See* 02/12/2025 Docket Entry in Bankruptcy Case No. 03-93031.)

The Court also notes, however, that Appellant Group Management

is not represented by counsel. The Court **NOTIFIES** Appellant Group

Management that a corporation cannot appear pro se and must be

represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385

(11th Cir. 1985). "This rule applies even when the person seeking to represent the corporation is its president . . . ." *CNH Capital Am., LLC v. Se. Aggregate, Inc.*, No. CV608-027, 2009 WL 1468999, at *1 (S.D. Ga. May 26, 2009) (quoting *F.T.C. v. Gem Merch. Corp.*, No. 95-8364, 1995 WL 623168, at *1 (11th Cir. 1995)); *see also* LR 83.1E(2)(b)(I), NDGa.

The Court **ORDERS** Appellant Group Management to have counsel file a notice of appearance with the Clerk no later than March 6, 2025. Failure to comply with this order may result in sanctions against Appellant Group Management, including dismissal.

The Court **DIRECTS** the Clerk to submit this matter after March 6, 2025, if an attorney does not file a notice of appearance on behalf of Appellant Group Management.

**SO ORDERED** this 13th day of February, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

2

**Exhibit B—Ulysses T. Ware's Feb. 25, 2025, Declaration of undisputed material facts.**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

—————————

**Ulysses T. Ware and Group Management (a sole proprietorship: successor in interest to the Chapter 11 Debtor),**

      **Appellants,**

      **v.**

**Alpha Capital, AG,[14] et al.,**

      **Appellees.**

**on appeal from:**

**In re:**
**GROUP MANAGEMENT CORP., Chapter 11**
**Debtor. Case No.: 03-93031 (BC NDGA) (WLH)**

**DECLARATION OF UNDISPUTED MATERIAL FACTS OF APPELLANT ULYSSES T. WARE IN RESPONSE TO DISTRICT COURT ORDER DKT. 4 (CASE NO. 25CV00613 NDGA) REGARDING REPRESENTATION OF APPELLANT GROUP MANAGEMENT - CLARIFYING SOLE PROPRIETORSHIP STATUS.**

---

[14] Appellees Alpha Capital, AG, Stonestreet L.P., Markham Holdings, Ltd., and Amro International, S.A., the clients of Appellee Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP ("KTS"), see Dkt. 11 (03-93031), were certified on May 17, 2021, by FINRA's senior executive Marcia E. Asquith, Esq. as ***unregistered broker-dealers*** operating in the United States in violation of the federal securities laws, 15 USC § 78o(a)(1) and 18 USC § 1961(6)(B)' who have since 2001 without interruption conducted, operated as an illegal association in fact as defined in 18 USC § 1961(4), ***a racketeering predatory unlawful debt collecting, 18 USC § 1961(6)(B), continuing criminal enterprise,*** unlawful debt collection activities in the 03-93031 Chapter 11, see Dkt. 11, 15, and 16, predatory loan sharking of criminal usury debts, GX 1-4, money laundering, extortion, ***murder for hire***, bankruptcy fraud conspiracy, theft of Chapter 11 estate assets (+$522 million in 15 USC § 78p(b) strict-liability short-swing profits), and racketeering, a pattern of racketeering activities. See Rule 8009(d) Joint Stipulated Appellate Record Facts.

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

# Declaration of Appellant Ulysses T. Ware

I, Ulysses T. Ware, hereby this 25th day of February 2025, in Brooklyn, NY under oath, subject to

the penalty of perjury, ***having personal knowledge of the facts***, declare under penalty of perjury,

pursuant to 28 U.S.C. § 1746, as follows:

1. **Identity and Capacity:** I am Ulysses T. Ware, an individual, a natural person, and the sole
   proprietor of Appellant Group Management, see Ex. D, infra, which is the successor in
   interest to the Chapter 11 Debtor, Group Management Corp., in the above-captioned
   Bankruptcy Case No. 03-93031 (WLH) and 25cv00613 (NDGA). I am filing this
   Declaration in direct response to the Order issued by the United States District Court for
   the Northern District of Georgia, Case No. 25cv00613 (MLB), Docket Entry 4, dated
   February 13, 2025 (the "**District Court Order**"), and attached hereto as **Exhibit A**.

2. **Clarification Regarding Nature of Group Management – Sole Proprietorship, Not**
   **Corporation:** Appellants respectfully submit this Declaration to **clarify a critical factual**
   **predicate**: Appellant Group Management **is not a corporation** registered under any state
   corporate charter as of December 2003. See Ex. C, infra. Rather, Group Management is,
   and at all relevant times has been since December 2003, a **sole proprietorship**, wholly
   owned and managed by me, Ulysses T. Ware, as its sole proprietor—there are no other
   interested parties in Group Management. Group Management, as ***a sole*** proprietorship, is

registered with the Internal Revenue Service (IRS) under my individual taxpayer identification number, and ***operates solely as an unincorporated business entity directly owned and controlled by me as an individual***. See Ex. D, infra.

3. **District Court Order Dkt. 4 – Misapprehension Regarding Corporate Status:** Appellants-Movants acknowledge the District Court's Order, Dkt. 4, which "NOTIFIES Appellant Group Management that a corporation cannot appear *pro se* and must be represented by counsel," citing ***Palazzo v. Gulf Oil Corp.***, 764 F.2d 1381, 1385 (11th Cir. 1985). Appellants-Movants respectfully submit that the District Court's directive in Dkt. 4 appears to be predicated upon a **misunderstanding of the legal status of Appellant Group Management**, presuming it to be a corporation or other separate legal entity that would be subject to the rule against *pro se* corporate representation. See Ex. B, infra. It is not an artificial entity, rather Group Management ***is a sole proprietorship***, see Ex. D, infra (IRS sole proprietorship certificate).

4. ***Palazzo* and Rule Against Corporate *Pro Se* Representation Inapplicable to Sole Proprietorships:** The legal precedent cited by the District Court in Dkt. 4, ***Palazzo v. Gulf Oil Corp.***, and the well-established rule against corporate *pro se* representation, are wholly inapplicable and inapposite to the present matter because Group Management is **not a corporation**. The rule articulated in *Palazzo* and similar cases, as the Supreme Court has definitively clarified, ***applies exclusively*** to "corporations, partnerships, or associations" which, as "**artificial entities**," can only appear in federal court through licensed counsel. ***See Rowland v. California Men's Colony, Unit II Men's Advisory Council***, 506 U.S. 194, 201-02 (1993). This rule **does not** extend to individual sole proprietors operating their

businesses under a trade name—that is, Appellant Ulysses T. Ware d/b/a Group Management (a sole proprietorship). See Ex. D, infra (IRS certificate).

5. **Right of Individual Sole Proprietor to Represent Business *Pro Se*:** As previously declared to the Bankruptcy Court, it is a fundamental and long-established principle of law that an individual may represent themselves *pro se* in federal court, pursuant to 28 U.S.C. § 1654. This "fundamental" right of self-representation encompasses the right of an individual sole proprietor to "personally" represent their own business interests and activities in federal court, ***as the sole proprietorship [Appellant Group Management] is not a separate legal entity distinct from the individual owner [Appellant Ware].*** Cf., Ex. D, infra.

6. **Appellant Ulysses T. Ware Representing His Own Business as Sole Proprietor – Not Representing Separate Entity:** In representing Appellant Group Management in Case No. 25cv00613 (NDGA) and the underlying Bankruptcy Case, I, Appellant Ulysses T. Ware, ***am not acting as counsel for a separate corporate entity***, but am fundamentally exercising my "fundamental right" to represent my own business interests and activities, operating under the trade name Group Management as a sole proprietorship. My and Group Management's appearance in these proceedings is, therefore, a permissible and lawful exercise of my right to *pro se* representation, and is fully consistent with the statutory rights under 28 U.S.C. § 1654 and Supreme Court precedent.

7. **No Procedural or Ethical Impediment to *Pro Se* Representation of Sole Proprietorship:** There is no procedural rule, legal authority, or ethical principle that would require a "natural person" Appellant Ware, who operates a business, Group Management, as a sole proprietorship to retain separate counsel to represent that ***sole proprietorship*** in

federal court, see 28 USC § 1654. To impose such a requirement on Appellants would be a formality, would impose an unwarranted financial burden on i***ndividual sole proprietors***, and would directly contravene the established statutory right, 28 USC § 1654, of self-representation in federal courts.

8. **As the sole owner of all assets and rights of the former Group Management Corp.**, lawfully acquired by contracts for good consideration in December 2003, see Ex. C, infra, Appellant Ware is the Fed. R. Civ. P. 17(a) "real party in interest" with respect to all aspects of all claims the Chapter 11 Debtor possessed.[15]

**WHEREFORE,** I, Appellant Ulysses T. Ware, hereby declare and affirm to the United States District Court for the Northern District of Georgia that Appellant Group Management is a sole proprietorship, ***not a corporation***, and that I, Appellant Ulysses T. Ware, as the sole proprietor, see Ex. D, infra, am authorized pursuant to federal law, 28 USC §1654, and legally and have the statutory right, and is entitled to represent Group Management, a sole proprietorship, *pro se* in Case No. 25cv00613 (NDGA) and the underlying Bankruptcy Case No. 03-93031 (WLH). Appellants-Movants respectfully request that the District Court accept this Declaration as clarification of the status of Appellant Group Management and permit Appellants to proceed with their appeal accordingly.

Dated: February 25, 2025

Respectfully submitted under penalty of perjury,

---

[15] 28 USC § 1654: ***In all courts*** [03-93031 (BC NDGA) and/or 25cv00613 (NDGA)] of the United States ***the parties*** [Appellants Ware, ***a natural person***, and 11 USC § 1109(b) statutory party in interest in the Chapter 11] and Group Management, successor in interest to the Chapter 11 Debtor, ***a sole proprietorship***, see Ex. D, infra] **may plead and conduct their own cases personally** [pro se] ***or*** by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

_/s/ Ulysses T. Ware_

ULYSSES T. WARE

Pursuant to 28 USC § 1654 **_attorney in fact_** for Appellants: Ulysses T. Ware, a natural person,

individually, an 11 USC § 1109(b) statutory party in interest and Sole Proprietor of Group

Management (successor in interest to the Chapter 11 Debtor).[16]

---

[16] See Ex. C—December 2003 Group Management Corp.'s Asset sale, rights assignment, and transfer for consideration to Ulysses T. Ware, which has since 2003 operated as Ulysses T. Ware d/b/a Group Management (a sole proprietorship), cf., Ex. D, infra, IRS sole proprietorship certificate.

Tuesday, February 25, 2025
(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

# EXHIBIT A

Order Entered by the United States District Court for the Northern District of Georgia, Case No. 25cv00613 (MLB), Docket Entry 4, dated February 13, 2025

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ulysses T. Ware and Group
Management,

                         Appellants,

                                          Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

                         Appellees,

_____/

## ORDER

Appellants Ulysses T. Ware and Group Management seek to appeal
an order entered by the United States Bankruptcy Court for the Northern
District of Georgia.  After reviewing the bankruptcy record, the Court
notes that Appellants paid the required filing fee on February 12, 2025.
(*See* 02/12/2025 Docket Entry in Bankruptcy Case No. 03-93031.)

The Court also notes, however, that Appellant Group Management
is not represented by counsel.  The Court **NOTIFIES** Appellant Group
Management that a corporation cannot appear pro se and must be
represented by counsel.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385

(11th Cir. 1985). "This rule applies even when the person seeking to represent the corporation is its president . . . ." *CNH Capital Am., LLC v. Se. Aggregate, Inc.*, No. CV608-027, 2009 WL 1468999, at *1 (S.D. Ga. May 26, 2009) (quoting *F.T.C. v. Gem Merch. Corp.*, No. 95-8364, 1995 WL 623168, at *1 (11th Cir. 1995)); *see also* LR 83.1E(2)(b)(I), NDGa.

The Court **ORDERS** Appellant Group Management to have counsel file a notice of appearance with the Clerk no later than March 6, 2025. Failure to comply with this order may result in sanctions against Appellant Group Management, including dismissal.

The Court **DIRECTS** the Clerk to submit this matter after March 6, 2025, if an attorney does not file a notice of appearance on behalf of Appellant Group Management.

**SO ORDERED** this 13th day of February, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

2

**Exhibit C—Dec. 31, 2003 Group Management Corp.'s Asset sale, rights assignment, and transfer contract.**

## ASSET PURCHASE AND RIGHTS ASSIGNMENT AGREEMENT

This ASSET **PURCHASE AND RIGHTS ASSIGNMENT AGREEMENT** (the "Agreement") is made and entered into as of this *31st* day of **December, 2003** (the "Effective Date"), by and between:

**GROUP MANAGEMENT CORP.**, a corporation formerly organized and existing under the laws of the State of Delaware, with its principal place of business at 101 Marietta St., Ste 1070, Atlanta, GA, (the "**Seller**");

and

**ULYSSES T. WARE**, an individual, doing business at 101 Marietta St., Ste 1070, Atlanta, GA (the "**Buyer**").

**RECITALS**

**WHEREAS**, Seller, Group Management Corp., previously commenced a voluntary case under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 03-93031 (WLH) (the "Chapter 11 Case"); and

**WHEREAS**, the Chapter 11 Case was dismissed with prejudice by Order of the Bankruptcy Court entered on or about May 28, 2003, Dkt. 28, and the Debtor's Chapter 11 case is no longer pending; and

**WHEREAS**, Seller, Group Management Corp., is now effectively defunct, and desires to assign and transfer to Buyer all of its remaining assets, including but not limited to any and all legal and equitable title to all actual and/or constructive claims, causes of action, and rights of every kind and description; and

**WHEREAS**, Buyer, Ulysses T. Ware, desires to acquire all of the Seller's assets, claims, and causes of action, and to succeed to the interests of Group Management Corp. with respect to any and all legal proceedings related thereto.

**NOW, THEREFORE,** in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

**AGREEMENT**

1

1. **Assignment and Transfer of Assets.** For good and valuable consideration, ten dollars ($10.00) the receipt and sufficiency of which is hereby acknowledged, Seller hereby irrevocably and unconditionally sells, conveys, transfers, assigns, and sets over to Buyer, its successors and assigns, all of Seller's right, legal and equitable title, and interest in and to **all assets of Seller, of every kind and description, whether tangible or intangible, whether now known or hereafter discovered, and wherever situated** (collectively, the **"Assets"**), including, without limitation:

   a. **All Claims and Causes of Action:** Any and all rights, claims, demands, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, and demands, of whatever kind or nature, in law or in equity, whether known or unknown, asserted or unasserted, suspected or unsuspected, which Seller ever had, now has, or may hereafter acquire against any person or entity, including, without limitation, those arising out of or relating to the Chapter 11 Case, or any transactions, events, or occurrences predating the Chapter 11 Case (collectively, the **"Claims"**). The Assets and Claims specifically include, but are not limited to, any and all claims and causes of action asserted or assertable in connection with or arising from the matters referenced in the Bankruptcy Case No. 03-93031 (WLH) and related proceedings.

2. **Consideration.** In consideration for the assignment of the Assets and Claims hereunder, Buyer shall pay to Seller the sum of **Ten Dollars ($10.00)** (the "Consideration"). Seller acknowledges that such Consideration is good and valuable consideration and is sufficient to support the transfer and assignment contemplated herein.

3. **Further Assurances.** Seller agrees to execute and deliver such further instruments and take such further action as may reasonably be necessary or appropriate to more fully and effectively vest in and confirm to Buyer, its successors and assigns, title to, and possession of, the Assets and Claims assigned hereunder.

4. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its conflict of laws principles.

5. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior or contemporaneous communications, agreements, and understandings, whether oral or written, between the parties relating to the subject matter hereof.

2

Tuesday, February 25, 2025
(16-5) (Part 16-5) re Appellants' Declaration of Undisputed Facts and response to the Court's Dkt. 4, Order, Feb. 13, 2025.

6. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**[SIGNATURE PAGE FOLLOWS]**

3

**IN WITNESS WHEREOF,** the parties have executed this Purchase and Assignment Agreement as of the Effective Date first written above.

**SELLER:**

**GROUP MANAGEMENT CORP.**

By: Ulysses T. Ware, per power of attorney

/s/ Ulysses T. Ware *Ulysses T. Ware*

**BUYER:**

/s/ Ulysses T. Ware

**ULYSSES T. WARE**

**Sole Proprietor of Group Management**

**December 31, 2003**

**Assignment Contract ends here.**

4

**Exhibit D—(IRS Sole Proprietorship Certificate) Group Management (sole proprietorship) IRS EIN certificate.**

 **IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI OH 45999-0023

Date of this notice: 01-20-2025

Employer Identification Number:
33-2928688

Form: SS-4

Number of this notice: CP 575 G

ULYSSES T WARE
GROUP MANAGEMENT
123 LINDEN BLVD STE 9-L
BROOKLYN, NY 11226

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN). We assigned you EIN 33-2928688. This EIN will identify you, your business accounts, tax returns, and documents, even if you have no employees. Please keep this notice in your permanent records.

Taxpayers request an EIN for their business. Some taxpayers receive CP575 notices when another person has stolen their identity and are opening a business using their information. If you did **not** apply for this EIN, please contact us at the phone number or address listed on the top of this notice.

When filing tax documents, making payments, or replying to any related correspondence, it is very important that you use your EIN and complete name and address exactly as shown above. Any variation may cause a delay in processing, result in incorrect information in your account, or even cause you to be assigned more than one EIN. If the information is not correct as shown above, please make the correction using the attached tear-off stub and return it to us.

A limited liability company (LLC) may file Form 8832, *Entity Classification Election*, and elect to be classified as an association taxable as a corporation. If the LLC is eligible to be treated as a corporation that meets certain tests and it will be electing S corporation status, it must timely file Form 2553, *Election by a Small Business Corporation*. The LLC will be treated as a corporation as of the effective date of the S corporation election and does not need to file Form 8832.

To obtain tax forms and publications, including those referenced in this notice, visit our Web site at www.irs.gov. If you do not have access to the Internet, call 1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

(IRS USE ONLY)    575G        01-20-2025  WARE  O  9999999999  SS-4

**IMPORTANT REMINDERS:**

* Keep a copy of this notice in your permanent records. This notice is issued only one time and the IRS will not be able to generate a duplicate copy for you. You may give a copy of this document to anyone asking for proof of your EIN.

* Use this EIN and your name exactly as they appear at the top of this notice on all your federal tax forms.

* Refer to this EIN on your tax-related correspondence and documents.

* Provide future officers of your organization with a copy of this notice.

Your name control associated with this EIN is WARE. You will need to provide this information along with your EIN, if you file your returns electronically.

Safeguard your EIN by referring to Publication 4557, Safeguarding Taxpayer Data: A Guide for Your Business.

You can get any of the forms or publications mentioned in this letter by visiting our website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

If you have questions about your EIN, you can contact us at the phone number or address listed at the top of this notice. If you write, please tear off the stub at the bottom of this notice and include it with your letter.

Thank you for your cooperation.

Keep this part for your records.        CP 575 G (Rev. 7-2007)

Return this part with any correspondence so we may identify your account. Please correct any errors in your name or address.

CP 575 G

9999999999

Your Telephone Number  Best Time to Call    DATE OF THIS NOTICE:  01-20-2025
(    )                                        EMPLOYER IDENTIFICATION NUMBER:  33-2920688
                                              FORM:  SS-4        NOBOD

INTERNAL REVENUE SERVICE              ULYSSES T WARE
CINCINNATI  OH    45999-0023          GROUP MANAGEMENT
հՒիդիիՒիիՒիՒիկՒՒիՒիՒիՒ                123 LINDEN BLVD STE 9-L
                                      BROOKLYN, NY  11226

# Certificate of Service

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 25th day of February 2025, I caused to be served a true and correct copy of the foregoing **DECLARATION OF ULYSSES T. WARE IN RESPONSE TO DISTRICT COURT ORDER DKT. 4 (CASE NO. 25CV00613 NDGA) REGARDING REPRESENTATION OF APPELLANT GROUP MANAGEMENT - CLARIFYING SOLE PROPRIETORSHIP STATUS**, including Exhibits, via electronic filing with the United States District Court for the Northern District of Georgia in Case No. 25cv00613 (MLB) and by U.S. Mail to the Clerk of the United States District Court for the Northern District of Georgia, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303; and on each Appellee named in the Notice of Appeal, Dkt. 279, public email address.

/s/ Ulysses T. Ware

Ulysses T. Ware

12:34:51 PM

# End of document