FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 5 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# (17-11) (Part 17-11)

# Filed on March 21, 2025, 2:49:40 PM

# Case No. 25cv00613 (NDGA) (MLB)

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

In re:
**GROUP MANAGEMENT CORP. (Debtor),**

**03-93031 (BC NDGA), Chapter 11**

17-11      5/5

**On appeal in:**

**ULYSSES T. WARE and d/b/a GROUP MANAGEMENT, (a sole proprietorship),**

**Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al.,** *Predatory Unregistered Broker-Dealers,*

**Appellees.**

**[Docket Text] March 21, 2025, (17-11) (Part 17-11) APPELLANTS' 28 USC § 1654 SUPPLEMENTAL MEMORANDUM OF LAW (#7) IN SUPPORT OF Dkt. 12, (17-1) MARCH 10, 2025, APPLICATION FOR ARTICLE III "THRESHOLD" JURISDICTIONAL SHOW CAUSE ORDER AND OTHER RELIEFS—BINDING PRECLUSIVE EFFECTS OF RULE 41(a)((2) FINAL JUDGMENT.**

Respectfully submitted,
**/s/ Ulysses T. Ware**
Ulysses T. Ware

Page 1 of **22**
Friday, March 21, 2025
(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of
Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

28 USC § 1654 Attorney-in-fact for Appellants, Group Management (a sole proprietorship) and Ulysses T. Ware

cc:
The Office of the District Clerk (NDGA).
Executive Director Administrative Office of the U.S. Courts,
Office of the FBI Director,
via U.S. mail.

### 28 USC § 1654 Pro Se Appellants' Declaration and Certificate of Filing

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 21st day of March 2025, I caused to be served a true and correct copy of the foregoing Appellants' Memorandum of Law (#7) in Support of Dkt. 12, Appellants' March 10, 2025, (17-1) (Part 17-1) Show Cause Order, Appellate Status Conference, Stay of Briefing Schedule (Dkt. 10), and Other Reliefs via U.S. mail and electronic mail to the Chambers of the Hon. District Judge Michael L. Brown and to the Office of the District Clerk (NDGA), Executive Director Administrative Office of the U.S. Courts, and Office of the FBI Director.

Signed under oath subject to the penalty of perjury having personal knowledge of the facts, pursuant to 28 USC § 1746 this 21st day of March 2025, in Brooklyn, NY.

/s/ Ulysses T. Ware

For Ulysses T. Ware, a natural person, d/b/a Group Management, a sole proprietorship, pursuant to 28 USC § 1654.

# Table of Contents

A.    APPELLANTS' ARTICLE III JURISDICTIONAL CONTENTIONS. ...................................5

I. INTRODUCTION ..............................................................................................................6

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY..........................................7

III. LEGAL ARGUMENT .....................................................................................................9

   A. *Federated Dep't Stores, Inc. v. Moitie* and Its "Absolutely Binding" Effect ...............9

   B. Issues and Claims "Actually or Necessarily Resolved" in 02cv2219 That Are Forever
   Precluded ...........................................................................................................................11

    C. Impact on 03-93031 (Bankr. N.D. Ga.) and 25cv00613 (N.D. Ga.) ..........................12

    D. Reaffirmation of Appellants' "Prevailing Party" Status..........................................13

IV.  SUMMARY.....................................................................................................................13

V. CONCLUSION AND REQUEST FOR RELIEF..............................................................14

   28 USC § 1654 Pro Se Appellants' Certificate of Service and Filing. ............................15

Exhibit A—Judge Sand's 02cv2219 (SDNY) voluntary Dec. 20, 2007, Rule 41(a)(2) Final Judgment
(Dkt. 5-13 on pages 46-47). ....................................................................................................16

Exhibit B—Judge Sand's Aug. 13, 2003, 15 USC § 78p(b) statutory insider final order: Judge Sand
ruled and found as fact that Appellees, 02cv2219 (SDNY) plaintiffs, Appellee KTS' *unregistered
broker-dealer clients* "beneficially owned more than 9.9% of GMC's stock" which (i) as a matter of
law precluded and prohibited any alleged "creditor" status during the 03-93031 Chapter 11; and
(ii) required the Section 16(b) disgorgement and  11 USC § 542(a) turnover of +$522 million in
short-swing insider-trading profits to the 03-93031 Chapter 11 estate for administration to the
lawful creditors and residual corpus returned to Group Management to fund its business plan post
Chapter 11. ............................................................................................................................18

End of document .......................................................................................................................22

Page **3** of **22**
Friday, March 21, 2025
(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of
Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Friday, March 21, 2025, 2:49:40 PM

## VIA U.S. MAIL AND ELECTRONIC FILING TO CHAMBERS

**The Honorable Michael L. Brown**
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re:     ***Ware, et al. v. Alpha Capital, AG, et al.***
Case No. 1:25-cv-00613-MLB (N.D. Ga.)
Related Bankruptcy Case: ***In re Group Management Corp.***, Case No. 03-93031 (Bankr.
N.D. Ga.).

Respectfully submitted,

**The Office of Ulysses T. Ware**

By: /s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in Fact for Appellants Group Management (a sole proprietorship) and Ulysses T. Ware

Page **4** of **22**
Friday, March 21, 2025
(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of
Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

Appellants' Memorandum of Law (#7) (letter-brief) (17-11) Applying *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 401-02 (1981) to Judge Sand's voluntary, *after the NYS statute of limitation had run on all claims in the 02cv2219 complaint*, December 20, 2007, Final Judgment (Rule 41(a)(2)) on the merits in favor of Appellants Group Management and Ulysses T. Ware, and against the 02cv2219 (SDNY) plaintiffs, and "*their privies*"[1] in the 02cv2219 (S.D.N.Y.) judicial proceedings. See Ex. A, and Ex. B, (Judge Sand's binding rulings in 02cv2219 (SDNY)), infra.

---

## A.   APPELLANTS'   ARTICLE   III   JURISDICTIONAL CONTENTIONS.

Appellants herein, *the 02cv2219 (SDNY) proceeding's Rule 41(a)(2) Final Judgment Prevailing Parties*, contend that pursuant to Judge Sand's Dec. 20, 2007, *voluntary* Rule 41(a)(2) final judgment, see Ex. A, infra (see Dkt. 5-13 on pages 46-47), the 02cv2219 (SDNY) plaintiffs, jointly Predators and their privies, knowingly, willfully, and with the advice of legal counsel Appellee Kenneth A. Zitter, Esq., (see 25cv00613, Dkt. 9) on or about Dec. 20, 2007, intentionally *waived*, *forfeited*, *abandoned*, and *terminated* any "live" (extant) Article III case or controversy ('concrete adverseness') between the Appellants, the Appellees, and their "privies"—that is, as of Dec. 20, 2007, the 02cv2219 (SDNY) plaintiffs and their "privies" (jointly, the "**Predators**"), never were, but no longer were, viable Article III "**real parties in interest**"[2] with respect to all issues, facts, arguments, and claims raised in the 03-93031 Chapter 11 Bankruptcy court, and in this District Court, 25cv00613, on appeal form 03-93031, that were actually and/or necessarily resolved by Judge Sand's voluntary Rule 41(a)(2) final judgment. See *Federated*, 452 U.S. at 398, 401-02.

---

[1] It is of paramount importance for Article III standing purposes apropos: (i) Ex. A, infra, the 03-93031 Chapter 11 and this 25cv00613 appeal to determine the exact identities of each person or entity in privy with the 02cv2219 (SDNY) plaintiffs for the purpose of binding claim preclusion (res judicata), issue preclusion (collateral estoppel), factual preclusion (equitable estoppel and judicial admissions and confessions) related to the Rule 41(a)(2) final judgment's preclusion; and (ii) Ex. B, infra, Judge Sand's Aug. 13, 2003, Dkt. 65, 15 USC § 78p(b) statutory insider, +$522 million disgorgement/turnover of insider-trading profits to the Chapter 11 estate, *Roth*, 489 F.3d at 506-10, and 11 USC § 542(a).

[2] The Predators and their privies by knowingly and willfully on Dec. 20, 2007, Rule 41(a)(2) voluntarily dismissing their own manifestly frivolous, fraudulent, vexatious, and bad faith 02cv2219 (SDNY) lawsuit *with prejudice*—judicially admitted and confessed to the mootness and voidness of the proceedings—*that is, the Predators knowingly abandoned all legal "interest" in the 02cv2219 proceedings, its prior orders, and judgments*. Thus, there was no justiciable legal "interest" of the *Predators and their privies* for the 03-93031 bankruptcy court to have adjudicated in its moot, void ab initio, ultra vires orders, Dkt. 5-7, 5-8, 5-9, and 5-10. *Hence, lacking a legal "interest" in the 03-93031 proceedings, the Predators, accordingly, lack a justiciable legal "interest" in the 25cv00613 (NDGA) appeal proceedings*.

Accordingly, it follows as a matter of constitutional imperative and by operation of law that the United States District Court in Case No. 25-cv-00613 is without power to "affirmatively establish" Article III subject matter jurisdiction over the Predatory Criminal Usury Subject Matter—designated as GX 1 through GX 4 and GX 5. See ***Steel Co. v. Citizens for a Better Env't***, 523 U.S. 83, 93–95 (1998) (holding that the existence of subject matter jurisdiction is an "inflexible prerequisite" that must be established before reaching the merits); ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560–61 (1992) (requiring a concrete and particularized injury-in-fact traceable to the challenged conduct); ***A.B. Dick Co. v. Marr***, 197 F.2d 498, 501–02 (2d Cir. 1952) (plaintiff's voluntary dismissal of their own lawsuit recognizing that jurisdictional defects render judicial action void ab initio).

In consequence, the instant appellate proceeding in 25-cv-00613—deriving as it does from ***the constitutionally moot and jurisdictionally infirm proceedings below in 03-93031 (Bankr. N.D. Ga.) and 02-cv-2219 (S.D.N.Y.)***—is likewise rendered moot and void ab initio to the extent it purports to entertain, adjudicate, or otherwise confer judicial relief upon the predatory criminal usury unlawful debt collection predicate claims of the so-called "Predators" or any of their agents, alter egos, proxies, surrogates, all those in active concert therewith, or privies. See ***Federated Dep't Stores, Inc. v. Moitie***, 452 U.S. 394, 398, 401–02 (1981) (holding that the preclusive effect of a final ***judgment extends to parties and their privies***, and bars relitigation of matters previously decided). See also Dkt. 28 (03-93031); Dkts. 5-7, 5-8, 5-9, and 5-10 (25-cv-00613).

# I. INTRODUCTION

## 1. Purpose and Procedural Posture

Appellants Group Management (a sole proprietorship) and Ulysses T. Ware (collectively, "Appellants"), see Dkt. 13, respectfully submit this Memorandum of Law (#7) in further support of their Article III jurisdictional arguments on appeal. Appellants address the conclusive preclusive effect of the December 20, 2007, Rule 41(a)(2) Final Judgment, Exhibit A, infra, entered by the late Honorable Leonard B. Sand in 02cv2219 (S.D.N.Y.), in favor of Appellants, and the direct relevance of ***Federated Dep't Stores, Inc. v. Moitie,*** 452 U.S. 394 (1981), to the proceedings pending in **25cv00613 (N.D. Ga.)** and **03-93031 (Bankr. N.D. Ga.)**.

## 2. Scope of Memorandum

This memorandum expands upon the standard doctrine of res judicata, but with heightened factual specificity, legal detail, and precision regarding how ***Federated*** mandates that this Court, along with the Bankruptcy Court (N.D. Ga.), United States federal courts, enforce the Rule 41(a)(2) final judgment entered on December 20, 2007, in 02cv2219, Ex. A, infra. Appellants assert that by operation of law, that final judgment binds all courts (02cv2219, 03-93031, 04cr1224, 05cr1115, 25cv00613, and ***In re Ware*** (Supreme Court of GA), jointly, (the "**Courts**"),

the parties, and their privies,[3] thereby ***permanently*** foreclosing any contradictory rulings and arguments in 25cv00613 and 03-93031.

### 3. Relief Sought

Appellants respectfully request that this Court:

1. Formally **recognize** the December 20, 2007, Rule 41(a)(2) Final Judgment as res judicata and collateral estoppel with respect to every relevant factual and legal issue resolved therein the 02cv2219 (SDNY) proceedings.
2. **Declare** that all rulings, orders, and judgments in 25cv00613 and 03-93031 that conflict with or contradict that final judgment, Ex. A, infra, are void, annulled, or vacated, nunc pro tunc December 20, 2007.
3. **Enforce** via the civil or criminal contempt processes Appellants' "Final Judgment Prevailing Parties" status and the associated preclusive effect of that Rule 41(a)(2) final judgment in favor of Appellants across all proceedings now pending in the 25cv00613 and 03-93031 United States federal courts.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### 1. The 02cv2219 (S.D.N.Y.) Litigation

i.    **Nature of the Claims**. In March 2002, 02cv2219 (S.D.N.Y.), the predatory unregistered broker-dealers Alpha Capital, AG, Stonestreet, L.P., Markham Holding, Ltd., Amro International, S.A., and their privies (collectively, "**Appellees**" or "02cv2219 plaintiffs" or "**Predators**") in criminal violation of the federal racketeering loan sharking laws, 18 USC §§ 1951(a), 1956-57, 1961(6)(B), and 1962(a-d), initiated federal unlawful debt collection litigation with respect to the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, alleging various manifestly frivolous, moot, and void ab initio purported "claims" against Appellants related to certain purported convertible promissory notes or "Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5." See Dkt. 5-1 to 5-10 (judicial admission and confessions of KTS, its clients, and KTS' lawyers—***privies*** of the 02cv2219 (SDNY) plaintiffs).

ii.   **Beneficial Ownership Ruling (Dkt. 5-13, pp. 43-45), Ex. B, infra**. On August 13, 2003, Judge Sand specifically held in 02cv2219 (see Dkt. 65 therein) that Stonestreet, L.P., Alpha Capital, AG, and affiliated 02cv2219 plaintiffs collectively "beneficially owned more than 9.9%" of Debtor Group Management's stock. This factual finding triggered both (i) strict-liability short-swing insider-trading liability under **15 U.S.C. § 78p(b)** and (ii) turnover

---

[3] Whom as of today, March 21, 2025, the 02cv2219 (SDNY) plaintiffs' "privies" have not been officially and exactly identified by the 25cv00613 (NDGA) District Court as required by *Federated*, 452 U.S. at 398, 401-02, ***Steel Co.,*** 523 U.S. at 93-95, and ***Lujan***, 504 U.S. at 560-61, Article III subject matter jurisdictional and standing, respectively, prerequisites.

and disgorgement obligations under **11 U.S.C. § 542(a)** regarding more than $522 million in short-swing insider-trading profits. See ***Roth v. Jennings***, 489 F.3d 499, 506-10 (2d Cir. 2007).

iii.   **Posture Leading to the December 20, 2007, Final Judgment**. Following extensive motions and arguments, the 02cv2219 plaintiffs, under Fed. R. Civ. P. 41(a)(2), ***voluntarily*** dismissed all purported claims in 02cv2219 ***with prejudice after the statute of limitations had run on all alleged causes of action***. Judge Sand entered that voluntary dismissal with prejudice as a final judgment on December 20, 2007, Dkt. 90, Ex. A, infra, with prejudice and on the merits, thereby conferring "prevailing party" status on Appellants, in the precise manner recognized by ***A. B. Dick Co. v. Marr***, 197 F.2d 498, 501-02 (2d Cir. 1952), and ***U.S. v. L-3 Comm'cs EOTech, Inc.***, 921 F.3d 11, 18-19 (2d Cir. 2019) (Kearse, J) (collecting cases).

## 2. Relevance to 03-93031 (Bankr. N.D. Ga.)

i.   **Appellant Group Management's Chapter 11 Filing**. On or about March 18, 2003, after being repeatedly threatened with violence, and extreme bodily harm by Kenneth A. Zitter, Esq., Arie Rabinowitz, convicted felon Edward M. Grushko, Esq., and the late District Judge Leonard B. Sand, Appellants Ware, and Group Management Corp., ***fearing for their lives and personal safety*** commenced a lawful, valid, and good faith Chapter 11 proceeding in the Bankruptcy Court for the Northern District of Georgia under Case No. 03-93031, seeking to rid Group Management of the Predators' daily threats, extortion, threaten violence, and unlawful debt collection attempts, to reorganize and address, among other things, the bogus and fraudulent predatory unlawful debt claims advanced by the same ***unregistered broker-dealer*** plaintiffs from 02cv2219 (S.D.N.Y.). See Appellants' 03-93031, 03/31/2003 (03-93031 Doc. 5) (25cv00613 Dkt. 5-17 on page 2: "Motion to Reject Executory Contract [GX 1-4, and GX 5] or Lease ….").

ii.   **Appellants' Position**. Appellants assert that Judge Sand's voluntary Rule 41(a)(2) December 20, 2007, Final Judgment entered in 02cv2219 (SDNY), Ex. A, infra, necessarily eliminated and terminated as by operation of law any "live" Article III controversy—'concrete adverseness', regarding GX 1-4 and GX 5, which underpinned the Predators' manifestly frivolous, fraudulent, vexatious, and bad faith predatory unlawful debt collection claims pleaded in the 02cv2219 complaint. Consequently, all issues, facts, or arguments that rely upon the existence of those now-annulled claims in 03-93031, in whole and/or in part, are likewise moot or void ab initio. ***A.B. Dick***, 197 F.2d at 501-02 ("all prior proceedings, orders, and judgments are ***annulled***, ***vitiated***, and ***void***" as of Dec. 20, 2007.) (paraphrased) (emphasis added).

iii.   **Asset of the 03-93031 Chapter 11 Estate**. Meanwhile, the +$522 million short-swing insider-trading profits, identified in the August 13, 2003 "beneficial ownership" ruling (see Ex. B, infra), and recognized under **11 U.S.C. § 541(a)(1)** and **§ 542(a)**, remain unadministered property of the Chapter 11 estate currently in the constructive possession of KTS and their clients (fiduciaries of the Appellant Group Management holding the

+\$522 million in a constructive trust for the benefits of the Appellants).[4] Appellants maintain these amounts must be immediately turned over to the estate, or the District Court (NDGA), for distribution to legitimate creditors, consistent with Judge Sand's finding in Dkt. 65 (02cv2219). Ex. B, infra.

### 3. Relevance to 25cv00613 (N.D. Ga.) Appeal

i.  **Current Appeal**. The 25cv00613 action is the immediate forum in which Appellants seek to enforce the binding preclusive effect of the Rule 41(a)(2) December 20, 2007, Final Judgment. Appellees continue to argue and imply the nonexistence of a "legally protected or enforceable interest" in the Predatory Criminal Usury Unlawful Debts, GX 1-4, criminal usury, null and void ab initio convertible note claims that were dismissed with prejudice in 02cv2219 on Dec. 20, 2007, see Ex. A, infra.

ii.  **Article III Standing**. Appellants argue that, pursuant to ***Federated***, 452 U.S. at 398, 401-02, the Rule 41(a)(2) final judgment's conclusive resolution in favor of Appellants nullifies any claim or standing of Appellees to proceed in 25cv00613 with respect to the "Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5, and all actual and/or necessary issues, facts, and claims resolved by the Rule 41(a)(2) final judgment with respect to the 02cv2219 Predators and their 'privies." Id.[5]

## III. LEGAL ARGUMENT

A comprehensive review of controlling precedent, combined with the underlying factual record, confirms that the December 20, 2007, Final Judgment in **02cv2219 (S.D.N.Y.)** irrevocably extinguishes every cognizable claim or defense relating to the "Predatory Criminal Usury Subject Matter" (GX 1–4 and GX 5) as a matter of bedrock res judicata principles. In the light most favorable to Appellants' positions, the ensuing discussion highlights (1) the absolute binding force of ***Federated Dep't Stores, Inc. v. Moitie***, 452 U.S. 394 (1981), in barring contradictory litigation, (2) the breadth of issues and claims "actually or necessarily resolved" by the December 20, 2007, final judgment, and (3) the practical impact of that preclusion on both **03-93031 (Bankr. N.D. Ga.)** and **25cv00613 (N.D. Ga.)** proceedings. Finally, this Section reaffirms Appellants as "prevailing parties" pursuant to the final judgment's operative legal effect.

### A. *Federated Dep't Stores, Inc. v. Moitie* and Its "Absolutely Binding" Effect

---

[4] See ***In re General Coffee Corp***., 828 F.2d 699 (11th Cir. 1987) (A constructive trust is created in favor of the beneficiary [Appellants Ware and Group Management] at the time of the facts giving rise to the breach of fiduciary duty [by KTS and its unregistered broker-dealer clients, the Predators]).

[5] Palpably, given that the 02cv2219 (SDNY) plaintiffs are loan sharking, extortion, and money laundering predators, it follows that their "privies", proxies, surrogates, alter-egos, legal counsels, and all those in act concert therewith must also be deemed and classified as predators.

## 1. Foundational Precept of Res Judicata

Under the Supreme Court's holding in *Federated Dep't Stores, Inc. v. Moitie*, "[t]he res judicata consequences of a final, unappealed judgment on the merits [are] not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled." 452 U.S. at 398. *Federated* thus unequivocally reaffirms that Judge Sand's Dec. 20, 2007, (see Ex. A, infra), voluntary final judgment of dismissal on the merits "is absolutely binding on all courts [03-93031, 02cv2219, 04cr1224, 05cr1115, 25cv00613, and Supreme Court of GA], the parties, and their *privies*." Id. at 398, 401-02. Where, as here, no timely direct appeal was taken, or could be taken by the Appellees from their own *voluntary* December 20, 2007, Final Judgment, accordingly, such *voluntary dismissal* "with prejudice" became conclusively binding, dispositive, and immune to collateral challenge by the Predators and their privies herein.

## 2. Voluntary Dismissal With Prejudice Under Rule 41(a)(2) Equates to a Merits Judgment

It is a well-settled proposition that a *voluntary dismissal* "with prejudice" under Fed. R. Civ. P. 41(a)(2) operates as an adjudication on the merits for res judicata purposes. See *A. B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952) (noting that a stipulation or order of dismissal with prejudice is "no less an adjudication of the issues than a decree rendered after trial"); *U.S. v. L-3 Comm'cs EOTech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (collecting similar authorities). By *voluntarily* dismissing all claims against Appellants—despite knowing the relevant statute(s) of limitations had run—Alpha, Stonestreet, Markham, Amro, *and their privies* irrevocably abandoned, waived, forfeited, and relinquished any and all legal or equitable rights, irrevocably, to resurrect those claims. Under no circumstances may they re-litigate *facts, issues, claims, or legal theories* "actually or necessarily resolved" by or encompassed within their own voluntary Dec. 20, 2007, Rule 41(a)(2) final judgment, Ex. A, infra. See *Federated*, 452 U.S. at 398-99.

## 3. Scope and Breadth of the Res Judicata Bar

Applying these settled principles to Judge Sand's voluntary December 20, 2007, Final Judgment entered in 02cv2219 confirms its sweeping preclusive effect. Judge Sand's final judgment dismissed every claim or factual contention raised—or that could have been raised—by the 02cv2219 plaintiffs regarding the predatory criminal usury unlawful debts, GX 1-4, and GX 5, loan sharking convertible promissory notes, the purported "injuries" associated with them, and the ancillary issues that came before Judge Sand. Consequently, **any** subsequent litigation in **any** court on that same *nucleus of operative fact or that same transaction is strictly prohibited*. See *Federated*, 452 U.S. at 401-02 (explaining that final judgments foreclose all facets of re-litigation of the same matter, whether labeled anew or slightly reframed).

Because the Rule 41(a)(2) dismissal was conclusive and final, **Appellants emerge as the "prevailing parties"** for all claims advanced in 02cv2219. To the extent that Alpha, Stonestreet, Markham, Amro (and their privies) continue to assert any claim of right or purported enforceable interest in the "Predatory Criminal Usury Subject Matter," they stand estopped by the 2007 Final Judgment from doing so in **25cv00613** or **03-93031**, and subject to the District Court's civil and

criminal contempt authority *to protect the Appellants' legal rights under the Rule 41(a)(2) Final Judgment's preclusive effects*.

## B. Issues and Claims "Actually or Necessarily Resolved" in 02cv2219 That Are Forever Precluded

### 1. All Theories of Recovery on the Same Transactional Facts

In assessing the broad preclusive impact of the 02cv2219 Final Judgment, courts consistently apply a "transactional" standard under federal preclusion doctrine. See, e.g., *NML Capital, Ltd. v. Banco Central de la República Argentina*, 652 F.3d 172, 186 (2d Cir. 2011).[6] Under this standard, any legal theory—even if newly minted or styled differently—arising out of the same factual nucleus cannot be pursued where that nucleus has been conclusively litigated or dismissed. Here, because the 02cv2219 litigation encompassed all alleged wrongdoing arising out of or connected with the same predatory criminal usury subject matter, GX 1-4, and GX 5, predatory debts, no new or re-labeled "causes of action" can circumvent Judge Sand's Dec. 20, 2007, (see Ex. A, infra and Ex. B, infra) final judgment's effect. This holds true whether in the 03-93031 Bankruptcy Court or 25cv00613  District Court in the Northern District of Georgia.

### 2. Standing and Article III "Case or Controversy"

From an Article III standpoint, the Predators' Dec. 20, 2007, voluntary dismissal "with prejudice"—after the applicable statute of limitations expired—*directly negated any continuing existence of a "concrete, particularized injury" or "legally protected interest" on the part of the 02cv2219 plaintiffs*. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Indeed, by terminating their own claims of injury through a final judgment, those parties effectively disclaimed any ongoing 'concrete adversity' or lawful claim recognized by federal law. It necessarily follows that re-litigating the same subject matter in 25cv00613 or 03-93031 revives no live Article III controversy. The 03-93031, 02cv2219, 25cv00613, 04cr1224, 05cr1115, and Supreme Court of GA, thus lack jurisdiction to entertain claims belatedly reasserted by the 02cv2219 plaintiffs or their privies in the Bankruptcy Court or here on appeal, who already forfeited and abandoned these claims on Dec. 20, 2007, in a binding final judgment.

### 3. Collateral Estoppel Over "Beneficial Ownership" and Turnover Obligations

Additionally, Judge Sand's August 13, 2003, 11 USC § 542(a) and 15 USC § 78p(b) "beneficial ownership" ruling (see Ex. B, infra) (finding that Stonestreet, Alpha, and their allied

---

[6] In *Bancec*, the Supreme Court explained that "where a corporate entity [KTS, the 02cv2219 Predators, and their privies] is so extensively controlled by its owner [Arie Rabinowitz, et al.] that *a relationship of principal and agent is created, we have held that one may be held liable for the actions of the other*." *Bancec*, 462 U.S. at 629, 103 S.Ct. 2591. *NML CAPITAL, LTD v. BCRA*, 652 F.3d 172, 182 (2d Cir. 2011) (emphasis added).

(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

02cv2219 plaintiffs collectively owned in excess of 9.9% of Group Management's equity) stands unrebutted and final. Combining (in pari materia) that factual determination with the subsequent voluntary dismissal of all their claims "on the merits" underscores that none of these putative Appellees (Predators) may lawfully contest the short-swing insider-trading liability (15 U.S.C. § 78p(b)) or the corresponding turnover obligations (11 U.S.C. § 542(a)) in the bankruptcy estate. These rulings were all "actually or necessarily resolved" in 02cv2219. Federated, 452 U.S. at 401-02.

Thus, having voluntarily, after the NYS statute of limitation had run on all claims in the 02cv2219 complaint, and therefore forfeited, waived, and abandoned any contrary position by operation of the December 20, 2007, Final Judgment, the 02cv2219 plaintiffs-Predators are forever ***precluded from disputing*** the +$522 million short-swing profits identified as part of the Chapter 11 estate or disclaiming the statutory obligation to disgorge them.

## C. Impact on 03-93031 (Bankr. N.D. Ga.) and 25cv00613 (N.D. Ga.)

### 1. Effect on 03-93031 Proceedings

In the context of the ongoing 03-93031 Chapter 11, any orders, judgments, or claims that presuppose the validity or enforceability of the very same Predatory Criminal Usury Debts, GX 1-4, and GX 5, stand in direct contravention (civil contempt) of the December 20, 2007, Final Judgment's binding preclusive effects. As *Federated* makes clear, a subsequent or parallel tribunal has no authority to override or ignore a final res judicata determination from another federal court. 452 U.S. at 401-02. Put simply, the 03-93031 Bankruptcy Court (N.D. Ga.) and 25cv00613 District Court are categorically barred from entertaining arguments that the dismissed 02cv2219 plaintiffs enjoy any extant legal claim stemming from those predatory criminal usury debts, GX 1-4, and GX 5. Insofar as the Bankruptcy Court has issued orders or recognized proofs of claim founded upon such purported debts, those orders are in tension with the binding final judgment and must be annulled, vacated, or disregarded.

### 2. Effect on 25cv00613 Proceedings

The same principle applies with equal force to 25cv00613 in the District Court (N.D. Ga.). Because it indisputably involves the same parties to 02cv2219 (SDNY) or their privies, the same predatory criminal usury debt claims, and the same factual nexus that underlay 02cv2219, any continued assertion that the 02cv2219 plaintiffs retain a live controversy or an enforceable legal interest flouts the Supreme Court's unequivocal directive in *Federated*, 452 U.S. at 398, 401-02. By operation of res judicata, every contradictory argument is foreclosed, leaving no live issues for this Court to address concerning the validity of those predatory criminal usury unlawful debts or the existence of any associated "particularized, concrete injury in fact" to "a legally protected interest" in null and void ab initio Predatory Criminal Usury Unlawful Debts, GX 1-4. Thus, as a

practical matter, the effect of Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment, Ex. A, infra, is to moot all such contentions in this appeal.

## D. Reaffirmation of Appellants' "Prevailing Party" Status

### 1. Legal Consequences of a Rule 41(a)(2) Dismissal with Prejudice

The Dec. 20, 2007, Dkt. 90, Judge Sand's voluntary final judgment "with prejudice" in 02cv2219 indisputably confers "prevailing party" status on Appellants, because a Rule 41(a)(2) dismissal on the merits is fully equivalent to a merits-based adjudication after trial for res judicata purposes. See *U.S. v. L-3 Comm'cs EOTech, Inc.,* 921 F.3d at 18-19. As a direct corollary, the 02cv2219 plaintiffs—Alpha, Stonestreet, Markham, Amro, and their privies—cannot be heard to suggest that they remain "creditors" or otherwise hold legally cognizable claims in 03-93031 or 25cv00613.

### 2. Accord with Fundamental Res Judicata Policies

This unequivocal recognition of Appellants as "prevailing parties" is consistent not merely with the Federal Rules of Civil Procedure, but also with the overarching public policy interests served by finality of judgments. See *Federated*, 452 U.S. at 401-02 (highlighting that res judicata "is a rule of fundamental and substantial justice, 'of public policy and of private peace' . . . which should be cordially regarded and enforced by the courts"). Allowing the 02cv2219 plaintiffs to evade the preclusive final judgment and mount renewed challenges in 25cv00613 or 03-93031 would vitiate these core policy concerns, undermine judicial economy, and contravene the express dictates of the Supreme Court's jurisprudence.

## IV. SUMMARY

Judge Sand's voluntary December 20, 2007, Rule 41(a)(2) Final Judgment entered in 02cv2219 (S.D.N.Y.), Ex. A, infra, terminated all Article III required 'concrete adverseness" between Appellants and Appellees with respect to the Predatory Criminal Usury Unlawful Debts, GX 1-4, and GX 5, and constitutes an adjudication on the merits of all claims actually or necessarily pleaded in the 02cv2219 (SDNY) complaint, Dkt.1--conferring full res judicata and collateral estoppel effects on all issues, facts, or claims "actually or necessarily resolved" by the Rule 41(a)(2) Final Judgment in favor of the Appellants, the Final Judgment Prevailing Parties.

Under *Federated*, 452 U.S. at 398, 401-02, no subsequent tribunal—whether in bankruptcy proceedings (03-93031) or appellate review (25cv00613)—*may entertain contradictory arguments, nor recognize any claim, argument, issues, or fact presented or advanced by any Appellees (or privy of the 02cv2219 plaintiffs) herein, that relate to the predatory criminal usury convertible notes', GX 1-4, as constituting an extant or "live" justiciable, concrete adverse "legally protected right or interest" within the scope of Article III standing requirements.*

Because all such purported claims related to the null and void ab initio and moot Predatory Criminal Usury Subject Matter,  GX 1-4, and GX 5, have been ***voluntarily and conclusively*** abandoned, waived, forfeited, dismissed with prejudice, and extinguished as a matter of law, all conflicting orders, judgments, or contentions in **03-93031 (Dkt. 5-1 to 5-6, and 5-7 to 5-10)** or **25cv00613** are null and void ab initio, moot, ultra vires, extra-judicial, nullities, and must be dismissed, annulled, or disregarded as nullities and ultra vires, *Steel Co.,* 523 U.S. at 93-95.

As a result, Appellants remain the sole and exclusive final judgment "prevailing parties" with respect to all relevant aspects of this litigation (25cv00613), in the Chapter 11 (03-93031), in 02cv2219 (SDNY), in 04cr1224 (SDNY), in 05cr1115 (SDNY), and in *In re Ware* (2008) (Supreme Court of GA) (predatory, racially-motivated, retaliatory Hobbs Act, theft of property, fraudulent, fabricated, fake, and manufactured purported disbarment proceedings).

# V. CONCLUSION AND REQUEST FOR RELIEF

In light of the foregoing indisputable facts and undenied legal analysis, Appellants respectfully urge this Court to:

1. **Confirm** the res judicata and collateral estoppel consequences of the December 20, 2007, Rule 41(a)(2) Final Judgment in 02cv2219 (S.D.N.Y.) under *Federated*, 452 U.S. 394 and declare it binding upon all parties, their privies, and all courts dealing with the same Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5.
2. **Declare** that, by operation of law, any ruling, judgment, or order in 25cv00613 or 03-93031 that conflicts with, contradicts, hinders, negates, dilutes, or disregards the binding preclusive effect of Judge Sand's Rule 41(a)(2) December 20, 2007, Final Judgment is void, moot, extra-judicial, and ultra vires and must be treated as such, including any supposed "findings" of a valid or enforceable right in the so-called "Predatory Criminal Usury Subject Matter." (Dkt. 5-7 to 5-10).
3. **Acknowledge** that the Rule 41(a)(2) final judgment vests Appellants with the status of "Final Judgment Prevailing Parties" for all relevant purposes, thereby foreclosing Appellees' contradictory factual allegations or legal contentions.
4. **Grant Any Additional Relief** necessary to effectuate the final judgment's res judicata impact and to ensure that the +$522 million in short-swing insider-trading profits be treated as property of the 03-93031 bankruptcy estate, subject to turnover under 11 U.S.C. § 542(a), 15 USC § 78p(b), and *Roth*, 489 F.3d at 506-10, and distribution to legitimate creditors.

Appellants trust that this clarifies the dispositive effect of Judge Sand's voluntary December 20, 2007, Final judgment, Ex. A, infra, and appreciate the Court's attention to this crucial matter.

**Respectfully submitted,**

/s/ Ulysses T. Ware

**I, Ulysses, attorney in fact for the Appellants** Group Management (a sole proprietorship) and
Ulysses T. Ware

cc:
- Executive Director, Administrative Office of the U.S. Courts
- Office of the FBI Director

### 28 USC § 1654 Pro Se Appellants' Certificate of Service and Filing.

I, Ulysses T. Ware, attorney in fact for the Appellants, (see Dkt. 13: Ulysses T. Ware's entry of
appearance in 25cv00613 for Appellant Group Management), hereby certify under penalty of
perjury that on this 21st day of March 2025, I caused to be served a true and correct copy of the
foregoing Appellants' Memorandum of Law (#7) in Support of Dkt. 12, Application for Show
Cause Order and Other Reliefs, with respect to Judge Sand's, 02cv2219 (SDNY), December 20,
2007, Dkt. 90, Rule 41(a)(2) Final Judgment and Application of **Federated Dep't Stores, Inc. v.
Moitie** via U.S. mail and electronic mail to the Chambers of the Hon. District Judge Michael L.
Brown and to the Office of the District Clerk (NDGA), Executive Director Administrative Office
of the U.S. Courts, and Office of the FBI Director.

Signed under oath subject to the penalty of perjury having personal knowledge of the facts,
pursuant to 28 USC § 1746 this 21st day of March 2025, in Brooklyn, NY.

/s/ Ulysses T. Ware

For Ulysses T. Ware, a natural person, d/b/a Group Management, a sole proprietorship, pursuant
to 28 USC § 1654.

Page **15** of 22
Friday, March 21, 2025
(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of
Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

# Exhibit A—Judge Sand's 02cv2219 (SDNY) voluntary Dec. 20, 2007, Rule 41(a)(2) Final Judgment (Dkt. 5-13 on pages 46-47).

Case 1:25-cv-00613-MLB    Document 5-13    Filed 03/07/25    Page 46 of 270

Exhibit 2--Dkt. 90 (Binding Final Judgment)—02cv2219 (SDNY) Prevailing Parties Chapter 11 Debtor Group Management and 11 USC §1109(b) statutory party in interest Ulysses T. Ware's Final Judgment— December 20, 2007, Dkt. 90, Case No. 02cv2219 (SDNY), District Judge Leonard B. Sand, Fed. R. Civ. P. Rule 41(a)(2) voluntary, ex parte *Dismissal with Prejudice* of the 02cv2219 (SDNY) Lawsuit *After the Statute of Limitation Had Run on All Claims Final Judgment conferred final judgment prevailing party status on Group Management and Ulysses T. Ware*.[7]

---

[7] KTS' *unregistered broker-dealer clients'* Dec. 20, 2007, *voluntary* Rule 41(a)(2) *dismissal with prejudice* of the 02cv2219 (SDNY) lawsuit—final judgment on the merits for the Chapter 11 debtor, Group Management, and 11 USC §1109(b) statutory party in interest Ulysses T. Ware, is currently and will be enforced against Hagenau, KTS, its clients, and each 18 USC §1962(d) unindicted coconspirator *resisting* the *legal and equitable preclusive effects*—that is, the immediate 11 USC §542(a) turnover of all Chapter 11 estate assets, of the binding court order, see 18 USC §§401(2), and 401(3), and Fed. R. Crim. P. 42.

Page 23 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).



Page 24 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

**Exhibit B—Judge Sand's Aug. 13, 2003, 15 USC § 78p(b) statutory insider final order: Judge Sand ruled and found as fact that Appellees, 02cv2219 (SDNY) plaintiffs, Appellee KTS' _unregistered broker-dealer clients_ "beneficially owned more than 9.9% of GMC's stock" which (i) as a matter of law precluded and prohibited any alleged "creditor" status during the 03-93031 Chapter 11; and (ii) required the Section 16(b) disgorgement and  11 USC § 542(a) turnover of +$522 million in short-swing insider-trading profits to the 03-93031 Chapter 11 estate for administration to the lawful creditors and residual corpus returned to Group Management to fund its business plan post Chapter 11.**

Case 1:25-cv-00613-MLB    Document 17-7    Filed 03/25/25    Page 19 of 24

Exhibit 1—Dkt. 65, Aug. 13, 2003, Sand, J.) (deceased), 02cv2219 (SDNY): Unappealed Judicial ruling (collateral, equitable, and judicial estoppel) of 15 USC §78p(b) *statutory insider status* (disgorgement of all profits requirement to the Chapter 11 estate) for each of KTS' *unregistered broker-dealer* clients (see Ex. 3, infra) with respect to the Chapter 11 debtor's, Group Management Corp.'s, publicly-traded equity securities.[6]

---

[6] Judge Sand's Aug. 13, 2003, ruling, binding **a lawful court order**—(A) subject to enforcement against Hagenau, KTS, its client, et al., via civil and criminal contempt (18 USC §§401(2), 401(3)) absolutely binding on the 03-93031 Chapter 11 Bankruptcy Court (NDGA) (Hagenau, C.J.), which (B) **conferred** *fiduciary duty status* on all 18 USC §1962(d) racketeering to commit bankruptcy fraud unindicted coconspirators to wit, Hagenau, KTS, its partners, each of **KTS' unregistered broker-dealer clients, et al.**—that is, Hagenau, KTS, its partners, and its clients are subject to (i) **an existing and extant and current** *equitable lien on their personal and individual assets,* (ii) current and extant constructive trust impressed on their assets, (iii) and U.C.C. Article 1 encumbrance and lien on their assets in the amount of **+$522M** *plus interest* running from the date of Judge Sand's 15 USC §78p(b) court order, August 13, 2003, (i.e., stolen and concealed property and assets of the 03-93031 Chapter 11 estate).

Page 20 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

**Ex. 1**—(Dkt. 65, 02cv2219)—(18 USC § 1961(1) Racketeering Overt and Predicate Act) Aug. 13, 2003, Dkt. 65 02cv2219 (SDNY), Sand, J. (deceased) **binding judicial ruling and court order**—Judge Sand in ex parte communications found each KTS client to be a 15 USC § 78p(b) statutory insider of Group Management Corp, and therefore triggered the Section 16(b)/11 USC §542(a) disgorgement/turnover requirement, which was not appealed by KTS' clients, and is therefore, *ipso facto, as a matter of law and fact res judicata and collateral estoppel against KTS, Kadaba, the SBGA, NeSmith, Fredrick, Hagenau, and the 03-93031 (BC NDGA) bankruptcy court pursuant to FRE 201(b) judicial notice*.

Appx 34-2—GX 24 (Dkt. 65, 02cv2219)—found each 02cv2219 plaintiff to be a 15 USC 78p(b) statutory insider of GPMT, and their and their agents required to disgorge back to GPMT +$500 million in trading profits.



**Page 21 of 162**
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

The conspiracy to commit securities and bankruptcy fraud by KTS during the In re Group Mangement Corp, 03-93031 (BC NDGA) Chapter 11 proceedings. KTS' clients' judicially admitted in ex parte communications with the 02cv2219 (SDNY) district court (Sand, J.) that KTS did in fact knowingly violated 18 USC 2, 157, 371, 924(c), 1201-02,1341, 1343, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(B) and 1962(d) by concealing and suppressing its clients' ownership of GPMT's stock.

letter relating not to Plaintiff Stonestreet, but rather to Plaintiff Alpha Capital. Plaintiff

stipulated, upon inquiry from Chambers, that Stonestreet in fact beneficially owned more than

9.9% of Group Management's stock.

Given the above facts, the Court observes that the conditions set in the July 2 Order

regarding the Stonestreet conversion request have not been met, and that Defendant is therefore

not in contempt of that Order, or of the follow-up Order of July 23. Nonetheless, pursuant to

other orders of this Court, including the Order and Judgment of November 25, 2002, Defendant

is still bound to honor appropriate conversion requests from Alpha Capital, and Plaintiff has

submitted both an affidavit and opinion letter regarding the legality of this current Alpha

conversion request. Accordingly, failure by Defendant to honor that request within five business

days of this Order shall constitute contempt.

SO ORDERED.

Dated: New York, New York
August 26, 2003

U.S.D.J.

Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Friday, March 21, 2025
(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

.

**End of document**

.

.

(17-11) (Part 17-11) re Appellants' Supplemental Memorandum of law (letter-brief) (#7) in Support of
Application for a Show Cause Order, Stay of Briefing Schedule, and Other Reliefs.

Filed on March 22, 2025

/s/ Ulysses 2. Ware

Ware, et al. v. Alpha Capital, M6, etc
25 cv 00613 (NDGA)
March 22, 2025

Contents:
17-8(CL), 17-8, 17-9, 17-10,
and 17-11 submitted for filing
and docketing in 25 cv 00613

/s/ Ulysses 2. Ware



# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL



US POSTAGE PAID

**$11.00** Origin: 11226
03/22/25
3008710318-20

**PRIORITY MAIL®**

0 Lb 13.00 Oz

RDC 03

EXPECTED DELIVERY DAY: 03/25/25


C039

SHIP
TO: 75 TED TURNER DR SW
ATLANTA GA 30303-3315

**USPS TRACKING #**

9506 5141 8265 5081 1100 06

**MAILING ENVELOPE**
FOR DOMESTIC AND INTERNATIONAL USE



UNITED STATES POSTAL SERVICE. | PRIORITY MAIL
VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

(03.22.25)
FROM:
The Office of Ulysses T. Ware
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226

TO:
The Office of the District Clerk
U.S. District Court (NDGA)
Richard B. Russell Federal Courthouse
75 Ted Turner Dr., SW,
Atlanta, GA 30303

CLEARED SECURITY

Label 228, December 2023   FOR DOMESTIC AND INTERNATIONAL USE

MAR 25 2025
U.S. MARSHALS SERVICE SECURITY
CLEARED

MAR 25 2025
U.S. MARSHALS SERVICE
Atlanta, Georgia

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

**TRACKED ▪ INSURED**



PS00000133100

EP14 October 2024
OD: 15 x 11.625

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE