17-13

## (17-13) (Part 17-13)

## Appellants' Notice of Rule 8013(a)(1) Motion

## Case No. 1:25-cv-00613-MLB

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**MAR 3 1 2025**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

**Monday, March 24, 2025, 10:43:18 AM**

**VIA U.S. MAIL AND ELECTRONIC FILING TO CHAMBERS**

**The Honorable Michael L. Brown**
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re:     ***Ware, et al. v. Alpha Capital, AG, et al.***
Case No. 1:25-cv-00613-MLB (N.D. Ga.)
Related Bankruptcy Case: ***In re Group Management Corp.***, Case No. 03-93031 (Bankr. N.D. Ga.).

---

## APPELLANTS' NOTICE OF RULE 8013(a)(1) MOTION

**PLEASE TAKE NOTICE** that on this 24th day of March 2025, Appellants, Ulysses T. Ware and Group Management, a sole proprietorship, have submitted to this Honorable Court their Bankruptcy Rule 8013(a)(1) **Order, and (iv) Proposed Memorandum Opinion to Enforce the Preclusive Effects of the Final Judgment Entered in 02cv2219 (S.D.N.Y.) on December 20, 2007**.

**NATURE OF MOTION:**

Appellants hereby move this Court for a Protective Order and Injunctive Relief, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the All Writs Act (28 U.S.C. § 1651), 11 U.S.C. §§ 105 and 1142(b), and this Court's inherent supervisory authority, to protect Appellants' legal and equitable rights as the Rule 41(a)(2) Final Judgment Prevailing Parties, and the integrity of these appellate proceedings from the vexatious and improper re-litigation efforts of Appellees, their privies, agents, proxies, surrogates, alter-ego, and all those in active concert therewith, including but not limited to John Doe Insurance Companies ##1-5, and the Georgia Insurance Commissioner, John F. King. Appellants seek to enforce the preclusive effects of the Final Judgment entered in *Alpha Capital AG v. Group Management Corp.*, No. 02cv2219 (S.D.N.Y.) on December 20, 2007, which definitively extinguished the claims now being improperly re-asserted by Appellees in this appeal.

**GROUNDS FOR MOTION:**

This Motion is made and based upon the following grounds:

1. Appellees, the same plaintiffs who voluntarily dismissed their claims with prejudice in the 02cv2219 (S.D.N.Y.) litigation, are attempting to re-litigate and re-assert those extinguished claims in the present 25cv00613 (NDGA) appeal, directly contravening the doctrine of res judicata and the binding effect of the 2007 Final Judgment.
2. Appellees' continued participation in this appeal, via its privies, proxies, surrogates, agents, and alter-egos constitutes an improper and vexatious collateral attack on Judge Sand's Dec. 20, 2007, Dkt. 90, 02cv2219 (SDNY) Rule 41(a)(2) 2007 Final Judgment, undermining judicial finality and the orderly administration of justice.
3. This Court possesses inherent and statutory authority to issue a Protective Order and injunctive relief to enforce its judgments, safeguard its jurisdiction, and prevent vexatious and duplicative litigation.
4. **Appellants are suffering, and will continue to suffer, irreparable harm absent the requested Protective Order and injunctive relief, including escalating legal costs, diversion of resources, and erosion of their fundamental right to judicial finality and repose.**
5. The balance of equities overwhelmingly favors the issuance of a Protective Order and injunctive relief to prevent further abuse of the judicial process and to ensure the integrity of these appellate proceedings.

**RELIEF REQUESTED:**

Appellants respectfully request that this Court enter an Order:

1. **Entering a Protective Order** barring Appellees from submitting further filings that re-litigate claims extinguished by the 2007 Final Judgment;
2. **Issuing an Injunction** prohibiting the re-litigation of claims and issues resolved by the 2007 Final Judgment;

3. **Striking or Dismissing** all filings in this appeal that contravene the 2007 Final Judgment;
4. **Ordering Appellees to Show Cause** why sanctions should not be imposed for violations of ethical rules;
5. **Referring Appellees and their counsel** to disciplinary authorities for investigation of potential misconduct; and
6. **Granting such other and further relief** as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice of Motion, the attached Memorandum of Law, the accompanying Declaration of Privy and Irreparable Harm, the Joint Stipulated Appellate Record, the "Zitter Confessions" (Exhibit F-11), the "KTS Memo" (Exhibit F-10), and all pleadings and papers filed in this action and the underlying proceedings, as well as such other and further relief as the Court may deem just and proper.

Respectfully submitted this 24th day of March 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware

*Ulysses T. Ware*
**Ulysses T. Ware**
Attorney in Fact for Appellants

cc: Chambers of Hon. Michael L. Brown (email)
Jessica Kelley, Courtroom Deputy Clerk (email and mail)
Office of the Clerk (N.D. Ga.)

# 18 USC §§ 2071(a), (b) judicial pleading submitted to the District Court (NDGA) for filing and docketing in 25cv00613 (NDGA).

# /s/ Ulysses T. Ware
# March 24, 2025

# Table of Contents

APPELLANTS' NOTICE OF RULE 8013(a)(1) MOTION ....................................................................... 1

(17-13) (Part 17-13) 03.24.25—Appellants' Bankr. Rule 8013(a)(1) Motion for a Protective Order, Injunction, Proposed Order, and Propose Memorandum Opinion. ...................................................... 6

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 24th day of March 2025, I caused to be served a true and correct copy of the foregoing Appellants' (17-13) (Part 17-13) 03.24.25—Appellants' Bankr. Rule 8013(a)(1) Motion for a Protective Order, Injunction, Proposed Order, and Propose Memorandum Opinion, and Other Reliefs via U.S. mail and electronic mail to the Chambers of the Hon. District Judge Michael L. Brown and to the Office of the District Clerk (NDGA), Executive Director Administrative Office of the U.S. Courts, and Office of the FBI Director. ......................................................................................................................................... 7

Appellants' Motion for Protective Order and Injunctive Relief ......................................................... 9

A    REQUESTED RELIEFS: ............................................................................................................ 9

I. INTRODUCTION AND SUMMARY OF RELIEF SOUGHT. ........................................................ 10

II. STATEMENT OF RELEVANT FACTS .......................................................................................... 13

III. LEGAL ARGUMENT .................................................................................................................... 17

    A. Judge Sand's Rule 41(a)(2) Dec. 20, 2007, Final Judgment in 02cv2219 (S.D.N.Y.)—Dkt. 5-13 on pages 46-47, is Final, Conclusive, and Preclusive on all Appellees, the 03-93031 Bankruptcy Court, the 25cv00613 (NDGA) District Court, the Appellees and their Privies as to All Claims or Issues That Were, or Could Have Been, Raised in the 02cv2219 (SDNY) Litigation. .......................................................................................................................................... 17

    B. Appellees' Current Participation in this Appeal Constitutes an Improper and Vexatious Collateral Attack on the 2007 Final Judgment. .............................................................................. 18

    C. This Honorable Court Possesses Ample Inherent and Statutory Authority to Enforce the 2007 Final Judgment and Enjoin Further Relitigation by Appellees. ............................................. 19

    D. The Balance of Equities Overwhelmingly Favors Immediate Injunctive Relief and the Issuance of a Protective Order. .......................................................................................................... 21

IV. APPELLANTS' ARGUMENTS IN SUPPORT OF MOTION FOR PERMANENT INJUNCTIVE RELIEF. ..................................................................................................................... 23

    A. IRREPARABLE INJURY ............................................................................................................ 23

    B. INADEQUACY OF LEGAL REMEDIES .................................................................................. 24

    C. BALANCE OF EQUITIES .......................................................................................................... 24

    D. PUBLIC INTEREST .................................................................................................................... 25

    E. SUCCESS ON THE MERITS ...................................................................................................... 26

    F. SUMMARY ................................................................................................................................... 27

IV. REQUESTED RELIEF .................................................................................................................... 27

V. CONCLUSION .................................................................................................................................. 29

VI.    Appellants' Declaration of Identity of Privies, Agents, Proxies, Surrogates, Surrogates, Alter-ego, and All those in active concert therewith the 02cv2219 (SDNY) plaintiffs; and Declaration of Irreparable Harm. ........................................................................................ 30

    PART I: FACTUAL PREDICATES CONFIRMING IDENTIFICATION OF APPELLEES AS PRIVIES OF THE 02cv2219 (SDNY) PLAINTIFFS. ................................................................ 30

    PART II: FACTUAL PREDICATES ESTABLISHING IRREPARABLE HARM TO APPELLANTS ABSENT PROTECTIVE ORDER AND INJUNCTIVE RELIEF ...................... 34

18 USC § 2071(a), (b) DECLARATION AND CERTIFICATE OF FILING AND  SERVICE. ....... 37

VII. APPELLANTS' PROPOSED ORDER ................................................................................ 39

VIII. MEMORANDUM OPINION AND ORDER ...................................................................... 44

    I. FACTUAL BACKGROUND ............................................................................................ 44

    II. LEGAL ANALYSIS ........................................................................................................ 48

        A. Judge Sand's Dec. 20, 2007, Rule 41(a)(2) voluntary Final Judgment in 02cv2219 (S.D.N.Y.) Conclusively Extinguished All Claims and Issues and Operates as a Complete Bar to Re-litigation by the Appellees, and their privies. ........................................................................ 48

        B. Appellees' Current (by proxy and virtual) Participation in the 25cv00613 (NDGA) Appeal Constitutes an Improper and Vexatious Collateral Attack on the 2007 Final Judgment. ......... 50

        C. This Court's Inherent and Statutory Authority to Enforce the 2007 Final Judgment and Issue Injunctive Relief Under the All Writs Act. .......................................................................... 52

        D. The Overwhelming Balance of Equities Irrefutably Favors Immediate Injunctive Relief and the Entry of a Protective Order. ...................................................................................................... 55

    III. REFERRAL TO DISCIPLINARY AUTHORITIES FOR INVESTIGATION OF PROFESSIONAL MISCONDUCT. ...................................................................................... 57

    VI. FURTHER RELIEF ........................................................................................................ 57

End of document ...................................................................................................................... 59

**(17-13) (Part 17-13) 03.24.25—Appellants' Bankr. Rule 8013(a)(1) Motion for a Protective Order, Injunction, Proposed Order, and Propose Memorandum Opinion.**

## Case No. 1:25-cv-00613-MLB

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**Ulysses T. Ware and  d/b/a Group Management (a sole proprietorship), Appellants,**

**v.**

**Alpha Capital AG, et al., <u>Predatory Unregistered Broker-dealers</u>, Appellees.**

---

**[Docket Text] March 24, 2025, (17-13) (Part 17-13) APPELLANTS' 28 USC § 1654 BANKR. RULE 8013(a)(1) MOTION FOR: (I) PROTECTIVE ORDER, AND (II) INJUNCTIVE RELIEF TO ENFORCE THE PRECLUSIVE EFFECTS OF JUDGE SAND'S FINAL JUDGMENT ENTERED IN 02cv2219 (S.D.N.Y.) ON DECEMBER 20, 2007, PURSUANT TO THE APPELLEES' VOLUNTARY RULE 41(a)(1) DEMAND.**

Respectfully submitted,

/s/ Ulysses T. Ware

*Ulysses J. Ware*

Ulysses T. Ware

28 USC § 1654 Attorney-in-fact for Appellants, Group Management (a sole proprietorship) and Ulysses T. Ware

cc:
The Office of the District Clerk (NDGA).
Executive Director Administrative Office of the U.S. Courts,
Office of the FBI Director,
via U.S. mail.

# (17-13) (Part 17-13)

# Filed on March 24, 2025, 10:43:18 AM

# Case No. 25cv00613 (NDGA) (MLB)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

In re:
**GROUP MANAGEMENT CORP. (Debtor),**

**03-93031 (BC NDGA), Chapter 11**

---

**On appeal in:**

**ULYSSES T. WARE and  d/b/a GROUP MANAGEMENT, (a sole proprietorship),**

**Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al.,** *Predatory Unregistered Broker-Dealers,*

**Appellees.**

---

### 28 USC § 1654 Pro Se Appellants' Declaration and Certificate of Filing

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify under penalty of perjury that on this 24ᵗʰ day of March 2025, I caused to be served a true and correct copy of the foregoing Appellants' **(17-13) (Part 17-13) 03.24.25—Appellants' Bankr. Rule 8013(a)(1) Motion for a Protective Order, Injunction, Proposed Order, and Propose Memorandum Opinion,** and Other Reliefs via U.S. mail and electronic mail to the Chambers of the Hon. District Judge Michael L. Brown and to the Office of the District Clerk (NDGA), Executive Director Administrative Office of the U.S. Courts, and Office of the FBI Director.

Signed under oath subject to the penalty of perjury having personal knowledge of the facts, pursuant to 28 USC § 1746 this 24th day of March 2025, in Brooklyn, NY.



/s/ Ulysses T. Ware

For Ulysses T. Ware, a natural person, d/b/a Group Management, a sole proprietorship, pursuant to 28 USC § 1654.

## Appellants' Motion for Protective Order and Injunctive Relief

**TO THE HONORABLE DISTRICT JUDGE MICHAEL L. BROWN:**

## A    REQUESTED RELIEFS:

Appellants, **Ulysses T. Ware** and **Group Management, a sole proprietorship** (collectively, "Appellants"), respectfully move this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the All Writs Act (28 U.S.C. § 1651), 11 U.S.C. §§ 105 and 1142(b) (to the extent applicable through the Chapter 11 appeal), and this Court's inherent supervisory authority, for (i) a **Protective Order** and (ii) **injunctive relief** barring **Alpha Capital AG, Stonestreet LP, Markham Holdings LP, AMRO International SA,** jointly, ("Predatory Unregistered Broker-dealers" or "Predators" or "Appellees"), their privies, agents, proxies, surrogates, alter-egos, and all those acting in concert with them (collectively, "**Appellees**"), from continuing to litigate and/or participate in this appellate proceeding (Case No. 1:25-cv-00613) or the Chapter 11 proceeding (03-93031 BC NDGA)) in contravention of the voluntary **December 20, 2007, Rule 41(a)(2) Final Judgment** entered by the Honorable Leonard B. Sand in *Alpha Capital AG, et al. v. Group Management Corp., et al.*, No. 02cv2219 (S.D.N.Y.), annulled proceedings, (the "**Annulled Proceedings**").[1] See *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952).[2]

---

[1] 25cv00613 (NDGA), Dkt. 5-13 on pages 46-47.

[2] "Standing alone, the effect of the action of the court on the petition would therefore be to leave the judgment of October 2, 1943, in full force and intact and subject once more to appellate review. But at the same time that the court denied the defendant's petition to vacate and set aside the decree and judgment, *it granted the plaintiff's motion to dismiss its entire case and entered an order of dismissal with prejudice.*

Appellants further seek an order enforcing the **res judicata** and **collateral estoppel** preclusive effects of that final judgment, together with a protective injunction preventing any additional pleadings, motions, or other procedural acts by Appellees that would reassert or indirectly challenge the same nullified and time-barred claims.

# I. INTRODUCTION AND SUMMARY OF RELIEF SOUGHT.

1. **Nature of Dispute.** Appellees, the very same entities, Predators, who in 2002 initiated a protracted and ultimately unsuccessful predatory criminal usury unlawful debt collection lawsuit in violation of the federal loan sharking and racketeering laws, 18 USC §§ 1951(a), 1956-57, 1961(6)(B), and 1962(a-d), against Appellants Group Management and Appellant Ware in the U.S. District Court for the Southern District of New York (02cv2219 (S.D.N.Y.)), now seek to improperly, without Article III standing, as an alleged '*adverse concretely adverse real party in interes*t' resurrect claims, ***moot unlawful debt collection claims***, see Dkt. 5-1 to 5-6, which were definitively extinguished nearly two decades ago in Dec. 2007.

---

*And this action of the court was the equivalent of vacation of the judgment theretofore entered in the case in the plaintiff's favor, so that, perhaps, the court would have been well advised to have entered on its own motion an order vacating that judgment*. See Ericson v. Slomer, 7 Cir., 1938, 94 F.2d 437, 439. *The reason for this is that voluntary dismissal of a suit [02cv2219 (SDNY)] leaves the situation so far as procedures therein are concerned the same as though the [02cv2219 (SDNY)] suit had never been brought*, Maryland Casualty Co. v. Latham, 5 Cir., 1930, 41 F.2d 312, 313, *thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it for the reason that the [02cv2219 (SDNY) and 03-93031 (SDNY)] case has become moot*. Bryan v. Smith, 7 Cir., 1949, 174 F.2d 212, 214, 215. See also United States v. Alaska S. S. Co., 1920, 253 U.S. 113, 116, 40 S. Ct. 448, 449, 64 L. Ed. 808, wherein it is said: "*Where by an act of the parties, or a subsequent law, the existing controversy [with respect to GX 1-4, and GX 5] has come to an end, the [02cv2219, 03-93031, 04cr1224 (SDNY), 25cv00613 (NDGA), and In re Ware (2008) (Supreme Court of GA)] case becomes moot and should be treated accordingly*."" (emphasis added).

2. In a calculated, reckless, negligent, fraudulent, malicious, vexatious maneuver to harass and vex Appellants, these Appellees, (Predators) namely **Alpha Capital AG, Stonestreet LP, Markham Holdings LP, AMRO International SA,** their lawyers (Appellees KTS, Zitter, Grushko, Mittman, Baker & McKenzie, LLP, Mandala, Albaral, Malliband, and Leghorn), **their agents, proxies, surrogates, alter-egos, all those inactive concert therewith,[3] and their "privies"** (who have yet to be definitively identified by the Bankruptcy Court or the District Court), will likely attempt to relitigate, through the guise of this appellate proceeding (Case No. 1:25-cv-00613), the very predatory unlawful debt collection claims they **voluntarily abandoned and dismissed with prejudice** on December 20, 2007, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

3. That voluntary dismissal, entered by late Honorable Leonard B. Sand, District Judge, Southern District of New York, constitutes a final judgment "on the merits," in favor of the Appellants herein with respect to the 02cv2219 (SDNY) annulled proceedings, orders, and judgments, conclusively establishing that any claims then pending—or indeed, *__that could have been brought at that juncture__*—have been *__irrevocably extinguished__* and "barred from future litigation between the parties and their privies." See ***Federated Dep't Stores, Inc. v. Moitie,*** 452 U.S. 394, 398–402 (1981).

4. **Urgent Need for Protective Order and Injunctive Relief.** Notwithstanding the unequivocal finality and binding nature of Judge Sand's voluntary December 20, 2007, Final Judgment, the Appellees, their privies, and their legal representatives, through a series of vexatious and demonstrably bad faith adversarial filings in Appellant's Chapter

---

[3] Specifically, not limited to the State Bar of Georgia, its agents, lawyers, and others in active concert therewith.

11 proceeding (*In re Group Management Corp.*, Ch. 11, No. 03-93031, Bankr. N.D. Ga.) and likely in this patently improper appeal, are engaged in a brazen attempt to re-litigate and re-assert the same, or substantially similar, claims that were unequivocally voluntarily dismissed with prejudice in on Dec. 20, 2007, Dkt. 90, 02cv2219 (S.D.N.Y.). This flagrant and unwarranted conduct constitutes a direct and egregious violation of the doctrine of res judicata and the inviolable preclusive effects of the 2007 Final Judgment, thereby necessitating immediate intervention by this Honorable Court to safeguard the integrity of its jurisdiction and the fundamental principles of judicial finality and repose.

5.  **Legal Authority for Requested Relief.** This Court possesses ample and well-established legal authority to issue the requested Protective Order and injunctive relief. Rule 26(c) of the Federal Rules of Civil Procedure empowers this Court to issue protective orders to safeguard parties from "annoyance, embarrassment, oppression, or undue burden or expense."

6.  Furthermore, the All Writs Act (28 U.S.C. §1651(a)) vests this Court with the ***inherent power*** to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This authority extends to the issuance of injunctions to effectuate and prevent the frustration of prior orders and judgments, and to safeguard the Court's jurisdiction from vexatious and improper collateral attacks. See ***Klay v. United Healthgroup, Inc.***, 376 F.3d 1092, 1097–98 (11th Cir. 2004) (recognizing the broad injunctive powers afforded by the All Writs Act to prevent the relitigation of settled claims and to protect the integrity of prior judgments). As the Supreme Court definitively held in *Moitie*, once a final judgment has been duly entered, ***all subsequent***

*__efforts by parties or their privies to re-litigate the same claims or issues are not only__*

*__procedurally improper but are substantively barred as a matter of law__*.

## II. STATEMENT OF RELEVANT FACTS

1. **The Protracted and Ultimately Dismissed 2002 SDNY Litigation (No. 02cv2219).**

   a) In 2002, predatory unregistered broker-dealers Appellees Alpha Capital AG, Stonestreet LP, Markham Holdings LP, and AMRO International SA (the "02cv2219 Plaintiffs"), initiated protracted and ultimately baseless civil proceedings in the United States District Court for the Southern District of New York (the "SDNY Litigation"), styled as *Alpha Capital AG v. Group Management Corp.*, No. 02cv2219 (S.D.N.Y.). In that ill-fated action, the 02cv2219 Plaintiffs asserted a panoply of specious and meritless claims predicated on alleged purported breaches of certain predatory criminal usury convertible promissory notes, subscription agreements, and other dubious financial instruments (collectively, the "Predatory Criminal Usury Subject Matter Instruments," or "GX 1–4, GX 5"). These instruments, as Appellants have consistently demonstrated and as judicial admissions from Appellees themselves confirm, are void ab initio and criminally usurious under New York law, § 190.40, the criminal usury law, a class E felony, and constitute the very instruments of a predatory loan sharking and racketeering enterprise.

   b) By late 2007, after years of protracted and ultimately fruitless litigation, and facing the imminent prospect of dispositive motions and judicial scrutiny of their baseless predatory claims, the 02cv2219 Plaintiffs, through their then-counsel, Appellee

Kenneth A. Zitter, Esq., voluntarily submitted to the 02cgv2219 (SDNY) district court a **motion to dismiss with prejudice the 02cv2219 proceedings** under Rule 41(a)(2) of the Federal Rules of Civil Procedure. This voluntary dismissal, ***strategically timed after the expiration of all applicable statutes of limitation on their claims***, was a tacit admission of the utter lack of merit of their underlying cause of action and a calculated maneuver to avoid adverse judicial findings on the merits.

c) In accordance with the 02cv2219 Plaintiffs' voluntary motion, the Honorable Leonard B. Sand, a jurist of eminent stature and profound wisdom, entered a **Final Judgment** on December 20, 2007, expressly dismissing **all** claims asserted in the 02cv2219 SDNY Litigation "with prejudice." This unequivocal and unambiguous ***dismissal with prejudice*** constituted a definitive and binding adjudication on the merits, extinguishing all extant claims and precluding any future re-assertion or relitigation of the same cause of action. Significantly, no appeal was ever taken by the Appellees—***because the dismissal was voluntary***, from this dispositive Final Judgment, further solidifying its conclusive and preclusive effect.

2. **Unambiguous Legal Consequences of a Rule 41(a)(2) Dismissal with Prejudice: Adjudication on the Merits and Invocation of Res Judicata.**

a) It is axiomatic in federal jurisprudence that a ***voluntary dismissal with prejudice*** under Rule 41(a)(2) "operates as an adjudication upon the merits," thereby triggering the full preclusive force of the doctrine of res judicata. ***Semtek Int'l Inc. v. Lockheed Martin Corp.***, 531 U.S. 497, 505–06 (2001). This well-established principle, consistently affirmed by the Supreme Court and

federal appellate courts, leaves no room for doubt as to the dispositive and preclusive nature of such a dismissal.

b) Thus, under the Supreme Court's seminal precedents in ***Federated Dep't Stores v. Moitie,*** 452 U.S. at 398–99, and ***Commissioner v. Sunnen,*** 333 U.S. 591, 597–98 (1948), the Final Judgment entered in the 02cv2219 SDNY Litigation, dismissing all claims with prejudice, ***<u>unequivocally bars the same parties (and those in privity with them) from any future attempt to litigate the same cause of action or issues,</u> whether those issues were actually raised and litigated in the prior proceeding, or whether they could have been raised in the original action but were not.*** This *comprehensive preclusive effect* is the very essence of res judicata, designed to promote judicial finality, prevent duplicative litigation, and protect parties from vexatious and harassing lawsuits.

3. **Brazen and Improper Attempts by Appellees to Re-litigate Extinguished Claims in the Bankruptcy Court (03-93031) and this Appeal (25cv00613).**

a) Undeterred by the unequivocal preclusive effect of the 2007 Final Judgment and in flagrant disregard of established principles of res judicata, the same 02cv2219 Plaintiffs (and their legal representatives, including Appellee Kilpatrick Townsend & Stockton LLP and its partners) have engaged in a protracted and demonstrably improper campaign to re-litigate, re-assert, and otherwise revive the very same criminal usury unlawful debt collection claims (see Dkt. 5-1 to 5-6) predicated on the Predatory Criminal Usury Subject Matter Instruments that were conclusively dismissed with prejudice in the 02cv2219 SDNY Litigation.

b) Since 2003, these Appellees have repeatedly ***appeared by proxy*** in *In re Group Management Corp.*, the Chapter 11 proceeding initiated by Appellants in the Northern District of Georgia Bankruptcy Court (03-93031), and appeared virtually in this patently meritless appeal (25cv00613), seeking to enforce the same predatory criminal usury null and void ab initio convertible notes, GX 1-4, and "subscription agreement", GX 5, that were definitively extinguished by Judge Sand's Dec. 20, 2007, Rule 41(a)(2) Final Judgment.

c) Through a series of vexatious and procedurally improper filings in the Bankruptcy Court, Dkt. 5-1 to 5-6, and omission that violated the District Court (NDGA) and State Bar of Georgia's Rules of Professional Conduct, Rule 3.3 (duty of complete candor to the tribunal) in this Court of Appeal, Appellees have engaged in a transparent and legally unsustainable attempt to circumvent the binding preclusive effect of the 2007 Rule 41(a)(2) Final Judgment and to obtain judicial relief predicated upon claims that are res judicata and collaterally estopped. Appellants maintain that this relentless re-litigation effort—through proxies, privies, surrogates, alter-egos, and those in active concert with the Predators is expressly barred by the 2007 Final Judgment and constitutes a deliberate and bad faith collateral attack on a valid and dispositive judicial decree. ***Federated***, 452 U.S. at 398, 401-02.

4. **Resulting and Ongoing Prejudice to Appellants: Undue Burden, Expense, and Deprivation of Judicial Finality.**

a) As a direct consequence of Appellees' persistent and improper re-litigation efforts, Appellants are subjected to ongoing and substantial prejudice, including

the incurrence of significant and unnecessary legal costs, the diversion of resources and management attention from legitimate business operations, and the perpetuation of procedural complexities and uncertainties that undermine the orderly administration of justice. Appellants are being compelled to expend significant resources to defend against claims that have been conclusively adjudicated and extinguished, a manifest injustice that warrants immediate judicial intervention.[4]

b)  Furthermore, Appellees' and their privies' res judicata violations[5] serve to confuse the judicial record, waste scarce judicial resources, and undermine the fundamental principle of judicial economy, requiring this Court to expend time and effort adjudicating claims and issues that have already been definitively resolved by a prior Dec. 20, 2007, Rule 41(a)(2) final judgment.[6] This inefficient and duplicative litigation imposes an undue burden on the Court and on the entire judicial system, warranting the imposition of a Protective Order and injunctive relief to prevent further abuse and to safeguard the integrity of these appellate proceedings.

## III. LEGAL ARGUMENT

**A. Judge Sand's Rule 41(a)(2) Dec. 20, 2007, Final Judgment in 02cv2219 (S.D.N.Y.)—Dkt. 5-13 on pages 46-47, is Final, Conclusive, and Preclusive on all**

---

[4] See 25cv00613 (NDGA) Dkt. 5-13 and 5-14, Dkt. 12, Dkt. 14, and Dkt. 15.

[5] See Id., Dkt. 5-7 to 5-10.

[6] See Id., Dkt. 5-13 on pages 46-47.

**Appellees, the 03-93031 Bankruptcy Court, the 25cv00613 (NDGA) District Court, the Appellees and their Privies as to All Claims or Issues That Were, or Could Have Been, Raised in the 02cv2219 (SDNY) Litigation.**

1.  The doctrine of res judicata, or claim preclusion, is a "rule of fundamental and substantial justice," *Federated Dep't Stores*, 452 U.S. at 401, embodying the essential principles of judicial finality, repose, and the efficient administration of justice. Under well-established Supreme Court precedent, a final judgment that definitively disposes of an action with prejudice, such as the Rule 41(a)(2) dismissal in the 02cv2219 SDNY Litigation, bars the same parties (and those in privity with them) from any subsequent re-litigation of the same claims, or any claims or issues that were actually raised or that could have been properly raised in the original action. *Commissioner v. Sunnen*, 333 U.S. 591, 597–98 (1948); *Federated Dep't Stores* 452 U.S. at 398.

2.  In the instant matter, the 02cv2219 Plaintiffs, Appellees herein, voluntarily and unequivocally dismissed their claims against Appellants in the 02cv2219 SDNY Litigation with prejudice. This voluntary dismissal with prejudice, as a matter of black-letter law, operates as a conclusive adjudication upon the merits, extinguishing the entirety of the 02cv2219 Plaintiffs' cause of action and barring any future attempts to re-assert or relitigate the same claims or issues. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. at 505–06 (2001). Consequently, Appellees (and any parties in privity with them, as detailed in Appellants' prior memoranda) are now categorically and permanently precluded, under the doctrine of res judicata, from resurrecting those definitively extinguished claims in the bankruptcy proceedings, in this appeal, or in any other forum.

**B. Appellees' Current Participation in this Appeal Constitutes an Improper and Vexatious Collateral Attack on the 2007 Final Judgment.**

1.  Appellees' persistent and legally unsustainable attempts to continue enforcing or asserting claims predicated on the Predatory Criminal Usury Subject Matter Instruments, despite the unequivocal dismissal with prejudice in the 02cv2219 SDNY Litigation, constitute an improper and vexatious collateral attack on the 2007 Final Judgment, directly contravening established principles of res judicata and judicial finality. As the Supreme Court cautioned in **Federated Dep't Stores**, 452 U.S. at 398, the doctrine of res judicata is designed to prevent such piecemeal and duplicative litigation and to protect the integrity of final judgments from unwarranted and harassing collateral attacks.

2.  The Supreme Court's foundational holding in **Steel Co. v. Citizens for a Better Env't**, 523 U.S. 83, 93–95 (1998), further underscores the impropriety of Appellees' current procedural posture. *Steel Co.* definitively establishes that federal courts, as courts of limited jurisdiction, cannot and must not entertain merits-based arguments or adjudicate substantive claims where a party patently lacks standing or is otherwise barred from proceeding due to a prior dispositive judgment. In the present matter, Appellees, as privies of the 02cv2219 Plaintiffs and subject to the preclusive effects of the 2007 Final Judgment, are manifestly barred from re-asserting or relitigating the claims extinguished in that prior action. Consequently, Appellees' re-introduction of the Predatory Criminal Usury Subject Matter Instruments to support any purported "claim" or "defense" in this appeal is necessarily improper, unauthorized, and should be immediately enjoined by this Honorable Court.

## C. This Honorable Court Possesses Ample Inherent and Statutory Authority to Enforce the 2007 Final Judgment and Enjoin Further Relitigation by Appellees.

1. **Broad Authority Under the All Writs Act (28 U.S.C. § 1651) to Issue Injunctive Relief to Protect and Effectuate Prior Judgments.** This Court possesses broad and well-established authority, both inherent and statutory, to issue the requested Protective Order and injunctive relief to enforce the conclusive and preclusive effect of the 2007 Final Judgment and to prevent further vexatious re-litigation by Appellees. The All Writs Act, 28 U.S.C. § 1651, is a potent and flexible statutory instrument that empowers federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

   This expansive grant of authority explicitly encompasses the power to issue injunctions to effectuate and protect prior judgments, and to prevent parties from engaging in conduct that would undermine the finality and integrity of those judgments. See *Klay*, 376 F.3d at 1097–98 (recognizing the All Writs Act as a source of injunctive power to prevent the relitigation of settled claims and to enforce res judicata). I

   In the instant matter, an injunction barring Appellees from any and all further re-litigation of the predatory unlawful debt collection claims in violation of federal racketeering laws, 18 USC §§ 1951(a), 1956-57, 1961(6)(B), and 1962 (a-d), extinguished by Judge Sand's Rule 41(a)(2) 2007 Final Judgment is not only "necessary" and "appropriate" but is critically essential to preserve this Court's jurisdiction, protect the integrity of the judicial process, and effectuate the binding preclusive force of a prior final judgment duly entered by a United States District Court.

2. **Inherent Power of the Court to Protect its Judgments and Prevent Vexatious and Duplicative Litigation.** Even absent explicit statutory authorization, ***this Court, as an Article III federal court, possesses inherent power to protect its judgments from vexatious, harassing, and duplicative litigation, and to ensure the orderly and efficient administration of justi***ce. The Supreme Court has long recognized the *inherent authority* of federal courts to take appropriate measures to manage their dockets, control the conduct of litigants, and protect the integrity of the judicial process from abuse. ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 43 (1991).

*This inherent power extends to the issuance of injunctions and protective orders designed to prevent parties from engaging in conduct that undermines the finality of judgments, wastes judicial resources, and subjects opposing parties to undue burden and expense.* Given the extensive and protracted litigation history of this matter, the unequivocal preclusive effect of Judge Sand's 2007 Final Judgment, and Appellees' demonstrably bad faith and vexatious re-litigation efforts, this Court should invoke its inherent authority to issue the requested Protective Order and injunctive relief, ***thereby safeguarding its jurisdiction, conserving judicial resources, and protecting Appellants from further harassment and abuse of the judicial process***.

## D. The Balance of Equities Overwhelmingly Favors Immediate Injunctive Relief and the Issuance of a Protective Order.

1. The balance of equities in this matter overwhelmingly favors the issuance of immediate injunctive relief and the entry of a Protective Order barring Appellees from further re-litigation of the claims extinguished by the 2007 Final Judgment. Appellants are facing

ongoing and substantial prejudice as a direct result of Appellees' res judicata violations, including the incurrence of unnecessary and escalating legal costs, the diversion of valuable resources from their legitimate business operations, and the perpetuation of procedural complexities and uncertainties that undermine the orderly administration of justice. Absent immediate injunctive relief, Appellants will continue to suffer irreparable harm as they are compelled to expend further resources defending against claims that have been definitively adjudicated and extinguished.

2. Conversely, Appellees will suffer no cognizable harm from the issuance of the requested injunction and Protective Order, as they possess no legitimate legal right or equitable basis to re-litigate claims that were voluntarily dismissed with prejudice nearly two decades ago. Judicial economy and the efficient administration of justice overwhelmingly favor halting these duplicative and vexatious claims immediately, preventing the further waste of scarce judicial resources and the imposition of undue burden and expense on Appellants and this Honorable Court. As the Supreme Court has repeatedly affirmed, the doctrine of res judicata and the principle of judicial finality are not mere technicalities but fundamental pillars of our legal system, designed to promote repose, prevent duplicative litigation, and ensure that final judgments are respected and enforced, not disregarded and collaterally attacked. *Federated Dep't Stores v. Moitie*, 452 U.S. at 401; *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. at 505–06.

# IV. APPELLANTS' ARGUMENTS IN SUPPORT OF MOTION FOR PERMANENT INJUNCTIVE RELIEF.[7]

Appellants Ulysses T. Ware and Group Management (a sole proprietorship), by and through undersigned attorney in fact, respectfully submit this concise memorandum of law in support of their concurrently filed Motion for Protective Order and Injunctive Relief, seeking to prohibit Alpha Capital AG, its co-plaintiffs in 02cv2219 (SDNY), their privies, and legal surrogates from further participation in the instant appeal in violation of a binding final judgment.

The requested injunction is warranted under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), and its equitable four-part test. Each element is established below.

## A. IRREPARABLE INJURY

The Appellants are suffering ongoing irreparable harm by the continued participation of the 02cv2219 (SDNY) plaintiffs and their legal agents in this appeal, despite the Rule 41(a)(2) final judgment entered on December 20, 2007. That judgment dismissed all claims with prejudice

---

[7] In 25cv00613, the brazen reentry of the predatory and criminal 02-cv-2219 plaintiffs and their privies, devoid of any intervening judgment, is a flagrant and contemptuous assault on Judge Sand's Dec. 20, 2007, Rule 41(a)(2) binding federal judgment entered on the Appellees' and their privies' own voluntary motion (see 25cv00613 (NDGA), Dkt. 5-13 on pages 46-47). It flagrantly violates the December 20, 2007, Rule 41(a)(2) dismissal with prejudice by attempting to revive and give preclusive effect to irretrievably extinguished predatory unlawful debt collection claims (see Id., Dkt. 5-7 to 5-10). This *audacious judicial disregard for finality* drags Appellants back into litigation over resolved controversies, wasting precious judicial resources. Such flagrant judicial misconduct inflicts enduring reputational harm and procedural chaos—injuries uncorrectable by ordinary remedies. Courts have consistently emphasized that once the 02cv2219 (SDNY) appeal period lapses, the sanctity of judgment is unassailable. Efforts to relitigate settled matters corrode public trust in the judiciary, rob the prevailing parties of repose, and pollute the 25cv00613 (NDGA) appellate docket by admitting parties with no Article III standing (Appellees, their privies proxies, surrogates, agents, alter-ego, and all those in active concert therewith. Res judicata stands to protect finality, conserve the judiciary's limited bandwidth, and enforce due process—an indispensable safeguard against the lawless duplicity displayed here.

and resolved the enforceability of the underlying predatory unlawful debt instruments GX 1 through GX 5.

The reappearance of these same parties in 25cv00613, who were the initiating plaintiffs in 20cv2219 (SDNY), constitutes a **collateral attack** on a final judgment, undermines the preclusive effect of the Southern District of New York judgment, and strips Appellants of the core protection conferred by res judicata. There is no adequate legal remedy for the reputational damage, jurisdictional entanglement, or strategic burden imposed by defending against extinguished claims. Such interference threatens the finality of judicial proceedings and compromises Appellants' appellate rights.

## B. INADEQUACY OF LEGAL REMEDIES

No monetary damages can rectify the incursion on a final federal judgment or the structural harm to Appellants' right to litigate without facing previously adjudicated and extinguished claims. Appellants are compelled to divert resources and time to respond to parties who have no Article III standing. The law provides no mechanism to "undo" the distortion to the appellate process caused by the unauthorized presence of precluded parties other than through injunctive relief.

Moreover, the misconduct of the Appellees—reappearing in direct violation of Judge Sand's 2007 final judgment—constitutes an affront to the Court's inherent power to enforce its own judgments and supervise its jurisdiction. See *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

## C. BALANCE OF EQUITIES

The balance of hardships tips sharply in favor of Appellants. Appellees, having voluntarily dismissed their claims with prejudice in 2007, possess no valid legal interest in this litigation. By contrast, Appellants are bearing substantial burdens, including the threat of relitigation, reputational injury, and jurisdictional uncertainty.

Appellants are the only parties with a legitimate, adjudicated legal stake in this appeal. Any hardship Appellees may assert is self-inflicted and unauthorized, stemming from an intentional disregard for the 2007 judgment.

## D. PUBLIC INTEREST

Granting injunctive relief vindicates core constitutional and institutional values. It enforces the finality of federal court judgments, deters vexatious litigation, preserves judicial economy, and promotes respect for lawful adjudications. Courts have repeatedly held that the public interest is served by preventing abuse of the judicial system and upholding the integrity of prior rulings. See *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944).[8]

---

[8] In ***Hecht Co. v. Bowles***, 321 U.S. 321, 329 (1944), the Supreme Court reaffirmed the judiciary's broad equitable authority to issue injunctions where necessary t*o **protect institutional integrity*** and prevent irreparable harm. Applied here, *Hecht* squarely supports the Appellants' request to enjoin precluded parties (the Appellees and their privies) from subverting Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment entered in 02cv2219 (SDNY). The public interest is best served by preserving the sanctity of final federal adjudications, ***deterring bad-faith relitigation***, and upholding the rule of law. As *Hecht* teaches, equity exists precisely to guard against such systemic abuses—not merely to punish, but to preserve justice.

The appearance of precluded litigants in 25cv00613, after their claims were dismissed with prejudice by Judge Sand, subverts the orderly functioning of the federal judiciary and violates the public's interest in finality and repose.

## E. SUCCESS ON THE MERITS

While the traditional four-part test for preliminary injunctive relief under ***Winter v. NRDC,*** 555 U.S. 7, 20 (2008), includes a requirement to show a likelihood of success on the merits, the standard for a *permanent injunction*—applicable here—is materially different. Under *eBay*, the issuance of permanent injunctive relief presumes that the movant (Appellants) has **already prevailed** on the merits with respect to Judge Sand's Rule 41(a)(2) final judgment. They have as the Final Judgment Prevailing Parties. ***Federated***, 452 U.S. at 398.

Here, Appellants have indisputably satisfied that threshold. The Rule 41(a)(2) final judgment entered by the late Hon. Leonard B. Sand in ***Alpha Capital AG, et al. v. Group Management Corp.***, **et al**., No. 02cv2219 (SDNY), *constituted a final adjudication on the merits as to all claims, and was entered with prejudice after the expiration of the limitations period*. No appeal was taken, or authorized to be taken, by the Appellees or their privies *given the voluntary nature* of the Rule 41(a)(2) final judgment.

This finality triggers full res judicata preclusive effect and bars all further litigation or ***collateral participation by those plaintiffs or their legal privies***. See ***Semtek Int'l Inc. v. Lockheed Martin Corp.***, **531 U.S. 497, 505–06 (2001)**; *Moitie*, 452 U.S. at 398–402. The Supreme

Court has consistently reaffirmed that a dismissal with prejudice "operates as an adjudication on the merits." ***Angel v. Bullington***, 330 U.S. 183, 190 (1947).[9]

Accordingly, the Appellants' right to relief is not merely probable—it is fully established. This element is therefore satisfied as a matter of law.

## F. SUMMARY

Appellants have met all equitable factors for injunctive relief under *eBay*, and have already prevailed on the merits with respect to all issues, facts, and claims apropos the 02cv2219(SDNY) lawsuit via Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final federal judgment. Appellants respectfully request that this Court issue an injunction barring further participation by the precluded parties, consistent with its equitable powers and obligations under 28 U.S.C. §1651.

## IV. REQUESTED RELIEF

Accordingly, Appellants respectfully request that the Court:

1. **Enter a Protective Order** under the All Writs Act and Rule 26(c) **barring** Alpha Capital AG, Stonestreet LP, Markham Holdings LP, AMRO International SA, and ***privies, proxies, their counsel, agents, surrogates, alter egos, successors, assigns, or any persons acting in concert with them***, **from submitting** any further pleadings, briefs, motions, argument, papers, or other filings in this appellate proceeding (25cv00613) or the 03-93031 Chapter

---

[9] In *Angel v. Bullington*, 330 U.S. 183, 190 (1947), the Supreme Court held that a final judgment entered by a court of competent jurisdiction has full res judicata effect even if based solely on a legal ground rather than a factual adjudication. There, a state court's legal dismissal of a deficiency claim barred a later federal action on the same note. The Court emphasized that judgments—even if based on "an erroneous view of the law"—must be respected for their finality. Applied here, ***Angel affirms that Judge Sand's Dec. 2007 Rule 41(a)(2) final judgment dismissal with prejudice in 02cv2219 (SDNY) bars relitigation***.

11 Bankruptcy Court that rely on or otherwise in whole and/or in part that seek to enforce, collect, or revive the predatory criminal usury unlawful debt collection claims dismissed in 02cv2219 (S.D.N.Y.), cf., 25cv00613 (NDGA) Dkt. 5-1 to 5-10, with respect to the null and void ab initio, uncollectible, and unenforceable Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5;

2. **Issue an Injunction** under the All Writs Act, 28 U.S.C. § 1651, (i) **prohibiting** the re-litigation of the same or similar claims or issues resolved by Judge Sand's December 20, 2007, final judgment, including any indirect attempts to undermine its preclusive effect; (ii) enjoin the United States Bankruptcy Court (NDGA), it judges, employees, and agents (the Office of the U.S. Trustee, Region 21) from reviewing, adjudicating, and/or entering any order, or judgment, or conducting any proceeding(s) that interferes with, impedes, hinders, nullifies, or obstructs the Appellants' legal and equitable rights as the Rule 41(a)(2) Final Judgment Prevailing Parties with respect to Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment;

3. **Strike or Dismiss** all pending filings in this appeal submitted by the barred parties that contravene Judge Sand's Rule 41(a)(2) 2007 final judgment, unless and until they make a sworn showing of independent, non-precluded standing consistent with *Steel Co.* and *Moitie*;

4. **Order to Show Cause** why sanctions should not be imposed on attorneys or other individuals (privies of the 02cv2219 (SDNY) plaintiffs),[10]  who continue to violate Rule

---

[10] See Section VI, infra (Appellants' Declaration of Privy Status).

3.3 and Rule 8.4 of the applicable Rules of Professional Conduct by presenting arguments or claims that were conclusively extinguished in 02cv2219;

5. **Refer** any implicated attorneys or entities to the appropriate disciplinary authorities if the Court finds intentional, bad faith, knowing misconduct or a pattern of litigation abuse; and

6. **Grant such other relief** as the Court deems just and proper to effectuate and preserve the integrity of Judge Sand's Rule 41(a)(2) 2007 final judgment.

## V. CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Honorable Court enter a Protective Order and injunctive relief to enforce the res judicata and collateral estoppel effects of Judge Sand's December 20, 2007, Rule 41(a)(2) dismissal with prejudice in ***Alpha Capital AG, et al. v. Group Management Corp., et al.,*** No. 02cv2219 (S.D.N.Y.). Upholding the conclusive Final Judgment will serve the paramount public policy interests of judicial finality, judicial economy, and the fundamental protection of litigants from repeated harassment and inconsistent outcomes, while ensuring that the integrity of this Court's appellate proceedings is preserved and protected from further abuse.

Respectfully submitted this 24th day of March 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ **Ulysses T. Ware**
**Ulysses, attorney in fact for the Appellants**

*Ulysses J. Ware*

## VI.  Appellants' Declaration of Identity of Privies, Agents, Proxies, Surrogates, Surrogates, Alter-ego, and All those in active concert therewith the 02cv2219 (SDNY) plaintiffs; and Declaration of Irreparable Harm.

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

**Monday, March 24, 2025, 10:43:18 AM**

### APPELLANTS' DECLARATION OF PRIVY AND IRREPARABLE HARM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEFS.

**Case Name:** *Ulysses T. Ware and Group Management v. Alpha Capital, AG, et al.*
**Case No.:** 1:25-cv-00613-MLB (NDGA)
**Filing Date:** March 24, 2025

**(17-13A) (Part 17-13A) Re: Appellants' Declaration of Privy and Irreparable Harm in Support of Motion for Protective Order and Injunctive Relief**

**I, Ulysses T. Ware,** declare under penalty of perjury under the laws of the United States of America that the following facts are true and correct to the best of my knowledge, information, and belief, and are based upon personal knowledge and a diligent review of the record in this matter and related proceedings, pursuant to 28 USC 1746, having personal knowledge of the facts declares and says:

## PART I: FACTUAL PREDICATES CONFIRMING IDENTIFICATION OF APPELLEES AS PRIVIES OF THE 02cv2219 (SDNY) PLAINTIFFS.

1. **Direct Identity of 02cv2219 Plaintiffs as Appellees:** Alpha Capital AG, Stonestreet L.P., Markham Holding, Ltd., and AMRO International, S.A. are unequivocally identified as Appellees in the present 25cv0613 (NDGA) appeal.[11] These predatory loan sharking entities (and their privies) are the identical named plaintiffs who on Dec. 20, 2007, Dkt.

---

[11] See 25cv00613 (NDGA), Dkt. 5-2, 5-4, 5-5, and 5-6 for Appellee KTS' predatory unregistered broker-dealer clients' fraudulent participation in the 03-93031 Chapter 11 proceedings while lacking Article III standing to appear therein to enforce and/or collection of the Predatory Criminal Usury Unlawful Debts, GX 1-4, in violation of the federal racketeering and loan sharking laws, 18 USC 1951(a), 1956-57, 1961(6)(B), and 1962(a-d), a pattern of racketeering activities.

90, Sand, J., pursuant to Rule 41(a)(2) voluntarily dismissed their claims with prejudice in the 02cv2219 (SDNY) litigation, thereby establishing their direct party status and preclusion under principles of res judicata as analyzed in Appellants' Memorandum of Law (#7), (Part 17-11). This direct identity and prior adjudication on the merits form the bedrock for privity and claim preclusion.

2. **KTS and Partners as Legal Representatives and Agents of 02cv2219 Plaintiffs:** Kilpatrick Townsend & Stockton LLP ("KTS") and its partners Dennis S. Meir, John W. Mills III, J. Henry Walker IV, and Wab Kadaba acted as the authorized legal representatives and agents for the 02cv2219 plaintiffs in the 02cv2219 (SDNY) litigation, the 03-93031 (NDGA) Chapter 11 proceeding, and the present 25cv00613 (NDGA) appeal. This pre-existing attorney-client relationship, a "substantive legal relationship" under *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008), establishes a clear nexus of privity, binding KTS and its partners to the preclusive effects of the 2007 Final Judgment.[12]

3. **Kenneth A. Zitter and Arie Rabinowitz (attorney in fact), convicted felon Edward M. Grushko, Esq., Barbara R. Mitman, Esq. as Attorneys Directly or Indirectly Representing 02cv2219 Plaintiffs:** Attorneys Kenneth A. Zitter and Arie Rabinowitz, who personally appeared and litigated on behalf of the 02cv2219 plaintiffs in the 02cv2219 (SDNY) litigation and related proceedings,[13] are also demonstrably in privity with their clients. Their direct legal representation and agency relationship, congruent with that of KTS, further solidify the privity nexus and subject them to the binding effect of the 2007 Final Judgment, consistent with *Taylor v. Sturgell*.[14]

4. **U.S. Trustee, Region 21, as Functional Proxy and Advocate for 02cv2219 Plaintiffs' Claims:** The Office of the U.S. Trustee, Region 21, through Mary Ida Townson, James H. Morawetz, and other representatives, has acted as a functional proxy and zealous advocate for the interests and claims of the 02cv2219 plaintiffs in the 03-93031 (NDGA) Chapter 11 proceeding and subsequent appeals. While not in a traditional privity relationship, the U.S. Trustee's active and concerted efforts to advance the same unlawful debt collection

---

[12] See 25cv00613 (NDGA) Dkt. 9 (F-10 and F-11) judicial admissions and confession of Appellee Kenneth A. Zitter, Esq., who testified that he "hired" Appellees KTS and their lawyers to represent the Predators in Appellant Group Management's 03-93031 Chapter 11, to enforce and/or collect, and engage in Predatory Unlawful Debt collection activities, Dkt. 5-2, 5-4, 5-5, and 5-6, in violation of 18 USC §§ 152, 157, 1951(a), 1956-57, 1961(6)(B), and 1962(a-d).

[13] Including Baker & McKenzie, LLP, Lawrence B. Mandala, Esq., Robert H. Albaral, Esq., David J. Malliband, Esq., and Thomas A. Leghorn, Esq., in regard to aiding, abetting, enabling, and facilitating predatory criminal usury unlawful debt collection activities associated with their filing of the manifestly frivolous and void ab initio Form SB-2 registration statement purporting to register +39 million of Appellant Group Management common equity securities to repay the null and void ab initio predatory criminal usury debts, GX 1-4, having a post Chapter 11 plan confirmation market capitalization value of +$5.2225 billion.

[14] See Dkt. Id.

objectives as the 02cv2219 plaintiffs, and to relitigate issues precluded by the 2007 Final Judgment, strongly suggest a proxy relationship warranting a finding of privity under the "special circumstances" exception recognized in *Taylor v. Sturgell*.[15]

5. **FINRA and Legal Representatives as Regulatory Allies of 02cv2219 Plaintiffs and their privies, and all those in active concert therewith:** FINRA and its legal representatives, including Marcia E. Asquith, Robert L.D. Colby, Robert W. Cook, Emma Jones, and Sarah Jeffries, while ostensibly acting in a regulatory capacity, have demonstrably aligned their actions and legal positions with the interests of the 02cv2219 plaintiffs in protecting unregistered broker-dealers and their unlawful activities. While not in direct privity, FINRA's regulatory actions (or inactions) and legal advocacy, particularly their certification of KTS Clients as unregistered broker-dealers, create a functional legal connection and alignment of interests sufficient to warrant consideration of privity in the context of these proceedings, especially given the potential for regulatory capture and the subversion of regulatory authority to private interests.[16]

6. **SEC as Overseeing Regulatory Body with Parallel Enforcement Interests:** The Securities and Exchange Commission (SEC), as the primary federal regulatory agency overseeing broker-dealers and securities markets, shares a parallel enforcement interest with the 02cv2219 plaintiffs in addressing securities violations and unlawful conduct within the securities industry. While not directly representing the 02cv2219 plaintiffs, the SEC's overarching regulatory mandate and potential enforcement actions against KTS and its unregistered broker-dealer clients create a functional alignment of interests that, in certain contexts, may warrant consideration of privity, particularly *__where regulatory inaction could be construed as tacit acquiescence to or furtherance of the unlawful scheme__*.[17]

7. **Trailblazer Merger Corp. I and Other Successor Entities as Potential Acquirers of 02cv2219 Plaintiffs' Claims:** Trailblazer Merger Corp. I and any other successor entities that may have acquired the assets, claims, or litigation interests of the 02cv2219 plaintiffs after the voluntary dismissal with prejudice stand in the shoes of their predecessors and are legally bound by the preclusive effects of the 2007 Final Judgment. As successors in interest, these entities inherit not only the assets but also the liabilities and preclusionary

---

[15] See Id, Dkt. 5-1 (UST's entry of appearance in 03-93031); and Dkt. 5-3 (UST's bogus, fraudulent, frivolous, vexatious, bad faith, and unlawful debt collection pleading filed in 03-93031 in support of KTS' predatory unlawful debt collection activities).

[16] See Id., Dkt. 5-13 on pages 118-185.

[17] See Id.

burdens associated with the 02cv2219 plaintiffs' prior litigation conduct, establishing privity under the "substantive legal relationship" exception of *Taylor v. Sturgell*.[18]

8. **State Bar of Georgia and Representatives as Enforcers of Ethical Standards Rooted in 02cv2219 Allegations:** The State Bar of Georgia and its representatives, while acting in their regulatory capacity to enforce ethical standards for attorneys, have demonstrably predicated their fabricated *In re Ware* (2008) predatory, retaliatory Jim Crow racially-motivated disciplinary proceedings against Appellant Ware, in part, upon the very allegations and claims that formed the basis of the dismissed 02cv2219 litigation. This *functional alignment of interests,* and the derivative nature of the State Bar's disciplinary actions from the 02cv2219 allegations, suggests a form of privity, particularly in the context of preventing duplicative and vexatious litigation and ensuring consistent adjudications.[19]

9. **John Doe Insurance Companies (#1–5) and Their Insureds with Potential Control Over 02cv2219 Litigation:** John Doe Insurance Companies (#1–5) and their insureds, as entities that underwrote the legal costs and potential liability of the 02cv2219 plaintiffs, maybe in privity if they exercised contractual or de facto control over any aspect of the 02cv2219 (SDNY), 03-93031 (BC NDGA), 25cv00613 (NDGA), or any other litigation related to the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5 litigation. To the extent that these insurance entities directed or controlled the litigation strategy and decision-making of the 02cv2219 plaintiffs, they are bound by the resulting judgment under the "control" exception to nonparty preclusion as outlined in *Taylor v. Sturgell*.

10. **Joint Enterprise and Concerted Action: Appellees Acting in Furtherance of a Common Unlawful Objective:** All of the identified Appellees have acted in a joint enterprise and in active concert to pursue a common unlawful objective: the enforcement and collection of the Predatory Criminal Usury Subject Matter debts, GX 1-4, utilizing the Bankruptcy Court as a coercive instrument and perpetrating a scheme to defraud. This concerted action and shared unlawful purpose, demonstrably evidenced throughout the record, further supports a finding of privity, particularly under principles of conspiracy, joint tortfeasor liability, and the "special circumstances" exception recognized in *Taylor v. Sturgell*.[20]

---

[18] See Id., on page 181.

[19] See Id. on pages 40-41.

[20] See Id., Dkt. 5-13, 5-14, Dkt. 9, and Dkt. 12.

## PART II: FACTUAL PREDICATES ESTABLISHING IRREPARABLE HARM TO APPELLANTS ABSENT PROTECTIVE ORDER AND INJUNCTIVE RELIEF

1. **Escalating and Unrecoverable Legal Costs:** Appellants are incurring, and will continue to incur, escalating and unrecoverable legal costs and attorneys' fees defending against the Appellees' improper and vexatious re-litigation efforts in this 25cv00613 (NDGA) appeal and related proceedings. These costs represent a direct and quantifiable financial harm that is irreparable absent injunctive relief, as Appellants cannot recoup these expenses from parties who are demonstrably precluded from litigating their claims.[21]

2. **Diversion of Resources and Management Attention from Core Business Operations:** Appellees' relentless re-litigation efforts are diverting valuable resources, management attention, and operational capacity away from Group Management's core business operations and Appellant Ware's professional endeavors. This diversion of resources constitutes a tangible and ongoing harm to Appellants' business and professional interests, hindering their ability to conduct business effectively and pursue legitimate economic activities.

3. **Undermining of Judicial Finality and Waste of Judicial Resources:** Appellees' collateral attack on Judge Sand's Rule 41(a)(2) 2007 Final Judgment undermines the fundamental principle of judicial finality and wastes scarce judicial resources. This ongoing re-litigation compels this Honorable Court to expend time and effort adjudicating claims and issues that have already been definitively resolved by a prior final judgment, creating procedural inefficiencies and eroding public confidence in the judicial system's ability to provide conclusive and binding resolutions to legal disputes.

4. **Procedural Anarchy and Uncertainty in Appellate Proceedings:** Appellees' continued participation in this appeal, despite the clear preclusive bar of Judge Sand's Rule 41(a)(2) 2007 Final Judgment, creates procedural anarchy and uncertainty, rendering the appellate proceedings unwieldy, inefficient, and fundamentally unfair. This ***procedural chaos*** undermines the integrity of the appellate process and prejudices Appellants' ability to effectively present their case and obtain a just and expeditious resolution of this matter.

5. **Erosion of Appellants' Reputational and Professional Standing:** Appellees' ongoing and demonstrably baseless allegations and re-litigation efforts, predicated on claims extinguished nearly two decades ago, continue to cause irreparable harm to Appellants' reputational and professional standing. The perpetuation of these unfounded claims, disseminated through court filings and public records, inflicts ongoing damage to Appellants' business reputation and Appellant Ware's professional

---

[21] See Id., Dkt. 14.

standing as an attorney, hindering their ability to engage in business and professional activities without the cloud of these meritless allegations.[22]

6. **Emotional Distress and Personal Hardship to Appellants:** Appellants are suffering ongoing emotional distress and personal hardship as a direct result of Appellees' vexatious and relentless re-litigation efforts. The constant threat of renewed litigation, the burden of defending against baseless claims, and the emotional toll of protracted legal battles inflict significant and irreparable personal hardship on Appellants, disrupting their peace of mind and undermining their personal well-being.

7. **Compromised Integrity of the Chapter 11 Bankruptcy Process:** Appellees' fraudulent and bad faith re-litigation efforts, particularly within the context of the 03-93031 (NDGA) Chapter 11 proceeding, compromise the integrity of the bankruptcy process and undermine the equitable principles that underpin Chapter 11 reorganization. Allowing Appellees to abuse the Bankruptcy Court for unlawful debt collection and extortion inflicts irreparable harm on the integrity of the bankruptcy system and erodes public confidence in its ability to provide fair and just resolutions in complex financial matters.

8. **Imminent Threat of Further Vexatious Filings and Procedural Maneuvers:** Absent immediate injunctive relief, Appellants face the imminent and credible threat of further vexatious filings, motions, and procedural maneuvers by Appellees in this 25cv00613 (NDGA) appeal and potentially in other related proceedings. This ongoing barrage of meritless and harassing filings will further exacerbate Appellants' legal costs, divert resources, and perpetuate the procedural chaos and uncertainty that currently plague these appellate proceedings, causing irreparable harm to Appellants and undermining the efficient administration of justice.

9. **Deprivation of Appellants' Right to Judicial Finality and Repose:** Appellees' relentless re-litigation efforts directly deprive Appellants of their fundamental and legally protected right to judicial finality and repose, core tenets of the doctrine of res judicata and essential components of a fair and just legal system. Judge Sand's Dec. 2007 Final Judgment was intended to provide Appellants with definitive closure and to permanently extinguish the claims asserted by the 02cv2219 Plaintiffs. Appellees' ongoing collateral attack on this Final Judgment frustrates this fundamental right to repose, subjecting Appellants to perpetual legal uncertainty and the ongoing threat of renewed litigation, inflicting irreparable harm on their legal and personal interests.

10. **Erosion of Public Trust and Confidence in the Integrity of the Judicial System:** Appellees' brazen and demonstrably improper re-litigation efforts, if left unchecked by this Honorable Court, will inevitably erode public trust and confidence in the integrity and effectiveness of the judicial system. Allowing parties to disregard and circumvent final judgments with impunity undermines the rule of law, encourages vexatious and

---

[22] See Id., Dkt. 5-13 on pages 40-41.

duplicative litigation, and creates a perception that the judicial process can be manipulated and abused for improper purposes, inflicting irreparable harm on the public's faith in the fairness and impartiality of the courts.

The cumulative effect of these factual predicates unequivocally establishes that Appellants have suffered, and will continue to suffer, irreparable harm absent the issuance of a Protective Order and injunctive relief enforcing the preclusive effects of the 2007 Final Judgment and barring Appellees from further re-litigation of claims extinguished nearly two decades ago. The requested relief is not only warranted but critically essential to protect Appellants from ongoing and irreparable harm, to safeguard the integrity of these appellate proceedings, and to uphold the fundamental principles of judicial finality, economy, and the orderly administration of justice.

## DECLARATION

I, Appellant Ulysses T. Ware, personally, and as attorney in fact for Group Management, under penalty of perjury under the laws of the United States of America, having personal knowledge of the facts, pursuant to 28 USC § 1746, declare that the foregoing is true and correct.

Executed on this 23rd day of March, 2025, in Brooklyn, New York.

/s/ Ulysses T. Ware

**Ulysses T. Ware**

Attorney in Fact for Appellants Group Management (a sole proprietorship) and Ulysses T. Ware

## 18 USC § 2071(a), (b) DECLARATION AND CERTIFICATE OF FILING AND SERVICE.

I hereby certify that on this 24th day of March 2025, I caused to be served the foregoing **APPELLANTS' MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF TO ENFORCE THE PRECLUSIVE EFFECTS OF THE FINAL JUDGMENT ENTERED IN 02cv2219 (S.D.N.Y.) ON DECEMBER 20, 2007,** and **DECLARATION OF PRIVY AND IRREPARABLE HARM** via electronic mail and U.S. Mail to:

The Honorable Michael L. Brown
United States District Judge
Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Jessica Kelley
Courtroom Deputy Clerk
Chambers of Judge Brown
jessica_kelley@gand.uscourts.gov

Office of the District Clerk
United States District Court
Northern District of Georgia
75 Ted Turner Drive, SW
Atlanta, GA 30303

Executive Director
Administrative Office of the U.S. Courts
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Washington, D.C. 20544

Office of the Director
Federal Bureau of Investigation
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, D.C. 20535

All Appellees via Electronic Mail

/s/ Ulysses T. Ware

Page **37** of **59**
Monday, March 24, 2025
(17-13) (Part 17-13) re Appellants' Motion for a Protective Order, Injunction, and Proposed Order.

**Ulysses T. Ware**
Attorney in Fact for Appellants


The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

## VII. APPELLANTS' PROPOSED ORDER

**Case Name:** *Ulysses T. Ware and Group Management v. Alpha Capital, AG, et al.*
**Case No.:** 1:25-cv-00613-MLB (NDGA)
**Filing Date:** March 24, 2025
**(17-13B) (Part 17-13B) Re: Proposed Order Granting Appellants' Motion for Protective Order and Injunctive Relief**

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**Case No. 1:25-cv-00613-MLB**

**Ulysses T. Ware and**
**Group Management (a sole proprietorship),**
**Appellants,**

v.

**Alpha Capital AG, et al., Predatory Unregistered Broker-dealers,**
**Appellees.**

---

**ORDER GRANTING APPELLANTS' MOTION FOR PROTECTIVE ORDER AND INJUNCTIVE RELIEF TO ENFORCE THE PRECLUSIVE EFFECTS OF THE FINAL JUDGMENT ENTERED IN 02cv2219 (S.D.N.Y.) ON DECEMBER 20, 2007.**

Before the Court is Appellants' Motion for Protective Order and Injunctive Relief to Enforce the Preclusive Effects of the Rule 41(a)(2) Final Judgment Entered in 02cv2219 (S.D.N.Y.) on December 20, 2007 (Doc. 90), Sand, J. (deceased) entered in the Joint Stipulated Appellate Record, Dkt. 5-13 on pages 46-47. Having carefully considered Appellants' Motion, supporting Declarations, the extensive evidentiary record, and controlling legal authorities, and for the compelling reasons set forth in the accompanying Memorandum Opinion and Order, it is hereby **ORDERED**:

## I. PROTECTIVE ORDER AGAINST FURTHER FILINGS AND RELITIGATION

Appellees Alpha Capital AG, Stonestreet LP, Markham Holdings LP, AMRO International SA, and their counsel, agents, surrogates, alter egos, successors, and any persons acting in concert with them (collectively, "**Barred Parties**" or "**Precluded Parties**"), are hereby ***prohibited and permanently banned and barred*** from submitting any further pleadings, briefs, motions, arguments, or other filings in this appellate proceeding (Case No. 1:25-cv-00613-MLB) or Chapter 11 case (Case No. 03-93031 BC NDGA) that rely on, in whole and/or in part, or otherwise seek to enforce, collect, or revive the ***predatory criminal usury unlawful debt collection claims related to the Predatory Criminal Usury Subject Matter, GX 1-4, and GX 5,*** dismissed with prejudice in ***Alpha Capital AG, et al. v. Group Management Corp.***, et al.,  No. 02cv2219 (S.D.N.Y.).

## II. INJUNCTIVE RELIEF ENFORCING PRECLUSIVE EFFECTS OF 2007 FINAL JUDGMENT

Appellees, and all Barred Parties, are hereby ***permanently enjoined and restrained*** from re-litigating, directly or indirectly, the same claims or issues "actually or necessarily" resolved by Judge Sand's voluntary December 20, 2007, Rule 41(a)(2) Final Judgment entered in ***Alpha Capital AG, et al. v. Group Management Corp., et al.***, No. 02cv2219 (S.D.N.Y.), including any and all attempts to undermine, circumvent, or otherwise evade the binding preclusive effect of said Final Judgment, whether through direct re-assertion of extinguished claims or through the invocation of such claims as a basis for standing, argument, or relief in this or any other proceeding before this Court, or the 03-93031 Bankruptcy Court (NDGA).

## III. STRIKING AND DISMISSAL OF CONTRAVENING FILINGS

To ensure the integrity of these appellate proceedings (25cv00613) and to prevent further procedural irregularities and abuses, all pending filings, briefs, motions, or other submissions in this appeal (Case No. 1:25-cv-00613-MLB) heretofore submitted by the Barred Parties that contravene Judge Sand's December 20, 2007, Final Judgment, or that rely on or seek to re-litigate claims extinguished by said judgment, are hereby **STRICKEN and DISMISSED** WITH PREJUDICE from the record, effective immediately upon the entry of this Order.

***The Clerk of Court is hereby directed to reject and refuse to file any further submissions of similar nature from the Barred Parties absent a sworn, written proffer, by an attorney admitted to practice in the District Court (NDGA), demonstrating to the Court's unequivocal satisfaction, independent, non-precluded Article III standing to participate in these appellate proceedings, or in the 03-93031 Chapter 11, consistent with the stringent jurisdictional requirements articulated by the Supreme Court in*** *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), and *Federated Dep't Stores v. Moitie*, 452 U.S. 394 (1981).

## IV. ORDER TO SHOW CAUSE RE: SANCTIONS FOR VIOLATIONS OF RULE 3.3 AND 8.4, GEORGIA RULES OF PROFESSIONAL CONDUCT.

The Court recognizing the gravity of the numerous egregious and unprecedented criminal and ethical violations implicated by Appellees' demonstrably bad faith and vexatious re-litigation of the predatory criminal usury unlawful debt collection activities and efforts, Appellees, their privies, and specifically their legal counsels, are hereby **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why disciplinary and monetary sanctions shall not be imposed upon them, jointly and severally, for egregious and repeated violations of Rule 3.3 (Candor Toward the Tribunal) and Rule 8.4 (Misconduct) of the Georgia Rules of Professional

Conduct. This Show Cause Order specifically addresses Appellees' and their privies' pattern of demonstrably false and misleading representations to this Court, (via the Bankruptcy Court, 03-93031), see Dkt. 5-1 to 5-6, their strategic concealment of material facts directly relevant to the Court's jurisdiction and the merits of this appeal, (see Dkt. 9), and their objectively frivolous and vexatious re-assertion of claims (by omission) conclusively extinguished by a prior final judgment, all of which constitute a profound breach of their ethical duties as officers of the court. See Dkt. 5-7 to 5-10.

## V. REFERRAL TO DISCIPLINARY AUTHORITIES FOR INVESTIGATION OF PROFESSIONAL MISCONDUCT.

In light of the serious and persistent nature of the extreme and voluminous ethical violations detailed herein and the compelling evidence of potential intentional and knowing criminal misconduct by Appellees and their legal counsel, (see Dkt.5-13, 5-14, and Dkt. 9) *the Clerk of Court is hereby directed to refer this matter, and the complete certified record of these proceedings, to the appropriate disciplinary authorities for thorough investigation and potential disciplinary action*. This referral shall include, but not be limited to, the State Bar of Georgia's Office of General Counsel and the Standing Committee on Attorney Discipline of the United States District Court for the Northern District of Georgia, for prompt and comprehensive investigation into the conduct of Appellees and their counsel and the imposition of appropriate disciplinary sanctions, including potential lifetime disbarment, to the full extent authorized by applicable rules and regulations.

## VI. FURTHER RELIEF

This Court explicitly reserves the right to grant such other and further relief as it deems just and proper to fully effectuate and preserve the integrity of Judge Sand's Dec. 20, 2007, Rule 41(a)(2) Final Judgment, to safeguard its jurisdiction from further abuse and vexatious manipulation, and to ensure the orderly and efficient administration of justice in this matter and all related proceedings.

**IT IS SO ORDERED.**

_____

**HONORABLE MICHAEL L. BROWN**
**UNITED STATES DISTRICT JUDGE**

# End of Order

## VIII. MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Appellants' Motion for Protective Order and Injunctive Relief to Enforce the Preclusive Effects of the Final Judgment Entered in 02cv2219 (S.D.N.Y.) on December 20, 2007 (Doc. 90). For the reasons set forth below, Appellants' Motion is **GRANTED** in its entirety.

### I. FACTUAL BACKGROUND

The Court, in reaching its decision to grant the requested Protective Order and Injunctive Relief, has meticulously reviewed the extensive factual record before it, including the Joint Stipulated Appellate Record (Dkt. 5 and 9), the sworn testimony of Appellee Kenneth A. Zitter, Esq. (Exhibit F-11, "Zitter Confessions"), and the internal memorandum directed to Appellee Kilpatrick Townsend & Stockton LLP ("KTS Memo," Exhibit F-10), and finds the following factual predicates to be unequivocally established, undenied, credible, and compellingly demonstrative of the necessity for the relief granted herein:

1. **Commencement and Voluntary Dismissal of the 02cv2219 (S.D.N.Y.) Litigation:** In 2002, Appellees Alpha Capital AG, Stonestreet L.P., Markham Holdings, Ltd., and AMRO International, S.A. (collectively, the "02cv2219 Plaintiffs") initiated a civil action in the Southern District of New York, styled as *Alpha Capital AG, et al. v. Group Management Corp.*, et al., No. 02cv2219 (S.D.N.Y.). [Joint Stipulated Appellate Record, Dkt. 5-5]. In that action, the 02cv2219 Plaintiffs asserted claims for breach of contract and related causes of action, predicated upon certain convertible promissory notes and subscription agreements (the "Predatory Criminal Usury Subject Matter Instruments," or "GX 1-4, GX 5"). [See, e.g., Joint Stipulated Appellate Record, Dkt. 5, Exhibit A, taken from Complaint

in 02cv2219 (SDNY)]. After protracted litigation and facing dispositive motions, the 02cv2219 Plaintiffs voluntarily moved to dismiss their entire action with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure. [Joint Stipulated Appellate Record, Dkt. 5-13, pages 46-47]. The Honorable Leonard B. Sand, District Judge, Southern District of New York, granted that motion and entered a **Final Judgment** on December 20, 2007, expressly dismissing **all** claims "with prejudice." [Joint Stipulated Appellate Record, Dkt. 5-13].

2. **Void Ab Initio and Criminally Usurious Nature of the Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5):** The convertible promissory notes and subscription agreements (GX 1-4, GX 5) at the heart of the 02cv2219 Litigation, and now improperly re-asserted by Appellees (by breach of their duty of candor to the tribunals--by omission) in this appeal, are demonstrably null and void ab initio and criminally usurious under New York Penal Law § 190.40, the criminal usury law, a class E felony. These instruments, bearing interest rates exceeding 2,000% per annum, far surpass the 25% statutory cap under New York law, rendering them criminally usurious and legally unenforceable from their very inception. [See Appellants' Memorandum of Law (#6), Section II. A.1]. This fundamental illegality undermines any conceivable legal basis for Appellees to seek judicial enforcement, collection, or to assert any cognizable claim predicated upon these void obligations.

3. **Judicial Admissions and Confessions by Appellees Establishing Racketeering and Extortionate Intent:** The evidentiary record before this Court contains compelling judicial admissions and self-incriminating statements by Appellees, [Dkt. 5-1 to 5-6, and Dkt. 9] unequivocally establishing their racketeering intent and extortionate purpose in pursuing

the underlying 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), and ***In re Ware*** (2008) (Supreme Court of GA) litigation and related proceedings.

a) **Sworn Testimony of Appellee Kenneth A. Zitter, Esq. ("Zitter Confessions," Exhibit F-11):** In sworn testimony under oath in open court in *U.S. v. Ware*, 04cr1224 (SDNY), [Dkt. 9], Appellee Kenneth A. Zitter, Esq., legal counsel for the 02cv2219 Plaintiffs, explicitly admitted that Kilpatrick Townsend & Stockton LLP, and specifically Dennis S. Meir, Esq., were "hired" by Zitter and KTS clients to represent them in the 03-93031 Bankruptcy Case for the express purpose of pursuing Hobbs Act extortion and 18 U.S.C. § 1961(6)(B) 'collection activity' against Group Management Corp. (Exhibits F-10 and F-11, Docket 9). *This sworn judicial confession constitutes a watershed evidentiary admission of extortionate intent and the deliberate misuse of the Bankruptcy Court as an instrument of coercion.*

b) **"Smoking Gun" KTS Memo Evidencing Racketeering Enterprise (Dkt. 9, Exhibit F-10):** An internal memorandum authored by Appellant Ware directed to Appellee Kilpatrick Townsend & Stockton LLP (the "KTS Memo," Exhibit F-10) further corroborates Appellees' racketeering enterprise and fraudulent scheme. The KTS Memo explicitly analyzes "The KTS § 78p(b) insider-trading scam" (Docket 9, F-10) and reveals KTS's deep awareness, dating back to 2003, of their clients' potential $522 million disgorgement liability under 15 U.S.C. § 78p(b) (Docket 9, pages 4-6). This document demonstrates Appellees' early and comprehensive awareness of their clients' substantial insider trading liability and their deliberate

strategy to conceal this critical asset from the Bankruptcy Court (Docket Id.), thereby perpetrating a fraud upon the court and creditors and utilizing the court as a coercive instrument of their racketeering enterprise.

4. **Persistent and Vexatious Re-litigation Efforts by Appellees in Bankruptcy Court and This Appeal:** The Court finds as fact that despite the Dec. 20, 2007, Judge Sand's Rule 41(a)(2) final judgment unequivocal dismissal with prejudice of their claims in the 02cv2219 SDNY Litigation, Appellees have engaged in a protracted and demonstrably vexatious campaign to re-litigate and re-assert those extinguished claims in the subsequent 03-93031 (NDGA) Chapter 11 proceeding and in the present 25cv00613 (NDGA) appeal. This relentless re-litigation effort, characterized by (omission and breach of duty of candor to the tribunals) bad faith and a disregard for established principles of res judicata, has subjected Appellants to undue burden, expense, and ongoing harassment, and constitutes a manifest abuse of the judicial process.

5. **Irreparable Harm to Appellants Absent Injunctive Relief:** *The Court finds as fact that the Appellants are suffering, and will continue to suffer, irreparable harm as a direct consequence of Appellees' vexatious and unlawful re-litigation efforts.* This irreparable harm includes escalating and unrecoverable legal costs, diversion of critical resources from core business operations, erosion of reputational and professional standing, and the deprivation of their fundamental right to judicial finality and repose. *Absent the Protective Order and injunctive relief requested herein, Appellants will continue to be subjected to undue burden, expense, and harassment, and the integrity of these appellate proceedings will be further undermined.*

Based upon the foregoing factual predicates, which are unequivocally established by the evidentiary record before this Court, the Court finds as fact that Appellants have demonstrated a clear and compelling need for the Protective Order and injunctive relief requested in their Motion, and that the issuance of such relief is not only warranted but critically essential to safeguard the integrity of this Court's jurisdiction, enforce the binding preclusive effect of the 2007 Rule 41(a)(2) Final Judgment, and prevent further abuse of the judicial process by Appellees and their privies.

## II. LEGAL ANALYSIS

This Court now turns to the legal basis for granting Appellants' Motion, and finds that the requested Protective Order and Injunctive Relief are not only warranted in law and fact, but also in equity, enforce the binding effect of prior judgments, and *critically necessary to uphold the integrity of this Court's jurisdiction,* prevent further abuse of the judicial process by Appellees and their privies. The Court's analysis will address each of the key legal arguments presented by Appellants, demonstrating the compelling justification for the relief granted herein.

**A. Judge Sand's Dec. 20, 2007, Rule 41(a)(2) voluntary Final Judgment in 02cv2219 (S.D.N.Y.) Conclusively Extinguished All Claims and Issues and Operates as a Complete Bar to Re-litigation by the Appellees, and their privies.**

It is a fundamental and long-settled principle of American jurisprudence that a final judgment, properly entered by a court of competent jurisdiction, is conclusive as to the rights of the parties and their privies, and constitutes an absolute bar to any subsequent re-litigation of the same cause of action. *Federated*, 452 U.S. at 398, 401-02. The Supreme Court has repeatedly affirmed the paramount importance of the doctrine of res judicata, recognizing it as a cornerstone of judicial efficiency, predictability, and the rule of law. In this matter, the December 20, 2007, Rule 41(a)(2) Final Judgment, (see 25cv00612, Dkt. 5-13 on pages 46-47), entered by the late Honorable

Leonard B. Sand in the Southern District of New York, unequivocally operates as such a conclusive and preclusive judgment, barring Appellees, their privies, and agents, from their current and all future attempts to re-assert predatory criminal usury unlawful debt collection claims, see 25cv00613 (NDGA) Dkt. 5-1 to 5-6, and Dkt. 9, definitively extinguished nearly two decades ago.

1. **Rule 41(a)(2) Dismissal with Prejudice as an Adjudication "On the Merits"**: As the Supreme Court unequivocally held in **Semtek Int'l Inc. v. Lockheed Martin Corp.,** 531 U.S. 497, 505–06 (2001), the Appellees' Dec. 20, 2007, voluntary dismissal—after the statute of limitation had run on all claims in the lawsuit, with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure "operates as an adjudication upon the merits."[23] This definitive pronouncement by the Supreme Court establishes, beyond peradventure, that Judge Sand's voluntary Rule 41(a)(2) Final Judgment entered in the 02cv2219 (SDNY) Litigation constitutes a conclusive determination of the rights of the parties, triggering the full preclusive force of the doctrine of res judicata.

2. **Res Judicata Bars Re-litigation of Claims and Issues That Were or Could Have Been Raised:** The doctrine of res judicata, as consistently elucidated by the Supreme Court, dictates that a final judgment on the merits precludes the same parties, **_or those in privity with them_**, from re-litigating not only those claims and issues that were actually raised and litigated in the prior proceeding, **_but also any claims or issues that could have been properly raised and adjudicated in the original action, but were not_**. **Federated Dep't Stores v. Moitie**, 452 U.S. at 398–99 (1981); **Commissioner v. Sunnen**, 333 U.S. 591, 597–

---

[23] Also see **A.B. Dick**, 197 F.2d at 501-02; and **L-3 EOTech**, 921 F.3d at 18-19.

98 (1948).[24] In the present case, Judge Sand's voluntary Dec. 20, 2007 Final Judgment, Dkt. 90, dismissed all claims in the 02cv2219 (SDNY) Litigation with prejudice, operates as a comprehensive and absolute bar, precluding Appellees "and their privies" from resurrecting any aspect of their extinguished cause of action, whether directly or indirectly, in this appellate proceeding. *Federated,* Id.

## B. Appellees' Current (by proxy and virtual) Participation in the 25cv00613 (NDGA) Appeal Constitutes an Improper and Vexatious Collateral Attack on the 2007 Final Judgment.

Appellees' continued and demonstrably improper participation in the 25cv00613 (NDGA) appeal, predicated upon the very same Predatory Criminal Usury Subject Matter Instruments, GX 1-4, and GX 5, that formed the basis of their extinguished claims in the 02cv2219 SDNY Litigation, constitutes a flagrant and vexatious collateral attack on Judge Sand's voluntary 2007 Rule 41(a)(2) Final Judgment, directly contravening the fundamental principles of res judicata, judicial finality, and the orderly administration of justice.[25] As the Supreme Court has repeatedly

---

[24] *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) ("The general rule of *res judicata* applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell* v. *County of Sac*, 94 U.S. 351, 352. **The [Dec. 20, 2007, Dkt. 90, 02cv2219 (SDNY) Rule 41(a)(2) final] judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.** See Von Moschzisker, "Res Judicata," 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48.). (emphasis added).

[25] Note that the Joint Stipulated Appellate Records established that on or about Dec. 20, 2007, Dkt. 90, see 25cv00613 (NDGA) Dkt. 5-13 on pages 46-47, it was Appellee Kenneth A. Zitter, Esq., Appellees Alpha Capital, AG, Stonestreet, Markham Holdings, and Amro International legal counsel, who approached, ex parte, Judge Sand and demanded that Judge Sand immediately, **after the statute of limitation had run on all claims, dismiss with prejudice all claims in the 02cv221 (SDNY) lawsuit**—that is, pursuant to Rule 41(a)(2) and binding Second Circuit precedent, *A.B.Dick*, 197 F.2d at 501-02, Judge Sand by operation of

emphasized, the doctrine of res judicata is designed to prevent precisely such piecemeal and duplicative litigation and to protect the integrity of final judgments from unwarranted and harassing collateral attacks. *Federated Dep't Stores*, 452 U.S. at 401.

a)  In *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998), the Supreme Court articulated the foundational principle that federal courts, as tribunals of limited jurisdiction, cannot and must not entertain merits-based arguments or adjudicate substantive claims where a party [Appellees and their privies] patently lacks standing or is otherwise barred from proceeding due to a preclusive prior judgment [Judge Sand's Rule 41(a)(2) final judgment]. This Article III federal court, the 03-93031 Bankruptcy Court, Appellees, *as privies of the 02cv2219 Plaintiffs* are: (i) therefore unequivocally bound by the preclusive effects of Judge Sand's Rule 41(a)(2) 2007 Final Judgment, are (ii) *manifestly barred "forever" from re-asserting, directly or indirectly, via their agents or proxies, the claims and issues abandoned, waived, forfeited, and voluntarily extinguished in the prior 02cv2219 (SDNY) action*. *Federated*, Id.

b)  Consequently, Appellees' persistent re-introduction of the Predatory Criminal Usury Subject Matter Instruments, GX 1-4, and GX 5, and their reliance on those extinguished predatory unlawful debt collection claims to support their purported standing or to advance any substantive arguments in this appeal, is procedurally improper, legally unsustainable,

---

law annulled, vitiated, and voided, nunc pro tunc March 2002 all prior proceedings, orders, and judgments entered in 02cv2219 (SDNY), *triggered res judicata and collateral estoppel, and conferred final judgment prevailing party status on Appellants Group Management and Ulysses T. Ware* for the purpose all litigation in 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), *In re Ware* (2008) Supreme Court of Georgia, and this pending 25cv00613 (NDGA) appellate proceeding.

and constitutes a vexatious and unauthorized collateral attack on a valid and dispositive judicial decree. ***Federated***, Id.

## C. This Court's Inherent and Statutory Authority to Enforce the 2007 Final Judgment and Issue Injunctive Relief Under the All Writs Act.

This Honorable Court possesses broad and well-established authority, deriving from both its inherent Article III judicial powers and the explicit grant of jurisdiction conferred by the All Writs Act, 28 U.S.C. § 1651, to issue the requested Protective Order and injunctive relief. This authority is not merely discretionary but is critically essential to enable the Court to discharge its constitutional mandate, to safeguard its jurisdiction from abuse, and to ensure the orderly and efficient administration of justice in this matter and all related proceedings.[26]

1. **Inherent Power of the Court to Protect its Judgments and Prevent Vexatious Relitigation.** As an Article III federal court, this Court is vested with inherent power, deeply rooted in the constitutional separation of powers, to protect its judgments, or other federal courts' (02cv2219 (SDNY)) judgments, Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final judgment from frivolous, bad faith, vexatious, harassing, and duplicative litigation, (see 25cv00613 (NDGA), Dkt. 5-7 to 5-10), and to control the conduct of litigants

---

[26] In ***United States v. New York Telephone Co.***, 434 U.S. 159, 172–74 (1977), the Supreme Court reaffirmed that the All Writs Act, 28 U.S.C. § 1651(a), empowers federal courts to issue orders necessary to protect their jurisdiction and ensure the proper administration of justice, ***even when addressing conduct by non-parties***. The Court held that a federal court "has the power to issue commands... appropriate to effectuate and prevent the frustration of orders it has previously issued." This authority is not limited to ancillary procedural matters, but extends to substantive actions that preserve the integrity of the judicial process itself. In the present context, the requested Protective Order and injunctive relief are essential to safeguard this Court's jurisdiction from encroachment by precluded parties, and to enforce the finality with respect to the predatory criminal usury unlawful debt collection lawsuit of Judge Sand's 2007 Rule 41(a)(2) final judgment rendered in *02cv2219 (SDNY)*. As *New York Telephone* confirms, the Court's equitable powers under Article III and § 1651 are not passive instruments—they are indispensable tools to deter judicial abuse and prevent collateral disruption of lawfully adjudicated claims.

(Appellees and their privies) appearing before it. ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 43 (1991).[27]

2. This inherent authority, repeatedly affirmed by the Supreme Court, extends to the issuance of injunctions and protective orders specifically designed to prevent parties (Appellees and their privies) from engaging in conduct that undermines the finality of judgments, wastes scarce judicial resources, and subjects opposing parties to undue burden and expense. In the present matter, Appellees' persistent and bad faith re-litigation efforts, in flagrant disregard of the conclusive preclusive effect of the 2007 Final Judgment, *constitute a manifest abuse of the judicial process and a direct affront to the authority and dignity of this Court*. Therefore, the issuance of injunctive relief and a Protective Order is a necessary and appropriate exercise of this Court's inherent power to safeguard the integrity of its jurisdiction and to prevent further vexatious and duplicative litigation.

3. **Statutory Authority Under the All Writs Act (28 U.S.C. § 1651) to Effectuate and Protect Prior Judgments.** In addition to its inherent authority, this Court is explicitly empowered by the All Writs Act, 28 U.S.C. § 1651, to issue "all writs necessary or

---

[27] In ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 43–46 (1991), the Supreme Court affirmed that federal courts possess inherent authority, independent of statutory or rule-based grants, to protect their proceedings and judgments from abuse, preserve judicial integrity, and sanction bad faith conduct. ***This power extends not only to controlling parties before the court but also to safeguarding judgments entered by other federal tribunals***. Applied here, *Chambers* supports this Court's authority to enjoin the Appellees and their privies from engaging in vexatious, duplicative, and bad faith relitigation of claims conclusively dismissed with prejudice by Judge Sand in *02cv2219 (SDNY)*. As the record in Dkts. 5-7 through 5-10 shows, Appellees, through their proxies, surrogates, alter-egos, agents, privies, and all those in active concert therewith, have attempted to circumvent and negate Judge Sand's Rule 41(a)(2) final judgment's preclusive effects (**see 25cv00613 (NDGA) manifestly ultra vires, moot, void ab initio, fraudulent and bad faith Dkt. 5-7, 5-8, 5-9, and 5-10**), through successive, meritless filings in the 03-93031 Chapter 11 proceedings, and likely in this appeal. Under *Chambers*, this Court may, and indeed must, act to prevent such abuse of process, protect the finality of federal judgments, and uphold the constitutional role of the judiciary in resolving cases definitively.

appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This expansive statutory grant of authority, consistently interpreted to afford federal courts broad and flexible remedial powers, unequivocally encompasses the power to issue injunctions specifically to effectuate and protect prior judgments of coordinate federal courts, and to prevent parties from engaging in conduct that would undermine or circumvent the binding force of those judgments. See ***Klay v. United Healthgroup, Inc.***, 376 F.3d 1092, 1097–98 (11th Cir. 2004) (recognizing the All Writs Act as a potent source of injunctive power to prevent the relitigation of settled claims and to enforce the doctrine of res judicata).[28]

4. In the instant case, an injunction barring Appellees, their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith from further, through proxies, (see 25cv00613 (NDGA), Dkt. 5-7 to 5-10), re-litigation of the claims extinguished by Judge Sand's Dec. 20, 2007, Rule 41(a)(2) Final Judgment is not only "necessary" and "appropriate" but is critically essential to aid this Court in the exercise of its appellate jurisdiction, to protect the finality and integrity of the 2007 Final Judgment, and to prevent Appellees and their predatory privies from continuing their vexatious and unauthorized collateral attack on a valid and dispositive judicial decree.[29]

---

[28] ***Klay v. United Healthgroup, Inc.***, 376 F.3d 1092, 1097 (11th Cir. 2004) ("The factors cited above are the elements for receiving a preliminary injunction "The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Id. at 1213 (Carnes, J., dissenting), citing Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 1404 n. 12, 94 L.Ed.2d 542 (1987). In addition, most courts do not consider the public interest element in deciding whether to issue a permanent injunction, though the Third Circuit has held otherwise, see Shields v. Zuccarini, 254 F.3d 476, 482 (3d Cir. 2001).").

[29] "A court may grant a writ under this act ***whenever*** it is "calculated in [the court's] sound judgment to achieve the ends of justice entrusted to it," and not only when it is "'necessary' in the sense that the court

**D. The Overwhelming Balance of Equities Irrefutably Favors Immediate Injunctive Relief and the Entry of a Protective Order.**

A meticulous and objective assessment of the equities in this matter reveals that the balance of harms overwhelmingly and unequivocally favors the issuance of immediate injunctive relief and the entry of a Protective Order barring Appellees and their privies from further re-litigation of the claims extinguished by Judge Sand's 2007 Final Judgment. The potential prejudice to Appellants, absent the requested relief, is substantial, ongoing, and demonstrably irreparable, while Appellees, conversely, will suffer no cognizable harm from being enjoined from pursuing claims that are legally baseless and have been definitively extinguished by a prior final judgment.

a) Appellants are presently incurring, and will inevitably continue to incur, substantial and unrecoverable legal costs and attorney's fees as a direct consequence of Appellees' improper and vexatious re-litigation efforts in this 25cv00613 (NDGA) appeal and related proceedings. These escalating and unnecessary legal expenses represent a direct and quantifiable financial harm that is manifestly irreparable absent injunctive relief, as Appellants possess no adequate legal remedy to recoup these expenditures from parties who are demonstrably precluded from litigating their claims.

b) Moreover, Appellees' relentless and bad faith re-litigation efforts are causing significant and ongoing diversion of valuable resources, management attention, and operational

---

could not otherwise physically discharge its . . . duties." Adams v. United States, 317 U.S. 269, 273, 63 S.Ct. 236, 239, 87 L.Ed. 268 (1942). ***Such writs may be directed toward not only the immediate parties to a proceeding, but to "persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice***." United States v. New York Tel. Co., 434 U.S. 159, 174, 98 S.Ct. 364, 54 L.Ed.2d 376 (1977). *Klay*, 376 F.3d at 1100. (emphasis added).

capacity away from Group Management's core business operations and Appellant Ware's personal and professional endeavors. This unwarranted diversion of critical resources constitutes *a tangible and irreparable harm* to Appellants' business and professional interests, impeding their ability to conduct legitimate business activities and pursue lawful economic opportunities without the cloud of vexatious and meritless litigation.

c) In stark contrast to the substantial and irreparable harm being inflicted upon Appellants, Appellees will suffer no cognizable harm, let alone irreparable injury, from the issuance of the requested injunction and Protective Order. Appellees possess no legitimate legal right or equitable entitlement to re-litigate claims that were voluntarily dismissed with prejudice on request of Judge Sand in 02cv2219 (SDNY) on Dec. 20, 2007, Dkt. 90, nearly two decades ago. To the contrary, Appellees' persistent and unauthorized re-litigation efforts (25cv00613 (NDGA) Dkt. 5-7 to 5-10) are themselves inflicting harm on the integrity of the judicial process and undermining the fundamental principles of res judicata and judicial finality. Enjoining such vexatious and improper conduct will serve to protect the integrity of the courts, conserve scarce judicial resources, and promote the efficient and orderly administration of justice, thereby advancing the broader public interest.

d) Finally, judicial economy and the efficient administration of justice overwhelmingly favor halting these duplicative and vexatious claims immediately, preventing the further waste of scarce judicial resources and the imposition of undue burden and expense on Appellants and this Honorable Court. The Supreme Court's repeated pronouncements in *Federated Dep't Stores v. Moitie* and *Semtek Int'l Inc. v. Lockheed Martin Corp.* confirm that final judgments must be respected and enforced, not disregarded and collaterally attacked. The issuance of the requested Protective Order and injunctive relief will serve to uphold these

fundamental principles, conserve judicial resources, and ensure that this Court's appellate proceedings are conducted in a fair, efficient, and procedurally sound manner.

## III. REFERRAL TO DISCIPLINARY AUTHORITIES FOR INVESTIGATION OF PROFESSIONAL MISCONDUCT.

In light of the serious and persistent nature of the ethical and unlawful debt collection activities, (see 25cv00613 Dkt. 5-1 to 5-6) violations detailed herein and the compelling evidence of potential intentional and knowing criminal misconduct by Appellees and their legal counsel, (see Id., Dkt. 9 (F-10 and F-11)) *the Clerk of Court is hereby directed to certify and refer this matter, and the complete record of these proceedings, to the appropriate disciplinary authorities for thorough investigation and potential disciplinary action.*

This referral shall include, but not be limited to, the State Bar of Georgia's Office of General Counsel and the Standing Committee on Attorney Discipline of the United States District Court for the Northern District of Georgia, for prompt and comprehensive investigation into the conduct of Appellees, their privies, and their counsel and the imposition of appropriate disciplinary sanctions, including potential lifetime disbarment, to the full extent authorized by applicable rules and regulations.

## VI. FURTHER RELIEF

This Court explicitly reserves the right to grant such other and further relief as it deems just and proper to fully effectuate and preserve the integrity of the 2007 Final Judgment, to safeguard its jurisdiction from further abuse and vexatious manipulation, and to ensure the orderly and efficient administration of justice in this matter and all related proceedings. This Court, having undertaken a thorough and meticulous review of the record, and for the compelling reasons

articulated in this Memorandum Opinion and Order, unequivocally concludes that Appellants' Motion for Protective Order and Injunctive Relief is **GRANTED** in its entirety. The Court finds that the legal and factual basis for this decision is not merely substantial but overwhelming, compelling the issuance of the requested relief to safeguard the integrity of this Court's jurisdiction, to enforce the binding preclusive effect of Judge Sand's 2007 Final Judgment, and to prevent further vexatious and abusive re-litigation by Appellees and their privies. Enforcing the finality of judgments is not merely a procedural formality but a cornerstone of our judicial system, essential for ensuring predictability, promoting judicial economy, and protecting litigants from the undue burden and expense of duplicative and harassing litigation. This Court remains steadfastly committed to protecting the integrity of the judicial process, upholding the rule of law, and ensuring the orderly and efficient administration of justice for all parties appearing before it.

**IT IS SO ORDERED.**

HONORABLE MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# End of Memorandum Opinion

Prepared and Respectfully Submitted by:

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utwarc007@gmail.com

By: /s/ Ulysses T. Ware
**Ulysses T. Ware**
Attorney in Fact for Appellants

March 24, 2025

# End of document

Ware, et al. V. Alpha Capital, AG, et al.
25 CV 00613 (NDGA
March 24, 2025

Contents:

Appellants (17-13)(Part 17-13)
Motion for a Protective Order,
Injunctive Relief; Declaration of Prin;
Proposed Order; and Proposed Memorandum
Opinion        /S/ Uleymon 2. Ware



**UNITED STATES POST**

**PRIORITY**®

- Expected delivery da
- Domestic shipments
- USPS Tracking® servi
- Limited international i
- When used internation

*Insurance does not cover cer
Domestic Mail Manual at *http:*
** See International Mail Manu

# FLAT RATE
ONE RATE ■ ANY WE

# TRACKED ■



PS00001000014

---

**UNITED STATES POSTAL SERVICE.**

Retail

## US POSTAGE PAID
**$10.10**

Origin: 11226
03/24/25
3509710318-06

**PRIORITY MAIL®**

0 Lb 11.90 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 03/27/25

C039

SHIP
TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315



**USPS TRACKING® #**

9505 5141 9262 5083 2267 00

---

**FROM:**



**UNITED STATES POSTAL SERVICE.** | **PRIORITY** MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

(03 APR 2025)

FROM:

The Office of Ullysses T. Ware
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226



CLEARED SECURITY

TO:

Office of the District Clerk
U.S. District Court (NDGA)
Richard B. Russell U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, GA  30303

Label 228, December 2023        FOR DOMESTIC AND INTERNATIONAL USE



This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.