FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 3 1 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Wednesday, March 26, 2025, 1:03:13 PM

TO: EACH APPELLEE (AND THEIR LEGAL COUNSEL) NAMED IN DKT. 281 (03-93031), THEIR PRIVIES, AGENTS, PROXIES, SURROGATES, ALTER-EGOS, AND ALL THOSE IN ACTIVE CONCERT THEREWITH, JOINTLY AND SEVERALLY, (THE "APPELLEES"), AN ILLEGAL ASSOCIATION IN FACT AS DEFINED IN 18 U.S.C. § 1961(4).

**APPELLANTS' AND APPELLEES' JOINT STIPULATION AND DECLARATION OF FACTUAL PREDICATES CONFIRMING LACK OF ARTICLE III STANDING AND IDENTIFICATION OF APPELLEES AS PRIVIES OF THE 02cv2219 (SDNY) PLAINTIFFS, _PREDATORY UNREGISTERED BROKER-DEALERS_ ENGAGED IN PREDATORY LOAN SHARKING, MONEY LAUNDERING, ALTER-EGOS, EXTORTION, MURDER FOR HIRE, CONSPIRACY, RACKETEERING, BRIBERY, FRAUD, CONSPIRACY TO COMMIT BANKRUPTCY FRAUD, FALSE ARREST, FALSE IMPRISONMENT, UNLAWFUL SEARCH AND SEIZURE, UNLAWFUL BREAK-INS, THEFT, SUPPRESSION, AND CONCEALMENT OF JUDICIAL RECORDS, MAIL AND WIRE FRAUD, CONSPIRACY TO OBSTRUCT JUSTICE, THEFT OF PROPERTY, USE OF FIREARMS TO COLLECT UNLAWFUL DEBTS, UNLAWFUL DEBT COLLECTION ACTIVITIES, GRAND JURY FRAUD, AIDING AND ABETTING, CIVIL AND CRIMINAL CONTEMPT OF COURT ORDERS AND JUDGMENTS, BANK FRAUD, AND OTHER RACKETEERING ACTIVITIES.**

I, Ulysses T. Ware, incorporate by reference herein, _in heac verba_ the **Joint Stipulated Appellate Record** in 25cv00613 (NDGA), and pursuant to 28 U.S.C. § 1746, this 26th day of March 2025 declare under penalty of perjury under the laws of the United States of America, based upon personal knowledge and a diligent review of the record in this matter and related proceedings, that the following facts are true and correct and establish the absence of Article III subject matter jurisdiction (standing) concerning Appellees' participation in this appeal (25cv00613 (NDGA)), the underlying Bankruptcy Court proceeding (03-93031 (BC NDGA)), and related litigations:

1. **Inherent Illegality and Voidness Ab Initio of the Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5) under New York Criminal Law:** The foundational instruments upon which Appellees predicate their purported claims and standing in these proceedings – namely, the predatory criminal usury convertible promissory notes executed in or about February 2001 (GX 1-4) and the related subscription agreement (GX 5) – are incontrovertibly void ab initio and criminally usurious under controlling New York law. New York Penal Law § 190.40 defines criminal usury in the first degree, a Class E felony, as charging interest on a loan or forbearance exceeding 25% [+2,000% charged in GX 1-4] per annum. The Predatory Criminal Usury Subject Matter Instruments, by their explicit terms and effective operation (including default provisions and conversion features), impose interest rates and equivalent charges ***vastly exceeding 2,000% per annum***. This egregious criminality renders the instruments null and void from their inception. *See Adar Bays, LLC v. GeneSYS ID, Inc.*, 28 F.4th 379, 383–84 (2d Cir. 2022) (affirming that notes with predatory convertible features yielding rates above 25% shall be nullified as criminally usurious).

2. **Legal Significance:** An instrument that is void ab initio under state criminal law cannot, as a matter of fundamental legal principle, confer upon any party an Article III "legally protected interest" susceptible to invasion, thereby negating the essential "particularized, concrete injury-in-fact" requirement for Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

3. **Federal Statutory Voidness of Instruments Due to Appellees' Unregistered Broker-Dealer Status:** The 02cv2219 (SDNY) plaintiffs (Appellees herein or their direct predecessors/privies), clients of Appellee KTS, (see Dkt. 5-2), were formally certified by the Financial Industry Regulatory Authority (FINRA) on May 17, 2021, as having knowingly, willfully, and recklessly operated in the United States before, during, and after the 03-93031 (BC NDGA) Chapter 11 as ***unregistered broker-dealers*** in contravention and criminal violation of Section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a)(1), and 78ff during the period relevant to the transactions involving GX 1-4 and GX 5. [See Joint Stipulated Appellate Record ("JSAR"), Dkt. 5-13, p. 48]. Section 29(b) of the Exchange Act, 15 U.S.C. § 78cc(b), explicitly renders void "every contract [GX 1-4, and

GX 5] *made or performed* in violation of any provision of this chapter or of any rule or regulation thereunder... as regards the rights of" the violating party.

4. **Legal Significance:** This federal statutory voidness provides an independent and conclusive basis establishing that Appellees possess no legally enforceable rights arising from GX 1-4 or GX 5, further demonstrating the absence of any "legally protected interest" required for Article III standing. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 387-88 (1970) (discussing the voidability provision of § 78cc(b)).

5. **Federal Criminality of Appellees' Collection Efforts under RICO and Hobbs Act: *Any and all attempts*** by Appellees, their counsel, agents, or privies to enforce or collect, directly or indirectly, upon the debts represented by the void and criminally usurious GX 1-4 constitute "unlawful debt collection" activities explicitly proscribed as predicate acts of racketeering under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(6)(B) and § 1962 [see JSAR Dkt 5-1 to 5-6]. Furthermore, leveraging the judicial process ("under color of official right") or employing threats (implicit or explicit) [see JSAR Dkt. 5-7 to 5-10; 5-16, and Dkt. 9] to compel payment of these predatory criminal usury unlawful debts, GX 1-4, **constitutes felony extortion** under the Hobbs Act, 18 U.S.C. § 1951(a). *See United States v. Grote*, 961 F.3d 105, 119 (2d Cir. 2020) (affirming conviction and $3.5 billion forfeiture for unlawful debt collection based on usurious loans).

6. **Legal Significance:** Appellees cannot assert a "legally protected interest" in pursuing conduct that itself constitutes serious federal felonies. Their unlawful attempts to collect and/or enforce, via fake, bogus, and fraudulent State Bar of Georgia 2008 *In re Ware* Jim Crow racially-motivated disbarment proceedings, [cf., JSAR Dkt. 5-13 on pages 40-41] these debts are inherently unlawful, precluding any claim of a cognizable injury arising from Appellants' refusal to facilitate such criminal activity and negating Article III standing.

7. **Exclusive Basis of 02cv2219 (SDNY) Litigation:** The ultra vires, void ab initio, and moot civil action commenced by predatory unregistered broker-dealers Appellees Alpha Capital AG, Stonestreet L.P., Markham Holding, Ltd., and AMRO International S.A. in the Southern District of New York in 2002 (Case No. 02cv2219) was predicated *exclusively*

upon the purported enforceability of the void ab initio and unlawful Predatory Criminal Usury Subject Matter Instruments, GX 1-4 and GX 5. [See JSAR, Dkt. 5-5 (reference to complaint in 02cv2219 by KTS)]. There was no independent, lawful basis for the claims asserted in that litigation.

8. **Conclusive Judge Sand's Voluntary Rule 41(a)(2) 2007 Final Judgment Procured by Appellees:** On December 20, 2007, facing dispositive motions *and after all applicable statutes of limitation on their claims had definitively expired*, the 02cv2219 Plaintiffs, through their legal counsel Appellee Kenneth A. Zitter, Esq., **voluntarily sought and procured** from the late Honorable Leonard B. Sand a **Final Judgment** dismissing **all** claims asserted in the 02cv2219 litigation **with prejudice** pursuant to Fed. R. Civ. P. 41(a)(2). [See JSAR, Dkt. 5-13, pp. 46-47 (certified copy of 02cv2219 Dkt. 90)]. Significantly, Appellee Zitter demanded this dismissal *ex parte* from Judge Sand. [See JSAR, Dkt. 5-13, p. 52 (Appellee Arie Rabinowitz's Testimony (judicial admissions) in *U.S. v. Ware*, 04cr1224 SDNY); and Dkt. 9, Zitter's judicial admissions]. **Legal Significance:** This deliberate procurement of a dismissal *with prejudice* after the expiration of limitations periods constitutes an unequivocal voluntary waiver, forfeiture, abandonment, and extinguishment of all claims related to the predatory criminal usury subject matter, GX 1-4, and GX 5.

9. **Absolute Preclusive Effect (Res Judicata/Claim Preclusion) of the 2007 Final Judgment:** Judge Sand's dispositive December 20, 2007, Rule 41(a)(2) Final Judgment that ***dismissed the 02cv2219 action with prejudice*** operates as a final adjudication "on the merits" and triggers the full and absolute force of res judicata (claim preclusion). This doctrine categorically bars the 02cv2219 Plaintiffs and all parties in privity with them from ever re-litigating the same cause of action, or any claims or issues arising from the same transactional nucleus of fact (i.e., GX 1-4 and GX 5), that were raised or *could have been raised* in the 02cv2219 action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

10. **Legal Significance:** Any attempt by Appellees or their privies to assert rights or claims based on GX 1-4 or GX 5 in this appeal, or in the Moot Proceedings is absolutely barred

by res judicata, depriving them of any extant legal interest as adverse 'real parties in interest' and thus the total and complete lack of Article III standing to participate in 03-93031 and 25cv00613.

11. **Annulment and Mootness Effect of the 2007 Voluntary Dismissal:** Binding Second Circuit precedent establishes that a plaintiff's voluntary dismissal of their own lawsuit [02cv2219 (SDNY) on Dec. 20, 2007, Dkt. 90], particularly one entered after significant litigation activity, not just ***vitiates but annuls all prior proceedings, judgments,*** and orders entered in the dismissed case [02cv2219 (SDNY)], rendering the entire action moot "as if it had never been brought." *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) ("voluntary dismissal of a suit leaves the situation... the same as though the suit had never been brought; ***thus vitiating and annulling*** all prior proceedings and orders in the case..."); *U.S. v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (collecting cases) (same).

12. **Legal Significance:** This reinforces the finality of the dismissal and prevents Appellees from relying on any potentially favorable fact, (though now annulled) rulings from the 02cv2219 proceedings. ***The underlying 02cv2219 (SDNY) controversy regarding GX 1-4/GX 5 was rendered moot by Appellees' own actions in 2007.***

13. **Established Privity of Participating Appellees:** The Appellees actively through proxies, surrogates, alter-egos, and privies fraudulently participating in this appeal and the underlying 03-93031 bankruptcy proceedings are either the original 02cv2219 Plaintiffs or parties demonstrably in privity with them under the framework of *Taylor v. Sturgell*, 553 U.S. 880 (2008). Specifically, KTS and its partners (Meir, Mills, Walker, Kadaba) and attorneys Zitter and Rabinowitz are in privity through their direct attorney-client relationship (Category 2), adequate representation (Category 3), and control over the prior litigation (Category 4). Their continued pursuit of the same extinguished claims also constitutes impermissible proxy litigation (Category 5). Other Appellees, including potential successors, agents, or those acting in active concert (as detailed in Memo #7), are likewise bound under the requisite factual predicates for privity under *Taylor*.

14. **Legal Significance:** Privity ensures that the preclusive bar and finality of Jude Sand's Rule 41(a)(2) 2007 Final Judgment extends beyond the named 02cv2219 Plaintiffs to

*encompass all Appellees acting on their behalf or deriving their purported rights from them*.

15. **Conclusive Judicial Admissions by Appellee Zitter and KTS Memo Evidencing Criminal Intent and Conspiracy, JSAR Dkt. 9 (F-10 and F-11):** Binding judicial admissions and confessions establish Appellees' criminal intent and conspiracy. Appellee Zitter, under oath, during the bogus, moot, extra-judicial, ultra vires, and void ab initio *U.S. v. Ware*, 04cr1224 (SDNY) criminal contempt trial—regarding the unlawful collection and enforcement attempts of the predatory criminal usury subject matter, GX 1-4, and GX 5, confessed that he "hired" KTS specifically for "collection activity" concerning the predatory debts within the 03-93031 bankruptcy court [JSAR, Dkt. 5-1 to 5-6], admitting the use of the bankruptcy court for predatory Hobbs Act extortion and unlawful debt collection activities, 18 USC § 1961(6)(B). [JSAR, Dkt. 9, Ex. F-11; Appellants' Memo #6, Sec. II.A.1.a]. The internal KTS Memo (Exhibit F-10) further documents KTS's knowledge of their clients' massive ($522M+) 15 USC 78p(b) insider trading liability (a concealed estate asset) and reveals a deliberate strategy to conceal this liability to the Chapter 11 estate while simultaneously pursuing the fraudulent claims based on GX 1-4/GX 5 within the bankruptcy. [JSAR, Dkt. 9, Ex. F-10; Appellants' Memo #6, Sec. II. D].

16. **Legal Significance:** These admissions provide direct evidence of overt and predicate acts for RICO (unlawful debt collection, extortion, bankruptcy fraud, conspiracy), negate any claim of good faith, and conclusively demonstrate that Appellees' purpose was unlawful, further undermining any claim to a "legally protected interest."

17. **Irrefutable Absence of Concrete Injury-in-Fact to a Legally Protected Interest:** Based on the cumulative effect of the foregoing predicates (1-16) (voidness ab initio under state and federal law, criminal illegality of collection efforts, extinguishment by res judicata), Appellees **cannot** lawfully or factually demonstrate any invasion of a "legally protected interest." Their inability to profit from void, criminal, and judicially precluded debt instruments, GX 1-4, is not a cognizable "particularized, concrete injury in fact" under Article III. *Lujan*, 504 U.S. at 560. They possess no lawful right that could be injured by Appellants' refusal to pay or facilitate these unlawful predatory debts.

18. **Manifestly Self-Inflicted Nature of Any Alleged Harm under *Clapper*:** Any detriment, financial or otherwise, experienced by Appellees in relation to GX 1-4 and GX 5 is incontrovertibly **self-inflicted**. It flows directly and proximately from their own calculated decisions to: (1) engage in predatory lending violating NY criminal usury law, § 190.40, a class E felony; (2) conduct securities transactions as unregistered broker-dealers, violating federal law and voiding their contracts; and (3) strategically procure a voluntary dismissal *with prejudice* of their 02cv2219 claims after the statutes of limitation expired. Appellants' subsequent lawful actions in defending against the enforcement of these void and precluded claims cannot be the cause of any cognizable harm. Appellees manufactured their own predicament. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

19. **Legal Significance:** Self-inflicted harm is constitutionally insufficient to confer Article III standing.

20. **Failure to Establish Causation Traceable to Lawful Conduct:** Appellees cannot meet the causation prong of standing because any alleged injury is not "fairly traceable" to any *unlawful* conduct by Appellants. *Lujan*, 504 U.S. at 560. Appellants' consistent refusal to pay void and criminally usurious debts, their defense against collection and enforcement efforts of GX 1-4, and GX 5, based on illegality and res judicata, and their refusal to issue bogus Rule 144(k) opinions to facilitate further securities law violations are entirely lawful acts. The "cause" of Appellees' inability to collect is their own predatory Hobbs Act extortion, loan sharking, money laundering, and racketeering illegal conduct, the inherent voidness of the instruments, and the preclusive effect of Judge Sand's Rule 41(a)(2) final judgment *they sought*. *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976).

21. **Absolute Impossibility of Lawful Redressability:** The redressability element of standing fails completely because no federal court (02cv2219, 03-93031, 04cr1224, 05cr1115, 25cv00613, or the Supreme Court of Georgia) can lawfully provide Appellees or their privies the relief they implicitly seek – the actual or constructive judicial enforcement or validation of claims predicated on predatory, null and void ab initio, criminal, and previously extinguished criminal usury unlawful debt instruments, GX 1-4, and GX 5. Granting any such actual or constructive judicial relief would require this Court to override

state criminal statutes, federal securities and racketeering laws, and disregard the binding doctrine of res judicata stemming from Judge Sand's Rule 41(a)(2) 2007 Final Judgment. Such an outcome is legally impossible and constitutionally impermissible. *Lujan*, 504 U.S. at 561; *Steel Co.*, 523 U.S. at 103-104 (courts cannot grant relief where none is possible). **Legal Significance:** Where no lawful remedy exists, there can be no redressability, and thus no Article III standing.

22. **Resulting Mootness of Appellees' Claims and Related Proceedings:** As a direct legal consequence of the ***void ab initio*** nature of the Predatory Criminal Usury Subject Matter Instruments and the absolute preclusive effect of the 2007 Final Judgment, there exists no live "Case or Controversy" under Article III regarding Appellees' attempts to enforce or collect on GX 1-4 or GX 5. All proceedings or derivative proceedings related to these efforts, including 02cv2219 (SDNY), relevant aspects of 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), In re Ware (2008) (Supreme Court of Georgia) (predicated on GX 1-4), and Appellees' direct and/or indirect actual or constructive proxy participation in this 25cv00613 appeal, are **moot** concerning these extinguished claims. *See A.B. Dick*, 197 F.2d at 502; *Steel Co.*, 523 U.S. at 109-110 (discussing mootness). **Legal Significance:** Federal courts lack Article III jurisdiction over moot cases.

23. **Appellees' Continuing Vexatious and Bad Faith Relitigation Efforts:** Notwithstanding the incontrovertible absence of Article III standing and the mootness of their claims, Appellees, through their agents (John F. King, et al.), privies and counsel (including KTS, Nall & Miller, LLP, Grushko, Mittman, NeSmith, Frederick, Burgess, Mittlemen, Hewett, Myers, Nash, Mandala, Albaral, Malliband, Leghorn, Baker & McKenzie, LLP, Arndt, Hostetter, et al.), persist in participating in this appeal (25cv00613) and previously in the 03-93031 bankruptcy case [See Dkts. 5-1 to 5-6, 5-10], advancing arguments and seeking relief predicated entirely on the void ab initio and extinguished claims related to GX 1-4 and GX 5. This conduct constitutes ongoing, fraudulent, manifestly frivolous, vexatious, and bad faith re-litigation, demonstrably undertaken for improper purposes, including harassment of Appellants and abuse of the judicial process, causing continuing irreparable harm to Appellants. [See Appellants' Declaration 17-13A, Part II].

24. **Legal Significance:** This conduct underscores the need for immediate judicial intervention (Protective Order/Injunction) and potential sanctions.

## NOTICE PURSUANT TO RULE 11 AND STANDING ORDER ¶M

This Declaration serves as Appellants' good-faith attempt, pursuant to Fed. R. Civ. P. 11(b)(1-4) (made applicable via Fed. R. Bankr. P. 9011), 28 U.S.C. § 1927, and Paragraph (m) of Judge Brown's Standing Order [Dkt. 2, 25cv00613], to "meet and confer" with Appellees regarding the threshold, dispositive lack of Article III subject matter jurisdiction (standing) detailed herein. This effort is undertaken to fulfill Appellees' own ethical obligations under Rule 3.3 (Duty of Candor Toward the Tribunal) and Rule 8.4 (Misconduct involving dishonesty, fraud, deceit, or misrepresentation) of the Georgia Rules of Professional Conduct and analogous ABA Model Rules, by demanding that they cease presenting claims and arguments for which no non-frivolous basis in law or fact exists, given the conclusive preclusive effect of the 2007 Final Judgment and the manifest absence of Article III standing.

## DEMAND FOR RESPONSE AND CONSEQUENCES OF FAILURE TO RESPOND

Each Appellee identified in Dkt. 281 (03-93031), their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, jointly and severally, are hereby formally put on notice of the foregoing factual predicates establishing their lack of Article III standing.

**Appellees are directed to respond to this Declaration (17-14) (Part 17-14) in written opposition, under oath, subject to the penalty of perjury, as officers of the court where applicable, and pursuant to their duties under Rules 3.3 and 8.4 of the Georgia Rules of Professional Conduct, no later than today, Wednesday, March 26, 2025, at 1:00 PM Eastern Time. Time is of the essence.**

Failure by any Appellee (or their authorized counsel) to file a timely, sworn written opposition specifically refuting the factual predicates numbered 1 through 24 above shall result in each non-responding Appellee being deemed, jointly and severally, to have knowingly and willfully, with actual and constructive notice of this Declaration (17-14), **JUDICIALLY**

**ADMITTED, CONFESSED, STIPULATED, AND AGREED** to the truth and accuracy of each factual predicate herein, and to have **NO OPPOSITION** to the conclusion that Article III standing was and is currently lacking and absent with respect to KTS' predatory unregistered broker-dealer clients, (the "**Predators**"). These judicial admissions, confessions, and factual stipulations (*actual innocent Brady exculpatory and impeachment evidence*) shall be binding upon each non-responding Appellee, their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith for use in and for any purpose with respect to the following judicial proceedings: 02cv2219 (SDNY), 03-93031 (BC NDGA), *U.S. v. Ware*, 04cr1224 (SDNY), *U.S. v. Ware*, 05cr1115 (SDNY), *In re Ware* (2008) (Supreme Court of Georgia), 25cv00613 (NDGA), and any other subsequent proceeding between Appellants and Appellees.

Signed this 26th day of March 2025, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 U.S.C. § 1746, in Brooklyn, NY.

*Ulysses 2. Ware*
/s/ Ulysses T. Ware

**Ulysses T. Ware,** attorney in fact for the Appellants

March 26, 2025
Brooklyn, NY 11226

cc: Chambers of Hon. Michael L. Brown (email)
Jessica Kelley, Courtroom Deputy Clerk (email and mail)
Office of the Clerk (N.D. Ga.)

# 18 USC §§ 2071(a), (b) judicial pleading submitted to the District Court (NDGA) for filing and docketing in 25cv00613 (NDGA).

## End of Declaration

Ware, et al. v. Alpha Capital, AG, et al.
25 cv 00613 (NDGA),

Contents: (17-14)(Part 17-14)

Ro: The Parties' Joint Stipulation
    and Declaration of Lack of
    Art. III Subject Matter Juris.
    (Standing) of KTS' Predatory
    Unregistered Broker-Dealer
    Clients.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**Retail**

US POSTAGE PAID
**$10.10**
Origin: 11226
03/26/25
3509710318-16

**PRIORITY MAIL®**

0 Lb 4.00 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 03/29/25

C039



SHIP
TO:  75 TED TURNER DR SW
ATLANTA GA 30303-3315

**USPS TRACKING® #**



9505 5141 9262 5085 2280 61



 **UNITED ST**
**POSTAL SE**

■ Expected delivery date specifie
■ Domestic shipments include $1
■ USPS Tracking® service include
■ Limited international insurance
■ When used internationally, a cu

*Insurance does not cover certain items.
Domestic Mail Manual at http://pe.usps.c
** See International Mail Manual at http://

**FLAT RATE ENV**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INS**


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2


how2recycle.info
PAPER
POUCH

 **UNITED STATES**
**POSTAL SERVICE®** | **PRIORITY®**
MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

(03.26.25) (25cv00613)
(17-14)(part17-14)
FROM:

The Office of Ulysses T. Ware
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226

**TO:**
Office of the District Clerk
U.S. District Court (NDGA)
Richard B. Russell Federal Courthouse
75 Ted Turner Dr., SW
Atlanta, GA  30303

Label 228, December 2023       FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. Please recycle – again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.