**17-16) (Part 17-16) 03.28.25 re The Parties' Joint Declaration and Stipulation of Rule 3.3 and 8.4 Violations, and Sum Certain Stipulated Money Judgment Damages of $5.2225 billion, and in Support of a <u>Court-Supervised Rule 3.3 Candor Proceeding</u>.**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 31 2025

KEVIN P. WEIMER, Clerk
By: /s/ Deputy Clerk

## Case No. 1:25-cv-00613-MLB

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

17-16

Ulysses T. Ware and Group Management (a sole proprietorship),
Appellants,

v.

Alpha Capital AG, et al., <u>Predatory Unregistered Broker-Dealers</u>,
Appellees.

(On Appeal from *In re Group Management Corp.*, Case No. 03-93031 (BC NDGA), Chapter 11)

---

APPELLANTS' AND APPELLEES' JOINT DECLARATION AND STIPULATION IN SUPPORT OF A COURT-SUPERVISED RULE 3.3 CANDOR PROCEEDING REGARDING (I) LACK OF ARTICLE III SUBJECT MATTER JURISDICTION (STANDING), (II) VIOLATIONS OF GEORGIA RULES OF PROFESSIONAL CONDUCT 3.3 AND 8.4, AND BANKR. RULE 9011(b)(1-4), AND (III) **STIPULATED CONSENT MONEY JUDGMENT FOR DAMAGES, JOINTLY AND SEVERALLY, IN THE SUM CERTAIN AMOUNT OF $5.2225 BILLION, PAYABLE TO THE APPELLANTS, ULYSSES T. WARE AND GROUP MANAGEMENT.**

Respectfully submitted this 28th day of March 2025 at 1:05:32 PM

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

*/s/ Ulysses T. Ware*

Page **1 of 16**
Friday, March 28, 2025
(17-16) (Part 17-16) re The Parties' Joint Rules 3.3 and Rule 8.4 Declaration and Stipulation of Ethics Violations during the 02cv2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings; and stipulated damages in the sum certain amount of $5.2225 billion, and entry of consent judgment, jointly and severally.

(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware

**Ulysses T. Ware**
Attorney in Fact for Appellants

**TO: EACH APPELLEE (AND THEIR LEGAL COUNSEL) NAMED IN DKT. 281 (03-93031), INCLUDING BUT NOT LIMITED TO KILPATRICK TOWNSEND & STOCKTON LLP (DENNIS S. MEIR, JOHN W. MILLS III, J. HENRY WALKER IV, WAB KADABA), KENNETH A. ZITTER, ESQ., ARIE RABINOWITZ, OFFICE OF THE U.S. TRUSTEE, REGION 21 (JAMES H. MORAWETZ, MARY IDA TOWNSON, JENEANE TREACE), THEIR PRIVIES, AGENTS, PROXIES, SURROGATES, ALTER-EGOS, AND ALL THOSE IN ACTIVE CONCERT THEREWITH, JOINTLY AND SEVERALLY, (THE "APPELLEES"), AN ILLEGAL ASSOCIATION IN FACT AS DEFINED IN 18 U.S.C. § 1961(4).**

### DEMAND FOR RESPONSE AND CONSEQUENCES OF FAILURE TO RESPOND

Each Appellee identified above and in Dkt. 281 (03-93031), their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, jointly and severally, are hereby formally put on notice of the foregoing factual predicates establishing their lack of Article III standing and violations of professional conduct rules 3.3 and 8.4, and personal monetary liability for the sum certain amount of $5.2225 billion, jointly and severally.

**Appellees are directed to respond to this Declaration (17-16) (Part 17-16) (Parts I, II, II, IV, and V), supra, in written opposition, under oath, subject to the penalty of perjury, as officers of the court where applicable, and pursuant to their duties under Rules 3.3 and 8.4 of the District Court (NDGA), the ABA, and Georgia Bar's Rules of Professional Conduct, no later than Friday, March 28, 2025, at 1:00 PM Eastern Time. Time is of the essence.**

Failure by any Appellee (or their authorized counsel) to file a timely, sworn written opposition specifically refuting the factual predicates in Parts I, II, III, IV, and V above shall result in each non-responding Appellee being deemed, jointly and severally, to have knowingly and willfully, with actual and constructive notice of this Joint Declaration (17-16), **JUDICIALLY ADMITTED, CONFESSED, STIPULATED, AND AGREED** to the truth and accuracy of each factual predicate herein, and to have **NO OPPOSITION to the conclusions that Article III standing was and is currently lacking and absent, and that their conduct and the conduct of their counsel violated Georgia Rules of Professional Conduct 3.3 and 8.4 and Fed. R. Bankr. P. 9011(b)(1-4)**.

These judicial admissions shall be binding upon each non-responding Appellee for use in and for any purpose with respect to the following judicial proceedings: 02cv2219 (SDNY), 03-93031 (BC NDGA), *U.S. v. Ware*, 04cr1224 (SDNY), *U.S. v. Ware*, 05cr1115 (SDNY), *In re Ware* (2008) (Supreme Court of Georgia), 25cv00613 (NDGA), and any other subsequent proceeding between Appellants and Appellees.

Signed this 28th day of March 2025, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 U.S.C. § 1746, in Brooklyn, NY.

/s/ Ulysses T. Ware

*Ulysses J. Ware*

**Ulysses T. Ware**, attorney in fact for the Appellants

March 28, 2025
Brooklyn, NY 11226

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Friday, March 28, 2025, 1:05:32 PM

***Ware, et al. v. Alpha Capital, AG, et al.***

Case No. 25cv00613 (NDGA) and 03-93031 (BC NDGA), and 02cv2219 (SDNY), and 04cr1224 (SDNY), and 05cr1115 (SDNY), and *In re Ware* (2008), Supreme Court of Georgia

**The Appellees, nor their legal counsels, filed any written opposition or challenge to the factual admissions, judicial admissions, factual stipulations, and immediate entry of a money judgment in the sum certain amount of $5.2225 billion, joint and several liability, against each Appellee and their Privies.**

# The Appellants' and Appellees' Joint Rule 3.3 and Rule 8.4 Declaration and Stipulation.

**I, Ulysses T. Ware,** hereby this 28th day of March 2025, on behalf of the Appellants and each Appellee, (**with actual notice and implied consent**), pursuant to 28 U.S.C. § 1746, incorporate by reference herein, *in haec verba*, the Joint Stipulated Appellate Record (JSAR) in 25cv00613 (NDGA), and declare under penalty of perjury under the laws of the United States of America, based upon personal knowledge and a diligent review of the record in this matter (Dkt. 5-1 to Dkt. 18) and related proceedings (02cv2219 (SDNY)), that the following facts are true and correct. These facts establish the absence of Article III subject matter jurisdiction (standing) concerning Appellees' participation in this appeal (25cv00613) and the underlying Bankruptcy Court proceeding (03-93031), and further establish Appellees' and their counsels' violations of their ethical duties under the District Court (NDGA), the ABA, and Georgia Rules of Professional Conduct Rule 3.3 and Rule 8.4, Bankruptcy Rule 9011(b)(1-4), and 28 USC § 1927:

I.

Page **5** of **16**
Friday, March 28, 2025
(17-16) (Part 17-16) re The Parties' Joint Rules 3.3 and Rule 8.4 Declaration and Stipulation of Ethics Violations during the 02cv2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings; and stipulated damages in the sum certain amount of $5.2225 billion, and entry of consent judgment, jointly and severally.

# I. FACTUAL PREDICATES CONFIRMING LACK OF ARTICLE III STANDING AND VIOLATIONS OF PROFESSIONAL CONDUCT RULES.

1. **Incontrovertible Illegality and Voidness Ab Initio of Underlying Instruments (GX 1-4, GX 5):** The Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5), forming the sole basis for Appellees' purported claims (Dkt. 5-1 to 5-6), are void ab initio under: (a) New York Penal Law § 190.40 (criminal usury, a class E felony), imposing interest exceeding 2,000% per annum, making them null and void ab initio, uncollectible, and unenforceable criminal usury contracts; and (b) 15 U.S.C. § 78cc(b), due to Appellees' (the 02cv2219 Plaintiffs) operation as unregistered broker-dealers [JSAR, Dkt. 5-13, p. 48], rendering the associated contracts, GX 1-4, and GX 5, void as to their rights. **Legal Significance:** This fundamental, multi-layered illegality and voidness, knowable through reasonable inquiry, negates any possibility of a "legally protected interest" for Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
2. **Conclusive 2007 Final Judgment Extinguishing All Claims:** On December 20, 2007, the 02cv2219 Plaintiffs (Appellees/privies herein), through their legal counsel Appellee Zitter, **voluntarily procured** a Final Judgment dismissing all claims based on GX 1-4/GX 5 **with prejudice** under Rule 41(a)(2) in 02cv2219 (SDNY), after all statutes of limitation had expired [JSAR, Dkt. 5-13, pp. 46-47, 52]. **Legal Significance:** This constitutes a final adjudication on the merits, absolutely barring Appellees and their privies from ever re-litigating these extinguished claims under res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).
3. **Appellees' Key Filings in 03-93031 (BC NDGA) Predicated on Void/Extinguished Claims:** In April 2003, well after the execution of the void instruments and before the 2007 Final Judgment, Appellees KTS and UST filed key documents in the 03-93031 bankruptcy case, including:

    a) **Dkt. 5-1:** UST's Notice of Appearance (Morawetz, Townson, Treace).
    b) **Dkt. 5-2:** KTS' Entry of Appearance for 02cv2219 Plaintiffs as purported "creditors" and "interested parties" (KTS, Meir, Mills, Walker, Kadaba).
    c) **Dkt. 5-3:** UST Motion for Dismissal with Prejudice or Conversion, relying implicitly on the SDNY litigation concerning GX 1-4/GX 5 (Morawetz, Townson, Treace).
    d) **Dkt. 5-4:** KTS' Opposition to Debtor's Motion to Reject GX 1-4/GX 5, asserting their validity.
    e) **Dkts. 5-5 & 5-6:** KTS' Emergency Motion to Dismiss and Supporting Brief, predicated entirely on the enforceability of GX 1-4/GX 5 and related SDNY orders.

4. **Breach of Duty of Inquiry (Rule 9011(b)(3) & Rule 3.3):** Appellee attorneys (KTS partners Meir, Mills, Walker, Kadaba; Zitter; Rabinowitz; UST attorneys Morawetz, Townson, Treace) had a non-delegable duty under Fed. R. Bankr. P. 9011(b)(3) and their

ethical duty of candor (Georgia Rule 3.3) to conduct a reasonable inquiry into the factual contentions and legal basis for their filings (Dkts. 5-1 to 5-6) *before* submitting them to the Court. A reasonable inquiry would have readily revealed the patent criminal usury under NY law and the federal securities violations (unregistered broker-dealer status) rendering GX 1-4/GX 5 void ab initio. Their failure to conduct such inquiry or to heed its results constitutes a violation of these duties. See Dkt. 9 (F-10).

5. **Making False Statements of Law and Fact (Rule 3.3(a)(1)):** By filing Dkts. 5-1 through 5-6, which explicitly or implicitly represented GX 1-4/GX 5 as valid, enforceable debts conferring "creditor" or "interested party" status upon the 02cv2219 Plaintiffs, *Appellee lawyers made knowing or reckless false statements of material fact and law to the Bankruptcy Court*, directly violating Georgia Rule of Professional Conduct 3.3(a)(1). They presented predatory criminal usury null and void instruments, GX 1-4, and GX 5, as legally viable claims.

6. **Failure to Disclose Material Facts (Rule 3.3(a)(2)):** Appellee lawyers failed to disclose to the Bankruptcy Court and have failed to disclose to this Court the material facts concerning the criminal usury of GX 1-4 under NY Penal Law § 190.40 and the federal statutory voidness of GX 1-4/GX 5 under 15 U.S.C. § 78cc(b) due to their clients' unregistered broker-dealer status. This disclosure was and is necessary to avoid assisting their clients' criminal and fraudulent act of attempting to collect unlawful debts through the bankruptcy process, constituting a violation of Georgia Rule of Professional Conduct 3.3(a)(2).

7. **Presenting Legally Frivolous Claims (Rule 9011(b)(2)):** The claims and legal positions asserted in Dkts. 5-1 through 5-6, predicated entirely upon the void ab initio and criminally unenforceable GX 1-4/GX 5, ***were not warranted by existing law*** and lacked any non-frivolous basis for an argument to extend, modify, or reverse existing law. These filings were legally frivolous, violating Fed. R. Bankr. P. 9011(b)(2).

8. **Improper Purpose (Rule 9011(b)(1)):** Filings Dkts. 5-1 through 5-6 were presented for improper purposes, including: (a) to harass Appellants; (b) to cause unnecessary delay and needlessly increase the cost of litigation; (c) **to abuse the bankruptcy process as an instrument for collecting criminally usurious and void debts**; and (d) to obstruct the Debtor's reorganization efforts, conceal assets of the Chapter 11 estate (+$522 million in strict-liability short-swing insider-trading profits) and evade consequences in the SDNY litigation (including contempt orders). This conduct violates Fed. R. Bankr. P. 9011(b)(1).

9. **Dishonesty, Fraud, Deceit, Misrepresentation (Rule 8.4(c)):** By knowingly or recklessly presenting false claims based on void instruments, concealing material facts about their illegality, and misleading the Bankruptcy Court regarding their clients' true status and the nature of the debts, Appellee lawyers engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation, directly violating Georgia Rule of Professional Conduct 8.4(c).

10. **Conduct Prejudicial to the Administration of Justice (Rule 8.4(d)):** The filing and pursuit of claims based on null and void ab initio and predatory criminal instruments (Dkts. 5-1 to 5-6) wasted significant judicial resources, prolonged litigation based on meritless grounds, abused the bankruptcy system, and undermined public confidence in the judiciary.

This conduct is inherently prejudicial to the administration of justice, violating Georgia Rule of Professional Conduct 8.4(d).

11. **Appellees' Ongoing Breach of Duty to Correct False, Misleading, and Fraudulent Statements (Rule 3.3(a)(1))** and **Ongoing Misconduct (Rule 8.4)**: Appellee lawyers have an *ongoing ethical duty* to correct any prior false or misleading statements made to the tribunal. Their failure to correct the representations made in Dkts. 5-1 to 5-6 *after* Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) Final Judgment definitively extinguished all underlying claims, and their continued participation in 03-93031 and this 25cv00613 appeal predicated implicitly or explicitly on those filings, *constitutes a continuing violation* of Georgia Rules 3.3 and 8.4. They continue to benefit from and perpetuate the initial fraud on the court.

12. **Specific Misrepresentation in KTS Notice of Appearance (Dkt. 5-2):** KTS's formal Entry of Appearance [Dkt. 5-2] on behalf of *FINRA (SEC) regulatory certified unregistered broker-dealers* Alpha Capital AG, Stonestreet L.P., Markham Holdings Ltd., and AMRO International S.A. explicitly identifies these entities as "interested parties and creditors." This representation was demonstrably false, as their status was predicated solely on the void and criminally usurious GX 1-4/GX 5. This filing constitutes a direct violation of Rules 3.3(a)(1) and 8.4(c).

13. **UST's Complicity and Breach of Duty (Dkts. 5-1, 5-3):** The UST's filings, including its Notice of Appearance [Dkt. 5-1] and Motion to Dismiss [Dkt. 5-3], by aligning with KTS's criminal and unethical efforts to enforce and facilitate the Hobbs Act loan sharking and extortionate collection of GX 1-4 and relying on circumstances arising from the void debts (such as the SDNY fraudulent and void ab initio purported contempt order (GX 11, March 11, 2003) stemming from Appellants' lawful efforts in refusing to honor Appellees' unlawful criminal usury debt collection criminal conversions under GX 1-4) without acknowledging or addressing the underlying illegality, implicitly validated the Appellees' improper claims. This constituted a failure by the UST attorneys (Morawetz, Townson, Treace) to uphold their duty to protect the integrity of the bankruptcy process and violated ethical duties analogous to Rules 3.3 and 8.4 applicable to government attorneys.

14. **KTS's Frivolous and Misleading Motions (Dkts. 5-4, 5-5, 5-6):** KTS's Opposition to the Debtor's Motion to Reject Executory Contract [Dkt. 5-4], its Emergency Motion to Dismiss [Dkt. 5-5], and its supporting Brief [Dkt. 5-6] *were entirely predicated on the false premise that GX 1-4/GX 5 were valid, lawful, and enforceable contracts*. These filings constitute direct, material misrepresentations of law and fact to the Bankruptcy Court, violating Rules 3.3(a)(1) and 8.4(c), and were frivolous under Rule 9011(b)(2).

15. **Judicial Admissions by Failure to Respond**: Pursuant to the demand below, failure by any Appellee or their counsel to provide a timely, sworn opposition refuting these factual predicates (1-14) will constitute a binding judicial admission under penalty of perjury as to the truth of these facts and the validity of the legal conclusions regarding lack of standing and ethical violations, applicable in all related proceedings.

## II. FACTUAL PREDICATES CONFIRMING LACK OF ARTICLE III STANDING, HOBBS ACT VIOLATIONS, RICO PREDATORY CRIMINAL USURY UNLAWFUL DEBT COLLECTION, AND VIOLATIONS OF PROFESSIONAL CONDUCT RULES.

**(Facts 1-9 establish the foundational illegality, voidness, and preclusion).**

1. **Inherent Illegality and Voidness Ab Initio of GX 1-4, GX 5 under New York Criminal Law:** The Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5) are void ab initio and criminally usurious under NY Penal Law § 190.40, a class E felony, imposing interest/charges exceeding 2,000% p.a. This criminality renders them nullities incapable of conferring any "legally protected interest" cognizable in the 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), 25cv00613 (NDGA), and *In re Ware* (2008) Supreme Court of Georgia. *Adar Bays, LLC v. GeneSYS ID, Inc.*, 28 F.4th 379 (2d Cir. 2022); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
2. **Federal Statutory Voidness (Unregistered Broker-Dealer Status):** Appellees (02cv2219 Plaintiffs), clients of KTS, were certified by FINRA's senior executive Marcia E. Asquith, Esq. on May 17, 2021, as unregistered broker-dealers [JSAR, Dkt. 5-13, p. 48], rendering contracts GX 1-4/GX 5 void as to their rights under 15 U.S.C. § 78cc(b), ___independently eliminating___ any alleged or purported "legally protected interest" in the predatory criminal usury subject matter, GX 1-4, and GX 5. *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 387-88 (1970).
3. **Federal Criminality (RICO & Hobbs Act):** Appellees', their privies, agents, proxies, surrogates, alter-ego, and all those in active concert therewith attempts to collect debts void for criminal usury constitute "unlawful debt collection" under RICO, 18 U.S.C. §§ 1961(6)(B), 1962, and felony extortion under the Hobbs Act, 18 U.S.C. § 1951(a), when using judicial process or threats. *United States v. Grote*, 961 F.3d 105 (2d Cir. 2020). Appellees cannot have a "legally protected interest" in committing federal felonies.
4. **Exclusive Basis of 02cv2219 (SDNY) Litigation:** The 02cv2219 SDNY lawsuit initiated by Appellees was predicated *exclusively* upon the purported enforceability of the null and void initio and unlawful GX 1-4 and GX 5. [JSAR, Dkt. 5-5].
5. **Conclusive Judge Sand's Rule 41(a)(2) 2007 Final Judgment Procured by Appellees:** On Dec. 20, 2007, after the statute of limitations expired, Appellees, through Appellee Zitter, **voluntarily sought and procured** a Final Judgment dismissing all 02cv2219 claims **with prejudice** under Rule 41(a)(2). [JSAR, Dkt. 5-13, pp. 46-47, 52].
6. **Absolute Res Judicata Effect of 2007 Final Judgment:** This dismissal *with prejudice* is a final adjudication "on the merits," absolutely barring Appellees and their privies from re-litigating any claims that were or could have been raised concerning GX 1-4/GX 5. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Semtek*, 531 U.S. at 505-06.

7. **Annulment and Mootness Effect:** The voluntary dismissal annulled all prior *interlocutory* proceedings/orders/judgments within 02cv2219, rendering the underlying controversy regarding GX 1-4/GX 5 moot as of Dec. 20, 2007. *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952); *L-3 Commc'ns EOTech*, 921 F.3d at 18-19. This does not affect the *external* preclusive effect of the final judgment itself.
8. **Established Privity:** Appellees herein are either the original 02cv2219 Plaintiffs or their privies (including KTS, Zitter, Rabinowitz, potential successors, agents, and those in active concert) bound by the 2007 Final Judgment under *Taylor v. Sturgell*, 553 U.S. 880 (2008). [See Appellants' Memo #7].
9. **Conclusive Judicial Admissions of Criminal Intent:** Appellee Zitter confessed under oath in Nov. 2007, during the U.S. v. Ware, 04cr1224 (SDNY) trial to "hiring" KTS for unlawful "collection activity" in the 03-93031 Chapter 11 bankruptcy court [Dkt. 9, Ex. F-11]. The KTS Memo confirms KTS's knowledge of related illegalities (insider trading) and conspiracy. [Dkt. 9, Ex. F-10]. These admissions establish predicate and overt acts for RICO extortion, money laundering, unlawful debt collection activities, conspiracy to commit bankruptcy fraud, extortion, and other racketeering activities, and negate good faith.

## III. (Facts 10-19 establish the Appellees' and their Privies' Hobbs Act and RICO violations via Dkt. 5-1 to 5-6).

10. **KTS's Fraudulent Entry of Appearance (Dkt. 5-2) as Predicate Act:** On April 10, 2003, KTS (Meir, Mills) filed an Entry of Appearance [Dkt. 5-2] in 03-93031, falsely representing the 02cv2219 Plaintiffs (unregistered broker-dealers) as "creditors" and "interested parties." **Legal Significance:** This filing, using court process ("color of official right") to assert fraudulent and void rights based on predatory null and void/criminal usury debts (GX 1-4/GX 5), constitutes ***an overt act*** of attempted Hobbs Act extortion (§ 1951(a)) and an act of "collecting an unlawful debt" under RICO (§§ 1961(6)(B), 1962).
11. **UST Motion (Dkt. 5-3) Aiding and Abetting KTS' Unlawful Debt Collection Activity:** On April 10, 2003, the UST (Morawetz) filed a bogus and manifestly frivolous Motion to Dismiss [Dkt. 5-3], alleging bad faith based *inter alia* on what Morawetz risibly characterized as "Appellants seeking to avoid the consequences (including contempt/arrest order related to the predatory criminal usury null and void ab initio unlawful debts GX 1-4) of the SDNY litigation." (paraphrased). **Legal Significance:** By seeking dismissal to facilitate enforcement and collection efforts related to the predatory null and void/criminal debts, ***the UST filing objectively aided and abetted*** the attempted Hobbs Act extortion (§ 1951(a)) and RICO unlawful debt collection (§§ 1961(6)(B), 1962) by Appellees KTS and their clients.
12. **KTS' Manifestly Frivolous, Risible, Vexatious, Filed for an Improper Purpose, and Baseless Opposition (Dkt. 5-4) Asserting Validity of Predatory Criminal Usury Void Ab Initio Unlawful Debts:** On April 11, 2003, KTS (Meir) filed an Opposition [Dkt. 5-4]

Page **10** of **16**

Friday, March 28, 2025

(17-16) (Part 17-16) re The Parties' Joint Rules 3.3 and Rule 8.4 Declaration and Stipulation of Ethics Violations during the 02cv2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings; and stipulated damages in the sum certain amount of $5.2225 billion, and entry of consent judgment, jointly and severally.

to the Debtor's motion (Doc. 5, 03-93031) to reject GX 1-4/GX 5, explicitly lying, committing perjury, and fraudulently arguing in bad faith these void and criminally usurious instruments were valid and enforceable contracts, further asserting rights derived from the SDNY judgment based upon them. **Legal Significance:** This filing constitutes *another overt act* of attempted Hobbs Act extortion (§ 1951(a)) and RICO unlawful debt collection (§§ 1961(6)(B), 1962), using court filings to demand enforcement of void/criminal obligations.

13. **KTS Emergency Motion to Dismiss (Dkt. 5-5) Predicated on Predatory Null and Void Ab Initio Criminal Usury Unlawful Debts:** On April 11, 2003, KTS (Meir) filed a risible, manifestly frivolous, and bad faith Emergency Motion to Dismiss [Dkt. 5-5] the 03-93031 Chapter 11 case, arguing (frivolously) " ... dismissal was warranted because the case was *filed solely* [*notwithstanding the lawful objectives of the Chapter 11 Debtor, Appellant Group Management and its legal counsel Appellant Ware, to rid themselves of predators, Appellees, continual (daily), violent threats of their (the predators') intention to inflict extreme bodily harm, including murder (death) if necessary, to steal Group Management's free-trading stock then valued at +$522 million)*] to evade compliance with SDNY Orders concerning the void/criminal GX 1-4/GX 5." (paraphrased). **Legal Significance:** This bad faith, frivolous, and fraudulent motion by KTS, seeking dismissal of the Chapter 11 to clear the path for the fraudulent criminal prosecutions of Appellant Ware in 04cr1224 (SDNY) and 05cr1115 (SDNY), and Hobbs Act predatory collection efforts based on predatory null and void/criminal usury debts, constitutes a further overt and predicate act of attempted Hobbs Act extortion (§ 1951(a)) and RICO unlawful debt collection (§§ 1961(6)(B), 1962).

14. **KTS Brief (Dkt. 5-6) Explicitly Arguing for Enforcement of Predatory Null and Void Debts:** The Brief in Support [Dkt. 5-6] filed by KTS (Meir) alongside Dkt. 5-5 explicitly argues the frivolous and vexatious, and bad faith purported merits of enforcing the moot and void ab initio alleged 02cv2219 SDNY Orders (GX 11) predicated on the void/criminal GX 1-4/GX 5. **Legal Significance:** This brief provides detailed written advocacy leveraging the judicial process ("color of official right") to attempt collection of void/criminal debts, constituting clear evidence of attempted Hobbs Act extortion (§ 1951(a)) and RICO unlawful debt collection (§§ 1961(6)(B), 1962).

15. **Pattern of Unlawful Debt Collection Activity (Dkts. 5-2, 5-4, 5-5, 5-6):** The series of filings by the UST and KTS (Dkts. 5-2, 5-4, 5-5, 5-6), an illegal association in fact, all aimed at enforcing or facilitating the collection of the void/criminal debts GX 1-4/GX 5 through the Bankruptcy Court, *constitutes a pattern of racketeering activity* under RICO, specifically multiple predicate acts of unlawful debt collection. 18 U.S.C. §§ 1961(5), 1962(c).

16. **Conspiracy (RICO § 1962(d), 18 U.S.C. § 371):** The coordinated filings and shared objective between KTS (acting for the 02cv2219 Plaintiffs) and the UST (Dkts. 5-1 through 5-6) to achieve dismissal of the Chapter 11 case, *thereby facilitating the collection efforts related to the void/criminal debts*, evidence a conspiracy to collect unlawful debt in violation of RICO, 18 U.S.C. § 1962(d), and a willful and deliberate conspiracy to defraud

Page **11** of **16**

Friday, March 28, 2025

(17-16) (Part 17-16) re The Parties' Joint Rules 3.3 and Rule 8.4 Declaration and Stipulation of Ethics Violations during the 02cv2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings; and stipulated damages in the sum certain amount of $5.2225 billion, and entry of consent judgment, jointly and severally.

the United States (by impeding the lawful function of the Bankruptcy Court), 18 U.S.C. § 371.

17. **Use of Bankruptcy Process for Extortion ("Color of Official Right"):** Each filing by Appellees KTS and UST (Dkts. 5-1 through 5-6) within the 03-93031 bankruptcy proceeding, invoking the authority and processes of the federal court to advance the collection of predatory null and void/criminal debts, GX 1-4, and GX 5, represents a wrongful use of "color of official right" supporting Hobbs Act extortion liability (§ 1951(a)).

18. **"Collection" Activity under RICO § 1961(6)(B):** The filings Dkts. 5-2, 5-4, 5-5, and 5-6 by KTS, seeking dismissal of the 03-93031 Chapter 11 bankruptcy or opposing the Debtor's rejection of the null and void ab initio predatory criminal usury unlawful debt contracts, GX 1-4, GX 5, to facilitate recovery, constitute direct attempts to "collect" an "unlawful debt" (defined in § 1961(6) as debt unenforceable due to usury) **and are therefore predicate racketeering acts**. *See Grote*, 961 F.3d at 119.

19. **Nexus Between Filings and Unlawful Objective:** All filings Dkts. 5-1 through 5-6 are inextricably linked to the ultimate unlawful objective: obtaining payment or its equivalent (e.g., preventing rejection, facilitating SDNY enforcement) based on the void and criminally usurious GX 1-4/GX 5. The filings were instrumental means to achieve this illegal end.

## IV. (Facts 20-27 establish the absence of Article III standing elements and ethical violations).

20. **Irrefutable Absence of Concrete Injury-in-Fact to a Legally Protected Interest:** Based on predicates 1-19, Appellees **cannot** factually demonstrate any invasion of a "legally protected interest" in GX 1-4, and GX 5, *predatory null and void ab initio criminal usury unlawful debts*, negating the Article III standing "particularized, concrete injury-in-fact" requirement. *Lujan*, 504 U.S. at 560.

21. **Manifestly Self-Inflicted Harm (*Clapper*):** Any detriment (unable to collect or enforce predatory criminal usury unlawful debts, GX 1-4, and GX 5) Appellees claimed in the 02cv2219 (SDNY) complaint, and in Dkt. 5-1 to 5-6, was voluntarily self-inflicted due to their own illegal criminal loan sharking misconduct and voluntary Rule 41(a)(2) dismissal with prejudice of 02cv2219 (SDNY) lawsuit on Dec. 20, 2007, is legally and factually insufficient for Article III standing. *Clapper*, 568 U.S. at 416.

22. **Failure to Establish Causation:** Any alleged "injury in fact" is not "fairly traceable" to Appellants' *lawful* conduct but to Appellees' own unlawful acts and Judge Sand's voluntary Dec. 20, 2007, Rule 41(a)(2) 2007 Final Judgment. *Lujan*, 504 U.S. at 560.

23. **Absolute Impossibility of Lawful Redressability:** No federal or state court is lawfully authorized to enforce void, criminal, and precluded claims; thus, the Appellees' alleged injury is unredressable. *Lujan*, 504 U.S. at 561; *Steel Co.*, 523 U.S. at 103-104.

24. **Resulting Mootness:** No live "Case or Controversy" exists regarding Appellees' extinguished claims; ***all derivative and related (02cv2219, 03-93031, 04cr1224, 05cr1115, 25cv00613, and In re Ware (2008) Supreme Court of Georgia) proceedings are moot***. *A.B. Dick*, 197 F.2d at 501-02; and see *L-3 EOTech*, 921 F.3d at 18-19.
25. **Appellees' Continuing Vexatious Re-litigation:** Despite the above, Appellees persist in this appeal and prior proceedings [Dkts. 5-1 to 5-10], constituting bad faith collateral attack on Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment, vexatious and bad faith re-litigation of voluntarily mooted claims, and causing irreparable harm to the Appellants (+$5.2225 billion). [Decl. 17-13A, Part II].
26. **Violations of Ethical Duties (Rules 3.3, 8.4) and Rule 9011:** Appellee lawyers (KTS, Meir, Mills, Walker, Kadaba, Southwell, Grushko, Mittman, NeSmith, Frederick, Burgess, Hewett, Myers, Nash, Mittlemen, Zitter, Rabinowitz, UST attorneys—Morawetz, Townson, Treace) violated duties their duty of candor, engaged in dishonesty/fraud/misrepresentation, and filed frivolous pleadings (Dkts. 5-1 to 5-6) for improper purposes by presenting claims based on void/criminal/precluded debts without reasonable inquiry or disclosure.
27. **Binding Judicial Admissions by Failure to Respond:** Failure to provide timely, sworn opposition refuting facts 1-26 constitutes binding judicial admission of these facts and the legal conclusions regarding lack of standing and misconduct.

## V. Deemed Judicial Admission of Irreparable Harm and Joint and Several Liability in the Sum Certain Amount of $5.2225 Billion.

As a direct and proximate result of the Appellees' (including their privies, agents, proxies, surrogates, alter egos, and all those in active concert therewith) failure to provide timely, sworn written opposition specifically refuting the factual predicates Parts I, II, III, and IV above by the deadline of **March 28, 2025, at 1:00 PM Eastern Time**, as demanded in this Declaration (17-16), each Appellee, jointly and severally, is deemed to have judicially admitted, confessed, stipulated, and agreed, effective **March 28, 2025**, that:

**a.** The unlawful acts, criminal misconduct, ethical violations, and bad faith re-litigation efforts detailed in factual predicates Parts I, II, III, and IV herein did, in fact, occur as described;

**b.** These unlawful acts and conduct directly and proximately caused irreparable harm, injury, and damages to Appellants **Group Management** (a sole proprietorship) and **Ulysses T. Ware**;

**c.** The quantifiable measure of said irreparable harm, injury, and damages resulting from the aforesaid unlawful acts and conduct amounts to the **sum certain of $5,222,500,000.00 (Five Billion, Two Hundred Twenty-Two Million, Five Hundred Thousand Dollars)**;

**d.** Each Appellee, their privies, agents, proxies, surrogates, alter egos, and all those in active concert therewith, hereby judicially admit, confess, consent, and stipulate they are **jointly and**

**severally liable** to Appellants for the full amount of said damages—$5,222,500,000.00 (**Five Billion, Two Hundred Twenty-Two Million, Five Hundred Thousand Dollars**).

## VI. Legal Significance

These **deemed judicial admissions**, confessions, and factual stipulations arising from the Appellees' failure to timely contest the underlying factual predicates establishing pervasive criminal and tortious conduct, **conclusively establishes**:

1. The **fact of irreparable harm** to Appellants;
2. The **precise quantum of damages** suffered as a direct consequence of the unlawful conduct; and
3. The **joint and several liability** of all Appellees and their privies therefor.

Accordingly, these matters are now **removed from the realm of dispute** in this proceeding and **all related proceedings**, pursuant to binding principles of judicial estoppel, collateral estoppel, and Rule 8(b)(6), Fed. R. Civ. P. (deemed admission of unanswered allegations),[1] as well as controlling Eleventh Circuit law.[2]

## APPELLANTS' NOTICE PURSUANT TO RULE 11 AND STANDING ORDER ¶M

This Declaration serves as Appellants' formal notice and good faith attempt, pursuant to Fed. R. Civ. P. 11(b)(1-4) (via Fed. R. Bankr. P. 9011), 28 U.S.C. § 1927, and Paragraph (m) of Judge Brown's Standing Order [Dkt. 2, 25cv00613], to "meet and confer" with Appellees regarding the threshold, dispositive lack of Article III subject matter jurisdiction (standing) *and* the profound ethical violations detailed herein. This effort is undertaken to demand that Appellees and their counsel fulfill their own ethical obligations under the District Court (NDGA), the ABA, and the Georgia Rules of Professional Conduct Rules 3.3 and 8.4 by immediately ceasing the

---

[1] Fed. R. Civ. P. 8(b)(6): *Effect of Failing to Deny.* An *allegation*—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, *an allegation* is considered denied or avoided. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).

[2] *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("Where a party [Appellees' in 02cv2219 (SDNY), 03-93031, Dkt. 5-1 to 5-10] assumes a certain position in a legal proceeding, and succeeds in maintaining that position [Dkt. 28, 03-93031; Dkt. 90, 02cv2219 (SDNY), voluntary Rule 41(a)(2) final judgment], he *may not* thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."). (emphasis added).

Page **14** of **16**

Friday, March 28, 2025

(17-16) (Part 17-16) re The Parties' Joint Rules 3.3 and Rule 8.4 Declaration and Stipulation of Ethics Violations during the 02cv2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings; and stipulated damages in the sum certain amount of $5.2225 billion, and entry of consent judgment, jointly and severally.

presentation of claims and arguments for which no non-frivolous basis exists, acknowledging the conclusive preclusive effect of the 2007 Final Judgment, correcting prior misrepresentations to the tribunals, and withdrawing from further participation based on the extinguished claims.

### DEMAND FOR RESPONSE AND CONSEQUENCES OF FAILURE TO RESPOND

Each Appellee identified above and in Dkt. 281 (03-93031), their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, jointly and severally, are hereby formally put on notice of the foregoing factual predicates establishing their lack of Article III standing and violations of professional conduct rules 3.3 and 8.4.

**Appellees are directed to respond to this Declaration (17-16) (Part 17-16) (Parts I, II, II, and IV), supra, in written opposition, under oath, subject to the penalty of perjury, as officers of the court where applicable, and pursuant to their duties under Rules 3.3 and 8.4 of the District Court (NDGA), the ABA, and Georgia Bar's Rules of Professional Conduct, no later than Friday, March 28, 2025, at 1:00 PM Eastern Time. Time is of the essence.**

Failure by any Appellee (or their authorized counsel) to file a timely, sworn written opposition specifically refuting the *__factual predicates__* in Parts I, II, III, and IV, above shall result in each non-responding Appellee being deemed, jointly and severally, to have knowingly and willfully, with actual and constructive notice of this Joint Declaration (17-16), **JUDICIALLY ADMITTED, CONFESSED, STIPULATED, AND AGREED** to the truth and accuracy of each factual predicate herein, and to have **NO OPPOSITION to the conclusions that Article III standing was and is currently lacking and absent, and that their conduct and the conduct of their counsel violated Georgia Rules of Professional Conduct 3.3 and 8.4 and Fed. R. Bankr. P. 9011(b)(1-4)**.

These judicial admissions shall be binding upon each non-responding Appellee for use in and for any purpose with respect to the following judicial proceedings: 02cv2219 (SDNY), 03-93031 (BC NDGA), *U.S. v. Ware*, 04cr1224 (SDNY), *U.S. v. Ware*, 05cr1115 (SDNY), *In re Ware* (2008) (Supreme Court of Georgia), 25cv00613 (NDGA), and any other subsequent proceeding between Appellants and Appellees.

Signed this 28th day of March 2025, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 U.S.C. § 1746, in Brooklyn, NY.

/s/ Ulysses T. Ware

*Ulysses J. Ware*
Ulysses T. Ware, attorney in fact for the Appellants

March 28, 2025
Brooklyn, NY 11226

## End of Declaration