
Case 1:25-cv-00613-MLB   Document 19-6   Filed 03/31/25   Page 1 of 11

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 31 2025

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

**(17-17) (Part 17-17) March 27, 2025, Appellants' Memorandum of law (#9) and analysis of Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment's legal consequences on Appellees KTS, its clients, its partners, privies, proxies, surrogates, alter-egos, and all those in active concert therewith.**

## The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

17-17

Friday, March 28, 2025, 1:06:33 PM

---

## Re: Memorandum (#9) re: Appellants' Amplified Analysis--Absolute Prohibition on Reliance Upon Annulled Aspects of 02cv2219 (SDNY) Inconsistent with the Controlling Preclusive Effect of Judge Sand's Dec. 20, 2007, Dkt. 90, Voluntary Rule 41(a)(2) Final Judgment. [JSAR Dkt. 5-13 on pages 46-47].

Respectfully submitted this 28th day of March 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware

**Ulysses T. Ware**
Attorney in Fact for Appellants

*Ulysses J. Ware* [signature]

## Table of Contents

I. INTRODUCTION ........................................................................................................... 3

II. THE UNASSAILABLE HIERARCHICAL PRIMACY AND PRECLUSIVE FORCE OF JUDGE SAND'S RULE 41(a)(2) 2007 FINAL JUDGMENT. ................................................. 3

III. THE DISTINCTION: LIMITED INTERNAL ANNULMENT vs. CONTROLLING EXTERNAL PRECLUSION. ............................................................................................... 4

IV. THE ABSOLUTE PROHIBITION ON RELIANCE ON ANNULLED OR SUPERSEDED ELEMENTS OF 02cv2219 IS INCONSISTENT WITH JUDGE SAND'S 2007 FINAL JUDGMENT. ..................................................................................................................... 5

V.   SUMMARY ............................................................................................................. 6

VI. CONCLUSION ............................................................................................................. 8

# I. INTRODUCTION

This memorandum provides an amplified and rigorous analysis of Appellants' core legal proposition: that the conclusive and binding effect of Judge Sand's December 20, 2007, Rule 41(a)(2) Final Judgment entered *with prejudice* in 02cv2219 (S.D.N.Y.) ("**2007 Final Judgment**"), Dkt. 90, [JSAR, Dkt. 5-13, pp. 46-47] operates as an absolute bar, precluding Appellees, their privies, the 03-93031 Bankruptcy Court (Judges Hagenau and Ellis-Monro), and this 25cv00613 District Court (acting in its appellate capacity) from relying upon, utilizing, or arguing *any* position ***predicated on any facts, arguments, issues, claims, interlocutory orders, or purported prior judgments*** originating from the 02cv2219 (SDNY) litigation that contradict, undermine, negate, or otherwise conflict with the judgment's absolute preclusive force.[1]

This prohibition specifically invalidates reliance on the purported factual findings and legal conclusions contained within Bankruptcy Court Orders reflected in this appeal's record at Dockets 5-7, 5-8, 5-9, and 5-10, as those orders were predicated on a fundamental failure to recognize and apply the controlling res judicata effect of the 2007 Final Judgment ***against Appellees*** herein.

# II. THE UNASSAILABLE HIERARCHICAL PRIMACY AND PRECLUSIVE FORCE OF JUDGE SAND'S RULE 41(a)(2) 2007 FINAL JUDGMENT.

The legal analysis begins and ends with the absolute dispositive effect of Judge Sand's voluntary Rule 41(a)(2) 2007 Final Judgment.

1. **Final Adjudication "On the Merits" *With Prejudice*:** The Dec. 20, 2007, Dkt. 90, ***voluntary dismissal*** procured by the 02cv2219 Plaintiffs (Appellees/privies herein) under Rule 41(a)(2) *with prejudice*, ***strategically obtained after the expiration of all applicable statutes of limitation***, constitutes an unequivocal final adjudication "on the merits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001). This is not a procedural dismissal leaving the door open for future litigation; it is a substantive resolution carrying the full weight and finality of a judgment rendered after a full trial on the merits. Its *voluntary nature*, when coupled with the "with prejudice" designation, amplifies, rather than diminishes, its conclusive effect, representing a deliberate forfeiture, termination, and extinguishment of all claims in the 02cv2219 lawsuit.

---

[1] Such final judgment, obtained pursuant to Rule 41(a)(2), ***operates as a final adjudication on the merits***, thereby barring any subsequent attempt to resurrect or re-litigate the same or related issues once conclusively determined. See ***Federated Dep't Stores, Inc. v. Moitie***, 452 U.S. 394, 398–99 (1981). This principle applies with full force to all claims or arguments, whether previously raised or that could have been raised, and forecloses any contradictory positions in later proceedings. Parties and privies are strictly bound by this preclusive effect, thus preventing relitigation of ***facts, issues, or orders in conflict with the 2007 Final Judgment***. Hence, finality.

2. **Res Judicata's Absolute Bar on all Claims and Issues:** As a final judgment on the merits, Judge Sand's Rule 41(a)(2) 2007 Final Judgment irrevocably triggers the comprehensive bar of res judicata (claim preclusion). This doctrine absolutely prohibits the 02cv2219 Plaintiffs and their privies (including all Appellees identified in Memo #7) from ever again asserting the same cause of action ==derived from the pleaded nucleus of operative facts== – encompassing *any and all* alleged claims, demands, or rights arising from the Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5) – that were actually raised or, critically, *could have been raised* in the 02cv2219 SDNY litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").
3. **Extinguishment of Legal Rights:** The direct legal consequence of Judge Sand's voluntary Rule 41(a)(2) 2007 Final Judgment *was the complete, permanent, and irrevocable extinguishment of any legally cognizable claim or right Appellees might have arguably possessed against Appellants arising from GX 1-4 and GX 5.*
4. **For all legal purposes ==relevant to all future litigation between these parties and their privies==, all those claims, facts, issues, causes of action, rulings, orders, and judgments directly and/or indirectly (actually or necessarily) related to or derivative of the 02cv2219 (SDNY) lawsuit were "forever" (*Federated*, 452 U.S. at 401-02) legally "annulled and vitiated" (*A.B. Dick*, 197 F.2d at 501-02) and by operation of law, ipso facto, ==legally ceased to exist as of December 20, 2007==, and lack all preclusive effect and value.** *Steel Co.*, 523 U.S. at 93-95.

## III. THE DISTINCTION: LIMITED INTERNAL ANNULMENT vs. CONTROLLING EXTERNAL PRECLUSION.

The "annulment" doctrine, derived from cases like *A.B. Dick Co. v. Marr*, 197 F.2d 498 (2d Cir. 1952), does not override the preclusive force of a final judgment entered *with prejudice*.

1. **Annulment's Scope:** Annulment applies primarily to the *internal procedural* effects *within* the dismissed case (02cv2219). It means prior interlocutory orders (e.g., discovery rulings, non-dispositive motions) made *before* the final dismissal lack independent legal force *after* the case's termination. It prevents parties from selectively picking non-final rulings from a dismissed case and treating them as binding law. *See L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019).
2. **Final Judgment with Prejudice Survives Annulment:** The annulment doctrine **does not** annul or vitiate the **final judgment** itself when that judgment is a dismissal *with prejudice*. The dismissal *with prejudice* is the definitive act that *creates* the final judgment and its attendant res judicata effects. It is the legally operative event that dictates the future relationship between the parties regarding the extinguished claims.
3. **Res Judicata Governs Subsequent Litigation:** While annulment nullifies prior interlocutory steps *within* 02cv2219, res judicata governs the *external* binding effect of the

2007 Final Judgment on *subsequent* cases like 03-93031 and 25cv00613. The final judgment's preclusive effect dictates what can (or cannot) be litigated in these later proceedings.

## IV. THE ABSOLUTE PROHIBITION ON RELIANCE ON ANNULLED OR SUPERSEDED ELEMENTS OF 02cv2219 IS INCONSISTENT WITH JUDGE SAND'S 2007 FINAL JUDGMENT.

Given the supremacy of the 2007 Final Judgment's res judicata effect, the following prohibitions are legally mandated:

1. **No Reliance Permitted on Contradictory Elements:** Neither Appellees, the 03-93031 Bankruptcy Court, nor this 25cv00613 District Court may rely upon, cite, argue, or give *any* legal effect or weight to any alleged facts, previously advanced arguments, purportedly decided issues, or annulled interlocutory orders originating from the 02cv2219 SDNY litigation if such reliance is inconsistent with or attempts to circumvent the conclusive legal fact established by the 2007 Final Judgment: **that Appellees possess no legally enforceable claim against Appellants arising from GX 1-4 and GX 5.**
2. **Such Reliance Constitutes an Impermissible Collateral Attack:** Any attempt by Appellees or any court to utilize superseded or annulled aspects of the 02cv2219 proceedings to implicitly or explicitly validate Appellees' extinguished claims constitutes an impermissible collateral attack on the 2007 Final Judgment. The principles of finality and res judicata strictly forbid parties from selectively using defunct interlocutory rulings or arguments from a prior dismissed action to undermine the conclusive effect of the final judgment rendered therein. *See Federated*, 452 U.S. at 398; *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) (emphasizing the general unavailability of collateral attacks on judgments).
3. **Specific Invalidity of Reliance on Dkts. 5-7 to 5-10 (Bankruptcy Court Orders):** The orders issued by the Bankruptcy Court (Chief Judge Hagenau and Judge Ellis-Monro), reflected in the current appellate record at Dockets 5-7, 5-8, 5-9, and 5-10, are demonstrably flawed and legally erroneous *to the extent they rely upon or proceed from the premise that Appellees retained any viable claims or standing related to GX 1-4/GX 5 after December 20, 2007.*

    a) **Failure to Apply Controlling Precedent:** These Bankruptcy Court orders, particularly the substantive analysis in Dkt. 5-7 (Hagenau, C.J., Oct. 24, 2022), engage in analysis regarding Appellants' filings and the history of the bankruptcy case (e.g., effect of the 2003 dismissal, standing of "Subscribers" in 2003) while fundamentally failing to recognize and apply the dispositive, controlling legal effect of the 2007 SDNY Final Judgment *against the Appellees*. The analysis in Dkt. 5-7, for example, discusses standing in 2003 (p. 27) and the effect of the 2003 dismissal (p. 23) but completely ignores that the Appellees' underlying claims were

      subsequently extinguished with prejudice *by their own voluntary action* in 2007, rendering any discussion of their prior standing moot and legally irrelevant to their current status.

  b) **Reliance on Legally Erroneous Predicate:** Judge Ellis-Monro's subsequent orders (Dkts. 5-9, 5-10) expressly adopt and rely upon Judge Hagenau's flawed analysis in Dkt. 5-7. By predicating their rulings on a failure to give effect to the 2007 Final Judgment, these Bankruptcy Court orders are legally erroneous. They attempt to breathe life into claims that are legally defunct due to res judicata.

  c) **Lack of Authority to Contradict Final Judgment:** The Bankruptcy Court possessed no jurisdiction or authority to issue orders that contradict or effectively nullify the binding res judicata effect of a final judgment entered by a coordinate federal court (S.D.N.Y.). Orders Dkts. 5-7 through 5-10, therefore, cannot serve as a legitimate basis for Appellees' continued participation, arguments, or purported standing in this appeal concerning the extinguished claims. They are themselves tainted by the failure to respect the 2007 Final Judgment.

## V. SUMMARY

The rule of law is irrefutable, definitively, and conclusively on Dec. 20, 2007, Dkt. 90, upon the late Honorable Leonard B. Sand's entry of the plaintiffs' (Appellee KTS' clients in 03-93031, see Dkt. 5-2) voluntary Rule 41(a)(2) dismissal *with prejudice* in Case No. 02cv2219 (S.D.N.Y.), a conclusive final judgment was rendered, triggering not only the absolute bar of res judicata but also the jurisprudential principle often described as the "annulment" of prior, non-final proceedings and interlocutory orders within that specific, terminated action.

A voluntary dismissal under Rule 41(a)(2) ***culminated in a final judgment with prejudice***, particularly following substantial litigation activity, operates as a definitive adjudication on the merits, effectively extinguishing the dismissed suit *ab initio* for internal procedural purposes. This *leaves no viable legal foundation upon which previously filed pleadings, motions, or preliminary, non-dispositive orders* entered *within that action* [02cv2219 (SDNY)] **can stand independently or carry forward any binding legal force derived *solely* from their issuance in the dismissed case**. *See U.S. v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18–19 (2d Cir. 2019) (discussing the effect of vacatur and dismissal rendering prior proceedings moot); *A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir. 1952) (voluntary dismissal "leaves the situation... as though the suit had never been brought; thus vitiating and annulling all prior proceedings and orders in the case...").

1. **Effect on the 02cv2219 (SDNY) Complaint and Claims Therein:** As a direct legal consequence of Judge Sand's Rule 41(a)(2) voluntary dismissal *with prejudice*, all claims and allegations asserted within the 02cv2219 Plaintiffs' complaint were definitively extinguished and rendered legally moot for all purposes related to that specific forum and all other proceedings which relied in whole and/or in part on the annulled proceedings, orders, or judgments therein. No party, including Appellees herein or their privies, may subsequently reassert those specific, extinguished claims, assertions, allegations, or rulings as if they remained pending or viable within the 02cv2219 action, ***nor may they rely upon***

*the annulled complaint or its allegations as possessing any precedential, collateral estoppel*, or "law of the case" effect derived from the dismissed proceeding. The dismissal with prejudice operates as a conclusive determination against the merits and all allegations, rulings, orders, and judgments entered on the claims presented in that complaint.

2. **Impact on KTS' Bankruptcy Filings (Dkt. 5-2, 5-3, 5-4, 5-6) Predicated on 02cv2219:** Appellee KTS's submissions in the Chapter 11 proceeding (Case No. 03-93031), including its Notice of Appearance falsely designating its clients as "creditors" [Dkt. 5-2], its Opposition to rejection predicated on the validity of GX 1-4/GX 5 [Dkt. 5-4], and its Motions to Dismiss grounded in " ... evading SDNY orders ...." [Dkts. 5-5, 5-6], frequently referenced or were implicitly dependent upon the purported validity of claims or the effect of interlocutory orders originating from the 02cv2219 litigation.[2] Following the 2007 Final Judgment dismissing 02cv2219 with prejudice, any "live" controversy deriving solely from that specific SDNY proceeding was extinguished. Consequently, KTS' subsequent reliance upon, or attempts to enforce, any "outstanding" interlocutory orders, partial findings, or the underlying claims from the annulled 02cv2219 action within the 03-93031 bankruptcy case became legally untenable. *Such interlocutory orders or provisional determinations from the dismissed with prejudice 02cv2219 SDNY case are legally prohibited and precluded from being treated as final, binding, conferring any preclusive effect, or capable of supporting Appellees' claims or standing in the subsequent 03-93031 Chapter 11 bankruptcy proceeding, or the 25cv00613 (NDGA) appeal, as they were vitiated by the final dismissal of the action from which they arose.* The *external* preclusive effect of Judge Sand's Rule 41(a)(2) final judgment itself, however, remains controlling in 02cv2219, 03-93031, 04cr1224, 05cr1115, 25cv00613, and In re Ware (2008) Supreme Court of Georgia.

3. **Effect on UST's Pleadings (Dkt. 5-1, 5-3) Referencing 02cv2219:** Similarly, the United States Trustee's submissions in the 03-93031 proceeding, including its Notice of Appearance [Dkt. 5-1] and its Motion to Dismiss [Dkt. 5-3], which referenced the 02cv2219 SDNY litigation, lose any legal force or relevance derived directly and solely from the *pendency* or *interlocutory rulings* of the now-annulled 02cv2219 SDNY suit. Any legal impetus the UST's arguments drew specifically from non-final determinations within the 02cv2219 case was extinguished with absolute finality because the Rule 41(a)(2) dismissal with prejudice effectively "unwinds" all provisional, non-final determinations internal to that dismissed action, leaving only Judge Sand's Dec. 20, 2007, Dkt. 90, Rule 41(a)(2) final judgment's external preclusive effect intact. There is no other legal instrument having preclusive effect associated with the 02cv2219 proceeding. ***A.B. Dick***, 197 F.2d at 501-02.

---

[2] See Dkt. 5-5, and Dkt. 5-6, Ex. A and Ex. B—KTS referenced—then ultra vires, and moot, and now voluntarily annulled and vitiated by its predatory unregistered broker-dealer clients, their prior proceedings, orders, and judgments taken in the then and now ultra vires and moot 02cv2219 lawsuit in support of its and its clients' known to be, or recklessly and negligently not known to be risible, frivolous, fraudulent, vexatious, bad faith, and manifestly moot positions. See Bankr. Rule 9011(b)(1-4) and 28 USC § 1927 requirements.

In summation, Judge Sand's Rule 41(a)(2) Final Judgment definitively concluded the 02cv2219 (SDNY) litigation, triggering both the absolute external bar of res judicata against Appellees' claims and the internal annulment of prior interlocutory proceedings within that specific case. Consequently, no Appellee, or court, may lawfully invoke the dismissed complaint's allegations or any related non-final, interlocutory orders from the 02cv2219 action as if they retained independent legal force or precedential value subsequent to the final dismissal with prejudice. The controlling legal reality is defined solely by the final judgment's conclusive extinguishment of Appellees' claims.

## VI. CONCLUSION

Judge Sand's irrefutable voluntary Rule 41(a)(2) December 20, 2007, Final Judgment in 02cv2219 (SDNY) stands as ***an insurmountable legal barrier, erected by Appellees themselves***, precluding and prohibiting any assertion of rights or claims by Appellees or their privies arising from the Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5). The annulment doctrine pertaining to the internal proceedings of 02cv2219 does not diminish the external, controlling force of this final judgment's res judicata effect. Consequently, any reliance by Appellees, the Bankruptcy Court (specifically in orders Dkts. 5-7 through 5-10), or this Court on any aspect of the 02cv2219 or 03-93031 litigation inconsistent with the conclusive extinguishment of Appellees' claims is absolutely prohibited. Such reliance constitutes an impermissible collateral attack on a final judgment, and ignores the fundamental jurisdictional prerequisite of Article III standing, which Appellees manifestly lack. The 2007 Final Judgment must be given its full, controlling preclusive effect in these proceedings. See 28 USC § 1738.

Respectfully submitted this 28th day of March 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware
*Ulysses T. Ware*
**Ulysses T. Ware**
Attorney in Fact for Appellants

### Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing memorandum and the attached Declaration (17-17) (Part 17-17) constitute a judicial pleading submitted to the Office of the District Clerk's possession for filing and docketing in Case No. 1:25-cv-00613-MLB, on this 28th day of March, 2025; and all Appellees, and their legal counsels of record have been served on March 28, 2025, with a copy of the foregoing (17-17) (Part 17-17).

/s/ Ulysses T. Ware

**Ulysses T. Ware, attorney in fact for the Appellants**

# End of document

Ware, et al. v. Alpha Capital AG, et al.
25 cv 00613 (NDGA)
March 28, 2025

Contents:
Part (17-16): Joint Declaration

Part (17-17): Memo. of Law (#9)

/s/ Ulysses T. Ware

**PRIORITY MAIL FLAT RATE ENVELOPE POSTAGE REQUIRED**



Retail

**UNITED STATES POSTAL SERVICE**

US POSTAGE PAID
$10.10
Origin: 11226
03/28/25
3509710318-24

PRIORITY MAIL®

0 Lb 6.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 03/31/25

C039

SHIP TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315

USPS TRACKING® #



9505 5141 9262 5087 2295 61

PRIORITY® MAIL

(fees apply).*
international destinations.
required.
For exceptions see the
limitations of coverage.

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



PAPER POUCH

OD: 12 1/2 x 9 1/2



PS0

FLAT
ONE RAT
TRAC

**FROM:**



UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

(17-16) and (17-17)  03.28.25

**FROM:**
Tharon Ulysses T. Wave
CLEARED SECURITY
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
MAR 3 1 2025
U.S. MARSHALS SERVICE
Atlanta, Georgia

CLEARED SECURITY

**TO:**
The Office of the District Clerk
MAR 3 1 2025
U.S. District Court (NDGA)
U.S. MARSHALS SERVICE
Richard B. Russell U.S. Courthouse
Atlanta, Georgia
75 Ted Turner Dr., SW
Atlanta, GA 30303

Label 228, December 2023   FOR DOMESTIC AND INTERNATIONAL USE

