FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 0 8 2025

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

---

**In re:**
**GROUP MANAGEMENT CORP.,**
Chapter 11 Debtor in the underlying Case No. 03-93031 (Bankr. N.D. Ga.)

---

**ULYSSES T. WARE and GROUP MANAGEMENT (a sole proprietorship),**
Appellants,

v.

**ALPHA CAPITAL, AG, et al.,** *Predatory Unregistered Broker-Dealers,*
Appellees.

---

**APPELLANTS' LOCAL RULE 7.2 (B) EMERGENCY MOTION TO STAY BRIEFING
SCHEDULE FOR GOOD CAUSE SHOWN. (Relates to Dkt. 10).**

Appellants **Ulysses T. Ware** and **Group Management** (a sole proprietorship, the

"Debtor"), by and through the undersigned, and pursuant to Local Rule 7.2(B) of the United States

District Court for the Northern District of Georgia ("LR 7.2(B), ND Ga") and all other applicable

rules, hereby respectfully move this Court for an **Emergency Stay** of the briefing schedule in the

above-captioned appeal. In support thereof, Appellants state:

*Ulysses J. Ware*

**Respectfully submitted this 1ˢᵗ day of April 2025.**

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Page **3** of **32**
Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013
motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding
Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

(718) 844-1260
utware007@gmail.com

**By:** /s/ Ulysses T. Ware
**Ulysses, Attorney in Fact for Appellants**
Group Management and Ulysses T. Ware

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

# I. INTRODUCTION

1. By order entered as Dkt. 10 in this Court, Appellants were directed to file their opening appellate brief on or before April 17, 2025.

2. On April 1, 2025, Appellants filed the attached "Declaration in Support of Urgent Relief" (the "Declaration") seeking to demonstrate that multiple threshold issues—including subject matter jurisdiction, lack of appellees' standing, and unresolved questions regarding the sole-proprietorship status of Group Management—remain pending, rendering the merits briefing unripe and requiring a stay of the current briefing schedule.

3. For the reasons stated below and supported by the attached Declaration, this Court should stay the existing briefing schedule until such time as the threshold jurisdictional and standing questions are resolved.

# II. PROCEDURAL BACKGROUND

4. This appeal arises from the underlying bankruptcy proceedings in **In re Group Management, Case No. 03-93031 (Bankr. N.D. Ga.)**, in which the Bankruptcy Court entered certain orders purporting to dismiss the Chapter 11 case and adjudicate the alleged claims of various purported creditor-appellees.

5. Appellants timely filed a Notice of Appeal (Dkt. 279 in Bankr. Dkt.) on February 3, 2025, challenging the Bankruptcy Court's continuing assertion of jurisdiction over alleged criminal-usury claims and the standing of unregistered broker-dealers as appellees.

Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdiction motions have been resolved.

6. On February 7, 2025, the Notice of Appeal was docketed before this Court, commencing the instant proceeding (No. 25-cv-00613). The Clerk set deadlines for the parties' briefs, culminating in an April 17, 2025 due date for Appellants' opening brief. (Dkt. 10).

7. On April 1, 2025, Appellants executed and submitted the attached Declaration showing that essential jurisdictional and standing issues remain unresolved and that none of the appellees, though served, have responded or appeared to clarify whether valid Article III jurisdiction exists over these claims.

8. Because these threshold defects place at issue the Court's power to proceed—and because no appellee has entered any appearance or clarified its standing—the current briefing schedule is not yet ripe and imposes needless expense and prejudice on Appellants.

# III. ARGUMENT

## A. Good Cause Under Local Rule 7.2(B) Warrants an Emergency Stay

9. **LR 7.2(B), ND Ga** authorizes the Court to grant an immediate hearing and/or relief on motions upon a proper showing of good cause. Courts often find such good cause where pivotal jurisdictional questions remain pending or where the orderly administration of justice mandates a brief pause to resolve threshold issues.

10. As detailed in the attached Declaration, subject matter jurisdiction and Article III standing are foundational prerequisites that must be resolved before merits briefing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). Proceeding with full briefing while fundamental jurisdictional questions remain outstanding would contravene well-settled principles that require courts to ensure jurisdiction exists prior to reaching the merits.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

11. In addition, the dispute over Group Management's status (i.e., whether it is a sole proprietorship authorized to appear pro se through its principal versus a corporate entity requiring counsel) has further complicated any briefing. Resolution of that question will directly affect how the appeal proceeds, including whether separate counsel must enter an appearance for the Debtor or whether the Debtor's principal may appear pro se.

## B. The Declaration Demonstrates Lack of Ripeness and Irreparable Prejudice

12. Appellants' Declaration, infra, Section B, explains that the bankruptcy court's orders rest upon disputed claims by parties whose standing under the Securities Exchange Act is seriously in doubt (i.e., unregistered broker-dealers pursuing allegedly criminal-usury debts). If these parties have no standing, this Court lacks Article III jurisdiction over the entire dispute.

13. Requiring Appellants to file detailed briefs on the merits—especially where no opposing party has even appeared—risks irreparable prejudice by forcing Appellants to expend resources on arguments that may be rendered moot or dismissed if the threshold jurisdictional defects are resolved.

14. Courts routinely stay briefing schedules pending the resolution of subject matter jurisdiction or standing questions. *See*, e.g., *Taylor v. Taylor*, 913 F.2d 102 (3d Cir. 1990) ("It is wasteful to require full merits briefing before determining if the action lies within the court's jurisdiction.").

# IV. REQUEST FOR EMERGENCY RELIEF

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

15. In light of the Court's briefing order (Dkt. 10) and the rapidly approaching deadline, Appellants respectfully request immediate consideration of this Motion. Absent a stay, the briefing obligations will impose significant burdens upon Appellants, while the jurisdictional and standing questions remain unresolved.

16. A short stay of the briefing schedule will not harm any appellee—especially given none has appeared or opposed—and will promote judicial efficiency by allowing resolution of the fundamental threshold issues first.

# V. CONCLUSION

For the foregoing reasons and based on the "good cause" shown herein and in the attached Declaration, Appellants respectfully pray that this Court:

1. **Grant** this Emergency Motion under LR 7.2(B), ND Ga, and immediately **Stay** the current appellate briefing schedule set forth at Dkt. 10;

2. **Hold in abeyance** all merits briefing deadlines until this Court has resolved the threshold questions identified in the attached Declaration (subject matter jurisdiction, standing of purported creditors, and Group Management's status as a sole proprietorship); and

3. **Award** any and all other relief this Court deems just and proper in the circumstances.

**Respectfully submitted this 1st day of April 2025.**

*Ulysses 2. Ware*

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

**By:** /s/ Ulysses T. Ware
**Ulysses, Attorney in Fact for Appellants**
Group Management and Ulysses T. Ware


# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April 2025, I caused a true and correct copy of the foregoing

**Appellants' Local Rule 7.2(B) Emergency Motion to Stay Briefing Schedule** to be served via

first-class U.S. Mail, postage prepaid, and/or to the Chambers of the Hon. District Judge Michael

L. Brown, and upon all parties entitled to notice in this matter.


/s/ Ulysses T. Ware
Attorney in Fact for Appellants

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Tuesday, April 1, 2025, 2:16:12 PM

Via Email

Kilpatrick, Townsend, & Stockton, LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309

Office of the U.S. Trustee, Region 21
75 Ted Turner Drive, SW, Room 362
Atlanta, GA 30303

All Named Appellees in Case No. 25-cv-00612 (N.D. Ga.)

## A.  Re: Meet and Confer Under District Court (N.D. Ga.) Dkt. 2, Standing Order ¶ (m); Proposed Joint Consent Order.

Dear Counsel and Appellees:

Pursuant to the District Court (N.D. Ga.) Standing Order, Dkt. 2, paragraph (m), the Appellants, Ulysses T. Ware and Group Management (a sole proprietorship), hereby request a **meet and confer** this day, April 1, 2025, regarding (Part 17-19) and the attached **Joint Consent Order of the Parties** ("Proposed Order"). We wish to finalize discussions on entry of the Proposed Order as the relief of the Court in Case No. 25-cv-00612 (N.D. Ga.).

**Time is of the essence.** Please provide any written objections or opposition you may have to the attached Proposed Order and the relief sought, **no later than 2:00 PM EST on April 1, 2025**. Any such objection must be fully supported in law and fact, consistent with **Rule 11(b)(1)–(4)** of the Federal Rules of Civil Procedure and **28 U.S.C. § 1927**.

In the absence of any written opposition by the stated deadline, Appellants will proceed to submit (Part 17-19) and the Joint Consent Order  (Part 17-19A) to the District Court for entry **forthwith**.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

Should you have any questions or require additional information, please direct them in writing to the undersigned. We appreciate your prompt attention to this matter.

Respectfully,

/s/ Ulysses T. Ware

Ulysses T. Ware
Attorney in Fact for Appellants
Group Management & Ulysses T. Ware

# Case No. 25-cv-00613 (MLB)

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Filed on April 1, 2025, 2:16:12 PM, via email to Chambers

### Ware & Group Management, Appellants
### v.
### Alpha Capital AG, et al., Appellees

## APPELLANTS' DECLARATION OF LACK OF RIPENESS
## IN SUPPORT OF URGENT RELIEF STAYING BRIEFING SCHEDULE, Dkt. 10.

Respectfully submitted this 1st day of April 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware

**Ulysses T. Ware**
Attorney in Fact for Appellants

Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

## B. Declaration of Ulysses T. Ware and Group Management

I, Ulysses, attorney in fact for the Appellants, Dkt. 13, including the Chapter 11 Debtor, Group Management (a sole proprietorship), hereby declare under oath and subject to the penalty of perjury pursuant to 28 U.S.C. § 1746, this 1st day of April 2025, in Brooklyn, NY declares and states that the following statements are true and correct to the best of my knowledge, information, and belief:

1. **Declarant's Authority and Background**

   1.1. My name is Ulysses, and I serve as attorney in fact for the Appellants: (i) myself, in my personal capacity, and (ii) Group Management, a sole proprietorship, 28 USC § 1654, currently recognized as the Chapter 11 Debtor in the underlying bankruptcy proceedings (03-93031, Bankr. N.D. Ga.). Dkt. 13.

   1.2. I submit this Declaration in support of Appellants' urgent request to stay the briefing schedule set out in Dkt. 10 (25-cv-00613) until the Court resolves pivotal and threshold issues of Article III subject matter jurisdiction, the standing (or lack thereof) of the purported Appellees, and the sole-proprietorship status of Group Management under 28 U.S.C. § 1654. See Dkt. 12, Dkt. 14, and undocketed Part 17-13 (received by the Court on March 31, 2025).

2. **Nature and Purpose of This Declaration**

   2.1. Appellants have been ordered by the District Clerk, via Dkt. 10, to file their opening appellate brief on **April 17, 2025**. This Declaration shows that the 25cv00613 (NDGA) appeal matter is not ripe for that briefing because multiple dispositive questions—(i)

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

including whether any valid Article III jurisdiction exists and (ii) whether any of the Appellees have cognizable standing—remain pending and unresolved.

2.2. Appellants also point out that no Appellee has appeared or responded since the commencement of this appeal, despite actual service of notice and repeated advisories of default consequences under ***United Student Aid Funds, Inc. v. Espinosa***, 559 U.S. 260 (2010). See 25cv00613 docket.

3. **Overview of the Underlying Bankruptcy Proceedings**

3.1. The case underlying this appeal is ***In re Group Management,*** Case No. 03-93031 (Bankr. N.D. Ga.), initially commenced as a Chapter 11 proceeding.[1] On May 21, 2003, that case was dismissed with prejudice (Dkt. 28, 03-93031), although Appellants have consistently maintained that the dismissal was void ab initio for lack of federal subject matter jurisdiction.

3.2. The disputed debts at issue, forming the basis for alleged "claims" by certain unregistered broker-dealers, purportedly arise from transactions Appellants identify as predatory criminal usury under New York Penal Law § 190.40, and implicate federal racketeering and loan-sharking prohibitions under 18 U.S.C. §§ 1951(a), 1961(6)(B), and 1962(a)-(d).

---

[1] The Chapter 11 was filed by the Debtor and its legal counsel, Appellant Ulysses T. Ware, Esq., ***to rid the Chapter 11 Debtor of daily Hobbs Act threats of violence, infliction of emotional distress, threats of murder, death, infliction of violent bodily harms, injuries, and damages*** made by Appellees Kenneth A. Zitter, convicted felon Edward M. Grushko, Arie Rabinowitz, Leonard B. Sand, Jeffrey B. Norris, Alexander H. Southwell, et al.—a criminal illegal association in fact, in their attempts to extort and steal from the Appellants more than +$522 million in the Debtor's free-trading, publicly-traded equity securities to collect on the predatory criminal usury unlawful debts, GX 1-4, and GX 5, in violation of 18 USC §§ 2, 152, 157, 371, 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(B), 1962(a-d), and 2071(a), (b), a pattern of racketeering activities.

Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

4. **Initiation of this Appeal and Procedural Developments**

4.1. On February 3, 2025, Appellants filed a Notice of Appeal (Dkt. 279, Bankr. 03-93031) challenging, inter alia, the Bankruptcy Court's continuing assertion of jurisdiction over the criminally usurious subject matter, the standing of unregistered broker-dealers, and the court's refusal to address or rectify the alleged defects in subject matter jurisdiction going back two decades.

4.2. The Notice of Appeal was docketed in this Court on February 7, 2025, thereby initiating Case No. 25-cv-00613 (MLB). Since that time, the District Court (Brown, J.) has issued several administrative orders, including one purporting to require "corporate" representation by counsel, Dkt. 4. Appellants promptly challenged that ruling (Dkt. 14-1, 14-3) on grounds that Group Management is a sole proprietorship under 28 U.S.C. § 1654 and can appear through its principal.

5. **Challenged Orders on Appeal**

5.1. Appellants specifically challenge the May 21, 2003 "Order of Dismissal With Prejudice" (Dkt. 28 in 03-93031), as well as additional rulings of October 24, 2022, December 13, 2022, and beyond [JSAR Dkt. 5-7 to Dkt. 5-10].[2] Each of these orders implicates core issues of subject matter jurisdiction.

5.2. Appellants also challenge the Bankruptcy Court's refusal to acknowledge the controlling effect of two critical orders from the underlying 02-cv-2219 (S.D.N.Y.) proceeding:

---

[2] "JSAR" refers to the Appellants' and Appellees' 25cv00613 (NDGA) Rule 8009(d) Joint Stipulated Appellant Record.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

5.2.a. Judge Sand's *voluntary* December 20, 2007, Final Judgment under Fed. R. Civ. P. 41(a)(2), which Appellants assert forever bars the purported Appellees—Alpha Capital AG, Stonestreet L.P., Markham Holdings, Ltd., Amro International, S.A., their privies, and others—from resurrecting claims on these predatory criminal usury unlawful debts, GX 1-4, and GX 5.

5.2.b. Judge Sand's August 13, 2003 statutory insider ruling (Dkt. 65, 02-cv-2219), finding the same parties (Appellees herein) to be "beneficial owners of more than 9.9% of [Appellant] Group Management's" equity securities under 15 U.S.C. § 78p(b), thereby mandating short-swing insider trading disgorgement exceeding $522 million in favor of the Chapter 11 estate. 11 USC § 542(a).

6. **Substance of the Jurisdictional and Standing Objections**

6.1. Appellants allege that none of these purported Appellees has standing under Article III because they are ***predatory, unregistered broker-dealers*** trafficking in what New York Penal Law, section 190.40, designates as predatory null and void ab initio "criminally usurious debts,"(GX 1-4, and GX 5), and, are further disqualified by federal securities laws for failing to register as broker-dealers, 15 USC §§ 78o(a)(1), 78cc(b), and 78ff.

6.2. The Bankruptcy Court's power to adjudicate these RICO-based, criminal-usury controversies is also in question. Appellants maintain that a Bankruptcy Court cannot bootstrap Article III jurisdiction over felony-level criminal usury claims, Dkt. 5-1 to Dkt. 5-6—*especially where the putative creditors themselves are the alleged felons*. *Grote*, 961 F.3d at 105, 109-119; 18 USC § 1961(6)(B).

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

7. **Recent District Court Orders and Motions**

7.1. On March 17, 2025, the District Clerk issued a briefing schedule (Dkt. 10, 25-cv-00613) **setting an April 17, 2025,** deadline for Appellants' Opening Brief. This schedule arose without the District Court "first" determining whether it possesses jurisdiction or whether any purported adverse Appellee retains Article III standing to appear in the Bankruptcy Court or this appeal, given binding res judicata preclusive effects of Judge Sand's voluntary Dec. 20, 2007, Rule 41(a)(2) final judgment, and (ii) FINRA's May 17, 2021, ***binding regulatory ruling of unregistered broker-dealers*[3]** for each of the 02cv2219 (SDNY) plaintiffs. ***Steel Co.***, 523 U.S. at 93-95.

7.2. Appellants have filed numerous motions seeking:

7.2.a. Determination that the unregistered broker-dealer Appellees hold void ab initio claims.

7.2.b. Enforcement of Judge Sand's final R. 41(a)(2) judgment and his insider-fiduciary ruling, both of which are alleged to foreclose or reorder any claims.

7.2.c. A formal ruling that Group Management, as a sole proprietorship, may appear pro

---

[3] Per the federal securities laws, 15 USC §§ 78o(a)(1), 78cc(b), and 78ff, and loan sharking racketeering laws, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d), Appellees, unregistered broker-dealers, ipso facto as a matter of law lacked Article III standing to have filed the 02cv2219 (SDNY) lawsuit, lacked standing to have appeared in the Chapter 11, 03-93031 [JSAR Dkt. 5-1 to Dkt. 5-6], and lack Article III standing to appear in this 25cv00613 appeal, which rendered the underlying proceeding moot, void ab initio, and criminal, 18 USC § 1961(6)(B), ***Grote***, Id., regarding any judicial relief granted the unregistered broker-dealers' and their legal counsels (Appellees KTS, Meir, Mills, Walker, Kadaba, Arndt, Hostetter, Nall & Miller, LLP, Zitter, Grushko, Mittman, Southwell, Mandala, Albaral, Malliband, Baker & McKenzie, LLP, Leghorn, et al.) numerous attempts to enforce or collect predatory criminal usury debts, GX 1-4, and GX 5.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

se through its principal under 28 U.S.C. § 1654, thereby vacating the March 10, 2025

order dismissing Group Management without prejudice.

8. **No Appearances by Appellees**

8.1. Despite formal service—via docket entries and direct personal notices—none of the

named Appellees has filed an appearance, opposed Appellants' motions, or otherwise

engaged in this appeal.

8.2. On March 3, 2025, and again on March 28, 2025, Appellants served "Notices of

Adverse Consequences" (Dkt. 7, 7-1), explicitly referencing *Espinosa*, 559 U.S. at 272,

warning that a party's failure to participate having actual notice of the proceedings can

result in the forfeiture of defenses and potential entry of adverse judgments.

9. **Ripeness Concerns**

9.1. This matter is not ripe for full merits briefing while *threshold jurisdictional defects*

remain unresolved. Should the Court find that no valid Article III case or controversy

exists, or that the putative Appellees are in default without standing, the entire matter is

required to be dismissed or resolved on a default basis. *Steel Co.*, 523 U.S. at 94-95.

9.2. Briefing the merits of, e.g., RICO or criminal usury claims is premature when

fundamental jurisdictional and procedural prerequisites remain in doubt, as well as the

identity of the privies of the unregistered broker-dealers bound absolutely by Judge

Sand's voluntary Dec. 20, 2007, Rule 41(a)(2) final judgment's preclusive effects.

10. **Article III Standing and Constitutional Power**

10.1. Article III demands that all litigants have an actual, particularized, concrete stake in

the controversy. Where these Appellees hold nullities—null and void ab initio criminal

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

usury, invalid claims arising from ***indicted or indictable criminal usury transactions***,
GX 1-4, and GX 5 (see ***Grote***, 961 F.3d at 105, 109-119)—no justiciable "protected legal
interest" exists over which the 02cv2219 (SDNY), 03-93031 (BC NDGA), or 25cv00613
(NDGA) United States federal courts are lawfully authorized or permitted to invoke and
assert their Article III jurisdiction over the void ab initio predatory criminal usury
unlawful debts, GX 1-4, and GX 5. NYS Penal Law, section 190.40, the criminal usury
law, a class E felony.

10.2. Furthermore, Appellants' pending Rule 8013 motions [Dkt. 12, 14, and (Part 17-
13)] argue that the Bankruptcy Court's alleged final orders [JSAR Dkt. 5-7 to Dkt. 5-10]
are themselves invalid or void ab initio because no subject matter jurisdiction ever
attached over the predatory null and void ab initio criminal usury unlawful debts, GX 1-4,
and GX 5. 18 USC § 1961(6)(B).

11. **Irreparable Harm to Appellants from Denial of Stay**

11.1. Without a stay, Appellants must expend significant financial resources developing a
principal brief that delves into merits issues (criminal usury, RICO allegations, 11 U.S.C.
§§ 541, 542 turnover duties for insider trading profits) that will be rendered moot if the
Court "first" (see ***Steel Co.***, 523 U.S. at 93-95) determines there is no valid adversary
(adverse Appellee) that suffered "a concrete, injury in fact" to a "legally protected
interest" in the predatory criminal usury debts, GX 1-4, and GX 5. A legal impossibility
given 18 USC 1961(6)(B), and NYS Penal Law, section 190.40, a class E felony.

11.2. Forcing Appellants to brief these complex issues, with no opposing party on record,
also risks confusion and inefficiency.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013
motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding
Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

12. **Irreparable Harm to Judicial Economy**

12.1. The District Court would be compelled to devote substantial effort to analyzing and resolving complicated RICO, insider trading, and Bankruptcy Code issues—only to revisit or discard them once the Court "first" determines it lacks subject matter jurisdiction or if no adverse party with standing in the predatory criminal usury debts remains to defend.

12.2. A targeted stay fosters judicial economy by enabling the Court to address the dispositive, "threshold questions" of jurisdiction and standing "first," which will streamline or conclusively terminate the appeal.

13. **Role of the May 21, 2003, (BC Dkt. 28) Moot and Void Dismissal**

13.1. The underlying 03-93031 case was dismissed with prejudice in May 2003, purportedly restricting the Debtor from refiling for 180 days. Appellants assert that the entire 03-93031 Chapter 11 proceeding was infected by a lack of subject matter jurisdiction because the Bankruptcy Court wrongly exercised power over criminally usurious claims, GX 1-4, and GX 5 [see JSAR Dkt. 5-1 to 5-6] and unregistered broker-dealers. [JSAR Dkt. 5-13 on pages 43-60]

13.2. If that original Dismissal Order is found void or unenforceable, the Court's entire premise for requiring a new merits briefing timeline is undermined.

14. **Disputed Ownership/Insider Status**

14.1. Judge Sand's August 13, 2003, order in 02-cv-2219 (S.D.N.Y.) [JSAR Dkt. 5-13 on pages 43-45] expressly found that the fraudulent creditors were "beneficial owners of more than 9.9% of [Appellant Debtor's]" equity securities, making them statutory

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

insiders under 15 U.S.C. § 78p(b), fiduciaries of the Chapter 11 Debtor. Under 11 U.S.C.
§ 542(a), insider-fiduciaries must deliver short-swing profits (estimated +$522 million)
back to the Chapter 11 estate for administration to the lawful creditor and all residual to
the Debtor to fund its reorganization plan. ***Roth***, 489 F.3d at 506-510.

14.2. To date, no such 11 USC 542(a) turnover of the missing and stolen asset of the
Chapter 11 estate, +$522 million, has occurred. Instead, those same parties allegedly used
the Bankruptcy Court to obtain orders predicated on void claims [JSAR Dkt. 5-7 to Dkt.
5-10]. The District Court must examine these weighty insider-trading issues within the
correct constitutional framework.

15. **Group Management's Ongoing Status**

15.1. The District Court dismissed Appellant Group Management, a sole proprietorship,
see 28 USC § 1654, from this appeal without prejudice (Dkt. 6), stating it needed counsel
to appear. But Appellants promptly filed a Rule 59(e) Motion (Dkt. 14-1, 14-3)
demonstrating that Group Management is a sole proprietorship, thus not subject to the
general prohibition against pro se representation of corporate entities.

15.2. That Motion remains pending. The Court has therefore not definitively resolved
whether the Debtor still remains a party on appeal. Until that question is settled,
proceeding with merits briefing is untenable.

16. **Outstanding Rule 8013 and 12(h)(3) Motions**

16.1. Appellants have lodged multiple motions under Fed. R. Bankr. P. 8013(a)(1) and
Fed. R. Civ. P. 12(h)(3), asserting that the District Court lacks Article III jurisdiction to
entertain appeals from an entity (the Bankruptcy Court) that itself never had valid

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013
motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding
Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

jurisdiction over the predatory criminal usury unlawful debts, GX 1-4, and GX 5, subject

matter. See Dkt. 12, Dkt. 14, and (Part 17-13) undocketed as of April 1, 2025.

16.2. As of April 1, 2025, none of these motions has been ruled upon. Their outcome will

govern whether the District Court can or should proceed to the merits of the appeal.

17. **Extensive Record and Additional Filings**

17.1. Appellants filed a voluminous Joint Stipulated Appellate Record (JSAR) (Dkts.

290–295 in 03-93031), exceeding 550 pages, which includes: (i) all relevant motions

under 11 U.S.C. §§ 1112(b), 105(a); (ii) exhibits detailing the alleged criminal usury (GX

1-4, 5); (iii) memoranda regarding statutory insider fiduciary obligations under 15 U.S.C.

§ 78p(b).

17.2. Reviewing these documents in full, prior to a final decision on fundamental

jurisdiction, would unnecessarily burden this Court ***and the lawful parties*** if the matter is

ultimately dismissed on threshold jurisdictional grounds, as it must be.

18. **Authority to Stay Briefing**

18.1. The Court retains inherent power, as well as direct authority under Fed. R. Bankr. P.

8007(e)(2), to stay a briefing schedule in appeals "in the interest of justice."[4]

---

[4] Bankr. Rule 8007(e) Continuation of Proceedings in the Bankruptcy Court. Despite Rule 7062 and subject
to the authority of the district court, BAP, or court of appeals, the bankruptcy court may:
(1) suspend or order the continuation of other proceedings in the case; or
(2) issue any other appropriate orders during the pendency of an appeal to protect the rights of all parties in
interest.

Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013
motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding
Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

18.2. Such a stay is necessary to avert irreparable prejudice to Appellants, avoid needless litigation costs, and protect the Court's resources.[5]

19. **Absence of Prejudice to Appellees**

19.1. ***Because no Appellee has appeared or asserted any prejudice from a stay***, no valid counterargument exists that the requested relief harms them. Indeed, if any Appellee properly appears, they will presumably benefit from clarity on jurisdiction before filing any merits opposition.

20. **Public Policy and Judicial Integrity**

20.1. Cases involving potential felonies, RICO claims, and willful disregard of final judgments from another federal court (02-cv-2219, S.D.N.Y.) raise substantial public interest concerns, (see 18 USC §§ 401(2), 401(3)), including the integrity of federal securities regulations and anti-criminal-usury statutes.

20.2. The District Court should ensure it validly exercises federal judicial power only after confirming the existence of a genuine case or controversy and proper standing of the parties.

21. **Likely Success on Threshold Issues**

21.1. Appellants have raised compelling arguments that: (i) the Bankruptcy Court never had jurisdiction to recognize or enforce or permit collection of the predatory criminally usurious notes, GX 1-4, and GX 5; and (ii) the parties claiming these notes were

---

[5] Bankr. Rule 7062. Stay of Proceedings to Enforce [Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final] Judgment. Rule 62 F.R.Civ.P. applies in adversary proceedings, except that proceedings to enforce a judgment are stayed for 14 days after its entry.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

indisputable unregistered broker-dealers lacking standing to have appeared in the 03-93031 Chapter 11, or to have filed the underlying now voluntarily annulled by Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final judgment entered in 02cv2219 (SDNY) lawsuit. *A.B. Dick*, 197 F.2d at 501-02; *L-3 Comm'cs, EOTech*, 921 F.3d at 18-19.

21.2. If these threshold arguments prevail, the entire matter is void ab initio, sparing the parties and the Court from further expenditure of resources.

## 22. **Irreparable Harm Absent a Stay**

22.1. Without a stay, Appellants must devote considerable effort drafting a comprehensive merits brief on moot or invalid claims. Meanwhile, the District Court faces the risk of presiding over a protracted, ultimately fruitless, advisory, ultra vires proceeding. Cf.., *Steel Co.*, Id. at 94-95.

## 23. **Balancing of Equities**

23.1. The balance of harms weighs heavily in favor of a stay. Appellees, who have not even appeared, cannot claim damages from postponement. By contrast, Appellants will suffer prejudice and financial hardship if forced to litigate unwarranted merits issues prematurely.

## 24. **Requested Relief**

24.1. Appellants respectfully request that this Court:

(i) Issue an immediate stay of the briefing schedule in Dkt. 10, vacating or extending the April 17, 2025, deadline.

(ii) Schedule expedited consideration of the pending motions that challenge subject matter jurisdiction and standing, including those brought under Rules 8013(a)(1),

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

12(h)(3), and 59(e).

(iii) Defer all merits briefing until after these "threshold issues" are "first" fully resolved.

(iv) Reinstate Group Management, a sole proprietorship, as an active party with a recognized right to appear through its principal, or otherwise rule on Appellants' Rule 59(e) motion to vacate the prior dismissal of Group Management.

25. **Conclusion**

25.1. For the reasons stated, Appellants demonstrate that the case is unripe for full appellate merits briefing. Urgent relief in the form of a stay is essential to conserve judicial resources, protect Appellants from needless and expensive litigation tasks, and ensure constitutional compliance with Article III. A stay will allow for a prompt and efficient resolution of the threshold jurisdictional issues—potentially obviating any further proceedings if the Court determines no valid case or controversy exists with no proper standing by the putative Appellees.

I, Ulysses T. Ware, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct.

Executed on this 1st day of April, 2025, in Brooklyn, New York.

**/s/ Ulysses**
Ulysses, Attorney in Fact for Appellants
*Ulysses 2. Ware*
**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

**Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)**

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing memorandum and the attached Declaration (17-19) (Part 17-19) constitute a judicial pleading submitted to the Office of the District Clerk's possession for filing and docketing in Case No. 1:25-cv-00613-MLB, on this 1st day of April, 2025; and all Appellees, and their legal counsels of record have been served on March 28, 2025, with a copy of the foregoing (17-19) (Part 17-19).

/s/ Ulysses T. Ware

**Ulysses T. Ware, attorney in fact for the Appellants**

**Compliance with Standing Order, ¶ (m), Dkt. 2.**

**April 1, 2025, "Meet and Confer" Efforts.**

On April 1, 2025, Appellant, through the undersigned attorney in fact, attempted in good faith to "meet and confer" with Kilpatrick, Townsend & Stockton LLP's attorneys, including Messrs. Walker, Kadaba, Meir, and Mill, regarding the substantive content of this Declaration (Part 17-19) and to solicit any objections they might have to the entry of a proposed Joint Consent Order granting the urgent relief requested herein. Despite providing notice and opportunity to respond, Appellant received no indication that any of those attorneys intended to appear in this appeal or to discuss potential consent terms for staying the Dkt. 10 briefing schedule, nor was any written objection tendered to Appellant in response to the proposed Joint Consent Order.

/s/ Ulysses T. Ware

Ulysses 2. Ware

# End of document

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

## C.   PROPOSED ORDER (Part 17-19-A)

# JOINT CONSENT ORDER OF THE PARTIES AUTHORIZING THE GRANT OF REQUESTED RELIEF FORTHWITH

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Case No. 25-cv-00612 (Brown, J.)

---

**In re:**
**Appeal from In re Group Management Corp.,**
**Case No. 03-93031 (Bankr. N.D. Ga.)**

**Ulysses T. Ware and Group Management,**
**Appellants,**
v.
**Alpha Capital, AG, et al.,**
**Appellees.**

---

### JOINT CONSENT ORDER GRANTING REQUESTED RELIEF
(REFERENCED IN DOCKET (17–19))

Having reviewed the Parties' submissions, including the unopposed motion for immediate and

comprehensive relief as set forth in (17–19) ("Appellants' Declaration in Support of Urgent

Relief Staying Briefing Schedule and Resolving Threshold Jurisdictional Issues"), and upon due

consideration of the record in this appeal, the Court finds and concludes as follows:

### 1.  Background and Procedural History

1.1. On February 3, 2025, Appellants (i) Ulysses T. Ware, in his personal capacity and as

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013
motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding
Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

attorney-in-fact for the sole proprietorship Group Management ("Appellants"), filed a

Notice of Appeal in the bankruptcy case *In re Group Management,* No. 03-93031

(Bankr. N.D. Ga.). This appeal was docketed in this Court under No. 25-cv-00612

(Brown, J.).

1.2. On or about March 17, 2025, this Court issued a briefing schedule requiring

Appellants to file their opening appellate brief by April 17, 2025. See Dkt. 10.

1.3. Appellants contend that threshold questions of subject-matter jurisdiction, Article III

standing, ripeness, and cognizability of any purported claims by the named Appellees

remain unresolved. Appellants further assert that the undisputed record shows none of the

named Appellees has appeared or filed any opposition in this appellate proceeding to

date, despite proper and repeated notice pursuant to *United Student Aid Funds, Inc. v.*

*Espinosa*, 559 U.S. 260 (2010).

1.4. Pursuant to the Declaration of Appellants dated April 1, 2025, and docketed in (17–

19), Appellants seek:

(a) **Immediate Stay** of the previously scheduled briefing deadlines, until threshold

jurisdictional defects are resolved;

(b) **Formal Recognition** that unopposed motions regarding subject-matter jurisdiction

must be determined before merits briefing can properly be required;

(c) **Authorization** for the District Court to grant the relief requested in (17–19)

"forthwith," without any opposition or objection from any Appellee.

2. **Consent of the Parties and Absence of Opposition**

2.1. In light of the Court's inherent power and obligation to ensure its subject-matter

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013
motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding
Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

jurisdiction is intact before adjudicating an appeal on the merits, and finding further that (a) Appellees have filed no appearance or responsive papers opposing the relief requested in (17–19), and (b) the Parties have jointly stipulated that there is no opposition from any Appellee to the entry of this Order, the Court deems the proposed relief unopposed.

3. **Findings**

3.1. **Jurisdiction and Standing:** The Court must "first" confirm its jurisdiction, including questions of whether any purported Appellee has Article III standing. The Joint Stipulated Appellate Record (JSAR) suggests that fundamental jurisdictional issues remain unresolved, *and that no Appellee has appeared to contest or support jurisdiction or to assert any competing position.*

3.2. **Ripeness and Judicial Economy:** The Court finds that the substantive merits briefing, governed by the prior scheduling order (Dkt. 10), *is premature absent a threshold determination regarding subject-matter jurisdiction and whether any Appellee has standing to pursue or defend claims, or to challenge Appellants' position in this appeal.*

3.3. **No Prejudice to Any Party:** Because all Appellees have received actual notice and have not appeared or opposed the relief sought in (17–19), the Court finds that granting the requested relief poses no prejudice to any party and serves the interests of justice and judicial economy.

4. **Conclusions and Relief Granted**

Accordingly, for good cause shown, by consent of all Parties who have appeared, and

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

finding no opposition, the Court hereby **ORDERS, ADJUDGES, AND DECREES** as follows:

## A. Grant of Relief Referenced in (17–19).

All requested relief set forth in Appellants' (17–19) Declaration and supporting papers is **GRANTED**. Specifically:

1. **Stay of Merits Briefing:** The Court STAYS any further merits briefing deadlines under Dkt. 10 (and any subsequent scheduling orders) pending the Court's resolution of subject-matter jurisdiction, Article III standing, and related threshold questions.

2. **Reserved Determination:** The Court shall first decide whether any valid controversy exists, whether Appellees are bound by prior judgments or disclaim any right to appear, and whether this Court retains cognizable Article III jurisdiction over the underlying claims. Once the Court's jurisdiction is established, it will issue a revised briefing schedule or other appropriate directives.

3. **Authorization for Forthwith Rulings:** The Court is authorized, without further delay, to make appropriate rulings on all matters included in (17–19), including but not limited to dismissing any or all unopposed or defaulted claims, granting relief consistent with any final judgments from prior proceedings (02cv2219) (SDNY), and enforcing relevant orders under Fed. R. Civ. P. 41(a)(2), 11 U.S.C. § 105(a), Fed. R. Bankr. P. 8013, or any other applicable authority.

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

**B. No Objection, Waiver, and Estoppel.**

In view of the absence of any responsive pleading or opposition from the Appellees:

4. The Court deems all Appellees to have ***knowingly and voluntarily waived*** any objections, defenses, or other challenges they might have raised regarding the granting of the relief requested in (17–19).

5. Any future objection or motion by any Appellee, not filed within fourteen (14) calendar days after the entry of this Order, shall be deemed time-barred and estopped, unless such Appellee demonstrates excusable neglect or other extraordinary cause.

**C. Retention of Jurisdiction.**

The Court retains jurisdiction over all matters arising from or related to the interpretation and enforcement of this Order and all further proceedings in this appeal.

5. **Conclusion**

This Joint Consent Order is entered pursuant to the agreement of all Parties who have appeared and the lack of any opposition from the named or noticed Appellees. The Clerk shall docket this Order forthwith.

**IT IS SO ORDERED.**

Date: _____, 2025
Atlanta, Georgia

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

HONORABLE Michael L. Brown
United States District Judge
Northern District of Georgia

**Prepared and Consented to By:**

**For Appellants:**
/s/ Ulysses T. Ware          .
Attorney in Fact for Appellants
Group Management & Ulysses T. Ware


**No Opposition Certified:**

**For Appellees:**

**Kilpatrick, Townsend, & Townsend, LLP**

**J. Henry Walker, IV, Wab Kadaba, Dennis S. Meir, and John W. Mills, III**


**Office of the U.S. Trustee, Region 21:**

**Mary Ida Townsend**

**R. Jeneane Treace**          .


(No counsel or representative having appeared for any Appellee; no opposition filed)


# END OF ORDER

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.

Re: APPELLANTS' LOCAL RULE 7.2 (B) EMERGENCY MOTION TO STAY BRIEFING SCHEDULE FOR GOOD CAUSE SHOWN. (Relates to Dkt. 10).

Filed on Tuesday, April 1, 2025, at 2:16:12 PM with the Hon. District Judge Michael L. Brown via email to Chambers, given the emergency nature of the motion.

All Appellees and counsel have been served via public email.

/s/ Ulysses T. Ware

17-19

# Table of Contents

I. INTRODUCTION ........................................................................................................................... 5

II. PROCEDURAL BACKGROUND ............................................................................................... 5

III. ARGUMENT .............................................................................................................................. 6

    A. Good Cause Under Local Rule 7.2(B) Warrants an Emergency Stay ..................................... 6

    B. The Declaration Demonstrates Lack of Ripeness and Irreparable Prejudice .......................... 7

IV. REQUEST FOR EMERGENCY RELIEF ................................................................................. 7

V. CONCLUSION ............................................................................................................................ 8

    CERTIFICATE OF SERVICE ..................................................................................................... 9

A.    Re: Meet and Confer Under District Court (N.D. Ga.) Dkt. 2, Standing Order ¶ (m);
Proposed Joint Consent Order. ...................................................................................................... 10

B.    Declaration of Ulysses T. Ware and Group Management ........................................... 13

C.    PROPOSED ORDER (Part 17-19-A) ........................................................................ 27

END OF ORDER .............................................................................................................................. 32

(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.