FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 0 8 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# (19-20A) (Part 19-20A)
# Case No. 25-cv-00613-MLB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

**ULYSSES T. WARE and GROUP MANAGEMENT,**
**(Debtor)**
**Appellants,**

*17-20A.*

**v.**

**ALPHA CAPITAL, AG, et al.,** *Predatory Unregistered Brokers-Dealers,*
**Appellees.**

---

On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia
Case No. 03-93031-WLH

---

**APPELLANTS' MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR
JUDICIAL NOTICE AND *RIGHT TO BE HEARD* REGARDING ADMITTED FEDERAL
CRIMES EVIDENCED WITHIN THE JOINT STIPULATED APPELLATE RECORD
(JSAR) PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2).**

**Respectfully submitted this 2nd day of April 2025.**

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware
**Ulysses, Attorney in Fact for Appellants**
Group Management and Ulysses T. Ware

Page **1** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371,
401(2), 401(3), 924(c), 1201-02; 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and
2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

## A. INTRODUCTION

Appellants Ulysses T. Ware and Group Management ("Appellants"), pursuant to Federal Rule of Evidence 201(c)(2)), respectfully request that this Honorable Court take judicial notice of *specific adjudicative facts—constituting binding judicial admissions and confessions* establishing Appellees' and their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, (i) NY State crimes, NYS Penal Law, § 190.40, the criminal usury law, a class E felony; and (ii) federal crimes under 18 U.S.C. §§ 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1961(6)(B), 1956-57, 1962(a-d), and 2071(a), (b)—*an ongoing and persistent pattern of racketeering activities*—which are contained within, and readily verifiable from, the **Joint Stipulated Appellate Record ("JSAR")** filed in this appeal (25-cv-00613) pursuant to Fed. R. Bankr. P. 8009(d). [JSAR Dkt 5-1 to 5-16; and Dkt. 9].

These admitted facts, confessions, judicial admissions, and stipulations sourced directly from the JSAR *to which Appellees have stipulated,* irrefutably demonstrate numerous overt and predicate acts of Hobbs Act extortion, the collection of predatory criminal usury unlawful debts, GX 1-4, and participation in a RICO conspiracy committed by or confessed to by agents of Appellees, including but not limited to Leonard B. Sand, the U.S. Marshals (NDGA, SDNY), Kenneth A. Zitter, Esq.; *convicted felon* Edward M. Grushko; Barbara R. Mittman; **Alexander H. Southwell, Esq.,** (referenced as former AUSA); Jeffrey B. Norris; Kilpatrick Townsend & Stockton LLP ("KTS") attorneys Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, and Wab Kadaba; the United States Trustee ("UST"), Region 21 (James H. Morawetz), William D. NeSmith, III, Nall & Miller, LLP, Patrick N. Arndt, Michael D. Hostetter, Baker & McKenzie,

Page **2** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

LLP, Lawrence B. Mandala, Robert H. Albaral, David J. Malliband, Thomas J. Leghorn, John F. King, Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, David B. Levitt, Janice Singer, Michael F. Bachner, and others.

## I. PRELIMINARY STATEMENT

This 25cv00613 (NDGA) appeal necessitates confronting the stark reality, evidenced by binding judicial admissions, confessions, and stipulations within the joint stipulated appellate record, (JSAR), that the underlying 03-93031 Chapter 11 Bankruptcy Proceedings were exploited by the Appellees, their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, jointly, (the "Appellees"), as an instrumentality for the commission of numerous federal felony crimes.

The Appellants pursuant to Rule 201(c)(2), (d)[1] request judicial notice from the District Court under FRE 201(b) not of contested allegations, but of dispositive facts, binding judicial admissions, stipulations, and confessions, established by Appellees' own agents' judicial admissions and confessions contained within the JSAR. These binding judicial confessions and admissions irrefutably document the knowing pursuit of criminally usurious "unlawful debt" (18 U.S.C. § 1961(6)(B)) and the utilization of extortionate means (18 U.S.C. § 1951(a)), orchestrated through a RICO conspiracy (18 U.S.C. § 1962). As these damning facts, admissions, and

---

[1] **(c) Taking Notice.** The court: **(1)** may take judicial notice on its own; or **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information. **(d) Timing.** The court may take judicial notice at any stage of the proceeding. **(e) Opportunity to Be Heard.** On timely request, a party [Appellants herein this 25cv00613 appeal] is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

confessions originate from a record *__jointly stipulated to by the parties,__* their existence and content are definitionally "not subject to reasonable dispute" and mandate judicial notice.

## II. LEGAL STANDARD FOR JUDICIAL NOTICE OF FACTS WITHIN A STIPULATED RECORD.[2]

Federal Rule of Evidence 201 permits judicial notice of *__adjudicative facts, confessions, and stipulations__* "not subject to reasonable dispute" because they "can be accurately and readily determined from sources [the JSAR] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The 25cv00613 Joint Stipulated Appellate Record, submitted pursuant to Fed. R. Bankr. P. 8009(d), represents precisely such a source. By stipulating to the record, the parties agreed to its authenticity, which *__was judicially certified by the Bankruptcy Court__*, and its accurate reflection of the proceedings and documents contained therein. Consequently, the *existence and content* of specific statements, testimony, and filings within the JSAR are facts whose accuracy cannot reasonably be questioned *by the stipulating parties. See, e.g., **Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez**,* 561 U.S. 661, 676 (2010) ("A

---

[2] Rule 201. Judicial Notice of Adjudicative Facts

**(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)** is generally known within the trial court's territorial jurisdiction; or

**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:

**(1)** may take judicial notice on its own; or

**(2) must take judicial notice if a party [Appellants herein this 25cv00613 appeal] requests it and the court is supplied with the necessary information [the JSAR].**

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

Wednesday, April 2, 2025

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-75, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

party is bound by its stipulations."). Judicial notice of admissions contained within such a

stipulated record is therefore particularly appropriate.[3]

## III. ADMITTED FACTS, STIPULATIONS, CONFESSIONS, ESTABLISHED APPELLEES' FEDERAL CRIMES SUBJECT TO JUDICIAL NOTICE FROM THE JSAR.

Appellants request that the Court take FRE 201(c)(2) judicial notice of the following

specific facts, established by admissions and confessions contained within the JSAR (25-cv-

00613):

### A. **Judicial Admissions by Kenneth A. Zitter, Esq. (Counsel for Appellee KTS Clients) Evidencing RICO Predicate Acts (Collection of Unlawful Debt; Conspiracy) (Source: JSAR, Exhibit F-11; Dkt. 9 references; U.S. v. Ware, 04-cr-1224 Transcripts):**

1. Notice of the fact that Kenneth A. Zitter **admitted under oath** that he, acting for Appellee KTS

clients, **"hired" KTS attorneys** (specifically Dennis S. Meir, Esq.) for the express purpose of

---

[3] Martinez, Id, "Litigants, we have long recognized, "[a]re entitled to have [their] case tried upon the assumption that ... facts, stipulated into the record, were established." *H. Hackfeld & Co.* v. *United States*, 197 U. S. 442, 447 (1905).[Footnote 7] This entitlement is the bookend to a party's undertaking to be bound by the factual stipulations it submits. See *post*, at 10 (Alito, J., dissenting) (agreeing that "the parties must be held to their Joint Stipulation"). As a leading legal reference summarizes:
*"[Factual stipulations are] binding and conclusive ... , and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, ... or to maintain a contention contrary to the agreed statement, ... or to suggest, on appeal, that the facts were other than as stipulated or that any material fact was omitted.* The burden is on the party seeking to recover to show his or her right from the facts actually stated." 83 C. J. S., Stipulations §93 (2000) (footnotes omitted). This Court has accordingly refused to consider a party's argument that contradicted a joint "stipulation [entered] at the outset of th[e] litigation." *Board of Regents of Univ. of Wis. System* v. *Southworth*, 529 U. S. 217, 226 (2000). Time and again, the dissent races away from the facts to which CLS stipulated. See, *e.g., post*, at 2, 3, 5, 6, 7, 8, 11, 24.[Footnote 8] **But factual stipulations are "formal concessions ... that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission ... is conclusive in the case."** 2 K. Broun, McCormick on Evidence §254, p. 181 (6th ed. 2006) (footnote omitted). See also, *e.g., Oscanyan* v. *Arms Co.*, 103 U. S. 261, 263 (1881) ("The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced.")."

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

engaging in **"collection activity"** within the Bankruptcy Proceedings (03-93031) concerning the debt instruments identified as GX 1-4 and GX 5, which Appellants contend constitute criminally usurious unlawful debt under 18 U.S.C. § 1961(6)(B).

2. Notice of the fact that Kenneth A. Zitter **admitted under oath** his awareness of the automatic stay imposed by 11 U.S.C. § 362, concurrent with the pursuit of said **"collection activity"** via the Bankruptcy Proceedings without seeking stay relief, thereby confessing to facts establishing willful stay violation, a component of the alleged bankruptcy fraud scheme.

3. Notice of the fact that Kenneth A. Zitter **admitted under oath** coordinating **"strategies and the pleadings"** with KTS counsel (Meir) for the 03-93031 Bankruptcy Proceedings, evidencing concerted action and conspiracy (18 U.S.C. § 1962(d)) to utilize the bankruptcy process for the collection of the alleged predatory criminal usury unlawful debts in violation of 18 USC § 1961(6)(B).

4. Notice the fact that on Dec. 20, 2007, Dkt. 90, ex parte, after the NYS statute of limitation had run on all claims in the 02cv2219 (SDNY) lawsuit, Appellee Zitter, with the consent of his clients, the 02cv2219 (SDNY) plaintiffs, *voluntarily* demand that District Judge Leonard B. Sand dismiss the 02cv2219 (SDNY) *lawsuit with prejudice* pursuant to Fed. R. Civ. P. 41(a)(2). [JSAR Dkt. 5-13 on pages 46-47].

B. **Documented Admissions/Actions by Alexander H. Southwell, Esq., Kenneth A. Zitter, Esq., and Robert Norris Evidencing Hobbs Act Extortion Predicate Acts (Source: JSAR, Dkt. 5-13, pp. 57-58):**

Page **6** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

1. Notice of the fact that the JSAR, Dkt. 5-13 on pages 57-58, contains documented statements and accounts, attributed to or concerning Appellees' agents Southwell and Norris, describing their knowledge of and/or participation in coercive and physically threatening kidnapping, armed aggravated assault and battery, attempted armed robbery, extortion, unlawful debt collection activities criminal misconduct on September 1, 2004—including alleged kidnapping, assault, battery, and attempted armed robbery—undertaken to collect the disputed debts, which constitute predicate acts of extortion under the Hobbs Act, 18 U.S.C. § 1951(a).

C. **Admissions by Conduct by KTS Attorneys (Meir, Mills, Walker, Kadaba) Evidencing RICO Predicate Acts (Collection of Unlawful Debt) (Source: JSAR, Dkt. 5-2, 5-4, 5-5, 5-6 [Certificates of Service for KTS Notices of Appearance]):**

1. Notice of the fact that KTS attorneys Meir, Mills, Walker, and Kadaba formally appeared (JSAR Dkt. 5-1, 5-3, 5-5) and served notice thereof (JSAR Dkt. 5-2, 5-4, 5-6) in the Bankruptcy Proceedings (03-93031) for the explicit purpose of representing Appellee creditors (Alpha Capital, AG, et al.) in connection with claims based on the predatory criminal usury unlawful debts (GX 1-4, GX 5), thereby initiating overt acts within the judicial process aimed at collecting said unlawful debt under 18 U.S.C. § 1961(6)(B).

D. **Admissions by Conduct by the U.S. Trustee (James H. Morawetz) Facilitating Collection of Unlawful Debt (Source: JSAR, Dkt. 5-1, 5-3):**

1. Notice of the fact that the U.S. Trustee, having formally appeared (JSAR Dkt. 5-1), moved to dismiss the Debtor's Chapter 11 case "with prejudice" (JSAR Dkt. 5-3) without addressing or

Page **7** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

challenging the facially apparent unlawful nature of the predatory criminal usury debts, GX 1-4, being pursued by KTS' clients, thereby taking action within the Bankruptcy Proceedings that Appellants contend facilitated the continued extra-judicial collection efforts regarding unlawful debt in violation of 18 USC 1951(a), 1961(6)(B), and 1962(a-d).

## IV. ARGUMENT SUPPORTING JUDICIAL NOTICE OF ADMITTED CRIMES FROM THE JSAR.

### A. The Joint Stipulation Precludes Reasonable Dispute Regarding the Existence and Content of the Admissions:

The source of the requested facts—the JSAR—is one whose accuracy *cannot* be reasonably questioned by Appellees, as they *jointly stipulated* to its contents pursuant to FRBP 8009(d). *Appellees are bound by their stipulation and cannot now contest the existence or the precise content of the judicial admissions, confessions, and documented actions contained within the JSAR entries cited above.* These facts are thus definitively "not subject to reasonable dispute" under FRE 201(b)(2). See *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009).[4]

### B. The Noticed Admissions Directly Evidence Elements of Federal Crimes:

The facts requested for judicial notice are not mere background; they constitute direct evidence, *via binding judicial admissions and confessions*, *of the elements required to establish violations of federal criminal statutes*:

---

[4] A party's clear, deliberate factual statement in the course of litigation—be it in a brief, pleading, or oral argument—operates as a binding judicial admission, thereby waiving the right to subsequently dispute or alter those facts. This principle, illustrated in *Hoodho*'s removal context, applies equally in civil, bankruptcy, or other federal proceedings where factual admissions can streamline or conclusively resolve issues.

Page **8** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-75, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

1. Zitter's sworn testimony during *U.S. v. Ware*, 04cr1224 (SDNY), [JSAR Dkt. 9] judicial admissions established the *mens rea* **and** *actus reus* for conspiring (18 U.S.C. § 1962(d)) to collect unlawful debt (18 U.S.C. § 1961(6)(B)) through the bankruptcy process (bankruptcy fraud, 18 U.S.C. §§ 2, 152 157, 371, 1341, 1343, 1344, 1503, 1961(6)(B), and 1962(a-d) as a RICO predicate).

2. The documented criminal misconduct involving Appellees Southwell, Zitter, and Norris (JSAR Dkt. 5-13 on pages 57-58) directly evidences the crimes committed against Appellants Ware and Group Management on Sept. 1, 2004, in Atlanta, GA, to wit: predatory, armed, extremely dangerous Hobbs Act unlawful debt collection activities, kidnapping, armed aggravated assault, battery, unlawful arrest, search, seizure, intentional infliction of emotional distress, and use of actual or threatened force, violence, or fear to collect and/or enforce the predatory criminal usury unlawful debts, GX 1-4, and GX 5— the core elements of Hobbs Act extortion (18 U.S.C. § 1951(a)).

3. KTS's formal filings (JSAR Dkt. 5-2, 5-4, 5-5, and 5-6) represent overt and predicate racketeering unlawful debt collection acts within the judicial system aimed at collecting and/or enforcement of criminal usury debts, GX 1-4, and GX 5, Appellants maintain is unlawful per § 1961(6)(B).

4. The UST's (James H. Morawetz) criminal actions (JSAR Dkt. 5-3), within the context of the other admitted facts, evidence personal and official criminal misconduct facilitating the predatory, unlawful debt collection criminal scheme.

C. **Materiality to the Appeal:**

Page **9** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3),  924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57,  1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

These admitted facts are fundamentally material. They directly support Appellants' arguments that the Bankruptcy Court's moot, null and void ab initio, and advisory orders [JSAR Dkt. 5-7 to 5-10] are predicated upon, or were procured through, fraud on the court and underlying criminal conduct that renders the Appellee KTS clients' claims illegitimate *ab initio* and undermines the integrity of the entire proceeding. Recognizing these admitted facts is essential for a proper appellate review of whether the Bankruptcy Court committed reversible error by failing to address the consequences of this admitted criminal activity.

## V. CONCLUSION

Appellants respectfully request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201(c)(2), of the specific adjudicative facts, judicial admissions, confessions, and stipulations enumerated in Section III. A-D *supra*, which constitute judicial admissions and confessions contained within the **Joint Stipulated Appellate Record** evidencing predicate acts supporting criminal violations of 18 U.S.C. §§ 1951(a), 1961(6)(B), and 1962(a-d). These facts, binding judicial admissions, being derived from a joint stipulated source, the Rule 8009(d) Joint Stipulated Appellate Record (JSAR), are not subject to reasonable dispute and are crucial for the just resolution of this appeal.

Dated: April 2, 2025

Respectfully submitted,

By: /s/ Ulysses T. Ware
*Attorneys for Appellants Ulysses T. Ware and Group Management*

Ulysses T. Ware

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2025, I filed the foregoing APPELLANTS'
MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF
ADMITTED FEDERAL CRIMES EVIDENCED WITHIN THE JOINT STIPULATED
APPELLATE RECORD (JSAR) PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2)
with the Clerk of the District Court (NDGA) via U.S. Mail, and by email to the Chamber of the
Hon. Michael L. Brown, which will automatically send notification of such filing to all counsel of
record.

*Ulysses T. Ware*

/s/ Ulysses T. Ware


End of document

Page **11** of 11
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371,
401(2), 401(3),  924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57,  1961(6)(B), 1962(a-d), and
2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

**(17-18) (Part 17-18) March 31, 2025, Appellants' Memorandum of law (#10) Critical and Reversible Errors of Law and Fact, and Analysis of Judge Sand's Dec. 20, 2007, Voluntary Rule 41(a)(2) final judgment's legal adverse penal and financial consequences on Appellees KTS, its clients, its partners, privies, proxies, surrogates, alter-egos, and all those in active concert therewith, a predatory loan sharking criminal enterprise.**

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

*17-18*
*04.02.25*

Monday, March 31, 2025, 8:36:27 AM

---

## Re: Memorandum (#10) in Support of Dkt. 12 and Dkt. 14 re: Appellants' Analysis—Intentional and Deliberate Crimes and Frauds of Atlanta, GA Law Firm Appellee Kilpatrick, Townsend, & Stockton, LLP, and Reversible Errors of Law and Fact Committed by Chief Judges Wendy L. Hagenau, and Barbara Ellis-Monro Inconsistent with the Controlling Res Judicata Preclusive Effect of Judge Sand's Dec. 20, 2007, Dkt. 90, Voluntary Rule 41(a)(2) Final Judgment. [JSAR Dkt. 5-13 on pages 46-47].

Respectfully submitted this 31st day of March 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware

Ulysses T. Ware
Attorney in Fact for Appellants

# Table of Contents

KTS' Crimes and Frauds; and Chief Judges' Ellis-Monro and Hagenau's Critical and Reversible Legal and Factual Errors regarding Unregistered Broker-dealers and Judge Sand's Voluntary Rule 41(a)(2) Final Judgment. ........................................................................................................................ 3

A. EXECUTIVE SUMMARY.................................................................................................................. 4

B. FACTUAL AND PROCEDURAL CHRONOLOGY .................................................................. 5

    (i). Background and Disposition of 02cv2219 (S.D.N.Y.).............................................................. 5

    (ii). Subsequent Proceedings: 03-93031 (BC NDGA) and 25cv00613 (NDGA) ...................... 6

    (iii). Application of *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94–95 (1998).......... 7

C. PART 1—Memorandum of Law (#10).............................................................................................. 7

    I. INTRODUCTION............................................................................................................................ 8

    II. THE UNASSAILABLE HIERARCHICAL PRIMACY AND PRECLUSIVE FORCE OF THE 2007 FINAL JUDGMENT, REINFORCED BY STATUTORY VOIDNESS. ...................... 9

    III. THE LIMITED SCOPE OF THE ANNULMENT DOCTRINE vs. THE EXTERNAL FORCE OF STATUTORY VOIDNESS AND RES JUDICATA. ..................................................... 10

    IV. THE PROFOUND LEGAL ERROR IN JUDGE HAGENAU'S ORDER (DKT. 5-7) IGNORING BOTH RES JUDICATA AND STATUTORY VOIDNESS........................................ 10

    V. SUMMARY .................................................................................................................................... 11

    VI. CONCLUSION............................................................................................................................ 13

End of document ......................................................................................................................................... 14

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

**KTS' Crimes and Frauds; and Chief Judges' Ellis-Monro and Hagenau's Critical and Reversible Legal and Factual Errors regarding Unregistered Broker-dealers and Judge Sand's Voluntary Rule 41(a)(2) Final Judgment.**

## Monday, March 31, 2025, 8:36:27 AM

### APPELLANTS' APPELLATE LITIGATION MEMORANDUM OF LAW (#10).

**From:** Mr. Ulysses T. Ware, Attorney in Fact for Appellants Ulysses T. Ware and Group Management—25cv00613 (NDGA).

**To:** Appellees KTS, Meir, Mills, Walker, Kadaba, Zitter, Rabinowitz, Morawetz, Townson, Treace, NeSmith, Frederick, Nash, Burgess, Mittlemen, Myers, Hewett, Baker & McKensie, LLP, Mandala, Albaral, Malliband, Leghorn, Southwell,[1] Garland, Arora, Samuel, Loeb, Levitt, Bachner, Singer, John F. King, John Doe Insurance Companies ##1-5, Crum & Forster Insurance, QBE Insurance Corp., Nall & Miller, LLP, Arndt, Hostetter, et al., and their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, an illegal criminal association in fact as defined in 18 USC § 1961(4), a predatory loan sharking, money laundering, extortion, insurance fraud, unlawful debt collection, murder for hire, attempted armed robbery, kidnapping, and racketeering continuing criminal enterprise.

**Re: 25cv00613 (NDGA): Amplified Analysis Incorporating FINRA Certification: Absolute Prohibition on Reliance Upon Annulled Aspects of 02cv2219 (SDNY) Inconsistent with the Controlling Preclusive Effect of Judge Sand's 2007 Rule 41(a)(2) Final Judgment and Federal Securities Law Voidness.**

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in Fact for Appellants

---

[1] See JSAR Dkt. 5-13 on pages 57-60—the crimes and frauds of former AUSA (SDNY) Alexander H. Southwell and his privies.

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

## A. EXECUTIVE SUMMARY

This Memorandum of Law (#10) in support of Appellants Bankr. Rule 8013(a)(1) pending motions (Dkt. 12 and Dkt. 14) and undocketed (17-13) (Part 17-13) Rule 8013(a)(1) Motion[2] provides an amplified legal analysis concerning the dispositive interaction between the doctrine of res judicata, emanating from Judge Sand's Rule 41(a)(2) December 20, 2007, Final Judgment dismissing Case No. 02cv2219 (S.D.N.Y.) *with prejudice* (the "Judge Sand's Rule 41(a)(2) 2007 Final Judgment" or "2007 Final Judgment"), and the related "Annulment Doctrine" applicable to voluntary dismissals under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Specifically, this analysis elucidates:

(1) the absolute claim-preclusive effect of the 2007 Final Judgment, barring Appellees and their privies from relitigating any aspect of the claims (02cv2219 (SDNY) and 03-93031 (BC NDGA)) arising from the null and void ab initio Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5);[3]

(2) the established scope of the Annulment Doctrine, which annulled and vitiated all prior *interlocutory* orders and proceedings *within* the dismissed 02cv2219 action, but does **not** negate the external preclusive force of the Rule 41(a)(2) *final judgment* itself; and

(3) the necessary legal conclusion that these doctrines render subsequent judicial orders, particularly the Bankruptcy Court's Order of October 24, 2022 (Dkt. 5-7; and Dkt. 5-8, 5-9, and 5-10), legally erroneous and without legal effect—a nullity, they contradict or disregard the controlling mandate of the 2007 Final Judgment. *Steel Co.*, 523 U.S. at 94-95.

Furthermore, this memorandum addresses the application of these principles within the context of the *In re Group Management Corp.* Chapter 11 proceeding (Case No. 03-93031) and the instant appeal (Case No. 1:25-cv-00613). *__It underscores that a bankruptcy court, like any__*

---

[2] Appellants' undocketed motion for a protective order and injunctive relief with respect to Judge Sand's 02cv2219 (SDNY) voluntary Dec. 20, 2007, Rule 41(a)(2) final judgment's absolute and binding res judicata preclusive effects on the 02cv2219 (SDNY) and their privies. See JSAR Dkt. 5-13 on pages 43-53.

[3] KTS and its unregistered broker-dealer clients—Alpha Capital AG, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet, L.P.—engaged in egregious misconduct in the *03-93031* Chapter 11 proceedings by deliberately misrepresenting their legal standing and creditor status. As shown in Dkt. 5-2, 5-4, 5-5, and 5-6, these entities, acting through KTS, appeared in violation of 15 U.S.C. § 78o(a)(1) as unregistered broker-dealers, and now in contemptuous defiance of Judge Sand's 2007 Final Judgment (02cv2219) which extinguished all rights of enforcement under the predatory criminal usury instruments (GX 1–5). Their emergency motions to dismiss (Dkt. 5-5) and to reject contracts (Dkt. 5-4) constitute an abuse of process, filed in bad faith and in furtherance of a pattern of unlawful debt collection and concealment of RICO predicate acts. These filings violated Rule 9011(b)(1)–(3) and 28 U.S.C. § 1927, compounding fraud upon the bankruptcy court and corruptly obstructing the reorganization process.

Page **4** of **14**

Monday, March 31, 2025

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

*federal court, is bound by the preclusive effect of prior final federal judgments and cannot permit the resuscitation of claims definitively extinguished thereby*. The factual chronology demonstrates that Judge Sand's Rule 41(a)(2) 2007 Final Judgment, procured voluntarily by the 02cv2219 Plaintiffs via legal counsel Appellee Kenneth A. Zitter, Esq., [cf., JSAR Dkt. 9] *with prejudice* and *after the expiration of all applicable statutes of limitation*, conclusively rendered moot all prior efforts by those plaintiffs to enforce the null and void ab initio predatory and criminally usurious instruments at issue.

In conclusion, Judge Sand's voluntary Rule 41(a)(2) 2007 Final Judgment operates as an absolute and (voluntary) *self-erected impenetrable bar* to Appellees' moot claims concerning GX 1-4 and GX 5, and derivative issues, in any subsequent federal or state litigation. *Federated*, 452 U.S. at 398, 401-02. While the Annulment Doctrine nullifies prior interlocutory rulings *internal* to the 02cv2219 action, it does not undermine the *external* preclusive force (res judicata) of the Rule 41(a)(2) final judgment terminating the 02cv2219 (SDNY) action on the merits. Consequently, any judicial determinations, including the Bankruptcy Court's 2022 Order (Dkt. 5-7; and Dkt. 5-8, 5-9, and 5-10), that disregard this absolute and binding preclusive effect or rely on annulled interlocutory aspects of the 02cv2219 litigation *are legally void ab initio, moot, ultra vires, advisory, erroneous and must be vacated or reversed, nunc pro tunc*. *Federated*, 452 U.S. at 398, 401-02.

The 2007 Final Judgment is the exclusive, sole, final, and controlling extant legal instrument (a final judgment) on the merits of Appellees' *voluntarily* abandoned, terminated, and *irrevocably extinguished* claims with respect to GX 1-4, and GX 5, the predatory null and void ab initio criminal usury unlawful debts. *Steel Co*., 523 U.S. at 94-95; *A.B. Dick*, 197 F.2d at 501-02; and *L-3 Comm'cs EOTech*, 921 F.3d at 18-19; NYS Penal Law, section 190.40; 18 USC § 1961(6)(B), and *Grote*, 961 F.3d 105, 109-119.

# B. FACTUAL AND PROCEDURAL CHRONOLOGY

## (i). Background and Disposition of 02cv2219 (S.D.N.Y.)

1. **Initiation of Litigation (2002):** Appellees Alpha Capital AG, Stonestreet LP, Markham Holdings LP, and AMRO International SA (the "02cv2219 Plaintiffs"), alleged unregistered broker-dealers and holders of predatory convertible notes, commenced civil action 02cv2219 in the U.S. District Court for the Southern District of New York. The action sought enforcement of rights purportedly arising under convertible promissory notes and related agreements (GX 1-4, GX 5), instruments demonstrably void ab initio under New York Penal Law § 190.40 (criminal usury), a class E felony, due to effective interest rates vastly exceeding the 25% statutory cap (exceeding 2000%).

2. **Entry of Interlocutory Orders (Pre-2007):** Before and after the pendency of the 02cv2219 litigation, the S.D.N.Y. court (Hon. Leonard B. Sand) entered various interlocutory orders, including findings of contempt and directives concerning the enforcement of conversion rights [instances of racketeering-loansharking unlawful debt

Page 5 of 14

Monday, March 31, 2025

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

collection activities as defined in ***Grote***, 961 F.3d at 105, 109-119, and 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d)) associated with the legally null and void ab initio predatory unlawful debt instruments, GX 1-4. These moot orders, by their nature, did not constitute a final adjudication of the merits of the underlying claims.

3. **Voluntary Dismissal With Prejudice (December 20, 2007):** Facing dispositive motions and, critically, **<u>after the expiration of all applicable statutes of limitation governing their claims</u>**, the 02cv2219 Plaintiffs themselves (voluntarily) affirmatively moved for, and the 02cv2219 (SDNY) S.D.N.Y. Court (Sand, J.) granted, a dismissal of their entire action **with prejudice** pursuant to Fed. R. Civ. P. 41(a)(2). This voluntary act resulted in the entry of the 2007 Final Judgment, definitively terminating the litigation on the merits in favor of Appellants herein, (the "Rule 41(a)(2) Prevailing Parties"). [JSAR, Dkt. 5-13, pp. 46-47].

## (ii). Subsequent Proceedings: 03-93031 (BC NDGA) and 25cv00613 (NDGA)

1. **Bankruptcy Filing and Appellee Participation (2003 onwards):** Appellant Group Management Corp. filed for Chapter 11 relief in the Northern District of Georgia Bankruptcy Court in March 2003 (Case No. 03-93031). Various Appellees, including the 02cv2219 Plaintiffs (represented by KTS) and the Office of the U.S. Trustee, appeared in the bankruptcy case, asserting creditor status or taking positions predicated upon the enforceability of the same void instruments (GX 1-4, GX 5) at issue in the 02cv2219 litigation. [See, e.g., JSAR Dkts. 5-1, 5-2, 5-3, 5-4, 5-5, 5-6].

2. **Legally Erroneous Bankruptcy Court Order (October 24, 2022):** Notwithstanding the conclusive 2007 Final Judgment extinguishing Appellees' claims, the Bankruptcy Court (Hagenau, C.J.) entered an Order on October 24, 2022 (Dkt. 5-7). This Order analyzed the history of the case, including events from 2002-2003, but critically failed to acknowledge or apply the controlling preclusive effect of the *subsequent* 2007 Final Judgment against the Appellees. The Order appears to mischaracterize the 2007 dismissal as being without prejudice [Dkt. 5-7, p. 28, n.3] and proceeds on the legally untenable premise that the 02cv2219 Plaintiffs/Appellees retained viable claims or standing related to GX 1-4/GX 5 after December 20, 2007.

3. **Current Appeal (25cv00613):** Appellants appeal orders entered by the Bankruptcy Court, including Dkt. 5-7 and subsequent related orders (Dkts. 5-8, 5-9, 5-10), arguing *inter alia* that these orders are null and void ab initio, moot, legal nullities, or legally and factually erroneous because they fail to give effect to the res judicata bar established by Judge Sand's Dec. 20, 2007, Rule 41(a)(2) Final Judgment [JSAR Dkt. 5-13 on pages 46-47] and improperly permit the participation of parties lacking Article III standing [cf., JSAR Dkt. 5-1 to 5-6].

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

**(iii). Application of** *Steel Co. v. Citizens for a Better Environment,* **523 U.S. 83, 94–95 (1998).**

In the context of Judge Sand's voluntary December 20, 2007, Final Judgment dismissing Case No. 02cv2219 (S.D.N.Y.) with prejudice, any subsequent attempts by Judges Hagenau and Ellis-Monro [JSAR Dkt. 5-7 to 5-10] to relitigate or reassert the dismissed claims—particularly through the Bankruptcy Court's Order of October 24, 2022 (Dkt. 5-7)—*is not merely erroneous but a legal nullity*. Under *Steel Co. v. Citizens for a Better Environment*, the Supreme Court explained that:

> "Without jurisdiction the [02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), In re Ware (2008) (Supreme Court of GA)] court *cannot proceed at all in any cause*. **Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.** *Ex parte McCardle*, 7 Wall. 506, 514 (1868). ... For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, *an advisory opinion*." *(Steel Co., 523 U.S. at 94–95 (emphasis added)).*

This principle interlocks with the doctrines of res judicata and Rule 41(a)(2) "annulment" in the 02cv2219 (S.D.N.Y.) litigation. Once the District Court (Sand, J) entered the voluntary Dec. 20, 2007, Rule 41(a)(2) 2007 Final Judgment dismissing that action with prejudice, it extinguished all claims arising from the Predatory Criminal Usury Subject Matter Instruments (GX 1–4, GX 5) as a matter of law and fact. Consequently, the Bankruptcy Court's subsequent purported orders (Id., Dkt. 5-7 to Dkt. 5-10)—when premised on those nullified claims—lack jurisdiction over them. **Because "jurisdiction is power to declare the law," once that power is vitiated by the final judgment,** *the only permissible action is to 'announce the fact and dismiss the cause.'*

Thus, any ruling by Judges Hagenau and Ellis-Monro entered in 03-93031 [JSAR Dkt. 5-7 to Dkt. 5-10] that effectively reopens or enforces the dismissed claims stands on the same footing as an advisory pronouncement—*"by very definition ... an advisory opinion"* (id.)—*and is therefore a legal nullity*. (emphasis added).

The Annulment Doctrine of Rule 41(a)(2) further confirms that all interlocutory rulings in the dismissed 02cv2219 case were rendered void, while the external preclusive force of the final judgment itself remains fully operative. In short, by reactivating or endorsing the settled claims, the October 24, 2022, Order (Dkt. 5-7) contradicts the final judgment's preclusive mandate and transgresses the limited jurisdiction recognized by *Steel Co.*

# C. PART 1—Memorandum of Law (#10).

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

## I. INTRODUCTION

The Appellants' Memorandum of Law provides a further amplified and rigorous legal analysis concerning the dispositive interaction between the doctrine of res judicata, emanating from the December 20, 2007, Final Judgment dismissing Case No. 02cv2219 (S.D.N.Y.) *with prejudice* (the "Judge Sand's voluntary Rule 41(a)(2) Final Judgment" or "2007 Final Judgment"), the related "Annulment Doctrine," **and the critical, *indisputable fact* of the May 17, 2021, FINRA certification confirming the unregistered broker-dealer status of KTS's clients (the so-called "Subscribers"/02cv2219 Plaintiffs).[4]**

This analysis elucidates: (1) the multiple, independent legal and factual grounds establishing the absolute claim-preclusive effect barring Appellees and their privies from relitigating any claims arising from the Predatory Criminal Usury Subject Matter Instruments (GX 1-4, GX 5), including *both* res judicata *and* the statutory voidness under 15 U.S.C. § 78cc(b); (2) the established scope of the Annulment Doctrine, which vitiates prior *interlocutory* orders *within* the dismissed with prejudice 02cv2219 action but does **not** negate the external preclusive force of Judge Sand's Rule 41(a)(2) *final judgment* itself; and (3) the necessary legal conclusion that these doctrines render subsequent judicial orders, particularly the Bankruptcy Court's Order of October 24, 2022 (Dkt. 5-7), Dkt. 5-8, Dkt. 5-9, and Dkt. 5-10 issued by Chief Judge Hagenau, legally erroneous, null and void ab initio, moot, advisory, and without effect, "nullities," (see *Steel Co.*, 523 U.S. at 94-95) because they contradict or disregard *both* the controlling mandate of the 2007 Final Judgment *and* the dispositive effect of (i) NYS Penal Law, section 190.40, the criminal usury law, a class E felony, and (ii) federal securities and racketeering (loan sharking, money laundering, and extortion) laws rendering Appellees' underlying *predatory criminal usury contracts*, GX 1-4, and GX 5, null and void *ab initio* as to their alleged rights.

The explicit confirmation by FINRA Senior Executive Marcia E. Asquith, Esq., on May 17, 2021, that KTS's clients operated as unregistered broker-dealers in violation of 15 U.S.C. § 78o(a)(1) [JSAR, Dkt. 5-13, p. 48] is not merely a supporting detail; it is a dispositive fact triggering 15 U.S.C. § 78cc(b) and providing an independent, powerful federal statutory basis for the voidness *ab initio* of GX 1-4 and GX 5 *as regards the rights of the Appellees*. The Bankruptcy Court's apparent oversight of this critical fact, alongside its disregard for the 2007 Final Judgment, represents a profound and multi-layered legal error that fundamentally undermines the legitimacy of its subsequent orders.

---

[4] Chief Judges Ellis-Monro and Hagenau deliberately, intentionally, and in bad faith knowingly aligned themselves with the predatory criminal interests of Kilpatrick, its loan sharking clients, and their privies in furtherance of the predatory Hobbs Act loan sharking enterprise [see JSAR Dkt. 5-7, 5-8, 5-9, and 5-10]; **where they, Judges Hagenau and Ellis-Monro, and the Office of the U.S. Trustee, Region 21's lawyers (Morawetz, Townson, and Treace) have incurred irrefutable and substantial criminal exposure and culpability regarding felony unlawful debt collection activities in violation of 18 USC §§ 2, 152, 157, 371, 401(2), 401(3), 1341, 1343, 1503, 1951(a), 1961(6)(B), 1962(a-d), and 2071(a), (b).** See the internal analysis.

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

## II. THE UNASSAILABLE HIERARCHICAL PRIMACY AND PRECLUSIVE FORCE OF THE 2007 FINAL JUDGMENT, REINFORCED BY STATUTORY VOIDNESS.

The legal analysis begins with the combined and ***independent force*** of the 2007 Final Judgment and the federal securities law voidness provision.

1. **Federal Statutory Voidness Under 15 U.S.C. § 78cc(b):** The starting point (circa 2001), even preceding Judge Sand's voluntary Rule 41(a)(2) 2007 Final Judgment chronologically in its legal effect, is the inherent voidness of the predatory criminal usury contracts, GX 1-4, and GX 5, as to Appellees' rights. Section 15(a)(1) of the Exchange Act requires registration for entities engaged in the business of" effecting securities transactions. 15 U.S.C. § 78o(a)(1).[5] The May 17, 2021, FINRA certification by Marcia E. Asquith provides official confirmation that KTS's clients (the 02cv2219 Plaintiffs) violated this provision during the relevant period. Section 29(b) of the Exchange Act, 15 U.S.C. § 78cc(b), dictates the consequence: "every contract made in violation of any provision of this chapter... shall be void... as regards the rights of any person who, in violation of any such provision... shall have made or engaged in the performance of any such contract."

2. This federal statute rendered GX 1-4 and GX 5 void *ab initio* concerning any rights Appellees sought to assert thereunder. **Legal Significance:** This federal statutory voidness independently negates any "legally protected interest" required for Article III standing, rendering Appellees' claims legally non-existent from their inception, separate and apart from state usury law or res judicata. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 387-88 (1970).

3. **Final Adjudication "On the Merits" With Prejudice (2007 Final Judgment):** The December 20, 2007, Dkt. 90, 02cv2219 (SDNY) voluntary dismissal *with prejudice* under Rule 41(a)(2), procured by the 02cv2219 Plaintiffs after limitations expired, operates as a final adjudication "on the merits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). [JSAR, Dkt. 5-13, pp. 46-47].

4. **Res Judicata's Absolute Bar:** This 2007 Final Judgment triggers the absolute bar of res judicata, permanently prohibiting the 02cv2219 Plaintiffs and their privies from relitigating any claims arising from GX 1-4/GX 5 that were or *could have been* raised in 02cv2219. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

5. **Defining the Legal Reality:** The confluence of federal statutory voidness under § 78cc(b) *and* the res judicata effect of the 2007 Final Judgment defines the conclusive legal reality:

---

[5] See JSAR Dkt. 5-13 on pages 52-53 (the sworn testimony (judicial admissions)) of Appellee Arie Rabinowitz during the bogus, extra-judicial, ultra vires, and moot *U.S. v. Ware*, 04cr1224 (SDNY) so-called criminal trial, **_which as a matter of law and fact the bogus and moot 04cr1224 indictment pleaded itself out of the federal courts in 2004 where Appellee Alexander H. Southwell_** (i) pleaded actual innocent affirmative defenses (binding judicial admissions) on the face of the risible indictment, ¶¶ 7-22, and (ii) failed to charge a cognizable "offense" within the scope of 18 USC §3231 and 18 USC § 401(3), to enforce and collect on the predatory criminal usury null and void ab initio unlawful debts, GX 1-4, and GX 5.

Appellees possess **no** legally cognizable or enforceable claim arising from GX 1-4/GX 5 against Appellants.

## III. THE LIMITED SCOPE OF THE ANNULMENT DOCTRINE vs. THE EXTERNAL FORCE OF STATUTORY VOIDNESS AND RES JUDICATA.

The "annulment" doctrine (*A.B. Dick*, *EOTech*) does not override the controlling substantive legal effects established by federal statute (§ 78cc(b)) or the final judgment (res judicata).

1. **Annulment's Internal Focus:** Annulment applies to the *internal procedural* effects *within* the dismissed 02cv2219 case, nullifying prior *interlocutory* orders but not altering substantive rights or the effect of the final judgment itself.
2. **Final Judgment & Statutory Voidness Remain Intact:** The Annulment Doctrine **does not** annul the final judgment dismissing claims *with prejudice*, nor does it revive contractual rights declared void *ab initio* by federal statute (15 U.S.C. § 78cc(b)). The final judgment's *external* preclusive effect and the statute's *substantive* voiding effect remain paramount and controlling.
3. **Preclusion and Voidness Trump Reliance on Annulled Matters:** Subsequent courts cannot rely on any aspect of the annulled *proceedings* within 02cv2219 if doing so contradicts the conclusive outcome mandated by the 2007 Final Judgment *or* the substantive voidness dictated by § 78cc(b).

## IV. THE PROFOUND LEGAL ERROR IN JUDGE HAGENAU'S ORDER (DKT. 5-7) IGNORING BOTH RES JUDICATA AND STATUTORY VOIDNESS.

Judge Hagenau's October 24, 2022 Order (Dkt. 5-7) is fatally flawed due to its failure to recognize and apply *multiple layers* of controlling law that bar Appellees' claims and standing.

1. **Failure to Acknowledge/Apply Controlling Res Judicata:** As previously analyzed, the purported Order—advisory, ultra vires, moot, and void ab initio, critically fails to address or apply the dispositive res judicata effect of the 2007 Final Judgment, proceeding as if Appellees' claims somehow survived their Dec. 20, 2007, Rule 41(a)(2) voluntary dismissal with prejudice. [see JSAR Dkt. 5-13 on pages 46-47].
2. **Failure to Acknowledge/Apply Federal Statutory Voidness (§ 78cc(b)):** Compounding the error regarding res judicata, Judge Hagenau's Order completely overlooks the independent, dispositive effect of 15 U.S.C. § 78cc(b). The fact that KTS's clients were unregistered broker-dealers, confirmed by FINRA in 2021, rendered their rights under GX 1-4/GX 5 void *ab initio* (circa 2001) under federal law. This federal statutory bar *exists independently* of the 2007 Final Judgment and provides another *absolute basis* for concluding Appellees lacked any legally protected interest or standing to pursue claims based on these instruments in the bankruptcy court. Judge Hagenau's failure to address this controlling federal statute constitutes a profound legal error.

3. **Mischaracterization of SDNY Dismissal:** The Order's apparent mischaracterization of the 2007 dismissal as being *without* prejudice [Dkt. 5-7, p. 28, n.3] further infects its entire analysis, ignoring the actual procedural posture and its conclusive legal consequences.

4. **Reliance on Superseded/Moot Premises:** By analyzing Appellees' status based on pre-2007 events and ignoring both the 2007 Final Judgment and the § 78cc(b) voidness, the Order rests on superseded legal premises (alleged facts) and addresses issues rendered moot by controlling subsequent events and statutes.

5. **Lack of Authority to Override Federal Law and Final Judgments:** The Bankruptcy Court possessed no authority to disregard either the binding res judicata effect of the 2007 Final Judgment or the explicit voiding provision of a controlling federal statute (15 U.S.C. § 78cc(b)). Its order (Dkt. 5-7), and subsequent orders relying upon it (Dkts. 5-8, 5-9, 5-10), are therefore legally erroneous and cannot validate Appellees' standing or participation in these proceedings.

## V. SUMMARY

1. Under 15 U.S.C. § 78cc(b), when a party—Appellee KTS' predatory unregistered broker-dealer clients, operates in violation of the Exchange Act's foundational provisions—particularly its mandatory broker-dealer registration requirements under 15 U.S.C. § 78o(a)(1)—*any associated contractual arrangement, GX 1-4, and GX 5, are rendered void as to the violator's rights*. This statutory mechanism is designed to prevent an unregistered broker from invoking judicial processes to enforce, collect upon, or otherwise benefit from an unlawfully formed transaction. It reflects Congress's paramount objective of safeguarding investors and ensuring that only lawfully registered actors engage in broker-dealer activities under the purview of the Securities and Exchange Commission.

2. Once a regulatory (FINRA's May 17, 2021) [JSAR Dkt. 5-13 on page 48] determination is made that the broker's conduct contravenes § 78o(a)(1), the legal effect is final and categorical. The violator, Appellee KTS' predatory unregistered broker-dealer clients, [JSAR Dkt. 5-2] cannot seek relief or damages in any court (02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), In re Ware (2008) Supreme Court of GA, and 25cv00613 (NDGA)) with respect to the criminally tainted predatory debt instruments, GX 1-4, and GX 5.

3. In 25-cv-00613 (N.D. Ga.), as well as in the underlying Chapter 11 bankruptcy proceeding in *In re Group Management Corp.* (No. 03-93031 (B.C. N.D. Ga.)), such an egregious securities law violation nullified any purported rights of the unregistered broker-dealers to enforce predatory criminal usury debts, GX 1-4, arising out of predatory securities instrument, GX 5 [JSAR Dkt. 5-1 to 5-10]. The same logic applies to parallel or ancillary proceedings, including *U.S. v. Ware* (No. 04cr1224 (S.D.N.Y.)) and *U.S. v. Ware* (No. 05cr1115 (S.D.N.Y.)), where federal indictments were wielded as a retaliatory and vindictive means to collect or

Page **11** of **14**

Monday, March 31, 2025

(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

facilitate the collection and enforcement of null and void ab initio criminally usurious debts (GX 1-4) in willful violation of federal racketeering loan sharking laws, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d).

4. Moreover, the (circa 2002) moot and void ab initio 02cv2219 (S.D.N.Y.) lawsuit—originally filed to enforce these same predatory criminal usury unlawful debt instruments (GX 1-4, GX 5)—*and the subsequent In re Ware (2008) proceedings in the Supreme Court of Georgia, in which fraudulent disbarment proceedings were fabricated and orchestrated as a Hobbs Act, Jim Crow racially motivated hate crime criminal measure by Appellee SBGA, et al. to seize, steal, and destroy the business and personal property of Appellant Ware, his license to practice law*, all demonstrate the profound reach of the statutory prohibition. Each of these matters underscores the principle that contracts, GX 1-4, and GX 5, rooted in regulatory (FINRA's May 17, 2021) confirmed and verified unregistered broker-dealer status, predatory lending, or both, is null as to the violator's (KTS' predatory clients') rights.

5. The net effect of this federal (15 USC 78cc(b)) and state (NYS Penal law, section 190.40) statutory bar is to deny judicial recourse to the unregistered broker-dealers (KTS' clients) who seek to profit or benefit from a predatory and illegally formed transaction (GX 1-4, and GX 5). Thus, the Exchange Act's public policy imperative is upheld: *any entity or their privies* circumventing the SEC's (FINRA's) oversight by failing to register as a broker-dealer, or aiding and abetting another required to register, cannot, in later proceedings, assert, enforce, or collect upon securities-based predatory criminal usury debts (GX 1-4)—especially where those alleged debts also implicate NYS Penal Law, section 190.40, (a class E felony) criminal usury laws or reflect retaliatory abuse of judicial and prosecutorial mechanisms.

6. As a consequence, KTS' predatory unregistered broker-dealer clients are not permitted—lacked Article III standing, *to employ the courts or legal process* to vindicate (enforce or collect) predatory, unlawful debt claims [JSAR Dkt. 5-1 to 5-6] based upon inherently unlawful arrangements, including purported debt instruments tainted by usurious interest rates or other statutory infractions.[6]

---

[6] Because KTS's unregistered broker-dealer clients, the 02cv2219 (SDNY) plaintiffs, have contravened 15 U.S.C. § 78o(a)(1) by operating without the required registration, their attempts to enforce or collect criminally usurious debts are categorically void ab initio, see 18 U.S.C. § 1961(6)(B). Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), a litigant lacks Article III standing absent "*a legally protected interest*," which, as a matter of law, cannot legally exist in an unlawful (criminal) arrangement premised upon criminal usury or other contraventions of federal law. Thus, any judicial proceeding [02cv2219, 03-93031, 04cr11224, 05cr1115, In re Ware (2008) Supreme Court of GA, and 25cv00613] or enforcement or collection actions undertaken by KTS's clients and their privies [JSAR Dkt. 51 to 5-10] is constitutionally and statutorily barred, representing an illegal manipulation of the courts to effectuate a predatory scheme. The predatory criminal usury unlawful debts, GX 1-4, and GX 5, are uncollectible as a matter of law, and no legitimate remedial avenue remains. KTS cannot validly proceed. NYS Penal Law, section 190.40, the criminal usury law, a class E felony.

# VI. CONCLUSION

The legal position of Appellees regarding alleged claims derived from predatory null and void ab initio criminal usury unlawful debts, GX 1-4 and GX 5, is legally untenable on multiple, independent grounds. First, their alleged rights under these predatory criminal usury debt instruments were ***void ab initio*** (circa 2001) under federal securities law, 15 U.S.C. § 78cc(b), due to their operation as unregistered broker-dealers, a fact confirmed by FINRA on May 17, 2021.

Second, any alleged residual claim was definitively extinguished *with prejudice* by Judge Sand's voluntary December 20, 2007, Rule 41(a)(2) Final Judgment in 02cv2219 (SDNY), triggering the absolute bar of res judicata. The annulment doctrine does not revive these statutorily void and judicially precluded claims. *A. B. Dick.,* 197 F.2d at 501-02; *L-3 EOTech,* 921 F.3d at 18-19; cf., *Steel Co.,* 523 U.S. at 94-95.

The Bankruptcy Court's October 24, 2022 Order (Dkt. 5-7) (Hagenau, C.J.), and all subsequent orders, Dkt. 5-8, 5-9, and 5-10, (including Murphy, J., Doc. 28, dismissal with prejudice of the Chapter 11) ***committed numerous reversible legal errors*** by failing to recognize and apply *both* the federal statutory voidness under § 78cc(b) *and* the controlling res judicata effect of the 2007 Final Judgment. Consequently, that Order, *and any prior or subsequent orders* predicated upon it, are legally invalid to the extent they permit Appellees to participate in the 25cv00613 appeal (NDGA) based on these void, moot, and extinguished claims. Appellees manifestly lack Article III standing, and their continued participation constitutes an impermissible collateral attack on a final judgment and a disregard for federal law.[7]

Respectfully submitted this 31st day of March 2025.

**The Office of Ulysses T. Ware**
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

By: /s/ Ulysses T. Ware

---

[7] *Regional Properties, Inc. v. Financial & Real Estate Consulting Co.,* 678 F.2d 552 (5th Cir. 1982) (Clarifies the standard for showing a Section 15(a)(1) violation and the resulting contract voidness under § 78cc(b)); *Slomiak v. Bear Stearns & Co.,* 597 F. Supp. 676 (S.D.N.Y. 1984) (Illustrates that a contract is unenforceable by a person who violated § 78o(a)(1) because that contract is void *as to the violator's rights*.); *Eastside Church of Christ v. National Plan, Inc.,* 391 F.2d 357 (5th Cir. 1968) (Recognizes that when a securities violation forms the basis of a deal, the court will declare it void or voidable as to that violator).

**Ulysses T. Ware**
Attorney in Fact for Appellants

### Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing memorandum and the attached Declaration (17-18) (Part 17-18) constitute a judicial pleading submitted to the Office of the District Clerk's possession for filing and docketing in Case No. 1:25-cv-00613-MLB, on this 31st day of March, 2025; and all Appellees, and their legal counsels of record have been served on March 31, 2025, with a copy of the foregoing (17-18) (Part 17-18).

/s/ Ulysses T. Ware

**Ulysses T. Ware, attorney in fact for the Appellants**

*Ulysses T. Ware*

# End of document

Monday, March 31, 2025
(17-18) (Part 17-18) re Appellants' Memorandum of law (#10) re: Hagenau and Ellis-Monro's flagrant, malicious, deliberate, intentional, bad faith, extrajudicial criminal errors of law and fact committed in 03-93031 on behalf of predators KTS and its predatory loan sharking unregistered broker-dealer clients.

# (19-20A--CL) (Part 19-20A)

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Wednesday, April 2, 2025

**Office of the District Clerk**
U.S. District Court for the Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

*17-20A-CL*

**Re:** *Ware, et al. v. Alpha Capital AG, et al.*
Case No. 1:25-cv-00613-MLB (N.D. Ga.)

**Submission of Appellants' Memorandum of Law Requesting Judicial Notice Pursuant to
FRE 201(c)(2):**re FRE 201(c)(2) Judicial Notice of Appellees' Admitted Unlawful Debt
Collection Crimes.

Dear Clerk:

Please find enclosed for filing in the above-referenced matter the following document, submitted
on behalf of Appellants Ulysses T. Ware and Group Management:

**Appellants' Memorandum of Law in Support of Request for Judicial Notice of Admitted
Federal Crimes Evidenced Within the Joint Stipulated Appellate Record (JSAR) Pursuant
to FRE 201(c)(2).**

This submission, designated in the Appellants' recordkeeping as "(19-20A)," respectfully requests
that the Court take judicial notice of specific adjudicative facts, binding judicial admissions, and
confessions of criminal conduct committed by Appellees and their agents, as evidenced throughout
the Joint Stipulated Appellate Record, filed pursuant to Fed. R. Bankr. P. 8009(d).

This memorandum is submitted in further support of the Appellants' pending appeal, and
Appellants respectfully request the District Court (Brown, J.) to take judicial notice pursuant to
Federal Rule of Evidence 201(c)(2), as set forth in detail therein.

Please file the attached Memorandum accordingly and reflect its entry on the civil docket for Case
No. 25-cv-00613.

Should the Court or Clerk's Office require any further documentation or clarification, kindly advise at your earliest convenience.

Respectfully submitted,

**/s/ Ulysses T. Ware**
Ulysses T. Ware
Attorney in Fact for Appellants
Ulysses T. Ware and Group Management
Email: utware007@gmail.com
Tel: (718) 844-1260

**Enclosure:**

- (19-20A) Appellants' FRE 201(c)(2) Memorandum of Law (dated April 2, 2025)

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Tuesday, April 1, 2025, 02:22:50 PM

**Office of the District Clerk**
U.S. District Court for the Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

17-19-CL

**Re:** *25cv00613 (MLB) – Filing of (17-19): 18 U.S.C. § 2071(a), (b) Emergency Judicial Record Submitted for Filing and Custody.*

To the Office of the District Clerk:

Pursuant to 18 U.S.C. §§ 2071(a), (b), 28 U.S.C. § 1654, the Appellants, **Ulysses T. Ware and Group Management**, by and through the undersigned attorney-in-fact, hereby submit for **filing and immediate docketing** the enclosed **Part 17-19**, an urgent judicial pleading titled:

*Appellants' Emergency Motion for Immediate Relief from Dkt. 10 Briefing Schedule and for Stay of All Appellate Deadlines Pending Resolution of Jurisdictional Defects, Sanction Proceedings, and Related Article III Constitutional Objections.*

This submission is filed **for emergency adjudication** by the Honorable District Judge Michael L. Brown, and is integrally related to Appellants' earlier-filed filings: (17-1), (17-4), and (17-5), which assert jurisdictional and constitutional infirmities in Dkt. 10's March 17, 2025 briefing schedule. Appellants respectfully state that:

- The predicate bankruptcy and appellate proceedings are alleged to have been tainted by violations of 18 U.S.C. §§ 1961(6)(B) and are **null and void ab initio**, as further supported by the judicial admissions of record and by the Bankruptcy Court's Dkt. 296 certification.
- The filing is made for preservation of the official judicial record pursuant to 18 U.S.C. § 2071(a) and is submitted for **custodial entry into the official docket**, to ensure record preservation in light of the constitutional and statutory gravity of the underlying proceedings.

Appellants respectfully request that the Clerk docket this filing forthwith under the captioned case and forward it to the Chambers of the Hon. Judge Brown for immediate review.

Should the Court require any further clarification or conference, Appellants are prepared to appear at such time and place as directed.

Respectfully submitted,

*/s/ Ulysses T. Ware*
Ulysses T. Ware


Attorney-in-fact for Appellants
Ulysses T. Ware and Group Management


cc: Chambers of the Hon. Michael L. Brown
Clerk, U.S. Bankruptcy Court (NDGA)
Office of the U.S. Trustee, Region 21



# UNITED STATES
# POSTAL SERVICE ®

# PRIORITY®
# MAIL

UNITED STATES | PRIORITY®
POSTAL SERVICE. | MAIL

(17-19)(Part 17-19) 25cv 00613   VISIT US AT USPS.COM®

FROM:
The Office of Ulysses T. Ware
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226

TO:
The office of the District Clerk
U.S. District Court (NDGA)
Richard B. Russell U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, GA 30303

Label 228, December 2023   FOR DOMESTIC AND INTERNATIONAL USE

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.

# (17-19) (Part 17-19)

# Case No. 25cv00613 (NDGA)

# Re: APPELLANTS' LOCAL RULE 7.2 (B) EMERGENCY MOTION TO STAY BRIEFING SCHEDULE FOR GOOD CAUSE SHOWN. (Relates to Dkt. 10).

**Filed on Tuesday, April 1, 2025, at 2:16:12 PM with the Hon. District Judge Michael L. Brown via email to Chambers, given the emergency nature of the motion.**

## All Appellees and counsel have been served via public email.

## /s/ Ulysses T. Ware

17-19

Page 1 of 32
Tuesday, April 1, 2025
(17-19) (Part 17-19) re: Appellants' Declaration in Support of Dkt. 12, Dkt. 14, and Part 17-13 (Rule 8013 motion for restraining order and injunctive reliefs), Stay of Briefing Schedule, Dkt. 10, until all outstanding Article III standing, ripeness, and subject matter jurisdictional motions have been resolved.


CamScanner

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Tuesday, April 1, 2025, 02:22:50 PM

**Office of the District Clerk**
U.S. District Court for the Northern District of Georgia
Richard B. Russell U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

17-19-CL

**Re: 25cv00613 (MLB) – Filing of (17-19): 18 U.S.C. § 2071(a), (b) Emergency Judicial Record
Submitted for Filing and Custody.**

To the Office of the District Clerk:

Pursuant to 18 U.S.C. §§ 2071(a), (b), 28 U.S.C. § 1654, the Appellants, Ulysses T. Ware and
**Group Management**, by and through the undersigned attorney-in-fact, hereby submit for **filing
and immediate docketing** the enclosed **Part 17-19**, an urgent judicial pleading titled:

*Appellants' Emergency Motion for Immediate Relief from Dkt. 10 Briefing Schedule and for
Stay of All Appellate Deadlines Pending Resolution of Jurisdictional Defects, Sanction
Proceedings, and Related Article III Constitutional Objections.*

This submission is filed for **emergency adjudication** by the Honorable District Judge Michael
L. Brown, and is integrally related to Appellants' earlier-filed filings: (17-1), (17-4), and (17-5),
which assert jurisdictional and constitutional infirmities in Dkt. 10's March 17, 2025 briefing
schedule. Appellants respectfully state that:

- The predicate bankruptcy and appellate proceedings are alleged to have been tainted by
  violations of 18 U.S.C. §§ 1961(6)(B) and are **null and void ab initio**, as further
  supported by the judicial admissions of record and by the Bankruptcy Court's Dkt. 296
  certification.
- The filing is made for preservation of the official judicial record pursuant to 18 U.S.C. §
  2071(a) and is submitted for **custodial entry into the official docket**, to ensure record
  preservation in light of the constitutional and statutory gravity of the underlying
  proceedings.

Appellants respectfully request that the Clerk docket this filing forthwith under the captioned
case and forward it to the Chambers of the Hon. Judge Brown for immediate review.

CS CamScanner



TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

TY®

FROM:

UNITED STATES
POSTAL SERVICE® | PRIORITY®
MAIL

(17-19)(Part 17-19) 25cv00613    VISIT US AT USPS.COM®
                                 ORDER FREE SUPPLIES ONLINE
FROM:    17-18 (17-20)  04.02.25
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

CLEARED SECURITY

TO:
The Office of the District Clerk
U.S. District Court (NDGA)
Richard B. Russell U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, GA 30303

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service, October 2023; All rights reserved.

how2recycle.info