RECEIVED IN CHAMBERS
U.S.D.C. - Atlanta

APR 21 2025

KEVIN P. WEIMER, Clerk
By: J. Kelley, Deputy Clerk

**(18-5) (Part 18-5)**

# Case No. 25-cv-00613-MLB

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

---

ULYSSES T. WARE and GROUP MANAGEMENT,
(Debtor)
Appellants,

v.  **Part 18-5**

ALPHA CAPITAL, AG, et al., Predatory Unregistered Broker-Dealers,
Appellees.

---

On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia
Case No. 03-93031-WLH

---

**[Docket Test]:** (Part 18-5) (Part 18-5) re Appellants' Request for *Sua Sponte* Code of Conduct for Federal Judges' Actual Innocent Brady Evidence Judicial Notifications Requirements.

Respectfully submitted,

/s/ Ulysses T. Ware
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
Attorney in Fact for Appellants: Ulysses T. Ware and Group Management
Email: utware007@gmail.com
Tel: (718) 844-1260

Page **1 of 14**
Filed on Tuesday, April 15, 2025 at 10:47:50 AM to Chamber of the Hon. District Judge Brown (NDGA).
(Part 18-5) (Part 18-5) re Appellants' Request for Sua Sponte Code of Conduct for Federal Judges' Actual Innocent Brady Evidence Notifications.

## Table of Contents

(18-5) (Part 18-5) .......................................................................................................................... 1

**DECLARATION OF ULYSSES T. WARE, ATTORNEY IN FACT FOR APPELLANTS** ............... 3

Appellants' Letter Brief Regarding Code of Conduct for Federal Judges' Brady Evidence
Responsibilities. ............................................................................................................................. 4

    I. Factual and Procedural Context: Interrelation of Proceedings ........................................ 6

    II. The Pending Request for Judicial Notice (Dkt. 25) and Specific *Brady* Evidence ........ 7

    III. Judge Sweet's Brady Order and Alleged Violation ...................................................... 10

    IV. Potential Obligations Under the Code of Conduct for United States Judges ............ 11

    V. Requested Notification ..................................................................................................... 12

End of document ......................................................................................................................... 14

Page **2** of **14**
Filed on Tuesday, April 15, 2025 at 10:47:50 AM to Chamber of the Hon. District Judge Brown (NDGA).
(Part 18-5) (Part 18-5) re Appellants' Request for Sua Sponte Code of Conduct for Federal Judges' Actual
Innocent Brady Evidence Notifications.

## DECLARATION OF ULYSSES T. WARE, ATTORNEY IN FACT FOR APPELLANTS

I, Ulysses T. Ware, attorney in fact for Appellants Ulysses T. Ware and Group Management (Debtor), hereby this 15th day of April 2025, in Brooklyn, NY, *submit pursuant to 28 U.S.C. § 1746,* declare under penalty of perjury that the following is true and correct:

1. I have personal knowledge of the matters set forth below and am competent to testify thereto.

2. On April 15, 2025, the undersigned, finalized and caused to be filed the accompanying Letter-Brief Urging Immediate ***Sua Sponte*** Consideration of Canon-Based Notification Duties Triggered by Appellants' Pending Rule 201(c)(2) Motion (Dkt. 25), (the "Letter-Brief").

3. The Letter-Brief:

   a) (a) is addressed to **The Honorable Michael L. Brown, U.S. District Judge, Northern District of Georgia,** in *Ware & Group Management v. Alpha Capital AG, et al.,* No. 1:25-cv-00613-MLB;

   b) It details the interrelationship between Appellants' pending Rule 201(c)(2) motion (Dkt. 23 and 25) and the constitutional implications of the undisclosed Brady material in *United States v. Ware,* 04-cr-1224 (S.D.N.Y.); and

   c) respectfully alerts the Court to its ***obligations*** under Canons 1, 2, and 3(B)(6) of the Code of Conduct for United States Judges.

4. The factual assertions and citations contained in the Letter-Brief are drawn from the stipulated record on appeal—including the Joint Stipulated Appellate Record ("JSAR"), Dkt. 5-1 through 5-16—and from docketed materials in *United States v. Ware,* 04-cr-1224 (S.D.N.Y.) [JSAR Dkt. 5-13 on pages 49-51].

Executed this 15th day of April 2025, Brooklyn, New York.

/s/ **Ulysses Thomas Ware**
Attorney in Fact for Appellants

*[signature]*

# Appellants' Letter Brief Regarding Code of Conduct for Federal Judges' Brady Evidence Responsibilities.

Date: Filed on April 15, 2025, 10:47:50 AM

<u>VIA EMAIL TO CHAMBERS ON APRIL 15, 2025, AND U.S. MAIL</u>

The Honorable Michael L. Brown
United States District Judge
United States District Court for the Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re: Case No. 1:25-cv-00613-MLB; *Ulysses T. Ware and Group Management v. Alpha Capital AG, et al.(Predatory Unregistered Broker-Dealers)*.

**Subject: Urgent Notification Regarding Judicial Duties Under the Code of Conduct for United States Judges Arising from Stipulated Information Presented in Pending Motion for Mandatory FRE 201(c)(2) Judicial Notice (Dkt. 25, Part 17-20B) Evidencing Actual Innocent Brady Exculpatory and Impeachment Violations Affecting Prior Proceedings in *United States v. Ware*, 04cr1224 (SDNY) and In re Ware 2008) (Supreme Court of GA) (fraudulent and ultra vires disbarment proceedings).**

**Dear Judge Brown:**

This correspondence is submitted on behalf of Appellants Ulysses T. Ware and Group Management (Debtor) ("Appellants"), pursuant to 28 U.S.C. § 1654, by their undersigned appellate counsel. We write respectfully to bring to the Court's attention a matter of significant legal and ethical import concerning potential duties arising under the Code of Conduct for United States Judges. This matter stems directly from Appellants' currently pending "Supplement #1.0 to Part 17-20A re FRE 201(c)(2) Judicial Notice of Appellees' Dispositive Stipulations," filed on April 4, 2025, and docketed as Dkt. No. 25 (designated by Appellants as "Part 17-20B") ("Dkt. 25"). Dkt. 25 requests this Court take mandatory judicial notice, pursuant to Federal Rule of Evidence

Page **4 of 14**
Filed on Tuesday, April 15, 2025 at 10:47:50 AM to Chamber of the Hon. District Judge Brown (NDGA).
(Part 18-5) (Part 18-5) re Appellants' Request for Sua Sponte Code of Conduct for Federal Judges' Actual Innocent Brady Evidence Notifications.

201(c)(2), of specific documentary evidence, the existence and content of which Appellants contend are not subject to "reasonable dispute."

Crucially, the information and documentary evidence identified in Exhibits 1, 2, and 3 of the *pending* Dkt. 25 appear, on their face, ***to constitute dispositive actual innocent Brady exculpatory and impeachment evidence*** relevant to prior federal criminal proceedings involving Appellant Ulysses T. Ware, specifically *United States v. Ware*, Case No. 04cr1224 (SDNY) (Hon. Robert W. Sweet, deceased). Appellants assert that this evidence falls squarely within the ambit of *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and was subject to an explicit *Brady* disclosure order entered in that case by Judge Sweet on August 10, 2007 (Dkt. 32 in 04cr1224 (SDNY); contained within the Joint Stipulated Appellate Record ("JSAR") in the instant appeal at Dkt. 5-13, pp. 49-51). Appellants further contend this material was deliberately, intentionally, and in bad faith hidden, concealed, and/ or suppressed by Appellees, their counsels, agents, privies, surrogates, alter-egos, and ***all those in active concert therewith, and associated government actors*** involved in the SDNY prosecution, and the U.S. Trustee's Office's lawyers, Region 21, Atlanta, GA (Appellees Morawetz, Townson, and Treace). [see JSAR Dkt. 5-1 and Dkt. 5-3].

While Dkt. 25 remains pending before this Court, the gravity and the profound seriousness of the jointly ***stipulated information*** presented therein compels us to address the dire implications under the Code of Conduct for United States Judges, particularly Canons 1, 2, and 3(B)(6), should

the Court take judicial notice as requested, or even upon the Court's *__sua sponte__* consideration of the *__stipulated information__* now before it.[1]

## I. Factual and Procedural Context: Interrelation of Proceedings

The instant appeal arises from the fraudulently terminated (Dkt. 28: May 2003) Chapter 11 bankruptcy proceeding *In re Group Management Corp.*, Case No. 03-93031 (Bankr. N.D. Ga.). Central to the bankruptcy and this appeal are manifestly frivolous, baseless, vexatious, filed for an improper purpose, and fraudulent purported "claims"[2] based on predatory criminal usury unlawful debts, GX 1-4, and GX 5, asserted by Appellees (Alpha Capital AG, et al., represented by Kilpatrick Townsend & Stockton LLP ("KTS") and others) predicated upon certain debt instruments (GX 1-4, GX 5). These same instruments were the subject of prior civil litigation initiated by Appellees' predecessors-in-interest in the Southern District of New York, *Alpha Capital AG, et al. v. Group Management Corp., et al.*, Case No. 02cv2219 (SDNY) (Hon. Leonard B. Sand, deceased).

---

[1] Appellants contend the Court should act *__sua sponte__* forthwith given the tremendous irreparable harms the Appellants have suffered, and will continue to suffer in regard to the continued enforcement and collection of the predatory criminal usury unlawful debts, GX 1-4, and GX 5. See DC (25cv00613) Dkt. 19 and Dkt. 22.

[2] Ipso facto as a matter of law, NYS Penal Law, section 190.40, the criminal usury law, a class E felony, and the federal loan sharking law, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d), strictly prohibited, and prohibits Appellees and their privies from asserting any alleged "claims" or "particularized, concrete injury on fact," or "legally protected interest" in null and void ab initio predatory criminal usury unlawful debts, GX 1-4, and GX 5. Lujan, 504 U.S. at 560-61. Accordingly, all underlying courts lacked Article III jurisdiction, or related state law jurisdiction (NYS Penal Law) over the predatory criminal usury subject matter.

Contempt proceedings arising from alleged violations of moot, null and void ab initio, ultra vires, and "advisory orders" issued by Judge Sand in 02cv2219 formed the basis of the federal criminal prosecution *United States v. Ware*, Case No. 04cr1224 (SDNY), before Judge Sweet. Appellant Ware was ultimately fraudulently convicted in that matter.[3] It is within the context of the 04cr1224 (SDNY) prosecution that Judge Sweet issued his specific *Brady* order (Dkt. 32). [JSAR Dkt. 5-13 on pages 49-51]. See *Steel Co.,* 523 U.S. at 94-95.

## II. The Pending Request for Judicial Notice (Dkt. 25) and Specific *Brady* Evidence

Dkt. 25 seeks mandatory judicial notice under FRE 201(c)(2) of facts derived from sources whose accuracy Appellants contend cannot reasonably be questioned. The specific evidence relevant to this notification includes:

1. **Exhibit 1 (Dkt. 25, referencing JSAR Dkt. 5-13, pp. 40-41): State Bar of Georgia Record - Purported Affidavit of Personal Service.**

a) **Factual Specificity:** This exhibit contains an official record from the State Bar of Georgia pertaining to disciplinary proceedings against Appellant Ware (*In re Ware*, Sup. Ct. Ga. 2008), specifically a purported Affidavit of Personal Service dated January 15, 2007. Appellants provide evidence (referenced in Dkt. 25 and related filings) demonstrating this affidavit is allegedly fabricated, perjurious, and counterfeit, asserting Mr. Ware was not

---

[3] As a matter of law, ipso facto, *it is not* an 18 USC § 3231 criminal contempt (18 USC § 401(3)) "offense" for Appellants Ware to refuse to criminally violate the federal securities laws, the Hobbs Act, and federal loan sharking and racketeering laws, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) and not draft and issue to the predatory unregistered broker-dealer Appellees and their agents, et al., bogus and fraudulent Rule 144(k) legal opinions to enable and facilitate the extortion of Appellant Group Management out of more than +$522 million in free-trading securities in criminal violation of *U.S. v. Grote*, 961 F.3d 105, 109-119 (2d Cir. 2020), 15 USC §§ 77d, 77e, 77x, 78o(a)(1), 78p(b), and 78ff, SEC Release 33-7190 n. 17 (1995); cf., *Berckeley*, 455 F.3d at 220 (same).

incarcerated or located where the alleged "personal" service was claimed. Appellants further allege this deliberate and willful criminal fabrication was part of ***an ongoing*** coordinated, retaliatory Hobbs Act conspiracy involving Appellees and their privies to unlawfully steal and strip Mr. Ware of his law license and property in connection with the underlying predatory criminal usury debt collection efforts regarding GX 1-4, and GX 5.

b) ***Brady* Significance (04cr1224 SDNY):** This document constitutes powerful exculpatory and *impeachment* evidence regarding the credibility and integrity of official processes used against Appellant Ware in related matters intentionally orchestrated by, or involving cooperation with, individuals associated with the complaining parties in 02cv2219 and 04cr1224. It is also *exculpatory* as it suggests a pattern of bad faith, fabrication, and potential witness/official misconduct targeting Mr. Ware, undermining the legitimacy of interconnected enforcement actions, including the criminal contempt proceedings. Its deliberate suppression violated Judge Sweet's Brady court order requiring disclosure of impeachment material. Dkt. 32 [JSAR Dkt. 5-13 on pages 49-51].

2. **Exhibit 2 (Dkt. 25, referencing SEC EDGAR Public Filing - Form SB-2):**

a) **Factual Specificity:** This exhibit is a Form SB-2 Registration Statement fraudulently filed by Appellees Baker & McKenzie, LLP and Lawrence B. Mandala, Esq., with the U.S. Securities and Exchange Commission, accessible via the public EDGAR system (File No. 333-60056, filed Oct. 10, 2001, involving IVG Corp., predecessor to Group Management). Appellants allege this fraudulent filing was prepared and utilized by counsel associated with Appellees (specifically identifying Baker & McKenzie, LLP, and attorney Lawrence B. Mandala, whose declaration appears at JSAR Dkt. 5-16, pp. 41-49) as part of a scheme

to facilitate the collection and enforcement of the underlying, allegedly criminally usurious and void *ab initio* debts (GX 1-4, GX 5) through securities mechanisms, constituting predicate acts under the Hobbs Act and RICO. 18 USC §§ 2, 371, 1341, 1343, 1951(a), 1956-57, 1961(6)(B), and 1961(a-d).

b) ***Brady*** **Significance (04cr1224 SDNY):** This document is *exculpatory* because it provides direct evidence supporting the defense theory that the underlying debts Appellees sought to enforce (leading to the contempt charges) were themselves the product of, and instruments in, an ongoing predatory unlawful debt origination and collection criminal enterprise (predatory lending/Hobbs Act violations). Given that the underlying unlawful and criminal collection efforts undertaken by Appellees in violation of the Hobbs Act and 18 USC 1961(6)(B), were predicated on illegality, *the lawfulness—that is, the legality and enforceability,* of the alleged court orders Mr. Ware was accused of "willfully" violating is called into question. It also serves as *impeachment* evidence regarding the representations and motives of the complaining parties (Appellees/privies) and their agents in the civil and related criminal proceedings. Its alleged suppression violated Judge Sweet's *Brady* order.

3. **Exhibit 3 (Dkt. 25, referencing JSAR Dkt. 5-13, p. 48): FINRA Regulatory Determination (May 17, 2021).**

a) **Factual Specificity:** This exhibit is identified as an official certification/determination by the Financial Industry Regulatory Authority (FINRA), signed by Marcia E. Asquith, Executive Vice President, explicitly stating that FINRA possessed no records indicating that Appellees Alpha Capital AG, Stonestreet LP, Markham Holdings Ltd., and Amro

International SA (the plaintiffs in 02cv2219 SDNY, represented by KTS) were registered broker-dealers. This determination relates to their status during the period they acquired and sought to enforce the predatory criminal usury null and void ab initio debt instruments (GX 1-4, GX 5).

b) ***Brady* Significance (04cr1224 SDNY):** This official determination is profoundly *exculpatory*. Unregistered broker-dealer status renders contracts made in violation of registration requirements void *ab initio* as to the violator's rights under 15 U.S.C. § 78cc(b). This directly negates the legal enforceability of the debts (GX 1-4, GX 5) that Appellees sought to collect via Judge Sand's orders in 02cv2219, thereby undermining the entire legal predicate for the criminal contempt charges in 04cr1224. It constitutes critical *impeachment* evidence challenging the standing, representations, and good faith of the complaining entities and their counsel (KTS, et al.) throughout all related proceedings. Knowledge of this status, allegedly concealed by KTS and the complaining entities from the courts, constitutes a fundamental fraud upon the court, and its alleged suppression is a stark violation of Judge Sweet's *Brady* order.

## III. Judge Sweet's Brady Order and Alleged Violation

Judge Sweet's Order (Dkt. 32 in 04cr1224; JSAR Dkt. 5-13, p. 50) was unequivocal: "The Government Shall Produce All Brady Material Prior to Trial... Ware has requested that the Government provide him with all exculpatory and impeachment material... the Government has repeatedly consented to this request... this aspect of the motion shall be granted." The evidence detailed above falls precisely into these categories – material that is exculpatory to the defense against the contempt charges and/or impeaches the credibility and legal standing of the entities

whose actions precipitated those charges. Appellants contend this evidence was available, known, or reasonably discoverable by the prosecution team and/or Appellees (acting as complaining witnesses/parties whose information would be imputed to the prosecution under *Kyles v. Whitley*, 514 U.S. 419 (1995)), yet it was not disclosed as mandated.

## IV. Potential Obligations Under the Code of Conduct for United States Judges

The Code of Conduct imposes duties on federal judges essential to maintaining public confidence in the judiciary's integrity and impartiality.

a) **Canon 1:** Requires judges to "uphold the integrity and independence of the judiciary." This includes taking steps to ensure the integrity of past judgments when credible evidence suggests they may have been compromised by constitutional error.

b) **Canon 2:** Requires judges to "avoid impropriety and the appearance of impropriety in all activities," ensuring actions promote public confidence. Acknowledging and appropriately addressing information suggesting a prior conviction was potentially tainted by *Brady* violations serves this Canon.

c) **Canon 3(B)(6):** This Canon addresses responsive actions: "A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code should take appropriate action. A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the rules of professional conduct should take appropriate action." While directly referencing misconduct by judges or lawyers, the principle extends to safeguarding the integrity of the judicial process. The information presented in the pending Dkt. 25 indicates a "substantial likelihood" that a

grave constitutional violation (*Brady*) occurred in 04cr1224 (SDNY), potentially involving violations of professional conduct by lawyers (governmental or private) who failed to disclose mandated material.

Appellants respectfully submit that the judicially noticeable facts presented in the *pending* Dkt. 25 constitutes "information indicating a substantial likelihood" of such violations. In this specific, complex context involving interconnected cases across districts and circuits, "appropriate action" necessarily involves notifying the courts directly responsible for the integrity of the judgment in *U.S. v. Ware*, 04cr1224 (SDNY).

## V. Requested Notification

Given the foregoing, and contingent upon this Court's review of the *pending* Dkt. 25 and the potential granting of the request for judicial notice therein, Appellants respectfully assert that the Code of Conduct necessitates that Your Honor provide formal notification regarding the substance of Exhibits 1, 2, and 3 of Dkt. 25 to the following courts:

1. **The Chief Judge of the United States District Court for the Southern District of New York:** As the court where *U.S. v. Ware*, 04cr1224, was prosecuted and the judgment of conviction entered, and the court's proceedings were materially corrupted, tainted, and irreparably affected by the definitive fraud upon the court and material *Brady* violations.

2. **The Chief Judge of the United States Court of Appeals for the Second Circuit:** As the court with appellate jurisdiction over 04cr1224 (SDNY) (see *U.S. v. Ware*, No. 09-0851-cr; and 23-865) and ***whose mandates will be vitiated and annulled by the revelation of***

*dispositive actual innocent deliberately and intentionally concealed and suppressed Brady exculpatory and impeachment material affecting the underlying conviction*.

3. **The Chief Justice of the Supreme Court of Georgia:** *In re Ware* (2008) fraudulent and retaliatory Hobbs Act disbarment proceedings based on the fraudulent and fabricated alleged Affidavit of Personal Service, [JSAR Dkt. 5-13 on pages 40-41],[4] whose judgment will be annulled and vitiated by the fact that the alleged Affidavit of Personal Service [JSAR Dkt. 5-13 on pages 40-41] *was deliberately and intentionally criminally falsified and fabricated by Appellees NeSmith, Frederick, Myers, Burgess, Mittlemen, Hewett, and Smith (deceased).*

Such notification would allow the appropriate courts to consider the impact of this information, now surfaced in the official record of the instant appeal (via the JSAR and the pending Dkt. 25), on the constitutional validity and finality of the judgment in *U.S. v. Ware*, 04cr1224 (SDNY) and in *In re Ware* (Supreme Court of GA) (ultra vires and fraudulent disbarment proceedings).

We understand that Dkt. 25 is pending, and this Court has not yet ruled upon the request for judicial notice. However, the potential impact of the information contained therein on prior federal and state proceedings and the duties potentially imposed by the Code of Conduct warrant this early and formal notification to the Court.

---

[4] Note that Appellees SBGA, et al. have not appeared herein nor in the Bankruptcy Court (03-93031) and *did not and has not disputed, challenged, opposed, or denied* that the alleged Affidavit of Personal Service [JSAR Dkt. 5-13 on pages 40-41] *is in fact false, fabricated, manufactured, and falsified* as an overt and predicate Hobbs Act racketeering theft of Appellant Ware's personal and business property, his license to practice law.

We thank the Court for its careful consideration of this exceptionally serious matter.

Respectfully submitted,

/s/ Ulysses T. Ware

**Attorney in fact for Appellants Ulysses T. Ware and Group Management**

cc: All Counsel of Record and Appellees (served via email) on April 15, 2025.

## End of document

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Filed on April 15, 2025
25cv00613 (NDGA)
RE: Part 18-5: Request for Sua Sponte Brady evidence notifications



The Hon. Michael L. Brown
U.S. District Court (NDGA)
Richard B. Russell U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, GA 30303

CLEARED DATE
APR 2 1 2025
U.S. Marshals Service
Atlanta, GA 30303