**RECEIVED IN CHAMBERS**
U.S.D.C. - Atlanta

**APR 2 1 2025**

KEVIN P. WEIMER, Clerk
By: _J. Kelley_ Deputy Clerk

# Case No. 1:25-cv-00613-MLB
# (18-6.1) (Part 18-6.1/17-20C)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

### Filed on April 17, 2025, 10:53:04 AM, via email to Chambers and via U.S. Mail

---

**ULYSSES T. WARE and GROUP MANAGEMENT, (Debtor),**
**Appellants,**

v.

**ALPHA CAPITAL, AG, et al., Predatory Unregistered Brokers-Dealers,**
**Appellees.**

---

**(On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia, Case No. 03-93031-WLH)**

---

[Docket Text] Appellants' Request for Mandatory FRE 201(c)(2) Judicial Notice, and Appellants' Priority Attempt to "Meet and Confer" Pursuant to 25cv00613 (N.D. Ga.) Dkt. 2, Standing Order ¶ (m) (Brown, J.) Regarding Request for Mandatory Judicial Notice (FRE 201(c)(2)) of Specific Adjudicative Facts Evidencing former AUSA Alexander H. Southwell's Stipulated Predicate and Overt Act Hobbs Act Crimes with Respect to Predatory Criminal Usury Unlawful Debts, GX 1-4, and GX 5, and Their Direct Causation to the Void Ab Initio *In re Group Management Corp.*, 03-93031 (BC NDGA) Chapter 11 and (ii) *U.S. v. Ware*, 04cr1224 (SDNY) Indictment.

We thank the Court for its attention and respectfully request confirmation of docketing. Please advise if any further action is required by Appellants to facilitate formal entry on the docket.

Respectfully submitted,

_/s/ Ulysses T. Ware_
/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney-in-fact for the Appellants

**cc:** Clerk of Court (via U.S. mail)
Chambers of Hon. Judge Brown (via email)
Office of the U.S. Trustee, Region 21, Mary Ida Townson and R. Jeneane Treace (via email)

### Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing memorandum and the attached Declaration (18-6.1) (Part 18-6.1) constitute a judicial pleading submitted to the Office of the District Clerk's possession for filing and docketing in Case No. 1:25-cv-00613-MLB, on this 17th day of April, 2025; and all Appellees, and their legal counsels of record have been served on April 17, 2025, with a copy of the foregoing (18-6.1) (Part 18-6.1).

/s/ Ulysses T. Ware

**Ulysses T. Ware, attorney in fact for the Appellants**

Filed on Thursday, April 17, 2025, 10:53:04 AM

/s/ Ulysses T. Ware

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

# Table of Contents

**DECLARATION OF ULYSSES T. WARE REGARDING NON-RESPONSE OF ALEXANDER H. SOUTHWELL TO MANDATORY MEET-AND-CONFER COMMUNICATION (MEMORANDUM 18-6).** ................................................................................................................ 5

Excerpt from SEC v. Norris, 675 F.3d 1349 (Fed. Cir. 2012) ............................................................ 11

FRE 201(c)(2) MEMORANDUM (18-6) (Part 18-6) ............................................................................ 12

End of Memorandum ......................................................................................................................... 21

End of document .................................................................................................................................. 22

Thursday, April 17, 2025
(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

Appellants incorporate by reference and have made the same a part here of, 25cv00613 (NDGA) Dkt. 23, Dkt. 24, Dkt. 25, and Dkt. 28-0, in support of this FRE 201(c)(2) judicial notice request.

/s/ Ulysses T. Ware

*Ulyss 2. Ware*

# DECLARATION OF ULYSSES T. WARE REGARDING NON-RESPONSE OF ALEXANDER H. SOUTHWELL TO MANDATORY MEET-AND-CONFER COMMUNICATION (MEMORANDUM 18-6).

I, Ulysses T. Ware, this 16th day of April 2025, in Brooklyn, NY, declare under oath and pursuant to the penalty of perjury, 28 U.S.C. § 1746, that the following is true and correct:

1. I am an individual Appellant in this matter and serve as the Attorney in Fact for both me and Appellant Group Management (the "Appellants"). I have personal knowledge of the matters set forth herein.

2. This Declaration is submitted to document the non-response of former Assistant United States Attorney (AUSA) Alexander H. Southwell to a formal meet-and-confer communication mandated by this Court's Standing Order (Dkt. 2, ¶ (m)), see FRE 201(c)(2) Memorandum 18-6, infra.

3. On Wednesday, April 16, 2025, at approximately 09:58 AM EST, I caused to be transmitted via email to Alexander H. Southwell, Esq., at his official McDermott Will & Emery LLP email address (Asouthwell@mwe.com), a detailed 10-page memorandum designated "Memorandum (18-6) (Part 18-6)" (hereinafter "Memorandum 18-6"). A true and correct copy of Memorandum 18-6 as transmitted is attached hereto, infra.

4. Memorandum 18-6 explicitly initiated the mandatory meet-and-confer process required by Standing Order ¶ (m). It formally outlined Appellants' intention to request mandatory judicial notice under Federal Rule of Evidence (FRE) 201(c)(2) of ten specific adjudicative facts pertaining to Mr. Southwell's knowing and willful direct involvement in predicate Hobbs Act crimes and unlawful debt collection activities targeting

Appellants, and the direct causal link between those alleged predicate acts and his and other Appellees knowing and deliberate procurement of the null and void *ab initio* indictment in *United States v. Ware*, 04cr1224 (SDNY). See attachment Appx. C.

5. Memorandum 18-6 clearly stated that these ten facts were derived from the official Joint Stipulated Appellate Record ("JSAR") (certified by the Bankruptcy Court, Bankr. Dkt. 296/296A) and related official court documents, whose accuracy cannot reasonably be questioned under FRE 201(b)(2).

6. Memorandum 18-6 expressly required Mr. Southwell to provide Appellants with a sworn, written response via email **no later than 5:00 PM EST on April 16, 2025**, indicating whether he conceded that the enumerated facts were adjudicative facts not subject to reasonable dispute. The Memorandum further required that if Mr. Southwell disputed any fact's eligibility for judicial notice, he must provide a Rule 11(b)(1-4) and 28 U.S.C. § 1927 compliant sworn, detailed, good-faith legal and factual basis for *each* specific objection, explaining why the fact, as documented in the binding certified JSAR or official court records, remained reasonably disputable. The Memorandum explicitly stated that general denials would be insufficient. (Exhibit A, p. 9). Mr. Southwell did not respond as requested, and has not responded.

7. Memorandum 18-6 also explicitly warned Mr. Southwell that failure to provide a timely and substantiated objection would result in Appellants representing to the Court that, after conferring, ***no legally sufficient basis for opposing judicial notice was provided***. (Exhibit A, p. 9).

8. The deadline of 5:00 PM EST on April 16, 2025, has passed.

9. As of the time of my signing this Declaration, Thursday, April 17, 2025, **no response whatsoever**—written, sworn, or otherwise; substantive or procedural—has been received from Mr. Southwell or any counsel or representative acting on his behalf concerning the specific meet-and-confer demands and factual predicates outlined in Memorandum 18-6.

10. The ten specific adjudicative facts presented to Mr. Southwell in Memorandum 18-6, for which his substantive response was demanded and regarding which he has remained silent, are:

*(i)* The underlying predatory, criminal usury unlawful debt instruments (GX 1-4) were criminally usurious under N.Y. Penal Law § 190.40 and constituted "unlawful debt" under RICO, 18 U.S.C. § 1961(6)(B).

*(ii)* The entities holding and seeking to enforce GX 1-4 (Appellees Alpha Capital AG, et al.) were operating as illegal, unregistered broker-dealers, rendering the instruments void *ab initio* under 15 U.S.C. §§ 78o(a)(1) and 78cc(b).

*(iii)* The civil action 02cv2219 (SDNY) was commenced on March 20, 2002, specifically to enforce non-existent alleged rights under the predatory, null, void, and unlawful debt instruments GX 1-4.

*(iv)* Various moot and void ab initio purported court orders (GX 7, GX 11, GX 24, etc.) (Sand, J.) were ultra vires and fraudulently entered in 02cv2219 (SDNY) without Article III jurisdiction over the predatory criminal usury subject matter, GX 1-4, and GX 5, directing Appellants to honor terms related to the void and unlawful debt instruments GX 1-4.

*(v)* On or about September 1, 2004, a coordinated Hobbs Act violent and dangerous

criminal overt and predicate act unlawful debt collection operation took place in Atlanta,

GA *__involving four (4) heavily armed white individuals impersonating U.S. Marshals__*,

targeting Ulysses T. Ware's law office to collect unlawful debts GX 1-4.

*(vi)* The explicit purpose of the September 1, 2004, operation was to use threats, guns,

intimidation, and violence and unlawfully coerce payment or satisfaction of the void and

unlawful debts GX 1-4 through wrongful use of armed force, fear, false arrest, illegal

search, seizure, kidnapping, threat of murder, and seizure of property.

*(vii)* You, Alexander H. Southwell, then an AUSA (SDNY), were involved in

communications with then SEC lawyer Jeffrey B. Norris[1] regarding, and knowingly

participated in coordinating or directing aspects of, the September 1, 2004, unlawful debt

collection and/or enforcement actions undertaken under color of official right to facilitate

the private collection of the unlawful debts GX 1-4 in violation of the federal loan

sharking statutes, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d).

*(viii)* Subsequent to the September 1, 2004, *__inherently violent and extremely dangerous__*

*__armed loan sharking unlawful debt collection operation__*, a bogus, fraudulent, and

racially-motivated criminal referral was made by the 02cv2219 (SDNY) District Court

(Sand, J.) to the U.S. Attorney's Office (SDNY) on December 22, 2003, based on alleged

failure to comply with orders enforcing the void/unlawful predatory criminal usury

unlawful debts GX 1-4.

*(ix)* The resulting moot and void ab initio purported indictment in *U.S. v. Ware*, 04cr1224

---

[1] Norris was *__summarily terminated__* by the SEC in 2009 for *__professional misconduct__* related to admitted
mental illness (AD/HD), see *__Norris v. SEC__*, 675 F.3d 1349 (Fed. Cir. 2012).

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and
1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

(SDNY), filed November 17, 2004, charged criminal contempt, 18 USC § 401(3), based solely on Appellant Ware's alleged "willful" disobedience of the specific 02cv2219 court orders seeking collection and enforcement of the void/unlawful debts GX 1-4 held by the unregistered broker-dealer plaintiffs, despite dispositive Brady actual innocent affirmative defenses, facial binding judicial stipulations and admissions pleaded by the USAO (SDNY) and Southwell on the face of the 04cr1224 charging instrument admitting and stipulating to the unregistered broker-dealer plaintiffs' illegal status as 15 USC § 77b(a)(11) statutory underwriters, see GX 5, ¶10.1(iv).

*(x)* The 04cr1224 Indictment (paras. 1-24) incorporated dispositive, actual innocent Brady exculpatory factual allegations constituting binding judicial admissions and actual innocent exculpatory affirmative defenses regarding the illegal status of the Civil Plaintiffs and the void/unlawful nature of the underlying transactions (GX 1-4, GX 5), rendering the indictment jurisdictionally defective and void *ab initio* on its face (violating 18 U.S.C. § 3231).

11. Appellants assert that Mr. Southwell's knowing and willful failure to respond to the direct, specific, and serious allegations contained in Memorandum 18-6, especially given his status as an experienced attorney directly implicated in stipulated predicate criminal acts documented in a binding judicial record, constitutes the following:

a. A **waiver** of any objection he might have had to Appellants' request for mandatory FRE 201(c)(2) judicial notice of the ten enumerated facts, pursuant to the explicit terms set forth in Memorandum 18-6.

b. A **concession** that the ten enumerated facts, derived directly from the certified JSAR

and official court records, are indeed adjudicative facts "not subject to reasonable dispute" under FRE 201(b)(2).

c. An **admission by silence and acquiescence** regarding his ***personal involvement*** in the predicate Hobbs Act crimes and the causal connection between those crimes and the procurement of the allegedly void 04cr1224 indictment. Given the gravity of the facts presented and the direct demand for a sworn response under Rule 11 and 28 U.S.C. § 1927 standards, his silence in the face of these documented allegations is profoundly probative.

d. **Corroboration** of Appellants' central arguments regarding his financial ($5.2225 billion), criminal exposure, liability, and culpability for knowingly and willfully participating in the predatory unlawful debt collection enterprise targeting Appellants and for his role in the chain of events leading to the allegedly fraudulent and void 04cr1224 indictment.

I declare under penalty of perjury, having personal knowledge of the facts, under the laws of the United States of America that the foregoing is true and correct.

Executed on April 16, 2025, in Brooklyn, New York, at 05:22:22 PM EST.

/s/ Ulysses T. Ware
Ulysses T. Ware
**Attorney in Fact for Appellants**
**Ulysses T. Ware and Group Management**

# Excerpt from SEC v. Norris, 675 F.3d 1349 (Fed. Cir. 2012)

---

Before DYK, MOORE, and O'MALLEY, *Circuit Judges.*

DYK, *Circuit Judge.*

Jeffrey B. Norris ("Norris") petitions for review of an arbitrator's decision affirming his removal from his position as a Trial Attorney with the Securities and Exchange Commission ("SEC"). *U.S. Sec. & Exch. Comm'n v. Nat'l Treasury Emps. Union Chapter 293*, No. SEC-AR-09-005 (Apr. 19, 2011) (Winograd, Arb.) ("*Arbitration Decision*"). Because we hold that the arbitrator erroneously failed to consider new evidence bearing upon the reasonableness of Norris's removal, we vacate and remand.

## BACKGROUND

Norris served as a Trial Attorney with the SEC from February 23, 1992, until he was removed on August 28, 2009. Before the events leading to his removal, discipline was initiated against Norris for exercising poor judgment and misuse of government email on two separate occasions. In 2007, Norris was suspended from service without pay for one day for exercising poor judgment in emailing an attorney who represented a witness in an ongoing SEC case, and expressing his opinion about the merits of the case. Thereafter, from March to May 2007, Norris exchanged a series of antagonistic emails from his SEC email account, and in which he identified himself as SEC trial counsel, with businessman Mark Cuban, owner of the Dallas Mavericks professional basketball team. Based on this exchange, Norris was suspended without pay for fourteen calendar days due to his misuse of government email.

The removal here was based on three additional emails sent in 2008. On September 11, 2008, Norris sent

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

# FRE 201(c)(2) MEMORANDUM (18-6) (Part 18-6)
## The Office of Ulysses T. Ware
### 123 Linden Blvd., Ste 9-L
### Brooklyn, NY 11226
### (718) 844-1260
### Utware007@gmail.com

### Wednesday, April 16, 2025, 10:53:04 AM

**Via email to: Asouthwell@mwe.com**
Alexander H. Southwell, Esq.
McDermott Will & Emery LLP
One Vanderbilt Avenue
New York, NY 10017-3852

**DATE:** April 16, 2025

**SUBJECT: Urgent Meet and Confer Pursuant to 25cv00613 (N.D. Ga.) Dkt. 2, Standing Order ¶ (m) Regarding Anticipated Request for Mandatory Judicial Notice (FRE 201(c)(2)) of Specific Adjudicative Facts Evidencing former AUSA Alexander H. Southwell's Stipulated Predicate and Overt Act Hobbs Act Crimes and Their Direct Causation of the Purportedly Void *U.S. v. Ware*, 04cr1224 (SDNY) Indictment.**

**RE:** *Ulysses T. Ware and Group Management v. Alpha Capital AG, et al.,* **Case No. 1:25-cv-00613-MLB (N.D. Ga.):** *(Appeal from In re Group Management Corp., Case No. 03-93031-WLH (Bankr. N.D. Ga.)).*

Dear Mr. Southwell:

This memorandum initiates the mandatory meet-and-confer process required by paragraph (m) of the Standing Order governing this appellate matter before the Honorable Michael L. Brown (25cv00613, N.D. Ga., Dkt. 2). On behalf of Appellants Ulysses T. Ware and Group Management ("Appellants"), we formally outline Appellants' intention to request mandatory judicial notice under Federal Rule of Evidence (FRE) 201(c)(2) concerning specific adjudicative facts detailed below. These facts, pertaining to your knowing and willful direct involvement in predicate and overt criminal acts targeting Appellants, are derived from the official Joint Stipulated Appellate Record ("JSAR") (25cv00613 N.D. Ga. Dkt. 5-1 to 5-16; Dkt. 9), the Indictment in *United States*

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

*v. Ware*, 04cr1224 (SDNY) (provided as Appx C-2 to related filings), and stipulations referenced in DC Dkt. 19-4.

Appellants assert that the record evidence compellingly demonstrates your knowing and willful direct participation in a predatory Hobbs Act unlawful debt collection enterprise focused on the criminal usury unlawful debt instruments designated GX 1-4.[2] Furthermore, Appellants maintain that this predicate criminal conduct, including your alleged actions, was the **direct and proximate cause** for the initiation and procurement of the indictment in *United States v. Ware*, 04cr1224 (SDNY). Appellants contend this indictment (referenced in 2d Cir. Case No. 23-865) is not merely defective but is a fraudulent instrument, null and void *ab initio*, arguing that the charging instrument itself contains facial, binding judicial admissions and pleads actual innocent affirmative defenses (see Indictment, ¶¶ 1-24) establishing the underlying illegality and thereby pleading the United States out of federal court jurisdiction from the moment of filing.

## I. Binding Effect of the Certified Joint Stipulated Appellate Record (JSAR)

## I. Binding Legal Effect of the Certified Joint Stipulated Appellate Record (JSAR)

We must first underscore the dispositive and binding legal effect of the Joint Stipulated Appellate Record ("JSAR") in this proceeding. The JSAR was submitted jointly by the parties pursuant to Federal Rule of Bankruptcy Procedure 8009(d) and was formally certified by Order of the United States Bankruptcy Court for the Northern District of Georgia dated March 7, 2025 (Bankr. Dkt. 296/296A). As such, the JSAR constitutes the official and binding record governing this appeal. Established precedent dictates that stipulations and documentary evidence formally entered into by the parties and incorporated into a court-certified record constitute binding judicial admissions. *See Christian Legal Society Chapter of the University of California, Hastings College of the Law v. Martinez*, 561 U.S. 661, 676 (2010) ("Litigants, we have long recognized, '[a]re

---

[2] See ***U.S. v. Ware***, 04cr1224 (SDNY) government trial evidence referencing the predatory criminal usury unlawful debts as GX 1, GX 2, GX 3, and GX 4, and the so-called "subscription agreement" as GX 5. Cf., Ex. 23-865.

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

entitled to have [their] case tried upon the assumption that ... facts, stipulated into the record, were established.'...

This entitlement is the bookend to a party's undertaking to be bound by the factual stipulations it submits."); *Hoodho v. Holder*, 558 F.3d 184, 191-92 (2d Cir. 2009) (recognizing that the party's or their lawyer's factual assertions in pleadings and stipulations are binding judicial admissions). Consequently, the contents of the certified JSAR, including specifically the documentary evidence and testimony contained within JSAR Dkt. 5-13 at pages 54-60 (which explicitly encompasses the October 6, 2004 email exchange between yourself and Jeffrey B. Norris), *are not merely evidence but represent conclusively established facts for the purposes of this appeal*.

Appellants, therefore, assert that all Appellees, and you, **due to your knowing and willful direct and personal role acting in active concert and as an agent or privy of Appellees**, *are judicially estopped from contradicting or otherwise disputing the factual content, existence, or authenticity of the materials contained within the certified JSAR.*

## II. Specific Adjudicative Facts Warranting Mandatory Judicial Notice (FRE 201(c)(2))

Pursuant to FRE 201(b)(2), the following adjudicative facts, derived from sources whose accuracy cannot reasonably be questioned (the certified JSAR and official court filings), are subject to mandatory judicial notice upon request. FRE 201(c)(2). Appellants intend to request such notice for these facts:

1. **Fact:** The underlying predatory criminal usury unlawful debt instruments (convertible notes GX 1-4), which formed the entire basis for the civil lawsuit 02cv2219 (SDNY) and the subsequent criminal contempt prosecution *U.S. v. Ware*, 04cr1224 (SDNY), carried criminally usurious interest rates under N.Y. Penal Law § 190.40 (+2,000%), the criminal usury law, a class E felony, and therefore, constituted criminal usury null and void ab initio "unlawful debt" under RICO, 18 U.S.C. § 1961(6)(B) federal predatory loan sharking.

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

a) *Source:* 04cr1224 Indictment (Appx C-2, pp. 3, 11, annotated); JSAR Dkt. 5-13, p. 54; Stipulations referenced in Dkt. 19-4.

b) *Adjudicative Effect & Causation Link:* Establishes the *ab initio* illegality of the subject matter, GX 1-4, and GX 5. This foundational illegality means that *any* effort by you and your unindicted coconspirators (Appellees in 25cv00613) to collect or attempt to collect these predatory null and void ab initio criminal usury unlawful debts, GX 1-4, through judicial (02cv2219, 03-93031, 04cr1224), etc.) or extra-judicial means was inherently wrongful and part of a predatory loan sharking unlawful criminal enterprise. See United States v. Grote, 961 F.3d 105, 109-19 (2d Cir. 2020) (aff'd criminal conviction, sentence, and +$3.5 billion RICO forfeiture for unlawful debt collection activities.

2. **Fact:** The entities initiating the bogus and moot civil collection lawsuit 02cv2219 (SDNY) and holding the predatory unlawful notes GX 1-4 (Appellees Alpha Capital AG, Amro Int'l S.A., Markham Holdings Ltd., Stonestreet LP) were, at all relevant times, knowingly and willfully ***operating in the United States as illegal unregistered broker-dealers***.

a) *Source:* FINRA Determination, May 17, 2021 (JSAR Dkt. 5-13, p. 48); Admissions annotated on face of 04cr1224 Indictment (Appx C-2, pp. 1-2, 11).

b) *Adjudicative Effect & Causation Link:* Independently renders the predatory criminal usury debt instruments GX 1-4 void *ab initio* as to the violators' rights under 15 U.S.C. §§ 78o(a)(1) and 78cc(b). This voids any legal basis for the civil claims in 02cv2219. ***Appellants assert that the 04cr1224 Indictment facially admitted and stipulated this fatal defect (Appx C-2, ¶¶ 1-13), incorporating actual innocent affirmative defenses, binding judicial admissions and stipulations, based on §§ 78o(a)(1)/78cc(b) and 15 USC 77b(a)(11), thus, ipso facto, pleaded the government out of the federal courts [02cv2219, 03-93031, and 04cr1224].***

3. **Fact:** The civil action *Alpha Capital, AG, et al. v. Group Management Corp., et al.*, 02cv2219 (SDNY), was commenced on March 20, 2002, specifically to enforce alleged "rights" under the predatory null and void and unlawful debt instruments GX 1-4.

a) *Source:* 04cr1224 Indictment (Appx C-2, para. 8).

b) *Adjudicative Effect & Causation Link:* Documents the initiation of the flawed civil process used as a vehicle for the unlawful debt collection enterprise in violation of 18 USC § 1961(6)(B).

4. **Fact:** Various null and void ab initio, moot, ultra vires, and predatory alleged court orders (Sand, J.) were fraudulently entered in 02cv2219 (SDNY) directing Appellants to honor terms related to the void and predatory criminal usury unlawful debt instruments GX 1-4, including orders dated November 25, 2002 (GX 7), and August 13, 2003 (GX 24).

a) *Source:* 04cr1224 Indictment (Appx C-2, paras. 15, 21).

b) *Adjudicative Effect & Causation Link:* Identifies the specific, but legally baseless (due to voidness of underlying debt), orders that formed the predicate for subsequent contempt allegations.

5. **Fact:** On or about September 1, 2004, [JSAR Dkt. 5-13 pp. 57-58] a coordinated Hobbs Act violent and dangerous criminal overt and predicate act unlawful debt collection operation took place in Atlanta, GA that involved heavily armed, violent, and dangerous white persons (4) impersonating U.S. Marshals, characterized by Appellants as a violent, extra-judicial violent and dangerous Hobbs Act threats of violence, armed forced entry, and unlawful action including kidnapping, armed assault, armed batter, intentional infliction of emotion distress, unlawful arrest, search, seizure, and attempted armed robbery, to collect on the predatory criminal usury unlawful debts, GX 1-4, occurred at Appellant Ulysses T. Ware's Atlanta law office.

a) *Source:* JSAR Dkt. 5-13, pp. 54, 56-57; Stipulations referenced in Dkt. 19-4.

b) *Adjudicative Effect & Causation Link:* Establishes the occurrence of predicate Hobbs Act/RICO crimes committed in furtherance of the unlawful debt collection activities.

6. **Fact:** The explicit purpose of the September 1, 2004, predatory unlawful debt collection armed, dangerous, and violent operation in Atlanta, GA coordinated, arranged, and managed by Appellees Southwell, Norris, KTS, Zitter, Grushko, Rabinowitz, et al., was to unlawfully coerce payment or satisfaction from Appellants of the null and void ab initio, predatory criminal usury unlawful debts GX 1-4 through the wrongful use of **_armed_** force, fear, false arrest, illegal search, seizure, kidnapping, threat of murder, and seizure of property.

   a) *Source:* JSAR Dkt. 5-13, pp. 54, 57; Stipulations referenced in Dkt. 19-4.

   b) *Adjudicative Effect & Causation Link:* Defines the criminal intent (mens rea) behind the September 1, 2004, raid, linking it directly to the loan sharking RICO criminal enterprise's objective of collecting unlawful debts using firearms, and using persons impersonating U.S. Marshals.[3] Appellants argue that this violent, failed collection attempt **directly and proximately** led the enterprise members to seek alternative coercive means.

7. **Fact:** You, Alexander H. Southwell, then an AUSA, were involved in communications regarding, and allegedly participated in coordinating or directing aspects of, the September 1, 2004, enforcement actions undertaken under color of official right to facilitate the private collection of the unlawful debts GX 1-4.

   a) *Source:* Email from A. Southwell to J. Norris, Oct. 6, 2004 (JSAR Dkt. 5-13, p. 58); Stipulations referenced in Dkt. 19-4.

   b) *Adjudicative Effect & Causation Link:* Establishes your personal participation in the predicate Hobbs Act/RICO crimes. Your alleged misuse of official power to

---

[3] See JSAR Dkt. 5-13 pp. 55-56, for Sept. 12, 2024, armed, dangerous, and violent forced break-in of Appellant Ware's residence in Brooklyn, NY by three (3) persons claiming to be U.S. Marshals, lacking a lawful search warrant, lacking a lawful arrest warrant, and lacking any lawful judicial process, (i) to collect the predatory criminal usury unlawful debts, GX 1-4, and (ii) to violently intimidate Appellants to give up their rights in 02cv2219 (SDNY) and 03-93031 as the Rule 41(a)(2) final judgment prevailing parties' legal right via the contempt processes to enforce Judge Sand's Dec. 20, 2007, final judgment entered in 02cv2219 (SDNY) in favor of the Appellants., see JSAR Dkt. 5-13, pp. 46-47.

advance the collection of void private debts **directly and proximately** facilitated the criminal enterprise and formed a crucial part of the pressure campaign against Mr. Ware.

8. **Fact:** Subsequent to the September 1, 2004, operation, the District Court (Sand, J.) made a bogus, fraudulent, and racially-motivated criminal referral to the U.S. Attorney's Office (SDNY) on December 22, 2003, based on Mr. Ware's alleged failure to comply with orders enforcing the void/unlawful predatory criminal usury unlawful debts GX 1-4.

    a) *Source:* 04cr1224 Indictment (Appx C-2, para. 26).

    b) *Adjudicative Effect & Causation Link:* Documents the formal step by the Appellees and their agents (former AUSA Southwell, et al.) initiating the ultra vires, moot, void ab initio, retaliatory, and racially-motivated *U.S. v. Ware*, 04cr1224 (SDNY) criminal prosecution. Appellants contend this referral was itself void, being predicated entirely on attempts to enforce illegal debts, and was sought/procured as the *next step* in the unlawful collection conspiracy after the failure of prior civil pressure and the alleged September 1, 2004, criminal acts (in which you allegedly participated).

9. **Fact:** The resulting indictment in *U.S. v. Ware*, 04cr1224 (SDNY), filed November 17, 2004, charged criminal contempt under 18 U.S.C. § 401(3) based solely on alleged "willful" disobedience of the specific 02cv2219 court orders seeking enforcement of the void/unlawful debts GX 1-4 held by the unregistered broker-dealer plaintiffs despite the irrefutable fact that the USAO (SDNY) pleaded on the face of the 04cr1224 indictment binding judicial admissions that each of the unregistered broker-dealer plaintiffs were in fact 15 USC § 77b(a)(11) statutory underwriters of Appellant Group Management [see GX 5, ¶10.1(iv)] legally ineligible for Rule 144(k) exemption to 15 USC 77e strict-liability registration requirements, see SEC Release 33-7190 n. 17 (1995) ("Section 2(a)(11) statutory underwriter ***required to register*** [with the SEC—i.e., legally ineligible for Rule 144(k) exemption] ***all distribution*** of [Appellant Group Management's] securities."). (emphasis added).

a) *Source:* 04cr1224 Indictment (Appx C-2, Counts One, Two, Three, incorporating paras. 1-26).

b) *Adjudicative Effect & Causation Link:* Establishes that the indictment's *sole legal basis* was resistance to the collection of the established unlawful debt. Therefore, the indictment was the **direct and proximate result** and continuation of the underlying Hobbs Act/RICO unlawful debt collection conspiracy, including the predicate criminal acts of September 1, 2004, involving you (Alexander H. Southwell, et al.). Its only purpose was to punish Appellant's Ware's resistance to the illegal collection scheme, [see JSAR Dkt. 9], testimony of Kenneth A. Zitter, Esq. in 04cr1224, while lying and knowing, committing perjury with the knowledge and consent of the Government's lawyers (AUSAs Nicholas S. Goldin and Maria E. Douvas).

10. **Fact:** The 04cr1224 Indictment (paras. 1-24) incorporated factual allegations that Appellants contend constitute binding judicial admissions and actual innocent affirmative defenses regarding the status of the Civil Plaintiffs (as unregistered broker-dealers/statutory underwriters) and the nature of the underlying transactions (involving void, unlawful debt instruments GX 1-4, GX 5), rendering the indictment ***jurisdictionally defective*** and void *ab initio* on its face. See 18 USC § 3231.

a) *Source:* 04cr1224 Indictment (Appx C-2, ¶¶ 1-24 as annotated by Appellants re: admissions/defenses based on §§ 78o(a)(1), 78cc(b), 77b(a)(11), NY Penal Law 190.40, 18 USC 1961(6)(B)).

b) *Adjudicative Effect & Causation Link:* This fact demonstrates the conclusive and fatal deficiency of the indictment itself, which Appellants argue is the direct product of the predicate Hobbs Act predatory loan sharking and money laundering criminal enterprise. The indictment's self-defeating nature confirms it was not a legitimate exercise of prosecutorial power but rather a flawed instrument procured in furtherance of the underlying unlawful debt collection, proximately caused by the

need to overcome Mr. Ware's resistance after prior criminal collection efforts (including the Sept 1 raid) failed.

### III. Meet and Confer Proposal

Under the Court's Standing Order (Brown, J.), Mr. Southwell, we require your sworn, written response today not later than 5:00 PM EST emailed to: utware007@gmail.com, regarding these ten enumerated adjudicative facts. Appellants will seek mandatory judicial notice based on their clear foundation in the certified JSAR and related official records.

**Mr. Southwell, you must inform Appellants in writing by close of business, 5:00 PM EST on April 16, 2025,** whether you concede that these facts are "adjudicative facts... not subject to reasonable dispute" under FRE 201(b)(2). If you dispute any specific fact's eligibility for judicial notice, you or your legal counsel must provide a Rule 11(b)(1-4), and 28 USC § 1927 sworn, detailed, good-faith legal and factual basis for *each* objection, specifically addressing why that fact, ***as documented in the certified JSAR or official court records***, remains reasonably disputable. General denials will be insufficient.

Failure to provide a timely and substantiated objection will result in Appellants representing to the Court that, ***after conferring, no legally sufficient basis for opposing judicial notice of these facts was provided***.

We await your substantive written response.

Very truly yours,

/s/ Ulysses T. Ware

*Ulysses T. Ware*

**Attorney in fact for Appellants Ulysses T. Ware and Group Management**

cc: All Appellees and Counsel of Record (via email)

April 16, 2025, 10:53:04 AM

Brooklyn, NY

Attachments:

*U.S. v. Ware*, 04cr1224 (SDNY) indictment (Appx. 23-865)
JSAR Dkt. 5-13 pp. 43-60

.

**End of Memorandum**

.

(18-6.1) (Part 18-6.1/17-20C) re Alexander H. Southwell's stipulated 18 USC §§ 1951(a), 1961(6)(B), and
1962(a-d) racketeering Hobbs Act predatory unlawful debt collection activities.

We thank the Court for its careful consideration of this exceptionally serious matter.

Respectfully submitted,

/s/ Ulysses T. Ware

**Attorney in fact for Appellants Ulysses T. Ware and Group Management**

cc: All Counsel of Record and Appellees (served via email) on April 17, 2025.

# End of document