25cv00613 Appx C-1

RECEIVED IN CHAMBERS
U.S.D.C. - Atlanta

APR 2 1 2025

KEVIN P. WEIMER, Clerk
By: J. Kelley, Deputy Clerk

# Case No. 23-865 CF(01)
## In the United States Court of Appeals
## For the Second Circuit
## Filed on Tuesday, June 13, 2023

*Ulysses T. Ware (Appellant) v. United States, et al. (Appellee).*

On appeal from *Ware v. USA, et al.*, 22cv10566 (SDNY), *U.S. v. Ware*, 04cr1224 (SDNY), and *Alpha Capital, AG, et al., v. IVG Corp., a/k/a Group Management Corp., et al.*, 02cv2219 (SDNY).[1]

**Appx 26—The U.S. v. Ware, 04cr1224 (SDNY) Indictment (annotated).**

Appellant Ulysses T. Ware's L.R. 27-1 Substantive Motion re: To stay this moot appeal and remand to the District Courts (SDNY) for *mandatory dispositive* Article III threshold jurisdictional determinations[2]—the District Courts, *U.S. v. Ware*, 22cv10566 (SDNY), 04cr1224 (SDNY) (Ramos, J.), and 02cv2219 (SDNY) lacked 28 USC 1332(a), Article III, and 18 USC 3231 jurisdiction over the subject matter—that is, the RICO criminal usury, unlawful debt contracts, GX 1-4 (the "**Criminal Usury Convertible Promissory Notes**") and GX 5 (the "**Criminal Usury Underwriting Contract**", jointly, (the "**Moot RICO Criminal Usury Subject Matter**" or "**Illegal RICO Contracts**") <u>which rendered the sub judice proceedings from which the record comes to this Court on appeal null and void ab initio and moot</u>.[3]

---

[1] The Alpha 02cv2219 (SDNY) lawsuit was ex parte, **_voluntarily dismissed with prejudice_** by the plaintiffs' lawyer government witness Kenneth A. Zitter, Esq. on Dec. 20, 2007, Dkt. 90, pursuant to Fed. R. Civ. P. Rule 41(a)(2), which **_annulled_**, vitiated, and voided all prior orders [GX 7, GX 11, GX 24, and GX 34], judgments, and proceedings as "if the [02cv2219] lawsuit had never been filed," terminated the court's jurisdiction over the subject matter [GX 1-4, GX 5], **_and rendered the proceedings moot_**. *United States v. L-3 Comm'cs EO Tech Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (collecting cases).

[2] See *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-95 (1998) **_this Court is not permitted to reach any determination on the merits of any matter_**, i.e., (i) Dkt 7 (Leave to file order), (ii) 2255 certificate of appealability, or (iii) to conduct review of the issues in this No. 23-865 appeal until the district courts' jurisdictions are "affirmatively confirmed" by the plaintiff (the Appellee in the Criminal Proceedings; and the Alpha group in 02cv2219 (SDNY) lawsuit).

[3] See the March 15, 2022, decision in *Adar Bays, LLC v. GeneSYS ID, Inc.,* 28 F.4d 379 (2d Cir. 2022) (convertible promissory notes which implicitly or actually charge more than 2x the NYS authorized interest rate constitute *criminal usury unlawful debts* and violated NYS Penal Law, section 190.40, the criminal

The 04cr1224 indictment is null and void ab initio for the reasons set forth in the comments to follow--on Nov. 17, 2004, ==David N. Kelley, the U.S. Attorney (SDNY) pursuant to Art. II pleaded the United States out of the federal courts== <u>by pleading actual innocent, exculpatory affirmative defenses on the face of the indictment</u>. The 02cv2219, 04cr1224, 09-0851 (2d Cir.); 22cv10566, and 23-865 proceedings are moot.

1. On Nov. 17, 2004, U.S. Attorney (SDNY) David N. Kelley pleaded the USA out of the federal courts by pleading the binding, Article II, actual innocent, *affirmative defenses* on the face of the indictment which confessed that each plaintiff was, in fact, a 15 USC 77b(a)(11) *statutory underwriter* of IVG Corp's NYS Penal Law, section 190.40 criminal usury convertible promissory notes, GX 1-4, issued and sold pursuant to GX 5, para. 10.1(iv).

2. Kelley pleaded Art. II *actual innocent affirmative defenses* on the face of the indictment in paragraphs 1-13, and judicially admitted to Hobbs Act RICO extortion, robbery, and 18 USC 1961(6)(B) unlawful debt collection activities by the plaintiffs and the District Court (SDNY), Sand, J.'s illegal and criminal actions, and unlawful, void ab initio referral to the USAO on Dec. 22, 2003, to continue the RICO unlawful debt collection activities--Hobbs Act robbery, extortion, kidnapping, unlawful incarceration, theft of property, obstruction of justice, securities fraud, money laundering, perjury, bribery, and RICO 1962(a-d) criminal enterprise activities.

---

usury law, a class E felony; and the [GX 1-4, and GX 5] convertible promissory notes are null and void ab initio, unenforceable, and constituted 18 USC 1961(6)(B) RICO unlawful debts. "GX" refers to the government's trial evidence entered in *U.S. v. Ware*, 04cr1224 (SDNY), ("**1224**"); also see the 02cv2219 (SDNY) plaintiffs' Dec. 20, 2007, Dkt. 90, *voluntary* Rule 41(a)(2) final order that *dismissed with prejudice* the 02cv2219 (SDNY) lawsuit. Ex. 1, infra.

3. The 04cr1224 indictment was null and void ab initio on Nov. 17, 2004--that is, as a matter of law and fact the indictment failed to charge an 18 USC 401(3) criminal contempt offense with respect to the RICO criminal usury unlawful debts, GX 1-4, which violated NYS Penal Law, section 190.40, a class E felony, and also violated 18 USC 1961(6)(B), the RICO collection of an unlawful debt, GX 1-4; and violated the Hobbs Act statute by the Sept. 1, 2004, Atlanta, GA robbery and forced break-in of Ulysses T. Ware, Esq.'s law firm by Thomas W. Thrash, Jr., the U.S. Marshals (NDGA), Kenneth A. Zitter, Leonard B. Sand, the SEC, David N. Kelley, Alexander H. Southwell, and others known and unknown, an illegal association-in-fact as defined by 18 USC 1961(4). See Exhibit 1, infra.

Submitted by:
/s/ Ulysses T. Ware, Appellant (pro se).
The Office of Ulysses T. Ware
123 Linden Blvd.
Ste. 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

The Sept. 1, 2004, USAO (SDNY), et al. RICO Hobbs Act Atlanta, GA robbery and extortion of Ulysses T. Ware's law firm by the USAO, the SEC, Kenneth A. Zitter, Esq., David N. Kelley, Alexander H. Southwell, Leonard B. Sand, and others to conduct 18 USC 1961(6)(B) RICO unlawful debt, GX 1-4, collection activities and to fraudulently kidnap Ulysses T. Ware, Esq. as ransom ($250,000 bail) imposed by District Judge Thomas W. Thrash, Jr. as an overt act in furtherance of the Hobbs Act, RICO unlawful debt collection conspiracy, cf., 2003 *In re Group Management Corp.*, Chapter 11 proceedings, Dkt. 28, Dkt. 256, Dkt. 274, and Dkt. 275 (**Hagenau, C.J.**), Hobbs Act, RICO 18 USC 1961(6)(B) overt acts to protect 15 USC 78p(b) insider trading profits (+$100 million) derived from the June 2003 unregistered sale of Group Management Corp. equity securities. Profits Hagenau, Kilpatrick, Townsend, & Stockton, LLP, its clients, and their agents are required to disgorge back to Group Management.

Exhibit 1—Sept. 1, 2004, RICO Hobbs Act robbery and kidnapping of Ulysses T. Ware, Esq.

| 75. | 9/1/04 Age: 44 | Contempt of Court | Atlanta, Georgia | 10/15/04: Dismissed pursuant to order of Judge Leonard B. Sand |



76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. This arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced



## Sept. 1, 2004 kidnapping
WARE, ULYSSES THOMAS                         P47014 - C. Tyler

15

common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable reason to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.

78. On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 set on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the corporate surety bond was discharged.

