RECEIVED IN CHAMBERS
U.S.D.C. - Atlanta

APR 2 8 2025

KEVIN P. WEIMER, Clerk
By: Keeley Deputy Clerk

# (18-6.2) (Part 18-6.2/17-20D)

## Filed with Chambers on Monday, April 21, 2025, at 9:56:23 PM

# Case No. 1:25-cv-00613-MLB

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Part 18-6.2

---

### ULYSSES T. WARE and GROUP MANAGEMENT, (Debtor),
### Appellants,

### v.

### ALPHA CAPITAL, AG, et al., *Predatory Unregistered Brokers-Dealers*,
### Appellees.

---

### Appeal from the United States Bankruptcy Court
### for the Northern District of Georgia, Case No. 03-93031-WLH)

---

[Docket Text] Appellants' Request for Mandatory FRE 201(c)(2) Judicial Notice, and Appellants' Priority Attempt to "Meet and Confer" Pursuant to 25cv00613 (N.D. Ga.) Dkt. 2, Standing Order ¶ (m) (Brown, J.) Regarding Request for Mandatory Judicial Notice (FRE 201(c)(2)) of Specific Adjudicative Facts Evidencing former AUSA Alexander H. Southwell's and Former SEC Lawyer, Jeffrey B. Norris' (now known as J. Blair Norris) Stipulated Predicate and Overt Act Hobbs Act Crimes with Respect to Predatory Criminal Usury Unlawful Debts, GX 1-4, and GX 5, and Their Direct Causation to the Void Ab Initio *In re Group Management Corp.*, 03-93031 (BC NDGA) Chapter 11 and (ii) *U.S. v. Ware*, 04cr1224 (SDNY) Indictment.

We thank the Court for its attention and respectfully request confirmation of docketing. Please advise if any further action is required by Appellants to facilitate formal entry on the docket.

Respectfully submitted,

*Ulysses D. Ware*

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

/s/ **Ulysses T. Ware**
Ulysses T. Ware
Attorney-in-fact for the Appellants

**cc:**
Clerk of Court (via U.S. mail)
Chambers of Hon. Judge Brown (via email)
Office of the U.S. Trustee, Region 21, Mary Ida Townson and R. Jeneane Treace (via email)
McDermott, Will, & Emory, LLP managing partners (via email)

### Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing memorandum and the attached Declaration (18-6.2) (Part 18-6.2) constitute a judicial pleading submitted to the Office of the District Clerk's possession for filing and docketing in Case No. 1:25-cv-00613-MLB, on this 21th day of April, 2025; and all Appellees, and their legal counsels of record have been served on April 21, 2025, with a copy of the foregoing (18-6.2) (Part 18-6.2).

/s/ Ulysses T. Ware

**Ulysses T. Ware, attorney in fact for the Appellants**

Filed on Monday, April 21, 2025, 9:56:23 PM

/s/ Ulysses T. Ware


Appellants incorporate by reference and have made the same a part here of, 25cv00613 (NDGA) Dkt. 23, Dkt. 24, Dkt. 25, and Dkt. 28-0, in support of this FRE 201(c)(2) judicial notice request.

/s/ Ulysses T. Ware

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

# Table of Contents

SECTION A. OPENING STATEMENT .................................................................................................... 5

I. DECLARATION OF APPELLANT ULYSSES T. WARE REGARDING NON-RESPONSE OF APPELLEE ALEXANDER H. SOUTHWELL AND J. BLAIR NORRIS TO MANDATORY MEET-AND-CONFER COMMUNICATION (MEMORANDUM 18-6.2, Appx A - D, infra).......... 9

II. MEMORANDUM 18-6.2 IN SUPPORT OF REQUEST FOR MANDATORY FRE 201(c)(2) JUDICIAL NOTICE. ............................................................................................................................ 14

III. THE THREE (3) SUPPRESSED, CONCEALED, AND REMOVED IN CRIMINAL VIOLATION of 18 USC §§ 2, 371, 401(2), 401(3), 1503, 1512, 1519, and 2071(a), (b), SEC AND USAO (SDNY) 2004 ILLEGAL COORDINATION E-MAILS (source: 12cv4397 (NDGA) (TWT), Doc. 1-5, 12/19/2012). .......................................................................................................................... 16

IV. ADJUDICATIVE FACTS NOT SUBJECT TO REASONABLE DISPUTE. ................................. 16

V. WHY MANDATORY NOTICE IS REQUIRED AND THE ADJUDICATIVE SIGNIFICANCE. ......................................................................................................................................... 18

V. REQUESTED RELIEF ................................................................................................................. 20

    Declaration of Ulysses T. Ware....................................................................................................... 21

    Appendix A—Suppressed, concealed, hidden, and removed in violation of 18 USC §§ 2, 371, 401(3), 1503, 1512, 1519, and 2071(a), (b) the Aug. 16, 2004, email of former SEC lawyer Jeffrey B. Norris (civil) to former AUSA (SDNY) (criminal) Alexander H. Southwell regarding the null and void ab initio predatory unlawful debt collection lawsuit, 02cv2219 (SDNY). ........................ 23

        E-mail 1:................................................................................................................................................... 23

    Appendix B—Suppressed, concealed, hidden, and removed in violation of 18 USC §§ 2, 371, 401(3), 1503, 1512, 1519, and 2071(a), (b) the Aug. 18, 2004, email of former AUSA (SDNY) (criminal) Alexander H. Southwell to former SEC lawyer (civil) Jeffrey B. Norris regarding the fabricated null and void ab initio predatory unlawful debt collection lawsuit, 02cv2219 (SDNY). ................................................................................................................................................................ 24

        E-mail 2:................................................................................................................................................... 24

    Appendix C—Suppressed, concealed, hidden, and removed in violation of 18 USC §§ 2, 371, 401(3), 1503, 1512, 1519, and 2071(a), (b) the Aug. 30, 2004, email of former SEC lawyer Jeffrey B. Norris (civil) to former AUSA (SDNY) (criminal) Alexander H. Southwell regarding the null and void ab initio predatory unlawful debt collection lawsuit, 02cv2219 (SDNY). ........................ 25

        E-mail 3:................................................................................................................................................... 25

    Appendix D—Suppressed, and concealed actual innocent Brady exculpatory and impeachment evidence of the coordinated Sept. 1, 2004, armed, dangerous Hobbs Act break-in of Appellant Ware's Atlanta, GA law office to conduct criminal usury unlawful debt collection operations coordinated by Norris, the SEC, the USAO (SDNY), Southwell, KTS, Zitter, Rabinowitz, et al. to collect GX 1-4, the criminal usury debts. ........................................................................................ 27

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**E-mail 4: D-1—Norris' Aug. 17, 2004, email suggesting "Sept 1,[2004]"—the day the heavily armed white men impersonating U.S. Marshals, in prearranged and coordinated fashion, raided Appellant Ware's Atlanta, GA law office in an attempted armed robbery to collect GX 1-4, the null and void ab initio criminal usury unlawful debts associated with 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), 25cv00613 (NDGA), and In re Ware (2008) Supreme Court of GA (disbarment proceedings)..........................................28**

**E-mail 5: D-2 [JSAR Dkt. 5-13 pp. 54-58] Sept. 1, 2004, Atlanta, GA Hobbs Act armed unlawful debt collection raid; and Sept. 12, 2024, Brooklyn, NY armed Hobbs Act unlawful debt collection raid coordinated by Kilpatrick, Townsend, & Stockton, LLP, Rabinowitz, Zitter, Sica, Dolinger, JAMS, McMahon, Tailwind Management LLP, Bertisch, Hagenau, et al. ..........................................................................................................................................29**

**E-mail 6: D-3 [Armed Sept. 12, 2024, Brooklyn, NY raid] to collect criminal usury unlawful debt in violation of NYS Penal Law, section 190.40, the criminal usury law, a class E felony. .30**

**E-mail 7: D-4 [Armed Sept. 12, 2024, Brooklyn, NY raid] to collect criminal usury, unlawful debts, GX 1-4 coordinated by Dolinger, McMahon, JAMS, KTS, et al. .....................................31**

**E-mail 8: D-5 [Armed Sept. 1, 2004, Atlanta, GA raid] cf., Norris' Aug. 17, 2004, suggestion for Sept. 1, 2004 deposition of SEC lawyer Webster [E-mail 4, supra]...............................................32**

**E-mail 9: D-6 [Armed Sept. 1, 2004, Atlanta, GA raid] cf., Norris' Aug. 17, 2004, suggestion for Sept. 1, 2004 deposition of SEC lawyer Webster [E-mail 4, supra]. Confirmed by former AUSA Southwell to have been an "improper" unlawful armed arrest, illegal search, illegal entry, illegal attempted armed robbery, and kidnapping to collect criminal usury unlawful debts, GX 1-4. ....................................................................................................................................................33**

**Proposed Order**...................................................................................................................................34

**CERTIFICATE OF SERVICE**..............................................................................................................36

End of document.....................................................................................................................................37

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

# SECTION A. OPENING STATEMENT

*(F.R.E. 201(c)(2) Mandatory Judicial-Notice Request "18-6.2")*

Appellants Ulysses T. Ware and Group Management (collectively, "Appellants") respectfully invoke Rule 201(c)(2) of the Federal Rules of Evidence and the Court's Standing Order ¶ (m) to require this Court to take judicial notice of six adjudicative facts that are:

(i) drawn verbatim from Appendices A-D, infra, and from the parties' Joint Stipulated Appellate Record ("JSAR") and other incontestable public records, and

(ii) have been squarely presented to, yet wholly unrefuted by, Appellee-Alexander H. Southwell ("Southwell") and his acknowledged agent/privy, former SEC enforcement attorney J. Blair Norris ("Norris"). Under Rule 201(b)(2), these facts are "not subject to reasonable dispute" because (i) they are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and (ii) have not been denied, refuted, or opposed by Appellee Southwell, or his privy, proxy, surrogates, and alter-ego, J. Blair Norris, a/k/a disgraced former SEC lawyer Jeffrey B. Norris, by the 2:00 PM EST deadline on Monday, April 21, 2025.

Once a party requests notice and supplies those sources, judicial notice is *mandatory*; the Court "must" take notice. Fed. R. Evid. 201(c)(2); *Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 676 (2010) (stipulated record facts conclusively bind the parties); *Hoodho v. Holder*, 558 F.3d 184, 191-92 (2d Cir. 2009).

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

a. The six facts, and all reasonable inferences, derive from three contemporaneous 2004 government e-mails exchanged between Southwell (then an SDNY AUSA) and Norris (then an SEC lawyer) that were *suppressed, concealed, and physically removed* from the U.S. Attorney's and SEC litigation files in criminal violation of 18 U.S.C. §§ 2, 371, 401(2), 401(3), 1503, 1512, 1519, and 2071 (a), (b). Those e-mails—reproduced in full at Appendices A-C, infra, and lodged in the certified JSAR (Dkt. 5-13, pp. 43-60)—irrefutably establish that Southwell and Norris knowingly coordinated the misuse of *void ab initio* 02-cv-2219 (SDNY) civil orders to fabricate venue and probable cause for:

1. A Rule 11 sanctions motion in *SEC v. Ware*, 03-cv-0831 (D. Nev.);

2. the retaliation-driven, racially-motivated unlawful debt collection criminal contempt indictment in *United States v. Ware*, 04-cr-1224 (SDNY), and

3. the retaliatory unlawful debt collection conspiracy indictment in *United States v. Ware*, 05cr1115 (SDNY).

Because those civil orders entered in 02cv2219 (SDNY) in the reckless and clear absence of all subject matter jurisdiction—the clear lack of Article III standing for unregistered broker-dealers (the 02cv2219 plaintiffs), rested entirely on predatory, criminal-usury notes GX 1-4 and GX 5—debts that are *null and void ab initio* under N.Y. Penal Law § 190.40, a class E felony, and 18 U.S.C. § 1961(6)(B)—Southwell and Norris' coordination constitutes classic predatory Hobbs Act extortion and RICO "collection of unlawful debt" predicate conduct. See

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

*United States v. Grote*, 961 F.3d 105, 109-19 (2d Cir. 2020)    (affirming    Hobbs    Act/RICO convictions predicated on unlawful-debt collection).

Pursuant to the Court's Standing Order, Dkt. 2, ¶ (m), Appellants served Southwell and Norris on 20, 21 April 2025 with a detailed, meet-and-confer memorandum (Mem. 18-6.2) demanding a sworn Rule 11-compliant response by 21 April 2025, 2:00 p.m. EDT. ***They produced no response, objection, or caveat of any kind***. By their silence they concede:

- (i) the authenticity of the e-mails and JSAR excerpts;
- (ii) the accuracy of the six enumerated facts; and
- (iii) that those facts are "not subject to reasonable dispute."

Silence in the face of such a demand—particularly by seasoned attorneys directly implicated in criminal wrongdoing—constitutes a binding admission by acquiescence, a waiver of objection under Rule 201(c)(2), and an independent badge of bad faith warranting adverse inferences. See Fed. R. Evid. 801(d)(2).

Appellants' FRE 201(c)(2) requested judicial notice is **dispositive** for two reasons:

1. **Jurisdictional Collapse.** Once the Court judicially notices that Southwell and Norris knowingly relied on *void* civil orders entered in the *__voluntarily__* Rule 41(a)(2) annulled and vitiated 02cv2219 (SDNY) proceedings to coerce payment of *criminal-usury* debts, every downstream proceeding predicated on those orders—including the Atlanta Chapter 11

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

dismissal, the 03-081 (D. NV) Nevada sanctions motion, the 04-cr-1224 and 05cr1115 indictments—are void for want of Article III and subject-matter jurisdiction (*Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-95 (1998)).

2. **Predicate-Act Admissions.** Judicial notice conclusively establishes *Southwell's and Norris' personal commission* of overt Hobbs Act and RICO predicate acts under color of official right, thereby satisfying the "pattern" and "enterprise" elements of 18 U.S.C. §§ 1962(c) & (d) and entitling Appellants to the statutory treble-damage remedy, 18 U.S.C. § 1964(c).

In short, the Court's obligation under Rule 201(c)(2) is ministerial; the legal consequences are inexorable. The six adjudicative facts are undisputed, incontrovertible, and outcome-determinative. Judicial notice must therefore be taken *forthwith*, *and the appeal resolved on the basis that every order, judgment, and criminal charge flowing from the corrupted 02-cv-2219 civil action is void ab initio*.

Appellants accordingly request that the Court (1) take mandatory notice of the six facts set out in Section IV, *infra*; (2) reflect that ruling on the docket; and (3) award such further relief—sanctions, estoppel, or evidentiary presumptions—as justice requires.

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

# I. DECLARATION OF APPELLANT ULYSSES T. WARE REGARDING NON-RESPONSE OF APPELLEE ALEXANDER H. SOUTHWELL AND J. BLAIR NORRIS[1] TO MANDATORY MEET-AND-CONFER COMMUNICATION (MEMORANDUM 18-6.2, Appx A - D, infra).

I, Ulysses T. Ware, this 21st day of April 2025, in Brooklyn, NY, declare under oath and pursuant to the penalty of perjury, 28 U.S.C. § 1746, having personal knowledge of the facts, declare and state that the following is true and correct:

1.       Appellants Ulysses T. Ware and Group Management ("Appellants"), by their undersigned attorney-in-fact, respectfully request that this Honorable Court take mandatory judicial notice, pursuant to Federal Rule of Evidence (FRE) 201(c)(2), of specific adjudicative facts established by the three (3) suppressed, concealed, removed, and hidden actual innocent Brady exculpatory and impeachment evidence contemporaneous government e-mail communications dated (i) August 16, 2004, Appx. A; (ii) August 18, 2004, Appx. B; and (iii) Appx. C,  August 30, 2004, infra, (the **"2004 SEC-USAO Commingled and Illegal Coordination E-mails"**). These illegal coordinated communications are contained within the 12cv4397 (NDGA) (TWT) litigation, Doc. 1-5 (12/19/2012), and incorporated by reference into the Joint Stipulated Appellate Record

---

[1] **Disgraced former SEC lawyer Jeffrey B. Norris** is currently using the name "J. Blair Norris" (see Certificate of Service infra) to hide and conceal his past crimes and misconduct covered up by the SEC and the USAO (SDNY) regarding 03-0831 (D. NV), 02cv2219 9SDNY), 03-93031 (BC NDGA), *U.S. v. Ware*, 04cr1224 (SDNY), and *U.S. v. Ware*, 05cr1115 (SDNY).

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

("JSAR") filed in the related appeal *Ware v. Alpha Capital AG*, No. 1:25-cv-00613-MLB (N.D. Ga.) at Dkt. 5-13, pp. 43-60.

    2.      These e-mails incontrovertibly demonstrate that former Assistant United States Attorney (AUSA) Alexander H. Southwell (then SDNY) and disgraced former Securities and Exchange Commission (SEC) Enforcement Attorney Jeffrey B. Norris[2] knowingly agreed, confederated, conspired, racketeered, lied, committed perjury, committed prosecutorial misconduct, coordinated the criminal obstruction of justice, and flagrantly misused the null and void *ab initio and moot purported* orders entered in *Alpha Capital AG, et al. v. Group Management Corp., et al.*, 02-cv-2219 (SDNY) ("02-2219 Action") as predicate instruments to: (i) improperly pursue pretextual, coordinated, bogus, vexatious, and filed for an improper purpose sanctions against Appellant Ware in related retaliatory unlawful debt collection federal litigation in Nevada (*SEC v. Ware, et al.*, 03-cv-0831 (D. Nev.)), thereby fabricating a basis for venue and jurisdiction in that forum; and (ii) subsequently leverage those improperly manufactured, fake, and fabricated extra-

---

[2] Norris was summarily fired and permanently terminated in 2009 by the SEC for persistent mental-illness related professional misconduct committed in 2007, 2008, and 2009 (see *Norris v. SEC*, 675 F.3d 1349 (Fed. Cir. 2012)—which was concealed and suppressed by the SEC and the USAO (SDNY) during the *U.S. v. Ware*, 04cr1224 (SDNY) 2007 trial where Norris was the Government's purported "404(b) bad acts" witness, despite Norris' own professional 'bad acts'--actual innocent Giglio impeachment evidence which was knowingly and willfully concealed and suppressed by the SEC, Norris, and the USAO (SDNY) line prosecutors, AUSAs Nicholas S. Goldin and Maria E. Douvas, in willful and intentionally violation of the 04cr1224 (SDNY) Aug. 10, 2007, Dkt. 32 Brady court order [see 25cv00613 (NDGA) JSAR Dkt 5-13, pp 49-51]—that is, irrefutable 18 USC §§ 2, 371, 401(2), 401(3) criminal contempt of the Brady discovery order [JSAR Id.].

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

judicial proceedings as the sole pretext for initiating the moot and void ab initio, ultra vires fake criminal indictment in *United States v. Ware*, 05-cr-1115 (SDNY).

    3.        Appellants contend these coordinated, illegal, and criminal prosecutorial unlawful debt collection (18 USC § 1961(6)(B)) misconduct actions committed by Appellee Southwell and his agent, privy, proxy, surrogate, alter-ego, and in active concert therewith, former SEC lawyer Norris, et al., constituted overt and predicate acts of Jim Crow racially-motivated retaliatory predatory Hobbs Act unlawful criminal usury debt collection activities, 18 USC §§ 2, 371, 1503, 1512, 1519, 1951(a), 1961(6)(B), 1962(a-d), and 2071 (a), (b), (the "Racketeering Acts"), executed under color of official right in furtherance of the underlying Hobbs Act predatory unlawful debt collection enterprise targeting Appellants concerning the criminally usurious debt instruments GX 1-4 and GX 5.[3]

---

[3] Southwell's and Norris's August 2004 e-mails (Appx. A–D, infra) lay bare a malicious and criminally calculated, color-of-law scheme that is criminal at every level. By deliberately suppressing Brady exculpatory and impeachment materials while fabricating a "contempt hook" from the void 02-cv-2219 orders, the two officials weaponized federal power to advance a private, racially-motivated criminal-usury collection racket. This was not mere procedural error; it was an integrated series of overt acts—mail fraud, obstruction, falsification of records, and extortion—executed in active concert to strip the Appellants of their constitutional protections and coerce payment of predatory criminal usury unlawful debts, GX 1-4, expressly condemned by 18 U.S.C. § 1961(6)(B). Their conduct satisfies every element of a Hobbs-Act predicate: wrongful use of threatened force (armed raids), effect on interstate commerce (Nevada venue laundering), and quid pro quo benefit (civil judgments and sanctions inflating the unlawful notes). In short, the e-mails constitute incontrovertible admissions of racketeering conspiracy under §§ 1951, 1962, and 2071—a modern Jim-Crow debt-peonage operation cloaked in federal badges of official public authority.

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

4. As detailed in the attached Declaration of Ulysses T. Ware, both Appellee Southwell and Mr. Norris were formally served with a "meet-and-confer" request and memorandum outlining these facts on Sunday, April 20, 2025, via email; and demanding a sworn response pursuant to applicable local rules/standing orders not later than 2:00 PM EST on Monday, April 21, 2025, time is of the essence, but they both failed to provide any response or objection in compliance with Rule 11(b)(1-4) or 28 USC § 1927 by the specified deadline on **April 21, 2025, 2:00 PM EST**. Therefore, pursuant to FRE 201(b)(2) and 201(c)(2), and the meet-and-confer requirements, judicial notice of the facts established by these e-mails is now mandatory.

5. Appellants assert that Mr. Southwell's and Norris' knowing and willful failure to respond to the direct, specific, and serious allegations contained in Memorandum 18-6.2, especially given their status as experienced attorneys directly implicated in stipulated predicate criminal acts documented in a binding judicial record, constitutes the following:

a. A **waiver** of any objection they might have had to Appellants' request for mandatory FRE 201(c)(2) judicial notice of the six (6) enumerated facts, pursuant to the explicit terms set forth in Memorandum 18-6.2

b. A **concession** that the six enumerated facts, derived directly from the certified JSAR and official court records, are indeed adjudicative facts "not subject to reasonable dispute" under FRE 201(b)(2).

c. An **admission by silence and acquiescence** regarding their ***personal involvement*** in the predicate Hobbs Act crimes and the causal connection between those crimes and the

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

procurement of the allegedly void ab initio and moot 04cr1224 and 05cr1115 (SDNY) indictments. Given the gravity of the facts presented and the direct demand for a sworn response under Rule 11 and 28 U.S.C. § 1927 standards, his silence in the face of these documented allegations is profoundly probative.

d. **Corroboration** of Appellants' central arguments regarding their joint and several (Appellee Southwell's and his agent and privy Norris') financial ($5.2225 billion), criminal exposure, liability, and culpability for knowingly and willfully participating in the predatory unlawful debt collection enterprise targeting Appellants and for his role in the chain of events leading to the indisputable fraudulent and void 04cr1224 and 05cr1115 indictments.

I, Appellant, Ulysses T. Ware, declare under penalty of perjury, having personal knowledge of the facts, under the laws of the United States of America pursuant to 28 USC §1746 that the foregoing is true and correct.

Executed on April 21, 2025, in Brooklyn, New York, at 9:56:23 PM EST.

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in Fact for Appellants
Ulysses T. Ware and Group Management

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

## II. MEMORANDUM 18-6.2 IN SUPPORT OF REQUEST FOR MANDATORY FRE 201(c)(2) JUDICIAL NOTICE.

### I. GOVERNING LAW: MANDATORY JUDICIAL NOTICE UNDER FRE 201

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts. A court *may*

take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned." FRE

201(b)(2). Critically, however, judicial notice becomes *mandatory* under FRE 201(c)(2) if "a party

[Appellants herein] requests it and the court is supplied with the necessary information [the JSAR

and Ex. A, Ex. B, and Ex C, infra]."[4]

Stipulations formally entered into by parties and incorporated into an official court record,

particularly a Joint Stipulated Appellate Record [JSAR] certified by a lower court on March 7,

---

[4] FRE 201 **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
**(1)** is generally known within the trial court's territorial jurisdiction; or
**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
**(c) Taking Notice.** The court:
**(1)** may take judicial notice on its own; or
**(2) must take judicial notice *if a party requests it* and the court is supplied with the necessary information. [See Ex. A, Ex. B, and Ex. C, infra].**
**(d) Timing.** The court may take judicial notice at any stage of the proceeding.
**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.
**(f) Instructing the Jury.** In a civil case, the court must instruct the jury to accept the noticed fact as conclusive. In a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive.

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

2025, BC Dkt. 296/296A, pursuant to Fed. R. Bankr. P. 8009(d), constitute quintessential sources "***whose accuracy cannot reasonably be questioned***." (emphasis added). Such stipulations and the documents contained therein are binding judicial admissions. *See Christian Legal Society Chapter of the University of California, Hastings College of the Law v. Martinez*, 561 U.S. 661, 676 (2010) ("Litigants... [a]re entitled to have [their] case tried upon the assumption that ... facts, stipulated into the record, were established.... [A] party [is] bound by the factual stipulations it submits."); *Hoodho v. Holder*, 558 F.3d 184, 191-92 (2d Cir. 2009) (factual assertions in pleadings and stipulations are binding judicial admissions).

The 2004 Coordination E-mails, official DOJ and SEC emails of Southwell and Norris, "whose accuracy cannot be reasonably questioned," are contained verbatim within Appx. A, Appx.. B, and Appx., C-D, infra, incorporated by reference therein the JSAR. Appellants have requested judicial notice and supplied the District Court with the necessary information (this filing's Appx. A, Appx. B, and Appx. C-D, infra, and the referenced JSAR pages). Furthermore, as detailed in the attached Declaration, Mr. Southwell and Mr. Norris failed to object after being served with a formal meet-and-confer demand pursuant to Court Order, Dkt. 2, ¶ (m), thus waiving objection and conceding the indisputability of the facts derived from these e-mails. Accordingly, judicial notice under FRE 201(c)(2) is mandatory.

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

## III. THE THREE (3) SUPPRESSED, CONCEALED, AND REMOVED IN CRIMINAL VIOLATION of 18 USC §§ 2, 371, 401(2), 401(3), 1503, 1512, 1519, and 2071(a), (b), SEC AND USAO (SDNY) 2004 ILLEGAL COORDINATION E-MAILS (source: 12cv4397 (NDGA) (TWT), Doc. 1-5, 12/19/2012).

The following are the verbatim email communications between SEC Attorney Jeffrey B. Norris and AUSA Alexander H. Southwell contained within Appx. A-D, infra, and incorporated by reference in the certified JSAR:

The full text of these emails, including headers and context, is reproduced in Appendices A-D, infra, hereto.

## IV. ADJUDICATIVE FACTS NOT SUBJECT TO REASONABLE DISPUTE.

Based directly on the text of the 2004 Coordination E-mails contained in the certified JSAR, the following adjudicative facts are established and are not subject to reasonable dispute:

1. **Adjudicative Fact 1:** On August 16, 18, and again on August 30, 2004, [see Appx. A, B, and C, infra] AUSA Alexander H. Southwell and SEC Attorney Jeffrey B. Norris secretly, illegally and actively communicated and coordinated regarding the use of bogus and fabricated purported court orders originating from the civil action *Alpha Capital AG v. Group Management Corp.*, 02-cv-2219 (SDNY) (presided over by the late Hon. Leonard B. Sand, "LBS").

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

2. **Adjudicative Fact 2:** The specific purpose of this coordination was for Norris to obtain and attach the 02-cv-2219 order(s) concerning a criminal contempt request against Appellant Ware to a bogus, frivolous, vexatious, filed for an improper purpose, ***pretextual*** Rule 11 sanctions brief Norris was filing in the separate *SEC v. Ware, et al.,* action, 03-cv-0831, pending in the District of Nevada.

3. **Adjudicative Fact 3:** Southwell confirmed the existence of a specific "order of referral" dated December 22, 2003, originating from the now voluntarily dismissed with prejudice, annulled and vitiated on Dec. 20, 2007, Dkt. 90 [see JSAR Dkt. 5-13 pp. 46-47] 02-cv-2219 (SDNY) action, provided this false and fabricated information to Norris, and ***confirmed that Southwell's bogus and fabricated information regarding 02cv2219 was used by the SEC and Norris in a false and fabricated pretextual brief seeking bogus and false Hobbs Act racially-motivated retaliatory unlawful debt collection Rule 11 sanctions against Appellant Ware.***

4. **Adjudicative Fact 4:** This illegal and criminal unlawful coordination occurred despite the fact, established elsewhere in the JSAR and related filings (including Appx C-2: the 04cr1224 indictment), that the underlying debt instruments (GX 1-4, GX 5) forming the sole basis for the 02-cv-2219 action were predatory null and void *ab initio* as unlawful debts held by unregistered broker-dealers, rendering the December 22, 2003, referral order itself void ab initio and legally baseless.

5. **Adjudicative Fact 5:** Southwell and Norris utilized these void ab initio and predatory criminal usury purported orders and the contempt referral originating from 02-cv-2219

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

(SDNY) as the pretextual and fabricated predicate basis for pursuing Rule 11 sanctions against Ware in the District of Nevada (03-cv-0831) and, subsequently, as the pretext for initiating the initially sealed criminal action *United States v. Ware*, 05-cr-1115 (SDNY).

6. **Adjudicative Fact 6:** Both Southwell (acting as AUSA) and Norris (acting as SEC Enforcement Attorney) took these actions under color of official right, using their governmental positions and federal court processes to advance proceedings predicated entirely on the void 02-cv-2219 orders, thereby facilitating the broader enterprise objective of collecting the underlying void and unlawful debts GX 1-4 and GX 5 through coercive means.

Each of these six (6) adjudicative facts is directly stated or necessarily inferred from the plain text of the government e-mails, Appx. A-D, infra, or incorporated by reference within the certified JSAR, whose authenticity and accuracy "cannot reasonably be questioned." FRE 201(b)(2).

## V. WHY MANDATORY NOTICE IS REQUIRED AND THE ADJUDICATIVE SIGNIFICANCE.

Mandatory judicial notice under FRE 201(c)(2) is required because Appellants have requested it and supplied the necessary information (Ex. A-D, infra, and the specific JSAR pages 43-60, containing the self-authenticating government communications). The non-response of Mr. Southwell and Mr. Norris further compels this result under the applicable Standing Order.

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

The adjudicative significance is profound. These e-mails constitute direct, contemporaneous evidence of:

I.   **Knowing Misuse of Void Orders:** Demonstrates Southwell and Norris consciously relied on orders they knew or should have known were predicated on predatory null and void ab initio, unenforceable, and uncollectible, criminal usury predatory unlawful debts.

II.  **Fabrication of Jurisdiction/Venue:** Shows the void SDNY orders were improperly exported to the Nevada action solely to manufacture a basis for sanctions and venue, lacking any independent legitimate predicate.

III. **Conspiracy/Predicate Acts:** Evidences overt acts taken by government attorneys under color of official right, coordinating to misuse judicial process in furtherance of the underlying predatory unlawful debt collection enterprise targeting Appellants. This conduct constitutes predicate acts supporting Appellants' claims under the Hobbs Act, 18 U.S.C. § 1951(a) (extortion under color of official right) and RICO, 18 U.S.C. §§ 1961(6)(B), 1962(c)-(d) (collection of unlawful debt; conspiracy). *See United States v. Grote*, 961 F.3d 105, 113-14 (2d Cir. 2020) (affirming Hobbs Act/RICO convictions based on unlawful debt collection activity involving misuse of judicial process).

IV.  ***Brady Material: These e-mails represent suppressed Brady material relative to the 04cr1224 and 05-cr-1115 prosecutions, revealing improper motives and tactics used to pursue charges predicated on void civil orders.***

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

Judicial notice of these facts is essential for the Court to accurately assess the jurisdictional defects, the fraudulent nature of interconnected proceedings, and the claims of predicate criminal conduct central to this appeal and related matters.

## V. REQUESTED RELIEF

WHEREFORE, Appellants Ulysses T. Ware and Group Management respectfully request that this Honorable Court:

1. **TAKE** mandatory judicial notice, pursuant to FRE 201(c)(2), of the six (6) enumerated adjudicative facts set forth in Section IV, *supra*;

2. **ORDER** the Clerk to reflect this judicial notice on the docket;

3. **ENTER** the attached Proposed Order granting this Request; and

4. **GRANT** such other and further relief, including sanctions or evidentiary inferences stemming from the suppression of this evidence and the non-response to the meet-and-confer demand, as the Court deems just and proper.

Dated: April 21, 2025

*Ulysses T. Ware*

Respectfully submitted,

**Attachments:**
Declaration of Ulysses T. Ware Regarding Meet-and-Confer Non-Response
Appendices A, B, C, and D: Full Text of August 16, 18, and 30, 2004 Norris-Southwell E-mails
Proposed Order

---

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

# Declaration of Ulysses T. Ware

## Case No. 25-cv-00613 (NDGA)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

### DECLARATION OF ULYSSES T. WARE IN SUPPORT OF APPELLANTS' REQUEST FOR MANDATORY JUDICIAL NOTICE (FILING "18-6.2").

I, Ulysses T. Ware, declare under penalty of perjury, hereby this 21st day of April 2025, in Brooklyn, NY, having personal knowledge of the facts, declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an individual Appellant and serve as Attorney-in-Fact for Appellants. I have personal knowledge of the matters herein.

2. On April 20, 2025, at approximately 9:56:23 PM EDT, I caused to be served via email a detailed ten-page meet-and-confer memorandum (designated "20-0") upon Alexander H. Southwell, Esq. (asouthwell@mwe.com) and Jeffrey B. Norris (NorrisB@litchfieldcavo.com ), pursuant to applicable court orders, Dkt. 2, ¶ (m) regarding meet-and-confer requirements.

3. Memorandum 18-6.2 outlined Appellants' intent to seek mandatory judicial notice of facts derived from the August 16, 18, and August 30, 2004, e-mail communications between Mr. Southwell and Mr. Norris (the "2004 Coordination E-mails"), contained within Appendices

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

A, B, and C. infra, and incorporated by referenced within the certified JSAR at Dkt. 5-13, pp. 43-60.

4. Memorandum 18-6.2 explicitly demanded that Mr. Southwell and Mr. Norris provide a sworn, written response detailing any good-faith objection to judicial notice **by 2:00 PM EDT on April 21, 2025**, failing which the facts would be deemed undisputed.

5. **The deadline of 2:00 PM EDT on April 21, 2025, has passed.**

6. As of the time of my signing this Declaration, **no response, objection, request for clarification, or communication whatsoever** has been received from either Mr. Southwell or Mr. Norris, or any counsel acting on their behalf, regarding Memorandum 20-0.

7. Therefore, pursuant to the terms of the meet-and-confer demand and applicable court orders or local rules emphasizing cooperation, the adjudicative facts derived from the 2004 Coordination E-mails as outlined in Appellants' accompanying Request for Mandatory Judicial Notice (Filing "18-6.2") are deemed undisputed, and judicial notice under FRE 201(c)(2) is mandatory.

Executed on April 21, 2025, in Brooklyn, New York.

/s/ Ulysses T. Ware
Ulysses T. Ware

---

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

Appendix A—Suppressed, concealed, hidden, and removed in violation of 18 USC §§ 2, 371, 401(3), 1503, 1512, 1519, and 2071(a), (b) the Aug. 16, 2004, email of former SEC lawyer Jeffrey B. Norris (civil) to former AUSA (SDNY) (criminal) Alexander H. Southwell regarding the null and void ab initio predatory unlawful debt collection lawsuit, 02cv2219 (SDNY).

Full Text of August 16 & 30, 2004 Norris-Southwell Suppressed, concealed, and hidden E-mails (Source: 12cv4397 (NDGA) proceedings, Dkt. 1-5 12/19/12)

E-mail 1:

**From:** Norris, Jeffrey B. [Jeffrey.Norris@SEC.GOV]
**Sent:** Monday, August 16, 2004 10:21 AM
**To:** Southwell, Alexander H. ·
**Subject:** Ware



----Original Message----
From: NorrisJ@SEC.GOV [mailto:NorrisJ@SEC.GOV]
Sent: Monday, August 16, 2004 10:21 AM
To: Southwell, Alexander
Subject: RE: Ware

Alexander:

Can you provide me with the name and/or case number of the matter in which the District Judge has requested a prosecution of Ware for criminal contempt? I would like to cite the case or even attach the order in my petition to fix the Rule 11 sanctions against Ware in the Nevada District Court. Thanks.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth District Office
801 Cherry St., Unit 18
Fort Worth, TX 76102
Tel: (817) 978-6452
Fax: (817) 978-4927

----Original Message----
From: Alexander.Southwell@usdoj.gov
[mailto:Alexander.Southwell@usdoj.gov]
Sent: Thursday, August 12, 2004 2:53 PM
To: 'norrisj@sec.gov'

**3501 - 60**

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

Appendix B—Suppressed, concealed, hidden, and removed in violation of 18 USC §§ 2, 371, 401(3), 1503, 1512, 1519, and 2071(a), (b) the Aug. 18, 2004, email of former AUSA (SDNY) (criminal) Alexander H. Southwell to former SEC lawyer (civil) Jeffrey B. Norris regarding the fabricated null and void ab initio predatory unlawful debt collection lawsuit, 02cv2219 (SDNY).

Full Text of August 18, 2004, Norris-Southwell Suppressed, concealed, and hidden E-mails (Source: 12cv4397 (NDGA) proceedings, Dkt. 1-5 12/19/12).

E-mail 2:

**From:** Southwell, Alexander H. [Alexander.Southwell@USDOJ.GOV]
**Sent:** Monday, August 18, 2004 9:44 AM
**To:** Norris, Jeffrey B.
**Subject:** RE: Ware

—Original Message—
From: Alexander.Southwell@usdoj.gov ←——
[mailto:Alexander.Southwell@usdoj.gov]
Sent: Monday, August 18, 2004 9:44 AM ←——
To: Norris.J@SEC.GOV
Subject: RE: Ware

Case is Alpha Capital v. Group Management, 02 Civ. 2219 (LBS) and the order of referral is dated 12/22/03. I will fax you a copy. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Alex

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

Appendix C—Suppressed, concealed, hidden, and removed in violation of 18 USC §§ 2, 371, 401(3), 1503, 1512, 1519, and 2071(a), (b) the Aug. 30, 2004, email of former SEC lawyer Jeffrey B. Norris (civil) to former AUSA (SDNY) (criminal) Alexander H. Southwell regarding the null and void ab initio predatory unlawful debt collection lawsuit, 02cv2219 (SDNY).

Full Text of August 30, 2004 Norris-Southwell Suppressed, concealed, and hidden E-mails (Source: 12cv4397 (NDGA) proceedings, Dkt. 1-5 12/19/12)

E-mail 3:

**From:** Norris, Jeffrey B. [Jeffrey.Norris@SEC.GOV]
**Sent:** Monday, August 30, 2004 9:25 AM
**To:** Southwell, Alexander H.
**Subject:** Ware



Draper, Julia D.                                                    P. 25

From:        Norris, Jeffrey B.
Sent:        Monday, August 30, 2004 9:25 AM
To:          'Alexander.Southwell@usdoj.gov'
Cc:          Draper, Julia D.
Subject:     RE: Ware

Thanks for the information. I was able to use it in a brief to fix Rule 11 sanctions against Ware. As you can see, he is still misbehaving in Nevada. I now have additional motions for default pending on a couple of different grounds. What's happening in New York?



Rule11Response.do
c

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

Page 1 of 2

Draper, Julia D.

**From:** Norris, Jeffrey B.
**Sent:** Monday, April 18, 2005 2:08 PM
**To:** Pennington, Mark R.
**Cc:** Draper, Julie D.
**Subject:** FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*

Present Thomas Ware [mailto:cryptvc@swisscaping.com]
Sent: Tuesday, December 14, 2004 9:21 AM
To: Norris, Jeffrey B.
Subject: Re: Supplemental Brief

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving frivolous and slanderous interviews to newspaper reporters journalists, and spend more time in the law library.

Thomas Ware

—Original Message—
From: Norris, Jeffrey B.
To: Thomas Ware
Cc: Draper, Julie D. ; Mordosh, Stephen J.
Sent: Tuesday, December 14, 2004 8:09 AM
Subject: RE: Supplemental Brief

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your 'reply' brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*

4/18/2005          9          3501 - 98

52          11

Subject: Ware

Good talking to you. Below are my contact details.

Alex

Alexander H. Southwell
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2417
(212) 637-2452 (fax)
Alexander.Southwell@usdoj.gov

---

Draper, Julia D.          P. 25

**From:** Norris, Jeffrey B.
Monday, August 30, 2004 9:35 AM
Alexander.Southwell@usdoj.gov
**To:** Draper, Julia D.
**Cc:**
**Subject:** RE: Ware

Thanks for the information. I was able to use it in a brief to fix Rule 11 sanctions against Ware. As you can see, he is still misbehaving in Nevada. I now have additional motions for default pending on a couple of different grounds. What's happening in New York?

—Original Message—
From: Alexander.Southwell@usdoj.gov
[mailto:Alexander.Southwell@usdoj.gov]
Sent: Monday, August 18, 2004 9:44 AM
To: Norris.I@SEC.GOV
Subject: RE: Ware

Case is Alpha Capital v. Group Management, 02 Civ. 2219 (LBS) and the order of interest is dated 12/22/03. I will fax you a copy.

—Original Message—
From: Norris.I@SEC.GOV [mailto:Norris.I@SEC.GOV]
Sent: Monday, August 18, 2004 10:21 AM
To: Southwell, Alexander
Subject: RE: Ware

Alexander:

Can you provide me with the name and/or case number of the matter in which the District Judge has requested a prosecution of Ware for criminal contempt? I would like to cite the case or even attach that order in my petition to fix the Rule 11 sanctions against Ware in the Nevada District Court. Thanks.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth District Office
801 Cherry St., Unit 18
Fort Worth, TX 76102
Tel: (817) 978-6452
Fax: (817) 978-4927

—Original Message—
From: Alexander.Southwell@usdoj.gov
[mailto:Alexander.Southwell@usdoj.gov]
Sent: Thursday, August 12, 2004 2:33 PM
To: norrisj@sec.gov

6/11          10          3501 - 60
21

54          12

I' Ware referring to "the events of Sept. 1, 2004." Do you have any idea what he might be referring to?

Jeffrey B. Norris

Trial Counsel

United States Securities and Exchange Commission

Fort Worth Office

Burnett Plaza, Suite 1900

801 Cherry St., Unit 18

Fort Worth, TX 76102

Phone:  (817) 978-6452

Fax:  (817) 978-4927

E-mail:  norrisj@sec.gov <mailto:norrisj@sec.gov>

---

Page **26** of **37**
Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**Appendix D—Suppressed, and concealed actual innocent Brady exculpatory and impeachment evidence of the coordinated Sept. 1, 2004, armed, dangerous Hobbs Act break-in of Appellant Ware's Atlanta, GA law office to conduct criminal usury unlawful debt collection operations coordinated by Norris, the SEC, the USAO (SDNY), Southwell, KTS, Zitter, Rabinowitz, et al. to collect GX 1-4, the criminal usury debts.**

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**E-mail 4: D-1—Norris' Aug. 17, 2004, email suggesting "Sept 1,[2004]"—the day the heavily armed white men impersonating U.S. Marshals, in prearranged and coordinated fashion, raided Appellant Ware's Atlanta, GA law office in an attempted armed robbery to collect GX 1-4, the null and void ab initio criminal usury unlawful debts associated with 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), 05cr1115 (SDNY), 25cv00613 (NDGA), and In re Ware (2008) Supreme Court of GA (disbarment proceedings).**



Note that Norris suggested "September 1, 2004" as the date to depose Webster, the **Pp.33** day the SEC and USAO conspired and colluded to have Mr. Ware illegally arrested in Atlanta, GA. (Cf. Ex. at 2 for AUSA Southwell's email to Norris, email which **Page 2 of 5** supposedly did not exist.

I was not aware that your sense of irony was so finely honed. Unlike yours (as set forth in the Court's July 29 Order), my papers will be supported by pertinent legal authority, and will not consist of meritless speculation or unsubstantiated conclusions. Please be advised that I have not agreed to accept any legal process beyond that which the law requires. Accordingly, you will have to determine whether your mailing of a notice and subpoena are legally binding. This is my last communication on the subject matter of Mr. Webster's deposition until such time as you receive the motions I have promised.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth District Office*
*801 Cherry St., Unit 18*
*Fort Worth, TX 76102*
*Tel: (817) 978-6452*
*Fax: (817) 978-4927*

-----Original Message-----
**From:** Thomas Ware [mailto:rgwinc@mindspring.com]
**Sent:** Tuesday, August 17, 2004 2:59 PM
**To:** Norris, Jeffrey B.
**Subject:** Re: Deposition of Steve Webster

I guess in your frivolous motion that you will file, you will not be able to certify that you reviewed the relevant case law as indicated by your last email. I will forward the notice to your attention along with the notice to produce and the Subpoena.

Rosenfeld, Goldman & Ware, Inc.
Thomas Ware
101 Marietta St.
Suite 1070
Atlanta, GA 30303
(404) 522-1202 phone
(404) 522-1447 fax

-----Original Message-----
**From:** Norris, Jeffrey B.
**To:** Thomas Ware
**Cc:** Korotash, Stephen J. ; Webster, Stephen ; Draper, Julia D.
**Sent:** Tuesday, August 17, 2004 3:54 PM
**Subject:** RE: Deposition of Steve Webster

Mr. Ware:

If you are inclined to further undermine your credibility with the Court and incur further sanctions, then, to quote the Duke of Wellington, "publish and be d—ed." I remind you that the Court stated in the July 29 Order that you are perilously close to having a default sanction entered against you. I assure you that if you notice Mr. Webster's deposition—an act that can only be done in bad faith—my Motion for Protective Order will be accompanied by a motion renewing the Commission's request that the Court enter a default judgment against you and Rosenfeld, Goldman and Ware. I will not give you dates on which the Commission will make Mr. Webster available because, as I stated, I can envision no issue upon which he can offer relevant testimony. Your silence confirms my conclusion. I ask only that, should you make the mistake of attempting to schedule Mr. Webster's deposition, you schedule it no earlier than September 1, 2004.

*Jeffrey B. Norris*

8/18/2004                         ·3                         ·˙·
                          8/25/2012
                                              8/15/2012

**Page 28 of 37**
Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**E-mail 5: D-2 [JSAR Dkt. 5-13 pp. 54-58] Sept. 1, 2004, Atlanta, GA Hobbs Act armed unlawful debt collection raid; and Sept. 12, 2024, Brooklyn, NY armed Hobbs Act unlawful debt collection raid coordinated by Kilpatrick, Townsend, & Stockton, LLP, Rabinowitz, Zitter, Sica, Dolinger, JAMS, McMahon, Tailwind Management LLP, Bertisch, Hagenau, et al.**

Exhibit 7—extreme armed and potentially deadly violence perpetrated against the Debtor and its agent in fact Ulysses T. Ware in furtherance to their conspiracy to collect criminal usury debts (GX 1-4) in violation of NYS Penal Law, section 190.40 and federal RICO law 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d)—a pattern of racketeering activities.

# Supplemental Appendices

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**E-mail 6: D-3 [Armed Sept. 12, 2024, Brooklyn, NY raid] to collect criminal usury unlawful debt in violation of NYS Penal Law, section 190.40, the criminal usury law, a class E felony.**

Appendix 1—U.S. Marshals note given to Ulysses T. Ware on Sept. 12, 2024, in Brooklyn, NY at 10:17 AM, during the unlawful, armed, forced entry into Mr. Ware's residence while the Marshals lacked a lawful search warrant, arrest warrant, or lawful legal process; aided, abetted, assisted, enabled, and facilitated by the property manager.



Page **30** of **37**

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

# E-mail 7: D-4 [Armed Sept. 12, 2024, Brooklyn, NY raid] to collect criminal usury, unlawful debts, GX 1-4 coordinated by Dolinger, McMahon, JAMS, KTS, et al.

A.    Sept. 12, 2024, 10:17 AM, Brooklyn, NY alleged U.S. Marshals (SDNY) Plummer, Morton, and Beiriz outside of Mr. Ware's residence regarding a fraudulent referral by former (SDNY) magistrate Judge Michel H. Dolinger and Colleen McMahon regarding a lawful Fed. R. Civ. P. Rule 11(b)(1-4) Prefiling Investigation concerning imminent RICO and 18 USC 1961(6)(B) unlawful, armed debt collection activities, related to *U.S. v. Ware*, 05cr1115 (SDNY),04cr1224, and 02cv2219 (SDNY); and *In re Group Management Corp..*, 03-93031 (BC NDGA), to wit: GX 1, GX 2, GX, 3, and GX 4—the NYS Penal Law, section 190.40, **null and void ab initio criminal usury unlawful debts**—the Marshals with the assistance of the property manager broke into Mr. Ware's residence ***while armed and without any warrant***, or lawful process—***a potentially deadly encounter***, to intimidate, bully, threaten, and force Mr. Ware into giving up and abandoning his and Group Management's legal rights as 11 USC § 1109(b) statutory parties in interest.



## Page **31** of **37**
Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**E-mail 8: D-5 [Armed Sept. 1, 2004, Atlanta, GA raid] cf., Norris' Aug. 17, 2004, suggestion for Sept. 1, 2004 deposition of SEC lawyer Webster [E-mail 4, supra].**

**B.** Sept. 1, 2004, Atlanta, GA armed, forced, unlawful entry—potentially deadly, into Mr. Ware's law office ~~without any lawful warrant by the same Hobbs U.S. Marshals~~—Hobbs Act conspiracy to collect the criminal usury unlawful debts, GX 1, GX 2, GX 3, and GX 4—government trial exhibits in U.S. v. Ware, 04cr1224 (SDNY), and plaintiffs' exhibits in 02cr2219 (SDNY), and in *In re Group Management Corp.*, 03-93031 (BC NDGA) Chapter 11.

| 75. | 9/1/04 Age: 44 | Contempt of Court | Atlanta, Georgia | 10/13/04; Dismissed pursuant to order of Judge Leonard B. Sand | |

76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a summons for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. That arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced

# Sept. 1, 2004 kidnapping
WARE, ULYSSES THOMAS    15    PX2014 - C. Tyler

common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable reason to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and move than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.

78. On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 on the grounds that the case was dismissed by [...] that $150,000 was returned to the defendant, the $100,000 corporate surety bond was discharged.

Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM. (18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

**E-mail 9: D-6 [Armed Sept. 1, 2004, Atlanta, GA raid] cf., Norris' Aug. 17, 2004, suggestion for Sept. 1, 2004 deposition of SEC lawyer Webster [E-mail 4, supra]. Confirmed by former AUSA Southwell to have been an "improper" unlawful armed arrest, illegal search, illegal entry, illegal attempted armed robbery, and kidnapping to collect criminal usury unlawful debts, GX 1-4.**

C.    Actual innocent dispositive Brady exculpatory and impeachment evidence deliberately, intentionally, and in bad faith suppressed and concealed by AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, David N. Kelley, Michael J. Garcia, Robert W. Sweet, (deceased), Colleen McMahon, Leonard B. Sand, (deceased), William H. Pauley, III (deceased), Robert A. Katzmann (deceased), Jose A. Cabranes, Edgardo Ramos, Laura Talor-Swain, Amalya L. Kearse, Robert D. Sack, Damian Williams, Daniel Gitner, Won Shin, Andrea Griswold, Danielle Sassoon, Hagan Scotten, Jun Xiang, Michael H. Dolinger, and other Unindicted Coconspirators.



3501 - 72

**Page 35 of 162**
**Tuesday, February 18, 2025**
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

**Page 33 of 37**
Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

## Proposed Order

# Case No. 1:25-cv-00613-MLB

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

---

**ULYSSES T. WARE and GROUP MANAGEMENT, (Debtor),**
**Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al., Predatory Unregistered Brokers-Dealers,**
**Appellees.**

---

**(On Appeal from the United States Bankruptcy Court**
**for the Northern District of Georgia, Case No. 03-93031-WLH)**

---

**[PROPOSED] ORDER GRANTING APPELLANTS' REQUEST FOR MANDATORY JUDICIAL NOTICE.**

The Court, having reviewed Appellants' Request for Mandatory Judicial Notice Pursuant to Federal Rule of Evidence 201(c)(2) (Filing "18-6.2)"), the accompanying Declaration of Ulysses T. Ware, Appendices A, B, and C, thereto, and the relevant portions of the Joint Stipulated Appellate Record (JSAR Dkt. 5-13, pp. 43-60), hereby **TAKES MANDATORY JUDICIAL NOTICE** under Fed. R. Evid. 201(b)(2) and (c)(2) of the six (6) numbered adjudicative facts set forth in Section VI of Appellants' Memorandum in Support of their Request.

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

The Clerk of Court shall docket Appendices A, B, C, and D, and reflect this judicial notice on the docket.

**SO ORDERED.**

Dated: _____, 2025

_____
UNITED STATES DISTRICT JUDGE

# [End of Order]

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware, 04cr1224 (SDNY) and 05cr1115 (SDNY).

# CERTIFICATE OF SERVICE

I hereby certify that on this 21th day of April, 2025, I caused the foregoing Appellants' Request

for Mandatory Judicial Notice Pursuant to Federal Rule of Evidence 201(c)(2), Declaration of

Ulysses T. Ware, Appendix A, and Proposed Order (18-6.2) to be served upon all Appellees and

counsel of record via email and upon Jeffrey B. Norris, now a/k/a J. Blair Norris, via email at

NorrisB@litchfieldcavo.com.



/s/ Ulysses T. Ware

Ulysses T. Ware

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC
disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab
initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in
02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware,
04cr1224 (SDNY) and 05cr1115 (SDNY).

End of document

Filed via email with the Chamber of District Judge Brown on Monday, April 21, 2025, 9:56:23 PM.
(18-6.2) (Part 18-6.2/17-20D) re: Appellee former AUSA (SDNY) Alexander H. Southwell's and former SEC
disgraced lawyer Jeffrey B. Norris's (now known as J. Blair Norris) use of the bogus, moot, null and void ab
initio 20cv2219 (SDNY) predatory unlawful debt collection proceedings to initiate fabricated sanctions in
02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), and the void ab initio indictments in U.S. v. Ware,
04cr1224 (SDNY) and 05cr1115 (SDNY).

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Retail

U.S. POSTAGE PAID
FCM LG ENV
BROOKLYN, NY 11226
APR 22, 2025

30303

$1.77

RDC 99

S2324K504996-16

Ware, et al v. Alpha Capital, AG, et al.

25 CV 00613 (NDGA)

Re: 18-6.2

FRE 201(c)(2)




CLEARED DATE

APR 28 2025

U.S. Marshals Service
Atlanta, GA 30303

The Honorable Michael L. Brown
United States District Judge
United States District Court (NDGA)
Richard B. Russell United States
Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

04.22.25
/s/ Ulysses T. Ware