FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 23 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## Appellants' Declaration of Duress, Objection, and Protest Filing and Rule 8015(a)(7)(B)(i), 8015(h)(1) type-volume Compliance.

Appellants Ulysses T. Ware and Group Management, Chapter 11 Debtor (collectively, "Appellants"), and the ***prevailing parties*** in Judge Sand's 02cv2219 (SDNY) Dec. 20, 2007, Dkt. 90, voluntary, ***after the statute of limitation had run on all claims in 02cv2219*** Rule 41(a)(2) final judgment, (the "Final Judgment"), [JSAR Dkt 5-13 pp. 46-47], under oath subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC § 1746, on April 29, 2025, in Brooklyn, NY respectfully advise the Court that they submitted the accompanying *supplemental* Rule 8014(a) opening brief under threats of punitive sanctions, protest, objection, and duress **solely to comply with** the Court's manifestly ***ultra vires***, ***void ab initio***, ***unconstitutional***, and ***punitive*** April 28, 2025, Order (Dkt. 38) "25 pages" (10,833.33 words)[1] restrictive, punitive, and unconstitutional filing sanctions and restrictions.

---

[1] See Fed. R. Bankr P. 8015(a)(7)(B)(i) optional type-volume authorizations. Under the Fed. R. Bankr. P. 8015(a)(7)(B)(i) Appellants are lawfully authorized to opt-in to the Section B Type-Volume Limitation and submit an Opening Brief of no more than 13,000 words, see Dkt. 26, Rule 8015 (h)(1) certification of the April 10, 2025, Opening Brief that contained 9,068 words, well within the 13,000 word limitation. This unauthorized Rule 8014(a) Supplemental Opening Brief was prepared pursuant to Section B's Type-Volume word limitation: Per the Court's April 28, 2025, Order, Dkt. 38, "25 pages" was converted into the equivalent words (10,833.33) and this Supplemental Brief contains 9,459 words, well within the 10,833.33 or 25 page equivalent.

Appellants hereby declare, on this 30th day of April 2025, in Brooklyn, NY, under oath, subject to the penalty of perjury, having personal knowledge of the facts, expressly state that:

1. **Reservation of Objections.** Appellants' fully compliant original opening brief, filed and docketed on April 10, 2025 (Dkt. 26), fully conformed to Fed. R. Bankr. P. 8015(a)(7)(B)(i) (9,068 words) ***was accepted, certified, and docketed by the District Clerk pursuant to Rule 8015(f)*** as the Appellants' Opening Brief.

2. Neither the District Clerk nor the District Judge has filed on the 25cv00613 docket any written notice of filing defects with respect to the April 10, 2025, Dkt. 26 Appellants' Opening Brief[2]; nor entered a written show cause Order in regard to the threatened punitive sanctions listed in Dkt. 38.

---

[2] Neither the District Clerk nor the District Court (Brown, J.) issued any written and docketed deficiency notice with respect to the April 10, 2025, Appellants' Opening Brief, Dkt. 26; under Fed. R. Bankr. P. 8015(f) a "**document [Dkt. 26] that complies with the form requirements ... *must be accepted*.**" By officially accepting and docketing the Appellants' Opening Brief on 10 April 2025—after the Clerk confirmed the § 8015(h)(1) certificate [see Dkt. 26, page 51: Rule 8014 X: Certificate of Compliance]— the District Court irrevocably acknowledged formal compliance with Rule 8014(a), thereby (i) waiving and forfeiting (judicial estoppel) any objection to length or formatting, (ii) foreclosing ultra vires *sua sponte* demands for an arbitrary and capricious "25 pages" supplemental brief, and (iii) precluding dismissal predicated on *imagined defects*. See Fed. R. Civ. P. 83(b) (no sanction permitted or lawfully authorized absent ***prior actual notice*** of filing defects). Due process and the orderly administration of bankruptcy appeals compel adherence to that acceptance record and reinforces ***judicial estoppel*** against contrary positions later.

3. Appellants, therefore, object and protest to the *necessity and legality* of filing a second Rule 8014(a) "opening" brief where the District Court has identified no written filing defects, and they expressly preserve all appellate arguments previously asserted in Dkt. 26—including those set out in any Rule 59(e) motion for reconsideration or other relief (Rule 60(d)(3) fraud on the court)—regarding the ultra vires and void ab initio nature of Dkt. 38.

4. **Non-Waiver.** The filing of this *supplemental brief* is made ***under protest, fear, threats of punitive sanctions, and duress***, ***is not voluntary, and shall not be construed as a waiver of any substantive or procedural right, claim, or defense, nor as consent to the Court's radical and unprecedented "wholesale" (manifest) departure from the Federal Rules of Bankruptcy Procedure, Fed. R. Civ. P. 83(b), or the Due Process Clause***.[3]

5. **Continued Challenge.** Appellants reserve the right to seek vacatur, mandamus, or any other appropriate relief from this or any higher court,

---

[3] Appellants expressly invoke the common-law doctrine of duress and the contemporaneous-objection rule; any submission compelled by threat of punitive sanction preserves, rather than forfeits, all challenges to the Court's Article III constitutional subject matter jurisdiction and procedural regularity. See Fed. R. Civ. P. 83(b); Bankr. R. 8014, 8028. A *coerced filing* cannot be deemed consent, waiver, or acquiescence, cf. *Fuentes v. Shevin*, 407 U.S. 67, 95–96 (1972), nor does it moot appellate issues of structural error. The reservation clause safeguards the right to seek vacatur under Rule 60(b)(4) or Rule 60(d)(3), and to pursue mandamus prohibiting any sanction predicated upon the compelled brief or judgment, and preserves equitable or statutory remedial relief thereafter if necessary. See *Massachusetts Instit. of Tech. v. Abacus Software*, 462 F.3d 1344, 1358-59 (Fed. Cir. 2006), citing and quoting Fed. R. Civ. P. 83(b)("***No sanction or disadvantage may be imposed** for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator has been furnished in **the particular case** with **actual notice** of the requirement*.") (emphasis added).

***including emergency mandamus relief***, with respect to Dkt. 38's threats of ultra vires punitive sanctions, and any adverse consequences stemming therefrom.

Respectfully submitted this 30th day of April 2025.

/s/ Ulysses T. Ware
Ulysses T. Ware, pro se and as attorney-in-fact for Group Management, Debtor

123 Linden Boulevard, Apt. 9-L
Brooklyn, NY 11226
(718) 844-1260 · UTWare007@gmail.com

Page numbers may be placed in the margins, but no text may appear there.

(5) *Typeface*. Either a proportionally spaced or monospaced face may be used.

   (A) *Proportional Spacing*. A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

   (B) *Monospacing*. A monospaced face may not contain more than 10½ characters per inch.

(6) *Type Styles*. The brief must be set in plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

**(7) Length.**

   **(A) *Page Limitation*. A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless it complies with (B).**

   **(B) *Type-Volume Limitation*.**

     **(i) Principal Brief. A principal brief is acceptable if it contains a certificate under (h) and:**

       • **contains no more than 13,000 words; or**

       • **uses a monospaced face and contains no more than 1,300 lines of text.**

     (ii) Reply Brief. A reply brief is acceptable if it includes a certificate under (h) and contains no more than half the type volume specified in item (i).

(b) BRIEF FILED ELECTRONICALLY. A brief filed electronically must comply with (a)—except for (a)(1), (a)(3), and the paper requirement of (a)(4).

(c) PAPER COPIES OF AN APPENDIX. A paper copy of an appendix must comply with (a)(1), (2), (3), and (4), with the following exceptions:

   (1) an appendix may include a legible photocopy of any document found in the record or of a printed decision; and

   (2) when necessary for including odd-sized documents such as technical drawings, an appendix may be a size other than 8½" by 11", and need not lie reasonably flat when opened.

(d) APPENDIX FILED ELECTRONICALLY. An appendix filed electronically must comply with (a)(2) and (4)—except for the paper requirement of (a)(4).

(e) OTHER DOCUMENTS.

(1) *Motion*. Rule 8013(f) governs the form of a motion, response, or reply.

(2) *Paper Copies of Other Documents*. A paper copy of any other document—except one submitted under Rule 8014(f)—must comply with (a), with the following exceptions:

(A) a cover is not necessary if the caption and signature page together contain the information required by (a)(2); and

(B) the length limits of (a)(7) do not apply.

(3) *Document Filed Electronically*. Any other document filed electronically—except a document submitted under Rule 8014(f)—must comply with the requirements of (2).

(f) LOCAL VARIATION. A district court or BAP must accept documents that comply with the form requirements of this rule and the length limits set by this Part VIII. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by this Part VIII.

(g) ITEMS EXCLUDED FROM LENGTH. In computing any length limit, headings, footnotes, and quotations count toward the limit, but the following items do not:

- cover page;
- disclosure statement under Rule 8012;
- table of contents;
- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;
- certificate of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.

(h) CERTIFICATE OF COMPLIANCE.

(1) *Briefs and Documents That Require a Certificate* . A brief submitted under Rule 8015(a)(7)(B), 8016(d)(2), or 8017(b)(4)—and a document submitted under Rule 8013(f)(3)(A), 8013(f)(3)(C), or 8022(b)(1)—must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The individual preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. The certificate must state the number of words—or the number of lines of monospaced type—in the document.

(2) *Using the Official Form* . A certificate of compliance that conforms substantially to Form 417C satisfies the certificate requirement.

(Added Apr. 25, 2014, eff. Dec. 1, 2014; amended Apr. 26, 2018, eff. Dec. 1, 2018; Apr. 27, 2020, eff. Dec. 1, 2020; Apr. 2, 2024, eff. Dec. 1, 2024.)

# [End of document]