## (19-20A) (Part 19-20A)
## Case No. 25-cv-00613-MLB

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 3 2025

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ULYSSES T. WARE and GROUP MANAGEMENT,
(Debtor)
Appellants,



v.

ALPHA CAPITAL, AG, et al., *Predatory Unregistered Brokers-Dealers*,
Appellees.

### On Appeal from the United States Bankruptcy Court
### for the Northern District of Georgia
### Case No. 03-93031-WLH

**APPELLANTS' MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND *RIGHT TO BE HEARD* REGARDING ADMITTED FEDERAL CRIMES EVIDENCED WITHIN THE JOINT STIPULATED APPELLATE RECORD (JSAR) PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2).**

**Respectfully submitted this 2nd day of April 2025.**

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

**By:** /s/ Ulysses T. Ware
**Ulysses, Attorney in Fact for Appellants**
Group Management and Ulysses T. Ware

## A. INTRODUCTION

Appellants Ulysses T. Ware and Group Management ("Appellants"), pursuant to Federal Rule of Evidence 201(c)(2)), respectfully request that this Honorable Court take judicial notice of *specific adjudicative facts—constituting binding judicial admissions and confessions* establishing Appellees' and their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, (i) NY State crimes, NYS Penal Law, § 190.40, the criminal usury law, a class E felony; and (ii) federal crimes under 18 U.S.C. §§ 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1961(6)(B), 1956-57, 1962(a-d), and 2071(a), (b)—an *ongoing and persistent pattern of racketeering activities*—which are contained within, and readily verifiable from, the **Joint Stipulated Appellate Record ("JSAR")** filed in this appeal (25-cv-00613) pursuant to Fed. R. Bankr. P. 8009(d). [JSAR Dkt 5-1 to 5-16; and Dkt. 9].

These admitted facts, confessions, judicial admissions, and stipulations sourced directly from the JSAR *to which Appellees have stipulated,* irrefutably demonstrate numerous overt and predicate acts of Hobbs Act extortion, the collection of predatory criminal usury unlawful debts, GX 1-4, and participation in a RICO conspiracy committed by or confessed to by agents of Appellees, including but not limited to Leonard B. Sand, the U.S. Marshals (NDGA, SDNY), Kenneth A. Zitter, Esq.; *convicted felon* Edward M. Grushko; Barbara R. Mittman; **Alexander H. Southwell, Esq.,** (referenced as former AUSA); Jeffrey B. Norris; Kilpatrick Townsend & Stockton LLP ("KTS") attorneys Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, and Wab Kadaba; the United States Trustee ("UST"), Region 21 (James H. Morawetz), William D. NeSmith, III, Nall & Miller, LLP, Patrick N. Arndt, Michael D. Hostetter, Baker & McKenzie,

Page **2** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-64, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

LLP, Lawrence B. Mandala, Robert H. Albaral, David J. Malliband, Thomas J. Leghorn, John F. King, Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, David B. Levitt, Janice Singer, Michael F. Bachner, and others.

## I. PRELIMINARY STATEMENT

This 25cv00613 (NDGA) appeal necessitates confronting the stark reality, evidenced by binding judicial admissions, confessions, and stipulations within the joint stipulated appellate record, (JSAR), that the underlying 03-93031 Chapter 11 Bankruptcy Proceedings were exploited by the Appellees, their privies, agents, proxies, surrogates, alter-egos, and all those in active concert therewith, jointly, (the "Appellees"), as an instrumentality for the commission of numerous federal felony crimes.

The Appellants pursuant to Rule 201(c)(2), (d)[1] request judicial notice from the District Court under FRE 201(b) not of contested allegations, but of dispositive facts, binding judicial admissions, stipulations, and confessions, established by Appellees' own agents' judicial admissions and confessions contained within the JSAR. These binding judicial confessions and admissions irrefutably document the knowing pursuit of criminally usurious "unlawful debt" (18 U.S.C. § 1961(6)(B)) and the utilization of extortionate means (18 U.S.C. § 1951(a)), orchestrated through a RICO conspiracy (18 U.S.C. § 1962). As these damning facts, admissions, and

---

[1] **(c) Taking Notice.** The court: **(1)** may take judicial notice on its own; or **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information. **(d) Timing.** The court *may take judicial notice at any stage of the proceeding*. **(e) Opportunity to Be Heard.** On timely request, a party [Appellants herein this 25cv00613 appeal] is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02; 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

confessions originate from a record *__jointly stipulated to by the parties,__* their existence and content are definitionally "not subject to reasonable dispute" and mandate judicial notice.

## II. LEGAL STANDARD FOR JUDICIAL NOTICE OF FACTS WITHIN A STIPULATED RECORD.[2]

Federal Rule of Evidence 201 permits judicial notice of *__adjudicative facts, confessions, and stipulations__* "not subject to reasonable dispute" because they "can be accurately and readily determined from sources [the JSAR] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The 25cv00613 Joint Stipulated Appellate Record, submitted pursuant to Fed. R. Bankr. P. 8009(d), represents precisely such a source. By stipulating to the record, the parties agreed to its authenticity, which *__was judicially certified by the Bankruptcy Court__*, and its accurate reflection of the proceedings and documents contained therein. Consequently, the *existence and content* of specific statements, testimony, and filings within the JSAR are facts whose accuracy cannot reasonably be questioned *by the stipulating parties*. *See, e.g.,* *__Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez__*, 561 U.S. 661, 676 (2010) ("A

---

[2] Rule 201. Judicial Notice of Adjudicative Facts

**(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

**(1)** is generally known within the trial court's territorial jurisdiction; or

**(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:

**(1)** may take judicial notice on its own; or

**(2)** __must take judicial notice__ if a party [Appellants herein this 25cv00613 appeal] requests it and the court is supplied with the necessary information [the JSAR].

**(d) Timing.** The court may take judicial notice at any stage of the proceeding.

**(e) Opportunity to Be Heard.** On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard.

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

party is bound by its stipulations."). Judicial notice of admissions contained within such a

stipulated record is therefore particularly appropriate.[3]

## III. ADMITTED FACTS, STIPULATIONS, CONFESSIONS, ESTABLISHED APPELLEES' FEDERAL CRIMES SUBJECT TO JUDICIAL NOTICE FROM THE JSAR.

Appellants request that the Court take FRE 201(c)(2) judicial notice of the following

specific facts, established by admissions and confessions contained within the JSAR (25-cv-

00613):

### A. Judicial Admissions by Kenneth A. Zitter, Esq. (Counsel for Appellee KTS Clients) Evidencing RICO Predicate Acts (Collection of Unlawful Debt; Conspiracy) (Source: JSAR, Exhibit F-11; Dkt. 9 references; U.S. v. Ware, 04-cr-1224 Transcripts):

1. Notice of the fact that Kenneth A. Zitter **admitted under oath** that he, acting for Appellee KTS

clients, **"hired" KTS attorneys** (specifically Dennis S. Meir, Esq.) for the express purpose of

---

[3] Martinez, Id, "Litigants, we have long recognized, "[a]re entitled to have [their] case tried upon the assumption that … facts, stipulated into the record, were established." *H. Hackfeld & Co.* v. *United States*, 197 U. S. 442, 447 (1905).[Footnote 7] This entitlement is the bookend to a party's undertaking to be bound by the factual stipulations it submits. See *post*, at 10 (Alito, J., dissenting) (agreeing that "the parties must be held to their Joint Stipulation"). As a leading legal reference summarizes: *"[Factual stipulations are] binding and conclusive …, and the facts stated are not subject to subsequent variation. So, the parties will not be permitted to deny the truth of the facts stated, … or to maintain a contention contrary to the agreed statement, … or to suggest, on appeal, that the facts were other than as stipulated or that any material fact was omitted.* The burden is on the party seeking to recover to show his or her right from the facts actually stated." 83 C. J. S., Stipulations §93 (2000) (footnotes omitted). This Court has accordingly refused to consider a party's argument that contradicted a joint "stipulation [entered] at the outset of th[e] litigation." *Board of Regents of Univ. of Wis. System* v. *Southworth*, 529 U. S. 217, 226 (2000). Time and again, the dissent races away from the facts to which CLS stipulated. See, *e.g., post*, at 2, 3, 5, 6, 7, 8, 11, 24.[Footnote 8] **But factual stipulations are "formal concessions … that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Thus, a judicial admission … is conclusive in the case."** 2 K. Broun, McCormick on Evidence §254, p. 181 (6th ed. 2006) (footnote omitted). See also, *e.g., Oscanyan* v. *Arms Co.*, 103 U. S. 261, 263 (1881) ("The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced.")."

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

engaging in **"collection activity"** within the Bankruptcy Proceedings (03-93031) concerning the debt instruments identified as GX 1-4 and GX 5, which Appellants contend constitute criminally usurious unlawful debt under 18 U.S.C. § 1961(6)(B).

2. Notice of the fact that Kenneth A. Zitter **admitted under oath** his awareness of the automatic stay imposed by 11 U.S.C. § 362, concurrent with the pursuit of said **"collection activity"** via the Bankruptcy Proceedings without seeking stay relief, thereby confessing to facts establishing willful stay violation, a component of the alleged bankruptcy fraud scheme.

3. Notice of the fact that Kenneth A. Zitter **admitted under oath** coordinating **"strategies and the pleadings"** with KTS counsel (Meir) for the 03-93031 Bankruptcy Proceedings, evidencing concerted action and conspiracy (18 U.S.C. § 1962(d)) to utilize the bankruptcy process for the collection of the alleged predatory criminal usury unlawful debts in violation of 18 USC § 1961(6)(B).

4. Notice the fact that on Dec. 20, 2007, Dkt. 90, ex parte, after the NYS statute of limitation had run on all claims in the 02cv2219 (SDNY) lawsuit, Appellee Zitter, with the consent of his clients, the 02cv2219 (SDNY) plaintiffs, *voluntarily* demand that District Judge Leonard B. Sand dismiss the 02cv2219 (SDNY) *lawsuit with prejudice* pursuant to Fed. R. Civ. P. 41(a)(2). [JSAR Dkt. 5-13 on pages 46-47].

**B. Documented Admissions/Actions by Alexander H. Southwell, Esq., Kenneth A. Zitter, Esq., and Robert Norris Evidencing Hobbs Act Extortion Predicate Acts (Source: JSAR, Dkt. 5-13, pp. 57-58):**

Page 6 of 11
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

1. Notice of the fact that the JSAR, Dkt. 5-13 on pages 57-58, contains documented statements and accounts, attributed to or concerning Appellees' agents Southwell and Norris, describing their knowledge of and/or participation in coercive and physically threatening kidnapping, armed aggravated assault and battery, attempted armed robbery, extortion, unlawful debt collection activities criminal misconduct on September 1, 2004—including alleged kidnapping, assault, battery, and attempted armed robbery—undertaken to collect the disputed debts, which constitute predicate acts of extortion under the Hobbs Act, 18 U.S.C. § 1951(a).

C. **Admissions by Conduct by KTS Attorneys (Meir, Mills, Walker, Kadaba) Evidencing RICO Predicate Acts (Collection of Unlawful Debt) (Source: JSAR, Dkt. 5-2, 5-4, 5-5, 5-6 [Certificates of Service for KTS Notices of Appearance]):**

1. Notice of the fact that KTS attorneys Meir, Mills, Walker, and Kadaba formally appeared (JSAR Dkt. 5-1, 5-3, 5-5) and served notice thereof (JSAR Dkt. 5-2, 5-4, 5-6) in the Bankruptcy Proceedings (03-93031) for the explicit purpose of representing Appellee creditors (Alpha Capital, AG, et al.) in connection with claims based on the predatory criminal usury unlawful debts (GX 1-4, GX 5), thereby initiating overt acts within the judicial process aimed at collecting said unlawful debt under 18 U.S.C. § 1961(6)(B).

D. **Admissions by Conduct by the U.S. Trustee (James H. Morawetz) Facilitating Collection of Unlawful Debt (Source: JSAR, Dkt. 5-1, 5-3):**

1. Notice of the fact that the U.S. Trustee, having formally appeared (JSAR Dkt. 5-1), moved to dismiss the Debtor's Chapter 11 case "with prejudice" (JSAR Dkt. 5-3) without addressing or

Page **7** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

challenging the facially apparent unlawful nature of the predatory criminal usury debts, GX 1-4, being pursued by KTS' clients, thereby taking action within the Bankruptcy Proceedings that Appellants contend facilitated the continued extra-judicial collection efforts regarding unlawful debt in violation of 18 USC 1951(a), 1961(6)(B), and 1962(a-d).

## IV. ARGUMENT SUPPORTING JUDICIAL NOTICE OF ADMITTED CRIMES FROM THE JSAR.

### A. The Joint Stipulation Precludes Reasonable Dispute Regarding the Existence and Content of the Admissions:

The source of the requested facts—the JSAR—is one whose accuracy *cannot* be reasonably questioned by Appellees, as they *jointly stipulated* to its contents pursuant to FRBP 8009(d). *Appellees are bound by their stipulation and cannot now contest the existence or the precise content of the judicial admissions, confessions, and documented actions contained within the JSAR entries cited above*. These facts are thus definitively "not subject to reasonable dispute" under FRE 201(b)(2). See *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009).[4]

### B. The Noticed Admissions Directly Evidence Elements of Federal Crimes:

The facts requested for judicial notice are not mere background; they constitute direct evidence, *via binding judicial admissions and confessions*, *of the elements required to establish violations of federal criminal statutes*:

---

[4] A party's clear, deliberate factual statement in the course of litigation—be it in a brief, pleading, or oral argument—operates as a binding judicial admission, thereby waiving the right to subsequently dispute or alter those facts. This principle, illustrated in *Hoodho*'s removal context, applies equally in civil, bankruptcy, or other federal proceedings where factual admissions can streamline or conclusively resolve issues.

(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

1. Zitter's sworn testimony during ***U.S. v. Ware***, 04cr1224 (SDNY), [JSAR Dkt. 9] judicial admissions established the ***mens rea*** **and** ***actus reus*** for conspiring (18 U.S.C. § 1962(d)) to collect unlawful debt (18 U.S.C. § 1961(6)(B)) through the bankruptcy process (bankruptcy fraud, 18 U.S.C. §§ 2, 152 157, 371, 1341, 1343, 1344, 1503, 1961(6)(B), and 1962(a-d) as a RICO predicate).

2. The documented criminal misconduct involving Appellees Southwell, Zitter, and Norris (JSAR Dkt. 5-13 on pages 57-58) directly evidences the crimes committed against Appellants Ware and Group Management on Sept. 1, 2004, in Atlanta, GA, to wit: predatory, armed, extremely dangerous Hobbs Act unlawful debt collection activities, kidnapping, armed aggravated assault, battery, unlawful arrest, search, seizure, intentional infliction of emotional distress, and use of actual or threatened force, violence, or fear to collect and/or enforce the predatory criminal usury unlawful debts, GX 1-4, and GX 5— the core elements of Hobbs Act extortion (18 U.S.C. § 1951(a)).

3. KTS's formal filings (JSAR Dkt. 5-2, 5-4, 5-5, and 5-6) represent overt and predicate racketeering unlawful debt collection acts within the judicial system aimed at collecting and/or enforcement of criminal usury debts, GX 1-4, and GX 5, Appellants maintain is unlawful per § 1961(6)(B).

4. The UST's (James H. Morawetz) criminal actions (JSAR Dkt. 5-3), within the context of the other admitted facts, evidence personal and official criminal misconduct facilitating the predatory, unlawful debt collection criminal scheme.

C. **Materiality to the Appeal:**

Page **9** of **11**
Wednesday, April 2, 2025
(17-20) (Part 17-20) re: Appellants' Request for FRE 201(c)(2) Judicial Notice of 18 USC 2, 152, 157, 371, 401(2), 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1951(a), 1957-57, 1961(6)(B), 1962(a-d), and 2071(a), (b) conspiracy to commit Predatory Unlawful Debt Collection and Enforcement Crimes.

These admitted facts are fundamentally material. They directly support Appellants' arguments that the Bankruptcy Court's moot, null and void ab initio, and advisory orders [JSAR Dkt. 5-7 to 5-10] are predicated upon, or were procured through, fraud on the court and underlying criminal conduct that renders the Appellee KTS clients' claims illegitimate *ab initio* and undermines the integrity of the entire proceeding. Recognizing these admitted facts is essential for a proper appellate review of whether the Bankruptcy Court committed reversible error by failing to address the consequences of this admitted criminal activity.

## V. CONCLUSION

Appellants respectfully request that this Court take judicial notice, pursuant to Federal Rule of Evidence 201(c)(2), of the specific adjudicative facts, judicial admissions, confessions, and stipulations enumerated in Section III. A-D *supra*, which constitute judicial admissions and confessions contained within the **Joint Stipulated Appellate Record** evidencing predicate acts supporting criminal violations of 18 U.S.C. §§ 1951(a), 1961(6)(B), and 1962(a-d). These facts, binding judicial admissions, being derived from a joint stipulated source, the Rule 8009(d) Joint Stipulated Appellate Record (JSAR), are not subject to reasonable dispute and are crucial for the just resolution of this appeal.

Dated: April 2, 2025

Respectfully submitted,

By: /s/ Ulysses T. Ware
*Attorneys for Appellants Ulysses T. Ware and Group Management*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2025, I filed the foregoing APPELLANTS' MEMORANDUM OF LAW IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE OF ADMITTED FEDERAL CRIMES EVIDENCED WITHIN THE JOINT STIPULATED APPELLATE RECORD (JSAR) PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2) with the Clerk of the District Court (NDGA) via U.S. Mail, and by email to the Chamber of the Hon. Michael L. Brown, which will automatically send notification of such filing to all counsel of record.

/s/ Ulysses T. Ware

End of document