FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUN 02 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

18-8 (Part 18-8)

# Case No. 1:25-cv-00613-MLB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

---

**ULYSSES T. WARE and**
**GROUP MANAGEMENT,**
**(Debtor)**
**Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al., *Predatory Unregistered Broker-Dealers,***
**Appellees.**

---

**On Appeal from the United States Bankruptcy Court**
**for the Northern District of Georgia**
**Case No. 03-93031-WLH**

---

**[Docket Text] APPELLANTS' REQUEST FOR MANDATORY JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2) AND DEMAND FOR OPPORTUNITY TO BE HEARD PURSUANT TO FEDERAL RULE OF EVIDENCE 201(e).**

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney-in-fact for Appellants
Ulysses T. Ware and Group Management
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Filed on Tuesday, May 27, 2025, at 9:49:38 AM

# Table of Contents

A. OPENING STATEMENT ..... 3
I. JURISDICTIONAL AND PROCEDURAL FRAMEWORK ..... 3
A. Mandatory Nature of Judicial Notice Under FRE 201(c)(2): ..... 3
B. Primacy of Ascertaining Article III Jurisdiction: ..... 4
C. Constraints on Ad Hoc Procedural Directives and Sanctions: ..... 4
D. Constitutional and Statutory Imperative of an Impartial Tribunal: ..... 5
II. UNIMPEACHABLE SOURCES OF ADJUDICATIVE FACTS ..... 5
III. ADJUDICATIVE FACTS WARRANTING MANDATORY JUDICIAL NOTICE ..... 6
IV. ADJUDICATIVE FACTS EVIDENCING EXTRAJUDICIAL BIAS IN THE COURT'S ORDER OF APRIL 29, 2025 (DKT. 38) ..... 11
V. LEGAL ANALYSIS AND IMPLICATIONS OF JUDICIALLY NOTICED FACTS ..... 13
A. Appellants' Opening Brief (Dkt. 26) Is Conclusively Deemed Properly Filed and Operative: ..... 13
B. The Court's Order (Dkt. 38) Was Issued Without Prior Ascertainment of Article III Jurisdiction, Implicating a Jurisdictional Void: ..... 13
C. The Order (Dkt. 38) Violates Due Process and Fed. R. Civ. P. 83(b): ..... 14
D. The Content and Tenor of Dkt. 38 Mandate Recusal Under 28 U.S.C. § 455: ..... 14
VI. RELIEF REQUESTED ..... 14
CERTIFICATE OF SERVICE ..... 16
Exhibits ..... 17
Exhibit 1--DECLARATION OF ULYSSES T. WARE ..... 18
Exhibit A-1—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA) ..... 22
Exhibit A-2—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA) ..... 23
Exhibit B—Appellants' Rule 8015(h)(1) certification taken from page 51 of the April 10, 2025, Dkt. 26, Opening Brief. ..... 24
Exhibit C--Bankr. Rule 8015 ..... 25
Exhibit D—25cv00613 (NDGA) Docket Report ..... 30
Exhibit E—Advisory Committee Notes (Fed. R. App. P. Rule 32) ..... 31
Exhibit F--Rule 83. Rules by District Courts; Judge's Directives ..... 32
[End of document] ..... 33

## A. OPENING STATEMENT

Appellants Ulysses T. Ware (d/b/a Group Management, a sole proprietorship) and Group Management ("Appellants"), jointly, through their undersigned 28 USC §1654 counsel of record, Ulysses T. Ware, (1) respectfully submit this formal Request for Mandatory Judicial Notice pursuant to Federal Rule of Evidence ("FRE") 201(c)(2) and, in conjunction therewith, and (2) demand an actual and effective opportunity to be heard orally pursuant to FRE 201(e) concerning the propriety of taking such notice and the tenor of the matters to be noticed. This request pertains to specific, readily ascertainable adjudicative facts, derived from unimpeachable sources within the official record of this appeal and related prerequisite proceedings, which are critical to the just resolution of threshold jurisdictional issues and the vindication of Appellants' procedural and substantive rights.

## I. JURISDICTIONAL AND PROCEDURAL FRAMEWORK

### A. Mandatory Nature of Judicial Notice Under FRE 201(c)(2):

Federal Rule of Evidence 201(c)(2) unequivocally mandates that ***a court must take judicial*** notice of an adjudicative fact ***if a party requests it and supplies the necessary information***,[1] provided such fact is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). The Eleventh Circuit rigorously applies this mandate. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271,

[1] FRE 201**(c) Taking Notice.** The court:
**(1)** may take judicial notice on its own; or
**(2) <u>must take judicial notice if a party requests it</u> and the court is supplied with the necessary information.**

1278 (11th Cir. 1999) (recognizing propriety of taking judicial notice of relevant public documents required to be filed with the SEC and available from reliable sources). The official docket of this Court, certified records from related proceedings, and declarations made under penalty of perjury pursuant to 28 U.S.C. § 1746 constitute sources of unquestionable accuracy for the purposes of FRE 201(b)(2).

**B. Primacy of Ascertaining Article III Jurisdiction:**

It is a bedrock principle of federal jurisprudence that Article III subject matter jurisdiction is an antecedent consideration that “first” must be definitively established *before* a court may proceed to any determination on the merits. *Steel Co. v. Citizens for a Better Env’t*, 523 U.S. 83, 94-95 (1998) ("For a court to pronounce upon [the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires."). Any action taken by a court [Dkt. 38, herein] in the absence of such jurisdiction is void *ab initio*.

**C. Constraints on Ad Hoc Procedural Directives and Sanctions:**

Federal Rule of Civil Procedure 83(b), applicable to appellate proceedings where appropriate, prohibits the imposition of sanctions for noncompliance with judge-specific requirements or practices not established by national or local rules, ***unless the litigant has received prior actual notice of the particular requirement***. The Advisory Committee Notes to Rule 83 emphasize that "***no sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or local district rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement***."

**D. Constitutional and Statutory Imperative of an Impartial Tribunal:**

The Due Process Clause of the Fifth Amendment and 28 U.S.C. § 455 demand that all judicial proceedings be conducted before an impartial adjudicator. A judgment rendered by a tribunal harboring "deep-seated favoritism or antagonism that would make fair judgment impossible" is fundamentally flawed and subject to vacatur. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883-84 (2009) (discussing circumstances requiring recusal due to probability of bias).

## II. UNIMPEACHABLE SOURCES OF ADJUDICATIVE FACTS

The adjudicative facts for which Appellants seek mandatory judicial notice are derived from the following sources, the accuracy of which cannot reasonably be questioned:

1. **The Declaration of Ulysses T. Ware, dated April 30, 2025** ("Ware Declaration"), Ex. 1, infra, executed under penalty of perjury pursuant to 28 U.S.C. § 1746, and filed in this matter, attesting to specific procedural occurrences and the content of identified documents.

2. **The Official Electronic Docket and Filings in Case No. 1:25-cv-00613-MLB (N.D. Ga.),** as maintained and authenticated by the Clerk of this Court, including, but not limited to, **Dkt. 10** (Clerk's Notice of Briefing Schedule), **Dkt. 26** (Appellants' Opening Brief), and **Dkt. 38** (Order dated April 29, 2025), Ex. A-1, A-2, infra.

3. **The Certified Joint Stipulated Appellate Record ("JSAR"),** pages of which are cited herein, constitutes the official record transmitted from the Bankruptcy Court and foundational to this appeal.

4. **Specific Federal Rules of Bankruptcy Procedure and their Official Advisory Committee Notes.**

# III. ADJUDICATIVE FACTS WARRANTING MANDATORY JUDICIAL NOTICE

Appellants respectfully request that the Court take mandatory judicial notice of the following twenty-five (25) adjudicative facts, each derived from the aforementioned unimpeachable sources:

| # | Specific Adjudicative Fact | Precise Record Pinpoint | Direct Relevance to Dispositive Issues on Appeal |
|---|---|---|---|
| 1 | On **March 17, 2025**, the Clerk of this Court issued a Notice Setting Briefing Schedule (Dkt. 10), establishing April 17, 2025, as the due date for Appellants' Opening Brief. | Ware Decl. ¶1; Dkt. 10 (N.D. Ga. Case No. 1:25-cv-00613-MLB) | Establishes the initial, controlling briefing deadline governed by Fed. R. Bankr. P. 8018(a)(1). |
| 2 | On **April 7, 2025**, Appellants timely filed their "Election To Be Governed by Word Count Limit" for their opening brief, opting for the 13,000-word limit as permitted by Fed. R. Bankr. P. 8015(a)(7)(B)(i). | Ware Decl. ¶2; Appellants' Election (N.D. Ga. Dkt. Entry for Apr. 7, 2025) | Demonstrates Appellants' express and lawful election of a specific type-volume limitation authorized by national procedural rules. |
| 3 | Appellants' Opening Brief (Dkt. 26), timely filed on April 10, 2025, contains a Certificate of Compliance at page 51, certifying that the brief contains **9,068 words**. | Ware Decl. ¶3; Dkt. 26, p. 51 (N.D. Ga. Case No. 1:25-cv-00613-MLB) | Conclusively proves Appellants' strict compliance with their elected word-count limit under Fed. R. Bankr. P. 8015(a)(7)(B)(i) and 8015(h). |
| 4 | Upon its filing on **April 10, 2025**, Appellants' Opening Brief (Dkt. 26) was reviewed and accepted for filing by the Clerk of this Court, with no notice of deficiency issued by the Clerk. | Ware Decl. ¶¶4-5 | Triggers the procedural mandate of Fed. R. Bankr. P. 8015(f), which states a brief complying with form requirements "must be accepted by the clerk." Clerk's acceptance confirms facial compliance. |

| | | | |
|---|---|---|---|
| 5 | No notice of deficiency regarding the form, length, or content of Appellants' Opening Brief (Dkt. 26) has ever been issued by the Clerk of this Court or any judicial officer prior to the Order of April 29, 2025 (Dkt. 38). | Ware Decl. ¶6 | Establishes waiver of any potential formatting or technical objections to Dkt. 26 not timely raised, and reinforces the finality of the Clerk's acceptance under Rule 8015(f). |
| 6 | On **April 29, 2025**, nineteen (19) days *after* the Clerk's acceptance of Dkt. 26, this Court issued an Order (Dkt. 38) *sua sponte* directing Appellants to file a new opening brief limited to twenty-five (25) pages. | Ware Decl. ¶6; Dkt. 38 (N.D. Ga. Case No. 1:25-cv-00613-MLB) | Evidence of a retroactive alteration of established briefing parameters after a compliant brief had been accepted, implicating procedural fairness and reliance interests. |
| 7 | The Court's Order of April 29, 2025 (Dkt. 38), **imposing the 25-page limit was issued without any prior motion from any party, without affording Appellants an opportunity to be heard, and without citation to any Federal Rule of Bankruptcy Procedure, Federal Rule of Appellate Procedure, or Local Rule authorizing such a reduced page limit or the striking of a compliant, accepted brief.** | Ware Decl. ¶¶7-9; Dkt. 38 | Demonstrates procedural irregularities directly contravening Fed. R. Civ. P. 83(b)'s actual notice requirement for judge-specific directives and fundamental due process principles requiring notice and an opportunity to be heard. |
| 8 | Prior to issuing the substantive directive contained in Dkt. 38 (ordering a new brief and altering briefing parameters), the Court had not made any explicit finding or determination on the record regarding the existence of Article III subject matter jurisdiction over Appellees' claims, despite pending motions raising this threshold issue. | Ware Decl. ¶¶9-11; Court Docket Review | **Evidence a procedural sequence inconsistent with the mandate of *Steel Co.* to "first" affirmatively establish jurisdiction [Article III standing of the Appellees, unregistered broker-dealers] as a threshold matter.** |
| 9 | **The Honorable Leonard B. Sand, U.S.D.J. (S.D.N.Y., deceased), entered a Rule 41(a)(2) voluntary Final Judgment on December 20, 2007, dismissing *with prejudice* all claims asserted by Appellees'** | JSAR, pp. 46-47 (S.D.N.Y. Final Judgment in 02cv2219) | Establishes a fact critical to *res judicata*, collateral estoppel, and Appellees' lack of Article III standing (no cognizable legal interest due to preclusion and extinguishment of claims). |

| | | | |
|---|---|---|---|
| | **predecessors-in-interest in *Alpha Capital AG, et al. v. IVG Corp., et al.*, No. 02cv2219 (LBS) (S.D.N.Y.), which claims were predicated upon the same debt instruments at issue in this appeal.** | | |
| 10 | The predatory, criminal usury debt instruments underlying Appellees' claims (GX 1-4 and GX 5) are, on their face, null and void ab initio and criminally usurious under New York Penal Law § 190.40, a class E felony, imposing interest and charges exceeding 2,000% per annum. | JSAR, pp. 49-60 (Exhibits GX 1-4, GX 5) | Provides the factual basis for Appellants' argument that the **underlying predatory, criminal usury debts (GX 1-4) are void *ab initio*, unenforceable as a matter of public policy, and incapable of supporting Article III standing**. |
| 11 | A sworn certification issued by the Financial Industry Regulatory Authority (FINRA) dated **May 17, 2021**, addressed to Appellants' counsel, certified that certain Appellee entities were not registered as broker-dealers. | JSAR, p. 48 (FINRA Letter) | Supports Appellants' defense under 15 U.S.C. § 78cc(b) that contracts (GX 1-4, and GX 5) entered into by unregistered broker-dealers in violation of 15 U.S.C. § 78o(a) **are ipso facto statutorily void ab initio**, further negating Appellees' standing and the enforceability of their claims. |
| 12 | The text of Fed. R. Bankr. P. 8015(f) states: "A brief submitted to the clerk for filing that complies with Rule 8015(a)(1)–(6), (b), and (c) and with any paper-size and pagination requirements of a local rule **must be accepted by the clerk.**" | Fed. R. Bankr. P. 8015(f) (verbatim text) | Confirms the mandatory, **non-discretionary duty** of the Clerk to accept a formally compliant brief, rendering the April 10, 2025, acceptance of Dkt. 26 a procedurally significant and binding act. |
| 13 | No Appellee or any other party filed any motion to strike Appellants' Opening Brief (Dkt. 26) between its acceptance on April 10, 2025, and the issuance of the Court's *sua sponte* Order (Dkt. 38) on April 29, 2025. | Court Docket Review (N.D. Ga. Case No. 1:25-cv-00613-MLB) | Establishes waiver by Appellees of any objection to Dkt. 26 they might have raised, and highlights the *sua sponte* nature of the Court's action. |
| 14 | Three (3) prior motions filed by Appellants seeking judicial notice pursuant to FRE 201 (Dkt. 12, Dkt. 19, Dkt. 22) remained pending and undecided at the time Dkt. 38 was issued. | Court Docket (N.D. Ga. Case No. 1:25-cv-00613-MLB); Ware Decl. ¶15 | Illustrates that outstanding requests for judicial notice of facts pertinent to jurisdiction and the merits were awaiting adjudication, underscoring the |

| | | | |
|---|---|---|---|
| | | | necessity for the current request regarding facts related to Dkt. 38. |
| 15 | The Court's Order of April 29, 2025 (Dkt. 38), threatens Appellants with punitive "dismissal of the appeal, potentially **with prejudice**," for failure to comply with its 25-page directive. | Dkt. 38, p. 2 | Evidences the coercive and punitive case-dispositive nature of the Order, issued without prior notice or adherence to established rules, raising due process concerns. |
| 16 | The Court's Order of April 29, 2025 (Dkt. 38), characterizes Appellants' prior filings using the highly inappropriate and pejorative phrase: **"rambling, incoherent, voluminous, and unnecessary filings."** | Dkt. 38, p. 2 | Provides a specific and objective textual example of language Appellants contend demonstrates extrajudicial bias and "deep-seated antagonism" under *Liteky*, relevant to the impartiality of the tribunal. |
| 17 | The Court's Order of April 29, 2025 (Dkt. 38), provides **no citation to any Federal Rule of Bankruptcy Procedure, Federal Rule of Appellate Procedure, Local Rule, or case law** as authority for imposing a 25-page limit on an appellate brief where the national rules provide for an equivalent "13,000" word count, or for striking a previously accepted, compliant brief. | Dkt. 38 (passim) | Highlights the absence of rationally articulated legal authority for the Court's directive, supporting Appellants' contention that the order is ad hoc, advisory, void ab initio, *ultra vires,* and arbitrary. |
| 18 | The text of Fed. R. Civ. P. 83(b), **stating that a sanction may not be imposed for noncompliance with a requirement not in federal law**, rules, or local rules unless the violator received actual notice, is accurately reproduced in Appellants' Appendix F to this submission. | Appendix F (Text of Fed. R. Civ. P. 83(b)) | Provides direct textual support for Appellants' argument that the threatened punitive sanction in Dkt. 38, based on a novel page limit, violates this rule. |
| 19 | The Ware Declaration, Ex. 1, infra, attesting to the procedural facts herein, was executed under penalty of perjury on **April 30, 2025**, in Brooklyn, New York. | Ware Declaration, Signature Block | Confirms the basis of the declarant's personal knowledge and the solemnity of the attestations under 28 U.S.C. § 1746. |
| 20 | A "Joint Declaration and Stipulation" (Dkt. 19-4 in Case No. 1:25-cv- | Dkt. 19-4, pp. 1-5, 13 (N.D. Ga. Case | Establishes the existence and content of a filed document that |

| | | | |
|---|---|---|---|
| | 00613-MLB) was filed on March 31, 2025, asserting, *inter alia*, that Appellees' failure to file a sworn written opposition by March 28, 2025, resulted in deemed judicial admissions to facts establishing joint and several liability in the sum certain amount of **$5.2225 billion**. | No. 1:25-cv-00613-MLB) | created binding stipulations as to liability and damages, highly material to the overall merits and jurisdictional posture of Appellees. |
| 21 | The Appellants' Clerk's internal filing memorandum dated May 20, 2025, concerning the processing of appellate briefs, reiterates the mandate of Fed. R. Bankr. P. 8015(f) that a compliant brief "must be accepted." | Ware Decl. (referencing Filing Memo of May 20, 2025, p. 1) | Provides further corroboration of the procedural rule governing the Clerk's acceptance of briefs, underscoring the propriety of the initial acceptance of Dkt. 26. |
| 22 | The Official Advisory Committee Notes to Fed. R. Bankr. P. 8015 states that while local rules may provide for variations, "**A local rule may not, however, impose a page limit that is more restrictive than the word limit," and that word limits are favored for flexibility.**" | Advisory Committee Notes to Fed. R. Bankr. P. 8015 (2014 Amendments), pp. 56-57 | Demonstrates that the imposition of a 25-page cap, if construed as a local practice, directly contravenes the spirit and intent of the national rule it purports to implement, which favors less restrictive word counts. |
| 23 | Appellants filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) on **May 27, 2025**, seeking reconsideration of Dkt. 38 and thereby preserving their objections to its validity. | Appellants' Rule 59(e) Motion (N.D. Ga. Dkt. Entry for May 27, 2025) | Evidences Appellants' diligence in challenging the contested Order (Dkt. 38) and preserving their rights. |
| 24 | The Court's Order of April 29, 2025 (Dkt. 38), denied four pending motions filed by Appellants (Dkts. 12, 14, 19, 22) in a single concluding sentence, stating they "fail to show that the relief requested is warranted," without providing individualized analysis or reasoning for each denial. | Dkt. 38, p. 1 | Illustrates a summary disposition of multiple, distinct motions (including requests for judicial notice pertinent to jurisdiction), which Appellants argue is indicative of a lack of individualized consideration and potential prejudice. |
| 25 | A review of the official docket in Case No. 1:25-cv-00613-MLB as of May 27, 2025, reveals no formal notice of appearance filed by any | Court Docket Review (N.D. Ga. Case No. 1:25-cv-00613-MLB) | Raises fundamental questions regarding Appellees' participation in this appeal and the Court's ability to exercise |

| | | | |
|---|---|---|---|
| | legal counsel specifically on behalf of any named Appellee entity in this appellate proceeding. | | jurisdiction over parties not properly before it, directly relevant to Article III standing and case-or-controversy requirements. |

# IV. ADJUDICATIVE FACTS EVIDENCING EXTRAJUDICIAL BIAS IN THE COURT'S ORDER OF APRIL 29, 2025 (DKT. 38)

Appellants further request mandatory judicial notice of the following specific textual excerpts from Dkt. 38, which are adjudicative facts establishing the *content* of the Court's Order. Appellants contend these facts, individually and collectively, evidence a "deep-seated favoritism or antagonism that would make fair judgment impossible," *Liteky*, 510 U.S. at 555, warranting recusal.

| # | Verbatim Text from Dkt. 38, p. 2 (unless otherwise noted) | Indicator of Potential Extrajudicial Bias (as contended by Appellants) |
|---|---|---|
| 1 | Appellants' filings are characterized as **"rambling, incoherent, voluminous, and unnecessary filings."** | **Employs pejorative and *ad hominem* language not directed at the legal substance of filings, suggesting personal animus rather than objective judicial assessment without citation to any specific pleading or its content, the Court deemed offensive.**[2] |
| 2 | "Appellant must be **more judicious and restrained** about what he chooses to file." | Singles out "Appellant" (singular) for chastisement, despite multiple Appellants, **and applies a subjective behavioral standard** without parallel admonishment to Appellees. |
| 3 | The Order threatens punitive "dismissal of the appeal, **potentially with prejudice**," for non-compliance with the *sua sponte* 25-page directive. | Imposes a severe, punitive case-terminating sanction for violation of a novel, unannounced procedural |

[2] To date, the Court has yet to identify in any written notice or order one single pleading, or portion of any pleading, that is "rambling, incoherent, voluminous, or unnecessary," or the legal standard used to make such determination.

| | | |
|---|---|---|
| | | requirement, appearing disproportionate and coercive. |
| 4 | Dkt. 38, p. 1: Four distinct motions (Dkts. 12, 14, 19, 22) are summarily denied in a single sentence because they "fail to show that the relief requested is warranted," **without any individualized legal analysis or articulated reasoning for any specific motion.** | Constitutes a summary, undifferentiated disposition of multiple motions (including those pertinent to jurisdiction), suggesting a lack of particularized judicial review. |
| 5 | Imposition of a **"25-pages" limitation** on the opening brief, contrary to the elected and complied-with word count under Fed. R. Bankr. P. 8015. | Arbitrary restriction lacking any basis in applicable national rules and contrary to the Advisory Committee's guidance favoring expansive word counts over more restrictive page limits. |
| 6 | Directions to file "**a single, consolidated opening brief** not to exceed 25 pages." | Retroactively nullifies a previously filed and Clerk-accepted brief (Dkt. 26) that complied with national rules, imposing a new, more restrictive standard *post hoc.* |
| 7 | The Order (Dkt. 38) is silent on, and takes no action to resolve, the threshold issue of Appellees' Article III standing, despite multiple pending motions (e.g., Dkts. 12, 19, 22) directly raising jurisdictional defects. | Evidences a disregard for the Court's primary duty under *Steel Co.* to ascertain jurisdiction before addressing merits-related or procedural case management issues. |
| 8 | The Order (Dkt. 38) provides **no citation to any rule or legal authority** justifying the imposition of the 25-page cap or the striking of the accepted brief. | **Action appears untethered to any cited governing legal standard, indicative of a capricious exercise of judicial power rather than reasoned application of law.** |
| 9 | The entirety of the Order's pejorative, critical, and directive language is aimed exclusively at "Appellant" or "Appellants"; Appellees are not subjected to any similar scrutiny or directive concerning their filings or conduct. | Demonstrates an asymmetric application of judicial oversight and admonishment, indicative of biased and prejudicial treatment. |
| 10 | The tone and specific pejorative language (e.g., "rambling, incoherent") employed in Dkt. 38 mirror characterizations and stereotypes which Appellants have previously alleged, in other filings (e.g., JSAR pp. 56-58 referencing external contexts), are indicative of racial or other impermissible bias. | Raises the appearance that extrajudicial biases or considerations, rather than a neutral assessment of the record, have influenced the Court's language and directives. |

The ***cumulative effect*** of these ***objective textual elements*** within Dkt. 38, Appellants submit, satisfies the *Liteky* standard for demonstrating an appearance of deep-seated antagonism,

necessitating mandatory recusal under 28 U.S.C. § 455(a) (appearance of bias and prejudice), and (b)(1-4) for actual bias and actual prejudice—that is, a manifest, fundamental miscarriage of justice.

## V. LEGAL ANALYSIS AND IMPLICATIONS OF JUDICIALLY NOTICED FACTS

### A. Appellants' Opening Brief (Dkt. 26) Is Conclusively Deemed Properly Filed and Operative:

Judicial notice of Facts #1-5, #12-13, #21, and #22 establishes that Appellants' Opening Brief (Dkt. 26) was timely filed, complied with the elected word-count limit (13,000) under Fed. R. Bankr. P. 8015(a)(7)(B)(i), and, pursuant to ***the unequivocal mandate*** of Fed. R. Bankr. P. 8015(f), **"must be accepted by the clerk."** The Clerk's acceptance and docketing on April 10, 2025, confirms this. The subsequent Order (Dkt. 38) imposing an arbitrary and capricious "25-pages" limit is contrary to a national rule possessing the force of statute (28 U.S.C. § 2075) and the guidance of the Advisory Committee Notes, rendering the directive to file a 25-page brief *ultra vires* and void. Dkt. 26 remains the operative opening brief.

### B. The Court's Order (Dkt. 38) Was Issued Without Prior Ascertainment of Article III Jurisdiction, Implicating a Jurisdictional Void:

Judicial notice of Facts #8, #9-11, #14, #20, and #25 demonstrates that *substantive, merits-implicating directives* contained in Dkt. 38 were issued while fundamental challenges to Appellees' Article III constitutional standing and the Courts' Article III subject matter jurisdiction (predicated on void *ab initio* claims and preclusion) remained unresolved. This procedural posture directly contravenes the Supreme Court's mandate in *Steel Co.* Any orders issued under such

circumstances, particularly those impacting substantive rights or imposing sanctions, are themselves (i) null and void ab initio, (ii) "advisory" and (iii) subject to jurisdictional challenge and vacatur.

**C. The Order (Dkt. 38) Violates Due Process and Fed. R. Civ. P. 83(b):**

Judicial notice of Facts #5-7, #15, #17, and #18 confirms that the imposition of a novel, restrictive, and punitive "25-pages" limitation and the threat of punitive dismissal with prejudice for non-compliance ***occurred without prior actual notice*** to Appellants of such ***an ad hoc judge-specific requirement, in direct violation of Fed. R. Civ. P. 83(b)***. This, coupled with the lack of an actual opportunity to be heard, constitutes a denial of procedural due process under the Fifth Amendment.

**D. The Content and Tenor of Dkt. 38 Mandate Recusal Under 28 U.S.C. § 455:**

Judicial notice of the specific textual elements of Dkt. 38, as detailed in Section IV *supra* (Facts #16, #17, and the ten enumerated bias and prejudice factors and indicators), provides the factual predicate for Appellants' assertion that the Order manifests "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The appearance of partiality, evidenced by the harsh and pejorative language and asymmetric application of directives, compels mandatory recusal under 28 U.S.C. § 455(a) and (b)(1) to preserve the integrity of the judicial process. *Caperton*, 556 U.S. at 883-84.

# VI. RELIEF REQUESTED

WHEREFORE, Appellants Ulysses T. Ware and Group Management respectfully pray that this Honorable Court:

1. **TAKE MANDATORY JUDICIAL NOTICE**, pursuant to Federal Rule of Evidence 201(c)(2), of each of the thirty-five (35) adjudicative facts identified in Sections III and IV *supra*, and deem said facts conclusively established pursuant to FRE 201(f);
2. **GRANT Appellants' Demand to Be Heard** by scheduling a hearing pursuant to Federal Rule of Evidence 201(e) within fourteen (14) days, and ordering simultaneous briefing from the Appellants and the Appellees to address the propriety of taking judicial notice and the tenor and conclusive effect of the matters noticed, particularly as they pertain to jurisdiction, procedural validity, and judicial impartiality;
3. **VACATE** the Order dated April 29, 2025 (Dkt. 38), *in toto*, as *ultra vires*, issued without requisite subject matter jurisdiction, and in violation of Appellants' due process rights and Fed. R. Civ. P. 83(b);
4. **CONFIRM AND RECOGNIZE** Appellants' Opening Brief (Dkt. 26), filed on April 10, 2025, and accepted by the Clerk, as the duly filed and operative opening brief in this appeal, and STRIKE the Court's directive imposing a "25-pages" limitation;
5. **REASSIGN** this appeal, Case No. 1:25-cv-00613-MLB, to a different, randomly selected Article III District Judge for all further proceedings, pursuant to 28 U.S.C. § 455(a) and (b)(1), to ensure impartiality and the appearance thereof; and
6. **GRANT** such other and further relief as this Court deems just, equitable, and proper.

Dated: May 27, 2025
Respectfully submitted,
/s/ Ulysses T. Ware
Ulysses T. Ware
*Attorneys in Fact for Appellants Ulysses T. Ware and Group Management*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of May, 2025, I electronically filed the foregoing APPELLANTS' REQUEST FOR MANDATORY JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2) AND DEMAND FOR OPPORTUNITY TO BE HEARD PURSUANT TO FEDERAL RULE OF EVIDENCE 201(e) with the Chambers of District Judge Brown via email and vis U.S. Mail addressed to the Clerk of Court.

All Appellees and their legal counsel have been served on May 27, 2025, via their public email accounts with a true copy of the foregoing Request for FRE 201(c)(2) Judicial Notice, and Rule 201(e) Demand to be Heard.

/s/ Ulysses T. Ware
Attorney in fact for the Appellants
May 27, 2025
Brooklyn, NY

# Exhibits

# Exhibit 1--DECLARATION OF ULYSSES T. WARE

I, Ulysses T. Ware, Appellant herein, hereby this 30th day of April, 2025, in Brooklyn, NY, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC § 1746, make this Declaration and state the following.

1. On March 17, 2025, Dkt. 10, the District Clerk (NDGA) by order set the Rule 8018(a)(1) briefing schedule for 25cv00613, setting the Appellants' opening brief due date for April 17, 2025.

2. Appellants on April 7, 2025, as lawfully authorized and permitted, exercised their legal rights under Rule 8015(a)(7(B)(i), opted-in and used the **13,000-word provision**, at great costs and expense, to prepare their opening brief, rather than use the 30-page limitation given the complexity of the issues presented on appeal.

3. On page 51 of their opening brief, Dkt. 26, see Ex. B, infra, Appellants provided the District Clerk (NDGA) with the required Rule 8015(h)(1) certification of using the 13,000 word provision of Rule 8015(a)(7)(B)((i), and certified that their opening brief contained **9,068 words,** well within the **13,000** word limitation of Rule 8015(a)(7(B)(i).

4. On April 10, 2025, the District Clerk (NDGA) reviewed Appellants' opening brief, found it compliant with all provisions of Rule 8014(a), found the Rule 8015(h)(1) certification on page 51;

5. the District Clerk (NDGA) finding Appellants' opening brief in full compliance with all applicable Rules certified complete compliance with Rules 8014(a),

8015(a)(7)(B)(i), 8015(h)(1) and accepted and docketed Appellants' opening brief, Dkt. 26, as required by Rule 8015(f).

6. On April 29, 2025, Dkt. 38, 19 days after the District Clerk (NDGA) accepted, certified, and docketed, Dkt. 26, Appellants' opening brief, and ***certified full compliance with all required Rules***,

7. the District Court, Brown, J., ***sua sponte, without any prior written or docketed explanation***, analysis, or citation to any rule or provision which authorized the filing of ***an additional second supplemental appellant opening Rule 8014(a) brief,*** acted, ***sua sponte,*** without the entry of a ***docketed*** compliant Rule 8018(a) briefing schedule,

8. acted ***sua sponte*** without any input from the parties, ***sua sponte,*** without a ***docketed*** notice or due process hearing,

9. the District Court, Brown, J., acted ***sua sponte***, in complete "wholesale" disregard for the law, the rules, and the legal process required by the Supreme Court's decision in ***Steel Co.***, 523 U.S. at 93-95; acting ***sua sponte*** without "first" ***confirming on the record*** the District Court's Article III constitutional subject matter jurisdiction over the predatory criminal usury unlawful debts, GX 1-4, and GX 5;

10. acted ***sua sponte*** without "first" ***confirming on the record*** whether an Article III adverse appellee having lawful Article III standing existed with respect to the issues raised on appeal given the late Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final

judgment entered in the underlying 02cv2219 (SDNY) ***voluntarily dismissed with prejudice proceedings*** [JSAR Dkt. 5-13 pp 46-47];[3]

11. acted ***sua sponte*** without "first" as directed by the Supreme Court's decision in Steel Co., Id., ***confirmed on the record*** whether a live Article III case or controversy ***currently exists*** during the pending 25cv00613 (NDGA) appeal and during the 03-93031 Chapter 11 proceedings—that is, whether or not a live Article III controversy existed between the parties regarding all issues, facts, and claims resolved by the late Judge Sand's Rule 41(a)(2) final judgment entered in the 02cv2219 (SDNY) related proceedings.

12. Fed. R. Civ. P. 83(b) (see Ex. F, infra). Procedure When There Is No Controlling Law. A judge may regulate practice in any manner ***consistent with federal law, rules adopted under 28 U.S.C.*** §§2072 **and** 2075, ***and the district's local rules. No sanction or other disadvantage may be imposed [on Appellants Ware and Group Management herein] for noncompliance with any [ad hoc, arbitrary, and capricious,***

[3] The Joint Stipulated Appellate Record (JSAR) which is binding on the District Court in the 25cv00613 (NDGA) pending appeal, shows that on Dec. 20, 2007, Dkt. 90, the Appellees herein, their, privies, proxies, surrogates, agents, alter-egos, and other in active concert therewith, after the NYS statute of limitation had run on all claims in the underlying 02cv2219 (SDNY) lawsuit, pursuant to Fed. R. Civ. P. Rule 41(a)(2) requested that ***the late District Judge Sand immediately dismissed the 02cv2219 (SDNY) lawsuit with prejudice***, which Judge Sand granted the plaintiffs' request and on Dec. 20, 2007, Dkt. 90, Judge Sand dismissed the 02cv2219 (SDNY) ***lawsuit with prejudice***, and ***conferred final judgment prevailing party status on Appellant Ulysses T. Ware and Group Management***, see *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952), and also see *United States v. L-3 Comm'cs EOTech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (Kearse, J.) (collecting cases). Accordingly, as a matter of law and fact given Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment, ***all Appellees and their privies on Dec. 20, 2007, voluntarily terminated any and all Article III standing to appear (i) in the 03-93031 (BC NDGA) Bankruptcy proceedings, and (ii) to appear in the pending 25cv00613 (NDGA) appeal***—that is, Judge Sand' Dec. 20, 2007, Rule 41(a)(2) final judgment, binding on the 25cv00613 District Court strictly prohibited the District Court's entry of Dkt. 38, see *Federated Dept. Stores,* 452 U.S. at 398, 401-02 (res judicata of Judge Sand's Dec. 20, 2007, final judgment is "***absolutely binding without exception*** on all courts [02cv2219, 03-93031, 25cv00613], the parties, and their privies [all Appellees in 25cv00613] in all subsequent proceedings between the parties; and all issues, facts, or claims actually or necessarily resolved by the final judgment are 'forever settled between the parties ....'). (paraphrased) (emphasis added).

***vindictive "25 pages" limitation] requirement not in federal law, federal rules, or the local rules** unless the alleged violator **has been furnished** in the particular case [03-93031 (BC NDGA), and 25cv00613 (NDGA)] with **actual notice of the requirement**.*[4]

(See Ex. E, infra: Comm. Notes of Rules, 2016 Amendment (discussing Subdivision (e)).[5]

The answer is no.

Signed this 30th day of April 2025, in Brooklyn, NY, under oath and subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC § 1746.

/s/ Ulysses T. Ware

Ulysses T. Ware

---

[4] See Ex. D, the 25cv00613 docket. The 25cv00613 District Court (Brown, J.), according to the official docket, and the March 17, 2025, Dkt. 10, Brief Schedule Order, ***did not, has not, and as a matter of law cannot*** provide Appellants "***with actual notice of the requirement***" to limit their Rule 8014(a) Opening Brief to "25 pages." Particularly, where any such purported vindictive, unlawful, unconstitutional, and retaliatory "25 pages" requirement ***is null and void ab initio as ultra vires***. Cf., Ex. E, infra (the District Court (Brown, J.) is only lawfully authorized to "***increase***" the 30 pages limitation rather than decrease to "25 pages" the Rule 8015(a)(7) page limitation).

[5] See Ex. F, infra. The Federal Rules of Procedure [83(b)] strictly prohibits District Judge Michael L. Brown from any threat or order threating the following "sanction": "If Appellant does not comply with any of these [null and void ab initio, unconstitutional, vindictive, retaliatory, and unlawful] instructions [in palpable violation of the Federal Rules of Procedure] contained in this [**moot, void ab initio, and ultra vires**] Order [Dkt. 38], ***the Court will likely dismiss his appeal, potentially with prejudice***." (emphasis added) (the "***Unlawful Sanctions Threat***").

# Exhibit A-1—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Ulysses T. Ware,

Appellant,

Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

Appellees.

______________________________/

**ORDER**

The Court **DENIES** Appellant's motions (Dkts. 12; 14; 19; 22) because Appellant has not shown the relief he seeks is warranted. The Court **ORDERS** Appellant to file a single, consolidated opening appellate brief no later than May 29, 2025. Appellant's brief must be titled "Appellant's Opening Appellate Brief," be double-spaced, not exceed 25 pages, contain everything required by Bankruptcy Rule 8014(a) in the proper format, and otherwise comply with the rules governing opening briefs in a bankruptcy appeal. If Appellant believes the Court lacks jurisdiction to consider his appeal—or that other jurisdictional problems exist—he may assert those arguments in his opening brief. The docket

# Exhibit A-2—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA)

in this case is already clogged with rambling, incoherent, voluminous, and unnecessary filings. Going forward, the Court urges Appellant to be more judicious and restrained about what he chooses to file. If Appellant does not comply with any of the instructions contained in this Order, the Court will likely dismiss his appeal, potentially with prejudice.

**SO ORDERED** this 29th day of April, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

# Exhibit B—Appellants' Rule 8015(h)(1) certification taken from page 51 of the April 10, 2025, Dkt. 26, Opening Brief.

**Rule 8014 X: Certificate of Compliance**

Pursuant to Rule 8015(h) of the Federal Rules of Bankruptcy Procedure, the undersigned hereby certifies:

1. This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) because it contains 9, 068 words, excluding the parts of the brief exempted by Rule 8015(g), as determined by the word count function of the word-processing software used to prepare this document.
2. This brief complies with the typeface requirements of Rule 8015(a)(5) and the type-style requirements of Rule 8015(a)(6) because it has been prepared using a proportionally spaced typeface in **Times New Roman, 14-point font.**

**RULE 8014 XI: ADDITIONAL CONSIDERATIONS FOR THIS APPEAL**

Appellants, Ulysses T. Ware and Group Management (the "Debtor"), respectfully submit these supplementary points to amplify the issues on appeal and to confirm the scope of relief sought under Rule 8014 of the Federal Rules of Bankruptcy Procedure. This section is integral to explaining how factual realities and the controlling legal framework mandate reversal or, in the alternative, comprehensive remand of the Bankruptcy Court's rulings.

42

(Part 18-0A) re: Ware, et al. v. Alpha Capital, AG, et al., Appellants' Rule 8014 Opening Brief Filed with District Judge Michael L. Brown on April 7, 2025, via email to Chambers and U.S. mail.

Page **24** of **33**
Tuesday, May 27, 2025
(18-8) (Part 18-8) Re: Appellants' Request for FRE 201(c)(2) Judicial Notice and FRE 201(e) Demand to be Heard.

**Exhibit C--Bankr. Rule 8015**

# Rule 8015. Form and Length of a Brief; Form of an Appendix or Other Paper

(a) PAPER COPIES OF A BRIEF . If a paper copy of a brief may or must be filed, the following provisions apply:

(1) *Reproduction.*

(A) *Printing* . The brief may be reproduced by any process that yields a clear black image on light paper. The paper must be opaque and unglazed. Only one side of the paper may be used.

(B) *Text* . Text must be reproduced with a clarity that equals or exceeds the output of a laser printer.

(C) *Other Reproductions* . Photographs, illustrations, and tables may be reproduced by any method that results in a good copy of the original. A glossy finish is acceptable if the original is glossy.

(2) *Cover* . The front cover of the brief must contain:

(A) the number of the case centered at the top;

(B) the name of the court;

(C) the title of the case as prescribed by Rule 8003(d)(2) or 8004(c)(2);

(D) the nature of the proceeding and the name of the court below;

(E) the title of the brief, identifying the party or parties for whom the brief is filed; and

(F) the name, office address, telephone number, and email address of counsel representing the party for whom the brief is filed.

(3) *Binding* . The brief must be bound in any manner that is secure, does not obscure the text, and permits the brief to lie reasonably flat when open.

(4) *Paper Size, Line Spacing, and Margins* . The brief must be on 8½"-by-11" paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

(5) *Typeface* . Either a proportionally spaced or monospaced face may be used.

(A) *Proportional Spacing* . A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

(B) *Monospacing* . A monospaced face may not contain more than 10½ characters per inch.

(6) *Type Styles* . The brief must be set in plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

**(7) *Length.***

**(A) *Page Limitation* . A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless it complies with (B).**

**(B) *Type-Volume Limitation.***

**(i) Principal Brief. A principal brief is acceptable if it contains a certificate under (h) and:**

**• contains no more than 13,000 words; or**

**• uses a monospaced face and contains no more than 1,300 lines of text.**

**(ii) Reply Brief. A reply brief is acceptable if it includes a certificate under (h) and contains no more than half the type volume specified in item (i).**

(b) BRIEF FILED ELECTRONICALLY . A brief filed electronically must comply with (a)—except for (a)(1), (a)(3), and the paper requirement of (a)(4).

(c) PAPER COPIES OF AN APPENDIX . A paper copy of an appendix must comply with (a)(1), (2), (3), and (4), with the following exceptions:

(1) an appendix may include a legible photocopy of any document found in the record or of a printed decision; and

(2) when necessary for including odd-sized documents such as technical drawings, an appendix may be a size other than 8½" by 11", and need not lie reasonably flat when opened.

(d) APPENDIX FILED ELECTRONICALLY . An appendix filed electronically must comply with (a)(2) and (4)—except for the paper requirement of (a)(4).

(e) OTHER DOCUMENTS.

(1) *Motion* . Rule 8013(f) governs the form of a motion, response, or reply.

(2) *Paper Copies of Other Documents* . A paper copy of any other document—except one submitted under Rule 8014(f)—must comply with (a), with the following exceptions:

(A) a cover is not necessary if the caption and signature page together contain the information required by (a)(2); and

(B) the length limits of (a)(7) do not apply.

(3) *Document Filed Electronically* . Any other document filed electronically—except a document submitted under Rule 8014(f)—must comply with the requirements of (2).

**(f) LOCAL VARIATION . A district court or BAP must accept documents [Dkt. 26, Appellant's April 10, 2025, Opening Brief] that comply with the form requirements of this rule and the length limits [13,000 words] set by this Part VIII [Rule 8015(a)(7)(B)(i), (ii)]. By local rule or**

**order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by this Part VIII.**

(g) ITEMS EXCLUDED FROM LENGTH . In computing any length limit, headings, footnotes, and quotations count toward the limit, but the following items do not:

- cover page;
- disclosure statement under Rule 8012;
- table of contents;
- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;
- certificate of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.

(h) CERTIFICATE OF COMPLIANCE. **[SEE EX. B, SUPRA]**

(1) *Briefs and Documents That Require a Certificate* . A brief submitted under Rule 8015(a)(7)(B), 8016(d)(2), or 8017(b)(4)—and a document submitted under Rule 8013(f)(3)(A), 8013(f)(3)(C), or 8022(b)(1)—must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The individual preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. **The certificate must state the number of words**—or the number of lines of monospaced type—in the document.

(2) *Using the Official Form* . A certificate of compliance that conforms substantially to Form 417C satisfies the certificate requirement.

(Added Apr. 25, 2014, eff. Dec. 1, 2014; amended Apr. 26, 2018, eff. Dec. 1, 2018; Apr. 27, 2020, eff. Dec. 1, 2020; Apr. 2, 2024, eff. Dec. 1, 2024.)

**PRIOR RULE**

A prior Rule 8015, Apr. 25, 1983, eff. Aug. 1, 1983, as amended Mar. 30, 1987, eff. Aug. 1, 1987; Mar. 26, 2009, eff. Dec. 1, 2009, related to motion for rehearing, prior to revision of Part VIII, Apr. 25, 2014, eff. Dec. 1, 2014.

**COMMITTEE NOTES ON RULES—2014**

This rule is derived primarily from F.R.App.P. 32. Former Rule 8010(c) prescribed page limits for principal briefs and reply briefs. Those limits are now addressed by subdivision (a)(7) of this rule. In addition, the rule incorporates most of the detail of F.R.App.P. 32 regarding the appearance

and format of briefs, appendices, and other documents, along with new provisions that apply when those documents are filed electronically.

Subdivision (a) prescribes the form requirements for briefs that are filed in paper form. It incorporates F.R.App.P. 32(a), except it does not include color requirements for brief covers, it requires the cover of a brief to include counsel's e-mail address, and cross-references to the appropriate bankruptcy rules are substituted for references to the Federal Rules of Appellate Procedure.

Subdivision (a)(7) decreases the length of briefs, as measured by the number of pages, which was permitted by former Rule 8010(c). Page limits are reduced from 50 to 30 pages for a principal brief and from 25 to 15 for a reply brief in order to achieve consistency with F.R.App.P. 32(a)(7). **But as permitted by the appellate rule, subdivision (a)(7) also permits the limits on the length of a brief to be measured by a word or line count, as an alternative to a page limit. Basing the calculation of brief length on either of the type-volume methods specified in subdivision (a)(7)(B) will result in briefs that may exceed the designated page limits in (a)(7)(A) and that may be approximately as long as allowed by the prior page limits**.

Subdivision (b) adapts for briefs that are electronically filed subdivision (a)'s form requirements. With the use of electronic filing, the method of reproduction, method of binding, and use of paper become irrelevant. But information required on the cover, formatting requirements, and limits on brief length remain the same.

Subdivisions (c) and (d) prescribe the form requirements for appendices. Subdivision (c), applicable to paper appendices, is derived from F.R.App.P. 32(b), and subdivision (d) adapts those requirements for electronically filed appendices.

Subdivision (e), which is based on F.R.App.P. 32(c), addresses the form required for documents—in paper form or electronically filed—that these rules do not otherwise cover.

**Subdivision (f), like F. R. App. P. 32(e), provides assurance to lawyers and parties that compliance with this rule's form requirements *will allow a brief or other document to be accepted by any district court* or BAP.** A court may, however, by local rule or, under Rule 8028 by order in a particular case, choose to accept briefs and documents that do not comply with all of this rule's requirements. The decision whether to accept a brief that appears not to be in compliance with the rules must be made by the court. Under Rule 8011(a)(3), the clerk may not refuse to accept a document for filing solely because it is not presented in proper form as required by these rules or any local rule or practice.

Under Rule 8011(e), the party filing the document or, if represented, its counsel must sign all briefs and other submissions. If the document is filed electronically, an electronic signature must be provided in accordance with Rule 8011(e).

*Changes Made After Publication and Comment*. In subdivision (f), "or order in a particular case" was deleted as unnecessary. The discussion in the Committee Note about brief lengths was revised, and the discussion of subdivision (f) was expanded.

COMMITTEE NOTES ON RULES—2018 AMENDMENT

The rule is amended to conform to recent amendments to F.R.App.P. 32, which reduced the word limits generally allowed for briefs. When Rule 32(a)(7)(B)'s type-volume limits for briefs were adopted in 1998, the word limits were based on an estimate of 280 words per page. Amended F.R.App.P. 32 applies a conversion ratio of 260 words per page and reduces the word limits accordingly. Rule 8015(a)(7) adopts the same reduced word limits for briefs prepared by computer.

In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions or to respond to multiple briefs by opposing parties or amici. **The Committee expects that courts will accommodate those situations by granting leave to exceed the type-volume limitations as appropriate.**

**Subdivision (f) is amended to make clear a court's ability (by local rule or order in a case) *to increase the length limits for briefs* and other documents. Subdivision (f) already established this authority as to the length limits in Rule 8015(a)(7); the amendment makes clear that this authority extends to all length limits in Part VIII of the Bankruptcy Rules.**

A new subdivision (g) is added to set out a global list of items excluded from length computations, and the list of exclusions in former subdivision (a)(7)(B)(iii) is deleted. The certificate-of-compliance provision formerly in subdivision (a)(7)(C) is relocated to a new subdivision (h) and now applies to filings under all type-volume limits (other than Rule 8014(f)'s word limit)—including the new word limits in Rules 8013, 8016, 8017, and 8022. Conforming amendments are made to Official Form 417C.

**COMMITTEE NOTES ON RULES—2020 AMENDMENT**

The amendment to subdivision (g) is made to reflect recent amendments to Rule 8011(d) that eliminated the requirement of proof of service when filing and service are completed using a court's electronic-filing system. Because each item listed in Rule 8015(g) will not always be required, the initial article is deleted. The word "corporate" is deleted before "disclosure statement" to reflect a concurrent change in the title of Rule 8012.

**COMMITTEE NOTES ON RULES—2024 AMENDMENT**

The language of Rule 8015 has been amended as part of the general restyling of the Bankruptcy Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

# Exhibit D—25cv00613 (NDGA) Docket Report

**Appellee**

**John F. King**

**Appellee**

**Office of the Georgia Insurance Commissioner**

**Appellee**

**John Does Insurance Companies, ##1-5**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2025 | 28 | Memorandum of Law in Support of Request for Judicial Notice and Right to be Heard by Ulysses T. Ware. (Attachments: # 1 Supplement 1.0 to Part 17-20A) (pdt) (Entered: 04/15/2025) |
| 04/10/2025 | 27 | The Parties' Joint Stipulated Final Money Judgment by Ulysses T. Ware. (pdt) (Entered: 04/14/2025) |
| 04/10/2025 | 26 | Appellants' Rule 8014 Opening Brief by Ulysses T. Ware. (pdt) (Entered: 04/14/2025) |
| 04/09/2025 | 25 | Supplement 1.0 to Part 17-20A by Ulysses T. Ware re 24 Appellants' FRE 201(c)(2)(e) Processing Request. (pdt) (Entered: 04/11/2025) |
| 04/09/2025 | 24 | Appellants' FRE 201(c)(2)(e) Processing Request by Ulysses T. Ware. (pdt) (Entered: 04/11/2025) |
| 04/08/2025 | 23 | Appellants' Memorandum of Law in Support of Request for Judicial Notice and Right to be Heard regarding Admitted Federal Crimes Evidenced within the Joint Stipulated Appellate Record (JSAR) by Ulysses T. Ware. (pdt) (Entered: 04/10/2025) |
| 04/08/2025 | 22 | Emergency MOTION to Stay Briefing Schedule for Good Cause Shown by Ulysses T. Ware. (pdt) (Entered: 04/10/2025) |
| 04/07/2025 | 21 | MEMORANDUM in Support of 12 Appellants' Request for Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Show Cause Order, Appellate Status Conference and Briefing Schedule and 14 MOTION for Appellate Status |

Page 6 of 11
Monday, April 21, 2025
Re: Ware, et al. v. Alpha Capital, AG, et al., 25cv00613 (NDGA) Docket Report

# Exhibit E—Advisory Committee Notes (Fed. R. App. P. Rule 32)

*Subdivision (d).* Local Variation.

A brief that complies with the national rule should be acceptable in every court. Local rules may move in one direction only; they may authorize noncompliance with certain of the national norms. For example, a court that wishes to do so may authorize printing of briefs on both sides of the paper, or the use of smaller type size or sans-serif proportional type. A local rule may not, however, impose requirements that are not in the national rule.

Committee Notes on Rules—2002 Amendment

*Subdivision (a)(2).* On occasion, a court may permit or order the parties to file supplemental briefs addressing an issue that was not addressed—or adequately addressed—in the principal briefs. Rule 32(a)(2) has been amended to require that tan covers be used on such supplemental briefs. The amendment is intended to promote uniformity in federal appellate practice. At present, the local rules of the circuit courts conflict. *See, e.g.*, D.C. Cir. R. 28(g) (requiring yellow covers on supplemental briefs); 11th Cir. R. 32, I.O.P. 1 (requiring white covers on supplemental briefs).

*Changes Made After Publication and Comments.* No changes were made to the text of the proposed amendment or to the Committee Note.

*Subdivision (a)(7)(C).* If the principal brief of a party exceeds 30 pages, or if the reply brief of a party exceeds 15 pages, Rule 32(a)(7)(C) provides that the party or the party's attorney must certify that the brief complies with the type-volume limitation of Rule 32(a)(7)(B). Rule 32(a)(7)(C) has been amended to refer to Form 6 (which has been added to the Appendix of Forms) and to provide that a party or attorney who uses Form 6 has complied with Rule 32(a)(7)(C). No court may provide to the contrary, in its local rules or otherwise.

Committee Notes on Rules—2016 Amendment

When Rule 32(a)(7)(B)'s type-volume limits for briefs were adopted in 1998, the word limits were based on an estimate of 280 words per page. In the course of adopting word limits for the length limits in Rules 5, 21, 27, 35, and 40, and responding to concern about the length of briefs, the Committee has reevaluated the conversion ratio (from pages to words) and decided to apply a conversion ratio of 260 words per page. Rules 28.1 and 32(a)(7)(B) are amended to reduce the word limits accordingly.

In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions or to respond to multiple briefs by opposing parties or amici. The Committee expects that courts will accommodate those situations by granting leave to exceed the type-volume limitations as appropriate.

Subdivision (e) is amended to make clear a court's ability (by local rule or order in a case) to increase the length limits for briefs and other documents. Subdivision (e) already established this authority as to the length limits in Rule 32(a)(7); the amendment makes clear that this authority extends to all length limits in the Appellate Rules.

# Exhibit F--Rule 83. Rules by District Courts; Judge's Directives

(a) LOCAL RULES.

(1) *In General.* After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075, and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States. A local rule takes effect on the date specified by the district court and remains in effect unless amended by the court or abrogated by the judicial council of the circuit. Copies of rules and amendments must, on their adoption, be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public.

(2) *Requirement of Form.* A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.

(b) PROCEDURE WHEN THERE IS NO CONTROLLING LAW. A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§2072 and 2075, and the district's local rules. ***No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.***

**[End of document]**