FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 02 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk



## (18-7) (Part 18-7/17-20E)

# Case No. 1:25-cv-00613-MLB

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**Filed on Monday, May 5, 2025, at 10:42:08 AM**

---

**ULYSSES T. WARE and GROUP MANAGEMENT, (Debtor),**
**Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al., _Predatory Unregistered Brokers-Dealers_,**
**Appellees.**

---

**(On Appeal from the United States Bankruptcy Court**
**for the Northern District of Georgia, Case No. 03-93031-WLH)**

---

[Docket Text] [Part 18-7] Appellants' Request for Mandatory FRE 201(c)(2) Judicial Notice, Request for the FRE 201(e) Hearing, and Appellants' Priority Attempt to "Meet and Confer" Pursuant to 25cv00613 (N.D. Ga.) Dkt. 2, Standing Order ¶ (m) (Brown, J.) Regarding Request for Mandatory Judicial Notice (FRE 201(c)(2)) of Specific Adjudicative Facts Evidencing Appellees' Kilpatrick, Townsend, & Stockton, LLP, the U.S. Trustee's, and their Respective Lawyers' Stipulated Predicate and Overt Act  Hobbs Act Crimes with Respect to Predatory Criminal Usury Unlawful Debts, GX 1-4, and GX 5, their Direct Causation to the Void Ab Initio _In re Group Management Corp._, 03-93031 (BC NDGA) Chapter 11 and (ii) _U.S. v. Ware_, 04cr1224 (SDNY) Indictment, and Their Violations of the District Court (NDGA), ABA, and State Bar of Georgia's Rules of Professional Conduct, Rules 3.3 and 8.4.

We thank the Court for its attention and respectfully request confirmation of docketing. Please advise if any further action is required by Appellants to facilitate formal entry on the docket.

Respectfully submitted,

/s/ **Ulysses T. Ware**
Ulysses T. Ware
Attorney-in-fact for the Appellants

cc:

Clerk of Court (via U.S. mail)
Chambers of Hon. Judge Brown (via email)
Office of the U.S. Trustee, Region 21, Mary Ida Townson and R. Jeneane Treace (via email)

Kilpatrick, Townsend, & Stockton, LLP (Meir, Mills, Walker, and Kadaba via email).

## Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing memorandum and the attached Declaration (18-7) (Part 18-7) constitute a judicial pleading submitted to the Office of the District Clerk's possession for filing and docketing in Case No. 1:25-cv-00613-MLB, on this 5th day of May, 2025; and all Appellees, and their legal counsels of record have been served on May 5, 2025, with a copy of the foregoing (18-7) (Part 18-7).

/s/ Ulysses T. Ware

**Ulysses T. Ware, attorney in fact for the Appellants**

Filed on Monday, May 5, 2025, 10:42:08 AM

/s/ Ulysses T. Ware

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

Appellants incorporate by reference and have made the same a part here of, 25cv00613

(NDGA) Dkt. 23, Dkt. 24, Dkt. 25, Dkt. 28-0, Dkt. 31, and Dkt. 40 in support of this FRE 201(c)(2)

judicial notice request.

*Ulysses T. Ware*

/s/ Ulysses T. Ware

Page **3** of **26**
Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act
unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar
of GA's Professional Conduct Rules 3.3 and 8.4.

# Table of Contents

Declaration of Filing and Service Pursuant to 18 U.S.C. § 2071(a), (b)...................................... 2

(1) APPELLANTS' REQUEST FOR MANDATORY JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2) OF DISPOSITIVE AND UNDISPUTED ADJUDICATIVE FACTS CONTAINED WITHIN THE CERTIFIED APPELLATE RECORD; AND (2) REQUEST FOR THE RULE 201(e) MANDATORY HEARING. ........ 5

I. PRELIMINARY STATEMENT................................................................................................ 5

II. GOVERNING LEGAL STANDARD...................................................................................... 7

III. STATEMENT OF ADJUDICATIVE FACTS SUBJECT TO MANDATORY JUDICIAL NOTICE................................................................................................................................... 8

IV. ARGUMENT ..................................................................................................................... 13

    A. Absence of Article III Jurisdiction and Standing............................................................ 14

    B. Pervasive Fraud Upon the Court and Professional Misconduct..................................... 15

    C. USC 541(a) and 542(a) Turnover and Disgorgement Liability ...................................... 17

    D. Conclusive Effect of Judicial Notice ............................................................................ 17

V. CONCLUSION AND PRAYER FOR RELIEF .................................................................... 17

End of document ..................................................................................................................... 19

(Joint Stipulated Proposed Order Section)................................................................................ 20

Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

**(1) APPELLANTS' REQUEST FOR MANDATORY JUDICIAL NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2) OF DISPOSITIVE AND UNDISPUTED ADJUDICATIVE FACTS CONTAINED WITHIN THE CERTIFIED APPELLATE RECORD; AND (2) REQUEST FOR THE RULE 201(e) MANDATORY HEARING.**

Appellants Ulysses T. Ware and Group Management (Debtor) ("Appellants"), by their undersigned attorney-in-fact, respectfully move this Honorable Court pursuant to Federal Rule of Evidence (FRE) 201(c)(2) to take mandatory judicial notice of twelve (12) specific, undisputed, and case-dispositive adjudicative facts. Each fact enumerated herein is derived directly from the official Joint Stipulated Appellate Record ("JSAR"), certified by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 8009(d), or from other sources whose accuracy cannot reasonably be questioned, including official court dockets and binding joint stipulations filed in this proceeding. As established below, these facts demonstrate the absence of Article III jurisdiction and compel reversal of the underlying Bankruptcy Court orders and dismissal of Appellees' claims.

## I. PRELIMINARY STATEMENT

This bankruptcy appeal presents fundamental questions regarding the validity of claims asserted against the Debtor's estate, predicated entirely upon debt instruments (convertible notes designated GX 1-4 and a related underwriting agreement, GX 5) that are demonstrably void *ab initio* under controlling federal and state law. The official record now before this Court, including the certified JSAR (Bankr. Dkt. 296/296A; Dist. Dkts. 5-1 to 5-16, 9) and the explicit, binding

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's  Professional Conduct Rules 3.3 and 8.4.

admissions contained in the parties' Joint Declaration and Stipulation dated March 28, 2025 (Dist. Dkt. 19-4), conclusively establishes these predicate facts.

Specifically, the stipulated and indisputable binding record evidence subject to mandatory judicial notice confirms that Appellees (i) lacked Article III standing due to their ***stipulated*** status as ***unregistered broker-dealers*** pursuing claims based on predatory, null and void initio, criminal usury, unlawful debt instruments (GX 1-4, and GX 5), (ii) asserted claims based on criminally usurious notes under New York Penal Law, section 190.40, the criminal usury law, a class E felony, (iii) subject to disgorgement (15 USC §78p(b), and 11 USC § 541(a), § 542(a) turnover) obligations exceeding $522 million for insider trading profits derived from these instruments, and (iv) engaged in conduct constituting fraud upon the Bankruptcy Court and this Court by continuing to prosecute, assert, oppose, and pursue claims known to be void ab initio.

Because these facts are derived from sources "whose accuracy cannot reasonably be questioned," FRE 201(b)(2), and Appellants now supply the Court with the necessary information and specific citations, judicial notice is mandatory under FRE 201(c)(2). *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (recognizing court may take judicial notice of documents in the public record); *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (court may take notice of another court's records). Recognizing these undisputed facts requires dismissal of Appellees' claims and vacatur of the appealed orders.

Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

## II. GOVERNING LEGAL STANDARD

Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts – facts relevant to the determination of the specific case before the court. FRE 201(a). A court *may* take judicial notice on its own, FRE 201(c)(1), and ***must take judicial notice if requested by a party and supplied with the necessary information***, provided the fact is "not subject to reasonable dispute." FRE 201(c)(2). A fact is not subject to reasonable dispute if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2).

Sources whose accuracy cannot reasonably be questioned include the court's own records, the records of other federal or state courts, and official government documents. *See Horne*, 392 F. App'x at 802; *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (public documents required to be filed with the SEC are subject to judicial notice). Furthermore, formal stipulations (see 25cv00613 (NDGA), Dkt. 19-4) entered into by the parties during litigation ***are binding judicial admissions that eliminate the need for proof***. *See Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 676 (2010). The facts presented herein derive exclusively from such indisputable sources: the Bankruptcy Court-certified JSAR, the District Court docket in this matter (including Dkt. 19-4), and official government publications (SEC Release). Therefore, judicial notice under FRE 201(c)(2) is mandatory.

Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

Appellants, pursuant to FRE 201(e), demand and request that the District Court forthwith schedule their entitled hearing with respect to the enclosed 22 adjudicative facts the Court is required to take judicial notice of.[1]

# III. STATEMENT OF ADJUDICATIVE FACTS SUBJECT TO MANDATORY JUDICIAL NOTICE.

Appellants request mandatory judicial notice pursuant to FRE 201(c)(2) of the following twenty-two (22) adjudicative facts, derived from sources whose accuracy cannot reasonably be questioned:

**1. Fact:** Appellees Alpha Capital AG, Amro International S.A., Markham Holdings Ltd., and Stonestreet L.P., the original holders of convertible notes GX 1-4, operated as unregistered broker-dealers during the relevant period.

*Source:* Letter from Marcia E. Asquith, Exec. Vice President and Gen. Counsel, FINRA, dated May 17, 2021 (JSAR, Dkt. 5-13 at 48:17-22).

**2. Fact:** The convertible notes designated GX 1-4 carried an effective annualized interest rate "in excess of two-thousand percent (2,000%)."

*Source:* Joint Declaration and Stipulation ("Joint Decl."), Dkt. 19-4 ¶ 2 (filed Mar. 28, 2025).

**3. Fact:** The Subscription Agreement designated GX 5 obligated the Debtor (Appellant Group Management) to issue, upon demand, free-trading equity securities valued at no less than 150% of the principal amount of notes held.

*Source:* KTS Emergency Motion to Dismiss for Failure to Assume Executory Contracts (Bankr. Dkt. 19), Ex. B (GX 5) ¶ 10.1(iv) (JSAR, Dkt. 5-5 at 6-7).

---

[1] FRE 201**(e) Opportunity to Be Heard.** On timely request, *a party is entitled to be heard* on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, *is still entitled to be heard*.

**4. Fact:** The debt instruments GX 1-4 and GX 5 are "void as to the rights of any person" who made or engaged in the performance of the contracts in violation of the Securities Exchange Act of 1934, pursuant to 15 U.S.C. § 78cc(b), due to the holders' status as unregistered broker-dealers under 15 U.S.C. § 78o(a)(1).

*Source:* Joint Decl., Dkt. 19-4 ¶ 4.

**5. Fact:** The Honorable Leonard B. Sand, U.S. District Judge (SDNY), previously found in Case No. 02-cv-2219 (SDNY) that Appellees Alpha Capital AG, et al., "beneficially owned more than 9.9% of [Group Management Corp.] common stock," establishing their status as statutory insiders subject to disgorgement under 15 U.S.C. § 78p(b).

*Source:* Order dated Aug. 13, 2003, *Alpha Capital AG v. Group Mgmt. Corp.*, No. 02-cv-2219 (SDNY), Dkt. 65 at 2 (reproduced as Trial Ex. GX 11 in *U.S. v. Ware*, 04-cr-1224 (SDNY), JSAR, Dkt. 5-13 at 23).

**6. Fact:** Securities and Exchange Commission (SEC) guidance explicitly states that the Rule 144 exemption from registration requirements under the Securities Act of 1933 is "not available" for securities acquired by an unregistered broker-dealer or a statutory underwriter, confirming such entities cannot legally receive or distribute free-trading shares under these circumstances.

*Source:* SEC Release No. 33-7190, n.17, 60 Fed. Reg. 48,044, 48,053 (Aug. 31, 1995).

**7. Fact:** The Motion to Dismiss Chapter 11 Case filed by Appellee United States Trustee, Region 21 ("UST") on April 10, 2003 (Bankr. Dkt. 11; JSAR, Dkt. 5-3) expressly "incorporates and relies upon" Judge Sand's Order (Fact 5 / GX 11) as its primary factual predicate for seeking dismissal.

*Source:* UST Motion to Dismiss, Bankr. Dkt. 11 at 2 & n.1 (JSAR, Dkt. 5-3 at 2).

**8. Fact:** Appellee Kilpatrick Townsend & Stockton LLP ("KTS") formally appeared in the Bankruptcy Case on March 27, 2003, explicitly on behalf of Appellees Alpha Capital AG, Amro International S.A., Markham Holdings Ltd., and Stonestreet L.P., identifying them solely as "creditors holding convertible notes GX 1-4."

*Source:* Notice of Appearance and Request for Service of Papers, Bankr. Dkt. 8 at 1 ¶ 2 (JSAR, Dkt. 5-2 at 1).

**9. Fact:** No Appellee filed any response, objection, or motion to withdraw or modify the Joint Declaration and Stipulation (Dkt. 19-4) within the 14-day period prescribed by Fed. R. Bankr. P. 8022(a)(1) after its filing on March 28, 2025.

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

*Source:* District Court Docket, Case No. 1:25-cv-00613-MLB (as of April 11, 2025 and continuing).

**10. Fact:** The United States District Court for the Southern District of New York entered an Order on December 20, 2007, pursuant to Fed. R. Civ. P. 41(a)(2), voluntarily dismissing the civil action 02-cv-2219 (SDNY) **"WITH PREJUDICE"** upon the motion of plaintiffs' counsel (Kenneth A. Zitter, Esq.).

*Source:* Order of Dismissal With Prejudice dated Dec. 20, 2007, 02-cv-2219 (SDNY), Dkt. 90 (JSAR, Dkt. 5-13 at 46-47).

**11. Fact:** Paragraph 13 of the Indictment in *United States v. Ware*, 04-cr-1224 (SDNY), explicitly alleges that the "Civil Plaintiffs" (Alpha Capital AG, et al.) entered into the Loan Agreements underlying GX 1-4.

*Source:* Indictment, *U.S. v. Ware*, 04-cr-1224 (SDNY), Dkt. 1 at 3 ¶ 13 (filed Nov. 17, 2004) (Appx C-2 to Appellants' Filing 18-6.1).

**12. Fact:** The JSAR filed in this appeal was formally certified by Order of the Bankruptcy Court (Bankr. Dkt. 296), attesting that all excerpts contained therein "are true and correct copies of filings located at Bankr. Dkt. Nos. 1–296."

*Source:* Order Certifying Record on Appeal, Bankr. Dkt. 296 at 2 ¶ 4 (Mar. 7, 2025).

**13. Fact:** Counsel for KTS, in filing the Notice of Appearance (Fact 8) identifying its clients only as "creditors holding convertible notes GX 1-4," failed to disclose to the Bankruptcy Court the material fact, known or reasonably ascertainable, that its clients were unregistered broker-dealers (Fact 1) whose claims were statutorily void *ab initio* (Fact 4).

*Source:* Notice of Appearance (JSAR, Dkt. 5-2); FINRA Letter (JSAR, Dkt. 5-13 at 48); Joint Decl. (Dkt. 19-4 ¶ 4).

**Rule Violations:** This omission constitutes a failure to correct a misunderstanding or disclose a material fact necessary to avoid assisting a fraudulent act by the client (presenting void claims as valid) and involves dishonesty or misrepresentation by omission, potentially violating **Rules 3.3(a)(1), 8.4(c)** (ABA Model Rules/GA Bar Rules).

**14. Fact:** Counsel for KTS filed motions in the Bankruptcy Court (e.g., Emergency Motion, JSAR Dkt. 5-5) seeking relief predicated upon the enforcement or recognition of rights under debt instruments GX 1-4 and GX 5, despite knowing or being reasonably charged with knowledge that these instruments were void *ab initio* under 15 U.S.C. § 78cc(b) (Fact 4) and/or criminally usurious under N.Y. Penal Law § 190.40 (Fact 2).

*Source:* KTS Emergency Motion (JSAR Dkt. 5-5); Joint Decl. (Dkt. 19-4 ¶¶ 2, 4).

**Rule Violations:** Filing motions based on claims known or reasonably known to be void and legally unenforceable constitutes asserting a frivolous claim and making false or misleading statements of law or fact to the tribunal, potentially violating **Rules 3.1, 3.3(a)(1), 8.4(c), 8.4(d)**.

**15. Fact:** Counsel for KTS, in advocating for their clients' claims based on GX 1-4 and GX 5 before the Bankruptcy Court, failed to disclose the controlling legal authority of 15 U.S.C. § 78cc(b), which dictates the voidness of contracts made by unregistered broker-dealers (Fact 1 & 4).

*Source:* Review of KTS filings in JSAR (e.g., Dkts. 5-2, 5-5); 15 U.S.C. § 78cc(b).

**Rule Violations:** Knowingly failing to disclose directly adverse legal authority in the controlling jurisdiction not disclosed by opposing counsel potentially violates **Rule 3.3(a)(2)**.

**16. Fact:** Counsel for the UST (Region 21), in filing the Motion to Dismiss (Fact 7) predicated on Judge Sand's order (Fact 5), failed to disclose to the Bankruptcy Court the known or reasonably ascertainable facts that Judge Sand's order stemmed from efforts to enforce the void/unlawful debts GX 1-4 and that the entities benefiting from such dismissal (Alpha Capital et al.) were unregistered broker-dealers holding void claims (Facts 1, 2, 4).

*Source:* UST Motion to Dismiss (JSAR Dkt. 5-3); underlying facts regarding GX 1-4 voidness (Facts 1, 2, 4).

**Rule Violations:** Filing a motion predicated on orders derived from void underlying claims, without disclosing the void nature of those claims to the court, lacks candor and may constitute conduct prejudicial to the administration of justice, potentially violating **Rules 3.3(a)(1), 8.4(c), 8.4(d)**.

**17. Fact:** Counsel for KTS continued to prosecute claims and participate in the Bankruptcy Case (03-93031) and this appeal (25-cv-00613) on behalf of Alpha Capital AG, et al., asserting rights derived from GX 1-4 after the underlying civil action (02-cv-2219) seeking enforcement of those same rights was dismissed *with prejudice* (Fact 10).

*Source:* KTS filings post-Dec. 20, 2007 in Bankr. Case (implicitly acknowledged via continued participation); Order of Dismissal (JSAR Dkt. 5-13 at 46-47).

**Rule Violations:** Asserting claims barred by *res judicata* (claim preclusion) constitutes the assertion of a frivolous claim, potentially violating **Rules 3.1, 8.4(d)**.

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

**18. Fact:** Counsel for KTS, having stipulated in the Joint Declaration (Dkt. 19-4) that GX 1-4/GX 5 are void under 15 U.S.C. § 78cc(b) (Fact 4), continued to maintain positions in this appeal predicated on the enforceability or prior validity of those same instruments without seeking to withdraw the stipulation.

*Source:* Joint Decl. (Dkt. 19-4 ¶ 4); Appellees' briefing/positions in 25-cv-00613 (inferred from continued defense).

**Rule Violations:** Maintaining contradictory factual or legal positions before the tribunal, particularly where one position is based on a binding stipulation, violates the duty of candor and may constitute misrepresentation, potentially violating **Rules 3.3(a)(1), 8.4(c)**.

**19. Fact:** Counsel for the UST failed to take corrective action or inform the Bankruptcy Court or this Court upon learning (or when reasonably chargeable with knowledge) of the dispositive illegalities rendering the claims of KTS's clients void (Facts 1, 2, 4), despite the UST's statutory duty to oversee the administration and integrity of bankruptcy cases.

*Source:* Record of UST participation (e.g., JSAR Dkt. 5-3); evidence of voidness (Facts 1, 2, 4); 28 U.S.C. § 586 (UST duties).

**Rule Violations:** An officer charged with protecting the integrity of the court system who fails to act upon discovering potentially fraudulent or void claims being prosecuted may engage in conduct prejudicial to the administration of justice, potentially violating **Rule 8.4(d)**, and potentially failing the duty of candor under **Rule 3.3**.

**20. Fact:** Counsel for KTS and the UST failed to conduct a reasonable inquiry into the legal and factual basis of the claims asserted by Alpha Capital AG, et al., before filing pleadings (e.g., JSAR Dkts. 5-2, 5-3, 5-5) supporting or seeking relief based upon those claims, which inquiry would have revealed the readily ascertainable facts of criminal usury (Fact 2) and/or unregistered broker-dealer status (Fact 1) rendering the claims void *ab initio* (Fact 4).

*Source:* Nature of underlying claims/transactions; applicable laws (N.Y. Penal Law § 190.40; 15 U.S.C. §§ 78o(a)(1), 78cc(b)); KTS/UST filings in JSAR.

**Rule Violations:** Filing pleadings without a reasonable inquiry sufficient to ensure they are well-grounded in fact and warranted by existing law or a nonfrivolous argument for extension violates **Rule 3.1** and potentially **Fed. R. Bankr. P. 9011**.

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

**21. Fact:** Counsel for KTS failed to disclose to the Bankruptcy Court that their clients (Alpha Capital AG, et al.) were statutory insiders potentially liable for disgorgement of substantial short-swing profits under 15 U.S.C. § 78p(b), based on Judge Sand's finding (Fact 5), while simultaneously asserting creditor claims against the estate.

*Source:* Judge Sand Order (Fact 5 / JSAR Dkt. 5-13 at 23); KTS filings asserting creditor status (JSAR Dkt. 5-2, 5-5).

**Rule Violations:** Failure to disclose a material fact (insider status and potential substantial liability *to* the estate) while asserting claims *against* the estate lacks candor and may constitute misrepresentation by omission, potentially violating **Rules 3.3(a)(1), 8.4(c)**.

**22. Fact:** Counsel for KTS and the UST, by participating in this appeal and defending the Bankruptcy Court orders predicated upon the void claims (GX 1-4, GX 5) without acknowledging the dispositive effect of the voidness under § 78cc(b) (Fact 4) and the dismissal with prejudice (Fact 10), continue to assert positions lacking legal and factual merit.

*Source:* Filings and appearances in Case No. 1:25-cv-00613-MLB; Facts 4 & 10.

**Rule Violations:** Continuing to advocate positions known to be barred by statute (§ 78cc(b)) or judicial doctrine (*res judicata*) constitutes the ongoing assertion of frivolous arguments, potentially violating **Rules 3.1, 8.4(d)**.

## IV. ARGUMENT

The twenty-two (22) specific adjudicative facts enumerated above, derived exclusively from unimpeachable sources—including the Bankruptcy Court-certified Joint Stipulated Appellate Record (JSAR), binding stipulations filed in this Court (Dkt. 19-4), official court dockets, and government publications (SEC Release 33-7190 (1995))—satisfy the requirements of Federal Rule of Evidence (FRE) 201(b)(2). Their accuracy "cannot reasonably be questioned." Appellants have

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

(i) formally requested judicial notice, (ii) ***requested the entitled Rule 201(e) hearing*,**[2] and (iii) supplied the Court with the necessary information and precise citations (FRE 201(c)(2)). Accordingly, this Court **must** take judicial notice of Facts 1 through 22. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

Once noticed, these facts are deemed conclusively established for purposes of this appeal. FRE 201(f). These established facts compel reversal of the appealed orders and dismissal of Appellees' claims, as they demonstrate conclusively: (A) the absence of Article III subject-matter jurisdiction; (B) the *ab initio* voidness of the underlying claims; (C) pervasive fraud upon the court and egregious professional misconduct by counsel for Appellees KTS and UST; and (D) Appellees' potential liability for substantial disgorgement.

## A. Absence of Article III Jurisdiction and Standing

The judicially noticed facts establish unequivocally that no live Article III case or controversy exists.

i. **Void Claims Incapable of Conferring Standing:** Facts 1, 2, 4, and 6 demonstrate that the debt instruments (GX 1-4, GX 5) forming the *sole* basis of Appellees' purported claims were void *ab initio* under controlling federal securities law (15 U.S.C. §§ 78o(a)(1), 78cc(b) – unregistered broker-dealers) and state criminal law (N.Y. Penal Law § 190.40 –

---

[2] Rule 201**(e) Opportunity to Be Heard.** On timely request, ***a party is entitled to be heard*** on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes judicial notice before notifying a party, the party, on request, ***is still entitled to be heard***.

Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

criminal usury). Parties seeking to enforce rights under instruments that are legal nullities possess no "legally protected interest" and thus cannot demonstrate the concrete, particularized injury-in-fact required for Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

ii. **Preclusion:** Fact 10 establishes that the underlying SDNY civil action (02-cv-2219) seeking enforcement of these same void claims was voluntarily dismissed *with prejudice* by Appellees' own agent (Kenneth Zitter, Esq.) in December 2007. This dismissal operates as a final adjudication on the merits, barring any subsequent assertion of the same claims under the doctrine of *res judicata. See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

iii. **No Legitimate Interest:** Lacking any enforceable rights due to both statutory voidness and claim preclusion, Appellees cannot demonstrate any cognizable stake in the outcome of the bankruptcy proceedings or this appeal. Without Article III standing, the Bankruptcy Court lacked subject-matter jurisdiction over Appellees' void claims, and this Court lacks appellate jurisdiction over the merits derived therefrom. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The only appropriate judicial function is to recognize the absence of jurisdiction and dismiss. *Id.*

## B. Pervasive Fraud Upon the Court and Professional Misconduct

Facts 13 through 22, built upon the foundational illegalities established by Facts 1-12, demonstrate a consistent and deliberate pattern of professional misconduct by counsel for Appellees KTS and UST, amounting to a fraud upon the Bankruptcy Court and this Court. This

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

conduct provides an independent basis for vacatur, dismissal of Appellees' claims, and significant sanctions. Specifically, the judicially noticed facts establish that counsel allegedly:

i.    **Lacked Candor and Misrepresented Facts/Law (Rules 3.3(a)(1), 8.4(c)):** Filed appearances and motions identifying clients as "creditors" while failing to disclose their void status as unregistered broker-dealers holding criminally usurious, unenforceable notes (Facts 8, 13, 14, 16, 21). Failed to disclose controlling adverse legal authority (§ 78cc(b)) (Fact 15). Maintained contradictory positions after stipulating to the voidness of the claims (Facts 4, 18).

ii.    **Asserted Frivolous Claims (Rule 3.1):** Prosecuted claims known or reasonably knowable to be void *ab initio* under statute (§ 78cc(b)), state criminal law (§ 190.40), and barred by *res judicata* (Facts 14, 17, 22). Filed motions (like the UST's dismissal motion relying on GX 11, Fact 7) predicated entirely on efforts to enforce these void claims.

iii.    **Failed Reasonable Inquiry (Rule 3.1 / FRBP 9011):** Failed to conduct the requisite pre-filing inquiry that would have revealed the readily ascertainable illegality and unenforceability of the claims (Fact 20).

iv.    **Engaged in Conduct Prejudicial to the Administration of Justice (Rule 8.4(d)):** Persistently prosecuted void and precluded claims, failed to disclose material facts to the tribunal, asserted frivolous positions, and failed to take corrective action (UST counsel, Fact 19), thereby undermining the integrity of the judicial process (Facts 13-22 generally).

Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

This pattern of stipulated and documented misconduct, perpetrated by officers of the court, constitutes a profound fraud on the judicial system warranting the strongest possible response, including dismissal of Appellees' participation in this appeal and referral for disciplinary action.

### C. USC 541(a) and 542(a) Turnover and Disgorgement Liability

Fact 5 establishes Appellees' status as statutory insiders under 15 U.S.C. § 78p(b) based on Judge Sand's finding. Fact 21 highlights KTS's failure to disclose this status while asserting creditor claims. This insider status, combined with the alleged manipulation of the Debtor's stock through the void instruments, exposes Appellees to potential liability for disgorgement of short-swing profits, estimated by Appellants to exceed $522 million, back to the estate.

### D. Conclusive Effect of Judicial Notice

Taking mandatory judicial notice of Facts 1-22 transforms these points from contested allegations into conclusively established facts for the purpose of resolving this appeal. FRE 201(f). The necessary legal conclusions flowing from these established facts—lack of jurisdiction, voidness of claims, preclusion, fraud, and professional misconduct—are inescapable and mandate reversal and dismissal.

## V. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing analysis, the binding and conclusive evidence contained within the certified JSAR, the parties' stipulations, and official records, and the mandatory provisions of Federal Rule of Evidence 201(c)(2), Appellants Ulysses T. Ware and Group Management respectfully request that this Honorable Court enter an Order:

A. **TAKING** mandatory judicial notice, pursuant to FRE 201(c)(2), of the twenty-two (22) enumerated Adjudicative Facts set forth in Section III, *supra*;

B. **DEEMING** said Adjudicative Facts conclusively established for all purposes in this appeal pursuant to FRE 201(f);

C. **STRIKING** Appellees' appearances and briefs filed in this appeal due to their demonstrated lack of Article III standing resulting from the *ab initio* voidness of their underlying claims, the preclusive effect of the prior dismissal with prejudice, and the pervasive fraud upon the court committed by Appellees and their counsel;

D. **VACATING** the Bankruptcy Court's Order dated May 28, 2003 (Bankr. Dkt. 28) and all subsequent orders predicated upon Appellees' void claims as having been entered without subject-matter jurisdiction and as the product of fraud, and therefore null and void *ab initio*;

E. **REMANDING** this matter to the Bankruptcy Court with instructions to initiate proceedings consistent with the judicially noticed facts, including dismissal of Appellees' void claims and consideration of disgorgement proceedings against Appellees pursuant to 15 U.S.C. § 78p(b) based on the judicially noticed insider status (Fact 5) and related conduct (Fact 21);

F. **SETTING** a hearing, or directing the Bankruptcy Court on remand to set a hearing, pursuant to Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927, and the Court's inherent power, 11 USC § 105, to determine appropriate sanctions against Appellees and their counsel (including attorneys associated with KTS and the UST) for perpetuating litigation based on claims known to be void,

for committing fraud upon the court, and for the violations of the Rules of Professional Conduct (including Georgia Rules of Professional Conduct / ABA Model Rules 3.1, 3.3, and 8.4) evidenced by Facts 13 through 22; and

G. **GRANTING** such other and further relief as the Court deems just and proper to rectify the manifest errors and injustices established by the judicially noticed facts.

Dated: May 5, 2025

Respectfully submitted,

/s/ Ulysses T. Ware

Ulysses T. Ware
Attorney-in-fact for Appellants
Ulysses T. Ware and Group Management

# **End of document**

**(Joint Stipulated Proposed Order Section)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

# Case No. 1:25-cv-00613-MLB

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**Filed on Monday, May 5, 2025, at 10:42:08 AM**

———————

**ULYSSES T. WARE and GROUP MANAGEMENT, (Debtor),
Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al., _Predatory Unregistered Brokers-Dealers_,
Appellees.**

———————

**(On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia, Case No. 03-93031-WLH)**

———————

**[PROPOSED] THE PARTIES' JOINT STIPULATED ORDER GRANTING APPELLANTS' MOTION FOR MANDATORY JUDICIAL NOTICE AND RELATED RELIEF PURSUANT TO FEDERAL RULE OF EVIDENCE 201(c)(2).**

This matter having come before the Court upon Appellants' Motion for Mandatory Judicial

Notice Pursuant to Federal Rule of Evidence 201(c)(2) ("the Motion," Doc. \_\_); the Court having

Page **20** of **26**
Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act
unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar
of GA's Professional Conduct Rules 3.3 and 8.4.

fully considered the Motion, the certified Joint Stipulated Appellate Record ("JSAR") (Docs. 5-1 to 5-16, 9), the parties' Joint Declaration and Stipulation (Doc. 19-4), other pertinent portions of the record, the applicable Federal Rules of Evidence and Bankruptcy Procedure, and controlling legal precedent; and the Court finding that Appellants have requested judicial notice and supplied the necessary information establishing that the adjudicative facts enumerated in their Motion are derived from sources whose accuracy cannot reasonably be questioned pursuant to FRE 201(b)(2), thus mandating judicial notice under FRE 201(c)(2);

The Court hereby makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

## I. FINDINGS OF FACT

1. The Court takes mandatory judicial notice, pursuant to FRE 201(c)(2), of the twenty-two (22) specific adjudicative facts enumerated in Section III of Appellants' Motion. These facts are derived from sources whose accuracy cannot reasonably be questioned, including: (a) the JSAR certified by the Bankruptcy Court on March 7, 2025 (Bankr. Dkt. 296/296A) (Motion, Fact 12); (b) the binding Joint Declaration and Stipulation executed by the parties and filed March 28, 2025 (Doc. 19-4), to which no opposition or motion to withdraw has been filed (Motion, Facts 2, 4, 9); (c) official dockets and orders of the United States Bankruptcy Court for the Northern District of Georgia, the United States District Court for the Southern District of New York, and this Court (Motion, Facts 5, 7, 8, 10, 11); (d) official regulatory determinations (FINRA) contained within the JSAR (Motion, Fact 1); and (e) official publications of the Securities and Exchange Commission (Motion, Fact 6).

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

2. Based on these judicially noticed facts, the Court specifically finds:

a. Appellees Alpha Capital AG, Amro International S.A., Markham Holdings Ltd., and Stonestreet L.P. operated as unregistered broker-dealers in connection with the debt instruments GX 1-4 and GX 5 (Motion, Fact 1).

b. The convertible notes GX 1-4 carried an effective annualized interest rate exceeding 2,000%, constituting criminal usury under N.Y. Penal Law § 190.40 (Motion, Fact 2).

c. The debt instruments GX 1-4 and GX 5 are statutorily void *ab initio* as to the rights of Appellees pursuant to 15 U.S.C. § 78cc(b) due to their status as unregistered broker-dealers (Motion, Facts 1, 4).

d. The civil action seeking enforcement of these void instruments, *Alpha Capital AG v. Group Mgmt. Corp.*, No. 02-cv-2219 (SDNY), was dismissed *with prejudice* by court order dated December 20, 2007 (Motion, Fact 10).

e. The original claimants (Appellees Alpha Capital AG, et al.) were previously determined by the SDNY District Court to be statutory insiders of the Debtor under 15 U.S.C. § 78p(b) (Motion, Fact 5).

f. Counsel for Appellees KTS and UST engaged in conduct involving the assertion of claims known to be void and precluded, failed to disclose material facts (including voidness, unregistered status, and insider status) and adverse legal authority to the Bankruptcy Court, failed to conduct reasonable inquiry, asserted frivolous positions, and engaged in conduct prejudicial to the administration of justice (Motion, Facts 7, 8, 13-22).

Monday, May 5, 2025
(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

## II. CONCLUSIONS OF LAW

1. Pursuant to FRE 201(c)(2), judicial notice of the twenty-two adjudicative facts enumerated in Appellants' Motion is mandatory, as the facts derive from sources whose accuracy cannot reasonably be questioned and Appellants have supplied the necessary information. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Pursuant to FRE 201(f), these noticed facts are deemed conclusive in this civil appeal.

2. Contracts. GX 1-4, and GX 5, made or performed in violation of the Securities Exchange Act of 1934, including those by unregistered broker-dealers violating 15 U.S.C. § 78o(a), are void *ab initio* as regards the rights of the violating party under 15 U.S.C. § 78cc(b). Such void contracts cannot confer any legally protected interest sufficient to establish Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

3. Where claimants lack Article III standing due to the *ab initio* voidness of their claims, a federal court lacks subject-matter jurisdiction over those claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Orders entered by a court lacking subject-matter jurisdiction are void. *See Grote*, 961 F.3d at 115.

4. A voluntary dismissal with prejudice under Fed. R. Civ. P. 41(a)(2) operates as a final adjudication on the merits and bars subsequent litigation of the same claims under the doctrine of *res judicata*. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

5. Attorneys appearing before federal courts have duties of candor (Georgia Rule of Professional Conduct / ABA Model Rule 3.3) and honesty (Rule 8.4), and are prohibited

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

from asserting frivolous claims (Rule 3.1) or engaging in conduct prejudicial to the administration of justice (Rule 8.4(d)). Violations may be subject to sanctions under Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927, and the Court's inherent authority. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

6. Statutory insiders who realize short-swing profits through transactions in the issuer's securities are strictly liable for disgorgement of those profits to the issuer under 15 U.S.C. § 78p(b).

## III. ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, derived from the mandatory judicial notice taken pursuant to FRE 201(c)(2), it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Appellants' Motion for Mandatory Judicial Notice (Doc. __) is **GRANTED**. The Court **TAKES MANDATORY JUDICIAL NOTICE** of the twenty-two (22) undisputed adjudicative facts identified in Section III of Appellants' Motion. Said facts are deemed **CONCLUSIVELY ESTABLISHED** for all purposes in this appeal and all related and derivative proceedings, pursuant to Fed. R. Evid. 201(f).

2. Based upon the judicially noticed facts establishing Appellees' lack of Article III standing due to the *ab initio* voidness of their claims (Facts 1, 2, 4) and the preclusive effect of the prior dismissal with prejudice (Fact 10), Appellees' briefs, appearances, and all related filings asserting claims derived from instruments GX 1-4 and GX 5 in this appeal are hereby **STRICKEN**.

3. Based upon the judicially noticed facts establishing the Bankruptcy Court's lack of subject-matter jurisdiction over Appellees' void claims, the Bankruptcy Court's Order dated May 28, 2003 (*In re Group Management Corp.*, No. 03-93031-WLH, Bankr. Dkt. 28) and all subsequent orders predicated upon, related to, or derived therefrom Appellees' void claims or participation in that case are hereby **VACATED AND ANNULLED** *ab initio*.

4. This matter is **REMANDED** to the United States Bankruptcy Court for the Northern District of Georgia with instructions to dismiss Appellees' void claims; the reference is hereby withdrawn, and jurisdiction over the 03-93031 Chapter 11 matter is hereby vested in this Court; and this Court will conduct future proceedings as may be appropriate consistent with the judicially noticed facts, including consideration of disgorgement proceedings against Appellees pursuant to 15 U.S.C. § 78p(b) based on the judicially noticed finding of statutory insider status (Fact 5).

5. A hearing to determine appropriate sanctions against Appellees and their counsel (including attorneys associated with Kilpatrick Townsend & Stockton LLP and the Office of the U.S. Trustee, Region 21) pursuant to Fed. R. Bankr. P. 9011, 28 U.S.C. § 1927, and the Court's inherent power, based upon the conduct established by judicially noticed Facts 13 through 22, is hereby **SET** for _____, 2025 at _____ __.**m.** in Courtroom ____, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia; or via the Court's Zoom procedure.

6. The Clerk of Court is **DIRECTED** to enter judgment consistent with this Order and to **TERMINATE** all pending motions in this appeal as moot.

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar of GA's Professional Conduct Rules 3.3 and 8.4.

**SO ORDERED** this _____ day of _____, 2025.

_____
**HON. MICHAEL L. BROWN**
**UNITED STATES DISTRICT JUDGE**

# [End of Order]

(18-7) (Part 18-7) re FRE 201(c)(2) Judicial notice of KTS and the UST's lawyers' Hobbs Act
unlawful debt collection crimes, and violations of the District Court (NDGA), ABA, and State Bar
of GA's Professional Conduct Rules 3.3 and 8.4.