# Case No. 1:25-cv-00613-MLB

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 02 2025

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

---

**ULYSSES T. WARE and GROUP MANAGEMENT, (Debtor),**
**Appellants,**

**v.**

**ALPHA CAPITAL, AG, et al., <u>Predatory Unregistered Brokers-Dealers</u>,**
**Appellees.**

---

**(On Appeal from the United States Bankruptcy Court**
**for the Northern District of Georgia, Case No. 03-93031-WLH)**

---

## APPELLANTS' MOTION FOR RECONSIDERATION AND TO VACATE ULTRA VIRES, VOID AB INITIO, AND MOOT ORDER DATED APRIL 29, 2025 (DKT. 38) PURSUANT TO FED. R. CIV. P. 59(e) (VIA FED. R. BANKR. P. 9023)

---

Appellants Ulysses T. Ware and Group Management (Debtor) ("Appellants"), by their undersigned 28 USC § 1654 attorney-in-fact and pursuant to Federal Rule of Civil Procedure 59(e), made applicable to this bankruptcy appeal by Federal Rule of Bankruptcy Procedure 9023, respectfully move this Honorable Court to reconsider, alter, amend, and vacate, nunc pro tunc, its Order dated April 29, 2025 (Dkt. 38) (the "Order"). Exhibit A, infra.

Respectfully submitted,

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney-in-fact for Appellants
Ulysses T. Ware and Group Management
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

*Ulysses T. Ware*

Dated: May 27, 2025, 9:53:48 AM

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# Table of Contents

DECLARATION AND STATEMENT OF MANIFEST ERRORS..........................................................5

   1. Failure to Address Threshold Article III Jurisdiction..........................................5

   2. Refusal to Take Mandatory Judicial Notice Under FRE 201(c)(2) ............................6

   3. Imposition of an Unlawful Arbitrary and Capricious "25-Pages" Limit in Direct Conflict with Bankr. Rule 8015(a)(7)(B)(i). ........................................................................6

   4. Denial of Procedural Due Process and Improper Sanctions Threat ..........................7

   5. Issuance of Moot, Advisory Directions on Merits Briefing ....................................7

   6. Objective Appearance of Bias and Prejudice; Actual Bias and Prejudice; Threats of Punitive Sanctions; and Use of Racially-Coded Pejorative Epithets..........................................7

   Requested Disposition........................................................................................8

A. APPELLANTS' VERIFIED OPENING STATEMENT ..........................................................9

B. DECLARATION OF ULYSSES T. WARE.........................................................................12

C. LEGAL AND FACTUAL REASONS WHY RELIEF IS "WARRANTED." ...............................16

   ARGUMENT ...............................................................................................................16

      I. THE ORDER IS VOID *AB INITIO* FOR FAILURE TO 'FIRST' ADDRESS "THRESHOLD" THE COURT'S ARTICLE III SUBJECT-MATTER JURISDICTION OVER PREDATORY **CRIMINAL USURY NULL AND VOID AB INITIO** SUBJECT MATTER, GX 1-4, AND GX 5. ........................................................................................................................16

      II. THE ORDER DIRECTLY CONTRAVENES FEDERAL RULES OF BANKRUPTCY PROCEDURE GOVERNING APPELLATE BRIEFING AND IS *ULTRA VIRES.* ..........................19

      III. THE ORDER VIOLATES FUNDAMENTAL DUE PROCESS NORMS (See Ex. E, and Ex. F, infra)............................................................................................................................22

      IV. EQUITABLE AND PRACTICAL CONSIDERATIONS MANDATE VACATUR .................22

      V. CONCLUSION .............................................................................................23

      VI. RELIEF REQUESTED....................................................................................24

D. CONTENTION. ...........................................................................................................25

   I. Manifest Error Law—The Order Conflicts with Bankr. Rule 8015(a)(7)(A), (B)(i), (ii). ...........27

   II.Manifest Error of Law—The Existing Brief, Dkt. 26, Is Timely and Compliant with Bankr. Rule 8015(a)(7)(A), (B)(i)................................................................................................29

   III.Relief Requested ...............................................................................................29

E. SUMMARY OF THE ARGUMENT..................................................................................30

F. PRELIMINARY STATEMENT ......................................................................................31

G. PROCEDURAL BACKGROUND ...................................................................................32

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

H. LEGAL STANDARD (FED. R. CIV. P. 59(e)).....................................................................................34

I. ARGUMENT ........................................................................................................................................35

I. THE ORDER, DKT. 38, IS VOID *AB INITIO* FOR FAILURE TO ADDRESS THRESHOLD SUBJECT-MATTER JURISDICTION...................................................................................................35

II. THE ORDER IS *ULTRA VIRES* FOR IMPOSING A PAGE LIMIT CONTRARY TO FRBP 8015(a)(7)(A), (B)(i), (ii)...........................................................................................................................37

III. THE ORDER PREJUDICIALLY IMPAIRS BRIEFING OF JURISDICTIONAL ISSUES AND DISREGARDS BINDING EVIDENCE ........................................................................................38

IV. THE ORDER IS ULTRA VIRES AND MOOT, DKT 38, Ex. A, infra.....................................39

V. UNCONSTITUTIONAL AND IMPERMISSIBLE USE OF RACIALLY-CODED LANGUAGE IN THE ORDER—THE PERSONAL, ACTUALLY BIASED, ACTUALLY PREJUDICED, AND LEGALLY BASELESS PERSONAL ATTACK AND INTENTIONAL, PEJORATIVE MISCHARACTERIZATIONS OF THE DISTRICT JUDGE (BROWN, J.) WHO HAS YET TO "AFFIRMATIVELY ESTABLISH" THE DISTRICT COURT'S ARTICLE III JURISDICTION OVER THE PREDATORY NULL AND VOID AB INITIO CRIMINAL USURY UNLAWFUL DEBTS, GX 1-4 IN VIOLATION (FUNDAMENTAL CONSTITUTIONAL LEGAL ERROR) OF THE SUPREME COURT'S DECISION IN STEEL CO., 523 U.S. AT 93-95—THE DISTRICT COURT'S USE OF RACIALLY-CODED EPITHETS AND ITS FAILURE TO ESTABLISH ARTICLE III JURISDICTION CONSTITUTE MANIFEST STRUCTURAL, DUE-PROCESS LEGAL ERROR REQUIRING VACATUR AND REASSIGNMENT. ......................................................................................................................................39

VI. CONCLUSION—WHY RELIEF SHOULD BE GRANTED. ....................................................43

Part II—MANIFEST ERRORS OF FACT....................................................................................................44

I. MANIFEST ERRORS OF FACTS--PROCEDURAL FACTS NECESSARY TO CORRECT THE RECORD—MANIFEST FACTUAL ERRORS OF THE DISTRICT COURT. ..................44

II. THE AD HOC (ARBITRARY AND CAPRICIOUS) "25-PAGE" LIMITATION DIRECTLY CONFLICTS WITH RULE 8015(a)(7)(A), (B)(i), (ii) AND IS VOID AB INITIO. ........................45

J. CERTIFICATE OF SERVICE............................................................................................................47

Exhibit A-1—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA)......................................................48

Exhibit A-2—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA)......................................................49

Exhibit B—Appellants' Rule 8015(h)(1) certification taken from page 51 of the April 10, 2025, Dkt. 26, Opening Brief..................................................................................................................................................50

Exhibit C—Bankr. Rule 8015 .....................................................................................................................51

Exhibit D—25cv00613 (NDGA) Docket Report........................................................................................56

Exhibit E—Advisory Committee Notes (Fed. R. App. P. Rule 32)........................................................57

Exhibit F—Rule 83. Rules by District Courts; Judge's Directives .........................................................58

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

# DECLARATION AND STATEMENT OF MANIFEST ERRORS

*(Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023)*

This statement highlights the "manifest" dispositive legal and factual errors and defects that render the District Court's 29 April 2025 Order (Dkt 38), Ex. A, infra, **null and void ab initio, ultra vires, advisory, and constitutionally infirm.** Each ***manifest legal and factual error*** is independently sufficient to compel vacatur; taken together, cumulatively, they constitute a "wholesale" and egregious violation and denial of due process of law, and ***a manifest miscarriage of justice.***

## 1. Failure to Address Threshold Article III Jurisdiction

Before issuing any ***merits-related directive,*** the Court was "first" obliged to confirm a live "case or controversy" currently existed, and existed in each court [02cv2219 (SDNY) and 03-93031 (BC NDGA)] below. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). Yet Dkt. 38 **ignored** the *fundamental Article III constitutional jurisdictional challenges* and the joint stipulations in the certified Joint Stipulated Appellate Record ("JSAR") establishing that (i) all Appellees have agreed and stipulated they lacked Article III standing in the courts below, and (ii) the underlying debts (GX 1-4, GX 5) are <u>**predatory, criminally usurious, unlawful debts, and null and void ab initio**</u> pursuant to NYS Penal Law, section 190.40, the criminal usury law, a class E felony; and federal racketeering loan-sharking law, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

*Manifest Error*: Proceeding without subject matter jurisdiction violates an "inflexible and without exception" constitutional mandate and produces a non-justiciable advisory opinion.

## 2. Refusal to Take Mandatory Judicial Notice Under FRE 201(c)(2)

Appellants filed multiple, properly supported requests (Dkts 23, 25, 28) for **mandatory** judicial notice of adjudicative facts drawn from the JSAR. Once a party "supplies the necessary information," a federal court **must** take notice. The Order neither ruled on those requests nor acknowledged the underlying facts.

*Manifest Error*: Disregarding Rule 201(c)(2) flouts a non-discretionary evidentiary command and forecloses the very evidence that would prove the Court's lack of jurisdiction.

## 3. Imposition of an Unlawful Arbitrary and Capricious "25-Pages" Limit in Direct Conflict with Bankr. Rule 8015(a)(7)(B)(i).

Rule 8015(a)(7)(B)(i) allows a principal brief of **30 pages or up to 13,000 words** with a compliant certificate, Rule 8015(h)(1). Appellants timely elected the word-count option, filed a 9,068-word brief, Dkt. 26, and attached the required certification, see Ex. B, infra. Dkt 38 nonetheless curtailed briefing to "25 pages," threatened dismissal for non-compliance, and offered no authority overriding the national "30 pages or 13,000 words" Rule 8015(a)(7) rule. Cf., Ex. E and Ex. F, infra.

*Manifest Error*: A district court may enlarge but is not lawfully authorized to reduce Rule-prescribed limits; the contrary order, Dkt. 38, is manifestly ultra vires and per se abuse of discretion.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

*Slater v. U.S. Steel*, 871 F.3d 1174, 1180 n.4 (11th Cir. 2017)).

## 4. Denial of Procedural Due Process and Improper Sanctions Threat

Without ***actual prior notice***, hearing, or citation to any legal precedents or authority, the Order (i) denied four pending motions (Dkt. 12, 14, 19, and 22) raising Article III constitutional jurisdictional and ethical issues, and (ii) threatened to dismiss the appeal "potentially with prejudice" (a punitive sanction in violation of Fed. R. Civ. P. 83(b)(1) if Appellants did not obey the defective "25 pages" arbitrary and capricious limit.

*Manifest Error*: Summary disposition of substantive motions and coercive threats absent procedural safeguards violate the Fifth Amendment and constitute reversible structural error.

## 5. Issuance of Moot, Advisory Directions on Merits Briefing

Because the Article III constitutional jurisdictional predicates are fatally deficient, any instruction, Dkt. 38, compelling ***merits*** briefing is moot. A United States federal court (02cv2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA)) lacking Article III subject matter jurisdiction over its claims, or issues on appeal, may only "announce the fact and dismiss the cause." *Steel Co.*, 523 U.S. at 94-95. By commanding merits submissions the Order, Dkt, 38, ventures into forbidden advisory territory, and accordingly, as a matter of law is **manifestly** moot, and void ab initio..

*Manifest Error*: Issuing moot directives exceeds constitutional authority and wastes judicial resources.

## 6. Objective Appearance of Bias and Prejudice; Actual Bias and Prejudice; Threats of Punitive Sanctions; and Use of Racially-Coded Pejorative Epithets.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

The Order, Dkt. 38, employs language impugning Appellants with racially charged pejorative descriptors, betraying an objective actual prejudice and triggering mandatory recusal under 28 U.S.C. § 455(a).

*Manifest Error*: Structural due-process breach requiring vacatur and reassignment (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

## Requested Disposition

Because each error is both "obvious and indisputable" and demonstrates a complete and flagrant disregard for clearly controlling law, governing rules, procedural mandates, and fundamental process, *cf.*, *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), the Court should:

1. **Vacate** the 29 April 2025 Order (Dkt 38) in its entirety;

2. **Grant** the pending FRE 201(c)(2) requests and dismiss for lack of jurisdiction; or, at minimum,

3. **Accept** Appellants' April 7, 2025, 9,068-word fully compliant Rule 8014(a) opening brief, Dkt. 26, as compliant with Rule 8015(a)(7)(B)(i), (f), and (h)(1); and (i) enter a default against each Appellee, and/or (ii) dismiss the appeal only **after** "first" (see *Steel Co.*, 523 U.S. at 93-95) resolving Article III constitutional standing jurisdiction of the stipulated *__predatory unregistered broker-dealers__* (Appellees and their privies). [JSAR Dkt. 5-13 pp. 48].

This immediate corrective action is necessary to redress manifest error, prevent further constitutional injury, and conserve judicial resources.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

Signed under oath this 1st day of May 2025, in Brooklyn, NY subject to the penalty of perjury, having personal knowledge of the facts, per 28 USC § 1746.

*/s/ Ulysses T. Ware*

/s/ Ulysses T. Ware, for the **Appellants**.

# A. APPELLANTS' VERIFIED OPENING STATEMENT

On March 17, 2025, Dkt. 10, the District Clerk (NDGA) set the Rule 8018(a)(1) briefing schedule for 25cv00613, setting the Appellants' Rule 8014(a) opening brief due date for April 17, 2025.

Appellants on April 7, 2025, as lawfully authorized and permitted, exercised their legal rights under Rule 8015(a)(7(B)(i), (see Ex. C, infra), opted-in and used the 13,000-word provision, at great costs and expense, to prepare their Rule 8014(a) opening brief, rather than use the 30-page limitation given the complexity of the issues presented on appeal.

On page 51 of their opening brief, Dkt. 26, see Ex. B, infra, Appellants provided the District Clerk (NDGA) with the required Rule 8015(h)(1) certification for their authorized use of the alternative 13,000 word provision of Rule 8015(a)(7)(B)((i), and *certified* that their opening brief contained 9,068 words, well within the 13,000 word limitation of Rule 8015(a)(7)(B)(i). Ex. Id.

On April 10, 2025, the District Clerk (NDGA) reviewed Appellants' opening brief, *found it compliant with all provisions of Rule 8014(a), found the Rule 8015(h)(1) certification on page 51*—that is, the District Clerk (NDGA) found Appellants' opening brief in full compliance with all applicable Rules'; accordingly, *__the District Clerk (NDGA) legally certified complete compliance with Rule 8014(a), 8015(h)(1), and officially accepted and docketed Appellants opening brief, Dkt. 26, as required by Rule 8015(f). That settled the matter.__* (See Ex. D, infra).

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

Appellants heard nothing from the District Clerk, nor the District Court (Brown, J.), no entry has been made on the 25cv00613 docket by the District Clerk (NDGA), or the District Court (Brown, J.) regarding any alleged deficiencies in Appellants' Rule 8014(a) brief, Dkt. 26.

Not until April 29, 2025, Dkt. 38 (see Ex. A, infra), *19 days* after the District Clerk (NDGA) accepted, certified, and docketed, Dkt. 26, Appellants' opening brief, and *certified full compliance with all required Rules*, (see Ex. D, infra), were Appellants notified by the District Court, Brown, J., who ostensibly *without any written or docketed explanation*, without written, or *docketed notice of any kind regarding an alleged filing deficiency*, and without any *written and docketed* analysis, or citation to any rule or provision ordered Appellants to file *a second supplemental* "consolidated" "25-page" appellant opening Rule 8014(a) brief, in addition to the already District Clerk certified, Rule 8015(f), April 10, 2025, (See Ex., Id.) fully compliant and District Clerk certified Rule 8015(f) docketed Rule 8014(a) brief, Dkt. 26.[1]

The District Court acting *sua sponte* without the entry of a *docketed* compliant *Rule 8018(a) supplemental briefing schedule*, acting *sua sponte* without any input from the parties, acting *sua sponte* without a *docketed* notice or due process hearing, the District Court, Brown, J., *sua sponte*, in complete and "wholesale" *disregard for the law, procedure, and process* required by the Supreme Court's decision in *Steel Co.*, 523 U.S. at 93-95; acting *sua sponte* without "first" *confirming on the record* the District Court's Article III constitutional subject matter jurisdiction

---

[1] See *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) ("Like its present-day successor, § 687 provided that after a Rule became effective "all laws in conflict therewith shall be of no further force and effect." It follows that Rule 52 [and Bankr. Rule 8015(f)] is, in every pertinent respect, *as binding as any statute duly enacted by Congress, and federal courts [25cv00613 (NDGA), 03-93031 (BC NDGA)] have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions*.") (emphasis added).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

over the predatory criminal usury unlawful debts, GX 1-4, and GX 5; acting ***sua sponte*** without

"first" ***confirming on the record*** whether an Article III adverse appellee existed with respect to

the issues raised on appeal given the late Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final judgment

entered in the underlying 02cv2219 (SDNY) ***voluntarily dismissed with prejudice proceedings***

[JSAR Dkt. 5-13 pp 46-47];[2] acted ***sua sponte*** without "first" as directed by the Supreme Court's

decision in Steel Co., Id., ***confirmed on the record*** whether a live Article III case or controversy

***currently exists*** during the pending 25cv00613 (NDGA) appeal and during the 03-93031 Chapter

11 proceedings—that is, whether or not a live Article III controversy existed between the parties

regarding all issues, facts, and claims resolved by the late Judge Sand's Rule 41(a)(2) final

judgment entered in the 02cv2219 (SDNY) related proceedings. The answer is no.

---

[2] The Joint Stipulated Appellate Record (JSAR) which is binding on the District Court in the 25cv00613 (NDGA) pending appeal, shows that on Dec. 20, 2007, Dkt. 90, the Appellees herein, their, privies, proxies, surrogates, agents, alter-egos, and other in active concert therewith, after the NYS statute of limitation had run on all claims in the underlying 02cv2219 (SDNY) lawsuit, pursuant to Fed. R. Civ. P. Rule 41(a)(2) requested that ***the late District Judge Sand immediately dismissed the 02cv2219 (SDNY) lawsuit with prejudice***, which Judge Sand granted the plaintiffs' request and on Dec. 20, 2027, Dkt. 90, Judge Sand dismissed the 02cv2219 (SDNY) ***lawsuit with prejudice***, and ***conferred final judgment prevailing party status on Appellant Ulysses T. Ware and Group Management***, see *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952), and also see *United States v. L-3 Comm'cs EOTech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (Kearse, J.) (collecting cases). Accordingly, as a matter of law and fact given Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment, ***all Appellees and their privies on Dec. 20, 2007, voluntarily terminated any and all Article III standing to appear (i) in the 03-93031 (BC NDGA) Bankruptcy proceedings, and (ii) to appear in the pending 25cv00613 (NDGA) appeal***—that is, Judge Sand' Dec. 20, 2027, Rule 41(a)(2) final judgment, binding on the 25cv00613 District Court strictly prohibited the District Court's entry of Dkt. 38, see *Federated Dept. Stores,* 452 U.S. at 398, 401-02 (res judicata of Judge Sand's Dec. 20, 2007, final judgment is "***absolutely binding without exception*** on all courts [02cv2219, 03-93031, 25cv00613], the parties, and their privies [all Appellees in 25cv00613] in all subsequent proceedings between the parties; and all issues, facts, or claims actually or necessarily resolved by the final judgment are 'forever settled between the parties ....'). (paraphrased) (emphasis added).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

## B. DECLARATION OF ULYSSES T. WARE

I, Ulysses T. Ware, Appellant herein, hereby this 30th day of April, 2025, in Brooklyn, NY, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC § 1746, make this Declaration and state the following.

1.     On March 17, 2025, Dkt. 10, the District Clerk (NDGA) by order set the Rule 8018(a)(1) briefing schedule for 25cv00613, setting the Appellants' opening brief due date for April 17, 2025.

2.     Appellants on April 7, 2025, as lawfully authorized and permitted, exercised their legal rights under Rule 8015(a)(7(B)(i), opted-in and used the **13,000-word provision**, at great costs and expense, to prepare their opening brief, rather than use the 30-page limitation given the complexity of the issues presented on appeal.

3.     On page 51 of their opening brief, Dkt. 26, see Ex. B, infra, Appellants provided the District Clerk (NDGA) with the required Rule 8015(h)(1) certification of using the 13,000 word provision of Rule 8015(a)(7)(B)((i), and certified that their opening brief contained **9,068 words,** well within the **13,000** word limitation of Rule 8015(a)(7(B)(i).

4.     On April 10, 2025, the District Clerk (NDGA) reviewed Appellants' opening brief, found it compliant with all provisions of Rule 8014(a), found the Rule 8015(h)(1) certification on page 51;

5.     the District Clerk (NDGA) finding Appellants' opening brief in full compliance with all applicable Rules certified complete compliance with Rules 8014(a),

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

8015(a)(7)(B)(i), 8015(h)(1) and accepted and docketed Appellants' opening brief, Dkt. 26, as required by Rule 8015(f).

6.      On April 29, 2025, Dkt. 38, 19 days after the District Clerk (NDGA) accepted, certified, and docketed, Dkt. 26, Appellants' opening brief, and ***certified full compliance with all required Rules***,

7.      the District Court, Brown, J., ***sua sponte, without any prior written or docketed explanation***, analysis, or citation to any rule or provision which authorized the filing of ***an additional second supplemental appellant opening Rule 8014(a) brief,*** acted, ***sua sponte,*** without the entry of a ***docketed*** compliant Rule 8018(a) briefing schedule,

8.      acted ***sua sponte*** without any input from the parties, ***sua sponte,*** without a ***docketed*** notice or due process hearing,

9.      the District Court, Brown, J., acted ***sua sponte***, in complete "wholesale" disregard for the law, the rules, and the legal process required by the Supreme Court's decision in ***Steel Co.***, 523 U.S. at 93-95; acting ***sua sponte*** without "first" ***confirming on the record*** the District Court's Article III constitutional subject matter jurisdiction over the predatory criminal usury unlawful debts, GX 1-4, and GX 5;

10.      acted ***sua sponte*** without "first" ***confirming on the record*** whether an Article III adverse appellee having lawful Article III standing existed with respect to the issues raised on appeal given the late Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

judgment entered in the underlying 02cv2219 (SDNY) ***voluntarily dismissed with prejudice proceedings*** [JSAR Dkt. 5-13 pp 46-47];[3]

      11.    acted ***sua sponte*** without "first" as directed by the Supreme Court's decision in Steel Co., Id., ***confirmed on the record*** whether a live Article III case or controversy ***currently exists*** during the pending 25cv00613 (NDGA) appeal and during the 03-93031 Chapter 11 proceedings—that is, whether or not a live Article III controversy existed between the parties regarding all issues, facts, and claims resolved by the late Judge Sand's Rule 41(a)(2) final judgment entered in the 02cv2219 (SDNY) related proceedings.

      12.    Fed. R. Civ. P. 83(b) (see Ex. F, infra). Procedure When There Is No Controlling Law. A judge may regulate practice in any manner ***consistent with federal law, rules adopted under 28 U.S.C. §§2072 and 2075, and the district's local rules. No sanction or other disadvantage may be imposed [on Appellants Ware and Group***

---

[3] The Joint Stipulated Appellate Record (JSAR) which is binding on the District Court in the 25cv00613 (NDGA) pending appeal, shows that on Dec. 20, 2007, Dkt. 90, the Appellees herein, their, privies, proxies, surrogates, agents, alter-egos, and other in active concert therewith, after the NYS statute of limitation had run on all claims in the underlying 02cv2219 (SDNY) lawsuit, pursuant to Fed. R. Civ. P. Rule 41(a)(2) requested that ***the late District Judge Sand immediately dismissed the 02cv2219 (SDNY) lawsuit with prejudice***, which Judge Sand granted the plaintiffs' request and on Dec. 20, 2027, Dkt. 90, Judge Sand dismissed the 02cv2219 (SDNY) ***lawsuit with prejudice***, and ***conferred final judgment prevailing party status on Appellant Ulysses T. Ware and Group Management***, see *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952), and also see *United States v. L-3 Comm'cs EOTech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (Kearse, J.) (collecting cases). Accordingly, as a matter of law and fact given Judge Sand's Dec. 20, 2007, voluntary Rule 41(a)(2) final judgment, ***all Appellees and their privies on Dec. 20, 2007, voluntarily terminated any and all Article III standing to appear (i) in the 03-93031 (BC NDGA) Bankruptcy proceedings, and (ii) to appear in the pending 25cv00613 (NDGA) appeal***—that is, Judge Sand' Dec. 20, 2027, Rule 41(a)(2) final judgment, binding on the 25cv00613 District Court strictly prohibited the District Court's entry of Dkt. 38, see *Federated Dept. Stores*, 452 U.S. at 398, 401-02 (res judicata of Judge Sand's Dec. 20, 2007, final judgment is "***absolutely binding without exception*** on all courts [02cv2219, 03-93031, 25cv00613], the parties, and their privies [all Appellees in 25cv00613] in all subsequent proceedings between the parties; and all issues, facts, or claims actually or necessarily resolved by the final judgment are 'forever settled between the parties ....'). (paraphrased) (emphasis added).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

*Management herein] for noncompliance with any [ad hoc, arbitrary, and capricious, vindictive "25 pages" limitation] requirement not in federal law, federal rules, or the local rules* unless the alleged violator *has been furnished* in the particular case [03-93031 (BC NDGA), and 25cv00613 (NDGA)] with *actual notice of the requirement*.[4]

(See Ex. E, infra: Comm. Notes of Rules, 2016 Amendment (discussing Subdivision (e)).[5]

The answer is no. See Ex. D, Ex. E, and Ex. F, infra.

Signed this 30th day of April 2025, in Brooklyn, NY, under oath and subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC § 1746.

/s/ Ulysses T. Ware

---

[4] See Ex. D, the 25cv00613 docket. The 25cv00613 District Court (Brown, J.), according to the official docket, and the March 17, 2025, Dkt. 10, Brief Schedule Order, *did not, has not, and as a matter of law cannot* provide Appellants "*with actual notice of the requirement*" to limit their Rule 8014(a) Opening Brief to "25 pages." Particularly, where any such purported vindictive, unlawful, unconstitutional, and retaliatory "25 pages" requirement *is null and void ab initio as ultra vires*. Cf., Ex. E, infra (the District Court (Brown, J.) is only lawfully authorized to "*increase*" the 30 pages limitation rather than decrease to "25 pages" the Rule 8015(a)(7) page limitation).

[5] See Ex. F, infra. The Federal Rules of Procedure [83(b)] strictly prohibits District Judge Michael L. Brown from any threat or order threating the following "sanction": "If Appellant does not comply with any of these [null and void ab initio, unconstitutional, vindictive, retaliatory, and unlawful] instructions [in palpable violation of the Federal Rules of Procedure] contained in this [**moot, void ab initio, and ultra vires**] Order [Dkt. 38], *the Court will likely dismiss his appeal, potentially with prejudice*." (emphasis added) (the "*Unlawful Sanctions Threat*").

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

## C. LEGAL AND FACTUAL REASONS WHY RELIEF IS "WARRANTED."

The District Court should grant the requested relief for the following legal and factual reasons, to wit:

### ARGUMENT

The Order dated April 29, 2025 (Dkt. 38) constitutes and contains numerous fundamental, *__manifest, and egregious constitutional errors of law and fact__* necessitating immediate reconsideration and vacatur pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023. The Order improperly (i) *bypassed and wholesale disregarded Article III mandatory "threshold" jurisdictional requirements*, (ii) *directly contravenes and wholesale disregarded controlling Federal Rules of Bankruptcy Procedure (precedents) governing appellate briefs*, and (iii) *violates and completely disregards and rejected fundamental due process norms, **rendering it null and void ab initio, ultra vires, and moot.***

### I. THE ORDER IS VOID *AB INITIO* FOR FAILURE TO 'FIRST' ADDRESS "THRESHOLD" THE COURT'S ARTICLE III SUBJECT-MATTER JURISDICTION OVER PREDATORY CRIMINAL USURY NULL AND VOID AB INITIO SUBJECT MATTER, GX 1-4, AND GX 5.

It is an *immutable* principle of federal jurisprudence that a court must "first" definitively establish its own subject-matter jurisdiction as a "threshold" prerequisite *before proceeding to any determination on the merits*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("[W]ithout jurisdiction *__the court cannot proceed at all in any cause....__* The requirement that jurisdiction be established as a threshold matter... is 'inflexible and without exception.'")

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

(internal citations omitted) (emphasis added). An order entered in the absence of subject-matter jurisdiction is **fundamentally** defective, constituting "**a legal nullity and must be vacated**." *Cf. United States v. Grote*, 961 F.3d 105, 115 (2d Cir. 2020) (addressing consequences of actions predicated on unlawful activity); *Steel Co.,* Id.

In this case, prior to the entry of the challenged Order (Dkt. 38), Appellants placed squarely before this Court multiple pending motions and requests for mandatory Fed. R. Evid. Rule 201(c)(2) judicial notice (including Dkts. 12, 14, 19, 22, 23, 25, 28) presenting specific, dispositive factual evidence derived from the binding, *__judicially certified__* by the 03-93031 United States Bankruptcy Court (NDGA), Dkt. 296/296A, **Joint Stipulated Appellate Record ("JSAR")** and related *official documents* (including Dkt. 19-4 and the 04cr1224 Indictment, Dkt 32, Dkt. 37). This irrefutable (stipulated) evidence, subject to mandatory judicial notice under FRE 201(c)(2), establishes *prima facie* that:

a) **(a) No Legally Cognizable Claim:** The claims purportedly pursued by Appellees [JSAR Dkt. 5-1 to 5-6] derived exclusively from predatory, criminal usury, unlawful debt instruments (GX 1-4, GX 5) that are *__void and ab initio__, unenforceable, and uncollectible,* as criminally usurious under N.Y.S. Penal Law § 190.40, the criminal usury, law, a class E felony, and independently, statutorily void ab initio under 15 U.S.C. § 78cc(b) due to *__Appellees' stipulated status as unregistered broker-dealers violating 15 U.S.C. § 78o(a)(1).__* [JSAR Dkt. 5-13 pp 48].

b) **(b) Lack of Article III Standing:** Consequently, Appellees possess no "legally protected interest" in the predatory criminal usury unlawful debts, GX 1-4, and GX 5, capable of

conferring Article III standing, as they did not in the underlying 02cv2219 (SDNY), 03-93031 Chapter 11, and cannot in this 25cv00613 proceeding, ipso facto, as a matter of law and fact, ***demonstrate a concrete, particularized, and legally cognizable injury-in-fact traceable to Appellants and redressable by a favorable court decision***. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The underlying 02cv2219 (SDNY), and 03-93031 (BC NDGA) Chapter 11, and ***this 25cv00613 (NDGA) appeal are moot***. *Steel Co.,* 523 U.S. at 94-95—the District Court (Brown, J.) ***is strictly prohibited*** from any entry of any purported "lawful" order, Dkt. 4, Dkt. 6, and Dkt. 38, ***in this moot judicial proceeding***. *Steel Co.,* Id.

c) **(c) Preclusion:** The underlying civil action (02-cv-2219 SDNY) upon which Appellees' bankruptcy claims rely was ***voluntarily dismissed with prejudice*** by Appellees' own counsel, Appellee Kenneth A. Zitter, Esq., on December 20, 2007, [see JSAR Dkt. 5-13 pp 46-47], pursuant to Fed. R. Civ. P. 41(a)(2), after the NYS statute of limitation had run on all claims in the 02cv2219 (SDNY) complaint, ***voluntarily extinguishing all potential claims with prejudice under the doctrine of res judicata***. *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952).

Because this irrefutable, stipulated joint appellate record (JSAR) evidence demonstrates and stipulated that Appellees agree and admitted that they lacked standing and that their claims are predicated on null and void ab initio predatory, criminal usury unlawful debt instruments, GX 1-4, and GX 5, no live Article III "case or controversy" exists between the parties concerning these predatory, criminal usury, unlawful debts. (18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d)).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

The 03-93301 Chapter Bankruptcy Court, therefore, lacked subject-matter jurisdiction over Appellees' void claims, and consequently, this 25cv00613 (NDGA) District Court lacks appellate jurisdiction over the merits derived therefrom. By ignoring these pending, fact-supported, "threshold" constitutional jurisdictional challenges and proceeding directly to merits-based directives (briefing schedules and limitations), the Order (Dkt. 38) violates the fundamental mandate of *Steel Co., Id.* and is void *ab initio, moot, advisory, and ultra vires*.

## II. THE ORDER DIRECTLY CONTRAVENES FEDERAL RULES OF BANKRUPTCY PROCEDURE GOVERNING APPELLATE BRIEFING AND IS *ULTRA VIRES*.

Beyond the foundational, manifest constitutional and statutory jurisdictional defects, the Order imposes procedural requirements, specifically the 25-page limitation, which constitute ***manifest legal error*** by directly violating the controlling Federal Rules of Bankruptcy Procedure. This renders the Order an *ultra vires* act, exceeding the Court's lawful authority. See Ex. E and Ex. F, *infra*.

### A. Rule 8015(f) Mandates Acceptance of Compliant Briefs

Federal Rule of Bankruptcy Procedure 8015(f) ("Local Variation") provides critical assurance regarding compliance: "*A **district court** or BAP **must accept** documents [Appellants' Opening Brief, Dkt. 26] that comply with the form requirements of this rule and the **length limits set by this Part VIII**.*" On April 10, 2025, the Clerk of this Court accepted, certified, and docketed Appellants' Opening Appellate Brief (Dkt. 26). That brief included a Certificate of Compliance under Rule 8015(h)(1), certifying a word count of 9,068 words (well under the 13,000-word limit) and otherwise complying with the formatting requirements of Rule 8014(a) and 8015(a). (See

Motion, Ex. B). Having elected the type-volume option under Rule 8015(a)(7)(B)(i) and submitted a fully compliant brief which the Clerk accepted, Appellants were entitled under Rule 8015(f) to have that brief accepted by the Court, which it was on April 10, 2025. The Court's subsequent *sua sponte* Order (Dkt. 38) demanding a second, and *different*, 25-page brief effectively rejects the previously certified, accepted, rule-compliant brief (Dkt. 26) and directly contravenes the mandate of Rule 8015(f).

## B. Rule 8018(a)(1) Governs Briefing Schedules

The Clerk's Notice dated March 17, 2025 (Dkt. 10) established April 17, 2025, as the deadline for Appellants' opening brief. Appellants timely lodged their brief before this deadline (lodged April 7, docketed April 10). Rule 8018(a)(1) permits alteration of this schedule only by the clerk or by the court "for good cause on motion." The Order (Dkt. 38), issued *after* the compliant brief was accepted, certified as compliance with all Rules, filed and docketed, Dkt. 26, on April 10, 2025, the Court, sua sponte, without any docketed notice or scheduled due process hearing, unilaterally imposes a *new* deadline (May 29, 2025) for a *new* and second Appellant Opening Brief, without any motion, notice, opportunity to be heard, or finding of good cause. This *sua sponte* modification of the established briefing schedule violates the procedural requirements of Rule 8018(a)(1).[6]

---

[6] Rule 8018(a) Time to Serve and File a Brief. (1) Unless the district court or BAP by order in a particular case excuses the filing of briefs or sets a different time, the following time limits apply:

(1) *Appellant's Brief*. The appellant must serve and file **a brief [one (1) brief]** within 30 days after the docketing of notice that the record has been sent or that it is available electronically. Nothing in the Federal Bankruptcy Rules requires, or authorizes an appellant **to file two (2) opening briefs**. If two (2), then why not three (3)? Why not four (4) appellant briefs?

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

## C. Rule 8015(a)(7) Establishes Appellant's Right to Elect Word Count (See Ex. B, and Ex. C, infra).

Federal Rule of Bankruptcy Procedure 8015(a)(7) **unambiguously** grants the filer [Appellants Ware and Group Management] of a principal brief, Dkt. 26, ***the option*** to comply (i) either with ***a 30-page limit*** [not 25 page limit] (Subdivision (A)) *or* (ii) a type-volume limit of **13,000 words** / 1,300 lines (Subdivision (B)(i)). Appellants ***expressly exercised their*** "option" elected the type-volume option and certified compliance with 9,068 words (Dkt. 26, p. 51; Motion, Ex. B). The Order's mandate that the brief "not exceed 25 pages" eliminates the type-volume ***option*** expressly granted by the Rule and imposes a limit more restrictive than even the alternative page limit set by the Rule (30 pages). A district court (Brown, J.) 25cv00613 (NDGA) **shall not** disregard the plain text of the Federal Rules, which "have the force of law and are binding on the courts." (paraphrased). The unlawfully imposed, *ad hoc* unwritten rule--unauthorized 25-page limit, and nullifying Appellants' valid election under Rule 8015(a)(7)(B)(i), the Court acted beyond its authority (*ultra vires*).[7]

---

[7] Rule 83. Rules by District Courts; Judge's Directives
(a) Local Rules.
(b) **Procedure When There Is No Controlling Law. A judge may regulate practice in any manner *consistent with* federal law, rules adopted under 28 U.S.C. §§2072 and 2075 , and the district's local rules*. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.* There is no such requirement or option for a "25-page" limitation in a Rule 8014(a) opening appellate brief in the Federal Rules of Bankruptcy Procedure. Moreover, no provision in federal law authorizes the filing of two (2) Rule 8014(a) opening appellate briefs.**

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

III. THE ORDER VIOLATES FUNDAMENTAL DUE PROCESS NORMS (See Ex. E, and Ex. F, infra).

The manner in which the Order (Dkt. 38) was entered violates fundamental principles of procedural due process, which require (i) notice and (ii) a meaningful opportunity to be heard *__before adverse action is taken__*. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Order was issued *sua sponte*, nearly three (3) weeks *after* the Clerk *__accepted and certified__* Appellants' Rule-compliant opening brief (Dkt. 26). It was entered without any pending *__written, docketed motion__* from Appellees challenging the brief's form or length, without providing Appellants any *__docketed, written notice__* that the Court was considering rejecting the filed brief or imposing new restrictions, *__and without written, docketed notice__* identifying any specific procedural defect in the filed brief (Dkt. 26) that would warrant such drastic action. This unprecedented and highly irregular, unlawful and unconstitutional procedure *__effectively judicially ambushed__* Appellants, harshly and unlawfully punishing them for exercising their legal right explicitly granted by FRBP 8015(a)(7)(B)(i) and entered without the rudimentary fairness required by the Due Process Clause. *Cf. Lujan*, 504 U.S. at 559-60 (discussing importance of procedural requirements).

IV. EQUITABLE AND PRACTICAL CONSIDERATIONS MANDATE VACATUR

Beyond the clear legal errors, practical and equitable considerations strongly favor vacatur of the Order:

a) **Irreparable Prejudice:** Appellants expended significant time and resources preparing and filing their detailed, 9,068-word opening brief (Dkt. 26) in full compliance with the Federal

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

Rules. Forcing the additional preparation of a truncated, unlawful and unauthorized 25-page substitute brief *would impose substantial and **irreparable monetary prejudice**, strategic disadvantage (by preventing full articulation of fact-intensive jurisdictional arguments), and unnecessary delay.*

b) **Judicial Economy:** Proceeding with merits briefing, especially under unlawful restrictions, before "first" (see *Steel Co.*, 523 U.S. at 93-95) resolving the dispositive Article III constitutional "threshold" jurisdictional issues presented in Appellants' pending motions and FRE 201(c)(2) requests is fundamentally inefficient. If jurisdiction is indeed lacking (it is), as the evidence strongly suggests, further merits briefing is futile. Addressing jurisdiction "first" as instructed by the Supreme Court in *Steel Co.*, Id., conserves the resources of both the parties and the Court.

c) **Integrity of the Judicial Process:** Allowing an Order that (i) manifestly disregards controlling procedural rules, (i) bypasses fundamental jurisdictional requirements, and (iii) deviates from established due process norms to stand undermines public confidence in the predictability, fairness, and impartiality of the judicial process. Adherence to the Rules is paramount.

## V. CONCLUSION

The District Court's Order of April 29, 2025 (Dkt. 38) constitutes unprecedented, highly irregular, fundamental, manifest errors of law and fact. It improperly disregarded the Court's "threshold" obligation to "first" establish subject-matter jurisdiction, acted *ultra vires* by imposing

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

briefing limitations contrary to the plain language of Fed. R. Bankr. P. 8015, and violated

fundamental due process. The Order is consequently void *ab initio*, unenforceable, and moot.

## VI. RELIEF REQUESTED

WHEREFORE, Appellants Ulysses T. Ware and Group Management respectfully request

that this Honorable Court GRANT this Motion for Reconsideration pursuant to Fed. R. Civ. P.

59(e) and Fed. R. Bankr. P. 9023, and thereupon:

1. **VACATE** the Order dated April 29, 2025 (Dkt. 38) in its entirety;

2. **RECOGNIZE** Appellants' Opening Appellate Brief filed April 10, 2025 (Dkt. 26) as
   timely filed and fully compliant with Fed. R. Bankr. P. 8014 and 8015, and therefore
   accepted as the operative opening brief of record;

3. **STAY** any deadlines for further merits briefing until the Court has "first" fully adjudicated
   all pending threshold Article III constitutional jurisdictional motions and Appellants'
   Requests for Mandatory Judicial Notice (FRE 201(c)(2)) based on the certified JSAR
   (including Dkts. 12, 14, 19, 22, 23, 25, 28);

4. **SET this matter down forthwith for *a full and comprehensive on-the-record* due
   process compliant *appellate evidentiary hearing* where Appellants will subpoena and
   call witnesses (Appellees, their agents, proxies, surrogates, and their privies),**

5. **ENTER a show cause Order directed to each Appellee and their privies to
   immediately appear in the District Court (NDGA) and show cause in writing, under
   oath, subject to the penalty of perjury, and in compliance with the District Court's
   (NDGA), the ABA, and the State Bar of Georgia's Rules 3.3 and 8.4 Professional**

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May
27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires,
advisory, moot, and void ab initio Dkt. 38, Order.

**Conduct Rule, stating why final judgment and the $5.2225 Joint Stipulated Money**

**Judgment, Dkt. 27, shall not be entered forthwith against their interest,** and

6. **GRANT** such other and further relief as the Court deems just and proper to rectify the

errors in the vacated Order and ensure compliance with applicable law and rules.

Dated: April 29, 2025

# D. CONTENTION.[8]

The District Court's April 29, 2025, Order (Dkt. 38), is replete with "manifest," legally

dubious, highly actually biased, actually prejudiced, inappropriate, and numerous indisputable

"manifest" legal and factual errors, and reflects a "wholesale" abdication and complete disregard

of its oath of office and constitutional duty to apply controlling precedent and law.[9] In summarily

denying Appellants' motions—without analysis, without a single citation to legal authority, and

without acknowledging or applying the express language of Federal Rule of Bankruptcy Procedure

8015(a)(7)(A), (B)(i)—the Court committed a flagrant and outcome-determinative "manifest" and

intentional misapplication of law and fact that cannot stand. The Order entirely fails to engage

with, let alone adjudicate, Appellants' legal rights under the governing appellate framework, and

---

[8] The stipulated appellate record [JSAR] is indisputable—that the 25cv00613 (NDGA) District Court (Brown, J.), Dkt. 6, 38, and the 03-93031 Chapter 11 Bankruptcy Court (Hagenau, C.J.), Dkt. 256, 258, have never "affirmatively established" the federal courts' required Article III constitutional subject jurisdiction over the predatory Hobbs Act criminal usury unlawful debts, GX 1-4, and GX 5. That is a fact established by the Joint Stipulated Appellate Record (JSAR)—but, perplexingly, yet Dkt. 38, April 29, 2025, moot, advisory, void ab initio, ultra vires, and legally dubious purported Order has been entered in the 25cv00613 (NDGA) proceedings in violation of *Steel Co.*, 523 U.S. at 93-95.

[9] *Steel Co.*, 523 U.S. at 93-95; *Lujan*, 504 U.S. at 560-61; and Bankr. Rule 8015(a)(7)(A), (B)(i), (ii).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

instead *substitutes conclusory and inflammatory, highly inappropriate, and prejudicial personal*

*dicta for reasoned adjudication*.[10]

This is not merely judicial oversight—it is *a manifest and fundamental miscarriage of appellate and due process*, whereby the Court deliberately and intentionally, and in bad faith disregarded its constitutional and Code of Conduct for Federal Judges obligations to fairly, without bias or prejudice,[11] competently consider the legal sufficiency of the Appellants' pleadings under

---

[10] How is it possible, as well as legal, that the 03-93031 (BC NDGA) and 25cv00613 (NDGA) United States Article III federal courts adamantly and steadfastly defiantly refused to "affirmatively establish" their Article III constitutional subject matter jurisdiction over predatory null and void ab initio criminal usury unlawful debts, GX 1-4, (see NYS Penal Law, section 190.40), and 15 USC § 78cc(b)), and then attempt to bully and threaten the Appellants (see Dkt. 38, Ex. A, infra) using foul, vile, racially-coded language and inappropriate baseless in law and in fact comments with "dismissal ... with prejudice" of their appellant brief for completely complying with all aspects of Bankr. Rule 8015(a)(7)(A), (B)(i), (ii)? Make this make sense. CF., 18 USC §§ 2, 241, 242, and 371. Notwithstanding Judge Sand's Dec. 20, 2007, Rule 41(a)(2) final judgment is binding on the District and Bankruptcy Courts [JSAR Dkt. 5-13 pp 46-47]. *Federated Dept. Stores*, 452 U.S. at 398, 401-02 ("res judicata applies to all courts, absolutely ....").

[11] See 28 USC §§ 455(a) (the mere *appearance* of bias or prejudice), (b)(1-4) (actual bias, prejudice, or conflict of interest). Cf., the extreme, highly inappropriate, and pejorative racially-coded language (racial profiling)—see [cf., JSAR Dkt.5-13 pp 56-58] used by the District Judge (Brown, J.) in the April 29, 2025, Order, Dkt. 38, Ex. A-2, infra, in a vicious personal attack and completely mischaracterized Appellants' jurisdictional and other filings, without providing any reference whatsoever to a specific offending filing, or the alleged offending language or offending content which the Court considered "rambling, incoherent, voluminous, and unnecessary." Judge Brown's April 29, 2025, Order (Dkt. 38) flagrantly violates the bedrock requirements of judicial neutrality. Section 455(a) obliges ("shall") recusal whenever a reasonable observer would question a judge's impartiality; §§ 455(b)(1)–(4) demand recusal where actual bias, prejudice, or personal interest exists. Yet Judge Brown branded Appellants' jurisdictional filings as "rambling, incoherent, voluminous, and unnecessary" without pointing to a single page, quotation, or authority. Such ad hominem rhetoric—unmoored from the record—betrays an unmistakable animus that no objective litigant could ignore. **Worse, the Order's extreme and highly inappropriate language is laced with *racially coded stereotypes*, mirroring the *racial profiling* stipulated in the Joint Stipulated Appellate Record (JSAR Dkt. 5-13, pp. 56–58).** This is precisely the kind of conduct the Supreme Court condemned in *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009), where due process was offended by "a serious risk of actual bias." When a federal judge substitutes contemptuous epithets for reasoned analysis, ("a serious risk of actual bias" and prejudice), he breaches the judicial oath to "administer justice without respect to persons" and corrodes public faith in the courts—violations of the Code of Conduct for Federal Judges Canons. *Judge Brown's extreme and intemperate remarks—uttered from the bench and cloaked in Article III authority—has inflicted irreparable systemic harm on the Appellant and the legal system, placed the integrity of the federal judiciary in disrepute, and irreparably harmed,*

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**

**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

the binding and express mandates of Rule 8015. Such an egregious "manifest error of law and fact" as defined in *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)—namely, "*the wholesale disregard, misapplication, or failure to recognize controlling precedent*"(emphasis added)—*is patent and indisputable on the face of the Order*. The Court's complete and abject failure to engage with or *even mention the applicable Bankruptcy Rules* [Rule 8015(a)(7)(A), (B)(i), (ii), renders the legally dubious ruling constitutionally infirm and legally void, moot, and ultra vires.[12]

## I. Manifest Error Law—The Order Conflicts with Bankr. Rule 8015(a)(7)(A), (B)(i), (ii).

1. **Textual command.** Rule 8015(a)(7)(A) first sets a *page* limit (30 pages) *unless* paragraph (B) is invoked; paragraph (B) then allows a party [Appellants herein] to choose the **type-volume alternative**—"A principal brief is acceptable if it contains … no more than

---

and intentionally undermined the appearance and reality of fairness that due process demands. *This intentional and deliberate judicial misconduct not only mandates his immediate sua sponte disqualification under 28 USC § 455(a) but also taints and questions every ruling [Dkt. 6, 38], or future ruling, entered under such a racially charged cloud and tension, calling their validity sharply into question.*

[12] The District Court's Order (Dkt. 38) embodies a textbook example of "manifest error of law and fact"—an error so "obvious and indisputable" that it amounts to a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Here, the Court not only failed to even read or apply Fed. R. Bankr. P. 8015(a)(7)(A), (B)(i), it did not even acknowledge its existence—the Court appears not to have even read or understood Bankr. Rule 8015(a)(7)(A), (B)(i), or Appellants' brief's page 51 Rule 8015(h)(1) certification (see Ex. B, infra). *Such total silence in the face of a binding, dispositive procedural rule is not mere inadvertence; it is a profound miscarriage of justice and a denial of procedural due process.* A ruling so untethered from the governing legal framework of appellate advocacy cannot be allowed to stand without inviting the complete collapse of *coherent* appellate review under Rules 8014 and 8015.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

**13,000 words**" and is accompanied by a certificate under subdivision (h). Nothing in the Rule conditions the 13,000-word limit on a separate page count. See Ex. B, infra.

2. **Certificate on the record, See Ex. B, infra.** Appellants' Part X Certificate states:

> *"This brief contains 9,068 words, excluding the parts exempted by Fed. R. Bankr. P. 8015(g)." (See Ex. B, infra).*

3. **Local-variation clause.** Rule 8015(f) permits a district court, *by local rule or by order in a particular case,* to accept documents that do not conform—*not* to rebuff briefs that do conform. The Advisory Committee Notes (2014) stress that courts should not adopt local rules that **"impose a page limit in addition to a word limit."**[13]

4. **The 25-page limitation is ad hoc, arbitrary, capricious, and ultra vires.** By directing that the opening brief "**not exceed 25 pages**," the Order ignores the explicit allowance for a 13,000-word brief. Where the Bankruptcy Rules supply a national, length-specific standard, *__a district court may not substitute a shorter page limit after the brief has been filed absent (a) prior notice, (b) a specific local rule, and (c) findings that the word-count__*

---

[13] "Subdivision (a)(7) decreases the length of briefs, as measured by the number of pages, which was permitted by former Rule 8010(c). Page limits are reduced from *__50 to 30 pages__* for a principal brief and from 25 to 15 for a reply brief in order to achieve consistency with F.R.App.P. 32(a)(7). *__But as permitted by the appellate rule, subdivision (a)(7) also permits the limits on the length of a brief to be measured by a word or line count, as an alternative to a page limit__*. Basing the calculation of brief length on either of the type-volume methods specified in subdivision (a)(7)(B) *__will result in briefs that may exceed the designated page limits in (a)(7)(A) and that may be approximately as long as allowed by the prior page limits__*."

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

*alternative is inadequate*. *See* e.g., *Smith v. Barry*, 502 U.S. 244, 248 (1992) (rules governing form of briefs are to be **"liberally construed"** to preserve appeals).[14]

## II. Manifest Error of Law--The Existing Brief, Dkt. 26, Is Timely and Compliant with Bankr. Rule 8015(a)(7)(A), (B)(i).

1. Delivery to the District Clerk and chambers occurred on **7 April 2025** (filing memorandum) and was docketed on **10 April 2025** (USPS confirmation).[15]

2. It is double-spaced, uses 14-point proportionally spaced font, and contains all items required by Rule 8014(a).

3. Rule 8015(h)(1) certified word count is 9,068, see Ex. B, infra, far below the 13,000 word limit. No party has claimed prejudice from its length.

## III. Relief Requested

Because the Order rests on a fundamental, **plain "manifest" misapplication of Rule 8015**, reconsideration is warranted to prevent manifest injustice and needless duplication of work.

---

[14] "***Courts will liberally construe*** the requirements of Rule 3. See *Torres*, supra, at 316; *Foman v. Davis*, 371 U. S. 178, 181–182 (1962). Thus, when papers are "technically at variance with the letter of [Rule 3], a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres*, supra, at 316–317." (emphasis added).

[15] Rule 8015 Subdivision (f), like F. R. App. P. 32(e), ***provides assurance to lawyers and parties that compliance with this rule's form requirements will allow a brief or other document to be accepted by any district court*** or BAP.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

## E. SUMMARY OF THE ARGUMENT.

Reconsideration and vacatur are urgently required because the Order constitutes numerous *manifest errors of law and fact*,[16] rendering it null and void *ab initio*, *ultra vires*, and moot. Specifically, the Order impermissibly: (1) bypasses the Court's non-discretionary threshold obligation to determine its own Article III constitutional subject-matter jurisdiction before proceeding to the merits of any "cause," ignoring multiple pending, ***dispositive jurisdictional challenges*** supported by requests for ***mandatory judicial notice*** of binding, stipulated facts; (2) imposes a briefing page limitation that directly contravenes the controlling Federal Rules of Bankruptcy Procedure [see Bankr. Rule 8015(a)(7)(A), (B)(i); and 8015(f)],[17] constituting an act beyond the Court's lawful authority [see Rule 8015(f)];[18] and (3) prejudicially impairs Appellants'

---

[16] It appears that the Honorable District Judge Michael L. Brown did not even read Appellants' motions [Dkt. 12, 14, 19, and 22]; and it also appears from the extreme pejorative [*especially* : tending to disparage or belittle : **depreciatory**] and offensive tone and tenor of the Order that the Honorable District Judge did not even review, read, apprehend, or attempt to analyze Bankr. Rule 8015(a)(7)(A), (B)(i), (ii) permissions. All of which could have been resolved in the numerous appellate status conferences which Appellants requested from the Court, which were erroneously denied without rational analysis or explanation in Dkt. 12, 14, 19, and 22.

[17] **Bankr. Rule 8015(a)(7)** *Length of Brief.*

(A) *Page Limitation* . **A principal brief** must not exceed **30 pages**, or a reply brief 15 pages, **unless it** complies with (B).

**(B)** *Type-Volume Limitation.*

(i) Principal Brief. *A principal brief is acceptable if it contains a certificate under (h) and: contains no more than 13,000 words*; or
• uses a monospaced face and contains no more than 1,300 lines of text.

(ii) Reply Brief. A reply brief is acceptable if it includes a certificate under (h) and contains no more than **half the type volume specified in item (i).**

[18] (f) Local Variation. **A district court** [25cv00613, Brown, J.] or BAP ***must accept documents*** [Appellants' April 10, 2025, Dkt. 26, Opening Appellate Brief] that comply with the form requirements of

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

ability to adequately brief the complex, fact-intensive Article III "threshold" jurisdictional issues by imposing this ***unlawful and restrictive*** page limit before ruling on pending requests for FRE 201(c)(2) judicial notice of essential supporting evidence contained within the certified Joint Stipulated Appellate Record ("JSAR").

## F. PRELIMINARY STATEMENT

The instant 25cv00613 appeal presents fundamental challenges to the validity of the underlying 03-93031 (NDGA) Chapter 11 bankruptcy proceedings, predicated on stipulated allegations of fraud upon the court, non-existent claims (predatory criminally usurious and void unlawful debts, GX 1-4), lack of Article III standing by Appellees (predatory unregistered broker-dealers [JSAR Dkt. 5-13 pp 48], and predicate criminal acts (Hobbs Act/RICO violations) committed in furtherance of Appellees' Hobbs Act predatory loan sharking collection efforts in violation of federal, 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d), and NYS Penal Law, section 190.40, the criminal usury law, a class E felony. [JSAR Dkt. 43-60]. These challenges are supported by extensive, stipulated, specific evidence contained within the certified JSAR, much of which Appellants have sought to bring formally before the Court via mandatory judicial notice under Federal Rule of Evidence (FRE) 201(c)(2).

Instead of addressing these threshold, ***case-dispositive jurisdictional issues*** as required by binding Supreme Court precedent (*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)),

---

this rule ***and the length limits*** set by this Part VIII [Rule 8015(a)(7)(B)(i), (ii)]. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by this Part VIII.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

the Court's Order (Dkt. 38) denies pending motions [Dkt. 12, 14, 19, and 22] raising these issues without analysis, without citation to a single legal authority, and without any careful consideration of the merits, and directs Appellants to proceed immediately with merits briefing under conditions that directly violate controlling federal procedural rules (Fed. R. Bankr. P. 8015(a)(7)(B)(i)) and prevent adequate presentation of the very jurisdictional arguments the Order purports to permit. *This constitutes <u>clear and manifest error of law</u> necessitating immediate reconsideration and vacatur of the Order.*

## G. PROCEDURAL BACKGROUND

1. This appeal stems from the Chapter 11 proceedings in *In re Group Management Corp.*, Case No. 03-93031-WLH (Bankr. N.D. Ga.).

2. The official record on appeal, the JSAR, was certified by the Bankruptcy Court on March 7, 2025 (Bankr. Dkt. 296/296A) and subsequently filed in this Court (Dkts. 5-1 to 5-16; Dkt. 9).

3. Prior to the entry of the Order (Dkt. 38), Appellants filed numerous motions and requests raising threshold jurisdictional and procedural issues, including but not limited to:

   a) Dkts. 12, 14, 19, 22 (Motions seeking stays, sanctions, injunctive relief based on alleged jurisdictional defects and fraud).

   b) Dkt. 23 (Memorandum supporting Request for Mandatory Judicial Notice (FRE 201(c)(2)) of admitted federal crimes evidenced within the JSAR).

   c) Dkt. 25 (Supplement 1.0 requesting Mandatory Judicial Notice (FRE 201(c)(2)) of Appellees' dispositive stipulations resolving all appellate issues).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

d) Dkt. 28 (Incorporating Part 18-5 regarding judicial notification duties under Code of Conduct based on suppressed *Brady* evidence; Part 18-6 meet-and-confer memorandum to AUSA Southwell regarding stipulated Hobbs Act crimes; and Part 18-6.1 Declaration regarding Southwell's non-response and waiver/concession).

4. These filings explicitly requested ***mandatory judicial notice*** under FRE 201(c)(2) of specific facts within the binding JSAR and official records demonstrating, *inter alia*, the *ab initio* statutory voidness of Appellees' claims (criminal usury, unregistered broker-dealer status rendering predatory criminal usury unlawful debt contracts, GX 1-4, null and void ab initio under 15 U.S.C. § 78cc(b)), lack of Article III standing, preclusion, fraud upon the court, and predicate criminal acts by Appellees and their agents (including AUSA Southwell).

5. On April 29, 2025, the Court entered the Order (Dkt. 38), which denied Dkts. 12, 14, 19, and 22 without addressing the substance of the jurisdictional arguments or the pending FRE 201(c)(2) requests claiming, without any analysis, " … because Appellant has not shown the relief he seeks is warranted."[19] The Order directed Appellants to file a consolidated opening merits brief by May 29, 2025, limited that brief to 25 pages, and stated jurisdictional arguments could be raised therein.

---

[19] See Dkt. 14 page 3. Appellants stated specifically the relief sought GA Bar Rule 3.3 (duty of candor)/8.4 (fraud, misrepresentation, deceit) requested order was based on Appellees' false and fraudulent pleadings and false and fraudulent statements made in those manifestly frivolous pleadings, Dkt. 5-1 to 5-6.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# H. LEGAL STANDARD (FED. R. CIV. P. 59(e))[20]

Federal Rule of Civil Procedure 59(e), applicable via Fed. R. Bankr. P. 9023, permits a

court to alter or amend an order or judgment to correct "a manifest error of law or fact." *See, e.g.,*

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). *A manifest error of law is an error that is*

*"obvious and indisputable, and that amounts to a complete disregard of the controlling law."*[21]

*Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks

omitted). A party may invoke Rule 59(e) to correct **"manifest errors of law or fact"** *and* prevent

*"manifest injustice." Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).[22] The 29 April Order,

Dkt. 38 (Ex. A, infra) satisfies both prongs: it (1) misstates, misapprehends, failure to recognize

controlling precedent (*Steel Co.*, 523 U.S. at 93-95; *Lujan*, 504 U.S. at 560-61), and wholesale

disregard of the law and the factually substance of Dkt. 12, 14, 19, and 22, and the governing rule,

Bank Rule 8015(a)(7)(A), (B)(i),[23] and (2) threatens a preemptive, ultra vires, and unconstitutional

---

[20] A district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996).

[21] A "manifest error" is … the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).

[22] *U.S. v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) ("We will affirm the denial of a motion to amend the judgment absent an abuse of discretion. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*,___ U.S. ___, 128 S.Ct. 660, **169 L.Ed.2d 511** (2007). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or *manifest errors of law or fact*." *Id.* (quotation marks and citation omitted) (emphasis added).

[23] Bankr. Rule 8015 (a)(7) *Length of a Brief.* (A) *Page Limitation* . A principal brief *must not exceed 30 pages*, or a reply brief 15 pages, unless it complies with (B). (B) *Type-Volume Limitation.* (i) Principal Brief. *A principal brief is acceptable* if it contains a certificate under (h) [see Dkt. 26, April 10, 2025, Appellants' Opening Brief at page 42] and:
• *contains no more than 13,000 words*; or
• uses a monospaced face and contains no more than 1,300 lines of text.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

"dismissal with prejudice" of a facially compliant opening appellate brief, Dkt. 26,[24] jeopardizing substantive appellate due process rights.[25]

The Order (Dkt. 38) contains multiple such "manifest" ***fundamental constitutional legal*** and factual errors. The District Court, in its April 29, 2025, Order, Dkt. 38, in "wholesale" fashion, without conducting any legal analysis, or citing to a single legal citation, or reviewing Rule 8015(a)(7)(A), (B)(i), or Appellants' brief, completely overlooked, misapprehended, and completely disregarded Bankr. Rule 8015(a)(7)(A), (B)(i).

# I. ARGUMENT

## I. THE ORDER, DKT. 38, IS VOID *AB INITIO* FOR FAILURE TO ADDRESS THRESHOLD SUBJECT-MATTER JURISDICTION

The most ***fundamental and manifest legal error*** rendering the Order void ab initio and moot is its failure to address and resolve the "threshold question" of subject-matter jurisdiction "before" directing merits briefing. The Supreme Court has unequivocally held that establishing jurisdiction is an absolute prerequisite to any further action by a federal court.

> "Without jurisdiction ***the court cannot proceed at all in any cause***. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.... For a court to pronounce upon the meaning or

---

[24] Appellants in all regards satisfied every requirement of Bankr. Rule 8015(a)(7)(A), (B)(i) where their opening brief contained 9,068 words—much less than the permitted "13,000" as certified as required by Rule 8015(h)(1) (see Dkt. 26 at page 42 for the 8015(h)(1) certification, Ex. B, infra.

[25] See Bankr. Rule 8015(f) Local Variation. ***A district court [25cv00613 (Brown, J.)] or BAP must accept documents [Dkt. 26] that comply with the form requirements of this rule and the length limits set by this Part VIII***. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by this Part VIII (APPEALS TO DISTRICT COURT OR BANKRUPTCY APPELLATE PANEL)..

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, an advisory opinion." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (internal citations and quotation marks omitted). This requirement is "inflexible and without exception." *Id.* at 95 (quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Here, Appellants filed multiple submissions (Dkts. 23, 25, 28, etc.) *prior* to the entry of Dkt. 38, specifically requesting mandatory judicial notice under FRE 201(c)(2) of dispositive Article III standing and jurisdictional facts from the certified JSAR that demonstrate the complete absence of subject-matter jurisdiction in the Bankruptcy Court and, consequently, in this Court **(other than to determine its own jurisdiction).** These facts include:

1. **Void Claims/Lack of Standing:** Evidence establishing the underlying debts (GX 1-4, GX 5) were void *ab initio* due to criminal usury (N.Y. Penal Law § 190.40) and the claimants' status as unregistered broker-dealers (violating 15 U.S.C. §§ 78o(a)(1), 78cc(b)). Parties seeking to enforce void claims lack the requisite "legally protected interest" for Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

2. **Fraud Upon the Court:** Evidence of deliberate concealment of the debts' illegality and the claimants' unregistered status throughout the bankruptcy proceedings.

3. **Predicate Criminal Acts:** Stipulated evidence of Hobbs Act and RICO violations committed by Appellees and agents (including AUSA Southwell) in furtherance of collecting the void debts.

The Court cannot ignore these pending, factually supported jurisdictional challenges and FRE 201(c)(2) requests. By ordering merits briefing and imposing deadlines *before* determining whether it possesses the power to hear the appeal at all, the Court acted contrary to *Steel Co.* and

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

rendered the Order (Dkt. 38) void *ab initio. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

(2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must

dismiss the complaint in its entirety.").

## II. THE ORDER IS *ULTRA VIRES* FOR IMPOSING A PAGE LIMIT CONTRARY TO FRBP 8015(a)(7)(A), (B)(i), (ii)..

The Order's directive that Appellants' opening brief "not exceed 25 pages" (Dkt. 38, p. 1)

constitutes manifest legal error because it directly contravenes the controlling federal rule

governing brief length. Fed. R. Bankr. P. 8015(a)(7) explicitly provides:

(A) **Page Limitation.** A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless

it complies with (B).

(B) **Type-Volume Limitation.** (i) Principal Brief. A principal brief is acceptable if it contains...

no more than *13,000 words*; or uses a monospaced face and contains no more than 1,300 lines of

text.

The rule unambiguously grants the appellant the *option* to file a brief up to 30 pages *or*

comply with the word/line count limit. The Court's Order unlawfully eliminates this option and

imposes a *more restrictive* limit (25 pages) than the rule permits.

Furthermore, FRBP 8015(f) ("Local Variation") confirms the Court's lack of authority to

impose stricter limits: "A district court or BAP *must accept* documents that comply with the form

requirements of this rule and the **length limits set by this Part VIII.**" While Rule 8015(f) allows

courts to *accept* non-compliant documents by local rule or order, *it does not empower them to*

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

*reject documents that do comply with the rule's explicit length limits (e.g., a 30-page or 13,000-word brief).*

*By mandating a 25-page limit, the Court acted beyond its legal authority (ultra vires) as circumscribed by the controlling Federal Rules of Bankruptcy Procedure. This portion of the Order is legally invalid and unenforceable. (emphasis added).*

## III. THE ORDER PREJUDICIALLY IMPAIRS BRIEFING OF JURISDICTIONAL ISSUES AND DISREGARDS BINDING EVIDENCE

The unlawful 25-page limit, combined with the failure to rule on the pending FRE 201(c)(2) requests, creates manifest legal error by severely prejudicing Appellants' ability to adequately brief the threshold jurisdictional issues. Appellants' jurisdictional arguments are not abstract legal points; they are deeply rooted in the specific, complex factual record established by the certified JSAR, including evidence of intricate financial transactions, securities law violations, stipulated criminal acts, and facial admissions within related court documents (like the 04cr1224 Indictment).

Properly presenting these arguments requires detailed factual exposition and extensive citation to the voluminous JSAR. Forcing Appellants to cram these complex, fact-intensive jurisdictional arguments—along with any potential merits arguments—into an unlawfully restrictive 25-page limit, *before* the Court has even acknowledged the binding, judicially noticeable facts supporting them (via Dkts. 23, 25, 28), violates fundamental due process and prevents meaningful appellate review. The Order effectively silences Appellants on the very threshold issues it purports to allow them to raise.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

Moreover, the Order implicitly disregards the binding nature of the certified JSAR (*Martinez*, 561 U.S. at 676) and the mandatory duty imposed by FRE 201(c)(2) once the specified conditions are met (request made, necessary information supplied from an appropriate source). The Court cannot simply ignore pending requests for mandatory notice of facts established by a binding, certified record while proceeding as if those facts are irrelevant or unproven.

## IV. THE ORDER IS ULTRA VIRES AND MOOT, DKT 38, Ex. A, infra.

Because the Order presupposes the existence of a valid appeal requiring merits briefing—the very premise undermined by Appellants' pending, unaddressed jurisdictional challenges and FRE 201(c)(2) requests—the Order directing such briefing is moot. If, as the judicially noticeable facts allegedly demonstrate, the Bankruptcy Court lacked jurisdiction *ab initio*, then this Court lacks appellate jurisdiction over the merits, and the only proper course is dismissal for lack of jurisdiction, not merits briefing. An order compelling action on the merits of a potentially non-existent case is legally moot. *See Steel Co.*, 523 U.S. at 94 (court cannot proceed without jurisdiction).

## V. UNCONSTITUTIONAL AND IMPERMISSIBLE USE OF RACIALLY-CODED LANGUAGE IN THE ORDER—THE PERSONAL, ACTUALLY BIASED, ACTUALLY PREJUDICED, AND LEGALLY BASELESS PERSONAL ATTACK AND INTENTIONAL, PEJORATIVE MISCHARACTERIZATIONS OF THE DISTRICT JUDGE (BROWN, J.) WHO HAS YET TO "AFFIRMATIVELY ESTABLISH" THE DISTRICT COURT'S ARTICLE III JURISDICTION OVER THE PREDATORY NULL AND VOID AB INITIO CRIMINAL USURY UNLAWFUL DEBTS, GX 1-4 IN VIOLATION (FUNDAMENTAL CONSTITUTIONAL LEGAL ERROR) OF THE SUPREME COURT'S DECISION IN STEEL CO., 523 U.S. AT 93-95–THE DISTRICT COURT'S USE OF RACIALLY-CODED EPITHETS AND ITS FAILURE TO ESTABLISH ARTICLE III JURISDICTION CONSTITUTE MANIFEST STRUCTURAL, DUE-PROCESS LEGAL ERROR REQUIRING VACATUR AND REASSIGNMENT.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

1. **Governing Constitutional and Statutory Principles.**

Article III jurisdiction is an antecedent, non-waivable prerequisite to the exercise of judicial power. The Supreme Court declares that "[w]ithout jurisdiction the court ***cannot proceed at all*** … *the only function* remaining to the [25cv00613] court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) . Concomitantly, the Due Process Clause demands both the reality **and the appearance** of an impartial tribunal. "The goal of § 455(a) is to avoid **even the appearance of partiality.**" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) ; see 28 U.S.C. § 455(a), (b)(1). Where the probability of bias is "too high to be constitutionally tolerable," recusal is mandatory. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883-84 (2009).

2. **Judge Brown's Order, Ex. A-2, infra, Displays Overt, Extreme, Hostile, Highly Personal, Biased, and Prejudicial Race-Inflected Antagonism.**

In *Berger v. United States*, the Court disqualified Judge Landis for proclaiming that German-Americans' **"hearts are reeking with disloyalty."** *Berger v. United States*, 255 U.S. 22, 28 (1921). The modern Court still cites that statement as paradigmatic prejudice. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Judge Brown's April 29, 2025, Order, Ex. A, infra, brands Appellants' filings "***rambling, incoherent, voluminous, and unnecessary,***" a trope historically deployed to portray African-American litigants as irrational and vexatious.[26] The

---

[26] See 03-93031 (BC NDGA) Dkt. 256, 258 Orders (Hagenau, C.J.) using the same or similar racially-coded language to disparage Appellants' Article III "threshold" standing arguments.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

Order offers **no record citation**, mirrors the very racial stereotyping condemned in *Berger*, and therefore satisfies the "deep-seated antagonism" test of *Liteky*. By weaponizing such epithets, Judge Brown "gives vent to personal spleen," conduct the Supreme Court has forbidden because "**justice must satisfy the appearance of justice.**" *Offutt v. United States*, 348 U.S. 11, 15 (1954).[27].

### 3. The Appearance—and Reality—of Bias Compels Disqualification: 28 USC § 455(a).

A reasonable observer, knowing that (i) Judge Brown disparaged Appellants with racially coded language and (ii) never cited a single pleading to justify his highly personal attack on Appellants, would harbor grave doubts about his impartiality. That is enough: § 455(a) "requires recusal when a reasonable person, knowing all the circumstances, would expect that the judge knew of circumstances creating an appearance of partiality." *Liljeberg*, 486 U.S. at 860-61. Because Judge Brown's remarks evidence **actual** bias as well, § 455(b)(1) independently mandates his immediate disqualification and removal.

---

[27] Judge Brown's April 29, 2025, Order's, Dkt. 38, Ex. A-2, infra, unsupported in the record, vitriolic denunciation of Appellants' papers as "rambling, incoherent, voluminous, and unnecessary" squarely flouts the Code of Conduct for United States Judges, Canon 2(A) (requiring judges to "avoid impropriety and the appearance of impropriety") and Canon 3(A)(3) (mandating that jurists be "patient, *__dignified__*, and courteous" toward litigants). In substance and tone the outburst is indistinguishable from Judge Landis's infamous declaration that German-Americans' "hearts are reeking with disloyalty," which compelled disqualification in *Berger v. United States*, 255 U.S. 22, 28 (1921). The Supreme Court continues to cite Landis's remark as an archetype of "deep-seated antagonism," *Liteky v. United States*, 510 U.S. 540, 555-56 (1994), and instructs that "justice must satisfy the appearance of justice," *Offutt v. United States*, 348 U.S. 11, 15 (1954). Judge Brown's racially-coded tirade—uttered without a single record citation—echoes that condemned prejudice, irreparably tainting the proceeding and demanding immediate vacatur, recusal, and disciplinary scrutiny.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

### 4. Judge Brown Acted Without First Establishing Subject-Matter Jurisdiction

Despite Appellants' repeated jurisdictional objections—grounded in the nullity of the criminal-usury debts GX 1-4—Judge Brown proceeded directly to merits directives, ordering a "consolidated" brief and threatening "dismissal … with prejudice." This "hypothetical jurisdiction" maneuver is exactly what *Steel Co., 523 U.S. at 93-95,* forbids; when a court has not "affirmatively established" jurisdiction, ***every subsequent act*** is **ultra vires** and void. 523 U.S. at 93-95 . The combination of jurisdictional default and the appearance and actual racial bias and prejudice is a "manifest" constitutional structural defect that "infect[s] the entire trial mechanism" and is never harmless.

### 5. Remedy

Structural constitutional due-process violations demand automatic vacatur. The Supreme Court has vacated judgments for a far lesser "serious risk of actual bias." *Caperton*, 556 U.S. at 884-85. This Court should:

a) (i) **Vacate** the April 29, 2025, Order in its entirety;

b) (ii) **Remand** with instructions to reassign the appeal to a different district judge pursuant to 28 U.S.C. § 455(a)-(b); and

c) (iii) **Direct** the new judge to determine, as "a threshold matter" and ***on a clean record***, whether Article III jurisdiction exists over the predatory criminal usury unlawful debts, GX 1-4, and GX 5 [see JSAR 5-1 to 5-6] claims before entertaining the merits of the appeal.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

Judge Brown's incendiary, highly prejudicial, biased, racially-coded rhetoric and disregard of fundamental jurisdictional principles have "corrode[d] public faith in the courts" and inflicted systemic harm. Nothing short of vacatur and reassignment can restore the appearance—and the reality—of justice in this proceeding.

## VI. CONCLUSION—WHY RELIEF SHOULD BE GRANTED.

The Order dated April 29, 2025 (Dkt. 38) suffers from numerous reversible "manifest errors" of law and fact that render it null and void *ab initio*, *ultra vires*, and moot. It improperly bypasses the "threshold determination" of Article III constitutional subject-matter jurisdiction over the predatory criminal usury unlawful debts, GX 1-4, and GX 5, imposes page limits directly contrary to controlling federal rules (8015(a)(7)(A), (B)(i), (ii), and prejudicially hinders Appellants' ability to brief the fundamental jurisdictional challenges presented by the binding record evidence.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# Part II—MANIFEST ERRORS OF FACT

Appellants, by undersigned *attorney-in-fact*, move under Fed. R. Civ. P. 59(e) for reconsideration of the Order entered **29 April 2025** (Dkt. 38), which (i) denied four pending motions sua sponte, (ii) commanded Appellants to re-file a "single, consolidated opening brief" not to exceed **25 pages**, and (iii) threatened retaliatory "dismissal … with prejudice" if those instructions are not obeyed. The Order is **ultra vires and void ab initio** because it conflicts with the controlling **Fed. R. Bankr. P. 8015(a)(7)(B)(i)** 13,000-word limitation, exceeds the District Court's rule-making power under **28 U.S.C. § 2071(a)** and **Fed. R. Bankr. P. 9029(a)(1)**, and evinces extreme prejudice, bias, conflict of interest, and extreme racial animus through highly inflammatory pejorative mischaracterizations unmoored to the record. Immediate alteration is necessary to prevent manifest legal error and irreparable prejudice.

## I. MANIFEST ERRORS OF FACTS--PROCEDURAL FACTS NECESSARY TO CORRECT THE RECORD—MANIFEST FACTUAL ERRORS OF THE DISTRICT COURT.

1. **Filing and word compliance.** On **7 April 2025,** Appellants lodged by email and first-class mail a 50-page[28] opening appellate brief accompanied by a Rule 8015(h)(1) Certificate of Compliance certifying **9,068 words**—well below the 13,000-word cap of Rule 8015(a)(7)(B)(i). (See Ex. B, infra). The Clerk docketed receipt and postal delivery was confirmed on **10 April 2025, Dkt. 26.** (See Ex. D, infra).

---

[28] Appellants opted-in and chose the Rule 8015(a)(7)(B)(i) 13,000 word limitation as the format for submission of their appellate brief, rather than the 30 page limit.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

2. **No prior local rule or order limiting length.** Neither the Local Rules of this District (NDGA) nor any earlier order in this case imposed a numerical page limit once a party elected the **type-volume option**. See Ex. E and Ex. F., infra.

3. **Dkt. 38 language at issue.** The Court nevertheless ordered that any opening brief "*not exceed 25 pages*," citing no authority and deriding the existing docket as "*rambling, incoherent, voluminous, and unnecessary filings*" without identifying a single specific pleading Dkt. 38 04.29.25 re Order, Ex. A, infra; cf., Ex. E and Ex. F, infra.

## II. THE AD HOC (ARBITRARY AND CAPRICIOUS) "25-PAGE" LIMITATION DIRECTLY CONFLICTS WITH RULE 8015(a)(7)(A), (B)(i), (ii) AND IS VOID AB INITIO.[29]

1. **Text controls.** Rule 8015(a)(7)(A) first states a *page* maximum "unless" **the filer [Appellants herein] opts for paragraph (B), which they did, (see Ex. B, infra)**. Paragraph (B)(i) then authorizes **either** (a) ***13,000 words*** *or* (b) 1,300 monospaced lines—***with no residual page constraint***. See **Fed. R. Bankr. P. 8015(a)(7)(B)(i)**.

2. **Supremacy of national rules.** Under **28 U.S.C. § 2075**, the Bankruptcy Rules adopted by the Supreme Court have the force of statute; **district courts are strictly prohibited and may not "abridge, enlarge, or modify" a substantive right or impose inconsistent procedures**. Rule-making authority delegated in **§ 2071(a)** and implemented through **Fed.**

---

[29] The Honorable District Court (Brown, J.) in the April 29, 2025, Order, Dkt. 38, Ex. A, infra, absolutely provided no written reasoning, analysis, or rational explanation of exactly how the purported "25 pages" limitation was arrived at; nor did the Honorable District Court provide any legal standard applied to the facts, and did not reference or even mention Rule 8015(a)(7)(A), (B)(i) type-volume 13,000 limitation word provision—*that is, the District Court (Brown, J.), a highly respected District Judge, it appears he knowingly, intentionally, and deliberately committed a fundamental miscarriage of justice, and made manifest legal and factual errors, an abuse of discretion.*

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

R. Bankr. P. 9029(a)(1) & Fed. R. App. P. 47(a) *allows local variation only* when the local rule is (i) published for comment, (ii) filed with the Administrative Office, and (iii) "**consistent with**" the national rules. ***No such District Court (NDGA) local rule exists here, nor was it cited by the District Court in Dkt. 38, Order***. See Ex. E and Ex. F, infra.

3. *Hollingsworth v. Perry.* The Supreme Court has invalidated district-court deviations to the Federal Rules of Procedure adopted without adherence to the statutory rule-making process, emphasizing that courts "*may not revise the Rules by local order.*" *Hollingsworth v. Perry*, 558 U.S. 183, 199 (2010) (per curiam) ("If courts are to require that others follow regular procedures, courts must do so as well."). The same defect renders Dkt. 38 a legal nullity.

4. **Void ab initio.** An order entered in excess of a court's rule-making authority is **ultra vires** and "void, not voidable." See *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976) (local rule inconsistent with FRCP unenforceable). Accordingly, Dkt. 38 must be vacated *nunc pro tunc.*

WHEREFORE, Appellants respectfully request that this Court GRANT this Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023, and thereupon:

1. **VACATE** the ultra vires, null and void ab initio, and moot Order dated April 29, 2025 (Dkt. 38) in its entirety;

2. **STAY** any briefing deadlines until the Court has fully adjudicated all pending "threshold" Article III constitutional jurisdictional motions and Appellants' Requests for Mandatory

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

Judicial Notice (FRE 201(c)(2)) based on the certified JSAR (including Dkts. 12, 14, 19, 22, 23, 25, 28);

3. **Refer 25cv00613 (NDGA) to the District Clerk for reassignment to a new District Judge;** and

4. Grant such other and further relief as the Court deems just and proper.

The Appellants have and intend to fully comply with all applicable Federal Bankruptcy Rules of Procedure, Rule 8015(a)(7)(A), (B)(i), (ii), and this Court's orders.

Dated: May 27, 2025, 9:53:48 AM

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney-in-fact for Appellants
Ulysses T. Ware and Group Management
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

# J. CERTIFICATE OF SERVICE

I, Appellant Ulysses T. Ware, hereby certify that on this 27th day of May, 2025, I caused the foregoing Rule 59(e) Motion for Reconsideration to be served upon all counsel of record via email and to Chambers via email, and via U.S. Mail.

/s/ Ulysses T. Ware, Appellant

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part Y re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# Exhibit A-1—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA)

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Ulysses T. Ware,

                  Appellant,

                          Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

                  Appellees.

_____/

### ORDER

The Court **DENIES** Appellant's motions (Dkts. 12; 14; 19; 22) because Appellant has not shown the relief he seeks is warranted. The Court **ORDERS** Appellant to file a single, consolidated opening appellate brief no later than May 29, 2025. Appellant's brief must be titled "Appellant's Opening Appellate Brief," be double-spaced, not exceed 25 pages, contain everything required by Bankruptcy Rule 8014(a) in the proper format, and otherwise comply with the rules governing opening briefs in a bankruptcy appeal. If Appellant believes the Court lacks jurisdiction to consider his appeal—or that other jurisdictional problems exist—he may assert those arguments in his opening brief. The docket

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# Exhibit A-2—April 29, 2025, Order, Dkt. 38 (25cv00613) (NDGA)

in this case is already clogged with rambling, incoherent, voluminous, and unnecessary filings. Going forward, the Court urges Appellant to be more judicious and restrained about what he chooses to file. If Appellant does not comply with any of the instructions contained in this Order, the Court will likely dismiss his appeal, potentially with prejudice.

**SO ORDERED** this 29th day of April, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

# Exhibit B—Appellants' Rule 8015(h)(1) certification taken from page 51 of the April 10, 2025, Dkt. 26, Opening Brief.

## Rule 8014 X: Certificate of Compliance

Pursuant to Rule 8015(h) of the Federal Rules of Bankruptcy Procedure, the undersigned hereby certifies:



1. This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) because it contains 9, 063 words, excluding the parts of the brief exempted by Rule 8015(g), as determined by the word count function of the word-processing software used to prepare this document.

2. This brief complies with the typeface requirements of Rule 8015(a)(5) and the type-style requirements of Rule 8015(a)(6) because it has been prepared using a proportionally spaced typeface in **Times New Roman, 14-point font**.

## RULE 8014 XI: ADDITIONAL CONSIDERATIONS FOR THIS APPEAL

Appellants, Ulysses T. Ware and Group Management (the "Debtor"), respectfully submit these supplementary points to amplify the issues on appeal and to confirm the scope of relief sought under Rule 8014 of the Federal Rules of Bankruptcy Procedure. This section is integral to explaining how factual realities and the controlling legal framework mandate reversal or, in the alternative, comprehensive remand of the Bankruptcy Court's rulings.

42

(Part 18-0A) re: Ware, et al. v. Alpha Capital, AG, et al., Appellants' Rule 8014 Opening Brief Filed with District Judge Michael L. Brown on April 7, 2025, via email to Chambers and U.S. mail.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

Exhibit C--Bankr. Rule 8015

# Rule 8015. Form and Length of a Brief; Form of an Appendix or Other Paper

(a) PAPER COPIES OF A BRIEF . If a paper copy of a brief may or must be filed, the following provisions apply:

(1) *Reproduction.*

(A) *Printing* . The brief may be reproduced by any process that yields a clear black image on light paper. The paper must be opaque and unglazed. Only one side of the paper may be used.

(B) *Text* . Text must be reproduced with a clarity that equals or exceeds the output of a laser printer.

(C) *Other Reproductions* . Photographs, illustrations, and tables may be reproduced by any method that results in a good copy of the original. A glossy finish is acceptable if the original is glossy.

(2) *Cover* . The front cover of the brief must contain:

(A) the number of the case centered at the top;

(B) the name of the court;

(C) the title of the case as prescribed by Rule 8003(d)(2) or 8004(c)(2);

(D) the nature of the proceeding and the name of the court below;

(E) the title of the brief, identifying the party or parties for whom the brief is filed; and

(F) the name, office address, telephone number, and email address of counsel representing the party for whom the brief is filed.

(3) *Binding* . The brief must be bound in any manner that is secure, does not obscure the text, and permits the brief to lie reasonably flat when open.

(4) *Paper Size, Line Spacing, and Margins* . The brief must be on 8½"-by-11" paper. The text must be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there.

(5) *Typeface* . Either a proportionally spaced or monospaced face may be used.

(A) *Proportional Spacing* . A proportionally spaced face must include serifs, but sans-serif type may be used in headings and captions. A proportionally spaced face must be 14-point or larger.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

(B) *Monospacing* . A monospaced face may not contain more than 10½ characters per inch.

(6) *Type Styles* . The brief must be set in plain, roman style, although italics or boldface may be used for emphasis. Case names must be italicized or underlined.

(7) *Length.*

(A) *Page Limitation* . A principal brief must not exceed 30 pages, or a reply brief 15 pages, unless it complies with (B).

(B) *Type-Volume Limitation.*

 (i) Principal Brief. A principal brief is acceptable if it contains a certificate under (h) and:

• contains no more than 13,000 words; or

• uses a monospaced face and contains no more than 1,300 lines of text.

(ii) Reply Brief. A reply brief is acceptable if it includes a certificate under (h) and contains no more than half the type volume specified in item (i).

(b) BRIEF FILED ELECTRONICALLY . A brief filed electronically must comply with (a)—except for (a)(1), (a)(3), and the paper requirement of (a)(4).

(c) PAPER COPIES OF AN APPENDIX . A paper copy of an appendix must comply with (a)(1), (2), (3), and (4), with the following exceptions:

(1) an appendix may include a legible photocopy of any document found in the record or of a printed decision; and

(2) when necessary for including odd-sized documents such as technical drawings, an appendix may be a size other than 8½" by 11", and need not lie reasonably flat when opened.

(d) APPENDIX FILED ELECTRONICALLY . An appendix filed electronically must comply with (a)(2) and (4)—except for the paper requirement of (a)(4).

(e) OTHER DOCUMENTS.

(1) *Motion* . Rule 8013(f) governs the form of a motion, response, or reply.

(2) *Paper Copies of Other Documents* . A paper copy of any other document—except one submitted under Rule 8014(f)—must comply with (a), with the following exceptions:

(A) a cover is not necessary if the caption and signature page together contain the information required by (a)(2); and

(B) the length limits of (a)(7) do not apply.

(3) *Document Filed Electronically* . Any other document filed electronically—except a document submitted under Rule 8014(f)—must comply with the requirements of (2).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**



**(f)** LOCAL VARIATION . A district court or BAP must accept documents [Dkt. 26, Appellant's April 10, 2025, Opening Brief] that comply with the form requirements of this rule and the length limits [13,000 words] set by this Part VIII [Rule 8015(a)(7)(B)(i), (ii)]. By local rule or order in a particular case, a district court or BAP may accept documents that do not meet all the form requirements of this rule or the length limits set by this Part VIII.

**(g)** ITEMS EXCLUDED FROM LENGTH . In computing any length limit, headings, footnotes, and quotations count toward the limit, but the following items do not:

- cover page;
- disclosure statement under Rule 8012;
- table of contents;
- table of citations;
- statement regarding oral argument;
- addendum containing statutes, rules, or regulations;
- certificate of counsel;
- signature block;
- proof of service; and
- any item specifically excluded by these rules or by local rule.



**(h)** CERTIFICATE OF COMPLIANCE. [SEE EX. B, SUPRA]

(1) *Briefs and Documents That Require a Certificate* . A brief submitted under Rule 8015(a)(7)(B), 8016(d)(2), or 8017(b)(4)—and a document submitted under Rule 8013(f)(3)(A), 8013(f)(3)(C), or 8022(b)(1)—must include a certificate by the attorney, or an unrepresented party, that the document complies with the type-volume limitation. The individual preparing the certificate may rely on the word or line count of the word-processing system used to prepare the document. The certificate must state the number of words—or the number of lines of monospaced type—in the document.

(2) *Using the Official Form* . A certificate of compliance that conforms substantially to Form 417C satisfies the certificate requirement.

(Added Apr. 25, 2014, eff. Dec. 1, 2014; amended Apr. 26, 2018, eff. Dec. 1, 2018; Apr. 27, 2020, eff. Dec. 1, 2020; Apr. 2, 2024, eff. Dec. 1, 2024.)

**PRIOR RULE**

A prior Rule 8015, Apr. 25, 1983, eff. Aug. 1, 1983, as amended Mar. 30, 1987, eff. Aug. 1, 1987; Mar. 26, 2009, eff. Dec. 1, 2009, related to motion for rehearing, prior to revision of Part VIII, Apr. 25, 2014, eff. Dec. 1, 2014.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

## Committee Notes on Rules—2014

This rule is derived primarily from F.R.App.P. 32. Former Rule 8010(c) prescribed page limits for principal briefs and reply briefs. Those limits are now addressed by subdivision (a)(7) of this rule. In addition, the rule incorporates most of the detail of F.R.App.P. 32 regarding the appearance and format of briefs, appendices, and other documents, along with new provisions that apply when those documents are filed electronically.

Subdivision (a) prescribes the form requirements for briefs that are filed in paper form. It incorporates F.R.App.P. 32(a), except it does not include color requirements for brief covers, it requires the cover of a brief to include counsel's e-mail address, and cross-references to the appropriate bankruptcy rules are substituted for references to the Federal Rules of Appellate Procedure.

Subdivision (a)(7) decreases the length of briefs, as measured by the number of pages, which was permitted by former Rule 8010(c). Page limits are reduced from 50 to 30 pages for a principal brief and from 25 to 15 for a reply brief in order to achieve consistency with F.R.App.P. 32(a)(7). **But as permitted by the appellate rule, subdivision (a)(7) also permits the limits on the length of a brief to be measured by a word or line count, as an alternative to a page limit. Basing the calculation of brief length on either of the type-volume methods specified in subdivision (a)(7)(B) will result in briefs that may exceed the designated page limits in (a)(7)(A) and that may be approximately as long as allowed by the prior page limits**.



Subdivision (b) adapts for briefs that are electronically filed subdivision (a)'s form requirements. With the use of electronic filing, the method of reproduction, method of binding, and use of paper become irrelevant. But information required on the cover, formatting requirements, and limits on brief length remain the same.

Subdivisions (c) and (d) prescribe the form requirements for appendices. Subdivision (c), applicable to paper appendices, is derived from F.R.App.P. 32(b), and subdivision (d) adapts those requirements for electronically filed appendices.

Subdivision (e), which is based on F.R.App.P. 32(c), addresses the form required for documents—in paper form or electronically filed—that these rules do not otherwise cover.

**Subdivision (f), like F. R. App. P. 32(e), provides assurance to lawyers and parties that compliance with this rule's form requirements _will allow a brief or other document to be accepted by any district court_ or BAP.** A court may, however, by local rule or, under Rule 8028 by order in a particular case, choose to accept briefs and documents that do not comply with all of this rule's requirements. The decision whether to accept a brief that appears not to be in compliance with the rules must be made by the court. Under Rule 8011(a)(3), the clerk may not refuse to accept a document for filing solely because it is not presented in proper form as required by these rules or any local rule or practice.

Under Rule 8011(e), the party filing the document or, if represented, its counsel must sign all briefs and other submissions. If the document is filed electronically, an electronic signature must be provided in accordance with Rule 8011(e).

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

*Changes Made After Publication and Comment* . In subdivision (f), "or order in a particular case" was deleted as unnecessary. The discussion in the Committee Note about brief lengths was revised, and the discussion of subdivision (f) was expanded.

## COMMITTEE NOTES ON RULES—2018 AMENDMENT

The rule is amended to conform to recent amendments to F.R.App.P. 32, which reduced the word limits generally allowed for briefs. When Rule 32(a)(7)(B)'s type-volume limits for briefs were adopted in 1998, the word limits were based on an estimate of 280 words per page. Amended F.R.App.P. 32 applies a conversion ratio of 260 words per page and reduces the word limits accordingly. Rule 8015(a)(7) adopts the same reduced word limits for briefs prepared by computer.

In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions or to respond to multiple briefs by opposing parties or amici. **The Committee expects that courts will accommodate those situations by granting leave to exceed the type-volume limitations as appropriate.**



**Subdivision (f) is amended to make clear a court's ability (by local rule or order in a case)** *to increase the length limits for briefs* **and other documents. Subdivision (f) already established this authority as to the length limits in Rule 8015(a)(7); the amendment makes clear that this authority extends to all length limits in Part VIII of the Bankruptcy Rules.**

A new subdivision (g) is added to set out a global list of items excluded from length computations, and the list of exclusions in former subdivision (a)(7)(B)(iii) is deleted. The certificate-of-compliance provision formerly in subdivision (a)(7)(C) is relocated to a new subdivision (h) and now applies to filings under all type-volume limits (other than Rule 8014(f)'s word limit)—including the new word limits in Rules 8013, 8016, 8017, and 8022. Conforming amendments are made to Official Form 417C.

## COMMITTEE NOTES ON RULES—2020 AMENDMENT

The amendment to subdivision (g) is made to reflect recent amendments to Rule 8011(d) that eliminated the requirement of proof of service when filing and service are completed using a court's electronic-filing system. Because each item listed in Rule 8015(g) will not always be required, the initial article is deleted. The word "corporate" is deleted before "disclosure statement" to reflect a concurrent change in the title of Rule 8012.

## COMMITTEE NOTES ON RULES—2024 AMENDMENT

The language of Rule 8015 has been amended as part of the general restyling of the Bankruptcy Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# Exhibit D—25cv00613 (NDGA) Docket Report

**Appellee**

**John F. King**

**Appellee**

**Office of the Georgia Insurance Commissioner**

**Appellee**

**John Does Insurance Companies, ##1-5**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2025 | 28 | Memorandum of Law in Support of Request for Judicial Notice and Right to be Heard by Ulysses T. Ware. (Attachments: # 1 Supplement 1.0 to Part 17-20A) (pdt) (Entered: 04/15/2025) |
| 04/10/2025 | 27 | The Parties' Joint Stipulated Final Money Judgment by Ulysses T. Ware. (pdt) (Entered: 04/14/2025) |
| 04/10/2025 | 26 | Appellants' Rule 8014 Opening Brief by Ulysses T. Ware. (pdt) (Entered: 04/14/2025) |
| 04/09/2025 | 25 | Supplement 1.0 to Part 17-20A by Ulysses T. Ware re 24 Appellants' FRE 201(c)(2)(e) Processing Request. (pdt) (Entered: 04/11/2025) |
| 04/09/2025 | 24 | Appellants' FRE 201(c)(2)(e) Processing Request by Ulysses T. Ware. (pdt) (Entered: 04/11/2025) |
| 04/08/2025 | 23 | Appellants' Memorandum of Law in Support of Request for Judicial Notice and Right to be Heard regarding Admitted Federal Crimes Evidenced within the Joint Stipulated Appellate Record (JSAR) by Ulysses T. Ware. (pdt) (Entered: 04/10/2025) |
| 04/08/2025 | 22 | Emergency MOTION to Stay Briefing Schedule for Good Cause Shown by Ulysses T. Ware. (pdt) (Entered: 04/10/2025) |
| 04/07/2025 | 21 | MEMORANDUM in Support of 12 Appellants' Request for Rule 3.3 and Rule 8.4 Professional Responsibility and Duty of Candor Show Cause Order, Appellate Status Conference and Briefing Schedule and 14 MOTION for Appellate Status |

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**

# Exhibit E—Advisory Committee Notes (Fed. R. App. P. Rule 32)

*Subdivision (d).* Local Variation.

 A brief that complies with the national rule should be acceptable in every court. Local rules may move in one direction only; they may authorize noncompliance with certain of the national norms. For example, a court that wishes to do so may authorize printing of briefs on both sides of the paper, or the use of smaller type size or sans-serif proportional type. A local rule may not, however, impose requirements that are not in the national rule.

## Committee Notes on Rules—2002 Amendment

*Subdivision (a)(2).* On occasion, a court may permit or order the parties to file supplemental briefs addressing an issue that was not addressed—or adequately addressed—in the principal briefs. Rule 32(a)(2) has been amended to require that tan covers be used on such supplemental briefs. The amendment is intended to promote uniformity in federal appellate practice. At present, the local rules of the circuit courts conflict. *See, e.g.* , D.C. Cir. R. 28(g) (requiring yellow covers on supplemental briefs); 11th Cir. R. 32, I.O.P. 1 (requiring white covers on supplemental briefs).

*Changes Made After Publication and Comments.* No changes were made to the text of the proposed amendment or to the Committee Note.

*Subdivision (a)(7)(C).* If the principal brief of a party exceeds 30 pages, or if the reply brief of a party exceeds 15 pages, Rule 32(a)(7)(C) provides that the party or the party's attorney must certify that the brief complies with the type-volume limitation of Rule 32(a)(7)(B). Rule 32(a)(7)(C) has been amended to refer to Form 6 (which has been added to the Appendix of Forms) and to provide that a party or attorney who uses Form 6 has complied with Rule 32(a)(7)(C). No court may provide to the contrary, in its local rules or otherwise.

## Committee Notes on Rules—2016 Amendment

When Rule 32(a)(7)(B)'s type-volume limits for briefs were adopted in 1998, the word limits were based on an estimate of 280 words per page. In the course of adopting word limits for the length limits in Rules 5, 21, 27, 35, and 40, and responding to concern about the length of briefs, the Committee has reevaluated the conversion ratio (from pages to words) and decided to apply a conversion ratio of 260 words per page. Rules 28.1 and 32(a) (7)(B) are amended to reduce the word limits accordingly.

In a complex case, a party may need to file a brief that exceeds the type-volume limitations specified in these rules, such as to include unusually voluminous information explaining relevant background or legal provisions or to respond to multiple briefs by opposing parties or amici. The Committee expects that courts will accommodate those situations by granting leave to exceed the type-volume limitations as appropriate.

Subdivision (e) is amended to make clear a court's ability (by local rule or order in a case) to increase the length limits for briefs and other documents. Subdivision (e) already established this authority as to the length limits in Rule 32(a)(7); the amendment makes clear that this authority extends to all length limits in the Appellate Rules.

Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.
(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.

## Exhibit F--Rule 83. Rules by District Courts; Judge's Directives

(a) LOCAL RULES.

(1) *In General.* After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with—but not duplicate—federal statutes and rules adopted under 28 U.S.C. §§2072 and 2075, and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States. A local rule takes effect on the date specified by the district court and remains in effect unless amended by the court or abrogated by the judicial council of the circuit. Copies of rules and amendments must, on their adoption, be furnished to the judicial council and the Administrative Office of the United States Courts and be made available to the public.

(2) *Requirement of Form.* A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply.

(b) PROCEDURE WHEN THERE IS NO CONTROLLING LAW. A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§2072 and 2075, and the district's local rules. *No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement.*

# End of document

# Tuesday, May 27, 2025, 9:53:48 AM

**Filed with Chambers of the Hon. District Judge Brown via email and U.S. Mail on Tuesday, May 27, 2025.**
**(18-59(e)) (Part 59(e) re Appellants' Rule 59(e) Motion for reconsideration of manifest ultra vires, advisory, moot, and void ab initio Dkt. 38, Order.**