1:25-cv-00613

_____

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

_____

In Re: GROUP MANAGEMENT CORP.

*Debtor/Appellant*

_____

## SPECIAL APPEARANCE BRIEF OF NON-PARTIES
THE STATE BAR OF GEORGIA
THE OFFICE OF GENERAL COUNSEL
WILLIAM D. NESMITH, III
PAULA FREDERICK
LEIGH BURGESS
WILLIAM ALAN MYERS
ADRIENNE NASH
JENNY MITTLEMAN
JONATHAN HEWETT
PATRICK N. ARNDT
MICHAEL D. HOSTETTER
NALL & MILLER, LLP

_____

On Appeal from the Bankruptcy Court
Docket No.: 03-93031

**PATRICK N. ARNDT**
Georgia Bar No. 139033
**NALL & MILLER, LLP**
235 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303-1401
Telephone: (404) 522-2200
Facsimile: (404) 522-2208
parndt@nallmiller.com

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... ...............................................................1

TABLE OF AUTHORITIES.....................................................................2

JURISDICTIONAL STATEMENT .........................................................3

STATEMENT OF THE ISSUES PRESENTED ......................................5

STATEMENT OF THE CASE ................................................................5

    WARE'S HISTORY OF FRIVOLOUS PLEADINGS ............................8

    APPELLANT'S BRIEF ...................................................................10

SUMMARY OF THE ARGUMENT ......................................................11

ARGUMENT ......................................................................................12

    THE COURT LACKS JURISDICTION OVER THE STATE BAR NON-PARTIES
...............................................................................................12

    THE APPEAL IS UNTIMELY .........................................................12

    THE STATE BAR NON-PARTIES DID NOT STIPULATE TO ANY FACTS OR
    CONCLUSIONS OF LAW..............................................................13

CONCLUSION ...................................................................................14

## TABLE OF AUTHORITIES

## CASES

*Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021).........................12

*Group Management Corp.*, 03-93031-BEM ...........................................5,8

*Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) ................................................................................... 3, 9, 15

*In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990)................................5

*Insinga v. LaBella*, 817 F.2d 1469, 1470 (11th Cir. 1987)......................3

*Wallace v. State Bar of Georgia*, 268 Ga. 166, 167, 486 S.E.2d 165, 167 (1997) ...................................................................................................3

*Ware v. Drew*, Northern District of Georgia, 1:13-cv-01704 .................9

*Ware v. Drew*, Northern District of Georgia, 1:12-cv-04397.... p. 2,3,9 10

*Ware v. Hatten*, 1:12-cv-01671, Northern District of Georgia .................9

*Ware v. United States of America*, 23-865 and 23-869, 2nd Circuit Court of Appeals, ........................................................................................10

*Ware v. United States of America*, Southern District of New York, 1:04-cr-01224 ....................................................................................8

*Ware*, 11th Circuit Court of Appeals, 16-11335 ..................................2,10

*Ware*, 16-13978, Doc. 11-1..................................................................7

*Ware*, 284 Ga. 444, 445, 667 S.E.2d 616 (2008)......................................6

*Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) ....................................13

## RULES

Bankruptcy Rule 8009(d) .......................................................................14

## JURISDICTIONAL STATEMENT

Since the State Bar Non-Parties were not properly added as parties to Appellant's underlying action, this Court lacks jurisdiction as to any relief sought as to them. *See, e.g., Insinga v. LaBella*, 817 F.2d 1469, 1470 (11th Cir. 1987) and *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986). Additionally, to the extent Appellant complains of any aspect of his State Bar of Georgia disciplinary matter, the Georgia Supreme Court has exclusive jurisdiction over those claims. *Wallace v. State Bar of Georgia*, 268 Ga. 166, 167, 486 S.E.2d 165, 167 (1997)

## OPENING STATEMENT

The State Bar of Georgia, The Office of General Counsel, William D. Nesmith, III, Paula Frederick, Leigh Burgess, William Alan Myers, Adrienne Nash, Jenny Mittleman, Jonathan Hewett, Patrick N. Arndt, Michael D. Hostetter, and Nall & Miller, LLP hereby file their *Brief*. These people and entities shall be referred to as the "State Bar Non-Parties." They appear specially, not generally, and without waiving any defenses based on jurisdiction.

This is an appeal from a 2003 dismissal of a bankruptcy action. The State Bar Non-Parties are identified as Appellees in Appellant's pleadings and on this Court's docket. However, as discussed below, they were never served or properly added as parties in any of Appellant's underlying actions. The State Bar Non-Parties file this *Brief* out of an abundance of caution, showing the Court as follows:

## STATEMENT OF THE ISSUES PRESENTED

1. Appellant argues that the Bankruptcy Court lacked jurisdiction over the bankruptcy action it filed. [Doc. 41, p. 19] This Court reviews a bankruptcy court's legal conclusions de novo and its factual findings by a "clearly erroneous" standard. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

2. Appellant also claims that the dismissal of the bankruptcy case was improper due to incorrect factual findings, failure to consider evidence, failure to consider rulings from other courts, and recognition of improper claims. This Court reviews a bankruptcy court's legal conclusions de novo and its factual findings by a "clearly erroneous" standard. *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990).

## STATEMENT OF THE CASE

The case giving rise to this appeal is a Chapter 11 Bankruptcy Case in the Northern District of Georgia from March 2003, initiated by Appellant through its then-counsel Ulysses Thomas Ware.[1] Ware was previously a licensed Georgia lawyer; he was disbarred by the Georgia

---

[1] *In Re: Group Management Corp.*, 03-93031-BEM.

Supreme Court in 2008 based on multiple felony convictions.[2] None of the State Bar Non-Parties were named as parties in the bankruptcy action.[3]

The United States Trustee filed a motion to dismiss the bankruptcy matter. The Trustee noted that Ware was unauthorized to practice in that Court, having been suspended for failing to comply with two orders assessing monetary sanctions against him for filing "incomplete, inaccurate, and unwarranted petitions" in bankruptcy cases. [Doc. 5-13. P. 2] The Trustee attached another order from the United States District Court for the Southern District of New York, holding Appellant and Mr. Ware in contempt for disobeying a Court order directing them to honor a stock conversion request. [Doc. 5-13, pp. 5-7] The Contempt Order provided for the issuance of Mr. Ware's arrest. It appears Mr. Ware was ultimately arrested for contempt of court for failing to comply with a lawful order. [Doc. 5-14, pp. 170] Certain creditors also moved to dismiss the bankruptcy action, arguing that, "[p]lainly, this case was not commenced for the purpose of reorganization, but to evade compliance with the Order and Judgment and Contempt Order" of the New York District Court. [Doc. 5-6, p. 4]

---

[2] *In re Ware*, 284 Ga. 444, 445, 667 S.E.2d 616 (2008

[3] Most of the pleadings in the underlying bankruptcy matter are unavailable on PACER.

Ultimately, the bankruptcy matter was dismissed with prejudice on May 21, 2003.[4] Appellant now seeks appellate review of this order, which was entered over twenty years ago. This is the latest in a string of untimely and meritless challenges to this order. Nearly a decade after the dismissal, Appellant filed a motion for relief from the order, due to alleged fraud. The Bankruptcy Clerk of Court declined to docket the motion, noting that the submission was not related to any active bankruptcy matter.[5] Four years later, Ware filed a petition for mandamus with 11th Circuit Court Appeals on Appellant's behalf, asking that the bankruptcy court be ordered to docket his pleadings. The 11th Circuit denied the petition, noting that the underlying motion was "likely meritless" and "likely time-barred." This Court also noted that Ware lacked standing, because he was a non-party to the underlying bankruptcy action.[6]

Appellant and Ware filed dozens of letters and other miscellaneous pleadings with the bankruptcy court over the next several years. On December 13, 2022, the bankruptcy court entered an order finding that

---

[4] *Id.*, Doc. 28.
[5] *In Re: Ware*, 16-13978, Doc. 11-1
[6] *In Re: Ware*, 16-13978, Doc. 11-1

Ware was a "vexatious litigant[.]" Ware was barred from filing any pleadings in the bankruptcy matter except a notice of appeal.[7] On February 7, 2025, Appellant filed a notice of appeal, signed by Ware. In this document, he named the State Bar Non-Parties as Appellees, even though they were not parties to the underlying bankruptcy matter. [Doc. 1-1]

<u>Ware's History Of Frivolous Pleadings</u>

Ware has demonstrated a pattern of baseless pleadings in this and other courts:

1. Ware was convicted of securities fraud and conspiracy to commit securities fraud and wire fraud in April 2007. He was convicted on three counts of criminal contempt of court in November 2007. Ware sought post-conviction relief in multiple separate actions. A judge noted that Ware filed "almost one hundred *pro se* letters and motions - all equally without merit." A judge eventually prohibited Ware from filing new motions or other correspondence regarding his conviction.[8] One of the challenges to his conviction

---

[7] *In Re: Group Management Corp.*, Doc. 275
[8] *Ware v. United States of America*, Southern District of New York, 1:04-cr-01224, Doc. 228, p. 4, footnote 4.

was filed ten years after the expiration of the deadline to file the petition for relief.[9]

2. A judge in the Northern District of Georgia overseeing multiple matters found Ware to be a "prolific filer of frivolous pleadings" and found that Ware's habeas corpus action appeal and his emergency petition for relief were frivolous. The judge found Ware's pleadings to be "incomprehensible and delusional." Ware was ordered to post a $10,000 bond to satisfy an award of sanctions for future frivolous findings.[10]

3. In a separate matter, Ware threatened to file a petition for mandamus against several judges, accusing them of "criminal fraud" and warning a judge of an "envitable [*sic*] calamidy [*sic*]" that would befall the judge who failed to rule as he requested.[11] He accused another judge of committing "a pattern of RICO criminal activities (mail and wire fraud, obstruction of justice,

---

[9] *Id.*, p. 15
[10] *Ware v. Drew*, 1:13-cv-01704, Northern District of Georgia, Doc. 32 and Doc. 40; *Ware v.* Drew, 1:13-cv-00548, Northern District of Georgia, Doc. 98, Doc. 31; *Ware v. Drew*, Northern District of Georgia, 1:12-cv-4397, Doc. 14
[11] *Ware v. Hatten*, 1:12-cv-01671, Northern District of Georgia, Doc. 57

conspiracy, perjury, bribery, Hobbs Act, kidnapping, aiding and abetting, civil rights violations, etc.)".[12]

4. The 11th Circuit Court of Appeals found a mandamus petition filed by Ware to be frivolous.[13]

5. The 2nd Circuit Court of Appeals requires Ware to file a motion seeking leave of court before filing appeals.[14] Ware asked for relief from this requirement; the Court denied his request, noting Ware's "pattern of vexatious filings."[15]

## Appellant's Brief

Appellant filed a non-conforming Appellant's Brief on April 10, 2025. The Court ordered Appellant to file a brief in compliance with page and formatting requirements. [Doc. 38] Appellant filed its operative Appellant's Brief on May 23, 2025. [*Appellant's Brief*, Doc. 41] The State Bar Non-Parties are listed as appellees on the docket and are referred to as appellees in Appellant's briefing, despite not being properly added as parties to the underlying action.

---

[12] *Ware v. Drew*, Northern District of Georgia, 1:12-cv-04397, Doc. 62, p. 2-3.
[13] *In Re: Ware*, 11th Circuit Court of Appeals, 16-11335, Doc. 6-2, p. 2.
[14] *Ware v. United States of America*, 23-865, 2nd Circuit Court of Appeals, Doc. 7.
[15] *Ware v. United States of America*, 23-865 and 23-869, 2nd Circuit Court of Appeals, Doc. 190.

Appellant argues that this Court lacks "Article III jurisdiction" to address any merits of this appeal. [*Brief*, pp. 18-19] Appellant also argues that the underlying bankruptcy proceeding, which it initiated, was void due to lack of jurisdiction. [*Id.*] Appellant appears to complain about irregularities relating to claims made by debtors during the bankruptcy process. [*Id.*, p. 49] The only specific reference to any of the State Bar Non-Parties in the Brief is Appellant's claim that the State Bar tried to enforce "predatory debts". [*Id.*, p. 60] Ware does not identify the debts, nor is any explanation given as to why these phantom debts are "predatory." The State Bar does not enforce any type of debt other than the non-payment of Bar license fees. In other filings, Ware appears to argue that service of the State Bar disciplinary action against him was improper. [Dkt. 5-13, pp. 40-41] Since service was made years after the dismissal of the underlying bankruptcy action, it has no relationship to any legal or factual issues raised in this appeal.

## SUMMARY OF THE ARGUMENT

The State Bar Non-Parties were never properly added as parties to the action giving rise to this appeal. As such, the Court lacks jurisdiction

over them and cannot award any relief Appellant seeks as to them.
Additionally, this appeal is untimely.

## ARGUMENT

## I. The Court Lacks Jurisdiction Over the State Bar Non-Parties

The State Bar Non-Parties were neither named nor served with the underlying action giving rise to this appeal. As such, neither the bankruptcy court nor this Court has jurisdiction over them. *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021). The Federal Rules of Appellate Procedure, which apply to bankruptcy appeals with limited, inapplicable exceptions, provide no mechanism for adding new appellees who were not parties to the underlying action. While Rule 43 discusses substitution of a party, there is no authorization to add entirely new parties in an appeal.

## II. The Appeal is Untimely

Pursuant to Rule 8002, a notice of appeal must be filed with the bankruptcy court within 14 days of the order or judgment to be appealed. Appellant's bankruptcy action was dismissed on May 21, 2003.[16]

---

[16] Doc. 28.

Appellant did not file his first notice of appeal until June 23, 2016. The notice of appeal giving rise to this appeal was filed on February 3, 2025. The "timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000). Appellant's Notice of Appeal was filed over twenty years late. As such, this Court should affirm the orders of the Bankruptcy Court and dismiss this appeal for untimeliness.

## III.    The State Bar Non-Parties Did Not Stipulate to Any Facts or Conclusions of Law

Appellant relies heavily on a so-called *Joint Stipulated Statement of the Issues Presented On Appeal.* [Doc. 5-13] In this document, Appellant claims that dozens of people and entities, including the State Bar Non-Parties, have agreed to stipulate to certain facts and to the resolution of certain legal questions. Appellant claims that the State Bar Non-Parties agree that they have violated ethics rules, participated in racketeering and criminal enterprises, and are subject to significant fines or sanctions. [*Id.*, pp. 8-15]

Of course, the allegations are baseless and none of the State Bar Non-Parties stipulated to anything. Appellant, in one of the several dozen emails he recently sent to counsel for the State Bar Non-Parties, proposed a joint statement of facts and law, based on Bankruptcy Rule 8009(d). The State Bar Non-Parties declined to respond to this offer, since they are not proper parties to this action. From this refusal to respond, Appellant now claims the State Bar Non-Parties have stipulated to all items in the document. Appellant misreads Rule 8009(d), which states that parties to a bankruptcy appeal *may* "prepare, sign, and submit" a *joint* statement of the case. Nothing in the rule allows a non-party to be bound by a party's unilateral recitation of facts and legal issues. Even if the State Bar Non-Parties were proper parties to this appeal, nothing in the rule allows a party to bind his opponent to a statement of fact and law based solely on the opponent's failure to respond to a proposed statement.

## **CONCLUSION**

The State Bar Non-Parties were never properly added as parties to any of Appellant's or Mr. Ware's many cases. Appellant fails to state any legal or factual basis for his claim of any relief from the State Bar Non-

Parties. This appeal is inarguably untimely. The State Bar Non-Parties request that all appealed orders be affirmed and that this appeal be dismissed.

This the 13th day of June, 2025.

**NALL & MILLER, LLP**

By:    /s/ *Patrick N. Arndt*
        **PATRICK N. ARNDT**
        Georgia State Bar No.  139033

235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia  30303-1418
Phone:        (404) 522-2200
Facsimile:  (404) 522-2208
Email:  parndt@nallmiller.com

## **CERTIFICATE OF COMPLIANCE WITH RULE 8015**

This submission does not exceed the word count or page limit imposed by Rule 8015.

This the 13th day of June, 2025.

                                                */s/ Patrick N. Arndt*

                                                Patrick N. Arndt

                                                Georgia Bar No. 139033

Nall & Miller, LLP
235 Peachtree Street, N.E.
Suite 1500, North Tower
Atlanta, Georgia 30303
Phone:  (404) 522-2200
parndt@nallmiller.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 13, 2025 I electronically filed the foregoing **Appellee's Brief** with the Clerk of the Court using the CM/ECF system, which I understand will automatically send an e-mail notification of such filing to the counsel of record for this matter.

This the 13th day of June, 2025.

*/s/ Patrick N. Arndt*
Patrick N. Arndt
Georgia Bar No. 139033

NALL & MILLER, LLP
235 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30303
Phone: (404) 522-2200
parndt@nallmiller.com