# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

In Re: GROUP MANAGEMENT CORP.
*Debtor/Appellant*

**SPECIAL APPEARANCE MOTION FOR SANCTIONS
OF NON-PARTIES
THE STATE BAR OF GEORGIA
THE OFFICE OF GENERAL COUNSEL
WILLIAM D. NESMITH, III
PAULA FREDERICK
LEIGH BURGESS
WILLIAM ALAN MYERS
ADRIENNE NASH
JENNY MITTLEMAN
JONATHAN HEWETT
PATRICK N. ARNDT
MICHAEL D. HOSTETTER
NALL & MILLER, LLP**

On Appeal from the Bankruptcy Court
Docket No.: 03-93031

**PATRICK N. ARNDT**
Georgia Bar No. 139033
**NALL & MILLER, LLP**
235 Peachtree Street, N.E., Suite 1500
Atlanta, GA 30303-1401
Telephone: (404) 522-2200
Facsimile: (404) 522-2208
parndt@nallmiller.com

The State Bar of Georgia, The Office of General Counsel, William D. Nesmith, III, Paula Frederick, Leigh Burgess, William Alan Myers, Adrienne Nash, Jenny Mittleman, Jonathan Hewett, Patrick N. Arndt, Michael D. Hostetter, and Nall & Miller, LLP hereby file their *Motion for Sanctions Pursuant to Rule 8020*. These people and entities shall be referred to as the "State Bar Non-Parties." They appear specially, not generally, and without waiving any defenses based on jurisdiction.

1. **Background**

This is an appeal from a 2003 dismissal of a bankruptcy action. Appellant consented to the dismissal. The State Bar Non-Parties are identified as Appellees in Appellant's pleadings and on this Court's docket. However, they were never served or properly added as parties in any of Appellant's underlying actions. Appellant's Notice of Appeal concerns an order that was entered over twenty years ago. Mr. Ware, as counsel for Appellant and in other capacities, has a history of frivolous and harassing filings:

1. Ware was convicted of securities fraud and conspiracy to commit securities fraud and wire fraud in April 2007. He was convicted on three counts of criminal contempt of court in November 2007.

Ware sought post-conviction relief in multiple separate actions. A judge noted that Ware filed "almost one hundred *pro se* letters and motions- all equally without merit." A judge eventually prohibited Ware from filing new motions or other correspondence regarding his conviction.[1] One of the challenges to his conviction was filed ten years after the expiration of the deadline to file the petition for relief.[2]

2. A judge in the Northern District of Georgia overseeing multiple matters found Ware to be a "prolific filer of frivolous pleadings" and found that Ware's habeas corpus action appeal and his emergency petition for relief were frivolous. The judge found Ware's pleadings to be "incomprehensible and delusional." Ware was ordered to post a $10,000 bond to satisfy an award of sanctions for future frivolous findings.[3]

---

[1] *Ware v. United States of America*, Southern District of New York, 1:04-cr-01224, Doc. 228, p. 4, footnote 4.
[2] *Id.*, p. 15
[3] *Ware v. Drew*, 1:13-cv-01704, Northern District of Georgia, Doc. 32 and Doc. 40; *Ware v.* Drew, 1:13-cv-00548, Northern District of Georgia, Doc. 98, Doc. 31; *Ware v. Drew*, Northern District of Georgia, 1:12-cv-4397, Doc. 14

3. In a separate matter, Ware threatened to file a petition for mandamus against several judges, accusing them of "criminal fraud" and warning a judge of an "envitable [*sic*] calamidy [*sic*]" that would befall the judge who failed to rule as he requested.[4] He accused another judge of committing "a pattern of RICO criminal activities (mail and wire fraud, obstruction of justice, conspiracy, perjury, bribery, Hobbs Act, kidnapping, aiding and abetting, civil rights violations, etc.)".[5]

4. The 11th Circuit Court of Appeals found a mandamus petition filed by Ware to be frivolous.[6]

5. The 2nd Circuit Court of Appeals requires Ware to file a motion seeking leave of court before filing appeals.[7] Ware asked for relief from this requirement; the Court denied his request, noting Ware's "pattern of vexatious filings."[8]

---

[4] *Ware v. Hatten*, 1:12-cv-01671, Northern District of Georgia, Doc. 57
[5] *Ware v. Drew*, Northern District of Georgia, 1:12-cv-04397, Doc. 62, p. 2-3.
[6] *In Re: Ware*, 11th Circuit Court of Appeals, 16-11335, Doc. 6-2, p. 2.
[7] *Ware v. United States of America*, 23-865, 2nd Circuit Court of Appeals, Doc. 7.
[8] *Ware v. United States of America*, 23-865 and 23-869, 2nd Circuit Court of Appeals, Doc. 190.

In the bankruptcy matter giving rise to the appeal, Appellant was identified as a "vexatious litigant" and was barred from filing additional documents in the case other than a notice of appeal. [Doc. 5-10, p. 2] The 11th Circuit found a previous request for relief filed by Ware to be " likely meritless" and "likely time-barred."[9]

**2. Argument and Citation to Authority**

Rule 8020 authorizes this Court to award sanctions for frivolous appeals and other misconduct. This rule is the "bankruptcy equivalent of Rule 38 of the Federal Rules of Appellate Procedure." *In re Creative Desperation Inc.*, 443 F. App'x 399, 401 (11th Cir. 2011). Additionally, the Court's inherent power to sanction parties extends to "the conduct of parties during appeals." *Id.* Sanctions are appropriate when a party ignores governing law and relies on "clearly frivolous arguments." *Jackson v. McCracken*, No. 1:23-CV-00046-SDG, 2023 WL 5867729, at *2 (N.D. Ga. Sept. 11, 2023). While courts may be "generally reluctant" to sanction *pro se* appellants, sanctions are warranted in "cases when a *pro*

---

[9] *In Re: Ware*, 16-13978, Doc. 11-1.

*se* litigant has been already warned that his suit is frivolous." *Id.*, citations omitted.

Appellant's attempt to seek relief from the State Bar Non-Parties is frivolous for the following reasons:

1. The State Bar Non-Parties were not added as parties to the underlying action. As such, neither the bankruptcy court nor this Court has jurisdiction over them. *Fuqua v. Turner*, 996 F.3d 1140, 1154 (11th Cir. 2021).

2. The Notice of Appeal was filed over twenty years past the deadline. Pursuant to Rule 8002, a notice of appeal must be filed with the bankruptcy court within 14 days of the order or judgment to be appealed. Appellant's bankruptcy action was dismissed on May 21, 2003.[10] Appellant consented to this dismissal. Appellant did not file his first notice of appeal until June 23, 2016. The notice of appeal giving rise to this appeal was filed on February 3, 2025.

---

[10] Dkt. 28.

3. Appellant relies on a so-called *Joint Stipulated Statement of the Issues Presented On Appeal*, purportedly based on Bankruptcy Rule 8009(d). [Doc. 5-13] This rule does not allow a party to attempt to bind a non-party to a unilateral statement of issues. Even if the State Bar Non-Parties were parties, nothing in Rule 8009(d) allows them to be bound by Appellant's recitation of factual or legal conclusions based solely on a failure to respond to that document.

**3. Conclusion**

Rule 8020 authorizes the Court to assess sanctions against a party filing a frivolous appeal. Appellant's harassing and meritless abuse of the judicial process merits the imposition of sanctions.

This 13th day of June, 2025.

**NALL & MILLER, LLP**

By: /s/ *Patrick N. Arndt*
**PATRICK N. ARNDT**
Georgia State Bar No. 139033

**ATTORNEY FOR NON-PARTIES THE STATE BAR OF GEORGIA, THE OFFICE OF GENERAL COUNSEL, WILLIAM D. NESMITH, III, PAULA FREDERICK, LEIGH**

**BURGESS, WILLIAM ALAN MYERS, ADRIENNE NASH, JENNY MITTLEMAN, JONATHAN HEWETT, PATRICK N. ARNDT, MICHAEL D. HOSTETTER, AND NALL & MILLER, LLP**

235 Peachtree Street, N.E.
Suite 1500 – North Tower
Atlanta, Georgia  30303-1418
Phone:       (404) 522-2200
Facsimile:  (404) 522-2208
Email:   parndt@nallmiller.com

# CERTIFICATE OF COMPLIANCE WITH RULE 8015

This submission does not exceed the word count or page limit imposed by Rule 8015.

This the 13th day of June, 2025.

                                            **NALL & MILLER, LLP**

                                            */s/ Patrick N. Arndt*
                                            Patrick N. Arndt
                                            Georgia Bar No. 139033

Nall & Miller, LLP
235 Peachtree Street, N.E.
Suite 1500, North Tower
Atlanta, Georgia 30303
Phone:  (404) 522-2200
parndt@nallmiller.com

# CERTIFICATE OF SERVICE

I certify that on June 13, 2025 I electronically filed the foregoing **Motion for Sanctions** with the Clerk of the Court using the CM/ECF system, which I understand will automatically send an e-mail notification of such filing to the counsel of record for this matter.

This the 13th day of June, 2025.

        **NALL & MILLER, LLP**

         */s/ Patrick N. Arndt*
        Patrick N. Arndt
        Georgia Bar No. 139033

NALL & MILLER, LLP
235 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30303
Phone: (404) 522-2200
parndt@nallmiller.com