RECEIVED IN CHAMBERS
U.S.D.C. - Atlanta

JUN 3 0 2025

KEVIN P. WEIMER, Clerk
By: J. Kelley Deputy Clerk

**Part 19 Doc. 05-A**

# THE OFFICE OF ULYSSES T. WARE

123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

Re: Appellants' Judicial Request #4.0

**Date:** Friday, June 27, 2025, 8:19:12 AM

<u>**VIA U.S. MAIL AND COURTESY COPY VIA ELECTRONIC MAIL TO CHAMBERS**</u>

The Honorable Michael L. Brown
United States District Judge
United States District Court for the Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**RE: Appellants' Judicial Request #4.0 for Court Intervention to Resolve Threshold Issues of Personal Jurisdiction, Notice, and Counsel's Appearance Following Unsuccessful Meet-and-Confer Efforts, in** *Ware, et al. v. Alpha Capital, AG, et al.*, **Case No. 1:25-cv-00613-MLB (N.D. Ga.).**[1]

---

[1] Bankr. Rule 8009(e)(1) required any alleged *putative* Appellee to have timely raised any notice or personal jurisdiction issue in the 03-93031 Chapter 11 proceedings, and accordingly, all such untimely and frivolous challenges to personal jurisdiction and notice in this Court (sitting as an appellate court) **have been knowingly waived and forfeited by each Appellee named in the Notice of Appeal**, see *Espinosa*, 559 U.S. at 272 ("Although United concedes that the Bankruptcy Court had jurisdiction to enter the order confirming Espinosa's plan, United contends that the court's judgment is void under Rule 60(b)(4) because United did not receive adequate notice of Espinosa's proposed discharge of his student loan interest. Specifically, United argues that the Bankruptcy Court violated United's due process rights by confirming Espinosa's plan despite Espinosa's failure to serve the summons and complaint the Bankruptcy Rules require for the commencement of an adversary proceeding. *We disagree.*

Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. See Fed. Rule Bkrtcy. Proc. 7004(b)(3). United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. *But this deprivation did not amount to a violation of United's constitutional right to due process. Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an op opportunity to present their objections*." Mullane v. Central Hanover Bank & Trust Co.,

Your Honor, Judge Brown:

This letter is submitted by Appellants Ulysses T. Ware and Group Management ("Appellants") pursuant to this Court's Standing Order (Dkt. 2, ¶ (m)) to respectfully request the Court's immediate attention and intervention regarding several unresolved threshold matters that are currently impeding the orderly administration of this appellate proceeding. Appellants have engaged in good-faith meet-and-confer efforts with counsel for certain Appellees but have reached a definitive impasse, necessitating judicial resolution to enable the timely and proper preparation of Appellants' Reply Brief under Federal Rule of Bankruptcy Procedure 8018.

## I. THE UNRESOLVED THRESHOLD ISSUES IMPEDING THE APPEAL

### A. The SBGA Appellees' Ambiguous Appearance and Evasion of the Actual Notice Issue

The State Bar of Georgia Appellees ("SBGA Appellees") and their counsel, Patrick N. Arndt, Esq., have created a profound procedural ambiguity. They have purportedly "specially appeared" in Dkt. 45 to contest this Court's personal jurisdiction, while simultaneously making a general appearance in Dkt. 46 by seeking affirmative relief in the form of sanctions, thereby consenting to and submitting themselves to the personal jurisdiction of this Court.

Despite Appellants' diligent efforts to meet and confer, counsel for the SBGA Appellees has refused to substantively address or resolve the dispositive factual and legal issue of whether each SBGA Appellee possessed **actual notice** of the underlying Bankruptcy Case No. 03-93031-

---

339 U. S. 306, 314 (1950); see also Jones v. Flowers, 547 U. S. 220, 225 (2006) ("[D]ue process does not require actual notice . . . "). ***Here, United received actual notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights***. Accordingly, on these facts, Espinosa's failure to serve a summons and complaint ***does not entitle United to relief under Rule 60(b)(4)***.)" (emphasis added).

WLH and the instant appeal (1:25-cv-00613-MLB). Under the clear mandate of *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010), a determination on this point is critical, as actual notice satisfies constitutional due process and results in the waiver and forfeiture of the very jurisdictional objections the SBGA Appellees now raise.

### B. The Baker McKenzie Appellees' Evasion and Counsel's Refusal to Clarify Representation

Similarly, Appellants have attempted to meet and confer with Mr. Thomas A. Leghorn, Esq., putative counsel for the Baker & McKenzie Appellees. ***Mr. Leghorn has refused all requests by Appellants to submit a formal, signed letter of representation identifying each client he purports to represent and the scope of that representation.*** This unethical professional misconduct refusal leaves ***Appellants and the Court*** in the untenable position of litigating against unidentified parties represented by counsel whose authority remains unverified on the record.

### C. Universal Procedural Deficiencies: Lack of Formal Entry of Appearance

A review of the docket in this matter (1:25-cv-00613-MLB) reveals that neither Mr. Arndt nor Mr. Leghorn have filed ***a formal, written Entry of Appearance*** specifically identifying each Appellee they represent, as is required by this **Court's Local Rule 83.1(D)(1).** This rule mandates that an attorney appearing via a pleading "must immediately file a written entry of appearance." Their failure to do so, while simultaneously filing substantive motions and briefs, Dkt. 45 and Dkt. 46, is a significant procedural deficiency that undermines the clarity and integrity of these proceedings.

### D. Impact on Appellants' Forthcoming Reply Brief

These unresolved issues create an impossible framework for Appellants to timely prepare and submit their Rule 8018 Reply Brief. Appellants cannot effectively reply to jurisdictional challenges without knowing definitively who is making them, on behalf of whom, and whether the foundational fact of "actual notice" is conceded or denied under oath. This impermissible litigation strategy of strategic ambiguity, coupled with the fact that all Appellees have actually defaulted by failing to file a responsive merits brief, necessitates this Court's intervention to clear the procedural logjam.

## II. APPELLANTS' PROPOSED RELIEF FOR JUDICIAL RESOLUTION

To break the current impasse and ensure the orderly administration of this appeal, Appellants respectfully request that this Court adopt one of the following two alternative courses of action:

### 1. On-the-Record Appellate Conference via Zoom:

Appellants respectfully request that the Court forthwith conduct an on-the-record appellate status conference via Zoom. Appellants request that the Court order each SBGA Appellee and each Baker McKenzie Appellee, their respective legal counsel, and any other Appellee named in the Notice of Appeal (Dkt. 1 / Dkt. 279, Bankr. Case) who wishes to contest jurisdiction, to appear before the Court. During this conference, each such Appellee would be required to state under oath, or via their counsel who has been formally admitted in this matter, whether they admit or deny having received **actual notice** of (i) the relevant aspects of the 03-93031 Chapter 11 proceedings, and (ii) this 1:25-cv-00613-MLB appeal, under the standard articulated in *Espinosa*,

559 U.S. at 272. This procedure would provide immediate clarity and resolve the foundational factual dispute efficiently.

**OR, ALTERNATIVELY,**

**2. Order Compelling Sworn Declarations:**

Appellants respectfully request that the Court enter an Order compelling each SBGA Appellee, their legal counsel (Mr. Arndt), each Baker McKenzie Appellee, their legal counsel (Mr. Leghorn), and each other Appellee named in the Notice of Appeal, to file a **sworn Declaration or Affidavit** into the docket of this proceeding (1:25-cv-00613-MLB) no later than **Tuesday, July 1, 2025, by 10:00 AM EDT**, time being of the essence.

A. This Order should be predicated on counsels' ethical duties under the Georgia Rules of Professional Conduct (or other applicable state bar rules) and the Rules of this Court, specifically Rule 3.3 (***Complete Candor*** Toward the Tribunal) and Rule 8.4 (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation). The Court should note that counsel for the SBGA Appellees has practiced "dishonesty" and "misrepresent[ed]" to the Court in Dkts. 45 and 46, *through material omission*, by failing to notify the Court *that the SBGA Appellees and their counsel all possessed extensive actual notice of the 03-93031 and 25cv00613 proceedings*.

B. The Order should direct that the sworn Declaration or Affidavit from each Appellee (or their authorized representative) must unequivocally admit or deny, under penalty of perjury, their receipt of actual notice of the 03-93031 and 25cv00613 proceedings.

C. Crucially, the Order should state that should any Appellee fail to timely file the required sworn Declaration or Affidavit, the Court will take **mandatory judicial notice** of that failure pursuant to FRE 201(c)(2), and by **converse necessary implication**, that Appellee shall be **deemed to have had actual notice** of the 03-93031 and 25cv00613 proceedings. Upon such a deemed admission, the Court shall forthwith enter default against that Appellee's legal interest in this appeal.

Your Honor, the Appellees are attempting to act as their own gatekeepers of this Court's jurisdiction through obfuscation and inaction. The relief requested herein is necessary to vindicate this Court's authority to manage its docket and to allow this appeal to proceed to a resolution on the merits as required by law.

Respectfully submitted,

/s/ Ulysses T. Ware

Ulysses T. Ware

Attorney in fact for the Appellants

### CERTIFICATE OF SERVICE

I, Ulysses T. Ware, this 27th day of June 2025, certify under penalty of perjury that I have forwarded a true and correct copy of this Judicial Request #4.0 to each Appellee and/or their last known legal counsel at their public or previously used email address.

/s/ Ulysses T. Ware

ond, the requirement that a bankruptcy court make this finding in an adversary proceeding derives from the Bankruptcy Rules, see Rule 7001(6), which are "procedural rules adopted by the Court for the orderly transaction of its business" that are "not jurisdictional." *Kontrick v. Ryan*, 540 U. S. 443, 454 (2004) (internal quotation marks omitted).

2

Although United concedes that the Bankruptcy Court had jurisdiction to enter the order confirming Espinosa's plan, United contends that the court's judgment is void under Rule 60(b)(4) because United did not receive adequate notice of Espinosa's proposed discharge of his student loan interest. Specifically, United argues that the Bankruptcy Court violated United's due process rights by confirming Espinosa's plan despite Espinosa's failure to serve the summons and complaint the Bankruptcy Rules require for the commencement of an adversary proceeding. <u>We disagree.</u>

Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. See Fed. Rule Bkrtcy. Proc. 7004(b)(3). United could have timely objected to this deprivation and appealed from an adverse ruling on its objection. <u>But this deprivation did not amount to a violation of United's constitutional right to due process.</u> Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314 (1950); see also *Jones v. Flowers*, 547 U. S. 220, 225 (2006) ("[D]ue process does not require actual notice . . ."). <u>Here, United received *actual* notice of the filing and contents of Espinosa's plan.</u>  This more than satisfied United's due process rights. Accordingly, on these facts, Espinosa's failure to serve a summons and complaint does not entitle United to relief under Rule 60(b)(4).

# [End of document]

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

Filed on June 27, 2025
Chambers of the Hon. Michael L. Brown.

Re: Appellants' Judicial Request #4.

CLEARED DATE

JUN 30 2025

U.S. Marshals Service
Atlanta, GA 30303

The Honorable Michael L. Brown
United States District Court (NDGA)
Richard B. Russell United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

MID-ISLAND NY 117
27 JUN 2025 PM 6 L



30303-331861