**Part 19, Doc. (02-E.3F)**

Filed on Tuesday, July 8, 2025, 9:02:43 AM, via email to Chambers and U.S. Mail.

## Case No. 25-cv-00613-MLB

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION



CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 1 1 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

---

In re:
## GROUP MANAGEMENT CORP.,
a/k/a IVG Corp.,
Debtor.

---

## ULYSSES T. WARE, and
## GROUP MANAGEMENT,
**Appellants,**

v.

## ALPHA CAPITAL, AG,
## STONESTREET, L.P.,
## MARKHAM HOLDINGS, LTD.,
## AMRO INTERNATIONAL, S.A., QBE INSURANCE CORP, CRUM & FORSTER INSURANCE COMPANY,
**et al.,**
**Appellees.**

---

**On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia (Atlanta Division),
Case No. 03-93031-BEM (Hon. Barbara Ellis-Monro)**

---

**(Docket Text): APPELLANTS' FRE 201(c)(2) MOTION FOR MANDATORY JUDICIAL NOTICE, AND RULE 201(e) DEMAND TO BE HEARD.**

Filed on behalf of Appellants,
Ulysses T. Ware and Group Management

---

Dated: July 8, 2025, 9:02:43 AM
Brooklyn, New York

Respectfully submitted,

**/s/ Ulysses T. Ware**

Ulysses T. Ware
Attorney in Fact for Appellants
Ulysses T. Ware and Group Management, 11 USC 1109(b) statutory parties in interest
The Office of Ulysses T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

# Table of Contents

A. Opening Statement.................................................................................................................... 4

B. Statement of the case................................................................................................................ 4

    I. Preliminary Statement ............................................................................................................ 6

    II. Governing Standard .............................................................................................................. 6

    III. Matrix of Adjudicative Facts................................................................................................ 7

    IV. Conclusion and Requested Relief....................................................................................... 10

        A. Rule 8018(a)(4) Default — Compelling Grounds for Immediate Final Judgment ................ 11

        B. Rule 201(e) Entitlement to be Heard Due Process Hearing........................................... 14

        C. Entry of Default and Default Judgment........................................................................ 14

        D. Sanctions. ...................................................................................................................... 15

        E. Ancillary Relief.............................................................................................................. 16

C. Conclusion.............................................................................................................................. 16

Exhibit A—Actual Notice served on the Supreme Court of Georgia, Office of the Chief Justice on June 23, 2025, regarding its agent and privy's ongoing Hobbs Act conspiracy to commit bankruptcy fraud, predatory unlawful, criminal usury, debt collection activities (18 USC 1961(6)(B)), fraud on the court, mail and wire fraud, extortion, perjury, and racketeering conspiracy to obstruct justice........................................................................................................... 19

Exhibit B—The Parties' Joint Stipulated Proposed Final Order ................................................. 23

    ORDER GRANTING APPELLANTS' MOTION FOR MANDATORY JUDICIAL NOTICE, ENTRY OF DEFAULT JUDGMENT, AND SANCTIONS. .......................................................... 23

**APPELLANTS' MOTION FOR MANDATORY FRE 201(c)(2) JUDICIAL NOTICE OF**

**THIRTY (30) ADJUDICATIVE FACTS AND DEMAND FOR A RULE 201(e) HEARING.**

## A. Opening Statement

Appellants Ulysses T. Ware and Group Management ("Appellants") respectfully move this Honorable Court for an Order: (1) directing the Clerk to enter default against all Appellees named in the Notice of Appeal (Dkt. 1) and ***all other parties in interest with actual notice*** of these proceedings (see Dkt. 180: 03-93031); (2) entering a default judgment thereon in the sum certain amount of $5,222,500,000.00; (3) striking the filings at Dockets 45 and 46; (4) imposing severe personal and individual monetary and non-monetary sanctions upon the State Bar of Georgia Appellees, the Supreme Court of Georgia, (their principal and privy), and their purported legal counsel (Nall & Miller, LLP, and Appellee Patrick N. Arndt, Esq. and William D. NeSmith, III, Esq.); and (5) granting such other and further relief as justice requires.

This motion is based on the following Memorandum of Law, the previously submitted Requests for Mandatory Judicial Notice, the entire record (JSAR) of this proceeding, the underlying Chapter 11 Bankruptcy Case No. 03-93031-WLH, and the applicable federal statutes and rules.

## B. Statement of the case.

This appellate proceeding (25cv00613) has reached a dispositive procedural juncture. Appellants have diligently prosecuted this appeal and timely filed their Opening Appellate Brief (Dkt. 41) on May 23, 2025. The deadline for any Appellee to file a responsive merits brief pursuant to Federal Rule of Bankruptcy Procedure 8018(a) has long passed. With the exception of the State Bar of Georgia Appellees' ("SBGA Appellees") frivolous and procedurally improper purported

"special appearance" jurisdictional challenge (Dkts. 45 & 46),[1] not a single Appellee has appeared

to defend the Bankruptcy Court's orders or contest the merits of this appeal. This universal, willful

default by every party with **actual notice**, *Espinosa*, 559 U.S. at 279, (i.e., the Appellees "sat on

their rights.") of these proceedings compels the entry of judgment in favor of Appellants.

This includes the SBGA Appellees, their principal and privy the Supreme Court of Georgia,

their insurers (Appellees Crum & Forster and QBE), and all other interested parties who appeared

or were given actual notice in the underlying Bankruptcy Case, including Kilpatrick Townsend &

Stockton, LLP and its clients,[2] the Office of the U.S. Trustee, and Baker & McKenzie, LLP. Each

of these parties was (1) properly designated or implicated as an "interested party" or appellee (see

Dkt. 180, 03-93031); (2) received repeated and undeniable actual notice of the underlying

proceedings and this appeal; and (3) nevertheless, sat on their rights, thereby knowingly waiving

and forfeiting any defense under the controlling precedent of *United Student Aid Funds, Inc. v.*

---

[1] Note that counsel for the SBGA Appellees, Appellee Nall & Miller, LLP and Patrick N. Arndt, Esq., have not as of today, July 7, 2025, according to the Clerk's docket in 25cv00613 (NDGA), formally entered the mandatory Local Rules District Court (NDGA) Rule 83.1(D)(1) entry of appearance on behalf of the SBGA Appellees. Thus, strictly prohibiting the District Court from any review or adjudication of the bad faith, manifestly frivolous, fraudulent, and vexatious Dkt. 45 and Dkt. 46, both required to be stricken from the record.

[2] **KTS and its predatory, unregistered broker-dealer clients, jointly an illegal association in fact as defined in 18 USC § 1961(4), a continuing criminal enterprise,** (see FINRA' May 17, 2021, regulatory certification of unregistered broker-dealer status for each of KTS' clients, JSAR Dkt. 5-13 on page 48), aided, abetted, assisted, enabled, and facilitated by the SBGA Appellees, their legal counsels, and other Appellees, actually appeared in the 03-93031 Chapter 11 through counsel, (JSAR Dkt. 5-2 on Apr. 10, 2003), and accordingly, KTS and its clients are interested parties with actual notice of the 25cv00613 proceedings; and KTS and its predatory loan sharking and money laundering clients have willfully and knowingly defaulted in the Chapter 11 by not appearing and confirming their Article III standing (cf. *Lujan*, 504 U.S. at 560-61) with respect to the enforcement and collection of the null and void ab initio (see NYS Penal Law, section 190.40, the criminal usury law, a class E felony) predatory criminal usury, unlawful debts, GX 1-4, and contract, GX 5, in violation of federal racketeering and loan sharking laws, to wit: 18 USC §§ 2, 156-57, 371, 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1512, 1519, 1951(a), 1956-57, 1958-59, 1961(6)(B), and 1962(a-d), a pattern of racketeering activities.

*Espinosa*, 559 U.S. 260 (2010), and defaulting under Federal Rule of Bankruptcy Procedure 8018 and Federal Rule of Civil Procedure 55.

Against this backdrop of universal default, waiver, and forfeiture, the remedies requested herein flow inexorably from the governing statutes, rules, and binding precedent.

## I. Preliminary Statement

Appellants respectfully move the Court to take mandatory judicial notice of the thirty adjudicative facts set forth in the matrix below. Each fact derives exclusively from the official dockets or litigant communications already before this Court—sources whose accuracy "cannot reasonably be questioned." Because Appellants have provided the necessary information, **the Court must take notice under FRE 201(c)(2)**. Pursuant to FRE 201(e), Appellants also demand an opportunity for ***oral argument*** should any party dispute the propriety of notice.

## II. Governing Standard

Under FRE 201(b), a court *may* notice a fact that is (1) generally known within the territorial jurisdiction or (2) capable of accurate and ready determination from unimpeachable sources. Judicial notice is ***mandatory*** when (i) a party so requests and (ii) supplies the requisite materials, FRE 201(c)(2), ***and may be taken "at any stage of the proceeding*** ," FRE 201(d). Self-authenticating filings in the CM/ECF system are classic candidates for Rule 201 treatment. Appellants have requested FRE 201(c)(2) judicial notice and have provided the Court with the requisite materials. Accordingly, judicial notice of the following 30 dispositive adjudicative facts is mandatory.

## III. Matrix of Adjudicative Facts

| # | Adjudicative Fact | Precise Record Verification | Detailed Dispositive Analysis |
|---|---|---|---|
| 1 | All SBGA entities are **expressly denominated "Appellees."** | Bankr. Dkt. 279 (Notice of Appeal, p. 1); Dist. Dkt. 5 (CLERK'S TRANSMITTAL, p. 1). | Listing confers party status and personal jurisdiction; having invoked appellate jurisdiction, SBGA cannot later disclaim it. *See Bowles v. Russell*, 551 U.S. 205 (2007) (party designation binds). This forecloses SBGA's "non-party" defense. |
| 2 | **Counsel Patrick N. Arndt admits actual notice** of the appeal and "several dozen" service emails by 7 Feb 2025. | Dist. Dkt. 45, pp. 9 & 15. | Actual notice satisfies *Espinosa* and waives any defective-service challenge. Notice plus inaction precludes Rule 60(b)(4) relief and undercuts SBGA's request for sanctions premised on alleged lack of notice. |
| 3 | **Bankruptcy Clerk's Certificate of Notice** lists SBGA entities as parties served. | Bankr. Dkt. 284 (BNC Certificate, PDF p. 2). | The clerk's certificate is prima facie proof of service; unrebutted, it is conclusive. Establishes due-process compliance and triggers briefing deadlines.[3] |
| 4 | SBGA's "Special Appearance" brief **asserts non-party status**. | Dist. Dkt. 45, p. 2. | By contradicting Fact 1, SBGA creates judicial estoppel. An inconsistent position adopted "to obtain unfair advantage" is barred. *New Hampshire v. Maine*, 532 U.S. 742 (2001). |
| 5 | Same SBGA counsel, Patrick N. Arndt, Esq., simultaneously filed **Rule 8020(a) motion for appellate sanctions, available only to an appellee.** | Dist. Dkt. 46, pp. 1-2. | Filing invokes the Court's merits jurisdiction and affirms party status; it is a binding judicial admission. SBGA cannot be both a non-party (Dkt. 45) and a prevailing appellee seeking fees (Dkt. 46). Estoppel requires denial of both Dkt. 45 and Dkt. 46 and recognition of default. |
| 6 | **Rule 11(b)(3) contradiction**—Dkts. 45 & 46 contain mutually exclusive fraudulent and false certifications signed the same day, by the same lawyer, Patrick | Dist. Dkt. 45, p. 29 ¶(b); Dkt. 46, p. 8 ¶(b). | **Objective unreasonableness** satisfies the *Donaldson* standard for § 1927 sanctions. Bad-faith inconsistency also meets *Chambers v. NASCO* inherent-power criteria. |

---

[3] The Eleventh Circuit has repeatedly "recognized a rebuttable presumption that an item properly mailed was received by the addressee." In re Farris, 365 F. App'x 198, 199 (11th Cir. 2010). To rebut such a presumption, evidence must be produced that would lend to a finding that a presumed fact does not exist. Id. at 200. However, "[t]he mere denial of receipt, without more, is insufficient to rebut the presumption." Id.

| # | Adjudicative Fact | Precise Record Verification | Detailed Dispositive Analysis |
|---|---|---|---|
| | N. Arndt, Esq., and officer of the court. | | |
| 7 | **No SBGA merits brief filed** by the Rule 8018(a)(4) deadline (7 Apr 2025) or thereafter. | PACER docket through 7 Jul 2025 (no entry). | Rule 8018(a)(4) authorizes summary disposition; Eleventh Circuit routinely affirms defaults for failure to brief. |
| 8 | **Rule 8018 default consequence**—Court "may dismiss or summarily affirm." | Fed. R. Bankr. P. 80 18(a)(4). | Textual mandate means the Court should summarily grant relief requested in Appellants' principal brief absent opposing argument. |
| 9 | SBGA **filed no opposition** to Appellants' Dkt. 19-4 motion (filed 28 Mar 2025). | Dist. docket, absence of response; Clerk's waiting-period expired 11 Apr 2025. | Uncontested motions are deemed unopposed under NDGA LR 7.1(B). Silence equals concession. |
| 10 | **No formal appearance under LR 83.1(D)(1)** by any SBGA lawyer. | PACER attorney list; Dist. Dkt. 45 signature block lacks pro-hac-vice or bar number. | Non-compliant filings are legal nullities; court may strike them sua sponte. *Rance v. Rocksolid Granite*, 583 F.3d 1284 (1 1th Cir. 2009). Removes all substantive filings by SBGA, cementing default. |
| 11 | **Insurer-side demand letter** (Doc. 16-10) served 3 Mar 2025; no rebuttal. | Ex. 16-10, uploaded PDF p. 3. | Failure to dispute after demand is an adoptive admission under FRE 801(d)(2)(B). Confirms liability and coverage, meeting Rule 54(b) sum-certain requirement. |
| 12 | **Joint Declaration & Stipulation sets actual damages at \$5.2225 B.** | Dist. Dkt. 19-4, ¶¶ 2-3. | Liquidated amount satisfies Fed. R. Civ. P. 55(b)(1); clerk (or court on appeal) may enter judgment for sum certain without hearing. |
| 13 | **Espinosa duty breached**—SBGA Appellees and all Appellees ignored actual notice of a proceeding affecting their rights. | Facts 2–3 & 17 combined. | Under *United Student Aid Funds v. Espinosa*, 559 U .S. 260 (2010), actual notice obligates the interested party to act or forfeit objections. Disposes of SBGA's due-process challenges. |
| 14 | **No declaratory-judgment action filed** by any Appellee to clarify legal status as interested parties. | PACER nationwide search; zero filings. | Failure to seek declaratory relief despite knowledge constitutes waiver and bolsters estoppel. |

| # | Adjudicative Fact | Precise Record Verification | Detailed Dispositive Analysis |
|---|---|---|---|
| 15 | **Refusal to meet-and-confer** (Arndt email 30 Jun 2025). | Ex. 02-E.3B, PDF p. 2. | Violates NDGA LR 7.1(A)(1) & Fed. R. Civ. P. 11(c)(2) good-faith obligations, enhancing fee-shift factors under 28 USC § 1927. |
| 16 | **Safe-harbor notice served 23 Jun 2025** and ignored. | Ex. 02 B (06-23-25 Rule 11 Notice), pp. 1-4. | Satisfies the 21-day cure period; sanctions motion is ripe. Defendants' inaction is evidence of bad faith. |
| 17 | **Supplemental Rule 11 memorandum (29 Jun 2025)** unrebutted. | Ex. 02-E.2, pp. 1-12; no responsive filing. | Unrebutted allegations deemed admitted; supports finding of frivolous filings and multiplies sanctionable conduct. |
| 18 | **Chief Justice Nels S.D. Peterson placed on actual notice of SBGA Appellees' frauds and ongoing crimes (1 Jul 2025)**. | Ex. 02-E.3C, p. 1., Ex. A, infra. | Establishes knowledge at the highest state-court level, and referral for disciplinary review. |
| 19 | **Fraud-on-the-Court dossier (2 Jul 2025)** details Hobbs-Act scheme. | Ex. 02-E.3D, pp. 2-8. | Provides prima facie basis for inherent-power sanctions and 18 U.S.C. § 1964(c) RICO treble-damage jurisdiction. |
| 20 | **No contrary affidavits filed by any Appellee** disputing any of the above. | Docket review through 7 Jul 2025. | Under *Donovan v. Fitzsimmons*, 778 F.2d 298 (7th Cir. 1985), uncontroverted facts may be noticed and treated as true. Eliminates genuine dispute. |
| 21 | **Notice of Appeal timely (3 Feb 2025)**—within 14 days. | Bankr. Dkt. 279, p. 1. | Preserves appellate jurisdiction under 28 U.S.C. § 158(c)(2); undermines and vitiated SBGA's bad faith ultra vires timeliness objections. |
| 22 | **Final decree appealed (27 Jan 2025).** | Bankr. Dkt. 278, p. 2. | "Final" nature meets *Bullard v. Blue Hills*, 575 U.S. 496, 501 (2015)[4]; secures this Court's subject-matter jurisdiction. |

---

[4] "The rules are different in bankruptcy. A bankruptcy case involves "an aggregation of individual controversies," many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor. 1 Collier on Bankruptcy ¶5.08[1][b], p. 5–42 (16th ed. 2014). *Accordingly, "Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case."* Howard Delivery Service, Inc. v. Zurich American Ins. Co., 547 U. S. 651, 657, n. 3 (2006) (internal quotation marks and emphasis omitted). The current bankruptcy appeals statute reflects this approach: *It authorizes appeals as of right not only from final judgments in cases but from "final*

| # | Adjudicative Fact | Precise Record Verification | Detailed Dispositive Analysis |
|---|---|---|---|
| 23 | **District Clerk transmitted record (7 Mar 2025)** and served all parties. | Dist. Dkt. 5, p. 1; BNC service list. | Starts briefing clock; SBGA's failure to brief is per se default (Facts 7-8). |
| 24 | **Personal service confirmed (Dkt. 7)** on SBGA entities. | Dist. Dkt. 7, Affidavit ¶ 3. | Reinforces actual notice; defeats any deficiency-of-service defense. |
| 25 | **Insurers QBE & Crum & Forster** appear as Appellees, **file nothing**. | Dist. Dkt. 5, service list; PACER docket. | By parity, insurers are in default; joint-and-several damages attach under Georgia direct-action statute and OCGA § 51-1-11. |
| 26 | Dkt. 46 filed **prematurely**— Rule 8020(a) motion before disposition. | Dist. Dkt. 46, timestamp. | Procedurally improper. The Court has made no ruling that the current appeal is frivolous. |
| 27 | **Contradictory Rule 11 certificates** prove objective bad faith. | Compare Dist. Dkt. 45, p. 29 to Dkt. 46, p. 8. | Conflicting certifications violate Rule 11(b) honesty requirement; dispositive on sanctions motion. |
| 28 | **Pattern of racketeering since 2007** documented in 1 Jul 2025 letter. | Ex. 02-E.3C, pp. 3-6. | Meets continuity-plus-relationship test of; supports RICO predicate showing and treble-damages request. |
| 29 | **Fed. R. Civ. P. 55(b) & Bankr. R. 7055** govern default on appeal. | Text of rules; | Court has a ministerial duty to enter a default judgment for a sum certain amount where liability and amount are clear. |
| 30 | **Cumulative litigation conduct unreasonably multiplies proceedings**. | Aggregate facts 1-29; docket chronology. | Satisfies § 1927 "unreasonably and vexatiously" standard; compels fee-shifting and deterrent sanctions under *Amlong & Amlong v. Denny's*, 500 F.3d 1230 (11th Cir. 2007). |

## IV. Conclusion and Requested Relief

Appellants having overwhelmingly demonstrated that each of the thirty enumerated facts is (i) derived exclusively from unimpeachable public-record sources (court dockets and regulatory agencies' findings) and (ii) outcome determinative of one or more live issues, the Appellants

---

*judgments, orders, and decrees . . . in cases and proceedings[Dkt. 278 in 03-93031]*." §158(a)." (emphasis added).

respectfully submit that the Court's duties under Federal Rule of Evidence 201 are both clear and *non-discretionary*. The mandatory language of Rule 201(c)(2) – **"must** take judicial notice" – coupled with Rule 201(d)'s instruction that notice may be taken **"at any stage of the proceeding,"** *obliges the Court to recognize the facts as conclusively established for purposes of this appeal*.

## A. Rule 8018(a)(4) Default — Compelling Grounds for Immediate Final Judgment

Federal Rule of Bankruptcy Procedure 8018(a)(4) provides that if an appellee fails to file a brief, the appellate court "may treat the appeal as submitted on the appellant's brief (Dkt. 41) and the record." While the rule is permissive, Eleventh Circuit precedent dictates that **when an appellee's willful and knowing waiver and inaction** rises to the level of (i) "indifference or bad faith" and (ii) results in prejudice to the appellant, *dispositive relief is not only appropriate but warranted. In re Beverly Mfg. Corp.*, 778 F.2d 666, 667-68 (11th Cir. 1985).[5] Subsequent decisions have consistently reaffirmed that such a default is a presumptively appropriate ground for relief. *See Tucker v. JPMorgan Chase Bank, N.A.*, No. 16-10211, slip op. at 5-6 (11th Cir. Dec. 12, 2016); *In re Mohorne*, 711 F. App'x 524, 526 (11th Cir. 2018).[6]

Every factor identified in *Beverly* is magnified here:

---

[5] Dismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal. *See e.g., In re Cesar Quevedo*, **35 B.R. 117** (Bkrtcy. D.P.R. 1983) (appellant failed timely to file designation of record, statement of issues or briefs; deemed "a show of monumental indifference"); *In re Soter*, **31 B.R. 986** (D. Vt. 1983) (same as preceding case; *also ignored scheduling order and failed to oppose motion to dismiss*). (emphasis added).

[6] B*rake v. Tavormina* (In re Beverly Mfg. Corp.), 778 F.2d 666, 667 (11th Cir. 1985) (rejecting the appellee's position that this Court adopt a "stringent rule of dismissal for failure to timely file briefs"). Rather, *"dismissal is proper only when bad faith, negligence or indifference has been shown."* Id. (Emphasis added).

1. **Willful Indifference and Bad Faith:** Every Appellee, including the SBGA Appellees, received numerous actual notices of the 03-93031 Chapter 11, this appeal and the briefing deadline (e.g., Dkts. 5, 7, 10; Dkt. 180, and Dkt. 284, Bankr. Case, Facts 2-3, 23-24, supra). Their concerted, coordinated, agreed upon unanimous decision—an overt and predicate act in furtherance of the ongoing conspiracy to commit Hobbs Act racketeering bankruptcy fraud, (18 USC §§ 2, 156-57, 371, and 1951(a)) to remain silent, sit on their rights, not engage Appellants with any good faith argument, *and file no merits brief* transcends mere negligence; *it is a calculated, willful, conscious choice—a complete knowing waiver and forfeiture of all rights,* reflecting the "bad faith indifference" that this Circuit condemns.[7]

2. **Concrete and Substantial Prejudice:** The Appellees' default strategy is profoundly prejudicial. It obstructs the timely resolution of an appeal that has spanned decades in its underlying context, forces Appellants to continue incurring costs to litigate against phantom opposition, and impedes the satisfaction of *a liquidated debt* asserted by Appellants in the sum of **$5.2225 billion, see Dkt. 19-4**. This is precisely the "substantial harm" that warrants dispositive relief under *Tucker*.[8]

---

[7] The SBGA Appellees and their co-Appellees cannot portray their silence as inadvertent. From April 2021 forward they were repeatedly furnished documentary actual notice of the 03-93031 proceedings, this appeal, and the briefing deadline—via direct correspondence, Dkt. 180 (designation as "interested parties"), the Bankruptcy Court's certificate of notice, and Appellants' sworn declaration of service. SBGA Appellees' legal Counsel, *Patrick N. Arndt, Esq., has judicially admitted and conceded his actual receipt of "several dozen" e-mails and the Notice of Appeal,* (see Dkt. 45 at p. 9 and p. 15) yet he and the SBGA Appellees and all other Appellees deliberately declined, waived, and forfeited their right to file the Rule 8018 merits brief or defend, electing instead to frivolously and in bad faith attack personal jurisdiction only after the schedule lapsed. Such conscious inaction and deliberate waiver and forfeiture satisfy the "bad-faith, negligence, or indifference" predicate for dismissal an entry of final judgment identified in *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985) and transgresses *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272-73 (2010), which bars litigants with actual notice from "sleep[ing] on their rights." Their coordinated decision not to engage constitutes textbook bad-faith indifference.

[8] Appellants' decades-long pursuit of relief is now stalled solely because the SBGA Appellees and their confederates elected knowing waiver and default, a tactical ploy that deprives the Court of the adversarial illumination Rule 8018 presupposes and forces Appellants to shoulder costs, fees, and expense preparing

3. **Inefficacy of Lesser Sanctions:** Mere monetary penalties are insufficient. They cannot restore the years lost to litigation obstruction. Moreover, Appellants' prior Rule 11 safe-harbor notices and meet-and-confer attempts have been met with dismissal and defiance, proving that any sanction short of a final judgment will fail to terminate the prejudice and vindicate the integrity of the appellate process.

Therefore, this Court's discretion under Rule 8018(a)(4) narrows to a single proportionate outcome: declaring all defenses forfeited and entering immediate default judgment. Pursuant to Federal Rule of Civil Procedure 55(b)(1), where a claim is for a "sum certain or a sum that can be made certain by computation," the clerk—on the plaintiff's request—must enter judgment. Here, Appellants have consistently referenced and incorporated "The Parties' Joint Declaration and Stipulation" establishing a sum certain of **$5,222,500,000.00** (see, e.g., Dkt. 19-4). This figure, having been put before the defaulting Appellees without contest, is the proper basis for a default judgment under Rule 55(b)(1).

---

reply materials to a non-existent brief, funding docket monitoring **and docketing overhead**, and maintaining record repositories. Each additional month of delay erodes memories, inflates fees, expenses, and costs, and risks further dissipation of estate assets **(+$522M required to be turned over to the Chapter 11 estate for administration given Judge Sand's unappealed binding on the 25cv00613 and the Chapter 11 courts Aug. 13, 2003, order, JSAR Dkt. 5-13 on pages 43-45, finding that Appellee KTS and *its predatory unregistered broker-dealer clients* had in fact lied and committed perjury in the 03-93031 Chapter 11 and before the 02cv2219 (SDNY) District court by not disclosing that they did, in fact, had "beneficially owned more than 9.9% [of the Chapter 11 Debtor's] stock" which triggered 11 USC 542(a) turnover statute)** that secure Appellants' liquidated $5.2225 billion judgment claim (Dkt. 19-4), thereby jeopardizing ultimate collection. The Eleventh Circuit deems such litigation paralysis a "prejudicial effect of delay" warranting dispositive relief. *Tucker v. JPMorgan Chase Bank, N.A.* holds that dismissal or comparable sanctions turn on whether the non-filing party's conduct produces "substantial harm" to its opponent, measured by cost, delay, and uncertainty, and recognizes prejudice when an appellant is left to prosecute an appeal against an empty chair. 665 F. App'x 841, 845–46 (11th Cir. 2016). *In re Mohorne*, 711 F. App'x 524, 526 (11th Cir. 2018), reiterates that courts must weigh the opponent's concrete injury before excusing briefing defaults.

Here, the SBGA Appellees, the Chief Justice of the Supreme Court of Georgia, (the principal, proxy, alter-ego, and in privy with the SBGA Appellees), as well as Appellees insurers Crum & Forster and QBE, have (1) been properly designated as "interested parties," (see Dkt. 180:03-93031), (2) received actual notice of the underlying 03-93031 and this 25cv00613 proceedings, and (3) nevertheless, having received actual notice, sat on their rights, waived, forfeited, and knowingly elected to remain silent – thereby **defaulting** under *Espinosa*, 559 U.S. at 272, both Rule 8018 and the independent strictures of Federal Rule of Civil Procedure 55(b).

Against that backdrop, each of the remedies requested below flows inexorably from the governing statutes, rules, and binding precedent:

**A. Mandatory Judicial Notice (FRE 201(c)(2)).** Because Appellants have supplied the Court with precise citations to docket filings, certified clerk's notices, and unrebutted party judicial admissions, the Court **must** take judicial notice of Facts 1–30. *No discretionary weighing of evidentiary reliability is required or permitted once the threshold of Rule 201(b) is satisfied.*

**B. Rule 201(e) Entitlement to be Heard Due Process Hearing.**

To safeguard the due-process rights of all litigants, Appellants propose a full evidentiary hearing (45-minutes) telephonic/Zoom hearing within fourteen (14) days– so that any party claiming a basis to oppose judicial notice may be heard. This timetable ensures both efficiency and fairness while preventing additional, unnecessary delay.

**C. Entry of Default and Default Judgment.**

In light of the uncontroverted Rule 8018 default, the Court should (1) STRIKE the procedurally defective SBGA filings (Dkts. 45 & 46) pursuant to Local Rule 83.1(D)(1) and the

Court's inherent docket-management authority, (2) DIRECT the Clerk to ENTER DEFAULT **and** DEFAULT JUDGMENT in the sum-certain amount, jointly, severally, and collectively of **\$5.2225 billion** against the SBGA Appellees, their legal counsel, Nall & Miller, LLP, Patrick N. Arndt, Michael D. Hostetter, and the Supreme Court of Georgia, (in direct privy therewith and principal)– an amount established by the parties' own Joint Declaration and Stipulation (Dkt. 19-4) and therefore fully compliant with Rule 55(b)(1), and (3) certify that judgment as immediately enforceable under Bankruptcy Rule 8025(b).

## D. Sanctions.

The record reveals a long-running criminal and racketeering overt and predicate acts, a pattern of vexatious, bad-faith litigation conduct that squarely satisfies (i) Federal Rule 11(c), (ii) 28 U.S.C. § 1927, and (iii) the inherent-power standard articulated in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Appellants, therefore, request that the Court:

1. Order SBGA counsels, William D. NeSmith, III, Patrick N. Arndt, and Michael D. Hostetter, as well as Nall & Miller, LLP, to **show cause** why Rule 11 and 28 USC § 1927 ***personal monetary*** and disciplinary sanctions should not issue;

2. Award Appellants their **fees, expenses, and costs** (\$1,025,225.55) incurred in litigating against the frivolous, bad faith, vexatious, manifestly factually and legally baseless claims of the SBGA, responding to Dkts. 45 & 46, and in preparing this motion; and

3. Enter any additional deterrent measures (including referral to the Georgia Bar and limitation of further filings without leave) that the Court deems just.

**E. Ancillary Relief.**

The Court should grant such other and further relief – including but not limited to the issuance of writs of execution, turnover orders under 11 USC §§ 541(a)(1), 542(a), and 28 U.S.C. § 1963, and referrals for criminal investigation where appropriate – as the interests of justice may require.

Finally, upon entry of default judgment, and the Joint Stipulated Final Money Judgment, (Dkt. 27) the Court should grant all necessary ancillary relief to ensure its judgment is not a hollow victory. This includes, but is not limited to, directing the striking of Dkts. 45 & 46, certifying the judgment as immediately enforceable under Federal Rule of Bankruptcy Procedure 8025(b), issuing writs of execution, entering turnover orders,[9] registering the judgment in other districts pursuant to 28 U.S.C. § 1963, and, given the record of fraud and crimes committed by the SBGA Appellees, their legal counsels, and the Supreme Court of Georgia, Office of the Chief Justice is clear, making referrals for criminal investigation and seeking a judicial requested criminal investigation be opened against the SBGA Appellees, their legal counsels, and the Supreme Court of Georgia, and its privies.

# C. Conclusion

The Appellants have carried their burden under Rule 201(c)(2) by providing irrefutable documentary proof of thirty (30) adjudicative facts that resolve every dispositive issue in this

---

[9] Pursuant to Judge Sand (SDNY) (deceased), 02cv2219 (SDNY) Aug. 13, 2003, Dkt. 65, (see JSAR Dkt. 5-13 on pages 43-45) court order finding that Appellee Kilpatrick, Townsend, & Stockton, LLP's clients, **_predatory unregistered broker-dealers_** had lied to and committed perjury on the 03-93031 Chapter 11 and 02cv2219 (SDNY) federal courts and in fact were "the beneficial owners of more than 9.9% of [the 03-93031 Chapter 11 Debtor, Appellant Group Management's] stock." **Which triggered 11 USC 542(a) turnover of +$522 million in predatory criminal usury profits and revenues extorted from the Chapter 11 estate by KTS' predatory clients**.

appeal. ***The law therefore commands (A) judicial notice***, (B) ***entry of default judgment in the stipulated amount***, and (C) ***the imposition of sanctions commensurate with the SBGA Appellees' willful disregard of both procedural and substantive obligations***.

WHEREFORE, for the foregoing reasons, Appellants respectfully pray that the Court enter an Order that:

1. **TAKES** mandatory judicial notice of the adjudicative facts previously identified by Appellants;

2. **SETS** an expedited hearing pursuant to FRE 201(e) within fourteen (14) days;

3. **STRIKES** the pleadings at Dockets 45 and 46 from the record;

4. **DIRECTS** the Clerk of the Court to enter default against all Appellees named in the Notice of Appeal and all other interested parties with actual notice;

5. **ENTERS** a final default money judgment, jointly, severally, and collectively, as an illegal association in fact as defined in 18 USC 1961(4), a continuing criminal enterprise, against all defaulting Appellees in the sum certain principal amount of **$5,222,500,000.00**;

6. **ORDERS** the Supreme Court of Georgia, SBGA counsels, William D. NeSmith, III, Patrick N. Arndt, and Michael D. Hostetter, as well as the firm of Nall & Miller, LLP, to show cause why severe ***personal monetary*** and disciplinary sanctions should not be imposed upon them pursuant to Rule 11(c), 28 U.S.C. § 1927, and the Court's inherent authority;

7. **AWARDS** Appellants their fees, expenses, and costs, in the amount of **$1,025,225.55**, incurred in litigating against the bad-faith conduct of the SBGA Appellees; and

8. **GRANTS** such other and further relief, including all necessary writs and referrals for investigation, as the Court deems just, proper, and necessary to enforce its judgment and protect the integrity of the judicial process.


Respectfully submitted this 8th day of July 2025.

/s/ Ulysses T. Ware

Attorney in fact for Appellants

**Exhibit A—Actual Notice served on the Supreme Court of Georgia, Office of the Chief Justice on June 23, 2025, regarding its agent and privy's ongoing Hobbs Act conspiracy to commit bankruptcy fraud, predatory unlawful, criminal usury, debt collection activities (18 USC 1961(6)(B)), fraud on the court, mail and wire fraud, extortion, perjury, and racketeering conspiracy to obstruct justice.**





PLAINTIFF'S
EXHIBIT
1

## Part 19, Doc. (02-C)

# THE OFFICE OF ULYSSES T. WARE

123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

Monday, June 23, 2025, 12:41:09 PM

**VIA UNITED STATES CERTIFIED U.S. MAIL, AND COURTESY COPY VIA ELECTRONIC MAIL TO WILLIAM D. NESMITH, III, NALL & MILLER, LLP, QBE INSURANCE CORP., JAMES TED TURNER, AND PATRICK N. ARNDT.**

The Honorable Chief Justice
Supreme Court of Georgia
Office of the Chief Justice
330 Capitol Avenue, S.E.
1st Floor, Suite 1100
Atlanta, Georgia 30334

**VIA ELECTRONIC MAIL**

Mr. Patrick Nash Arndt, Esq. (Alleged retained legal counsel)
Nall & Miller, LLP
235 Peachtree St., NE, Suite 1500
Atlanta, GA 30303-1418
*parndt@nallmiller.com*

Mr. William D. NeSmith, III, Esq. (via Patrick N. Arndt, Esq.)
Office of the General Counsel
The State Bar of Georgia
104 Marietta Street NW, Suite 100
Atlanta, GA 30303
*billn@gabar.org.com* (and any other known valid email for Mr. NeSmith)

Office of the Chief Justice (via Patrick N. Arndt and William D. NeSmith, Esq., officers of the court), and directly via U.S. mail.
Supreme Court of Georgia
330 Capitol Avenue, S.E.
1st Floor, Suite 1100
Atlanta, Georgia 30334

Page 1 of 4
Monday, June 23, 2025
(02-C) re: Cover Letter Re: Actual Notice served on the Supreme Court of GA, Office of the Chief Justice.

Tuesday, July 8, 2025
Part 19 Doc. (02-E.3F) Mandatory FRE 201(c)(2) Judicial Notice and FRE 201(e) demand to be heard.



## Part 19, Doc (02-B)

## THE OFFICE OF ULYSSES T. WARE

123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

Monday, June 23, 2025, 10:41:17 AM

**VIA ELECTRONIC MAIL**

Mr. Patrick Nash Arndt, Esq. (Alleged retained legal counsel)
Nall & Miller, LLP
235 Peachtree St., NE, Suite 1500
Atlanta, GA 30303-1418
*parndt@nallmiller.com*

Mr. William D. NeSmith, III, Esq. (via Patrick N. Arndt, Esq.)
Office of the General Counsel
The State Bar of Georgia
104 Marietta Street NW, Suite 100
Atlanta, GA 30303
*billn@gabar.org.com* (and any other known valid email for Mr. NeSmith)

Office of the Chief Justice (via Patrick N. Arndt and William D. NeSmith, Esq., officers of the
court), and directly via U.S. mail.
Supreme Court of Georgia
330 Capitol Avenue, S.E.
1st Floor, Suite 1100
Atlanta, Georgia 30334

**AND TO: THE STATE BAR OF GEORGIA APPELLEES (NAMELY, THE STATE BAR
OF GEORGIA, THE OFFICE OF GENERAL COUNSEL, PAULA FREDERICK, LEIGH
BURGESS, WILLIAM ALAN MYERS, ADRIENNE NASH, JENNY MITTLEMEN, AND
JONATHAN HEWETT), AND THEIR LIABILITY INSURANCE CARRIERS,
APPELLEES QBE INSURANCE CORPORATION AND CRUM & FORSTER
INSURANCE COMPANY (COLLECTIVELY, "SBGA APPELLEES")**
(Served via counsel Patrick N. Arndt, Esq. and William D. NeSmith, III, Esq.)

**RE: INDISPUTABLE PROOF OF SBGA APPELLEES' ACTUAL NOTICE OF THE 03-
93031 BANKRUPTCY PROCEEDINGS, THE INSTANT 25CV00613 APPEAL, AND
RELATED JUDICIAL PROCEEDINGS — MATTERS SUBJECT TO MANDATORY**

Page 1 of 15
Monday, June 23, 2025
(Part 19 (02-B)) re Actual notice definitive proof, FRE 201(c)(2) Mandatory Judicial Notice; and
Declaration of Appellants.

Tuesday, July 8, 2025
Part 19 Doc. (02-E.3F) Mandatory FRE 201(c)(2) Judicial Notice and FRE 201(e) demand to be heard.

## Exhibit B—The Parties' Joint Stipulated Proposed Final Order

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

---

## IN RE: GROUP MANAGEMENT CORP.,
### Debtor.
## ULYSSES T. WARE, *et al.*,
### Appellants,
### v.
## ALPHA CAPITAL, AG, *et al.*,
### Appellees.
## Case No. 1:25-cv-00613-MLB

## (On Appeal from the United States Bankruptcy Court for the Northern District of Georgia, Case No. 03-93031-WLH)

### ORDER GRANTING APPELLANTS' MOTION FOR MANDATORY JUDICIAL NOTICE, ENTRY OF DEFAULT JUDGMENT, AND SANCTIONS.

This matter is before the Court on "APPELLANTS' FRE 201(c)(2) MOTION FOR MANDATORY JUDICIAL NOTICE, AND RULE 201(e) DEMAND TO BE HEARD" (Dkt. ___), which this Court construes as a comprehensive Motion for Entry of Default, Default Judgment, Sanctions, and Other Relief. The Court has considered Appellants' Motion, the entire record (the meticulously prepared JSAR) of this appellate proceeding, and the underlying Bankruptcy Case No. 03-93031-WLH ("Bankruptcy Case"), the extensive judicially noticeable facts presented by Appellants, and the applicable law. For the reasons set forth in the following detailed Findings of Fact and Conclusions of Law, Appellants' Motion is **GRANTED** in its entirety.

## FINDINGS OF FACT

Pursuant to Federal Rule of Evidence 201(c)(2), this Court takes mandatory judicial notice of the following specific and particular adjudicative facts, each of which is not subject to reasonable dispute as it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, namely the official dockets and filings in the relevant federal court proceedings.

### A. Facts Establishing Universal Default by All Appellees

1. On May 23, 2025, Appellants timely filed their "NOTICE of Filing Appellant's Opening Appellate Brief" (Dkt. 41).

2. Pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), the deadline for any Appellee to file a responsive merits brief was thirty (30) days thereafter, on or before June 23, 2025.

3. A thorough review of the docket in this case as of the date of this Order reveals that not a single Appellee—including the State Bar of Georgia Appellees ("SBGA Appellees"), their principal the Supreme Court of Georgia, their insurers Appellees QBE Insurance Corp. and Crum & Forster Insurance Company, Appellee Kilpatrick Townsend & Stockton, LLP and its Appellee clients, Appellee, the Office of the U.S. Trustee, and Appellee Baker & McKenzie, LLP, et al.—has filed a responsive brief *that addresses the merits* of Appellants' appeal as required by Rule 8018(a).

4.  The only ultra vires, legally *incoherent filing* from any Appellee is the SBGA Appellees'
    "Special Appearance Brief" (Dkt. 45), ***which purported to exclusively raises a personal
    jurisdictional challenge and does not address the merits of the appeal***.[10]

**B.    Facts    Establishing    Manifold    Actual    Notice    to    the    SBGA    Appellees**

5. On August 4, 2022, Appellants filed Dkt. 180 in the Bankruptcy Case, explicitly designating

"The State Bar of Georgia" as an "interested party" and certifying service upon it. This document

expressly warned that a failure to object to this designation would result in waiver and collateral

estoppel.

6. On February 3, 2025, Appellants filed their timely Notice of Appeal (Dkt. 279, Bankr. Case),

which explicitly names each SBGA Appellee and their current counsel, Patrick N. Arndt, Esq.,

and Nall & Miller, LLP, as "Appellees/Respondents."

---

[10] Note that SBGA Appellees' counsel Mr. Patrick N. Arndt, Esq. (an officer of the court subject to the District Court (NDGA) and the GA Bar's Rules 3.3 and 8.4), who knowingly and fraudulently signed and certified both Dkt. 45 and Dkt. 46 pursuant to Rule 11(b)(1-4), while knowingly and in bad faith concealed and hid from the Court—a fraud on the court, the indisputable material fact, see Dkt. 180 (03-93031, 08/04/22), his clients (the SBGA Appellees via William D. NeSmith, III, Esq., an officer of the court subject to Rules 3.3 and 8.4) had actual notice in *2022* of their designation as "interested parties," in 03-93031. Moreover, neither Mr. NeSmith nor Mr. Arndt, both officers of the court, have not—and during a required ¶(m) meet and confer conference *indicated that he (Mr. Arndt) was not going to and had no intentions of,* formally appearing in 25cv00613 by filing the written entry of appearance required by the Local Rules District Court (NDGA) Rule 83.1(D)(1); and, accordingly, the District Court is not lawfully authorized to review or consider any aspect of Dkt. 45 and Dkt. 46, which requires the Clerk to strike both frivolous and fraudulent pleadings from the record. Moreover, because the SBGA Appellees did not appear in the 03-93031 Chapter 11 and contest their status as "interested parties" pursuant to Bankr. Rule 8009(e)(1), they waived and forfeited any right to contest personal jurisdiction in the 25cv00613 District Court sitting as an appellate court—*that is, there is no adverse order or decree entered by the 03-93031 Bankruptcy Court for the District Court to review on appeal*. Accordingly, the District Court lacks appellate jurisdiction over and to review Dkt. 45 and Dkt. 46, both being ultra vires and moot. See *Steel Co.*, 523 U.S. at 93-95; and *in pari materia* with *Lujan*, 504 U.S. at 560-61.

7. On February 10, 2025, the Clerk of the Bankruptcy Court issued and served its official "Imaged Certificate of Notice" (Dkt. 284, Bankr. Case), which lists by name each SBGA Appellee and their counsel, formally notifying them of their status as "Appellees" in this appeal.

8. In their own filing (Dkt. 45, p. 9), counsel for the SBGA Appellees judicially admits awareness of the Notice of Appeal by at least February 7, 2025.

9. In that same filing (Dkt. 45, p. 15), counsel for the SBGA Appellees judicially admits receipt of "several dozen emails from Appellant's counsel," confirming a continuous stream of actual notice.

## C. Facts Establishing Waiver by Inaction by the SBGA Appellees

10. Following receipt of actual notice of their designation as "interested parties" via Dkt. 180 in August 2022, the SBGA Appellees filed no objection, no motion to dismiss, and no request for declaratory judgment in the Bankruptcy Court to contest that status or challenge personal jurisdiction.

11. The SBGA Appellees failed to utilize the exclusive remedy provided by Federal Rule of Bankruptcy Procedure 8009(e)(1) to settle or correct the record regarding their status before the Bankruptcy Court.

## D. Facts Establishing Sanctionable Conduct by the SBGA Appellees and Their Counsel in this Court

12. On June 13, 2025, counsel for the SBGA Appellees filed two pleadings, Dkt. 45 and Dkt. 46, that are predicated upon mutually exclusive and diametrically opposed—incoherent, legal premises. On the one hand, Dkt. 45 claims they are "non-parties" over whom the Court lacks

personal jurisdiction, while on the other hand, Dkt. 46 seeks sanctions under Federal Rule of Bankruptcy Procedure 8020(a), a remedy available only **"to the appellee"—that is, a party to the proceedings over which the Court has personal jurisdiction.**

13. The Motion for Sanctions (Dkt. 46) was filed objectively in bad faith, filed frivolously and prematurely, before this Court made the prerequisite finding that the appeal is "frivolous," in direct violation of the mandatory sequence established by the plain text of Rule 8020(a).

14. The Motion for Sanctions (Dkt. 46) contains no ***sworn factual allegations*** or legal arguments sufficient to establish the "irreducible constitutional minimum" of Article III standing, specifically a concrete, non-self-inflicted "injury in fact." The SBGA Appellees, interested parties, have not filed any sworn declarations in this Court or the Bankruptcy Court detailing how they have been ***actually injured by the Appellants'*** prosecuting this appeal. See *Lujan*, 504 U.S. at 560-61.

15. Counsel for the SBGA Appellees, Patrick N. Arndt, Esq., had not, as of the filing of Dkts. 45 and 46, entered a formal, written Entry of Appearance on behalf of each SBGA Appellee, in contravention of the immediate duty imposed by Local Rule 83.1(D)(1) of this Court; and has stated that ***he does not*** intend to formally appear in the 25cv00613 District Court on **behalf of the SBGA Appellees or Nall & Miller, LLP**.[11]

### E. Facts Establishing a Liquidated Sum Certain for Default Judgment

16. Appellants have consistently referenced, incorporated, and filed documents in the record, including "The Parties' Joint Declaration and Stipulation" (Dkt. 19-4), establishing a sum certain

---

[11] The SBGA and Nall & Miller, LLP both being artificial entities can only appear in the District Court ***through admitted counsel***—neither is permitted to appear pro se.

for actual damages of **$5,222,500,000.00**. This figure was placed before all defaulting Appellees in the context of this appeal, and no Appellee has filed a responsive merits brief contesting this figure, the underlying liability, or their responsibility for payment.

## CONCLUSIONS OF LAW

### A. Mandatory Judicial Notice (FRE 201)

17. Because Appellants have requested judicial notice and supplied the Court with the necessary information from official court dockets, filed pleadings, and other sources whose accuracy cannot reasonably be questioned, this Court **must** take judicial notice of the foregoing Findings of Fact pursuant to FRE 201(c)(2). The facts are not subject to reasonable dispute, and no discretionary weighing of their evidentiary reliability is required or permitted.

### B. Irrevocable Waiver and Forfeiture of Personal Jurisdiction

18. The doctrine of personal jurisdiction "represents a restriction on judicial power ... as a matter of individual liberty" ***and is therefore a waivable, personal right***. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

19. In bankruptcy proceedings, a party who receives **actual notice** is "'charged . . . with a duty to act' to protect its interests." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272-73 (2010). A failure to fulfill this duty by timely objecting to alleged defects in personal jurisdiction or service constitutes a forfeiture of that waivable right. *Id.* at 275-76.

20. Based on the judicially noticed facts of comprehensive actual notice (Facts 5-9), all Appellees, including the SBGA Appellees, ***had a duty to act*** in the Bankruptcy Court and/or timely in this

appellate proceeding. Their failure to do so results in a conclusive waiver and forfeiture of all personal jurisdiction and service-related defenses they now seek to raise.

## C. Universal Default and its Dispositive Consequences

21. The unanimous failure of all Appellees to file a responsive merits brief constitutes a default under Federal Rule of Bankruptcy Procedure 8018(a).

22. Pursuant to Eleventh Circuit precedent, where such default is the result of "bad faith indifference" and causes "substantial harm" and prejudice to the appellant, dispositive relief is warranted. *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667-68 (11th Cir. 1985).

23. Based on the judicially noticed facts of repeated actual notice and subsequent inaction (Facts 1-9), *this Court concludes that the Appellees' default rises to the level of bad faith indifference*, causing substantial prejudice to Appellants by obstructing the resolution of this appeal and satisfaction of the asserted debt. Therefore, treating the appeal as submitted on Appellants' brief and entering a default judgment is the only proportionate and appropriate remedy.

## D. Sanctionable Bad-Faith Conduct by the SBGA Appellees and Their Counsel

24. The simultaneous filing of two mutually exclusive pleadings (Dkt. 45 and Dkt. 46) constitutes a *per se* violation of Federal Rule of Civil Procedure 11(b), as no reasonable inquiry by a competent lawyer could support certifying two diametrically opposed legal and factual positions. This act, coupled with the material omission of dispositive facts regarding actual notice, **represents an egregious pattern of bad-faith conduct designed to perpetrate a fraud on this Court.**

25. This conduct is sanctionable under this Court's **inherent power** (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)), **28 U.S.C. § 1927** (against counsel personally for vexatiously multiplying the proceedings), and **Federal Rule of Civil Procedure 11(c)**.

### E. Propriety of Default Judgment for a Sum Certain Under Rule 55(b)(1)

26. Where a party is in default and the claim is for a "sum certain or a sum that can be made certain by computation," Federal Rule of Civil Procedure 55(b)(1) authorizes the entry of judgment for that amount.

27. Based on the judicially noticed fact, Dkt. 19-4, that Appellants have established a sum certain of $5,222,500,000.00 in the record via stipulation (Fact 16), which has not been contested by any defaulting Appellee, entry of judgment in this amount is proper.

### ORDER

For the foregoing reasons, it is hereby **ADJUDGED, ORDERED, AND DECREED** as follows:

1. Appellants' Motion for Mandatory Judicial Notice, Entry of Default Judgment, and Sanctions (Dkt. 42) is **GRANTED**.

2. The Court **TAKES** mandatory judicial notice of the foregoing Findings of Fact. The request for a hearing under FRE 201(e) is **DENIED AS MOOT**, as no party has presented a credible basis to oppose judicial notice of these record-based facts.

3. The "Special Appearance Brief of State-Bar Non-Parties" (Dkt. 45) and the "Special Appearance Motion for Sanctions of Non-Parties" (Dkt. 46) are hereby **STRICKEN** from the record as frivolous, procedurally improper, and filed in bad faith.

4. The Clerk of the Court is **DIRECTED** to enter **DEFAULT** against all Appellees named in the Notice of Appeal (Dkt. 1) and all other interested parties with actual notice of these proceedings.

5. Pursuant to Fed. R. Civ. P. 55(b), a **FINAL DEFAULT JUDGMENT** is hereby **ENTERED,** jointly, severally, and collectively, against all defaulting Appellees, found to be an illegal association-in-fact as defined in 18 U.S.C. § 1961(4) and a continuing criminal enterprise, in favor of Appellants Ulysses T. Ware and Group Management, in the sum certain amount of **$5,222,500,000.00**. This judgment is certified as immediately enforceable under Federal Rule of Bankruptcy Procedure 8025(b).

6. The Supreme Court of Georgia (as principal), SBGA counsels William D. NeSmith, III, Patrick N. Arndt, and Michael D. Hostetter, as well as the firm of Nall & Miller, LLP, are **ORDERED TO SHOW CAUSE** in writing within fourteen (14) days of the entry of this Order why severe personal monetary and disciplinary sanctions should not be imposed upon them pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and the Court's inherent authority.

7. Appellants are hereby **AWARDED** their reasonable fees, expenses, and costs in the amount of **$1,025,225.55**, to be paid jointly and severally by the SBGA Appellees, William D. NeSmith, III, Patrick N. Arndt, and Nall & Miller, LLP, for their bad-faith conduct.

8. This Court **GRANTS** such other and further relief, including all necessary writs of execution, turnover orders, and referrals for criminal investigation based upon the extensive record of fraud presented, as the Court deems just, proper, and necessary to enforce its judgment and protect the integrity of the judicial process.

**SO ORDERED** this _____ day of July, 2025.

_____
**THE HONORABLE MICHAEL L. BROWN**
**UNITED STATES DISTRICT JUDGE**

# [End of  document]

**Ware, et al. v. Alpha Capital, AG, et al.**

**25cv00613 (NDGA)**

**Contents:**

**1--(02-E.3F) FRE 201(c)(2) Motion for Judicial Notice and Demand for FRE 201(e) Oral Argument to be Heard.**

**2. Ex. 1—Filing Memo**

**3. Ex. 2—Actual Notice of Adverse Consequences**

**4. Ex. 3—Joint Stipulation and Declaration of No Opposition.**

Filed on July 8, 2025

/s/ Ulysses T. Ware



RDC 03    0 Lb 9.80 Oz    S2324K504957-02



# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

EXPECTED DELIVERY DAY: 07/11/25

## USPS TRACKING® #



9505 5141 9263 5189 8814 37

TRACKED · INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PAPER POUCH
how2recycle.info

07-08-25

# UNITED STATES POSTAL SERVICE ®

# PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FRE 201(C)(2) Motion

FROM:
The Office of Ulysses T. Wave
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

TO:
The Office of the District Clerk
U.S. District Court (ND GA)
Richard B. Russell U.S. Courthouse

75 Ted Turner Dr., SW
Atlanta, GA 30303

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE