Exhibit 3
Part 19, Doc. (02-E.3G)
Filed on Tuesday, July 8, 2025, 8:59:48 AM, via email to Chamber and U.S. Mail

## Case No. 25-cv-00613-MLB



### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

In re:
**GROUP MANAGEMENT CORP.,**
a/k/a IVG Corp.,
Debtor.

**ULYSSES T. WARE,** and
**GROUP MANAGEMENT,**
Appellants,

v.

**ALPHA CAPITAL, AG,**
**STONESTREET, L.P.,**
**MARKHAM HOLDINGS, LTD.,**
**AMRO INTERNATIONAL, S.A., QBE INSURANCE CORP, CRUM &**
**FORSTER INSURANCE COMPANY,**
et al.,
Appellees.

On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia (Atlanta Division),
Case No. 03-93031-BEM (Hon. Barbara Ellis-Monro)

**(Docket Text): THE PARTIES' JOINT STIPULATION AND DECLARATION OF NO OPPOSITION TO APPELLANTS' FRE 201(c)(2) MOTION FOR MANDATORY JUDICIAL NOTICE (PART 19 DOC. 02-E.3F).**

Filed on behalf of Appellants,
Ulysses T. Ware and Group Management

Dated: July 8, 2025, 8:59:48 AM
Brooklyn, New York

Respectfully submitted,

/s/ Ulysses T. Ware

Ulysses T. Ware
Attorney in Fact for Appellants
Ulysses T. Ware and Group Management, 11 USC 1109(b) statutory parties in interest
The Office of Ulysses T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

## THE PARTIES' JOINT STIPULATION AND DECLARATION OF NO OPPOSITION TO APPELLANTS' FRE 201(c)(2) MOTION FOR MANDATORY JUDICIAL NOTICE (PART 19 DOC. 02-E.3F).

Pursuant to 28 U.S.C. § 1746, I, Ulysses T. Ware, having personal knowledge of the facts set forth herein, do hereby this 8th day of July 2025, in Brooklyn, NY, declare and state under penalty of perjury on behalf of Appellants Ulysses T. Ware and Group Management ("Appellants"), and based upon the conclusive default and failure to respond by the Appellees as detailed herein, that the following facts are deemed jointly, severally, and collectively stipulated, admitted, and conceded to by Appellants and all Appellees named in the Notice of Appeal (Dkt. 279, Case No. 03-93031-WLH) and all other parties in interest with actual notice of these proceedings (hereinafter, the "Stipulating Appellees"), including but not limited to the State Bar of Georgia Appellees, William D. NeSmith, III, Esq., Patrick N. Arndt, Esq., Nall & Miller, LLP, Kilpatrick Townsend & Stockton, LLP and its clients, the Office of the U.S. Trustee, Baker & McKenzie, LLP, Lawrence B. Mandala, Esq., Robert H. Albaral, Esq., QBE Insurance Corp., and Crum & Forster Insurance Company:

### PREDICATE FOR JOINT STIPULATION BY DEFAULT

On July 7, 2025, Appellants prepared for filing and served upon all Stipulating Appellees the "APPELLANTS' FRE 201(c)(2) MOTION FOR MANDATORY JUDICIAL NOTICE, AND RULE 201(e) DEMAND TO BE HEARD" (Part 19 Doc. 02-E.3F). The cover letter to said Motion (Part 19 Doc. 02-E.3F-CL) provided actual notice to all Stipulating Appellees of their right under FRE 201(e) to request a due process hearing to contest the judicial notice of the thirty (30) adjudicative facts detailed therein. The deadline for any Appellee to register their opposition or state their intent to seek such a hearing was set for **Monday, July 7, 2025, by 3:30 PM EDT**. As

of the time of this declaration, July 8, 2025, that deadline has passed, and no Appellee has responded or lodged any opposition.

This willful silence in the face of a formal demand and opportunity to be heard constitutes a knowing, voluntary, and irrevocable waiver and forfeiture of all rights to oppose the Motion. Accordingly, the following facts are now established by joint stipulation through default.

## JOINTLY STIPULATED DECLARATION OF FACTS

**Fact #1:** All Stipulating Appellees received actual notice of Appellants' Motion for Mandatory Judicial Notice (Part 19 Doc. 02-E.3F) and the deadline of Monday, July 7, 2025, at 3:30 PM EDT, to register any opposition or request a hearing pursuant to FRE 201(e).

**Fact #2:** No Stipulating Appellee registered any opposition or requested a FRE 201(e) hearing by the specified deadline.

**Fact #3:** By their default and failure to respond, all Stipulating Appellees have conceded, stipulated, and admitted that they have no good-faith basis in law or fact to oppose the Court taking mandatory judicial notice of the thirty (30) adjudicative facts enumerated in Appellants' Motion (Part 19 Doc. 02-E.3F).

**Fact #4:** All Stipulating Appellees have knowingly, voluntarily, and irrevocably waived their right to be heard under FRE 201(e) regarding the propriety of the Court taking judicial notice of said facts.

**Fact #5:** It is now a stipulated and admitted fact that all Appellees received constitutionally sufficient actual notice of the underlying Bankruptcy Case (03-93031) and the instant appeal

(25cv00613), thereby triggering their "duty to act" under *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

**Fact #6:** It is now a stipulated and admitted fact that all Appellees, by failing to timely appear, object, or file responsive merits briefs, have waived and forfeited any and all objections to this Court's personal jurisdiction, service of process, and their status as appellees.

**Fact #7:** It is now a stipulated and admitted fact that the SBGA Appellees' jurisdictional challenge (Dkt. 45) and motion for sanctions (Dkt. 46) were filed in bad faith, are objectively legally and factually frivolous, and constitute a sanctionable abuse of the judicial process.

**Fact #8:** It is now a stipulated and admitted fact that the SBGA Appellees, by filing Dkt. 46 and invoking Rule 8020(a), have made a binding judicial admission of their status as "appellees," thereby mooting the entirety of Dkt. 45.

**Fact #9:** It is now a stipulated and admitted fact that the SBGA Appellees lack Article III standing to seek the affirmative relief requested in Dkt. 46 because any alleged injury they claim to have suffered is self-inflicted.

**Fact #10:** It is now a stipulated and admitted fact that an illegal association-in-fact, constituting a continuing criminal enterprise as defined in 18 U.S.C. § 1961(4), has operated and continues to operate, consisting of, *inter alia*, the SBGA Appellees, the Supreme Court of Georgia (as principal and in privy), Nall & Miller, LLP, QBE Insurance Corp., Crum & Forster Insurance Company, the 02cv2219 (SDNY) plaintiffs, ***predatory unregistered broker-dealers*** (See JSAR Dkt. 5-13 on page 48) attempting to collect and enforce predatory, criminal usury, unlawful debts, GX 1-4, and contracts, GX 5, in violation of the Hobbs Act, 18 USC § 1951(a), NYS Penal Law, section 190.40,

the criminal usury law, a class E felony, and federal loan sharking and racketeering laws, 18 USC §§ 2, 156-57, 371, 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1512, 1519, 1951(a), 1956-57, 1961(6)(B), and 1962(a-d), and other Appellees.

**Fact #11:** It is now a stipulated and admitted fact that the purpose of this predatory, loan sharking and money laundering criminal enterprise was and is to engage in a pattern of racketeering activity to conceal prior crimes and to continue the enforcement and collection of predatory, criminal usury, unlawful debts (GX 1-4) and to protect the illegal contracts (GX 5) that were introduced into the Bankruptcy Case by Kilpatrick, Townsend & Stockton, LLP. JSAR 25cv00613 (NDGA) Dkt. 5-2, 5-4, 5-5, and 5-6.

**Fact #12:** It is now a stipulated and admitted fact that a core overt and predicate act of this Hobbs Act criminal enterprise was the deliberate, intentional, and knowing fabrication and use by the SBGA and the Supreme Court of Georgia, ***an illegal association in fact, a continuing criminal enterprise***, of an purported ***Fraudulent Affidavit of Personal Service*** dated January 15, 2007, to create a false and fraudulent jurisdictional predicate for the null and void ab initio disbarment of Appellant Ulysses T. Ware—*as a retaliatory Hobbs Act Jim Crow racially-motivated hate crime perpetrated by the SBGA Appellees and their legal counsel, Nall & Miller, LLP, et al.*

**Fact #13:** It is now a stipulated and admitted fact that the use of this Fraudulent Affidavit in an official state disciplinary proceeding constituted an act of **Hobbs Act extortion under color of official right** (18 U.S.C. § 1951(a)). For which Appellant Ulysses T. Ware suffered actual and special damages in the sum certain amount of $2.225 billion.

**Fact #14:** It is now a stipulated and admitted fact that the filing of Dkts. 45 and 46 in the 25cv00613 District Court Appeal constitutes a recent overt and predicate act in furtherance of the ongoing

conspiracy to obstruct justice by concealing the prior frauds, hampering, obstructing, delaying, and preventing judicial review of the underlying criminal conduct committed by the SBGA Appellees, and the Appellees in general.

**Fact #15:** It is now a stipulated and admitted fact that the collective conduct of the criminal enterprise, in totality, including the acts of fraud on the court, extortion, mail fraud, and wire fraud, constitutes a "pattern of racketeering activity" in violation of, *inter alia*, **18 U.S.C. §§ 2, 156-57, 371, 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1512, 1519, 1951(a), 1956-57, 1961(6)(B), and 1962(a-d).**

**Fact #16:** It is now a stipulated and admitted fact that all defaulting Appellees are jointly, severally, and collectively liable to Appellants for the actual, special, and punitive damages stemming from this pattern of racketeering activity.

**Fact #17:** It is now a stipulated and admitted fact that the quantum of actual damages owed to the Appellants by the Appellees is a sum certain in the principal amount of **$5,222,500,000.00**, as established by the uncontested "The Parties' Joint Declaration and Stipulation" (Dkt. 19-4) filed in this appeal.

**Fact #18:** It is now a stipulated and admitted fact that the conduct of the SBGA Appellees and their counsel is sanctionable under Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, and the Court's inherent power.

**Fact #19:** It is now a stipulated and admitted fact that an award of Appellants' fees, expenses, and costs in the sum certain principal amount of **$1,025,225.55, personally, owed by Patrick N.**

**Arndt and William D. NeSmith, III,** is reasonable and warranted as a sanction for the SBGA Appellees' bad-faith conduct.

**Fact #20:** It is now a stipulated and admitted fact that all relief requested by Appellants in their "Motion for Mandatory Judicial Notice, Entry of Default Judgment, and Sanctions" (Part 19 Doc. 02-E.3F), including the striking of Dkts. 45 and 46, entry of default judgment, imposition of sanctions, and referrals for criminal investigation, is warranted and unopposed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, particularly as it pertains to the service of notices upon the Appellees and their subsequent failure to respond by the stated deadline.

Executed on this 8th day of July, 2025, in Brooklyn, New York.

/s/ Ulysses T. Ware
Ulysses T. Ware

Appellant and Attorney-in-Fact for Appellant Group Management

## [End of document]