**Part 19 Doc. 02-E.2A.**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUL 1 5 2025

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

**Filed to Chambers via email and via U.S. mail to the Court on Sunday, June 29, 2025, and served again on July 10, 2025.**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ·ATLANTA DIVISION

---

**IN RE: GROUP MANAGEMENT CORP.,**
Debtor.

---

**ULYSSES T. WARE, et al.,**
Appellants,
v.
**ALPHA CAPITAL, AG, QBE INSURANCE CORP., CRUM & FORSTER INSURANCE COMPANY, AND THE SBGA APPELLEES, et al.,**
Appellees.

---

Case No. 1:25-cv-00613-MLB
(On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia, Case No. 03-93031-WLH)

---

**[Docket Text] (I) APPELLANTS' MEMORANDUM OF LAW RESPONSE IN OPPOSITION TO THE SBGA APPELLEES' RULE 8020 MOTION FOR SANCTIONS (DKT. 46), and (II) APPELLANTS' MOTION FOR MANDATORY FRE RULE 201(c)(2) JUDICIAL NOTICE, AND RULE 201(e) RIGHT TO BE HEARD IN ORAL ARGUMENT.**

Respectfully submitted,

*/s/ Ulysses T. Ware*

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in fact for the Appellants

Page **1** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants'
FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be heard in Oral Argument.

# Table of Contents

(PART I) A.    REQUESTED RELIEFS. .................................................................................................. 3

II. A GRANULAR ANALYSIS OF FEDERAL RULE OF BANKR. PROC. 8020(a). ......................... 6

    Rule 8020. Frivolous Appeal and Other Misconduct. ........................................................................ 6

        A. The Conditional Prerequisite: "If... determines that an appeal is frivolous..." ......................... 7

        B. The Procedural Sequence: "then, after a separate motion is filed..." ....................................... 7

III. DKT. 46 IS AN IRREVOCABLE JUDICIAL ADMISSION OF "APPELLEE" STATUS. ........ 8

IV. CONSEQUENCES OF THE JUDICIAL ADMISSION: MOOTNESS OF DKT. 45 AND
SANCTIONABLE CONDUCT. ................................................................................................................. 9

(PART II) V. Appellants' Motion for Rule 201(c)(2) Dispositive Adjudicative Facts for which the
Court is required to take mandatory FRE 201(c)(2) judicial notice and request for Rule 201(e)
Right to be Heard in Oral Argument. ................................................................................................... 13

Certificate of Service. ................................................................................................................................ 17

Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants'
FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

## (PART I) A.    REQUESTED RELIEFS.

Appellants request that the Court withhold any Article III judicial review or adjudication of the ***manifestly frivolous and fraudulent*** Dkt. 46 (see GA Bar Rules 3.3 (duty of complete candor to the court) and 8.4, (regarding fraud, deceit, misrepresentation, and deception) :

I.    such time as the Court rules the Appellants' Opening Brief, Dkt. 41, is "frivolous" as required by Bankr. Rule 8020(a),[1]

II.    until such time as the Court takes mandatory FRE 201(c)(2) and addresses Appellees Rule 201(e) demand to be heard on the issues, judicial notice that the SBGA Appellees have judicially admitted that they had actual notice of the 03-93031 proceedings (see actual notice, Dkt. 180, 08.02/22; also see judicial admission of actual notice, Dkt. 45 p. 9 and p. 15—***judicial admission by Appellees' counsel***, Patrick N. Arndt, Esq. and an egregious violation of District Court and GA Bar Rules of Ethics, Rules 3.3 and Rule 8.4)),[2]

III.    until such time as the SBGA Appellees' legal counsel, purported to be Patrick N. Arndt, Esq. and William D. NeSmith, III, Esq., ***formally appear*** in the District Court by filing the required Local Rules District Court (NDGA) Rule 83.1(D)(1) written entry of appearance,

---

[1] See Section II(A), infra. The Court is ***first required*** to have made a finding on the record that the Appellants' Opening Brief, Dkt. 41, is "frivolous" only then is the "appellee" authorized to file a Rule 8020(a) motion for sanctions--not until an order or ruling has been entered on the record, on the alleged frivolity of Appellants' Opening Brief. Note that to seek Rule 8020(a) sanctions, Dkt. 46, Appellees have voluntarily consented, judicially admitted, and conversely, subjected themselves to the ***personal jurisdiction*** of the Court, thus, voluntarily self-mooting Dkt. 46 as a matter of law. See the Supreme Court's decision explaining that the doctrine of personal jurisdiction "represents a restriction on judicial power ... as a matter of individual liberty" ***and is therefore a waivable, personal right***. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

[2] See Section V, infra.

Page **3** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

**IV.**     until such time as required by *Steel Co*., 523 U.S. at 93-95[3] read *in pari material* with

*Lujan*, 504 U.S. at 560-61, each SBGA Appellee and their legal counsel ***formally appear***

in the District Court and affirmatively establish each element of Article III standing.[4]

**V.**      Appellants' are requesting that the Court forthwith set this matter down for the required

*Steel Co*., 523 U.S. at 93-95 **Show Cause Rule 12(h)(3) Article III Standing** *evidentiary*

***hearing[5]*** where each SBGA Appellee, personally and individually, as the movant in Dkt.

---

[3] Article III standing must be established by the movant [the SBGA Appellee] "first" before the Court is lawfully authorized to proceed to the merits of the cause or matter [Dkt. 45 and Dkt. 46]" (paraphrased).

[4] That is, that ***each*** SBGA Appellee must ***personally and individually*** establish that each has actually suffered "a particularized, concrete, ***injury in fact***, caused by the Appellants, that was not self-inflicted, which is redressable by the court" (paraphrased). Id. Palpably, on the one hand, to appear in the District Court and attempt to establish Article III standing, and on the other hand, the SBGA Appellees as a matter of law, ***must voluntarily consent to personal jurisdiction***, thus, mooting their own manifestly frivolous, schizophrenic, "incoherent" and unintelligible purported Motion for Sanctions, Dkt. 46, which is required to be stricken from the record, see L.R. District Court (NDGA) 83.1(D)(1).

[5] Which requires a remand to the 03-93031 Bankruptcy Court in the first instance to establish Article III standing. *Steel Co*., 523 U.S. at 93-95, and see *Lujan*, 504 U.S. at 560-61. However, the SBGA Appellees have already through counsel, see Dkt. 45 at p. 9 and p. 15, judicially admitted to having actual notice of the underlying 03-93031 and this proceedings; thus, ipso facto, as a matter of law and fact, (i) the SBGA Appellees had actual notice, (ii) waived all rights to challenge personal jurisdiction, (iii) violated the District Court (NDGA) and the GA Bar's Ethics Rules 3.3 (duty of complete candor the court) and 8.4 (misrepresentation, fraud, deceit, and deception), and (iv) have yet to come forth, set the record straight, and make a full confession that as of Aug. 4, 2022, see Dkt. 180 (03-93031) the SBGA Appellees were designated as "interested parties" in 03-93031, *and were actually and constructively served with actual notice via their legal counsel William D. NeSmith, III, Esq., and officer of the court subject to Rules 3.3 and 8.4, which is he currently in criminal violation thereof*—that is, Dkt. 45 and Dkt. 46, are overt and predicate acts in furtherance in the ongoing conspiracy to obstruct justice, commit bankruptcy fraud, and aid, abet, enable, and assist the continued collection activities in regard to the predatory, criminal usury, unlawful debts, GX 1-4, and contract, GX 5, in violation of the federal loan sharking and money laundering laws, 18 USC §§ 2, 156-57, 371, 401(3), 924(C), 1201-02, 1341, 1343, 1344, 1503, 1512, 1519, 1951(a), 1956-57, 1958-59, 1961(6)(B), 1962(a-d), and 2071(a), (b), a pattern of racketeering activities, committed by the SBGA Appellees, their legal counsels, Appellee KTS, **their predatory unregistered broker-dealer clients**, Appellees QBE Insurance Corp., Crum & Forster Insurance Company, and other Appellees (**Alexander H. Southwell, Esq**., **Marlon G. Kirton**, Esq., **Michael H. Dolinger, Esq.,** and **Jeffrey B. Norris** (a/k/a J/ Blair Norris, Esq.)), and others both known and unknown an illegal association in fact, as defined in 18 USC § 1961(4), *a continuing criminal enterprise.*

Served on June 29, 2025 and again on July 10, 2025

Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

46 requesting judicial relief from the Court, is required to come forth, having the burden

of production and proof, and *affirmatively establish, with competent evidence—that is,*

*sworn affidavits or declarations,* each *factual element* of Article III standing to have filed

Dkt. 45 and Dkt. 46.[6] See *Lujan*, 504 U.S. at 560-61.

**VI.**    That the Court take mandatory FRE 201(c)(2) judicial notice of the ten (10) dispositive

adjudicative facts which (i) the Appellants requested, and (ii) are supported by facts that

are not subject to reasonable, nonfrivolous dispute, and whose accuracy can be readily

determined from judicial court records (Dkt 180, 03-93031) (proof of actual notice), and

Dkt. 45 p. 9 and p. 15 (counsel's judicial admission).


## I. INTRODUCTION.

This Memorandum of Law  Part 19 Doc. 02-E.2A is submitted by Appellants in opposition

to the SBGA Appellees' premature and manifestly frivolous Motion for Sanctions, Dkt. 46. It

provides a granular analysis of Federal Rule of Bankruptcy Procedure 8020(a), the very rule under

which the SBGA Appellees have moved for sanctions against Appellants in their *manifestly*

*frivolous, fraudulent, and ultra vires* "Special Appearance Motion for Sanctions of Non-Parties"

(Dkt. 46).

A meticulous, textualist deconstruction of Rule 8020(a) reveals that the SBGA Appellees,

by the very act of invoking this specific rule, have made an **irrevocable and binding judicial**

---

[6] Appellants respectfully reminds that the District Court that it is sitting as an *appellate court in review* of orders, judgments, or decrees of the 03-93031 Bankruptcy Court, not as a general trial court having jurisdiction to determine Article III standing and personal jurisdiction, matter that were required to have been raised in the Bankruptcy Court, see Bankr. Rule 8009(e)(1), and thus, have been waived as a matter of law. *Which palpably will be reviewed by a higher court as a constitutional legal error*.

Page **5** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

**admission** of their status as **"appellees"** in this proceeding. This admission stands in direct, fatal contradiction to the central premise of their "Special Appearance Brief of State-Bar Non-Parties" (Dkt. 45), wherein they assert they are "non-parties" over whom this Court lacks personal jurisdiction. This ***self-inflicted contradiction*** not only moots the entirety of Dkt. 45 but also exposes both Dkt. 45 and Dkt. 46 ***as manifestly frivolous, bad-faith, fraudulent filings designed to perpetrate a fraud upon this Court***.

## II. A GRANULAR ANALYSIS OF FEDERAL RULE OF BANKR. PROC. 8020(a).

Federal Rule of Bankruptcy Procedure 8020(a) provides **a specific**, **conditional**, and **sequential** process for awarding sanctions only to an "***appellee***" then only for ***a "frivolous appeal*.**" Its precise language is not suggestive but prescriptive. The full text reads:

### Rule 8020. Frivolous Appeal and Other Misconduct

(a) **Frivolous Appeal; Damages and Costs.** *If* the district court or BAP [first] ***determines***[7] that ***an appeal is frivolous***, ***then after a separate motion is filed*** or the court gives notice and a reasonable opportunity to respond, it may award ***just damages*** and single or double costs ***to the appellee.***

Each phrase in this rule carries *independent* legal significance that the SBGA Appellees have ***willfully misrepresented*** in their filings in violation of GA Bar Rules 3.3 and 8.4.

---

[7] Which requires the District Court to have subject matter jurisdiction over the issues and subject matter of the appeal (i.e., the predatory criminal usury unlawful debts, GX 1-4 and GX 5), see *Steel Co*., 523 U.S. at 93-95.

**A. The Conditional Prerequisite: "If... determines that an appeal is frivolous..."**

The word **"if"** establishes a *condition precedent*. The entire mechanism of Rule 8020(a) is inoperative unless and until the appellate court—in this case, the District Court—*first* undertakes an analysis and makes a substantive **"determination[]"** that the appeal [Dkt. 41] is, in fact, "frivolous." **This is a threshold judicial finding**. The SBGA Appellees' Dkt. 46 improperly puts the cart before the horse, demanding sanctions before the Court has made any such *threshold determination*. This procedural error, while significant, *pales in comparison to their dispositive judicial admission in identifying themselves as the party eligible for relief* in Dkt. 46.

**B. The Procedural Sequence: "then, after a separate motion is filed..."**

The word **"then"** establishes a mandatory temporal sequence. *Only after* the Court makes the prerequisite threshold determination of frivolousness does the next step—a motion for sanctions—**become procedurally ripe**. The phrase **"after a separate motion is filed"** confirms that *the request for sanctions must be a distinct procedural event that follows, not precedes, the Court's substantive finding on the merits of the appeal's frivolousness*. **The SBGA Appellees' filing of Dkt. 46 *before* any such frivolity determination by this Court *renders their motion bad faith, manifestly and objectively frivolous, premature, ultra vires, procedurally frivolous, improper and moot on its face***. Ipso facto, violation of Fed. R. Civ. P. 11(b)(1-4) and 28 USC § 1927.

**C. The Designated Beneficiary of Relief: *"...it may award just damages ... to the appellee."***

This final clause is the most critical and damning for the SBGA Appellees' perilous legal position. *The rule is exceptionally precise about who is eligible to receive an award of sanctions under this provision*. The language does not state that the court may award damages to a "non-

Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

party," to an "aggrieved entity," or to a "person burdened by the appeal." ***It explicitly and restrictively designates the beneficiary of any award as "the appellee."***

i.  **"The Appellee" as a Term of Art:** In the context of any appeal, the term "appellee" has a specific, non-ambiguous legal meaning: it is the party who prevailed in the lower court or ***who is an interested party*** (see Dkt. 180:03-93031)[8] affected by an order being appealed, and against whom the appeal is taken; the party who has an interest in defending the lower court's judgment. It is a defined status, not a general description.

ii. **No Other Party is Authorized Relief:** By drafting the rule with such specificity, the rule makers deliberately excluded any other type of entity from seeking damages for a frivolous appeal under this particular rule. A "non-party," as fraudulently claimed by the SBGA Appellees in Dkt. 45 by definition, cannot be an "appellee." The two statuses are mutually exclusive.

## III. DKT. 46 IS AN IRREVOCABLE JUDICIAL ADMISSION OF "APPELLEE" STATUS.

The doctrine of judicial admission holds that a party is bound by its deliberate, clear, and unequivocal factual assertions or legal positions taken in its pleadings, motions, or in open court. *See, e.g., Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006). A party cannot "play fast and loose with the courts" ***by asserting contradictory positions to suit its tactical advantages***.

---

[8] Note that the JSAR does not contain any record of the SBGA Appellees appearing in the Bankruptcy Court and challenging their designation as interested parties; nor has the SBGA Appellees filed in this Court any sworn declarations or affidavits disclaiming or denying "interested party" status, or actual notice. Accordingly, Dkt. 46 is moot as a matter of law under the principle of equitable estoppel, deliberate and negligent waiver, *Espinosa*, 559 U.S. at 279.

Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

When the SBGA Appellees and their counsel, Nall & Miller, LLP, and Patrick N. Arndt, Esq., signed pursuant to Rule 11(b)(1-4) and filed Dkt. 45 and Dkt. 46, they explicitly invoked "Rule 8020" as the source of authority for their requested relief. By invoking a rule that grants relief exclusively **"to the appellee,"** they have made a deliberate, unequivocal, and binding *judicial representation* to this Court that they hold the legal status of **"appellees"** for the purpose of seeking relief under that rule. ***They cannot selectively embrace the remedies of Rule 8020 while simultaneously disavowing the status required to invoke it***.

This voluntary act and affirmative statement constitute a conclusive and dispositive judicial admission that:

1. They are, in fact, **Appellees** in Case No. 1:25-cv-00613-MLB.

2. They are submitting themselves to this Court's jurisdiction **as Appellees** to seek affirmative relief.

3. They knowingly and willfully defaulted and did not timely file a Rule 8018 merits brief.

4. They knowingly did not appear in the 03-93031 Bankruptcy Court and challenge the record (JSAR) as permitted by Bankr. Rule 8009(e)(1).

# IV.  CONSEQUENCES OF THE JUDICIAL ADMISSION: MOOTNESS OF DKT. 45 AND SANCTIONABLE CONDUCT.

This binding dispositive judicial admission has two immediate and *fatal consequences* for the SBGA Appellees' litigation posture.

**First**, it completely vitiates and renders **moot** the entirety of their "Special Appearance Brief" (Dkt. 45). A party cannot, in good faith or with any logical consistency, simultaneously, on

Page **9** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants'
FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

the one hand, represent to the Court that it is a "non-party" over whom the Court lacks personal jurisdiction (Dkt. 45) and, on the other hand, claim to be an aggrieved  Rule 8020(a) "appellee" entitled to seek affirmative Article III judicial relief from that same Court (Dkt. 46). The SBGA Appellees' counsel judicial admission of "appellee" status in Dkt. 46 legally nullifies the contrary fraudulent assertion in Dkt. 45.

**Second**, the filing of *two diametrically opposed pleadings*—a classic case of incongruent duplicity, demonstrates manifest per se, ipso facto, objective **bad faith** and constitutes sanctionable conduct under Federal Rule of Civil Procedure 11 and ***personally*** against Mr. Arndt, and Mr. NeSmith, both officers of the court, pursuant to 28 USC § 1927. By advancing these contradictory, convoluted, incongruent, and inverted positions, the SBGA Appellees and their counsel have violated:

    i.    **Rule 11(b)(1):** They have presented filings for an improper purpose—to harass Appellants, cause unnecessary delay, and to advance a confused and abusive litigation strategy.

    ii.    **Rule 11(b)(2) & (3):** Their legal and factual contentions regarding their status are not based in law or fact; rather, they are based on a self-contradictory premise, demonstrating a failure to conduct a reasonable prefiling inquiry.

## V. CONCLUSION

The plain language of Federal Rule of Bankruptcy Procedure 8020(a) is clear: ***only an "appellee" may be awarded damages (which requires a "concrete injury in fact" caused by the Appellant), for a frivolous appeal under that rule***. By filing a motion (Dkt. 46) seeking affirmative judicial relief ***under this specific rule, the SBGA Appellees have made a binding***

*__judicial admission that they are, in fact, Appellees__*. This admission is fatal to their frivolous and fraudulent personal jurisdictional challenge in Dkt. 45 and exposes both filings as a sanctionable abuse of the judicial process. They have, through their own negligent and ***apoplectic procedural choices***,[9] trapped themselves in a web of their own making, a hole they dug, confirming their status as parties to this appeal, appellees, and underscoring the bad faith of their attempt to argue otherwise.

(A)   The undersigned will attempt to "meet and confer" as required by the District Court's Standing Order's ¶(m), Dkt. 2, with the SBGA Appellees (William D. NeSmith, Esq.), QBE Insurance Corp. (James Ted Turner, Esq.), and their legal counsel (Nall & Miller, LLP and Patrick N. Arndt, Esq.), on **Monday, June 30, 2025, between 10 and 11 AM EDT** via telephone to discuss the resolution of this dispositive matter; or (B) alternatively, the SBGA Appellees and their *conflicted legal counsel*, Patrick N. Arndt, Esq., an officer of the court, subject to GA Bar Rules 3.3 and 8.4, can provide a sworn Declaration from each of the SBGA Appellees, and himself (Mr. Arndt), regarding the below ten (10) dispositive adjudicative facts which the Appellants will request that the District Court take mandatory FRE 201(c)(2) judicial notice. Appellants will initiate the telephone call.

Respectfully submitted,

---

[9] The characterization of the SBGA Appellees' strategy as an "apoplectic procedural choice" refers to the legally schizophrenic act of ***contemporaneously*** filing Dockets 45 and 46. These pleadings are mutually exclusive and doctrinally irreconcilable. Dkt. 45 disavows personal jurisdiction by claiming "non-party" status, while Dkt. 46 affirmatively seeks relief under Rule 8020(a)—a rule granting relief *only* "to the appellee." This creates an untenable legal paradox, a judicial blackhole, that is instantaneously fatal to their personal jurisdictional challenge. It represents a form of strategic self-immolation, where the very act of seeking an advantage (sanctions) in Dkt. 46 irrevocably destroys the foundation of their primary defense in Dkt. 45, leaving them in a doctrinal cul-de-sac (checkmate) of their own making from which there is no escape. This is not a mere tactical error, but a conclusive, binding admission of their status as appellees.

*Ulysses T. Ware*

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in fact for the Appellants

Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

# (PART II) V. Appellants' Motion for Rule 201(c)(2) Dispositive Adjudicative Facts for which the Court is required to take mandatory FRE 201(c)(2) judicial notice and request for Rule 201(e) Right to be Heard in Oral Argument.

Appellants will respectfully request that the Honorable Court, pursuant to Federal Rule of Evidence 201(c)(2), and request the mandatory Rule 201(e) right to be heard in oral argument, take mandatory judicial notice of the following ten (10) dispositive adjudicative facts. These facts are not subject to reasonable dispute as they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, namely, the "Special Appearance Brief of State-Bar Non-Parties" (Dkt. 45) and the "Special Appearance Motion for Sanctions of Non-Parties" (Dkt. 46) filed by the State Bar of Georgia Appellees ("SBGA Appellees") and their counsel, as well as the text of the Federal Rules of Bankruptcy Procedure Rule 8020.

These judicially noticed facts, when viewed in concert, ***establish a clear and long incontrovertible record of bad-faith and fraudulent litigation tactics, the advancement of self-contradictory and frivolous legal positions, and the vexatious multiplication of proceedings***, thereby compelling the denial of Dkts. 45 and 46, and the ***personal imposition of sanctions*** against the SBGA Appellees and their counsel, Patrick N. Arndt, Esq., and William D. NeSmith, III, Esq.

**Fact #1: The Identity of the Movants and the Filing of Dkt. 46.**

On June 13, 2025, the entities and individuals listed in the caption of Dkt. 46, including The State Bar of Georgia, The Office of General Counsel, William D. NeSmith, III, Patrick N. Arndt, Esq., and Nall & Miller, LLP (collectively, the "Movants"), filed a "SPECIAL APPEARANCE MOTION FOR SANCTIONS OF NON-PARTIES."

Page **13** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants'
FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

- **Adjudicative Effect:** This fact establishes the identity of the parties seeking affirmative relief from this Court, and consenting to personal jurisdiction in the 25cv00613 appeal
- **FRE 201(c)(2) Confirmation Source:** Dkt. 46, Page 1, Case No. 1:25-cv-00613-MLB (N.D. Ga.).

**Fact #2: The Explicit Invocation of Federal Rule of Bankruptcy Procedure 8020.**

Dkt. 46 explicitly states on its second page that the "State Bar Non-Parties ... hereby file their Motion for Sanctions Pursuant to Rule 8020."

- **Adjudicative Effect:** This fact establishes the precise and sole legal authority under which the Movants are seeking sanctions from this Court.
- **FRE 201(c)(2) Confirmation Source:** Dkt. 46, Page 2, Case No. 1:25-cv-00613-MLB (N.D. Ga.).

**Fact #3: The Exclusive Beneficiary of Relief Under Rule 8020(a).**

The plain text of Federal Rule of Bankruptcy Procedure 8020(a) *exclusively authorizes* the Court, upon a finding that an appeal is frivolous, to "award just damages and single or double costs *to the appellee.*" (Emphasis added). The rule provides no mechanism for awarding such damages to any other category of person or entity, such as a "non-party."

- **Adjudicative Effect:** This establishes the limited and defined legal status a movant must possess to be eligible for the relief sought in Dkt. 46.
- **FRE 201(c)(2) Confirmation Source:** The text of Federal Rule of Bankruptcy Procedure 8020(a).

**Fact #4: The Contemporaneous Contradictory Assertion of "Non-Party" Status in Dkt. 45.**

Contemporaneously with filing Dkt. 46, the exact same Movants filed Dkt. 45, their "Appellee's BRIEF," which is predicated on the central and repeated assertion that they are "State Bar Non-Parties" and that "neither the bankruptcy court nor this Court has personal jurisdiction over them."

Page **14** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants'
FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

- **Adjudicative Effect:** This fact establishes the Movants' primary legal and factual argument, which is diametrically opposed to the status required to seek relief under Rule 8020(a).
- **FRE 201(c)(2) Confirmation Source:** Dkt. 45, Pages 5-6 ("The State Bar Non-Parties were not added as parties..."), Case No. 1:25-cv-00613-MLB (N.D. Ga.).

### Fact #5: The Binding Judicial Admission of "Appellee" Status.

By affirmatively and voluntarily invoking Rule 8020(a) to seek the remedy of "just damages"—a form of relief available exclusively "to the appellee"—the SBGA Appellees and their counsel made a deliberate, clear, and unequivocal judicial admission that, for the purposes of this proceeding, they hold the legal status of **"appellees."**

- **Adjudicative Effect:** This admission is legally conclusive and estops the Movants from arguing the contrary position asserted in Dkt. 45. It is a definitive (equitable estoppel) waiver and stipulation of their "non-party" defense.
- **FRE 201(c)(2) Confirmation Source:** The logical and legal consequence derived from comparing Fact #2 (invoking Rule 8020) and Fact #3 (the text of Rule 8020(a)), as analyzed in Part 19 Doc. 02-E.2.

### Fact #6: The Procedural Impropriety and Prematurity of Dkt. 46.

Dkt. 46 was filed *before* the Court made the prerequisite determination that "an appeal is frivolous," as mandated by the plain text of Rule 8020(a) ("*If* the district court ... determines ..., *then* after a separate motion is filed ...").

- **Adjudicative Effect:** This demonstrates that the Motion for Sanctions was filed in violation of the rule's mandatory procedural sequence, *providing evidence of a lack of reasonable inquiry under Rule 11(b)(2).*
- **FRE 201(c)(2) Confirmation Source:** The docket of Case No. 1:25-cv-00613-MLB (showing no such prior determination by the Court) and the text of Rule 8020(a).

### Fact #7: The Absence of Pleading Article III Standing in Dkt. 46.

Page **15** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants'
FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

The Motion for Sanctions (Dkt. 46) contains no sworn factual allegations, evidence, or argument establishing that the SBGA Parties have suffered "a concrete, particularized," and non-self-inflicted "injury in fact" fairly traceable to Appellants' conduct, which is the "irreducible constitutional minimum" for Article III standing required to seek affirmative relief, Dkt. 46, from a federal court, as articulated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

- **Adjudicative Effect:** This fatal pleading defect and deficiency renders Dkt. 46 legally baseless from its inception, as the Movants failed to plead the threshold jurisdictional requirement for seeking the relief they demand.
- **FRE 201(c)(2) Confirmation Source:** The text of Dkt. 46 itself, which lacks any such allegations.

**Fact #8: The Rule 11 Certification by Counsel.**

Patrick N. Arndt, Esq., of Nall & Miller, LLP, signed both Dkts. 45 and 46, *as an officer of the court*, thereby certifying to the Court under Federal Rule of Civil Procedure 11(b) that, *to the best of his knowledge after an objective and reasonable inquiry*, the legal contentions therein were warranted by existing law and the factual contentions had evidentiary support.

- **Adjudicative Effect:** This establishes counsel's ***personal*** and professional responsibility for the contents of these contradictory filings.
- **FRE 201(c)(2) Confirmation Source:** Dkt. 45, Page 7 (signature block); Dkt. 46, Page 7 (signature block), Case No. 1:25-cv-00613-MLB (N.D. Ga.).

**Fact #9: The Inherent Falsity of the Simultaneous, Contradictory Certifications.**

The simultaneous submission of Dkt. 45 (denying appellee status and jurisdiction) and Dkt. 46 (affirmatively invoking a rule that requires appellee status and jurisdiction) represents a direct, irreconcilable contradiction. ***This demonstrates that Mr. Arndt's certifications made under Rule 11(b) for at least one, if not both, of the filings were objectively false at the time they were made. A party cannot simultaneously be, and not be, an appellee.*** Cf., George Orwell's 1984 newspeak—up is down, hot is cold, and peace is war.

Page **16** of 17
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

- **Adjudicative Effect:** This establishes a *per se* violation of Rule 11(b)(2) and 11(b)(3), *as no reasonable inquiry could support two mutually exclusive legal and factual positions*.
- **FRE 201(c)(2) Confirmation Source:** A direct comparison of the legal arguments and requirements of Dkt. 45 and Dkt. 46.

**Fact #10: The Vexatious and Bad-Faith Nature of the Filings.**

The cumulative effect of filing a procedurally premature (Fact #6) and constitutionally unsupported (Fact #7) motion for sanctions (Dkt. 46) that makes a binding judicial admission (Fact #5) directly refuting the central premise of its companion brief (Dkt. 45, Fact #4) *constitutes a manifest abuse of the judicial process, demonstrates objective bad faith, and vexatiously multiplies the proceedings* in violation of the standards set forth in Rule 11(b)(1)-(4) and 28 U.S.C. § 1927.

- **Adjudicative Effect:** This ultimate fact, derived from the preceding nine, compels a finding that the SBGA Appellees' litigation conduct is sanctionable.
- **FRE 201(c)(2) Confirmation Source:** The logical synthesis of Adjudicative Facts 1 through 9 as established by the record and analyzed in Part 19 Doc. 02-E.2.

## Certificate of Service

I, Ulysses T. Ware, certify that on the 29th day of June 2025, I served all Appellees and the Court with a true copy of the foregone pleading, via email, and to the Court via U.S. mail, *and have again on July 10, 2025*, again served all Appellees and the Court via email, and the Office of the District Clerk, via U.S. mail. This pleading was not placed on the Court's docket as of July 10, 2025.

/s/ Ulysses T. Ware

# [End of document]

Page **17** of **17**
Served on June 29, 2025 and again on July 10, 2025
Part 19 Doc. 2-E.2A re Appellants' response in opposition to Dkt. 46, Motion for Sanctions, Appellants' FRE 201(c)(2) Motion for Judicial Notice and Rule 201(e) Request to be Heard in Oral Argument.

**Ware, et al. v. Alpha Capital, AG, et al.**

**25cv00613 (NDGA)**

**Contents:**

1--(02-E.2A) re Appellants' Response in Oppn to Dkt.
46 and FRE 201(c)(2) Motion for Judicial Notice and
Demand for FRE 201(e) Oral Argument to be Heard.

2. Ex. 1—Filing Memo

Filed on July 10, 2025

/s/ Ulysses T. Ware



## UNITED STATES POSTAL SERVICE ®

## PRIORITY® MAIL

U.S. POSTAGE PAID
PM
BROOKLYN, NY 11226
JUL 10, 2025

**Retail**

$10.10

30303
S2322T501651-06

0 Lb 5.60 Oz

RDC 03

■ Expected delivery date specified for d—
■ Domestic shipments include —
■ USPS Tracking® service includ—
■ Limited international insurance.
■ When used internationally, a cust—

*Insurance does not cover certain items. For c— claims exclusions see the
Domestic Mail Manual at *http://pe.usps.com.*
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
## ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule fre— —kup,
scar—

EXPECTED DELIVERY DAY: 07/14/25

USPS TRACKING® #

9505 5141 9264 5191 0144 57

PAPER POUCH



PS00001000014

EP?
OD: 1.

---



## UNITED STATES POSTAL SERVICE ®   | PRIORITY® MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

07.10.25 (Resp in Oppn to Dkt.46
**FROM:**
CLEARED DATE
The Office of Ulysses T. Ware
1235 Linden Blvd, Ste 9-L
2025
U.S Marshals Service
Attn: Ck 10th
Brooklyn, NY 11226

**TO:**
Office of the District Clerk (ND GA
U.S. District Court
Richard B. Russell U.S. Courthouse
75 Ted Turner Dr., SW
Atlanta, GA  30303

Label 228, December 2023        FOR DOMESTIC AND INTERNATIONAL USE

This package is made from post-consumer waste. **Please recycle - again.**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.



# UNITED STATES POSTAL SERVICE ®

# PRIORITY®
# MAIL

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

## VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.