

## Exhibit #1

### Part 19 Doc. 02-E.2A-CL

# THE OFFICE OF ULYSSES T. WARE

123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

**Date:** Thursday, July 10, 2025, 10:25:21 AM

### VIA U.S. MAIL AND COURTESY COPY VIA ELECTRONIC MAIL TO CHAMBERS

The Honorable Michael L. Brown
United States District Judge
United States District Court for the Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

Office of the District Clerk (NDGA)
United States District Court
Northern District of Georgia
75 Ted Turner Dr., SW
Atlanta, GA 30303

### RE: FILING MEMORANDUM FOR APPELLANTS' RESPONSE IN OPPOSITION TO DKT. 46 AND MOTION FOR MANDATORY JUDICIAL NOTICE IN *WARE, ET AL. V. ALPHA CAPITAL, AG, ET AL.*, CASE NO. 1:25-CV-00613-MLB (N.D. GA.)

The Hon. Judge Michael L. Brown and Clerk of the Court:

Appellants Ulysses T. Ware and Group Management ("Appellants") respectfully submit this Filing Memorandum to accompany the filing of the attached legal brief, **Part 19 Doc. 02-E.2A**, and to direct the Court's attention to several dispositive threshold issues that now define the posture of this appellate proceeding. Appellants filed 02-E.2 with the Court on June 29, 2025, however, as of today, July 10, 2025, the pleading does not appear on the Court's official docket. Hence, Appellants are again submitting for filing and docketing 02-E.2 as 02-E.2A

## I. CONTENTS OF THE ATTACHED FILING (DOC. 02-E.2A).

The attached document is a comprehensive, two-part Memorandum of Law.

- **Part I** constitutes **Appellants' Response in Opposition to the SBGA Appellees' Rule 8020 Motion for Sanctions (Dkt. 46)**. This section provides a granular, textualist analysis of Federal Rule of Bankruptcy Procedure 8020(a) to demonstrate that the SBGA Appellees' motion is procedurally premature, ***substantively defective***, *ultra vires*, and, by its very filing, constitutes a binding judicial admission that is fatal to their own jurisdictional challenge in Dkt. 45.

- **Part II** constitutes **Appellants' Cross-Motion for Mandatory FRE Rule 201(c)(2) Judicial Notice and Rule 201(e) Demand to be Heard in Oral Argument**. This section identifies ten (10) dispositive adjudicative facts, each derived from the Appellees' own filings and the official court dockets, which conclusively establish their actual notice, waiver, and bad-faith litigation conduct.

## II. REITERATION OF APPELLANTS' ARTICLE III STANDING CHALLENGE.

Appellants hereby again, this 10th day of July, 2025, raise a fundamental, ***threshold*** challenge to this Court's subject-matter jurisdiction over the matters raised in Dkts. 45 and 46. Specifically, Appellants assert that **each SBGA Appellee—individually, personally, and officially—and their purported legal counsels, as a matter of law and fact,** *ipso facto* **lack the "irreducible constitutional minimum" of Article III standing** necessary to have appeared and sought affirmative relief in this 25cv00613 appellate proceeding.

As the Supreme Court mandated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), a party seeking to invoke a federal court's jurisdiction [see Dkt. 46] must establish a concrete, particularized, and non-self-inflicted "injury in fact." The SBGA Appellees have failed to plead, let alone prove, any such injury. Any burden they now face is entirely self-inflicted, stemming directly from their **knowing waiver and forfeiture of all rights** when they failed to act upon receiving actual notice of their designation as "interested parties" in the underlying Bankruptcy Case (see **Dkt. 180, Case No. 03-93031, served on their then-counsel William D. NeSmith, III, Esq., on August 4, 2022**). Having failed to appear in the Bankruptcy Court to

contest their status or challenge the record as required by Federal Rule of Bankruptcy Procedure 8009(e)(1), they are now **equitably estopped** from manufacturing a cognizable injury in this appellate forum. *See Espinosa*, 559 U.S. at 279 (discussing equitable principles in the context of forfeiture).

### III. THE MANDATORY NATURE OF FRE 201(c)(2) JUDICIAL NOTICE.

Appellants respectfully remind the Court that the relief sought in Part II of the attached Memorandum (Doc. 02-E.2A) is not discretionary. Federal Rule of Evidence 201(c)(2) states that a court **"must take judicial notice if a party requests it and the court is supplied with the necessary information."** Appellants have supplied the Court with precise citations to official court records and the Appellees' own admissions—sources whose accuracy cannot be questioned. Therefore, the law commands that the Court take judicial notice of the ten dispositive adjudicative facts. The taking of such notice, Appellants contend, is dispositive of the issues raised in Dkts. 45 and 46 and, effectively, **ends this matter** with respect to the SBGA Appellees' frivolous challenges.

### IV. REQUEST FOR JUDICIAL INTERVENTION TO ENSURE ORDERLY PROCEEDINGS AND A PERFECTED RECORD.

To facilitate judicial efficiency and avoid further unnecessary and protracted briefing on issues that can be summarily resolved, Appellants again respectfully request that the Court conduct an **appellate conference**. The central issues to be resolved are straightforward:

(i) whether the SBGA Appellees and their legal counsel had actual notice of the 03-93031 proceedings, and

(ii) whether, by having such actual notice, they knowingly, recklessly, irresponsibly, and negligently waived their right to be heard in the Bankruptcy Court on the very jurisdictional issues they now improperly raise.

Such a conference will perfect the record in the unfortunate but likely event that a higher court is requested to review this matter.

Furthermore, Appellants respectfully request that this District Court compel the SBGA Appellees and their legal counsel to comply with their ethical duties by filing **sworn Declarations** pursuant to Georgia and this Court's Rules of Professional Conduct 3.3 (Candor Toward the Tribunal) and 8.4 (Misconduct). These declarations should require them to state, under penalty of perjury, their position regarding their *actual notice* of the 03-93031 proceedings and whether they knowingly waived all challenges to personal jurisdiction by not appearing in the Bankruptcy Court to make a Rule 8009(e)(1) challenge to their status as appellees and interested parties.

Appellants stand ready to address the Court as directed on any pending issues or matters. We thank the District Court for its patience in this matter, particularly given the unusual stress and strain caused by the Appellees' dilatory and negligent professional conduct.

Respectfully submitted,

/s/ Ulysses T. Ware

Ulysses T. Ware

Attorney in fact for the Appellants

---

**Attachment: [Docket Text]**

1. **Part 19 Doc. 02-E.2A:** (I) APPELLANTS' MEMORANDUM OF LAW RESPONSE IN OPPOSITION TO THE SBGA APPELLEES' RULE 8020 MOTION FOR SANCTIONS (DKT. 46), and (II) APPELLANTS' MOTION FOR MANDATORY FRE RULE 201(c)(2) JUDICIAL NOTICE, AND RULE 201(e) RIGHT TO BE HEARD IN ORAL ARGUMENT.