RECEIVED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 15 2025

KEVIN P. WEIMER, Clerk
By: J. Kelley Deputy Clerk

**Part 19 Doc. 02-E.2B.**

**Filed to Chambers via email and via U.S. mail to the Court on Friday, July 11, 2025, 10:47:17 AM**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

---

IN RE: GROUP MANAGEMENT CORP.,
Debtor.

---

ULYSSES T. WARE, AND GROUP MANAGEMENT,
Appellants,
v.
ALPHA CAPITAL, AG, QBE INSURANCE CORP., CRUM & FORSTER INSURANCE COMPANY, AND THE SBGA APPELLEES, et al.,
Appellees.

---

Case No. 1:25-cv-00613-MLB
(On Appeal from the United States Bankruptcy Court
for the Northern District of Georgia, Case No. 03-93031-WLH)

---

[Docket Text] (I) APPELLANTS' SUPPLEMENT NO. 1, ADJUDICATIVE FACT #11 TO: JULY 10, 2025, MEMORANDUM OF LAW RESPONSE IN OPPOSITION TO THE SBGA APPELLEES' RULE 8020 MOTION FOR SANCTIONS (DKT. 46), and (II) APPELLANTS' MOTION FOR MANDATORY FRE RULE 201(c)(2) JUDICIAL NOTICE, AND RULE 201(e) RIGHT TO BE HEARD IN ORAL ARGUMENT.

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in fact for the Appellants

**Part 19 Doc. 02-E.2B (Adjudicative Fact #11)**

# THE OFFICE OF ULYSSES T. WARE

123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

**Date:** June 30, 2025

**VIA ELECTRONIC MAIL**

Mr. Patrick N. Arndt, Esq.
Nall & Miller, LLP
235 Peachtree St., NE, Suite 1500
Atlanta, GA 30303-1418
*parndt@nallmiller.com*

Mr. William D. NeSmith, III, Esq.
Office of the General Counsel
The State Bar of Georgia
104 Marietta Street NW, Suite 100
Atlanta, GA 30303
*billn@gabar.org.com* (and any other known valid email)

QBE Insurance Corporation
Attn: James "Ted" Turner, Esq.
Senior Lead – Financial Lines Claims
55 Water Street, 20th Floor
New York, NY 10041
*James.Turner2@qbe.com*

**AND TO: THE STATE BAR OF GEORGIA APPELLEES ("SBGA Appellees")**
(Served via counsel Patrick N. Arndt, Esq. and William D. NeSmith, III, Esq.)

**RE: AGENDA FOR MEET-AND-CONFER (JUNE 30, 2025, 10:00-11:00 AM EDT) – DISCUSSION OF ATTACHED ADJUDICATIVE FACT #11 (DOC. 02-E.3) REGARDING VIOLATIONS OF GA RULES OF PROFESSIONAL CONDUCT 3.3 & 8.4 AND FRAUD ON THE COURT IN CASE NO. 1:25-CV-00613-MLB (N.D. GA.)**

Counsel and Representatives:

Please be formally advised that the attached document, **Part 19 Doc. 02-E.3A**, detailing **Adjudicative Fact #11**, will be a primary and important topic of discussion during the mandatory meet-and-confer conference scheduled for **TODAY, Monday, June 30, 2025, between 10:00 AM and 11:00 AM Eastern Daylight Time.** This conference is conducted pursuant to the District Court's Standing Order (Dkt. 2, ¶ (m)).

*The attached Fact #11, infra, outlines, in painstaking detail, what Appellants contend is a knowing and willful violation of the duty of complete candor to this Court by the SBGA Appellees and their counsels, Mr. Arndt and Mr. NeSmith, as well as Mr. Turner as counsel for the implicated insurer, QBE.* These actions represent a profound breach of the District Court (NDGA) and the Georgia Rules of Professional Conduct, specifically **Rule 3.3 (Candor Toward the Tribunal)** and **Rule 8.4 (Misconduct),** and constitute a fraud upon the United States District Court for the Northern District of Georgia.

Specifically, "Fact #11", infra, establishes that the "Special Appearance Brief" (Dkt. 45) and the "Motion for Sanctions" (Dkt. 46) are characterized by:

1. **Affirmative Misrepresentation:** The knowing presentation of two mutually exclusive and self-contradictory legal positions—that your clients are simultaneously "non-parties" over whom the Court lacks jurisdiction (Dkt. 45), while also being "appellees" entitled to seek affirmative relief under Rule 8020(a) (Dkt. 46).

2. **Material Omissions Intended to Deceive, Misrepresent, Fraud, and Conspiracy:** The deliberate failure to disclose to the Court dispositive, record-based facts establishing your

clients' comprehensive actual notice of these proceedings (e.g., Dkt. 180 (03-93031), Dkt. 284 (03-93031), and your own admissions in Dkt. 45).

3. **A Pattern of Bad Faith:** A litigation strategy designed not to present a legitimate legal argument, but to harass Appellants, vexatiously multiply the proceedings, and perpetrate a fraud on the Court regarding the true jurisdictional and notice posture of this case.

During today's conference, Appellants expect you, as officers of the court, to be prepared to provide a substantive, good-faith explanation for this conduct. Be prepared to address how the simultaneous filing of Dkts. 45 and 46 does not constitute a *per se* violation of your duty of candor under Rule 3.3 and your ethical obligations under Rule 8.4.

Failure to provide a credible explanation or to resolve this matter by immediately withdrawing the fraudulent filings (Dkts. 45 and 46) will compel Appellants to present "Adjudicative Fact #11" and its supporting evidence to the District Court as a principal basis for seeking severe sanctions. This includes sanctions against the SBGA Appellees, their counsel, Patrick N. Arndt, Esq., and Nall & Miller, LLP, personally, for what Appellants contend is a deliberate and sanctionable abuse of the judicial process.

We trust you will give this grave matter the immediate attention it warrants.

Sincerely,

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in fact for the Appellants

**Attachment:** Part 19 Doc. 02-E.2B (Detailing Adjudicative Fact #11 re: Violations of Professional Conduct).

**cc:** All Appellees have been served via their public email account.

## Adjudicative Fact #11: The Knowing and Willful Violation of the Duty of Candor to the Tribunal by the SBGA Appellees, Mr. Arndt, Mr. NeSmith, and Mr. Turner (as counsel for QBE Insurance Corp.) in Direct Contravention of Georgia Rules of Professional Conduct 3.3 and 8.4 and this Court's Standards of Professionalism.

This ultimate adjudicative fact is established by the following subsidiary facts, which are all verifiable from the face of Dkts. 45 and 46, and the official court records. The SBGA Appellees and their counsels, an illegal association in fact, a continuing criminal enterprise as defined in 18 USC 1961(4), since 2008, have knowingly and willfully *engaged in a pattern of conduct* constituting a Hobbs Act racketeering conspiracy to defraud the Appellants, extortion, conspiracy, predatory, criminal usury unlawful debt collection, conspiracy to commit bankruptcy fraud, mail and wire frauds, money laundering, perjury, and fraud on this Court, characterized by numerous affirmative misrepresentations, material omissions, and the advancement of legal arguments for an improper purpose, all in violation of their duty of complete candor.

**a) Affirmative Misrepresentation Through Knowingly Filing Mutually Exclusive and Self-Contradictory Pleadings:**

The SBGA Appellees and their counsel, Mr. Arndt, ==*simultaneously filed two bogus and fraudulent legal pleadings—Dkt. 45 and Dkt. 46—that are predicated upon diametrically opposed and legally irreconcilable premises*==. Dkt. 45, the "Special Appearance Brief," is founded entirely on the assertion that the SBGA Appellees are "non-parties" over whom this Court lacks personal jurisdiction. Conversely, Dkt. 46, the "Motion for Sanctions," explicitly invokes Federal Rule of Bankruptcy Procedure 8020(a), a rule that, by its plain text, exclusively grants the remedy of damages **"to the appellee."** It is a legal and logical

impossibility for the SBGA Appellees to be both a "non-party" and an "appellee" at the same moment in the same proceeding. The knowing presentation of these two mutually exclusive positions is not a mere tactical error; it constitutes a false statement of their legal and factual position to this tribunal in violation of **Rule 3.3(a)(1)** ("A lawyer shall not knowingly: make a false statement of material fact or law to a tribunal..."). The assertion of "non-party" status in Dkt. 45 is rendered unequivocally false by their own action of seeking relief that requires "appellee" status in Dkt. 46.

**b) Material Omissions Intended to Deceive the Tribunal Regarding Actual Notice:**

*In arguing that this Court lacks personal jurisdiction due to alleged defects in notice and service (Dkt. 45), the SBGA Appellees and their counsel had an ethical duty to present this argument with complete candor.* **This duty required them to disclose to the Court all known, dispositive facts that would bear on the issue**. They have instead engaged in a profound and misleading omission of material facts, including:

> **(i)** Their failure to disclose or address the legal significance of Dkt. 180 (filed August 4, 2022, in Case No. 03-93031), which explicitly designated "The State Bar of Georgia" as an "interested party" in the underlying bankruptcy proceedings.
>
> **(ii)** Their failure to disclose or address the legal significance of Dkt. 284 (filed Feb. 10, 2025, in Case No. 03-93031), the Bankruptcy Court's official "Imaged Certificate of Notice" which explicitly listed each SBGA Appellee and their current counsel, Nall & Miller, LLP, and Patrick N. Arndt, Esq., as "Appellees" in this appeal.

**(iii)** Their failure to candidly address their own judicial admission within Dkt. 45 (page 15) of receiving "several dozen emails from Appellant's counsel," thereby conceding extensive actual notice.

**(iv)** By omitting these crucial, record-based facts, they have presented a skewed and deceptive narrative to the Court, creating the false impression that they are strangers to these proceedings. This conduct constitutes "conduct involving dishonesty, fraud, deceit or misrepresentation" in violation of **Rule 8.4(c)**.

**c) Direct Violation of Rules 3.3 (Candor) and 8.4 (Misconduct):**

The collective conduct detailed above constitutes a flagrant violation of the Georgia Rules of Professional Conduct, which are adopted by this Court. By filing Dkts. 45 and 46, counsel and their clients have: (i) made false and self-contradictory statements of their legal status (violating Rule 3.3(a)(1)); (ii) engaged in conduct involving deceit and misrepresentation by omitting dispositive facts regarding actual notice (violating Rule 8.4(c)); and (iii) engaged in conduct that is "prejudicial to the administration of justice" (violating Rule 8.4(d)) by forcing this Court and Appellants to expend significant resources to unravel a frivolous and bad-faith jurisdictional charade.

**d) The Adjudicative Effect: A Sanctionable Criminal Bad-Faith Litigation Strategy Designed, Implemented, and Executed as Overt and Predicate Acts in the Hobbs Act Conspiracy:**

The ***ongoing, dangerous, and criminal pattern*** of deliberate, intentional, and fraudulent affirmative frauds, extortions, perjury, lying, bribery, kickbacks, illegal gratuities, misrepresentations, ***material omissions,*** and ***willful concealments***—a pattern of racketeering

activities, committed by Patrick N. Arndt, Esq., William D. NeSmith, III, Esq., The Chief Justice of the Supreme Court of Georgia (Nels S.D. Peterson), QBE Insurance Corp., Crum & Forster Insurance Company, KTS, its partners, its predatory, *__unregistered broker-dealer clients__*,[1] Alexander H. Southwell, Esq., Marlon G. Kirton, Esq., Jeffrey B. Norris, Esq. (a/k/a J. Blair Norris, Esq., Litchfield, Cavo, LLP, Michael H. Dolinger, Esq., an illegal association in fact, a continuing criminal enterprise, jointly and severally, (the "**Unindicted Coconspirators**")—overt and predicate acts in the ongoing Hobbs Act conspiracy to commit bankruptcy fraud, insurance fraud, extortion, perjury, mail and wire frauds, conspiracy, racketeering, loan sharking, money laundering, judicial corruption, (18 USC §§ 2, 156-57, 371, 401(3), 924(c), 1201-02, 1341, 1343, 1344, 1503, 1512, 1519, 1951(a), 1956-57, 1958-59, 1961(6)(B), 1962(a-d), and 2071(a), (b)), *__a pattern of racketeering activities__*, is not accidental; it is evidence of a willful, bad-faith litigation strategy designed to abuse the judicial process, harass Appellants, and delay the resolution of this appeal on its merits. This conduct is sanctionable under this Court's inherent power (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)), *__personally__* against counsel under 28 U.S.C. § 1927 for vexatiously multiplying the proceedings, and against both counsel and the SBGA Appellees under Federal Rule of Civil Procedure 11 for presenting pleadings for an improper purpose and without

---

[1] The plaintiffs named in the 02-cv2219 (SDNY) Dec. 20, 2007, Dkt. 90, *__voluntarily dismissed with prejudice__* pursuant to Fed. R. Civ. P. 41(a)(2) lawsuit (see 25cv00613 (NDGA) JSAR Dkt. 5-13 on pp. 46-47 *__final judgment__*), see Ex. A, infra—which ipso facto, as a matter of law (i) conferred prevailing party status on the Appellants herein, see *United States v. L-3 Comm'cs EO Tech, Inc.*, 921 F.3d 11, 18-19 (2d Cir. 2019) (collecting cases), (ii) voluntarily annulled and vitiated KTS' and its predatory clients' alleged claim and Article III standing to have appeared in the 03-93031 Chapter 11, and (iii) rendered moot Dkt. 28 (03-93031) dismissal with prejudice Order, Murphy, J. (May 2003). *__Judge Sand's (deceased) Dec. 20, 2007, Dkt. 90, final judgment entered in 02cv2219 (SDNY) (JSAR Id.) is binding absolutely without exception on the 02cv2219, 03-93031 Chapter 11, and the 25cv00613 appeal courts, KTS, its unregistered broker-dealer clients, their privies, and all those in active concert therewith, to wit, the SBGA Appellees, the Supreme Court of Georgia, and their legal counsels, et al., see Federated Dept. Stores, 452 U.S. at 398, 401-02.__*

a good-faith basis in law or fact. The frivolousness is not debatable; it is confessed by the very documents they have filed.

*Ulysses Q. Ware*

**Exhibit A—Judge Sand's (deceased) Voluntary Dec. 20, 2007, 02cv2219 (SDNY) Rule 41(a)(2) Final Judgment, entered at the ex parte request of Appellee KTS <mark>unregistered broker-dealer clients.</mark>**

Exhibit 2—Dkt. 90 (Binding Final Judgment)—02cv2219 (SDNY) Prevailing Parties Chapter 11 Debtor Group Management and 11 USC §1109(b) statutory party in interest Ulysses T. Ware's Final Judgment—December 20, 2007, Dkt. 90, Case No. 02cv2219 (SDNY), District Judge Leonard B. Sand, Fed. R. Civ. P. Rule 41(a)(2) voluntary, ex parte ==*Dismissal with Prejudice*== of the 02cv2219 (SDNY) Lawsuit ==*After the Statute of Limitation Had Run on All Claims Final Judgment conferred final judgment prevailing party status on Group Management and Ulysses T. Ware*==.[7]

---

[7] KTS' *unregistered broker-dealer clients'* Dec. 20, 2007, *voluntary* Rule 41(a)(2) *dismissal with prejudice* of the 02cv2219 (SDNY) lawsuit—final judgment on the merits for the Chapter 11 debtor, Group Management, and 11 USC §1109(b) statutory party in interest Ulysses T. Ware, is currently and will be enforced against Hagenau, KTS, its clients, and each 18 USC §1962(d) unindicted coconspirator *resisting* the *legal and equitable preclusive effects*—that is, the immediate 11 USC §542(a) turnover of all Chapter 11 estate assets, of the binding court order, see 18 USC §§401(2), and 401(3), and Fed. R. Crim. P. 42.

Page 23 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).



Page 24 of 162
Tuesday, February 18, 2025
(13-6) (Part 13-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

## Certificate of Service

I, Ulysses T. Ware, certify that I served all Appellees and the Court with a true copy of the foregone pleading, Part 19 Doc. 02.E2B, via email, and to the Court via U.S. mail, *on July 11, 2025*, and served all Appellees via email, and the Office of the District Clerk, via U.S. mail.

/s/ Ulysses T. Ware

# [End of document]

**PLAINTIFF'S EXHIBIT 1**

## Part 19 Doc. 02-E.2B--CL

# THE OFFICE OF ULYSSES T. WARE

123 Linden Boulevard, Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

**RECEIVED IN CHAMBERS**
**U.S.D.C. - Atlanta**

**JUL 15 2025**

**Date:** Friday, July 11, 2025, 11:10:47 AM

KEVIN P. WEIMER, Clerk
By: J. Kelly Deputy Clerk

### VIA U.S. MAIL AND COURTESY COPY VIA ELECTRONIC MAIL TO CHAMBERS

The Honorable Michael L. Brown
United States District Judge
United States District Court for the Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**AND TO:**
Office of the District Clerk
United States District Court
Northern District of Georgia

**RE: FILING MEMORANDUM FOR APPELLANTS' SUPPLEMENT NO. 1 (DOC. 02-E.2B) TO MOTION FOR MANDATORY JUDICIAL NOTICE IN *WARE, ET AL. V. ALPHA CAPITAL, AG, ET AL.*, CASE NO. 1:25-CV-00613-MLB (N.D. GA.).**

The Hon. District Judge Michael L. Brown and Clerk of the Court:

Appellants Ulysses T. Ware and Group Management ("Appellants") respectfully submit this Filing Memorandum to accompany the filing and docketing of the attached **Part 19 Doc. 02-E.2B: "APPELLANTS' SUPPLEMENT NO. 1, ADJUDICATIVE FACT #11 TO: JULY 10, 2025, MEMORANDUM OF LAW..."** (hereinafter "Supplement 1").

### I. CONTENTS AND PURPOSE OF ATTACHED FILING

The attached Supplement 1 is submitted in further support of Appellants' pending "MOTION FOR MANDATORY FRE RULE 201(c)(2) JUDICIAL NOTICE, AND RULE 201(e) DEMAND TO BE HEARD IN ORAL ARGUMENT" (previously filed and designated as Part 19 Doc. 02-E.2A). This supplement provides the Court with a comprehensive, self-contained analysis of **Adjudicative Fact #11**, which details the knowing and willful violation of the duty of candor to this Tribunal by the State Bar of Georgia Appellees ("SBGA Appellees") and their counsels. It

meticulously outlines their egregious and willful affirmative misrepresentations, material omissions intended to deceive the Court, and the pattern of bad faith that constitutes a fraud on the court and flagrant violations of the Georgia Rules of Professional Conduct, specifically Rules 3.3 and 8.4.

## II. THE SBGA APPELLEES' ADMISSION BY DEFAULT TO ADJUDICATIVE FACT #11.

Critically, the Court must be informed that the substance of Adjudicative Fact #11 was formally served upon the SBGA Appellees and their counsel, Patrick N. Arndt, Esq., William D. NeSmith, III, Esq., and their implicated insurer's counsel, James "Ted" Turner, Esq., as the primary agenda item for the mandatory meet-and-confer conference scheduled for June 30, 2025 (see attached Doc. 02-E.2B, pp. 2-4).

As the record now reflects, **counsel for the SBGA Appellees explicitly refused to participate in that conference** to substantively dispute the grave allegations contained within Adjudicative Fact #11. This refusal, in the face of a direct opportunity to be heard, constitutes a **conclusive waiver and forfeiture of any opposition**. Therefore, the SBGA Appellees and their privies have, by their willful default, **judicially admitted and stipulated to the truth and accuracy of the contents of Adjudicative Fact #11.**

This is no longer a matter of mere allegation; it is an established fact by concession. The SBGA Appellees have admitted, through their silence, that their filings (Dkts. 45 and 46) are based on self-contradictory positions, omit dispositive facts regarding actual notice, and were advanced in bad faith.

## III. ESTABLISHED CRIMINAL PREDICATE ACTS REQUIRING LAW ENFORCEMENT REFERRAL

The contents of Adjudicative Fact #11, now established by stipulation, detail conduct that constitutes, *prima facie*, overt and predicate acts of a pattern of racketeering activity. The knowing perpetration of a fraud upon a federal court to conceal prior Hobbs Act extortion, conspiracy, money laundering, perjury, bankruptcy fraud, and other crimes and to vexatiously multiply proceedings is a serious federal criminal offense. Having established these facts through the Appellees' own default, ***Appellants contend that this record must now be reported to the appropriate criminal law enforcement authorities for investigation***.

## IV. APPELLANTS' READINESS FOR RULE 201(e) ORAL ARGUMENT

Appellants reiterate their demand for an opportunity to be heard pursuant to FRE 201(e). Appellants stand ready to address the Court in oral argument to detail the dispositive effect of the judicially noticed facts. In the unlikely event the SBGA Appellees now appear and attempt to oppose mandatory judicial notice of Adjudicative Fact #11—a position they have already forfeited—Appellants are prepared to demonstrate at said hearing why their opposition is frivolous and itself warrants further sanctions.

The mandatory duty of this Court under FRE 201(c)(2) has been fully triggered, and the matter is now ripe for dispositive action.

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in fact for the Appellants

---

**Attachment:**

1. **Part 19 Doc. 02-E.2B:** APPELLANTS' SUPPLEMENT NO. 1, ADJUDICATIVE FACT #11 TO: JULY 10, 2025, MEMORANDUM OF LAW...

---

### CERTIFICATE OF SERVICE

I, Ulysses T. Ware, certify under penalty of perjury that I have this 11th day of July, 2025, served a true and correct copy of this Filing Memorandum and the attachment listed herein upon all Appellees via their last known public email account, or via counsel where known, and to the Court via U.S. Mail.

/s/ Ulysses T. Ware

# [End of document]



07.11.25
25 cv 00613

Contents:

1. Part 19 Doc. 02-E.2B

2. Part 19 Doc. 02-E.2B--CL
   (Exhibit #1)

/s/ Ulysses T. Ware

From:
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

TO:
The Honorable Michael L. Brown
United States District Judge
United States District Court (NDGA)
Richard B. Russell United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

CLEARED DATE

JUL 15 2025

U.S. Marshals Service
Atlanta, GA 30303