RECEIVED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 2 1 2025

KEVIN P. WEIMER, Clerk
By: A. Kelly Deputy Clerk

## Part 19 Doc. 02-E.2A-02

**APPELLANTS' SUPPLEMENTAL MEMORANDUM OF LAW No. 02 IN OPPOSITION TO DKT. 45 AND DKT. 46.**
**Respectfully submitted and filed this 18th day of July, 2025, 7:57:51 AM**

---

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

---

### IN RE: GROUP MANAGEMENT CORP.,
**Debtor.**

---

### ULYSSES T. WARE AND GROUP MANAGEMENT,
**Appellants,**
**v.**
### ALPHA CAPITAL, AG, SBGA APPELLEES, QBE INSURANCE CORP., CRUM & FORSTER INSURANCE COMPANY, et al.,
**Appellees.**

---

### Case No. 1:25-cv-00613-MLB
**(On Appeal from the United States Bankruptcy Court for the Northern District of Georgia, Case No. 03-93031-WLH)**

---

**[Docket Text]—APPELLANTS' SUPPLEMENTAL MEMORANDUM OF LAW No. 02 IN OPPOSITION TO DKT. 45 AND DKT. 46 RE: (I) ON THE SBGA APPELLEES' IRREVOCABLE WAIVER OF SOVEREIGN IMMUNITY AND (II) FRE 201(c)(2) MOTION FOR JUDICIAL NOTICE AND FRE 201(e) DEMAND TO BE HEARD.**

By: /s/ Ulysses T. Ware

*Ulysses T. Ware*

**Ulysses T. Ware**

Attorney in Fact for Appellants

Ulysses **T**. Ware and Group Management

# Table of Contents

A. INTRODUCTION..................................................................................................................3

B. SUMMARY OF THE ARGUMENT...................................................................................4

C. STATEMENT OF THE CASE—ADJUDICATIVE FACTS 1-4......................................5

D. REQUESTED RELIEFS: FRE 201(c)(2) JUDICIAL NOTICE AND RULE 201(e) DEMAND TO BE HEARD ON ADJUDICATIVE FACTS 1-4 ABOVE...............................................7

I. INTRODUCTION: A WAIVER EFFECTED BY CALCULATED LITIGATION CONDUCT....8

II. SOVEREIGN IMMUNITY IS AN AFFIRMATIVE DEFENSE THAT IS FORFEITED IF NOT TIMELY ASSERTED........................................................................................................8

III. *LAPIDES v. BOARD OF REGENTS*: THE DISPOSITIVE AUTHORITY ON WAIVER BY VOLUNTARY INVOCATION OF FEDERAL JURISDICTION..........................................9

   A. The Unanimous Holding and Rationale of *Lapides*.....................................................10

   B. The Prohibition Against Unfair Tactical Advantages for the State................................10

   C. The Rejection of Procedural Formalism in Favor of Substantive Action......................11

IV. APPLICATION: THE SBGA APPELLEES' ACTIONS CONSTITUTE A TEXTBOOK WAIVER UNDER *LAPIDES*...........................................................................................11

   A. The Filing of Dockets 45 and 46 Was a Voluntary and Affirmative Invocation of This Court's Jurisdiction...............................................................................................................11

   B. The SBGA Appellees' Pursuit of an Unfair Tactical Advantage..................................12

   C. The Failure to Plead Sovereign Immunity in Their Initial Substantive Filings is Conclusive, and thus, Knowingly Waived—Equitable Estoppel...........................................................12

V. CONCLUSION: THE SHIELD OF SOVEREIGNTY HAS BEEN IRREVOCABLY WAIVED...................................................................................................................................13

## A. INTRODUCTION.

This Supplemental Memorandum of Law (02) in opposition to Dkt. 45 and Dkt. 46 addresses a foundational issue of federal jurisdiction and litigation conduct: the irrevocable waiver of sovereign immunity by a state-affiliated entity that voluntarily and aggressively invokes the authority of a federal court. The State Bar of Georgia, its officers, employees, agents, privies,[1] proxies, surrogates, alter-egos, insurers, and its purported legal counsels, William D. NeSmith, III, Esq., Nall & Miller, LLP, and Patrick N. Arndt, Esq., jointly, severally, and collectively, (the "Unindicted Coconspirators"), *a criminal illegal association in fact* as defined in 18 USC § 1961(4), *a Hobbs Act racketeering continuing criminal enterprise*, (the "SBGA Appellees"), *engaged in an ongoing pattern of racketeering activities*, have knowingly and intentionally made a calculated, voluntary, substantive, and general appearance in this appellate proceeding, 25cv00613. They have done so not as reluctant participants, *but as offensive movants—that is, "interested parties" having actual notice, cf. Dkt. 180 (03-93031, Aug. 4, 2022)*, filing two separate manifestly frivolous, fraudulent, unnecessary, vexatious, baseless in law and in fact, reckless, irresponsible, and bad faith motions (Dkt. 45 and Dkt. 46) seeking the ultimate judicial relief of (i) dismissal and (ii) the coercive power of sanctions. In making this strategic choice to *voluntarily* engage this Court on the merits, they conspicuously and completely failed to raise the affirmative defense of Eleventh Amendment immunity.

This conduct is not a mere procedural misstep; it is an intentional and deliberate, with the advice of alleged learned counsel, *consent waiver by litigation conduct*, a principle unanimously affirmed by the United States Supreme Court in *Lapides v. Board of Regents of Univ. System of Ga.*, 535 U.S. 613 (2002), which reversed the decision of the Court of Appeals for the Eleventh

---

[1] Supreme Court of Georgia's Chief Justice Nels S.D. Peterson, et al.

Circuit. The Court held that a state entity, the SBGA Appellees, Unindicted Coconspirators, cannot use the federal courts as a sword by seeking dispositive, merits-based rulings, and then, when faced with substantive opposition, attempt to deploy the shield of sovereign immunity it deliberately left at the door. The SBGA Appellees have knowingly and voluntarily submitted to the personal jurisdiction of this Court, see Dkt. 45 and Dkt. 46, and in doing so, have intentionally and knowingly waived and forfeited any claim to immunity in this proceeding. This Memorandum will establish that this waiver is ipso facto, per se, conclusive and binding, equitable estoppel, and that the SBGA Appellees are therefore fully subject to this Court's authority to adjudicate not only their motions, but also their own sanctionable conduct.

## B. SUMMARY OF THE ARGUMENT.

The SBGA Appellees' claim to sovereign immunity has been irrevocably waived through their calculated and affirmative litigation conduct in this Court. Appellants' argument proceeds in a clear, linear progression based on settled law:

1. **Immunity is a Waivable, Affirmative Defense:** Eleventh Amendment sovereign immunity *is not a self-executing jurisdictional bar*. It is *an affirmative defense* that *a state entity must assert in a timely manner, or it is forfeited. The failure to plead it at the earliest practicable opportunity constitutes a waiver*.

2. **The SBGA Appellees Voluntarily Invoked this Court's Jurisdiction:** The SBGA Appellees were not compelled to appear. They voluntarily and knowingly, with the negligent, irresponsible, reckless, and *conflicted advice* of legal counsel chose to file two manifestly frivolous substantive motions seeking affirmative relief: a Motion to Dismiss the Appeal as Frivolous (Dkt. 45) and a Motion for Sanctions (Dkt. 46). These filings

represent a quintessential "voluntary invocation" of the federal court's power to adjudicate the merits and enforce its orders. Both filed in knowing violation of Rules 11(b)(1-4) and 28 USC § 1927.

3. **The Immunity Defense Was Never Raised:** In neither of their frivolous and bad faith substantive, merits-based motions did the SBGA Appellees plead, mention, or reserve the right to assert sovereign immunity. This omission was a conscious litigation choice—that is, equitable estoppel.

4. *Lapides v. Board of Regents* **Controls:** The Supreme Court's unanimous decision in *Lapides* is dispositive. It holds that a state entity's voluntary invocation of federal court jurisdiction—such as by removing a case or, as here, by filing motions for dispositive relief—effects a voluntary waiver of Eleventh Amendment immunity. The core rationale of *Lapides* is to prevent the "inconsistency and unfairness" of allowing a state to litigate on the merits and then claim immunity if the tide turns against it, thereby prohibiting states from gaining an unfair tactical advantage.

5. **The Waiver is Conclusive:** By affirmatively seeking relief from this Court, Dkt. 45 and Dkt. 46, without raising their immunity defense, the SBGA Appellees have engaged in the precise litigation conduct that *Lapides* holds to be *a conclusive waiver*. They have submitted to this Court's jurisdiction for all purposes related to this appeal, and they cannot now revoke that submission.

## C. STATEMENT OF THE CASE—ADJUDICATIVE FACTS 1-4.

This actual and knowing waiver arises from the specific litigation conduct of the SBGA Appellees within this appellate proceeding, Case No. 1:25-cv-00613-MLB. The procedural history is straightforward and dispositive:

1. **Voluntary General Appearance:** Following Appellants' filing of their appeal from the Bankruptcy Court, Dkt. 41, the SBGA Appellees, who were formal "interested parties" (see Dkt. 180 (03-93031)) to the order below, Dkt. 278, etc., voluntarily chose to appear in this appeal to allegedly "protect their interests." (paraphrased).

2. **First Affirmative Invocation of Jurisdiction (Dkt. 45):** On June 13, 2025, the SBGA Appellees filed their "STATE BAR APPELLEES' MOTION TO DISMISS APPEAL AS FRIVOLOUS." This motion asked the Court for a final, dispositive, and ***merits-based ruling*** to terminate the appeal entirely. **The motion contained no assertion of, or reservation of rights related to, Eleventh Amendment immunity.**

3. **Second Affirmative Invocation of Jurisdiction (Dkt. 46):** Simultaneously, on June 13, 2025, the SBGA Appellees filed their "STATE BAR APPELLEES' MOTION FOR SANCTIONS PURSUANT TO FED. R. APP. P. 8020." This motion asked the Court to ***exercise its separate and distinct coercive and fact-finding powers*** to impose monetary and other penalties against Appellants. **This motion also contained no assertion of sovereign immunity.**

4. **Failure to Plead:** By choosing to seek dispositive and coercive relief from this Court in two separate motions without asserting their affirmative defense of sovereign immunity, the SBGA Appellees made a general appearance, submitted to this Court's jurisdiction, and irrevocably waived the defense.

## D. REQUESTED RELIEFS: FRE 201(c)(2) JUDICIAL NOTICE AND RULE 201(e) DEMAND TO BE HEARD ON ADJUDICATIVE FACTS 1-4 ABOVE.

Based on the foregoing undisputed facts and the controlling authority of the United States Supreme Court, Appellants respectfully request that this Honorable Court enter an Order granting the following relief:

1. **A Declaration of Waiver:** An Order expressly finding and declaring that the State Bar of Georgia, William D. NeSmith, III, Paula J. Frederick, Nall & Miller, LLP, and Patrick N. Arndt, Esq., have, by their affirmative litigation conduct in this proceeding, irrevocably waived any and all claims to Eleventh Amendment and sovereign immunity.

2. **Jurisdiction Over the SBGA Appellees:** An Order declaring that this Court shall retain personal and subject matter jurisdiction over the SBGA Appellees for all purposes relating to this appeal, including, but not limited to, the adjudication of their conduct and the potential imposition of sanctions against them.

3. **Denial of Pending Motions:** An Order denying the SBGA Appellees' Motion to Dismiss (Dkt. 45) and Motion for Sanctions (Dkt. 46) with prejudice.

4. **Further Relief:** Any and all other and further relief that this Court deems just, equitable, and proper under the circumstances: (i) Take FRE 201(c)(2) mandatory judicial notice of Adjudicative Facts 1-4, and (ii) Rule 201(e) demand to be heard in oral argument regarding taking mandatory judicial notice of Adjudicative Facts 1-4, supra.

# I. INTRODUCTION: A WAIVER EFFECTED BY CALCULATED LITIGATION CONDUCT.

The State Bar of Georgia Appellees ("SBGA Appellees") have committed a foundational and irrevocable procedural error from which they cannot recover: they voluntarily appeared in this appellate proceeding, affirmatively invoked this Court's jurisdiction by seeking dispositive judicial relief and sanctions in two separate motions (Dkt. 45 and Dkt. 46), and failed to raise the affirmative defense of sovereign immunity in either filing. This is not a trivial oversight; it is a textbook waiver by litigation conduct—***equitable estoppel***.

Under the clear and unanimous mandate of the Supreme Court in *Lapides v. Board of Regents of Univ. System of Ga.*, 535 U.S. 613 (2002), ***a state entity that voluntarily invokes the jurisdiction of a federal court waives its Eleventh Amendment immunity***. The SBGA Appellees made a calculated decision to engage this Court on the merits, Dkt. 45 and Dkt. 46, seeking a swift victory through dismissal and sanctions. Having failed in that initial gambit, they cannot now retreat behind the shield of sovereignty they so deliberately cast aside. Their waiver is conclusive, and they are subject to the full authority of this Court.

# II. SOVEREIGN IMMUNITY IS AN AFFIRMATIVE DEFENSE THAT IS FORFEITED IF NOT TIMELY ASSERTED.

The Eleventh Amendment provides states with immunity from suit, ***but this immunity is not self-executing. It is an affirmative defense that must be raised by the party seeking its protection***. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("The Eleventh Amendment...does not automatically destroy original jurisdiction...Rather, the Eleventh

Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so.").[2]

As an affirmative defense, it is subject to forfeiture if not pleaded in a timely manner. The Eleventh Circuit has been clear on this point. "[A] state can waive its Eleventh Amendment immunity...by its affirmative conduct in litigation." *In re Burke*, 146 F.3d 1313, 1318 (11th Cir. 1998). The failure to raise the defense at the appropriate time constitutes such affirmative conduct. By analogy to Federal Rule of Civil Procedure 8(c), which governs affirmative defenses, a party must state any such defense in its first responsive pleading. By filing two substantive, merits-based motions without mentioning immunity, the SBGA Appellees have forfeited the defense.

## III. *LAPIDES v. BOARD OF REGENTS*: THE DISPOSITIVE AUTHORITY ON WAIVER BY VOLUNTARY INVOCATION OF FEDERAL JURISDICTION.

The Supreme Court's unanimous decision in *Lapides* is dispositive of the issue before this Court. Any argument that the SBGA Appellees might now make for immunity is foreclosed by this controlling precedent.

---

[2] "In contrast, the Eleventh Amendment does not automatically destroy original jurisdiction. It grants the State a legal power to assert a sovereign immunity defense. *The State can waive the defense, and a court may ignore the defect unless it is raised by the State*." (emphasis added). Id. at 382; and also see Id. at 389: "The Eleventh Amendment, however, does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense *should it choose to do so. The State can waive the defense*. *Atascadero State Hospital* v. *Scanlon*, 473 U. S. 234, 241 (1985); *Clark* v. *Barnard*, 108 U. S. 436, 447 (1883). Nor need a court raise the defect on its own. *Unless the State raises the matter, a court can ignore it*. See *Patsy* v. *Board of Regents of Fla.*, 457 U. S. 496, 515 (1982). (emphasis added).

## A. The Unanimous Holding and Rationale of *Lapides*

In *Lapides*, a professor sued the Georgia Board of Regents in state court. The state defendants, including the Board, joined in removing the case to federal court. The Supreme Court held that "the State's action of removing a case to federal court waived its Eleventh Amendment immunity." *Lapides*, 535 U.S. at 624. The Court's reasoning was grounded in a long line of cases establishing *that a state's voluntary appearance in federal court constitutes a waiver of its immunity*. *Id.* at 619 (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883); *Gardner v. New Jersey*, 329 U.S. 565, 574 (1947)).

The crucial principle is not the specific procedural mechanism of removal, but the *voluntariness* of the state's action in seeking the federal forum's power. The Court found it would be "anomalous or inconsistent" to allow a state to "invoke" federal jurisdiction and then deny that very jurisdiction when the case turns against it. *Lapides*, 535 U.S. at 620.

## B. The Prohibition Against Unfair Tactical Advantages for the State

A core pillar of the *Lapides* decision is the prevention of litigation gamesmanship. The Court was explicitly concerned that allowing a state to test the federal judicial waters and then claim immunity would "permit States to achieve unfair tactical advantages." *Id.* at 621. The Court warned against a rule that would let a state benefit from a "heads I win, tails you lose" strategy, whereby it could litigate the merits and, if the litigation proved unfavorable, simply withdraw from the court's jurisdiction by belatedly asserting immunity. *See Schacht*, 524 U.S. at 393-94 (Kennedy, J., concurring) (discussing the tactical advantages a State might gain by litigating the merits before asserting immunity).

This is precisely the tactical advantage the SBGA Appellees are attempting to secure here. They sought dispositive rulings in their favor via Dockets 45 and 46. Only now, faced with a robust response from Appellants that exposes their stipulated and judicially admitted racketeering criminal misconduct, do they implicitly suggest they are beyond this Court's power. *Lapides* squarely forbids this maneuver.

### C. The Rejection of Procedural Formalism in Favor of Substantive Action

The *Lapides* court solidified the principle that waiver is effected by "litigation conduct." 535 U.S. at 620. The Court distinguished this type of waiver from the "constructive waivers" it had previously repudiated. The act of filing a motion, removing a case, or otherwise seeking affirmative relief is a concrete, substantive action. It is this conduct—not a state statute or a formal declaration—that affects the waiver. The Court overruled *Ford Motor Co. v. Department of Treasury of Ind.*, 323 U.S. 459 (1945), to the extent it was inconsistent with this principle, ***demonstrating the Court's firm commitment to the rule that a state's voluntary litigation activity in federal court binds it to that forum.***

## IV. APPLICATION: THE SBGA APPELLEES' ACTIONS CONSTITUTE A TEXTBOOK WAIVER UNDER *LAPIDES*.

### A. The Filing of Dockets 45 and 46 Was a Voluntary and Affirmative Invocation of This Court's Jurisdiction.

The SBGA Appellees were not involuntarily dragged into this appeal. They chose to inject themselves into it. Their actions were far more affirmative than the act of removal in *Lapides*.

- **Docket 45 (Motion to Dismiss Appeal):** The SBGA Appellees appeared and asked this Court to exercise its ultimate appellate power—to render a final judgment dismissing the appeal as frivolous. This is a request for a merits-based, dispositive ruling.

- **Docket 46 (Motion for Sanctions):** The SBGA Appellees appeared and asked this Court to exercise its coercive power to make factual findings regarding Appellants' conduct and to impose monetary penalties.

These are not the actions of a party solely protesting jurisdiction. These are the actions of a litigant who has ***voluntarily*** submitted to the Court's authority and is demanding that the Court exercise that authority for its benefit. This is a "voluntary invocation" of federal jurisdiction in its purest form.

## B. The SBGA Appellees' Pursuit of an Unfair Tactical Advantage

The SBGA Appellees' litigation strategy is transparent. They first attempted a quick, dispositive victory on grounds of frivolousness (Dkt. 45) and intimidation (Dkt. 46). In these motions, where an assertion of immunity would have been paramount if genuinely believed, the defense is conspicuously absent. Their failure to raise immunity was not an accident; it was a tactical decision to argue the merits. To allow them to now fall back on an immunity defense would be to sanction the very "inconsistency and unfairness" that *Lapides* was written to prevent.

## C. The Failure to Plead Sovereign Immunity in Their Initial Substantive Filings is Conclusive, and thus, Knowingly Waived—Equitable Estoppel.

The SBGA Appellees had two clear opportunities—in Dkt. 45 and Dkt. 46—to raise their affirmative defense of sovereign immunity. **They chose not to**. They chose instead to engage on the substance of the appeal. This choice has consequences. The waiver is complete. They cannot now, in a reply brief or at a future hearing, revive a defense they have so clearly abandoned through their conduct.

# V. CONCLUSION: THE SHIELD OF SOVEREIGNTY HAS BEEN IRREVOCABLY WAIVED.

The SBGA Appellees made a risky strategic litigation choice. They chose to enter this federal appellate forum not as reluctant participants, but as aggressive movants seeking dispositive relief.[3] In doing so, ***they voluntarily*** invoked this Court's personal jurisdiction and submitted and consented to its authority. Under the unambiguous, unanimous, and controlling precedent of *Lapides v. Board of Regents*, read *in pari materia* with *Espinosa*, 559 U.S. at 272, that voluntary invocation constitutes an irrevocable waiver of Eleventh Amendment immunity. Their failure to raise immunity as an affirmative defense in their initial, defective, substantive motions, Dkt. 45 and Dkt. 46, confirms this waiver. The defense is irrevocably lost. The SBGA Appellees are properly before this Court and are subject to the full measure of its authority to adjudicate their conduct and deny their sanctionable motions.

---

[3] The State Bar of Georgia Appellees ("SBGA") did not merely overlook a deadline—they executed a calculated, fraudulent, bad-faith stratagem—that is, willful and intentional overt and predicate acts in the ongoing Hobbs Act racketeering conspiracy to commit bankruptcy fraud regarding 03-93031, mail and wire fraud, conspiracy, unlawful debt collection activities, perjury, judicial bribery, insurance fraud, money laundering, Hobbs Act extortion, and other racketeering activities. After receiving indisputable *actual* notice of the Chapter 11 proceedings via Appellants' service of Dkt. 180 in the bankruptcy docket on 4 Aug 2022—notice personally delivered by email and U.S. mail to Bar counsel William D. NeSmith III, an officer of this Court, providing actual notice of "interested party" status—the SBGA waited until the Rule 8018(a)(4) briefing deadline had lapsed, defaulting on their merits brief. They then "appeared" only to file Dkts. 45 & 46: a facially unintelligible, contradictory, oxymoronic purported "special-appearance" brief and a Rule 8020(a) oxymoronic sanctions motion that on the one hand, invoked the Court's jurisdictional power while, on the other hand, simultaneously denying its jurisdiction, respectively. This incongruent duplicitous scheme and device flouts *Lapides v. Board of Regents*, 535 U.S. 613, 620 (2002) (voluntary invocation of a federal court's jurisdiction irrevocably waives Eleventh-Amendment immunity), and *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 272 (2010) (actual notice forecloses all collateral jurisdictional attacks). Their conduct squarely violates Fed. R. Civ. P. 11(b)(1)-(4) and 28 U.S.C. § 1927, having been undertaken "unreasonably and vexatiously" to multiply proceedings and to conceal the August 2022 actual notice. Worse, by suppressing that notice, NeSmith and co-counsel Nall & Miller, LLP and Patrick N. Arndt, Esq. ***all knowingly, willfully, recklessly, and fraudulently*** breached the District Court (NDGA) and the Georgia Bar's Rules of Professional Conduct 3.3(a)(1) (complete candor to the tribunal) and 8.4(a), (c) (fraud, misrepresentation, deception, and deceit). The Court should treat the SBGA's filings as nullities, strike Dkts. 45 & 46, and impose the full measure of Rule 11, § 1927, and inherent-power sanctions.

Respectfully submitted, this 18th day of July, 2025.

By: /s/ Ulysses T. Ware

**Ulysses T. Ware**

Attorney in Fact for Appellants

Ulysses T. Ware and Group Management


### CERTIFICATE OF SERVICE

I, Ulysses T. Ware, certify under penalty of perjury that I have this 18th day of July, 2025, served

a true and correct copy of this Supplemental Memo of Law No. 02, and the Filing Memorandum (FM)

herein upon all Appellees via their last known public email account, or via counsel where known, to the

Court, via email to Chambers, and to the Office of the District Clerk via U.S. Mail.

/s/ Ulysses T. Ware


# [End of document]



25 cv 00613 (NDGA)
July 18, 2025  Filed.

• Part 19 Doc. 02-E, 2A-02
• Part 19 Doc. 02-G, 2A-02 Fm
    (Exhibit #2)

From:

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

TO:

The Honorable Michael L. Brown
United States District Judge
United States District Court (NDGA)
Richard B. Russell United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

/s/ Ulysses J. Ware

CLEAR DATE

JUL 2 1 2025

U.S. Marshals Service
Atlanta, GA 30303