FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 7 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Tuesday, November 4, 2025, 10:21:27 AM

Hon. Michael L. Brown
United States District Judge
United States District Court for the Northern District of Georgia
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re: *Ware, et al. v. Alpha Capital, AG, et al.*, No. 1:25-cv-00613-MLB (N.D. Ga.) — Appellants' Pending and Undue Delayed FRE 201(c)(2) Motions for Mandatory Judicial Notice; Request for Judicial Notice Ruling or Notice of Intent to Grant.

Dear Judge Brown and Counsel(s) for Appellees:

I, Ulysses T. Ware, attorney in fact for the Appellants, respectfully request prompt action on the Appellants' long-pending and unduly delayed motions under Federal Rule of Evidence 201(c)(2) for mandatory judicial notice, together with their related submissions and supplements, ***which have now remained unresolved for more than six months***. The Eleventh Circuit has very recently recognized, *In re American Oversight*, 25-13400, 25-13403 (11th Cir. 2025) (Petitions for writ of mandamus), see Appendix A, infra, that comparable multi-month inaction on fully briefed motions constitutes "***undue delay***," and it directed the district court there to resolve the opposed motions within 60 days.[1] That guidance squarely supports immediate disposition here.

## I. Procedural Posture and Precisely Identified Pending Mandatory FRE 201(c)(2) Filings.

Appellants filed and noticed multiple Rule 201(c)(2) mandatory requests, supporting memoranda, and supplements. The following docket entries seek mandatory judicial notice and supplied the Rule 201(c)(2) record the Court needs to enter that mandatory relief:

1. Dkt. 23, 24, and 25 (Apr. 8, 9, 2025): Appellants' **FRE 201(c)(2)(e) Processing Request**.

---

[1] In 25cv00613 (NDGA) Appellants' FRE 201(c)(2) motion for mandatory judicial notice according to the appellate record, all are (i) unopposed by the Appellees, and (ii) are mandatory.

2. Dkt. 28 (Apr. 10, 2025): **Memorandum of Law in Support of Request for Judicial Notice and Right to be Heard** (with Supplement 1.0).

3. Dkt. 31 (Apr. 21, 2025): **Notice of Filing Appellants' Request for Mandatory FRE 201(c)(2) Judicial Notice**.

4. Dkt. 36 (Apr. 21, 2025): **Notice of Filing — Submission of Appellants' Request for Mandatory Judicial Notice (FRE 201(c)(2)) of Specific Adjudicative Facts**.

5. Dkt. 42 (June 2, 2025): **Appellants' Motion for Mandatory Judicial Notice and Demand for Opportunity to be Heard** (submitted to chambers June 20, 2025).

6. Dkt. 49 (July 11, 2025): **Motion for Mandatory Judicial Notice and Rule 201(e) Demand to be Heard** (submitted to chambers July 29, 2025).

As reflected on the docket, Dkt. 42 was submitted to chambers on **June 20, 2025**, and Dkt. 49 was submitted on **July 29, 2025**—yet no hearing has been calendared and no order has issued on these Rule 201(c)(2) mandatory matters. The passage of time since April–July 2025 places these motions well beyond ordinary decision intervals for *__fully-briefed unopposed mandatory evidentiary requests.__*

## II. Governing Law: Rule 201 Requires Action and Provides the Mechanism.

**A.     Mandatory duty.** Rule 201(c)(2) provides that the Court **must** take judicial notice "**if a party requests it and the court is supplied with the necessary information**." (emphasis added). Rule 201(d) permits judicial notice "**at any stage of the proceeding**," and Rule 201(e) *__entitles a party__* (the Appellants), "on timely request, to be heard on the propriety of taking judicial notice and the nature of the fact noticed." The Rule's express text makes the district court's duty mandatory, without exception, once the predicate is satisfied—which, herein, they have been, and guarantees a prompt opportunity to be heard, especially, *__given the circumstances where as is herein all FRE 201(c)(2) motions are unopposed by the Appellees__* and include facts, judicial admissions, and *__factual stipulations judicially admitted by all Appellees in the Joint Stipulated Appellate Record (JSAR) that governs the 25cv00613 appeal__*.

**B.     Application here.** The identified filings (Dkts. 23, 24, 25, 28, 31, 36, 42, 49) provide the precise adjudicative facts and the "necessary information" for notice (JSAR), and Appellants

repeatedly demanded the Rule 201(e) hearing the Rule guarantees. Because Rule 201(c)(2) is phrased in mandatory terms, extended inaction after full submission, without opposition, is incompatible with the Rule's design and prejudices the guaranteed hearing right. Appellants have met all requirements for mandatory judicial notice of the adjudicative facts presented to the Court.[2]

## III. Eleventh Circuit Guidance on "Undue Delay" Compels Timely Disposition.

Very recently, November 3, 2025, in *In re American Oversight,* No. 25-13400, and *In re Knight First Amendment Institute*, No. 25-13403,[3] the Eleventh Circuit held that a district court's months-long inaction on fully briefed motions constituted **"undue delay."** The court **held the mandamus petitions in abeyance for 60 days** and *directed the district court to fully resolve the pending motions within that period.* This is a clear, current, and authoritative signal that multi-month inaction on fully briefed motions exceeds permissible bounds.

The Eleventh Circuit's order is particularly salient: Petitioners there notified the district court that their motions had been fully briefed for more than 90 days; the court had not ruled; the Eleventh Circuit found "undue delay" and set a 60-day resolution window. The same principle applies here: *Appellants' motions and requests (initially noticed in April 2025 and formally moved in June–July 2025) have been fully submitted for well more than 90 days. Prompt disposition is therefore warranted*.

Related Eleventh Circuit precedent underscores the mandamus standard and the judiciary's supervisory authority when delay or inaction frustrates core procedural rights. While mandamus is "a drastic and extraordinary remedy," it is available where no other adequate means exist and where a clear and indisputable right is shown. See *In re Wellcare Health Plans, Inc.*, 754 F.3d

---

[2] Appellants respectfully submit that the Court's non-disposition of the Rule 201(c)(2) applications (Dkts. 23, 24, 25, 28, 31, 36, 42, 49)—despite the absence of any opposing paper filed by any Appellee—is not docket housekeeping but an intentional and deliberate refusal—*actual bias, actual prejudice, and the appearance of bias and prejudice*, **to perform *a ministerial duty* embedded in the Rule's mandatory verb "must."** Rule 201 imposes no adversarial burden once the movant supplies sources "whose accuracy cannot reasonably be questioned"; **it obliges the Court either to take notice or timely convene the hearing guaranteed by Rule 201(e)**. Months of silence accomplish neither. In this Circuit, prolonged inaction on fully submitted, outcome-shaping motions is treated as undue delay tantamount to a failure to exercise jurisdiction. The prejudice here is concrete: judicial notice fixes the evidentiary frame for an appellate proceeding, determines which facts are treated as indisputable, and narrows the issues for review. When the record reflects no counter-brief and the Rule's predicates are satisfied, withholding a ruling functions as a constructive denial that defeats the very accuracy, economy, and procedural fairness Rule 201 was designed to secure, in a timely, reasoned written order.

[3] See Appendix A, infra, for a copy of the Court's Order entered in 25-13400, 25-13403 (11th Cir.) finding "undue delay" by the district court.

1234, 1238 (11th Cir. 2014) (articulating traditional factors), and *Drummond Co. v. Terrance P. Collingsworth* (In re Scarola/Drummond), No. 14-15722 (11th Cir. Mar. 15, 2016) (order) (reiterating that mandamus lies for clear abuses and directing the district court's attention to unresolved issues).

The Supreme Court's classic mandamus framework in *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004), further emphasizes that courts must ensure parties have adequate means to relief and that ***clear legal entitlements are not thwarted by procedural stalemate***—principles that support prompt adjudication of mandatory Rule 201 requests.

## IV. Prejudice and Irreparable Harm from Continued Delay.

Appellants' FRE 201 requests concern **adjudicative facts** that go to threshold legal issues repeatedly flagged in the appellate submissions, including matters intertwined with the integrity of the record on appeal and the parties' due-process rights. Rule 201 is explicit that judicial notice may be taken "at any stage," precisely to avoid prejudice from delay in acknowledging indisputable facts. Prolonged inaction inflicts concrete harms:

1. **Denial of the Rule-Guaranteed Hearing Right:** Appellants have a textually grounded entitlement to be heard on the propriety and scope of judicial notice. The absence of a Rule 201(e) setting for months has effectively denied that right.
2. **Record Integrity in an Appellate Proceeding:** This court is sitting in its appellate capacity over the bankruptcy court; the accuracy and completeness of adjudicative facts noticed under Rule 201 directly affect the appellate record and the framing of issues. Delay forestalls a clean, accurate record for decision.
3. **Systemic Timeliness Interests and Due Process:** The Eleventh Circuit's recent order reflects institutional concerns with multi-month inaction on fully briefed motions. The same concerns apply here, where dispositive or clarifying evidentiary rulings have been pending since the spring and early summer of 2025.

## V. Requested Relief.

To align this matter with Rule 201 and with the Eleventh Circuit's recent guidance on undue delay, Appellants respectfully request that the Court:

1. **Issue a Notice of Intent to Grant Judicial Notice.** Within 14 days, docket a brief notice and Order for the record stating the Court's intent to grant judicial notice under **FRE 201(c)(2)** as to the specific adjudicative facts identified in Dkts. **23, 24, 25, 28, 31, 36, 42, and 49**.

2. **Alternatively, Set a Prompt Rule 201(e) Hearing.** If the Court prefers, enter an Order setting a Rule 201(e) hearing **within seven (7) days** limited to (a) the propriety of judicial notice and (b) the precise tenor of the facts to be noticed, and then enter a written order within **three (3) days** thereafter.

This schedule squares with the Eleventh Circuit's contemporary benchmark (60-day outer limit after a finding of undue delay) and vindicates the mandatory text of Rule 201(c)(2) and (e).

## VI. Conclusion.

The Federal Rules of Evidence *make judicial notice mandatory* when, as here: (I) a party has requested it and (II) supplied the necessary information; (III) they also entitle the requesting party to be heard without protracted delay. The Eleventh Circuit has now explicitly recognized that multi-month inaction on *fully briefed motions, here unopposed,* constitutes **undue delay** warranting immediate resolution.

Respectfully, Appellants ask the Court to either issue a notice of intent to grant the requested judicial notice or promptly set a Rule 201(e) hearing and enter an order within ten (10) days from November 4, 2025.

Respectfully submitted,

*/s/ Ulysses T. Ware*, attorney in fact for the Appellants

November 4, 2025

## Appendix A—Court of Appeals' Order Finding "Undue Delay."

In the

# United States Court of Appeals

### For the Eleventh Circuit

---

No. 25-13400

---

In re: AMERICAN OVERSIGHT,

                                             *Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Florida
D.C. Docket No. 9:23-cr-80101-AMC-1

---

No. 25-13403

---

In re: KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY,

                                             *Petitioner.*

2                          Order of the Court                    25-13400

---

On Petition for Writ of Mandamus to the
United States District Court for the
Southern District of Florida
D.C. Docket No. 9:23-cr-80101-AMC-1

---

Before JILL PRYOR, GRANT, and ABUDU, Circuit Judges.

BY THE COURT:

Before the Court are related petitions for writs of mandamus, which request relief in relation to Petitioners' pending motions to intervene to seek vacatur of the district court's January 21, 2025, order barring release of Volume II of the Special Counsel's Final Report.

Petitioners filed their motions on February 14 and February 24, 2025, and filed notification on July 7 and July 10, 2025, informing the district court that their motions had been fully briefed for more than 90 days. To date, the district court has not ruled or conducted any other further proceedings on the pending motions.

Accordingly, Petitioners have established undue delay in resolution of their motions to intervene and the petitions for writs of mandamus are HELD IN ABEYANCE for a period of 60 days to allow the district court to fully resolve the motions.

# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260 • utware007@gmail.com

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

Ware, et al., Appellants
v.
Alpha Capital AG, et al., Appellees
Case No. **1:25-cv-00613-MLB**

## CERTIFICATE OF SERVICE

I, Ulysses, attorney in fact for the Appellants, hereby certify as follows:

1. **Service on the Office of the District Clerk (N.D. Ga.).** On **November 4, 2025**, I caused a true and correct copy of the Appellants' Letter titled **"Request for Immediate Disposition of Appellants' Pending Motions for Mandatory Judicial Notice Pursuant to Fed. R. Evid. 201(c)(2)"** to be **submitted to the Office of the District Clerk** for the Northern District of Georgia by **Priority U.S. Mail** addressed to:

   **Office of the District Clerk (N.D. Ga.)**
   2211 United States Courthouse
   75 Ted Turner Drive, SW
   Atlanta, GA 30303.

2. **Service on Appellees / Counsel of Record (Email).** On **November 4, 2025**, I served the same Letter by **email** upon **all Appellees and/or their counsel of record** at their **CM/ECF and public email addresses of record**, thereby providing **actual notice** to all interested parties, including but not limited to the following counsel and parties identified on the docket:

- Patrick N. Arndt, Leigh Burgess, Paula Fredrick, Jonathan Hewett, Michael D. Hostetter, Jenny Mittlemen, William Alan Myers, Adrienne Nash, William D. Nesmith, III, and the **Office of the General Counsel, State Bar of Georgia**;
- **Office of the Chief Justice, Supreme Court of Georgia** (c/o Office of the General Counsel, State Bar of GA, Mr. William D. NeSmith, Esq.)
- **Nall & Miller, LLP** (through its appearing attorneys of record);
- Any additional Appellee counsel appearing of record in Case No. 1:25-cv-00613-MLB.
- Kilpatrick, Townsend, & Stockton, LLP, Wab Kadaba, J. Henry Walker, IV, Dennis S. Meir, John W. Mills, III; and their clients, the Hobbs Act, predatory, criminal usury debt collecting 02cv2210 (SDNY) unregistered broker-dealers, et al.
- Baker & McKenzie, LLP, Lawrence B. Madala, Thomas A. Leghorn.
- Alexander H. Southwell, Marlon G. Kirton, Michael H. Dolinger, Nicholas S. Goldin, Maria E. Douvas, Steven D. Feldman, Andre Damian Williams, Jr., David N. Kelley, Michael J. Garcia, Wendy L. Hagenau, Barbara Ellis-Monro, the Office of the U.S. Trustee, Mary Ida Townson, Jeneane Treace, James H. Morawetz, Thoams W. Thrash, Jr., Edward T.M. Garland, Donald F. Samuel, Manibur S. Arora, David Levitt, Robin Loeb, Garland, Samuel, & Loeb, P.C., Michael F. Bachner, Janice Singer, FINRA, (all appellees employed by FINRA), James Ted Turner, QBE Insurance Company, Crum & Forster Insurance Company, Office of the Georgia Insurance Commissioner, John F. King, for John Doe Insurance Companies; and individually and personally.

Service was effected to the **email addresses listed in the Court's CM/ECF system** for each recipient.

I declare under penalty of perjury that the foregoing is true and correct. Executed on **November 4, 2025**, in **Brooklyn, New York**.

/s/ Ulysses T. Ware

*Ulysses T. Ware*
Ulysses T. Ware
Attorney in Fact for the Appellants

[End of document]

Ware, et al. v. Alpha Capital, AG, et al.
25 cv 00613 (NDGA)
Nov. 4, 2025 (mailed)

FROM:
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226

TO:
Office of the District Clerk (NDGA)
U.S. District Court, 2211 Rm
75 Ted Turner Dr.
Atlanta, GA 30303