# The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 10 2025

KEVIN P. WEIMER, Clerk
By
         Deputy Clerk
Matthew H

Friday, November 7, 2025, 11:00:58 AM

Hon. Michael L. Brown
United States District Judge
United States District Court for the Northern District of Georgia
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

Re: *Ware, et al. v. Alpha Capital, AG, et al.*, No. 1:25-cv-00613-MLB (N.D. Ga.) — Appellants' Pending and Undue Delayed FRE 201(c)(2) Motions for Mandatory Judicial Notice; Request for Judicial Notice Ruling or Notice of Intent to Grant.

Dear Judge Brown and Counsel(s) for Appellees:

    I, Ulysses T. Ware, attorney in fact for the Appellants, respectfully submit the attached **Appellate FRE 201(c)(2) Mandatory Judicial Notice Memorandum**, which sets forth controlling law confirming that appellate courts—particularly those reviewing bankruptcy appeals—must take judicial notice of adjudicative facts that bear directly on **Article III subject-matter jurisdiction**, including **mootness, ripeness, standing, and redressability.**

    The adjudicative facts for which mandatory judicial notice is requested go to the jurisdictional validity—lawfulness, of the underlying judgments and orders issued in *02-cv-2219 (S.D.N.Y.)* and *03-93031 (Bankr. N.D. Ga.)*, the latter being the Chapter 11 proceeding from which the **Joint Stipulated Appellate Record (JSAR)** arises. These facts include evidence of predicate acts constituting **Class E felonies** under N.Y. Penal Law § 190.40 (predatory criminal usury), and related **Racketeer Influenced and Corrupt Organizations Act (RICO)** violations under 18 U.S.C. §§ 2, 156–57, 371, 1341, 1343, 1344, 1951(a), 1956–57, 1961(6)(B), and 1962(a)–(d).

    The JSAR (joint-stipulated, judicially-certified appellate record) established an indisputable ***conspiracy and a pattern of racketeering activities***—a criminal enterprise operating for unlawful debt collection, money laundering, Hobbs Act extortion, conspiracy, racketeering conspiracy, conspiracy to commit bankruptcy fraud, mail, wire,

and bank fraud conspiracy, and securities fraud activities regarding (GX 1–4) and an associated contract (GX 5)—null and void ab initio, predatory, criminal usury, unlawful debts, forming a continuing and ongoing scheme and conspiracy to obstruct justice, commit a fraud on the court, and conspiracy to commit bankruptcy fraud in the *03-93031 (BC NDGA) Chapter 11* proceedings by the Appellees and their legal counsels, the Atlanta firm **Kilpatrick Townsend & Stockton, LLP**, in concert with officials of the Office of the U.S. Trustee (N.D. Ga.), including **James H. Morawetz, Esq.**, et al., and other officers of the court, including the SBGA Appellees and the Chief Justice of the Supreme Court of Georgia, and other both known and unknown, jointly and severally, personally and individually, a continuing criminal enterprise as defined in 18 USC 1961(4) These predicate acts, certified as involving unregistered broker-dealer activity by **FINRA** on May 17, 2021, fall squarely within the jurisdictional scope of the Appellants' pending FRE 201(c)(2) motions.

To date, **no Appellee has filed any opposition** to these pending motions or to any supplemental submissions. Under **Federal Rule of Evidence 201(c)(2)**, once a party has requested judicial notice and supplied the necessary information—which the Appellants have, "the court **must** take judicial notice." Because the Appellants have fully satisfied every statutory predicate, and the motions remain unopposed, the Court is legally obligated to enter the requested relief without further delay. See *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981); *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978); *Dakota County v. Glidden*, 113 U.S. 222, 225 (1885). As the record demonstrates, these adjudicative facts directly affect the Court's jurisdiction and the lawfulness of the orders appealed from. Failure to acknowledge them would perpetuate the effects of void and criminally-tainted proceedings that offend both federal and state law.

Appellants therefore respectfully request that the Court promptly:

1. Enter a **Notice of Intent to Grant** the Appellants' unopposed FRE 201(c)(2) motions; or
2. In the alternative, set an immediate Rule 201(e) hearing limited to the propriety and scope of judicial notice.

Given the passage of time and the Eleventh Circuit's explicit guidance against "undue delay" in acting upon fully-briefed unopposed motions (*In re American Oversight*, Nos. 25-13400 & 25-13403 (11th Cir. Nov. 3, 2025)), prompt disposition is warranted to preserve judicial integrity and to ensure compliance with Rule 201's mandatory provisions.

Respectfully submitted,

/s/ **Ulysses T. Ware**
Attorney in Fact for the Appellants
*Ulysses Q. Ware* (signature)

Page **2** of **11**
Friday, November 7, 2025
(02) Supplement A to Nov. 4, 2025, Letter to the District Court re: Pending FRE 201(c)(2) Motions for Judicial Notice.

Brooklyn, New York
November 7, 2025

# Mandatory Appellate Judicial Notice
# of Jurisdictional Facts under FRE 201(c)(2)

A. Governing Law—the Legal Standard.

Federal Rule of Evidence 201 authorizes courts to take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are either:

(1) generally known within the court's territorial jurisdiction or

(2) capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

The rule further provides that a court "may take judicial notice on its own," and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1)–(2). Crucially, Rule 201(d) authorizes the court to take judicial notice "*at any stage of the proceeding*," <u>encompassing both trial and appellate review</u>.

This breadth has long been recognized in federal jurisprudence. Appellate courts **routinely take judicial notice of facts bearing on their own jurisdiction**—*including facts showing mootness, loss of standing, or other post-judgment developments—because they have an independent duty to confirm jurisdiction at all stages.* See *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) ("An appellate court may take judicial notice of facts that affect its jurisdiction, such as facts indicating that the appeal has become moot."); *General Elec. Capital Corp. v.*

*Lease Resolution Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997) (recognizing that judicial notice may be taken at any stage, including appeal, of matters of public record); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (approving judicial notice of SEC [and FINRA] filings as public records).

The principle predates the Federal Rules. As early as *Dakota County v. Glidden*, 113 U.S. 222, 225, 5 S. Ct. 428, 28 L. Ed. 981 (1885), the Supreme Court held that ***an appellate court could take notice of the dismissal of a related action in the same court <u>because that fact rendered the appeal moot</u>***. Id. at 225. The Court explained that when *"the subject-matter of the suit is gone, the appeal is also gone,"* and ***<u>judicial notice of the record establishing that fact was proper</u>***. Id. (emphasis added).

Similarly, in *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978), the Fifth Circuit reaffirmed that a federal court "may take judicial notice of its own records or of those of inferior courts, [02cv2219 (SDNY), Dkt. 90, Rule 41(a)(2) voluntary dismissal order/final judgment (Sand, J.)]" ***<u>particularly when the noticed record evidences a settlement that may moot the case</u>***.[1]

---

[1] Prior to the creation of the Eleventh Circuit in 1981, all federal district courts within Alabama, Georgia, and Florida were governed by precedent of the former Fifth Circuit. Under the binding precedent rule established in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), all published decisions of the Fifth Circuit handed down before October 1, 1981, are binding precedent in the Eleventh Circuit. Accordingly, *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260 (5th Cir. 1978), remains controlling law on the Northern District of Georgia and its bankruptcy court in case No. 25-cv-00613 (NDGA).

This interpretation is fully consistent with the leading treatise on the Federal Rules of Evidence, which explains that "appellate courts have frequently taken judicial notice of both adjudicative and legislative facts presented for the first time on appeal, including events occurring after judgment that bear upon mootness or jurisdiction." Stephen A. Saltzburg, Michael M. Martin & Daniel J. Capra, Federal Rules of Evidence Manual § 201.02[3] (10th ed. 2011).

B. Application to This Appeal

In the instant appeal, 25cv00613 (NDGA) (Brown, J.), the Appellants have filed several motions, see (01) Nov. 4, 2025, letter to the District Court, that requested that this Court take **mandatory judicial notice** under FRE 201(c)(2) of adjudicative facts contained in official court records—specifically, orders, docket entries, and filings in related proceedings[2]—which conclusively demonstrate (1) the occurrence of subsequent settlements and ***stipulations***, (2) ***the entry of orders disposing of claims that are the subject of this appeal***, and (3) ***facts bearing directly on Article III jurisdiction and mootness***. These court records contained in the 25cv00613 (NDGA) appellate judicially-certified JSAR fall squarely within the category of facts "capable of accurate and ready determination" from sources "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

---

[2] See JSAR, Dkt. 5-13 and 5-14, 25cv00613 (NDGA)—judicially certified joint stipulated appellate record.

Judicial notice of such materials is not discretionary once properly requested and supported. FRE 201(c)(2) makes the court's duty mandatory when "a party requests [notice] and the court is supplied with the necessary information." Id. Because the Appellants have supplied certified copies and docket citations from federal court records—materials that courts universally recognize as self-authenticating under Fed. R. Evid. 902(4)—this Court is compelled to take notice.

Moreover, the nature of the facts sought to be noticed mirrors those in *ITT Rayonier* and *Kinnett Dairies*: facts demonstrating that post-judgment events have rendered aspects of the appeal moot or have extinguished the case or controversy. In *Kinnett Dairies*, the Fifth Circuit **approved notice of a dismissal order³** and settlement reached in the same district, even though those documents were not part of the record, **because their authenticity was beyond dispute and their effect potentially dispositive**. 580 F.2d at 1277 n.33. Likewise, in *ITT Rayonier*, the

---

³ Cf., 25cv00613 (NDGA) JSAR Dkt. 5-13 pp. 46-47: Dec. 20, 2007, Dkt. 90, 02cv2219 (SDNY) (Sand, J.) (deceased) entry of final judgment on behalf of the Appellants— **the final judgment prevailing parties**, see *Federated Dept. Stores*, 452 U.S. at 398, 401-02, and *L-3 Comm'cs EOTech*, 921 F.3d at 18-19 n(collecting cases), pursuant to Fed. R. Civ. P. 41(a)(2), **voluntarily requested** by Appellees, **after the statute of limitation had run on all claims in 02cv2219 (SDNY)**, i.e., a final judgment on the merits which mooted (i) 02cv2219 (SDNY), (ii) the Appellees' bogus and fraudulent alleged claims and Article III standing in both 02cv2219 and 03-93031 (BC NDGA), Chapter 11, and (iii) Article III standing to participate in the 25cv00613 (NDGA) appeal. *Dakota County*, 113 U.S. at 225 (when "the subject matter [02cv2219 (SDNY), 03-93031 (BC NDGA), and 04cr1224 (SDNY), government trial exhibits, GX 1-4 and GX 5, null and void ab initio, unenforceable, predatory criminal usury unlawful loan sharking debts, **class E felonies** pursuant to NYS Penal Law, section 190.40] of the suit [02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), and 22cv10566 (SDNY)] is gone, **the appeal [25cv00613 (NDGA); and 09-0851 and 23-865 (2d Cir.)][are] also gone**."). (emphasis added).

appellate court itself, **sua sponte**, took notice of jurisdiction-affecting facts. 651 F.2d at 345 n.2. Here, the record materials demonstrating subsequent ***stipulated judgments and settlements are equally indisputable and thus proper for notice***.

### C. Doctrinal Summary

1. Authority: Appellate courts possess inherent power and obligation to notice facts affecting jurisdiction. *ITT Rayonier*, 651 F.2d at 345 n.2; *Dakota County*, 113 U.S. at 225-26.[4]

2. Scope: Judicial notice may encompass a court's own records and those of other federal courts. *Kinnett Dairies*, 580 F.2d at 1277 n.33.

3. Timing: Rule 201(d) expressly permits notice "**at any stage of the proceeding**," including appellate review.

---

[4] "The case is one in which the subject-matter of the suit is gone, and, with it, the foundation of the appeal. The bonds and coupons in question have been surrendered and canceled. ***The controversy which once existed between the parties has ceased to exist***. There is, therefore, nothing upon which the judgment of this Court can operate. It has been the settled practice of this Court, from the earliest times, to dismiss a writ of error or an appeal when, by reason of the acts of the parties or other causes, it has become impossible to grant any effectual relief whatever. When the thing sought to be accomplished by the suit has been done, or has become impossible, the court will not proceed to a formal judgment merely to settle questions of law which no longer rest upon existing facts. The duty of this Court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Dakota Cnty. v. Glidden*, 113 U.S. 222, 225–26 (1885) (emphasis added).

4. Mandatory Character: Rule 201(c)(2) obliges the court to take notice when properly requested and supported.

5. Fairness: Rule 201(e) guarantees a party an opportunity to be heard, thereby satisfying due-process concerns.

D. Conclusion

Accordingly, the Appellants respectfully submit that this Court is required by law to take judicial notice, pursuant to FRE 201(c)(2) and (d), of the adjudicative facts presented in the FRE 201(c)(2) motion currently pending before the court since April 2025. These facts are drawn from official court records whose authenticity is not in dispute and bear directly on the Court's jurisdiction, including mootness and the existence of a live case or controversy.[5] Consistent with *ITT Rayonier*, *Kinnett Dairies*, *Dakota County*, and the authoritative interpretation set forth in the Federal Rules of Evidence Manual, judicial notice is not merely permissible but essential and mandatory to proper appellate adjudication of this moot appeal. *Steel Co.* 523 U.S. at 93-95.

Respectfully submitted by:

Ulysses T. Ware, attorney in fact for the Appellants.

*/s/ Ulysses T. Ware*

---

[5] Federal trial and appellate courts possess Article III inherent power, judicial duty, and constitutional obligation to notice facts affecting jurisdiction (i.e., mootness, ripeness, standing, and redressability). *ITT Rayonier*, 651 F.2d at 345 n.2; *Dakota County*, 113 U.S. at 225-26.

/s/ Ulysses T. Ware

November 7, 2025

# Certificate of Service

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify that on **November 7, 2025**, I caused a true and correct copy of this Letter and the accompanying **Appellate FRE 201(c)(2) Mandatory Judicial Notice Memorandum** to be:

1. **Submitted to the Office of the District Clerk (N.D. Ga.)** by U.S. Priority Mail for filing and docketing in 25cv00613 (NDGA) addressed to:

   Office of the District Clerk (N.D. Ga.)
   2211 United States Courthouse
   75 Ted Turner Drive, SW
   Atlanta, GA 30303

2. **Served on all Appellees and/or their counsel of record** by email through CM/ECF and public addresses listed on the docket, thereby providing actual notice to all interested parties, including:
   Kilpatrick Townsend & Stockton, LLP; Baker & McKenzie, LLP; Alexander H. Southwell; FINRA registered representatives; and the Office of the U.S. Trustee (N.D. Ga.).
3. **A courtesy copy of (01) Nov. 4, 2025, letter, and (02) Memorandum were sent to the Office of the District Judge (Brown, J.) via email**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 7, 2025**, in Brooklyn, New York.

/s/ **Ulysses T. Ware**
Attorney in Fact for the Appellants

*Ulysses 2. Ware*

**[End of document]**












USPS Priority Mail shipping label.

Handwritten annotation: "25 CV 00613 (NDGA) - 11.07.25 mailed."

NOV 07, 2025 — 30303 — $11.90 — RDC 03 — 0 Lb 3.50 Oz — S2324P506259-27

FROM:
25 CV 00613 (NDGA)
11.07.25
The Office of Ulysses T. Ware
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226

TO:
Office of the District Clerk
U.S. District Court (NDGA)
75 Ted Turner Dr.
Atlanta, GA 30303

EXPECTED DELIVERY DAY: 11/10/25
USPS TRACKING #: 9505 5141 9266 5311 3344 70

CLEARED SECURITY — NOV 1 0 2025 — MAIL MATERIALS SERVICE — Atlanta, Georgia