Case No. 1:25-cv-00613-MLB

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 09 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

**ULYSSES T. WARE and GROUP MANAGEMENT,**

Appellants,

v.

**ALPHA CAPITAL AG, QBE INSURANCE CORP, CRUM & FORSTER INSURANCE CORP, KILPATRICK, TOWNSEND, & STOCKTON, LLP, BAKER & MCKENZIE, LLP, THOMAS A. LEGHORN, LAWRENCE B. MANDALA, NALL & MILLER, LLP., PATRICK N. ARNDT, THE STATE BAR OF GEORGIA, OFFICE OF THE GENERAL COUNSEL, ALEXANDER H. SOUTHWELL, MARLON G. KIRTON, NIELS S.D. PETERSON, STEVEN D. FELDMAN, MICHAEL H. DOLINGER, DAVID N. KELLEY, MICHAEL J. GARCIA, NICHOLAS S. GOLDIN, MARIA E. DOUVAS, JEFFREY B. NORRIS, EDWARD T.M. GARLAND, MANIBUR S. ARORA, DENNIS S. MEIR, JOHN W. MILLS, III, J. HENRY WALKER, IV, WAB KADABA, KENNETH A. ZITTER, et al.,**

Appellees.

---

Case No. 25cv00613 (NDGA)

**APPELLANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF PENDING UNOPPOSED MOTIONS FOR MANDATORY JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(c)(2): INVOCATION OF LOCAL RULE (NDGA) 7.1(B)**

---

Respectfully submitted,

/s/ Ulysses T. Ware

**ULYSSES T. WARE**
Attorney in Fact for the Appellants
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
Tel: (718) 844-1260
Email: utware007@gmail.com

Dated: Monday, January 5, 2026, 11:33:52 AM
Brooklyn, New York

Case No. 1:25-cv-00613-MLB

# Table of Contents

INTRODUCTION ................................................................................................... 3

PROCEDURAL BACKGROUND ......................................................................... 3

ARGUMENT .......................................................................................................... 5

I. LOCAL RULE 7.1(B) DEEMS THE APPELLEES' FAILURE TO RESPOND AS AN INDICATION OF NON-OPPOSITION. ........................................................ 5

II. FEDERAL RULE OF EVIDENCE 201(c)(2) MANDATES THAT THE COURT TAKE JUDICIAL NOTICE WHEN A PARTY REQUESTS IT AND SUPPLIES THE NECESSARY INFORMATION. ............................................................................ 6

III. THE CONVERGENCE OF LOCAL RULE 7.1(B) AND FRE 201(c)(2) COMPELS IMMEDIATE RELIEF. ......................................................................... 7

IV. THE ELEVENTH CIRCUIT'S RECENT GUIDANCE ON 'UNDUE DELAY' FURTHER SUPPORTS IMMEDIATE DISPOSITION. ...................................... 8

CONCLUSION ....................................................................................................... 8

CERTIFICATE OF SERVICE ............................................................................ 10

[End of document] ............................................................................................... 10

Case No. 1:25-cv-00613-MLB

# INTRODUCTION

Appellants Ulysses T. Ware and Group Management (collectively, 'Appellants') respectfully submit this Supplemental Brief to invoke Local Civil Rule 7.1(B) of the Northern District of Georgia in further support of their 'undue delayed', pending, ***unopposed motions*** for mandatory judicial notice under Federal Rule of Evidence 201(c)(2). This submission supplements Appellants' prior filings at Case No. 25cv00613 (NDGA) Docket Entries 23, 24, 25, 28, 31, 36, 42, and 49, and demonstrates that all Appellees have knowingly, willfully, with the advice of counsel, and with actual knowledge, procedurally defaulted by their failure to appear and file any opposition within the time prescribed by this Court's local rules.

For over eight (8) months, the Appellees have failed to appear, and individually, and collectively, none have appears, and ***all have failed to file any oppositional response*** to any of 'undue delayed' Appellants' Rule 201(c)(2) motions for mandatory judicial notice of the adjudicative facts presented. Under Local Rule (NDGA) 7.1(B), this silence and nonresponse constitutes an affirmative indication of non-opposition. Combined with the mandatory directive of Federal Rule of Evidence 201(c)(2)--which provides that the Court '*must*' take judicial notice if a party requests it and the court is supplied with the necessary information-- ***the Court is now obligated to grant the unopposed relief sought without further delay***.

# PROCEDURAL BACKGROUND

Beginning in April 2025, Appellants filed a comprehensive series of motions and supporting memoranda requesting mandatory judicial notice of adjudicative facts contained in the Joint Stipulated Appellate Record ('JSAR') and other agency (e.g., FINRA's May 17, 2021, Unregistered broker-dealer certification of specific, predatory, loan sharking Appellees)[1] and

---

[1] FINRA's May 17, 2021, certification (see JSAR Dkt. 5-13 at pg. 48) constitutes a dispositive, definitive, and authoritative federal agency factual determination that the specific Appellees— clients of Atlanta, GA law firm, Appellee, Kilpatrick, Townsend, & Stockton, LLP, (see

certified court records (e.g., Dec. 20, 2007, Dkt. 90, Case No. 02-cv-2219 (SDNY) voluntary ***Rule 41(a)(2) dismissal with prejudice*** of the underlying lawsuit).[2] These filings, submitted in strict compliance with Federal Rule of Evidence 201(c)(2), include:

> 1. Docket Entries 23, 24, 25 (April 8-9, 2025): FRE 201(c)(2)(e) Processing Request;
>
> 2. Docket Entry 28 (April 10, 2025): Memorandum of Law in Support;
>
> 3. Docket Entry 31 (April 21, 2025): Notice of Filing Request for Mandatory Judicial Notice;
>
> 4. Docket Entry 36 (April 21, 2025): Submission of Request for Specific Adjudicative Facts;
>
> 5. Docket Entry 42 (June 2, 2025): Motion for Mandatory Judicial Notice and Demand to be Heard;

---

25cv00613 (NDGA) JSAR Dkt. 5-2, KTS' entry of appearance for each unregistered broker-dealer) knowingly and willfully have, in the United States, (i) since 2000 continuously, without interruption have knowingly and willfully trafficked in predatory, criminal usury (loan sharking) null and void ab initio, convertible promissory debt instruments (GX 1-4), (ii) engaged in Hobbs Act predicate and racketeering criminal enterprise activity, and (iii) have knowingly and willfully operated as unregistered broker-dealers in violation of Section 15(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a). This agency factual certification—a quintessential adjudicative fact subject to mandatory judicial notice under FRE 201(b)(2) as an official agency record "whose accuracy cannot reasonably be questioned"—establishes that the underlying transactions (GX 1–4) were consummated by criminal entities lacking legal capacity to lawfully engage in securities activities. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (approving judicial notice of SEC and FINRA filings). ***The jurisdictional significance is dispositive***: parties in 02-cv-2219 (SDNY) and 03-93031 (Bank Ct., NDGA), Chapter 11, ***whose claims arise from transactions they lacked statutory authorization to consummate ipso facto, as a matter of law and fact cannot demonstrate the "legally cognizable injury" required for Article III standing***. *See Warth v. Seldin*, 422 U.S. 490, 500 (1975). Therefore, all such claims are ultra vires, and all relief granted is null and void ab initio, and advisory. *Steel Co.*, 523 U.S. at 94-95.

[2] The December 20, 2007, Rule 41(a)(2) ***voluntary dismissal with prejudice*** in *Alpha Capital AG, et al. v. Group Management Corp., et al.*, No. 02-cv-2219 (S.D.N.Y.) (Sand, J.), (see JSAR Dkt. 5-13 at pp 46-47) operates as a final adjudication on the merits, extinguishing the controversy, and all alleged claims the Appellees possessed against Appellants. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); Fed. R. Civ. P. 41(a)(2). Critically, this dismissal—voluntarily requested by Appellees ***after the statute of limitations had expired on all claims—rendered Appellants the final judgment "prevailing parties"*** under *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398-402 (1981). The jurisdictional consequence is absolute: Appellees cannot now assert Article III standing predicated upon claims they voluntarily relinquished with prejudice. *Dakota County v. Glidden*, 113 U.S. 222, 225 (1885) ("The controversy which once existed between the parties has ceased to exist.").

      6. Docket Entry 49 (July 11, 2025): Motion for Mandatory Judicial Notice and Rule 201(e) Demand.

***To date--over eight (8) months since the earliest filing--no Appellee has filed any opposition, response, or objection to any of these motions.*** The fourteen-day response deadline established by Local Rule 7.1(B) has long since expired for each and every filing. Accordingly, under the express terms of this Court's local rules, the Appellees have indicated that there is no opposition to the requested relief.

# ARGUMENT

## I. LOCAL RULE 7.1(B) DEEMS THE APPELLEES' FAILURE TO RESPOND AS AN INDICATION OF NON-OPPOSITION.

Local Civil Rule 7.1(B) of the Northern District of Georgia provides, in mandatory terms:

> *Any party opposing a motion **shall** serve the party's response, responsive memorandum, affidavits, and any other responsive material not later than fourteen (14) days after service of the motion . . . .* **Failure to file a response shall indicate that there is no opposition to the motion.** N.D. Ga. L.R. 7.1(B) (emphasis added).

The Rule's language is unambiguous. The verb 'shall' denotes a mandatory directive, and the phrase '*shall indicate that there is no opposition*' creates ***a dispositive procedural consequence*** for failure to respond within the prescribed time. This is not merely a permissive inference; it is an affirmative declaration by operation of the local rules that the opposing party has indicated non-opposition through silence.

Here, the following chart demonstrates the procedural default of each Appellee:

| Dkt.       | Date Filed     | 14-Day Deadline   | Response Filed |
|------------|----------------|-------------------|----------------|
| 23, 24, 25 | Apr. 8-9, 2025 | Apr. 22-23, 2025  | None           |
| 28         | Apr. 10, 2025  | Apr. 24, 2025     | None           |
| 31         | Apr. 21, 2025  | May 5, 2025       | None           |
| 36         | Apr. 21, 2025  | May 5, 2025       | None           |
| 42         | June 2, 2025   | June 16, 2025     | None           |

| | | | |
|---|---|---|---|
| 49 | July 11, 2025 | July 25, 2025 | None |

Every response deadline has expired--in some instances, ***by more than eight months***. Under Local Rule 7.1(B), this comprehensive, deliberate, willful, and intentional failure to respond *conclusively indicates that there is no opposition* to Appellants' motions for mandatory judicial notice.

## II. FEDERAL RULE OF EVIDENCE 201(c)(2) MANDATES THAT THE COURT TAKE JUDICIAL NOTICE WHEN A PARTY REQUESTS IT AND SUPPLIES THE NECESSARY INFORMATION.

Federal Rule of Evidence 201(c)(2) provides:

> *The court . . . **must** take judicial notice if a party requests it and the court is supplied with the necessary information.* Fed. R. Evid. 201(c)(2) (emphasis added).

The Rule's use of 'must' is mandatory, not discretionary. The Advisory Committee Notes confirm that '[w]hen a request is made by a party and the necessary information is supplied, judicial notice is mandatory.' The Supreme Court has repeatedly emphasized that the word 'must' in federal rules creates non-discretionary obligations. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ('[T]he mandatory 'must' . . . normally creates an obligation impervious to judicial discretion.').

Here, Appellants have satisfied both predicates: (1) they have requested judicial notice; and (2) they have supplied the necessary information--namely, certified court records and docket entries from the Joint Stipulated Appellate Record (JSAR). These materials fall squarely within the category of facts 'capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). Courts universally recognize official court records as proper subjects of judicial notice. *See Bryant v. Avado*

Case No. 1:25-cv-00613-MLB

*Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (approving judicial notice of SEC and FINRA filings as public records).

## III. THE CONVERGENCE OF LOCAL RULE 7.1(B) AND FRE 201(c)(2) COMPELS IMMEDIATE RELIEF.

The instant case presents a rare convergence of two independently mandatory provisions. First, Local Rule 7.1(B) establishes that the Appellees have indicated no opposition to Appellants' motions. Second, Federal Rule of Evidence 201(c)(2) provides that the Court 'must' take judicial notice when the statutory predicates are satisfied--which they indisputably have been.

The combined effect of these provisions is compelling: the Court is now presented with *unopposed motions requesting mandatory relief* under a federal rule that uses the imperative verb 'must.' ***Under these circumstances, there exists no legitimate and rational basis for further delay in adjudicating these motions***.

The binding precedent of this Circuit reinforces this conclusion. In *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978), the former Fifth Circuit--whose decisions are binding in this Circuit pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)--affirmed that federal courts 'may take judicial notice of [their] own records or of those of inferior courts,' particularly when such records are potentially dispositive. Similarly, in *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981), the Court recognized ***that appellate courts routinely take judicial notice of facts bearing on jurisdiction, including facts demonstrating mootness***.

The Supreme Court's seminal decision in *Dakota County v. Glidden*, 113 U.S. 222 (1885), further establishes that courts possess inherent authority--and indeed obligation--to take notice of facts affecting jurisdiction. The Court there held that 'evidence of facts outside

of the record, affecting the proceeding of the court in a case on error or appeal, will be received and considered, when deemed necessary by the court, for the purpose of determining its action.' *Id.* at 225. The principle applies with full force here, where the adjudicative facts bear directly on Article III jurisdictional predicates, including mootness, standing, and redressability.

## IV. THE ELEVENTH CIRCUIT'S RECENT GUIDANCE ON 'UNDUE DELAY' FURTHER SUPPORTS IMMEDIATE DISPOSITION.

On November 3, 2025, the United States Court of Appeals for the Eleventh Circuit issued an order in *In re American Oversight*, Nos. 25-13400 & 25-13403, holding that a district court's months-long inaction on fully briefed motions constituted 'undue delay.' The Court held the mandamus petitions in abeyance for sixty days and directed the district court to fully resolve the pending motions within that period. The panel--consisting of Circuit Judges Jill Pryor, Grant, and Abudu--***found that the petitioners had 'established undue delay in resolution of their motions' where the district court had failed to act on motions that had been fully briefed for more than ninety days***.

Here, the delay is substantially greater. Appellants' earliest motions were filed in April 2025--<u>over eight months ago</u>. Unlike the motions in *In re American Oversight*, which were contested, ***<u>Appellants' motions are entirely unopposed</u>***. The absence of any opposition makes the delay even more difficult to reconcile with ordinary judicial administration. If ninety days of inaction on contested motions constitutes 'undue delay' warranting mandamus relief, then eight months of inaction on *unopposed mandatory* motions surely exceeds any permissible threshold.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that this Court:

Case No. 1:25-cv-00613-MLB

**1.** Recognize that under Local Rule 7.1(B), the Appellees' failure to file any response within fourteen days--now extending over eight months--constitutes an indication that there is no opposition to Appellants' pending FRE 201(c)(2) motions;

**2.** Grant Appellants' pending motions for mandatory judicial notice pursuant to Federal Rule of Evidence 201(c)(2) as to the specific adjudicative facts identified in Docket Entries 23, 24, 25, 28, 31, 36, 42, and 49; and

**3.** In the alternative, schedule a prompt hearing pursuant to Federal Rule of Evidence 201(e) on the propriety and scope of judicial notice.

The intersection of this Court's local rules and the Federal Rules of Evidence leaves no room for continued inaction. Where opposing parties have procedurally defaulted under Local Rule 7.1(B), and where the relief sought is mandatory under FRE 201(c)(2), the Court is obligated to act.

*Ulysses J. Ware*

Respectfully submitted,


/s/ **Ulysses T. Ware**

---

**ULYSSES T. WARE**
Attorney in Fact for the Appellants
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
Tel: (718) 844-1260
Email: utware007@gmail.com

Dated: Monday, January 5, 2026
Brooklyn, New York

Page 9 of 10
Appellants' L.R. District Court (NDGA) Rule 7.1(B) Supplement Brief

Case No. 1:25-cv-00613-MLB

# CERTIFICATE OF SERVICE

I, Ulysses T. Ware, attorney in fact for the Appellants, hereby certify that on January 5, 2026, I caused a true and correct copy of the foregoing *Appellants' Supplemental Brief in Support of Pending Unopposed Motions for Mandatory Judicial Notice Pursuant to Fed. R. Evid. 201(c)(2): Invocation of Local Rule 7.1(B)* to be served upon all counsel of record via the Court's CM/ECF electronic filing system, thereby providing actual notice to all interested parties, including:

> Kilpatrick Townsend & Stockton, LLP;
> Baker & McKenzie, LLP;
> Alexander H. Southwell, Esq.;
> Office of the U.S. Trustee (N.D. Ga.);
> All other Appellees and their counsel of record.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2026, in Brooklyn, New York.

/s/ Ulysses T. Ware
_____
Ulysses T. Ware
Attorney in Fact for the Appellants

# [End of document]

# CLERK'S FILING MEMORANDUM

## The Office of Ulysses T. Ware
123 Linden Blvd., Ste. 9-L
Brooklyn, NY 11226
(718) 844-1260 • utware007@gmail.com

Date: January 5, 2026

TO:

Office of the District Clerk
United States District Court
Northern District of Georgia
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303

FROM:

Appellants — Ulysses T. Ware and Group Management

RE:
*Ware, et al. v. Alpha Capital AG, et al.*,
Case No. 1:25-cv-00613-MLB (N.D. Ga.) —
Submission for Filing and Presentment to the District Judge

Dear District Clerk:

I, Ulysses T. Ware, attorney in fact for the Appellants, respectfully submit the attached documents for filing and docketing in the above-captioned appeal and request that they be promptly presented to the assigned District Judge for review and appropriate action.

Titles of Attachments (04):

1. Appellants' Supplemental Brief in Support of Pending Unopposed Motions for Mandatory Judicial Notice Pursuant to Fed. R. Evid. 201(c)(2): Invocation of Local Rule (N.D. Ga.) 7.1(B) (dated January 5, 2026);

2. Certificate of Service (dated January 5, 2026);

3. Related Supporting Materials and Exhibits;

4. This Clerk's Filing Memorandum.

**Purpose of Filing:**

The attached submissions formally supplement Appellants' pending, unopposed motions for mandatory judicial notice and invoke Local Rule (N.D. Ga.) 7.1(B).

**Requested Clerk Actions:**

1. File and docket this Filing Memorandum and attachments;

2. Present the attached materials to the District Judge;

3. Link docket entries where feasible.

Method of Submission / Service Confirmation:

Submitted January 5, 2026. Served via public email on all parties.

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware

Attorney in Fact for the Appellants



Rule 7.1(B) Memo. of Law

01.06.26 mailed

FROM:
The Office of Ulysses T. Ware
123 Linden Blvd, ste 9-L
Brooklyn, NY 11226

TO:
Office of the District Clerk
U.S. Courthouse (NDGA)
75 Ted Turner Dr
Atlanta, GA 30303

Memo. of Law