IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Ulysses T. Ware and Group
Management,

                Appellants,

                              Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG et al.,

                Appellees.

_____/

## ORDER

The Court **VACATES** its prior Order (Dkt. 6) dismissing Appellant Group Management for failure to retain counsel.  The Court does so because Appellant Ware now claims Group Management is a sole proprietorship and—assuming that is true, which the Court is willing to do given the pending dismissal of this case on other grounds—"[a] sole proprietorship may litigate pro se." *United States v. Natalie Jewelry*, 2015 WL 150841, at *5 (S.D. Fla. Jan. 13, 2015).

The Court **DISMISSES** this bankruptcy appeal as untimely because Federal Rule of Bankruptcy Procedure 8002 requires appellants

to file a notice of appeal "within 14 days after the [challenged] judgment, order, or decree"; Appellants' notice of appeal challenges bankruptcy court orders entered in 2003 and 2022; and Appellants did not file their notice of appeal until 2025, more than 14 days later. (Dkts. 1; 1-1 at 6–7); *see In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) ("[T]he timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal."). Appellants' filings are also meritless as other courts have repeatedly explained. (*See, e.g.*, Dkts. 1-5 at 6–16; 45 at 8–11 (discussing Appellant Ware's long history of frivolous filings in this bankruptcy case and related proceedings).)[1]

---

[1] Of the bankruptcy court orders challenged in Appellants' notice of appeal, the only one docketed within the 14-day appellate period is not really an order at all. It is a "letter" that simply notes the underlying bankruptcy case "has been closed since June 2003," Appellants sent the bankruptcy court more than 100 emails over an 8-month period in 2024–2025, "[e]mails do not constitute filing with the court," and thus "none of the emails have been or will be docketed." (Dkt. 5-9.) Nothing about this unremarkable document warrants any relief on appeal, much less the relief Appellants seek in their papers. The same goes for a February 2025 bankruptcy court order (Dkt. 5-10)—entered during the pendency of this appeal—that Appellants did not mention in their initial notice of appeal but which they have since attacked in other filings. (*See* Dkts. 5-15; 41 at 27). The February 2025 order, like the letter, discusses Appellants' 100+ emails, notes "letters are not proper pleadings," explains the bankruptcy

2

The Court **DENIES WITHOUT PREJUDICE** Appellees' 6-page motion for sanctions (Dkt. 46) as insufficiently developed. If Appellees wish to renew their motion, they must (1) explain in more detail why sanctions are warranted under Rule 8020; (2) address Appellants' counterarguments; (3) identify the specific sanctions they seek; and (4) describe each step required to process and effectuate their request from beginning to end (including whether the Court must hold a hearing and, if so, when and what should happen at the hearing). Appellees must be thorough and cite supporting authority throughout their analysis.

The Court **DENIES** Appellants' pending motions (Dkts. 42; 44; 49) as moot or otherwise meritless. The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 26th day of January, 2026.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

court cannot take "substantive action while the appeal is pending," and says the court "will henceforth return any email received from [Appellants] unopened." (Dkt. 5-10.) Again, nothing about this document—even assuming it were properly before the Court despite its omission from Appellants' initial notice of appeal—entitles Appellants to the relief they seek. That is so—and the Court's other conclusions in this Order remain true—regardless of which of Appellants' two opening briefs (Dkts. 26; 41) is deemed operative.