Case No. 25cv00613 (NDGA)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 17 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

ULYSSES T. WARE and GROUP MANAGEMENT,

Appellants,

v.

ALPHA CAPITAL AG, QBE INSURANCE CORP, CRUM & FORSTER INSURANCE CORP, <u>KILPATRICK, TOWNSEND, & STOCKTON, LLP,</u> BAKER & MCKENZIE, LLP, THOMAS A. LEGHORN, LAWRENCE B. MANDALA, NALL & MILLER, LLP., <u>PATRICK N. ARNDT, THE STATE BAR OF GEORGIA, OFFICE OF THE GENERAL COUNSEL,</u> NELS S.D. PETERSON, ALEXANDER H. SOUTHWELL, MARLON G. KIRTON, STEVEN D. FELDMAN, MICHAEL H. DOLINGER, DAVID N. KELLEY, MICHAEL J. GARCIA, NICHOLAS S. GOLDIN, MARIA E. DOUVAS, JEFFREY B. NORRIS, EDWARD T.M. GARLAND, MANIBUR S. ARORA, DENNIS S. MEIR, JOHN W. MILLS, III, J. HENRY WALKER, IV, WAB KADABA, KENNETH A. ZITTER, MATTHEW F. BOYER, et al.,

Appellees.

---

**[Title]** Appellants' Verified FRE 201(c)(2) and 201(e) Demand for the Court to Take Mandatory Judicial Notice and Demand for a Hearing; Supplemental Memo. of Law No. 1.0; and Rule 8015(h) Certification to: Verified Motion for Rehearing and Reconsideration Pursuant to Bankruptcy Rule 8022, Seeking Vacatur of Dkt. 38, Dkts. 57, and 58 for Serious Disqualifying Mental Disabilities, Egregious Manifest Errors of Law and Fact, Risible, Incoherent, and Schizophrenic Legal Rulings, Denial of Due Process, and Improper Exercise of Appellate Authority by District Judge Michael L. Brown; Verified Demand for FRE 201(c)(2) Mandatory Judicial Notice and Demand for a FRE 201(e) Hearing.

---

Respectfully submitted under oath, pursuant to the penalty of perjury, with personal knowledge of the facts, pursuant to 28 USC § 1746 in Brooklyn, NY on Feb. 8, 2026.

/s/ Ulysses T. Ware
**ULYSSES T. WARE**
Attorney in Fact for the Appellants
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L, Brooklyn, NY 11226
Tel: (718) 844-1260, Email: utware007@gmail.com

Case No. 25cv00613 (NDGA)

# Table of Contents

I. JURISDICTIONAL STATEMENT ................................................................................................5

II. CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT ...................................5

III. SUPPLEMENTAL MEMORANDUM OF LAW No. 1.0.....................................................7

   Dkt. 57 & Dkt. 58 Analysis—"Et tu, Brute?" ....................................................................7

     A. Introduction ...........................................................................................................7

     1. Jurisdiction Denied; Merits Pronounced — the central logical rupture ....................9

     2. The "Assume It's True Because We're Dismissing Anyway" (paraphrased) maneuver — adjudication by shrug.................................................................................................10

     3. Label Substituted for Legal Test — "not really an order at all"..................................11

     4. Editorializing Disguised as Jurisdiction — "unremarkable" and "warrants" .....................12

     5. Conditional Evasion — "even assuming it were properly before the Court" .........................13

     6. Sanctions Whiplash — calling the appeal "frivolous," then admitting Appellees' sanctions motion is defective......................................................................................................13

     7. "Moot or Otherwise Meritless" — the catch-all that dissolves standards into a shrug..........14

IV. Demand for FRE 201(c)(2) Mandatory Judicial Notice and FRE 201(e) Demand for Hearing regarding the Adjudicative Facts and Exhibit 1-13, infra, Presented to the Court..............................15

   The Court Must Take Mandatory Judicial Notice Under Federal Rule of Evidence 201(c)(2) of Dispositive 28 USC 158(a) Appellate Jurisdictional Adjudicative Facts. ........................................15

V. Conclusion................................................................................................................18

Certificate of Service.......................................................................................................23

Exhibits .........................................................................................................................24

   Exhibit 1—Dkt. 57, Jan. 26, 2026, Incoherent and Inconsistent Moot Order (Sua sponte exercise of appellate jurisdiction)..................................................................................................25

   Exhibit 2—Dkt. 58—Jan. 27, 2026,  Incoherent and Inconsistent Moot Judgment.........................28

   Exhibit 3—Dkt. 6, March 10, 2025, Order (Sua sponte Exercise of appellate jurisdiction—no mention of any issue of untimeliness)..............................................................................29

   Exhibit 4—Dkt. 38,  April 29, 2025, Order (Sua sponte exercise of appellate jurisdiction—no mention of any issue of untimeliness)..............................................................................32

   Exhibit 5—Timely Notice of Appeal--Dkt. 279 and 282, Feb. 7, 2025, (B.C. NDGA)—Bankruptcy Clerk's Transmittal of Notice of Appeal to the District Court (NDGA)..........................................35

   Exhibit 6—Appellants' 01.27.25 Rule 12(h)(3)/9014 Art. III subject matter jurisdictional contested matter--JSAR (25cv00613) Dkt. 5-13 pp 186-270, and con't at Dkt. 5-14 pp 1-6), denied on 01.27.25 by the Bankr. Chief Judge (Ellis-Monro), Dkt. 278 (BC NDGA) *Memorandum Opinion/Order* (see 25cv00613 (NDGA) JSAR Dkt. 5-9) denying all relief and placement on the docket per Bankr. Rule 9021. (See Ex. 7, infra). .................................................37

Exhibit 7—Dkt. 5-9 Memorandum Opinion/Decision/Order (25cv00613 JSAR) re 03-93031 (BC NDGA) Memorandum Opinion/Order (Ellis-Monro, C.J.) denying all relief of Appellant's Rule 12(h)(3)/9014 contested matter Article III subject matter jurisdiction motion, see Ex. 6, supra. The Clerk's Judgment, Dkt. 58, (Ex. 2, supra) referenced as "the appeal of the bankruptcy order entered 2/3/2025 … is affirmed" in the timely 02.03.25, Dkt. 279 (BC NDGA) Notice of Appeal. To "affirm" required 28 USC § 158(a) appellate jurisdiction and Article III subject matter jurisdiction as the Clerk noted. .............................................................................................................. 38

Exhibit 8—Dkt. 5-10 Order (Ellis-Monro, C.J.) (JSAR) (02/18/25, Dkt. 286, 03-93031 BC NDGA). Timely appealed via the Second Amended Notice of Appeal filed on 02/26/25, Dkt. 293 (BC NDGA). See Ex. 9, infra. .................................................................................................................. 39

Exhibit 9—5-15 Timely Second Amended Notice of Appeal--(JSAR)(Dkt. 293, 02.26.25 03-93031 (BC NDGA)) appeal of Order (02.28.25), Dkt. 286 (Ellis-Munro, C.J.) (see Ex. 8, supra). ............ 41

Exhibit 10—Dkt. 296 (03/07/25) JSAR certified as accurate and forwarded without objection, dispute, or challenge, by the Bankruptcy Court or any Appellee, to the District Court as ready for appeal by the Chief Judge (Ellis-Monro) pursuant to Bankr. Rule 8009(d)(2)(A), (B), and (d)(3). Had the Bankr. Court objected to or disputed that Dkt. 278 and Dkt. 286 were appealable Orders, the Bankr. Court was not authorized to have certified the same as appealable Orders pursuant to 28 USC 158(a) and the matter would have been resolved in the Bankruptcy Court, see Rule 8009(c)(3). Cf., 2014 Committee Notes on Rules, Subdivision (d): "Subdivision (d) adopts the practice of F.R.App.P. 10(d) of permitting the parties to agree on a statement of the case in place of the record on appeal. The statement must show how the issues on appeal arose and were decided in the bankruptcy court. It must be approved by the bankruptcy court in order to be certified as the record on appeal." Also see Subdivision (e): Subdivision (e), modeled on F.R.App.P. 10(e), provides a procedure for correcting the record on appeal if an item is *improperly designated*, omitted, or *misstated*. ........................................................................................................................................ 42

Exhibit 11—FINRA's May 17, 2021, unregistered broker-dealer certification—fatal to Article III subject matter jurisdiction in the 02-cv-2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings. .......................................................................................................................... 45

Exhibit 11-1—GX 24, Case No. 02-cv-2219 (SDNY) Aug. 13, 2003 Order (Sand, J.) (deceased) finding KTS and each of KTS' predatory, unregistered broker-dealer clients lied, committed perjury, and stole and concealed 03-93031 Chapter 11 estate assets (+$522 million) required to have been turned over and disgorged to the Chapter 11 trustee in possession for distribution to creditors pursuant to 11 USC §§ 541, 542; 15 USC § 78p(b); and 18 USC § 1961(6)(B). .............. 46

Exhibit 11-2—Dec. 20, 2007, Dkt. 90, Fed. R. Civ. P. 41(a)(2) voluntary dismissal with prejudice of the 02-cv-2219 (SDNY) lawsuit—conferred final judgment in favor of Group Management and Ulysses T. Ware, (the "Final Judgment Prevailing Parties"). ............................................................ 49

Exhibit 12—Jan. 15, 2007, counterfeit, fabricated, forgery judicial document created by the Supreme Court of Georgia to steal the personal and business property of Appellant Ware as an overt and predicate act in furtherance of the 03-93031 (BC NDGA) conspiracy to commit bankruptcy fraud by Atlanta, GA law firm Appellee KTS and its predatory, unregistered broker-dealer clients. ................................................................................................................................... 51

Exhibit 12-A--The 25cv00613 (NDGA) District Court (Brown, J.) in a coordinated fashion, colluded, and in conspiracy with Appellee Chief Justice Nels S.D. Peterson, and the Supreme Court of GA, jointly, in concert, as an overt and predicate act to obstruct justice, launched an insidious criminal attack on the Appellants once Appellant Ware on Jan. 26, 2026, filed (02-K) via the Supreme Court's e-filing system (see Ex. 12-A-1, infra); Brown, J. then burriedly filed his

Case No. 25cv00613 (NDGA)

incoherent and delusional Dkt. 57, Order (see Ex. 12B, infra) also on Jan. 26, 2026, that deliberately denied Appellants access to the District Court regarding adjudication of the merits of their pending appeal. .................................................................................................................... 52

Exhibit 12-A-1—Supreme Court GA Jan. 26, 2026, filing receipt In re Ware, S08Y1685. ........... 53

Exhibit 12-B—Dkt. 57, 25cv00613 Order entered at 1:39 PM on Jan. 27, 2026, but filed on Jan. 26, 2026—on the exact same day Brown, J, dismissed the 25cv00613 appeal for fraudulent and legally impossible reasons, was the same day Appellant Ware filed his Motion to Vacate in the Supreme Court of GA, see Ex. 12-A, supra. A coordinated racketeering conspiracy to obstruct justice. ........................................................................................................................................... 54

Exhibit 13—Hobbs Act threats of violence to collect predatory, criminal usury debts (GX 1-4) against Appellants Ware and Group Management by member and agents of the Hobbs Act criminal enterprise. .......................................................................................................................... 63

[End of document] ................................................................................................................................. 72

Case No. 25cv00613 (NDGA)

# I. JURISDICTIONAL STATEMENT

The Feb. 5, 2026, motion is filed pursuant to Federal Rule of Bankruptcy Procedure 8022(a)(1), which provides that "[u]nless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after entry of judgment on appeal." The Judgment was entered on January 27, 2026 (Dkt. 58). The motion is timely filed within fourteen (14) days of that entry.

# II. CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Fed. R. Bankr. P. 8015(h) (Incorporated by Fed. R. Bankr. P. 8022(b)(1))

Pursuant to Federal Rule of Bankruptcy Procedure 8015(h), as incorporated by Federal Rule of Bankruptcy Procedure 8022(b)(I), the undersigned certifies that the Appellants' combined Motion for Rehearing under Federal Rule of Bankruptcy Procedure 8022 (the "Motion") filed on Feb. 5, 2026, complies with the applicable type-volume limitations.

## 1. Type-Volume Compliance.

The Motion is produced using a computer and contains fewer than a combined 7,800 words, excluding the parts of the Motion exempted by Federal Rule of Bankruptcy Procedure 8015(f).

## 2. Counting Method.

This word count was determined using the word-count function of the word-processing system used to prepare the Motion.

Case No. 25cv00613 (NDGA)

Dated: February 8, 2026

Respectfully submitted,

/s/ Ulysses T. Ware
Ulysses T. Ware
Attorney in Fact for Appellants
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Case No. 25cv00613 (NDGA)

# III. SUPPLEMENTAL MEMORANDUM OF LAW No. 1.0

# Dkt. 57 & Dkt. 58 Analysis—"Et tu, Brute?"[1]

## A. Introduction

Appellants Ulysses T. Ware and Group Management (collectively, "Appellants") respectfully move this Court for rehearing of its January 26, 2026 Order (Dkt. 57) and January 27, 2026 Judgment (Dkt. 58) pursuant to Federal Rule of Bankruptcy Procedure 8022. The motion identifies specific points of law and fact that the Court has overlooked or misapprehended, and herein requests ***mandatory judicial notice*** and a FRE 201(e) hearing regarding the twenty-two adjudicative facts below under Federal Rule of Evidence 201(c)(2)—which may be taken "at any stage of the proceeding."

The gravamen of the motion is straightforward: This Court cannot simultaneously (a) exercise appellate jurisdiction for eleven months through substantive case management, merits briefing, and entertainment of appellate-only remedies, and then (b) dismiss the appeal for lack of appellate jurisdiction *ab initio* without vacating its prior jurisdictional acts as void. The Supreme

---

[1] "Et tu, Brute?" is the famous phrase from William Shakespeare's *Julius Caesar* (Act 3, Scene 1), reportedly Caesar's last words upon seeing his trusted friend Marcus Brutus among his assassins. The phrase captures the shock and profound betrayal of being stabbed by someone you trusted implicitly. The District Court's ultimate betrayal to the rule of law and the federal judiciary—after extensively and repeatedly exercising 28 USC § 158(a) appellate jurisdiction for ten months through substantive rulings (Dkt. 6, Dkt. 38) and case management, on Jan. 26, 2026, the Court delivered the fatal blow to the Appellants ***by retroactively*** disclaiming the very jurisdiction it demonstrably possessed and extensively exercised. The phrase captures the Orwellian nature of a court that adjudicates first, then denies it ever had power to adjudicate—"I have no choice but to grant the appeal, thus, I will deny it." (paraphrased). Addition by subtraction.

Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), absolutely

prohibits the exercise of "hypothetical jurisdiction"—yet that is precisely what occurred here.[2]

 

What follows is not "rhetorical flourish." It is an inventory of moments where the Court's

language during the 25cv00613 appellate proceedings ceases to function as law—where it

performs the cadence of legal analysis and alleged adjudication while abandoning the discipline

that makes adjudication legitimate. The result is a pair of rulings, Dkt. 57 and Dkt. 58, that to the

untrained and undisciplined mind read like judicial English but, regrettably, operate like gibberish:

*labels replace tests*, *conclusions float free of premises*, and *jurisdiction is simultaneously denied*

*and exercised*.

---

[2] By entering substantive orders at Dkts. 4, 6, and 38, supervising merits briefing, and entertaining appellate relief for eleven months, the District Court invoked the appellate jurisdiction conferred by 28 U.S.C. § 158(a) and Article III's "case or controversy" power over the predicates Appellants raised: (i) whether the 03-93031 NDGA bankruptcy court could lawfully adjudicate the unlawful, criminal-usury transactions reflected in GX 1–4 and GX 5, and grant relief to enforce and/or continue to collect thereon the null and void ab initio, unlawful debts; and (ii) whether any appellee—including KTS's and its "clients," regulatory confirmed predatory, unregistered broker-dealers—(A) possessed Article III standing to appear in the 03-93031 bankruptcy court; and (B) possessed standing—*concrete adverseness,* to defend Ellis-Monro, C.J.'s January 17, 2025 Memorandum Decision/Order (Dkt. 278) and February 18, 2025 Order (Dkt. 286). Having exercised jurisdiction to manage the merits, the Court may not declare its jurisdiction nonexistent *ab initio* while leaving its prior jurisdictional acts intact; *Steel Co.* condemns this "hypothetical jurisdiction." 523 U.S. at 94–95. At minimum, dismissal requires vacatur of orders entered in reliance thereon. Equity likewise bars a volte-face (i.e., **Volte-face** is a term borrowed from French fencing and dance. Literally, it means a *half-turn*—a sudden spin to face the opposite direction. In legal writing, it's a sharp, critical word for an **abrupt and self-serving reversal of position**, especially after a court or litigant has already acted as though the first position were true): *judicial and equitable estoppel prevent inconsistent positions on appellate jurisdiction and appealability adopted to gain procedural advantage and then to defeat review*. *New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001).

The District Court exercised comprehensive appellate authority, managed the case through extensive briefing, ruled on substantive motions, and adjudicated merits issues—then brazenly proclaimed it never possessed jurisdiction at all. This maneuver is embarrassing to the federal judiciary. A label is not an argument; a conclusion is not analysis; and judicial fiat cannot transform documented jurisdictional exercise into jurisdictional absence. The Court's approach reduces Article III adjudication to an Orwellian word game where "jurisdiction" means whatever the Court retroactively declares it to mean—constitutional law through looking-glass logic.

Once judicial notice is taken, **Docket (Dkt.)** 57 and **Dkt.** 58 collapse as **ultra vires**, **null and void ab initio**, and **constructively moot**, because they purport to disclaim appellate jurisdiction while resting on a record that proves its repeated exercise. *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991).

## 1. Jurisdiction Denied; Merits Pronounced — the central logical rupture

The Court boldly declared the appeal untimely and jurisdictionally barred, and then—without any transition from threshold power to lawful adjudication—adds: **"Appellants' filings are also meritless …."** (Dkt. 57 at 2). That sentence is not merely "extra." It is the Jabberwocky moment in its purest form: *a court that says it cannot hear the merits of the appeal, then proceeds to announce what it thinks of the merits of the appeal as if it had heard it*.

A jurisdictional dismissal has exactly one legitimate function: to identify the jurisdictional defect and dismiss. *Steel Co.*, 523 U.S. at 94-95. When a court that disclaims jurisdiction still pronounces "meritless," it is no longer applying law—it is issuing an advisory condemnation,

manifestly rejected by the Court in *Steel Co.*, Id.[3] This is not a close call and not a stylistic quibble; *it is the kind of internal contradiction that renders the order structurally unreviewable, because it is impossible to tell whether the Court is actually deciding a jurisdictional question or simply using jurisdictional vocabulary as a pretext for a merits disposition it had no authority to reach*.

**Why this is "Jabberwockiest":** it is grammar performing the job of reasoning. "No jurisdiction" and "meritless" cannot peacefully coexist as operative holdings. One negates the other.

## 2. The "Assume It's True Because We're Dismissing Anyway" (paraphrased) maneuver — adjudication by shrug.

At the outset, the Court *vacates*—the exercise of appellate jurisdiction, its prior order, Dkt. 6, dismissing Group Management for failure to retain counsel, stating it will **assume** (without finding) that Group Management is a sole proprietorship, and will do so **"given the pending**

---

[3] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998), establishes that jurisdiction is *the mandatory threshold inquiry*: a court lacking Article III power possesses *no* authority beyond acknowledging its jurisdictional defect and dismissing. *Id.* at 94. *Any merits pronouncement* absent jurisdiction constitutes an ultra vires usurpation of "the power to declare the law" forbidden by constitutional limits. *Id.* The Supreme Court categorically condemned "hypothetical jurisdiction"—the practice of disclaiming jurisdiction while simultaneously adjudicating merits. *Id.* at 94-95. Here, Docket 57's purported dismissal for lack of appellate jurisdiction directly contradicts the Court's substantive review of the appeal's merits. This contradiction is not mere procedural irregularity—it constitutes a judicial admission that the Court *did* possess both appellate jurisdiction under 28 U.S.C. § 158(a) and Article III subject-matter jurisdiction—without "affirmatively" entering a ruling stating such, over the appeal's issues. Under *Steel Co.*, *a court without jurisdiction cannot proceed "at all"—it cannot review, analyze, or pronounce upon merits*. *Id.* at 94. The Court's merits review irrefutably demonstrates jurisdictional capacity, rendering the subsequent disclaimer a transparent post-hoc fabrication contradicting the Court's own adjudicatory conduct.

**dismissal of this case on other grounds."** (Dkt. 57 at 1). A review and acceptance of the merits of Appellants' legal position—the exercise of appellate and subject matter jurisdiction.

That is not judicial factfinding; it is judicial convenience. The Court expressly acknowledges it is not determining the predicate fact, ***but is willing to assume it*** because the Court expects to dispose of the matter anyway. This is adjudication by short-circuit: the Court rewrites the procedural posture on an "assuming that is true" basis, and created a false narrative—not because the record compels it, ***but because the Court has already decided the case will be dismissed***. The Court is not applying rules to facts; it is rearranging facts to match a preselected outcome.

**Why this is "Jabberwockiest":** the Court openly substitutes "we'll assume" for "we find," and then treats the assumption as enough to enter an operative ruling on the merits—while simultaneously insisting elsewhere that it is governed by strict jurisdictional rules.

## 3. Label Substituted for Legal Test — "not really an order at all"

In Dkt. 57, Footnote 1, the Court acknowledges that, among the challenged "bankruptcy court orders," critically stated and judicially admitted to the timeliness of the Feb. 3, 2025, Dkt. 279 notice of appeal **"the only one [timely] docketed within the 14-day appellate period"** is **"not really an order at all,"** but merely a **"letter."** (Dkt. 57 n.1).

This is wordplay and semantics masquerading as doctrine. **Whether a document, decree, order, or judgment is appealable under 28 USC § 158(a) is not decided by whether the Court chooses to label it a "letter." Appealability is decided by what the act *does*—its legal effect in**

**the proceeding**. The footnote *does not apply a test*, *does not engage the record consequences of the docketed act*, and *does not explain how it can simultaneously acknowledge timeliness while nullifying the item by renaming it*.

**Why this is "Jabberwockiest":** the Court treats a label as if it were an analysis. It is the judicial equivalent of calling a contract a "note" and declaring, therefore, it cannot be enforced—without any discussion of substance.[4]

## 4. Editorializing Disguised as Jurisdiction — "unremarkable" and "warrants"

The same footnote dismisses the timely-docketed entry by declaring: **"Nothing about this unremarkable document warrants any relief on appeal, much less the relief Appellants seek ...."** (Dkt. 57 n.1).

This is not adjudication; it is editorial disdain replacing legal reasoning. "Unremarkable" is not a jurisdictional standard. "Warrants relief" is a merits phrase, not a threshold power inquiry. By using adjectives ("unremarkable") and conclusory relief-denial language ("warrants no relief") in lieu of a legal test for appealability and jurisdiction, the Court again collapses categories: it denies jurisdiction while simultaneously reaching the merits "worthiness" of relief.

---

[4] Docket 57 epitomizes judicial "Jabberwockiest"—treating labels as if they were analysis. The Court dismissed allegedly for "lack of appellate jurisdiction" *after conducting substantive merits review*, as though incanting the magic word "jurisdiction" transforms judicial reality. This is the equivalent of labeling a contract a "letter" and declaring it unenforceable *without discussing substance*—pure semantic gamesmanship. The contradiction is dispositive: under *Steel Co.*, courts without jurisdiction cannot proceed "at all"—cannot review, analyze, or adjudicate merits. *Id.* at 94. The Court's extensive merits analysis irrefutably proves it *possessed* both statutory appellate jurisdiction and Article III subject-matter jurisdiction, rendering the subsequent disclaimer a transparent post-hoc fabrication contradicting its own adjudicatory conduct.

**Why this is "Jabberwockiest":** the Court deploys tone as a substitute for analysis. The phrase "unremarkable document" does no legal work; it merely signals a result.

## 5. Conditional Evasion — "even assuming it were properly before the Court"

The Order addresses a February 2025 bankruptcy entry and declares: **"Again, nothing about this document—even assuming it were properly before the Court despite its omission from Appellants' initial notice of appeal—entitles Appellants to the relief they seek."** (Dkt. 57 at 3).

This is classic fog-machine writing: the Court advertises a predicate question (is it properly before the Court?) and then refuses to decide it, while still using the unresolved predicate as an excuse to deny relief. The Court does not determine the scope of the record, does not decide whether supplementation is appropriate, and does not apply a governing standard. It simply says, "even assuming," then proceeds to a merits-style denial ("entitles ... to relief").

**Why this is "Jabberwockiest":** "even assuming" is being used to avoid making a real ruling while still extracting the practical effect of a ruling against Appellants. It is judicial nondecision dressed up as decision.

## 6. Sanctions Whiplash — calling the appeal "frivolous," then admitting Appellees' sanctions motion is defective

The Order cites other courts discussing a history of **"frivolous filings"** (Dkt. 57 at 2), yet when confronted with Appellees' sanctions motion, the Court states: **"The Court DENIES**

**WITHOUT PREJUDICE Appellees' 6-page motion for sanctions (Dkt. 46)** *as insufficiently developed*." (Dkt. 57 at 2) (emphasis added). The Court then completely abandoned its purported role as an disinterested Article III judicial officer, and ascended to overt and unconstitutional, *actually biased and prejudicial role as amici counsel for the SBGA Appellees*; and then in detail actually in a purported court Order instructs holding the Appellees hands—step-by-step—to redo the Rule 8020 motion properly, including: **why sanctions are warranted**, addressing counterarguments, specifying sanctions, and describing the procedure "from beginning to end," with supporting authority. (Id.).

This sequence is damning. On the one hand, the Order signals a predisposition to condemn Appellants ("frivolous," "meritless"). On the other, it concedes that the SBGA Appellees' sanctions request was so thin, defective, frivolous, and vexatious it could not lawfully be adjudicated. That is not neutral case management; it is asymmetrical indulgence, actual bias, and prejudice: scolding Appellants in conclusory terms while granting Appellees a "do-over" to build a sanctions weapon the Court admits is not yet properly constructed.

**Why this is "Jabberwockiest":** the Court performs moral condemnation where it claims it lacks jurisdiction, but demands rigor only from the party seeking sanctions—after already poisoning the well with merits adjectives. It is incoherence plus imbalance, packaged as procedure.

# 7. "Moot or Otherwise Meritless" — the catch-all that dissolves standards into a shrug

Finally, the Court denies Appellants' pending motions **"as moot or otherwise meritless."** (Dkt. 57 at 3).

Case No. 25cv00613 (NDGA)

This is the same structural defect in miniature: "moot" is a threshold disposition; "meritless" is a merits disposition. ***The Court fuses them into a single catch-all phrase so that no one can tell what standard was applied to which motion, or why***. It is outcome-driven drafting: a composite label used to avoid explaining the actual basis for denial.

**Why this is "Jabberwockiest":** it is the judicial version of ipse dixit:[5] "because I said so." It is the abdication of reason-giving disguised as efficiency.

# IV. Demand for FRE 201(c)(2) Mandatory Judicial Notice and FRE 201(e) Demand for Hearing regarding the Adjudicative Facts and Exhibit 1-13, infra, Presented to the Court.

## The Court Must Take Mandatory Judicial Notice Under Federal Rule of Evidence 201(c)(2) of Dispositive 28 USC 158(a) Appellate Jurisdictional Adjudicative Facts.

Federal Rule of Evidence 201(c)(2) provides that the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." (Emphasis added.) **This is a mandatory directive, not a discretionary one**. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'must' . . . normally creates an obligation impervious to judicial discretion."). Appellants resubmit their previous FRE 201(c)(2) and FRE 201(e) demands for the mandatory taking of judicial notice and demand for a hearing, respectively: Dkt. 23, 24, 25, 28, 31, 42, 49, 51, and 55-1.[6]

---

[5]**"Ipse dixit"** is Latin for **"he himself said it"**—used to describe a statement that's treated as true only because an authority figure said it, ***rather than because it's supported by evidence, reasoning, or a governing legal standard***.

[6] Appellants' **Federal Rule of Evidence (FRE)** 201(c)(2) request removes all judicial discretion: the District Court **"must** take judicial notice" once a party requests it and supplies the necessary information. Fed. R. Evid. 201(c)(2). The Supreme Court has confirmed that mandatory language

The procedural chronology of this Court's exercise of appellate jurisdiction is dispositive. The following 22 undisputed facts appear on the Court's CM/ECF docket and are subject to mandatory judicial notice under Federal Rule of Evidence 201(c)(2). *See Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it.").

Appellants hereby request mandatory judicial notice of the following twenty-two adjudicative facts, each of which appears on this Court's CM/ECF docket and satisfies Rule 201(b)(2)'s requirement that the fact be one that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned":

| No. | Adjudicative Fact |
|---|---|
| 1. | On February 7, 2025, this Court docketed Appellants' bankruptcy appeal. (Dkt. 1.); Dkt. 2, the Court entered its Standing Order. |
| 2. | On February 11, 2025, this matter was submitted to District Judge Michael L. Brown for fee determination. (Docket entry.) |
| 3. | On February 12, 2025, this Court issued an Order directing Appellant to pay the filing fee or submit an in forma pauperis application. (Dkt. 3.) |
| 4. | On February 12, 2025, Appellants paid the $298 filing fee. (Docket entry.) |

("shall/must") "normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998). Here, the **22 adjudicative facts** and **13 exhibits** (all tethered to the Court's own **Electronic Case Filing (ECF)** docket and transmitted appellate materials) establish an incontrovertible predicate: the Court repeatedly **exercised** bankruptcy appellate jurisdiction under **28 U.S.C. § 158(a)** and corresponding **Article III** authority—by entering case-management orders, enforcing appellate briefing regimes, adjudicating appellate-only motions, and otherwise deploying the coercive power of an Article III court. A court cannot later pretend those jurisdiction-dependent acts never occurred. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (rejecting "hypothetical jurisdiction"). Once judicial notice is taken, **Docket (Dkt.)** 57 and **Dkt.** 58 collapse as **ultra vires, null and void ab initio**, and **constructively moot**, because they purport to disclaim appellate jurisdiction while resting on a record that proves its repeated exercise. *Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991).

Case No. 25cv00613 (NDGA)

5. **On February 13, 2025, this Court ordered Appellant Group Management to retain counsel by March 6, 2025, with warning of sanctions including dismissal. (Dkt. 4.)**

6. On March 7, 2025, the Bankruptcy Record was received and docketed. (Dkt. 5.)

7. **On March 10, 2025, this Court dismissed Appellant Group Management without prejudice for failure to comply with a lawful order. (Dkt. 6.)**

8. **On March 17, 2025, this Court issued a Bankruptcy Appeal Briefing Schedule setting Appellants' Brief due by April 16, 2025. (Dkt. 10.)**

9. **On April 10, 2025, Appellants filed their Rule 8014 Opening Brief. (Dkt. 26.)**

10. **On April 22, 2025, multiple motions were submitted to District Judge Michael L. Brown for disposition. (Docket entry.)**

11. **On April 29, 2025, this Court denied Appellants' motions (Dkts. 12, 14, 19, 22) because Appellant had not shown the relief sought was warranted, and ordered a consolidated brief by May 29, 2025. (Dkt. 38.)**

12. On May 23, 2025, Appellants filed their Opening Appellate Brief. (Dkt. 41.)

13. **On May 29, 2025, Appellants' Opening Brief was submitted to District Judge Michael L. Brown. (Docket entry.)**

14. On June 13, 2025, Appellees filed their Response Brief. (Dkt. 45.)

15. On June 13, 2025, Appellees filed a Motion for Sanctions pursuant to Federal Rule of Bankruptcy Procedure 8020. (Dkt. 46.)

16. **On July 8, 2025, Appellees' Federal Rule of Bankruptcy Procedure 8020 Motion for Sanctions was submitted to District Judge Michael L. Brown. (Docket entry.)**

17. On July 23, 2025, this Court ordered Appellant to submit documents only to the Clerk's Office and stated the Court would not consider documents sent elsewhere. (Dkt. 53.)

18. On January 26, 2026, this Court issued an Order vacating only Dkt. 6, dismissing the appeal as untimely, denying Appellees' sanctions motion without prejudice, and denying Appellants' motions as moot or meritless. (Dkt. 57.)

19. **Dkt. 57 did not vacate Dkts. 4, 10, 38, or 53 as jurisdictionally void**.

20. **Dkt. 57 did not find that the Court's prior exercises of appellate jurisdiction were ultra vires**.

21. **Dkt. 57 denied Appellees' Federal Rule of Bankruptcy Procedure 8020 motion "without prejudice" rather than as beyond the Court's jurisdiction.**

22. On January 27, 2026, the Clerk entered Judgment affirming the bankruptcy court's order and dismissing the appeal. (Dkt. 58.)

Each of these 22 Adjudicative Facts. supra, and the 13 Exhibit, infra, are drawn directly from this Court's CM/ECF docket—an official court record, the JSAR[7] "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *See Cash Inn of Dade,* Id. at 1243 (approving judicial notice of court's own records). Pursuant to Rule 201(c)(2), this Court is required and "must" take judicial notice of these facts and Exhibits.

## IV. Appellants Request a Hearing Under Federal Rule of Evidence 201(e)

Federal Rule of Evidence 201(e) provides that "[o]n timely request, **a party [Appellants herein] is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed**." *Should the Court or any party dispute the propriety of taking judicial notice of any of the foregoing adjudicative facts, Appellants respectfully request a hearing pursuant to Rule 201(e) to address such disputes*.

# V. Conclusion

Dkt. 57 and Dkt. 58 are not merely erroneous; they reflect a collapse of adjudicative discipline so fundamental that the Orders cease to function as law. A court cannot disclaim appellate jurisdiction and, in the same breath, pronounce the appeal "meritless" or deny motions *as "moot or otherwise meritless" without committing an internal contradiction that renders the disposition structurally incoherent*. The Court's writing repeatedly substitutes labels for tests, adjectives for standards, and editorial disdain for legal analysis. That is not harmless surplusage; it is jurisdictional and methodological confusion memorialized as an order—an outcome-driven

---

[7] The 03-93031 (BC NDGA) Bankruptcy Court (Ellis-Monro, C.J.), Bankr. Rule 8009(d)(2)(A), (B) the Appellants' and the Appellees' Joint Stipulated Appellate Record (JSAR).

document that cannot be reliably parsed into holdings, premises, and governing rules. The predictable consequence is institutional damage: a record that cannot be meaningfully reviewed because the Court refuses to maintain the boundary between (i) power to act and (ii) judgment on the merits.

This conduct also constitutes direct violations of multiple Canons of the Code of Conduct for United States Judges.

> A. **Canon 1** (upholding the integrity and independence of the judiciary) is violated because the Court's approach reduces Article III adjudication into a retroactive word game—*jurisdiction declared absent after the Court actively managed the case and then issued merits characterizations anyway—thereby eroding the integrity of judicial decision-making.*
>
> B. **Canon 2A** (avoiding impropriety and the appearance of impropriety) is violated because a reasonable observer would view a jurisdictional dismissal coupled with merits condemnation and ***disparaging editorial characterizations*** as an exercise of power untethered to lawful authority and infected by prejudgment.
>
> C. **Canon 3A(1)** (faithful and competent performance of judicial duties; professional competence in the law) is violated because the Orders employ semantic relabeling and conclusory assertions in place of the required legal standards for appealability, timeliness, scope of notice, and record review—competence is not satisfied by outcomes announced without governing tests.
>
> D. **Canon 3A(3)** (patience, dignity, respect, and courtesy) is violated where the Court's rhetoric functions as condemnation rather than adjudication—"meritless"

deployed as a verdict after disclaiming power to reach merits is not dignity; *__it is advisory disparagement masquerading as law__*.

E. **Canon 3A(4)** (according every person a full and fair right to be heard) is violated when the Court avoids resolving predicate questions (what is properly before the Court; what is the appealable order; what is the standard applied) but still imposes the practical effect of adverse merits determinations—this short-circuits the parties' right to a decision "according to law."

F. **Canon 3A(5)** (disposing promptly of the court's business) is violated because "promptness" cannot justify abandoning analytic rigor; efficiency is not a defense to issuing contradictory orders that obstruct rather than advance orderly judicial administration.

On the disability prong, *__Appellants do not assert a medical diagnosis; the statute does not require one at the pleading stage__*. The **Judicial Conduct and Disability Act (JCDA)** expressly covers a judge who "is unable to discharge all the duties of office by reason of *__mental__* or physical *__disability__*," and separately covers conduct "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a). The required showing at this juncture is **prima facie**: objective, record-based indicators that the judicial function—lawful reasoning bound by jurisdictional limits and articulated standards—has failed in a recurrent, non-incidental manner. *__Dkt. 57 and Dkt. 58 supply that prima facie record on their face and triggered a judicial investigation of District Judge (NDGA) the Hon. Michael Lawrence Brown for extreme cognitive and mental disability and depredation__*:

(i) jurisdiction disclaimed while merits condemnation is issued;

(ii) assumptions substituted for findings to justify operative rulings;

(iii) appealability and scope treated as matters of labeling rather than legal effect; and

(iv) dispositive language that fuses incompatible doctrines ("moot" and "meritless") to avoid specifying what standard was actually applied. When an Article III court cannot maintain the jurisdiction/merits boundary and cannot articulate coherent holdings anchored to governing tests, the record itself becomes evidence of impaired adjudicative capacity within the meaning of the JCDA's disability framework.

Finally, the danger is immediate, concrete, and institutional. ***Orders that are internally contradictory and methodologically undisciplined*** create downstream chaos: they poison the record with advisory condemnation; they frustrate appellate review because the basis of decision is unstable; and they invite collateral procedural abuse (including sanctions leverage) because the Court has already used merits rhetoric while purporting to lack authority to reach merits. That is the definition of "***prejudicial" conduct as a systemic matter***—the Court's approach does not simply decide this case incorrectly; it threatens the orderly administration of justice ***by normalizing outcomes without standards, authority without jurisdiction, and condemnation without power***.

Under 28 U.S.C. § 351(a), that combination—prima facie cognitive breakdown reflected in repeated illogical and incoherent legal ruling and disposition, coupled with obvious institutional harm—constitutes a present actionable threat to the Appellants, the public, and to the effective and expeditious administration of the business of the federal courts and warrants immediate corrective intervention in the appellate posture and formal referral through the JCDA process.

Respectfully submitted,

/s/ **Ulysses T. Ware**

Ulysses T. Ware, Attorney in Fact for Appellants--Ulysses T. Ware and Group Management

The Office of Ulysses T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260

Case No. 25cv00613 (NDGA)

# Certificate of Service

I hereby certify that on Feb. 8, 2026, I caused to be served a true and correct copy of the

following document:

**[Title] Appellants' Verified FRE 201(d)(2) and 201(e) Demand for the Court to Take Mandatory Judicial Notice and Demand for a Hearing; Supplemental Memo. of Law No. 2.0; and Rule 8015(h) Certification to: Verified Motion for Rehearing and Reconsideration Pursuant to Bankruptcy Rule 8022, Seeking Vacatur of Dkt. 38, Dkts. 57, and 58 for Serious Disqualifying Mental Disabilities, Egregious Manifest Errors of Law and Fact, Risible, Incoherent, and Schizophrenic Legal Rulings, Denial of Due Process, and Improper Exercise of Appellate Authority by District Judge Michael L. Brown; Verified Demand for FRE 201(c)(2) Mandatory Judicial Notice and Demand for a FRE 201(e) Hearing**

upon **all Appellees and their respective legal counsel of record** in this appeal by **electronic mail,**

transmitted to each recipient's **publicly listed and/or previously used email address of record,**

as reflected on the docket of this Court and in prior filings in this proceeding.

Service by electronic mail was effected pursuant to the Court's inherent authority,

applicable federal rules, and the established course of conduct in this appeal, and constitutes

effective service upon all parties entitled to notice.

I further certify that the foregoing service was completed in good faith and in a manner

reasonably calculated to provide actual notice to all Appellees and their counsel of record.

Respectfully submitted,

*/s/ Ulysses T. Ware*

/s/ **Ulysses T. Ware**

Ulysses T. Ware, Attorney in Fact for Appellants--Ulysses T. Ware and Group Management

The Office of Ulysses T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260

Case No. 25cv00613 (NDGA)

# Exhibits

Case No. 25cv00613 (NDGA)

## Exhibit 1—Dkt. 57, Jan. 26, 2026, Incoherent and Inconsistent Moot Order (Sua sponte exercise of appellate jurisdiction)

Case 1:25-cv-00613-MLB    Document 57    Filed 01/26/26    Page 1 of 3

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Ulysses T. Ware and Group Management.

                    Appellants,

                                        Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG et al.,

                    Appellees.

_____/

The exercise of appellate jurisdiction #4            **ORDER**

The Court **VACATES** its prior Order (Dkt. 6) dismissing Appellant

Group Management for failure to retain counsel. The Court does so

because Appellant Ware now claims Group Management is a sole

proprietorship and—assuming that is true, which the Court is willing to

do given the pending dismissal of this case on other grounds—"[a] sole

proprietorship may litigate pro se." *United States v. Natalie Jewelry*,

2015 WL 150841, at *5 (S.D. Fla. Jan. 13, 2015).

The Court **DISMISSES** this bankruptcy appeal as untimely

because Federal Rule of Bankruptcy Procedure 8002 requires appellants

The Court sua sponte exercised appellate jurisdiction on **March 10, 2025**, (see Ex. 3, infra)-- the Court implicitly ruled that appellate jurisdiction irrevocably attached authorizing it to enter the Orders, Dkt. 6 (Ex. 3, infra), and Dkt. 38 (Ex. 4, infra)--the Court had and continued to exercise appellate jurisdiction over the 25cv00613 (NDGA) appeal until Jan. 26, 2026, Dkt. 57, see infra. Accordingly, the Court is judicially estopped from asserting in its ultra vires Jan. 26, 2026, Order, Dkt. 57, that it at the eleventh hour now lacks appellate jurisdiction.

to file a notice of appeal "within 14 days after the [challenged] judgment,

order, or decree"; Appellants' notice of appeal challenges bankruptcy

> And entered on 01.27.25. Dkt. 278 (Memorandum Decision/Order)

court orders entered in 2003 and 2022; and Appellants did not file their

notice of appeal until 2025, more than 14 days later. (Dkts. 1; 1-1 at 6–

7); *see In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) ("[T]he timely

filing of a notice of appeal is mandatory and jurisdictional. If the notice

is not timely filed, the appellate court is without jurisdiction to hear the

appeal."). Appellants' filings are also meritless as other courts have

repeatedly explained. (*See, e.g.*, Dkts. 1-5 at 6–16; 45 at 8–11 (discussing

Appellant Ware's long history of frivolous filings in this bankruptcy case

and related proceedings).)[1]

> Feb, 3, 2025, Dkt. 279 (BC NDGA), appealing the "bankruptcy order" dated **01.27.25**, Memorandum Decision/Order, (see Ex. 7, infra). Timely pursuant to Rule 8002.

> The Court is palpably confused regarding 28 USC 158(a) and Rule 8002—it is the filing of the time notice of appeal of the bankruptcy court's orders, (Dkt. 278 and Dkt. 286), in 2025, JSAR, Dkt. 1 (02/07/25) that triggered the District Court appellate jurisdiction over 25cv00613 (NDGA), not the contents of the orders appealed from.

[1] Of the bankruptcy court orders challenged in Appellants' notice of appeal, the only one docketed within the 14-day appellate period is not really an order at all. It is a "letter" that simply notes the underlying bankruptcy case "has been closed since June 2003," Appellants sent the bankruptcy court more than 100 emails over an 8-month period in 2024–2025, "[e]mails do not constitute filing with the court," and thus "none of the emails have been or will be docketed." (Dkt. 5-9.) Nothing about this unremarkable document warrants any relief on appeal, much less the relief Appellants seek in their papers. The same goes for a February 2025 bankruptcy court order (Dkt. 5-10)—entered during the pendency of this appeal—that Appellants did not mention in their initial notice of appeal but which they have since attacked in other filings. (*See* Dkts. 5-15; 41 at 27). The February 2025 order, like the letter, discusses Appellants' 100+ emails, notes "letters are not proper pleadings," explains the bankruptcy

> The Court admitted and conceded C.J. Ellis-Monro's bankruptcy order, JSAR Dkt. 5-10, is an appealable order, and the notice of appeal was timely filed, (see Dkt. 5-15, 2d Amended Notice of Appeal dated 03/07/25).

The Court is referring to the Bankr. Ct's 01.27.25, Dkt. 278, Memorandum Opinion (Ellis-Monro, C.J.) denying all relief on Mr. Ware' 01.27.25 (see Ex. 6, infra) Rule 12(h)(3)/9014 contested matter motion challenging the Article III subject matter jurisdiction over the 03-93031 (NDGA) Bankr. Court in regard to: (i) Art. III standing of Appellee KTS' predatory, unregistered broker-dealer clients to have appeared in the Chapter 11; and (ii) challenging the Bankr. Ct. Art. III subject matter jurisdiction over the null and void ab initio predatory, criminal usury unlawful debts (GX 1-4), and contract (GX 5), (see Ex. 6, infra

Case No. 25cv00613 (NDGA)

The exercise of appellate jurisdiction #5—adjudicateion of the merits of the frivolous motion.

The Court **DENIES WITHOUT PREJUDICE** Appellees' 6-page

motion for sanctions (Dkt. 46) as insufficiently developed. If Appellees

wish to renew their motion, they must (1) explain in more detail why

sanctions are warranted under Rule 8020; (2) address Appellants'

counterarguments; (3) identify the specific sanctions they seek; and

(4) describe each step required to process and effectuate their request

from beginning to end (including whether the Court must hold a hearing

and, if so, when and what should happen at the hearing). Appellees must

be thorough and cite supporting authority throughout their analysis.

#6

The Court **DENIES** Appellants' pending motions (Dkts. 42; 44; 49)

as moot or otherwise meritless. The Court **DIRECTS** the Clerk to close

this case.

**SO ORDERED** this 26th day of January, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

court cannot take "substantive action while the appeal is pending," and
says the court "will henceforth return any email received from
[Appellants] unopened." (Dkt. 5-10.) Again, nothing about this
document—even assuming it were properly before the Court despite its
omission from Appellants' initial notice of appeal—entitles Appellants to
the relief they seek. That is so—and the Court's other conclusions in this
Order remain true—regardless of which of Appellants' two opening briefs
(Dkts. 26; 41) is deemed operative.

3

> The Court did not address why an
> appellate opening brief is "operative" if
> the Court in fact lacked 28 USC § 158(a)
> appellate jurisdiction over the
> bankruptcy court's orders.

## Exhibit 2—Dkt. 58, Jan. 27, 2026, Incoherent and Inconsistent Moot Judgment

Dkt. 58

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GROUP MANAGEMENT CORP.,
    Debtor,

ULYSSES T. WARE et al,
    Appellants,

vs.

ALPHA CAPITAL, AG et al,
    Appellees.

BANKRUPTCY CASE NO.
03-93031-WLH

CIVIL ACTION FILE NO.
1:25-cv-00613-MLB.

## J U D G M E N T

This action having come before the court, Honorable Michael L. Brown, United

States District Judge, for consideration of the appeal of the bankruptcy order entered

See Ex. 7, infra

2/3/2025, and the court having rendered its decision, it is



**Ordered and adjudged** that the order of the bankruptcy court is **affirmed** and the



appeal is **dismissed**.



Dated at Atlanta, Georgia this 27th day of January, 2026.

---

"**Ordered**" and "**affirmed**" legally presupposes the Court possessed 28 USC § 158(a) appellate jurisdiction and exercised that appellate jurisdiction over the 25cv00613 appeal; "**adjudged**" implies the Court *reviewed the merits* of the 25cv00613 appeal, and "affirmed" the bankruptcy court's 01.27.25 Order, Dkt. 278, (see Ex. 7, infra), **which legally requires appellate and Article III subject matter jurisdiction over the proceedings by all courts (25cv00613, 03-93031, and 02-cv-2219 (SDNY).**

KEVIN P. WEIMER
CLERK OF COURT

By:  s/Parker Thompson
      Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
January 27, 2026
Kevin P. Weimer
Clerk of Court

By: s/Parker Thompson
    Deputy Clerk

Ellis-Monro, C.J., 01.27.25, Dkt. 278 (BC NDGA), Memorandum Decision/Opinion/Order was referenced by the District Clerk as the "**bankruptcy order**" under appeal in 25cv00613—which is in contradiction to, and is inconsistent with lack of 28 USC § 158(a) appellate jurisdiction, are the indisputable factual predicates against the Clerk and the District Judge (Brown, J.) for federal tort claims for judicial misconduct. **The Court's and the Clerk's judgment, Dkt. 58 "affirmed" the bankruptcy court's order, (Ex. 7, infra) which requires, ipso facto, appellate jurisdiction and Article III subject matter jurisdiction by all courts (25cv00613, 03-93031, and 02-cv-2219 (SDNY))**

Case No. 25cv00613 (NDGA)

**Exhibit 3—Dkt. 6, March 10, 2025, Order (Sua sponte Exercise of appellate jurisdiction—no mention of any issue of untimeliness)**

Case No. 25cv00613 (NDGA)

Case 1:25-cv-00613-MLB   Document 6   Filed 03/10/25   Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ulysses T. Ware and Group
Management,

                    Appellants,

                                 Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

                    Appellees,

_____/

## ORDER

The Court ordered Appellant Group Management to have counsel

file a notice of appearance with the Clerk no later than March 6, 2025.

(Dkt. 4.) The Court warned Appellant that failure to comply may result

in sanctions, including dismissal. (*Id.*) Appellant has failed to comply

with the Court's order.

The exercise of appellate jurisdiction #1.

Accordingly, the Court **DISMISSES** Appellant Group Management

without prejudice for failure to comply with a lawful order of the Court.

*See* LR 41.3(A)(2), NDGa.

> **Thus as of March 10, 2025**, the Court implicitly ruled—by dismissing
> Group Management, that appellate jurisdiction irrevocably attached to
> the 25cv00613 proceeding on Feb 7, 2025 (See Ex. 5, infra, Dkt. 282, B.C.
> NDGA)--the Court had and continued to exercise appellate jurisdiction
> over the 25cv00613 (NDGA) appeal until Jan. 26, 2026, Dkt. 57, see Ex.
> 1, supra.

Case No. 25cv00613 (NDGA)

Case 1:25-cv-00613-MLB    Document 6    Filed 03/10/25    Page 2 of 2

**SO ORDERED** this 10th day of March, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

2

Case No. 25cv00613 (NDGA)

**Exhibit 4—Dkt. 38,  April 29, 2025, Order (Sua sponte exercise of appellate jurisdiction—no mention of any issue of untimeliness).**

Case 1:25-cv-00613-MLB   Document 38   Filed 04/29/25   Page 1 of 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ulysses T. Ware,

          Appellant,

                    Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

          Appellees.

_____/

The exercise of appellate jurisdiction ##2 and 3.

## ORDER

**#2**   The Court **DENIES** Appellant's motions (Dkts. 12; 14; 19; 22)

because Appellant has not shown the relief he seeks is warranted. The

**#3**  Court **ORDERS** Appellant to file a single, consolidated opening appellate

brief no later than May 29, 2025. Appellant's brief must be titled

"Appellant's Opening Appellate Brief," be double-spaced, not exceed

25 pages, contain everything required by Bankruptcy Rule 8014(a) in the

proper format, and otherwise comply with the rules governing opening

briefs in a bankruptcy appeal. If Appellant believes the Court lacks

jurisdiction to consider his appeal—or that other jurisdictional problems

exist—he may assert those arguments in his opening brief. The docket

If the Court actually lacked 28 USC § 158(a) appellate jurisdiction over the 25cv00613 (NDGA) appeal then, ipso facto, as a matter of law, **an Appellant brief is unnecessary, ultra vires, and would not be accepted for filing by the Office of the District Clerk**—see Dkt. 26 and Dkt. 41; however, the District Clerk accepted both Appellant's Briefs for filing and docketing. If appellate jurisdiction was truly lacking, the Clerk was required to have declined filing and docketing of both briefs, and the Court would not have *ordered* an Appellant brief be filed. **The issue is subject to judicial estoppel.**

Case No. 25cv00613 (NDGA)

The Court acknowledged its appellate jurisdiction over the 25cv00613 proceedings.

in this case is already clogged with rambling, incoherent, voluminous, and unnecessary filings. Going forward, the Court urges Appellant to be more judicious and restrained about what he chooses to file. If Appellant does not comply with any of the instructions contained in this Order, the Court will likely dismiss his appeal, potentially with prejudice.

SO ORDERED this 29th day of April, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

2

Case No. 25cv00613 (NDGA)

## Exhibit 5—Timely Notice of Appeal--Dkt. 279 and 282, Feb. 7, 2025, (B.C. NDGA)— Bankruptcy Clerk's Transmittal of Notice of Appeal to the District Court (NDGA).

**M Gmail**

Ulysses Ware <utware007@gmail.com>

### 03-93031-wlh Notice of Appeal (FEE)
1 message

no-reply-notices@ganb.uscourts.gov <no-reply-notices@ganb.uscourts.gov>
To: CourtMail@ganb.uscourts.gov

Fri, Feb 7, 2025 at 9:53 AM

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Northern District of Georgia**

Notice of Electronic Filing

The following transaction was received from klt, entered on 2/7/2025 at 9:53 AM EST and filed on 2/3/2025
**Case Name:**      Group Management Corp.
**Case Number:**    03-93031-wlh
**WARNING: CASE CLOSED on 06/03/2003**
**Document Number:** 279 

**Docket Text:**
Notice of Appeal to District Court, Fee $ 298 Receipt Number: None, Amount Paid $ 0.00, filed by Ulysses T. Ware .
Appellant Designation due by 2/18/2025, submission by USBC to USDC due by 3/5/2025, (related document(s) [6], [11], [13], [14], [15], [16], [28], [256], [258], [263], [274], [275], [278]) (klt)

The following document(s) are associated with this transaction:

| The 01.27.25, Dkt. 278, Memorandum Decision/Order was transmitted by the Bankruptcy Court to the District Court for appeal pursuant to 28 USC 158(a) as a timely notice of appeal. |
|---|

**Document description:**Main Document
**Original filename:**0_097.pdf
**Electronic document Stamp:**
[STAMP GANBStamp_ID=875559624 [Date=2/7/2025] [FileNumber=55433996-0]
[83cb73e0beb2460e8931b1b7dbf0b111640a00fb9bd544039f13a95f638dbfcc9824a
d87992ed4e74f9907d978187fdad5b52501f7cc69f0d11d82441c00dc20]]

**03-93031-wlh Notice will be electronically mailed to:**

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

Thomas Ware on behalf of Debtor Group Management Corp.
utware007@gmail.com

**03-93031-wlh Notice will not be electronically mailed to:**

Sims W. Gordon, Jr. on behalf of Debtor Group Management Corp.
The Gordon Law Firm, PC
Suite 1500
400 Galleria Parkway, SE
Atlanta, GA 30339

Dennis S. Meir on behalf of Creditor Alpha Capital Aktiengesellschaft, et al.
KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street
Suite 2800

Atlanta, GA 30309

Ulysses T. Ware
123 Linden Blvd, Suite 9-L
Brooklyn, NY 11226

Case No. 25cv00613 (NDGA)

 Gmail

Ulysses Ware <utware007@gmail.com>

## 03-93031-wlh Transmittal of Notice of Appeal 
1 message

no-reply-notices@ganb.uscourts.gov <no-reply-notices@ganb.uscourts.gov>    Fri, Feb 7, 2025 at 1:18 PM
To: CourtMail@ganb.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of
record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed
electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To
avoid later charges, download a copy of each document during this first viewing. However, if the referenced
document is a transcript, the free copy and 30-page limit do not apply.

**U.S. Bankruptcy Court**

**Northern District of Georgia**

Notice of Electronic Filing

The following transaction was received from yl entered on 2/7/2025 at 1:18 PM EST and filed on 2/7/2025
**Case Name:**        Group Management Corp.
**Case Number:**      03-93031-wlh
**WARNING: CASE CLOSED on 06/03/2003**
**Document Number:** 282

**Docket Text:**
Transmittal of Notice of Appeal to District Court (related document(s) [279]) (yl)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Submission sheet.pdf
**Electronic document Stamp:**
[STAMP GANBStamp_ID=875559624 [Date=2/7/2025] [FileNumber=88436266-0]
[c22a9509067b12c22f1e7f71f6c533be14cc779b1bd5c203c6bd77877c1dd89899eb2
4da4c5e1390bd697c16206e5f2fa3e69e39a7488f7b95052942dbb61bc1]]

**03-93031-wlh Notice will be electronically mailed to:**

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

Thomas Ware on behalf of Debtor Group Management Corp.
utware007@gmail.com

**03-93031-wlh Notice will not be electronically mailed to:**

Sims W. Gordon, Jr. on behalf of Debtor Group Management Corp.
The Gordon Law Firm, PC
Suite 1500
400 Galleria Parkway, SE
Atlanta, GA 30339

Dennis S. Meir on behalf of Creditor Alpha Capital Aktiengesellschaft, et al.
KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309

Ulysses T. Ware
123 Linden Blvd, Suite 9-L
Brooklyn, NY 11226

**Exhibit 6—Appellants' 01.27.25 Rule 12(h)(3)/9014 Art. III subject matter jurisdictional contested matter--JSAR (25cv00613) Dkt. 5-13 pp 186-270, and con't at Dkt. 5-14 pp 1-6), denied on 01.27.25 by the Bankr. Chief Judge (Ellis-Monro), Dkt. 278 (BC NDGA) _Memorandum Opinion/Order_ (see 25cv00613 (NDGA) JSAR Dkt. 5-9) denying all relief and placement on the docket per Bankr. Rule 9021. (See Ex. 7, infra).**

---

## Case No. 03-93031

### United States Bankruptcy Court (12-0)
### For the Northern District of Georgia
### (Atlanta Division)
**Submitted for Filing on**
**Monday, January 27, 2025, 8:57:50 AM**

# F-3

### In re Group Management Corp.
### Chapter 11

**Movants' 11 USC 1109(b) Statutory Parties in Interest Group Management and Ulysses T. Ware's Bankr. Rule 9014 and Rule 12(h)(3) Contested Matter.[1]**

Submitted by:

/s/ Ulysses T. Ware

The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com
Monday, January 27, 2025

---

[1] The Movants' challenge to the Bankruptcy Court (NDGA) _In re Group Management Corp._, 03-93031 Chapter 11 Article III jurisdiction over _predatory criminal usury unlawful debts subject matter_, GX 1-4; and (2) challenge to the Article III standing of the 02cv2219 (SDNY) plaintiffs, Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP clients, see Dkt. 11, _unregistered broker-dealers_. Cf., Ex. 3, infra. What legitimate and lawful interest would a United States Bankruptcy Court (Ellis-Munro, C.J. and Hagenau, C.J.) have in not _sua sponte_ affirmatively confirming the Court's mandatory unwaivable constitutional jurisdiction to adjudicate the Dkt. 6, 11, 13, 14, 15, and 16 proceedings with respect to fundamental constitutional prerequisites—"legally protected interest" in criminal usury convertible promissory notes--in _predatory criminal usury unlawful debts_, GX 1-4, and (2) the Article III standing of KTS' _unregistered broker-dealers clients to enforce and/or collect GX 1-4_? _No legitimate interest exists_. If no legitimate interest exists, then any alleged interest, by definition. must be nefarious, corrupt, perfidious, and illegitimate—that is, _an unlawful interest_.

**Page 1 of 155**
Monday, January 27, 2025
(12) (Part 14-0) re Rule 9014 Contested Matter Motion to Strike, Vacate, Set Aside, and Annul Dkt. 11, 13, 14, 15, 16, 28, 256, 258, 263, 274, and 275, (the "Void Ab initio Orders").

---

Exhibit 7—Dkt. 5-9 Memorandum Opinion/Decision/Order (25cv00613 JSAR) re 03-93031 (BC NDGA) Memorandum Opinion/Order (Ellis-Monro, C.J.) denying all relief of Appellant's Rule 12(h)(3)/9014 contested matter Article III subject matter jurisdiction motion, see Ex. 6, supra. The Clerk's Judgment, Dkt. 58, (Ex. 2, supra) referenced as "the appeal of the **bankruptcy order** entered 2/3/2025 ... **is affirmed**" in the timely 02.03.25, Dkt. 279 (BC NDGA) Notice of Appeal. To "affirm" required **28 USC § 158(a) appellate jurisdiction** and Article III subject matter jurisdiction as the Clerk noted.



Memorandum Opinion/Decision/Order (Ellis-Monro, **C.J.**)

Case 1:25-cv-00613-MLB    Document 5-9    Filed 03/07/25    Page 1 of 1

Filed in U.S. Bankruptcy Court
Northern District of Georgia
Vania S. Allen, Clerk

JAN 2 7 2025

By: _____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
1431 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Chambers of
**BARBARA ELLIS-MONRO**
Chief Judge

Phone: 404-215-1030

January 27, 2025

Mr. Ulyssea T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226

Denied the "requested" relief in the 01.27.25 Rule 12(h)(3)/9014 motion, See Ex. 6, supra

Dear Mr. Ware:

I am in receipt of over one hundred emails from you received since May 29, 2024. In these numerous emails and attachments, you have requested, (i) an evidentiary show cause hearing for various reasons; (ii) reopening of the closed bankruptcy case 03-93031; (iii) vacating pleadings and orders; (iv) transferring the closed case to the Southern District of New York); (v) my recusal or resignation; (vi) filing of an Asset Recovery Plan; and (vii) investigations, contempt, sanctions and other relief as to judges, attorneys, individuals and law firms all in a case that was dismissed by consent in May 2003. The case has been closed since June 2003.

#1    I write to reiterate the findings in the orders entered by now retired Judge Hagenau. Emails do not constitute filing with the Court [Doc. 256, p. 53]. Thus, none of the emails have been or will be docketed. Further, the Court has prohibited you from filing, sending, or otherwise delivering documents for filing in this case, except for notices of appeal and papers filed in connection therewith. [Doc. 275, p. 15]. Any notice of appeal or related papers must be properly filed, not emailed, to be docketed.    #2, #3

Each of the emails received to date has been and will be preserved.

This letter will be docketed. The case remains closed.    #4

Sincerely,

Barbara Ellis-Monro
Chief United States Bankruptcy Judge

C: Clerk, USBC, NDGA

Chief Judge Ellis-Monro, first **reaffirmed the Orders (#1)** of the former Chief Judge Hagenau, then second (#2, #3), *she made finding of facts and conclusion of law*, thirdly, *she denied all relief on the discrete unit of adjudication presented to the court—refused to exercise jurisdiction*, and finally, *she Ordered the Clerk to docket the Memorandum Opinion pursuant to Bankr. Rule 9021*, (BC NDGA), Dkt. 278 (01.27.25), ipso facto a final, appealable memorandum decision/order on the merits denying all reliefs concerning the Appellants' undocketed Rule 12(h)(3)/9014 contested matter Art. III subject matter jurisdiction motion.

Case No. 25cv00613 (NDGA)

**Exhibit 8—Dkt. 5-10 Order (Ellis-Monro, C.J.) (JSAR) (02/18/25, Dkt. 286, 03-93031 BC NDGA). Timely appealed via the Second Amended Notice of Appeal filed on 02/26/25, Dkt. 293 (BC NDGA). See Ex. 9, infra.**

Case 1:25-cv-00613-MLB   Document 5-10   Filed 03/07/25   Page 1 of 5

**IT IS ORDERED as set forth below:**

**Date: February 18, 2025**

Barbara Ellis-Monro
U.S. Bankruptcy Court Judge

---

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE:

GROUP MANAGEMENT CORP.,

   Debtor.

CASE NO. 03-93031-BEM

CHAPTER 11

**O R D E R**

An appeal has been filed in this case which was accompanied by a letter from Mr. Ulysses T. Ware in which Mr. Ware requests that this Court hold a status conference under 11 U.S.C. § 105(d) to establish a briefing schedule on the asserted jurisdictional issue. This Court addressed its jurisdiction, the standing of claimants who held or hold certain convertible promissory notes issued by Debtor, and Mr. Ware in an order entered October 22, 2024, (the "October Order"). Thus, to the extent Mr. Ware seeks relief from the Bankruptcy Court, there is no action this Court can take until the District Court rules on the appeal. *U.S. Commodity Futures Trading Comm'n v. Escobio*, 946 F.3d 1242, 1251 (11th Cir. 2020). Furthermore, letters are not proper pleadings. BLR 9003-2.

While the Court can take no substantive action while the appeal is pending in the District Court it can and will take action to control the purported filings sent by Mr. Ware via email. The constant emailing by Mr. Ware of voluminous, repetitive, abusive and frivolous documents wastes judicial resources and administrative time and must stop. Therefore, the Court will begin the return of all documents submitted through email and will henceforth return any email received from Mr. Ware unopened and it is now, hereby,

ORDERED that the Court will not review and will return all emails received from Mr. Ware.

**END OF ORDER**

4

**Exhibit 9—5-15 Timely Second Amended Notice of Appeal--(JSAR)(Dkt. 293, 02.26.25 03-93031 (BC NDGA)) appeal of Order (02.28.25), Dkt. 286 (Ellis-Munro, C.J.) (see Ex. 8, supra).**

# 03-93031 Chapter 11
### Re: (12-10A2) (Part 14-10A2)

## A. Appellants' Expressed Actual Notice of Adverse Effects and Consequences.

### The Office of Ulysses T. Ware

123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

February 19, 2025



Filed in U.S. Bankruptcy Court
Northern District of Georgia
Vania S. Allen, Clerk

FEB 2 6 2025

By: _____
Deputy Clerk

**VIA ELECTRONIC FILING AND U.S. MAIL**

The Honorable Barbara Ellis-Monro
Chief Judge, United States Bankruptcy Court
Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Vania S. Allen
Clerk of the Bankruptcy Court
United States Bankruptcy Court
Northern District of Georgia
Richard B. Russell Federal Building and United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303



**B.  Re: IMMEDIATE ATTENTION REQUIRED: APPELLANTS' SUBMISSION FOR FILING AND DOCKETING OF AMENDMENT NO. 2 TO NOTICE OF APPEAL (DKT. 279) – APPEAL OF DKT. 286—THE CRIMINAL VIOLATIONS OF 18 U.S.C. § 2071(a), (b) ARISING FROM ATTEMPTED RETURN OF JUDICIAL PUBLIC RECORDS.**

Sincerely,

/s/ Ulysses T. Ware

*Ulysses T. Ware*

Page 1 of 31
Wednesday, February 19, 2025
(12-10A2) (Part 14-10A2)  re: Appellants' Feb. 19, 2025, Amendment No. 2 to Feb. 7, 2025, Dkt. 279,
Notice of Appeal appealing Dkt. 286, Feb. 18, 2025, moot and void ab initio purported Order-01.

Ulysses T. Ware
Attorney in Fact for Appellants-Movants
Ulysses T. Ware and Group Management

Case No. 25cv00613 (NDGA)

**Exhibit 10—Dkt. 296 (03/07/25) JSAR certified as accurate and forwarded without objection, dispute, or challenge, <u>by the Bankruptcy Court</u> or any Appellee, to the District Court as ready for appeal by the Chief Judge (Ellis-Monro) pursuant to Bankr. Rule 8009(d)(2)(A), (B), and (d)(3). Had the Bankr. Court objected to or disputed that Dkt. 278 and Dkt. 286 were appealable Orders, the Bankr. Court was not authorized to have certified the same as appealable Orders pursuant to 28 USC 158(a) and the matter would have been resolved in the Bankruptcy Court, <u>see Rule 8009(c)(3).</u>** Cf., 2014 Committee Notes on Rules, Subdivision (d): "Subdivision (d) adopts the practice of F.R.App.P. 10(d) of permitting the parties to agree on a statement of the case in place of the record on appeal. **The statement must show how the issues on appeal arose and were decided in the bankruptcy court. It must be approved by the bankruptcy court in order to be certified as the record on appeal.**" Also see Subdivision (e): Subdivision (e), modeled on F.R.App.P. 10(e), provides a procedure for correcting the record on appeal if an item is ***improperly designated***, omitted, or ***misstated***.

Case 03-93031-bem   Doc 296   Filed 03/07/25   Entered 03/07/25 08:46:08   Desc Main
Document       Page 1 of 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

TO:  Mr. Kevin P. Weimer, Clerk                DATE: March 7, 2025
     United States District Court

RE:  03-93031-WLH                              Group Management Corp.
     Bankruptcy Case No.                       Debtor(s)

                                               Ulysses T. Ware and Group
                                               Management
                                               Appellant

                                               vs

                                               Alpha Capital, AG, Stonestreet, L.P.,
                                               Markham Holdings, L.P., Amro
                                               International, S.A., Kilpatrick,
                                               Townsend, & Stockton, LLP, Dennis S.
                                               Meir, John W. Mills III, a J. Henry
                                               Walker, IV, Wab Kadaba, Kenneth A.
                                               Zitter, Arie Rabinowitz, LH Financial
                                               Services Corp., Konrad Ackermann,
                                               Joseph Hammer, Trailblazer Merger
                                               Corp., I, Wendy L. Hagenau, James H.
                                               Morawetz, the Office of the U.S. Trustee,
                                               Region 21, Mary Ida Townsend, M.
                                               Regina Thomas, Patricia Sinback,
                                               Margaret H. Murphy, Joyce Bihary,
                                               Coleman Ray Mullins, Securities and
                                               Exchange Commission, Financial
                                               Industry Regulatory Agency(FINRA),
                                               Barbara Ellis-Monro, Marcia E. Asquith,
                                               Robert L. D., Colby, Robert W. Cook,
                                               Emma Jones, Sarah Jeffries, The State
                                               Bar of Georgia, Office of the General
                                               Counsel, William D. NeSmith, III, Paula
                                               Frederick, Leigh Burgess, William Alan
                                               Myers, Adrienne Nash, Jenny
                                               Mittlemen, Jonathan Hewett, Patrick N.
                                               Arndt, Michael D. Hostetter, Nall &
                                               Miller, LLP, Manibur S. Arora, Edward
                                               T.M. Garland, Michael F. Bachner, David
                                               B. Levitt, Donald F.Samuel, Janice
                                               Singer, Alexander H. Southwell, Thomas
                                               W. Thrash, Jr., Michael P. Boggs,
                                               Thomas A. Leghorn, Lawrence B.
                                               Mandala, Baker & McKenzie, LLP,
                                               Robert H. Albaral, John F. King, and
                                               Office of the Georgia Insurance
                                               Commissioner., John Does Insurance
                                               Companies, ##1-5, Jeneane Treace,
                                               Assistant U.S. Trustee, Region 21
                                               Appellees

F08 (submusdc.roa) (Rev. 10-2009) — dlla07.29.21

Case No. 25cv00613 (NDGA)

Case 03-93031-bem   Doc 296   Filed 03/07/25   Entered 03/07/25 08:46:08   Desc Main
Document   Page 2 of 2

## SUPPLEMENTAL SUBMISSION SHEET

Submitted on:

☒     Notice of Appeal filed 02/03/2025- Doc. No. 279

       File date of Order being appealed from 5/21/2003, 10/24/22, 12/13/22 - Doc. No. 28,256,274,275

☒ Supplemental Record to USDC Case No.   **25-cv-00613-MLB**

☐ Other: Click here to enter text.



**Contents of Record:**

☒ Documents: 6,11,13,14,15,16,258,263,278,286,288,289,292,293,294, docket sheet

☒ Designated items of    ☒ Appellant(s)    ☐ Appellee
      Filing Fee Paid - ☒ Yes    ☐ No

If previous and/or related appeal filed, list:

**22-cv-01531-LDH-LB (District of New York)**

FROM:   Vania S. Allen, Clerk of Court
          United States Bankruptcy Court

By: /s/ _____
      Yahaira Lugo, Deputy Clerk

> **On March 7, 2025, Dkt. 296, the Chief Judge of the U.S. Bankruptcy Court, the Hon. Ellis-Monro, pursuant to Bankr. Rule 8009(d)(2)(A), (B), and (d)(3) certified the "contents of the record" on appeal in 25cv00613 (NDGA) as accurate, complete, and without objection or dispute by any Appellee or the Bankruptcy Court disputing whether or not Dkt. 278 and Dkt 286 were appealable Orders—the matter is judicial estoppel on the 25cv00613 District Court (Brown, J.).**
>
> **All parties including the Bankruptcy Court's Chief Judge agreed that Dkt. 278 and Dkt. 286 were appealable Orders under 28 USC 158(a). The notice of appeals was timely filed as required by Rule 8002, and the record (JSAR) was certified to the District Court for adjudication as such.**

F08 (submusdc.roa) (Rev. 10-2009) — *dla07 29 21*

Case No. 25cv00613 (NDGA)

Case No. 25cv00613 (NDGA)

**Exhibit 11—FINRA's May 17, 2021, unregistered broker-dealer certification—fatal to Article III subject matter jurisdiction in the 02-cv-2219 (SDNY), 03-93031 (BC NDGA), and 25cv00613 (NDGA) proceedings.**

---

Case 1:25-cv-00613-MLB   Document 5-13   Filed 03/07/25   Page 48 of 270



**Exhibit 3—FINRA's May 17, 2021, binding regulatory factual finding of <u>unregistered broker–dealer status</u> for KTS' clients who fraudulently appeared in the 03-93031 Chapter 11, see Dkt. 11, 15, and 16 via KTS' lawyers Dennis S. Meir and John W. Mills, officers of the court,  pursuant to and in violation of 18 USC §§ 2, 152, 157, 371, 1951(a), 1956-57, 1961(6)(B), and 1962(a-d)—<u>a pattern of racketeering activities.</u>**

**CERTIFICATION OF NO FINRA BUSINESS RECORDS**

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1. I am the Executive Vice President, Board and External Relations.  In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2. No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

    a) Alpha Capital, AG
    b) Stonestreet, L.P.
    c) Markham Holdings, Ltd.
    d) Amro International, S.A.
    e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External
Relations and Corporate Secretary

Subscribed and sworn to before me this 17th day of ___May___ 2021.

Notary Public, District of Columbia

My commission expires: 5/3,

Page 25 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

---

Case No. 25cv00613 (NDGA)

**Exhibit 11-1—GX 24, Case No. 02-cv-2219 (SDNY) Aug. 13, 2003 Order (Sand, J.) (deceased) finding KTS and each of KTS' predatory, unregistered broker-dealer clients lied, committed perjury, and stole and concealed 03-93031 Chapter 11 estate assets (+$522 million) required to have been turned over and disgorged to the Chapter 11 trustee in possession for distribution to creditors pursuant to 11 USC §§ 541, 542; 15 USC § 78p(b); and 18 USC § 1961(6)(B).**



Case 1:25-cv-00613-MLB   Document 5-13   Filed 03/07/25   Page 43 of 270

# JSAR Dkt. 5-13 pages 43-60



Exhibit 1—Dkt. 65, Aug. 13, 2003, Sand, J.) (deceased), 02cv2219 (SDNY): Unappealed Judicial ruling (collateral, equitable, and judicial estoppel) of 15 USC §78p(b) *statutory insider status* (disgorgement of all profits requirement to the Chapter 11 estate) for each of KTS' *unregistered broker-dealer* clients (see Ex. 3, infra) with respect to the Chapter 11 debtor's, Group Management Corp.'s, publicly-traded equity securities.[6]



---

[6] Judge Sand's Aug. 13, 2003, ruling, binding **a lawful court order**—(A) subject to enforcement against Hagenau, KTS, its client, et al., via civil and criminal contempt (18 USC §§401(2), 401(3)) absolutely binding on the 03-93031 Chapter 11 Bankruptcy Court (NDGA) (Hagenau, C.J.), which (B) *conferred fiduciary duty status* on all 18 USC §1962(d) racketeering to commit bankruptcy fraud unindicted coconspirators to wit, Hagenau, KTS, its partners, each of *KTS' unregistered broker-dealer clients, et al.*— that is, Hagenau, KTS, its partners, and its clients are subject to (i) *an existing and extant and current equitable lien on their personal and individual assets*, (ii) current and extant constructive trust impressed on their assets, (iii) and U.C.C. Article 1 encumbrance and lien on their assets in the amount of *+$522M plus interest* running from the date of Judge Sand's 15 USC §78p(b) court order, August 13, 2003, (i.e., stolen and concealed property and assets of the 03-93031 Chapter 11 estate).

Page 20 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).



**Ex. 1**—(Dkt. 65, 02cv2219)—(18 USC § 1961(1) Racketeering Overt and Predicate Act) Aug. 13, 2003, Dkt. 65 02cv2219 (SDNY), Sand, J. (deceased) **binding judicial ruling and court order**—Judge Sand in ex parte communications found each KTS client to be a 15 USC § 78p(b) statutory insider of Group Management Corp, and therefore triggered the Section 16(b)/11 USC §542(a) disgorgement/turnover requirement, which was not appealed by KTS' clients, and is therefore, *ipso facto, as a matter of law and fact res judicata and collateral estoppel against KTS, Kadaba, the SBGA, NeSmith, Fredrick, Hagenau, and the 03-93031 (BC NDGA) bankruptcy court pursuant to FRE 201(b) judicial notice.*

App. 34-2—GX 24 (Dkt. 65, 02cv2219)—found each 02cv2219 plaintiff to be a 15 USC 78p(b) statutory insider of GPMT, and their and their agents required to disgorge back to GPMT +$500 million in trading profits.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALPHA CAPITAL AKTIENGESELLSCHAFT,
AMRO INTERNATIONAL, S.A.,
MARKHAM HOLDINGS, LTD., and
STONESTREET LIMITED PARTNERSHIP,

                    Plaintiffs,

        -Against-                                02 Civ. 2219 (LBS)

GROUP MANAGEMENT CORP.,                          ORDER
formerly known as IVIG CORP.,
formerly known as INTERNET
VENTURE CORP.,

                    Defendant.

SAND, District Judge

[illegible body of order]

COPIES MAILED TO ALL PARTIES

Page 21 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

(02-A) Appellants' Rule 8015(h) Certificate and Supp. Memo. of Law No. 2
Page **47** of **72**

The conspiracy to commit securities and bankruptcy fraud by KTS during the In re Group Mangement Corp, 03-93031 (BC NDGA) Chapter 11 proceedings. KTS' clients' judicially admitted in ex parte communications with the 02cv2219 (SDNY) district court (Sand, J.) that KTS did in fact knowingly violated 18 USC 2, 157, 371, 924(c), 1201-02,1341, 1343, 1503, 1951(a), 1956-57, 1958-59, 1961(6)(B) and 1962(d) by concealing and suppressing its clients' ownership of GPMT's stock.

letter relating not to Plaintiff Stonestreet, but rather to Plaintiff Alpha Capital. Plaintiff explained, upon inquiry from Chambers, that Stonestreet in fact beneficially owned more than 9.9% of Group Management's stock.

Given the above facts, the Court observes that the conditions set in the July 2 Order regarding the Stonestreet conversion request have not been met, and that Defendant is therefore not in contempt of that Order, or of the follow-up Order of July 23. Nonetheless, pursuant to other orders of this Court, including the Order and Judgment of November 25, 2002, Defendant is still bound to honor appropriate conversion requests from Alpha Capital, and Plaintiff has submitted both an affidavit and opinion letter regarding the legality of the current Alpha conversion request. Accordingly, failure by Defendant to honor that request within five business days of this Order shall constitute contempt.

SO ORDERED.

Dated: New York, New York
August 20, 2003

U.S.D.J.

Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Case No. 25cv00613 (NDGA)

**Exhibit 11-2—Dec. 20, 2007, Dkt. 90, Fed. R. Civ. P. 41(a)(2) voluntary dismissal with prejudice of the 02-cv-2219 (SDNY) lawsuit—conferred final judgment in favor of Group Management and Ulysses T. Ware, (the "Final Judgment Prevailing Parties").**

Case 1:25-cv-00613-MLB    Document 5-13    Filed 03/07/25    Page 46 of 270



Exhibit 2--Dkt. 90 (Binding Final Judgment)—02cv2219 (SDNY) Prevailing Parties Chapter 11 Debtor Group Management and 11 USC §1109(b) statutory party in interest Ulysses T. Ware's Final Judgment—December 20, 2007, Dkt. 90, Case No. 02cv2219 (SDNY), District Judge Leonard B. Sand, Fed. R. Civ. P. Rule 41(a)(2) voluntary, ex parte *Dismissal with Prejudice* of the 02cv2219 (SDNY) Lawsuit *After the Statute of Limitation Had Run on All Claims Final Judgment conferred final judgment prevailing party status on Group Management and Ulysses T. Ware.*[7]



[7] KTS' *unregistered broker-dealer clients'* Dec. 20, 2007, *voluntary* Rule 41(a)(2) *dismissal with prejudice* of the 02cv2219 (SDNY) lawsuit—final judgment on the merits for the Chapter 11 debtor, Group Management, and 11 USC §1109(b) statutory party in interest Ulysses T. Ware, is currently and will be enforced against Hagenau, KTS, its clients, and each 18 USC §1962(d) unindicted coconspirator *resisting* the *legal and equitable preclusive effects*—that is, the immediate 11 USC §542(a) turnover of all Chapter 11 estate assets, of the binding court order, see 18 USC §§401(2), and 401(3), and Fed. R. Crim. P. 42.

Page 23 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Case No. 25cv00613 (NDGA)



Page 24 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Case No. 25cv00613 (NDGA)

**Exhibit 12—Jan. 15, 2007, counterfeit, fabricated, forgery judicial document created by the Supreme Court of Georgia to steal the personal and business property of Appellant Ware as an overt and predicate act in furtherance of the 03-93031 (BC NDGA) conspiracy to commit bankruptcy fraud by Atlanta, GA law firm Appellee KTS and its predatory, unregistered broker-dealer clients.**

Case No. 25cv00613 (NDGA)

**Exhibit 12-A--The 25cv00613 (NDGA) District Court (Brown, J.) in a coordinated fashion, colluded, and in conspiracy with Appellee Chief Justice Nels S.D. Peterson, and the Supreme Court of GA, jointly, in concert, as an overt and predicate act to obstruct justice, launched an insidious criminal attack on the Appellants once Appellant Ware on <u>Jan. 26, 2026,</u> filed (02-K) via the Supreme Court's e-filing system (see Ex. 12-A-1, infra); Brown, J. then hurriedly filed his incoherent and delusional Dkt. 57, Order (see Ex. 12B, infra) <u>also on Jan. 26, 2026,</u> that deliberately denied Appellants access to the District Court regarding adjudication of the merits of their pending appeal.**

*(02-K) 01.26.26 Ulysses T. Ware's SUPPLEMENTAL MEMORANDUM OF LAW #2.0*

## IN THE SUPREME COURT OF GEORGIA

### STATE DISCIPLINARY BOARD

### STATE BAR OF GEORGIA

In the Matter of:

### ULYSSES T. WARE,

Petitioner

### Case No. S08Y1685

**[Title]: (02-K) Supplemental Memorandum of Law #2.0 In Support of re Petitioner Ulysses T. Ware's Verified Omnibus Petition to Vacate and Annul, Nunc Pro Tunc, the October 6, 2008, Order of Disbarment for Fraud on the Court, and Mootness; Comprehensive schedule of Twenty Five (25) Dispositive Adjudicative Facts for Mandatory Judicial Notice Pursuant to O.C.G.A. § 24-2-201(d); and § 24-2-201(e) Timely Demand for a Due Process Hearing, with Memorandum of Law.**

Respectfully verified and submitted this 26th day of January, 2026, under oath, subject to

the penalty of perjury, having personal knowledge of the facts, and pursuant to 28 USC § 1746.

/s/ Ulysses T. Ware
**Ulysses T. Ware, Petitioner**
The Office of Ulysses T. Ware
123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Filed on Monday, January 26, 2026, via Supreme Court E-Filing system.

(02-K) Supp. Memo of Law 2.0 Page 1 of 53

Case No. 25cv00613 (NDGA)

**Exhibit 12-A-1—Supreme Court GA Jan. 26, 2026, filing receipt In re Ware, S08Y1685.**

 noreply@gasupreme.us
to ▼

 Mon, Jan 26, 7:09 PM (6 days ago)

This E-Mail is to confirm that your filing was successfully submitted. When your filing is processed by the Clerk's Office, you will be notified by e-mail. Your reference number for this submission is 147768.

Case Number: S08Y1685
Case Style: IN THE MATTER OF ULYSSES THOMAS WARE  

If you do not receive an email notification regarding this filing within one (1) business day, please contact the Clerk's Office at (404) 656-3470.

Case No. 25cv00613 (NDGA)

**Exhibit 12-B—Dkt. 57, 25cv00613 Order entered at 1:39 PM on Jan. 27, 2026, but filed on Jan. 26, 2026—on the exact same day Brown, J, dismissed the 25cv00613 appeal for fraudulent and legally impossible reasons, was the same day Appellant Ware filed his Motion to Vacate in the Supreme Court of GA, see Ex. 12-A, supra. <u>A coordinated racketeering conspiracy to obstruct justice</u>.**

CM/ECF-GA Northern District Court                    https://gand-ecf.sso.dcn/cgi-bin/Dispatch.pl?965745985738201

**Orders on Motions**
1:25-cv-00613-MLB Ware et al v.
Alpha Capital, AG et al

0months,MLBLC1,NeedJgm,SUBMDJ

> The Court's indisputable exercise of 28 USC 158(a) appellate and Art. III subject matter jurisdiction in the 25cv00613 (NDGA) proceeding—that is, "Orders on Motions," adjudication on the merits.

**U.S. District Court**

**Northern District of Georgia**

**Notice of Electronic Filing**

The following transaction was entered on 1/27/2026 at 1:39 PM EST and filed on 1/26/2026
**Case Name:**       Ware et al v. Alpha Capital, AG et al
**Case Number:**     1:25-cv-00613-MLB
**Filer:**
**Document Number:** 57

**Docket Text:**
ORDER. The Court VACATES its prior [6] Order dismissing Appellant Group Management for failure to retain counsel. The Court DISMISSES this bankruptcy appeal as untimely due to the Federal Rule of Bankruptcy Procedure 8002. The Court DENIES WITHOUT PREJUDICE Appellees' 6-page [46] motion for sanctions as insufficiently developed. The Court DENIES Appellants' pending [42], [44] and [49] motions as moot or otherwise meritless. The Court DIRECTS the Clerk to close this case. Signed by Judge Michael L. Brown on this 26th day of January, 2026. (pdt)

**1:25-cv-00613-MLB Notice has been electronically mailed to:**

Patrick Nish Arndt    parndt@nallmiller.com, clerk-runner@nallmiller.com,
moreillystradtman@nallmiller.com, sbuettner@nallmiller.com

**1:25-cv-00613-MLB Notice has been delivered by other means to:**

Group Management(Terminated)
123 Linden Blvd
Ste 9-L
Brooklyn, NY 11226

Ulysses T. Ware
123 Linden Blvd
Ste 9-L
Brooklyn, NY 11226

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**

1 of 2                                                                          1/27/2026, 2:13 PM

*(03-A) 01.28.26 In the Matter of Ulysses T. Ware re Response to Clerk's Letter*

**Exhibit C:** **Counterfeit Purported Sheriff's Affidavit of Personal Service dated January 15, 2007 (CPLR Section 306(d)), Sheriff's Case # 08000590, not notarized until January 15, 2008.**[20]

> Case 1:25-cv-00613-MLB    Document 5-13    Filed 03/07/25    Page 40 of 270
>
> Exhibit A—SBGA's known false, fraudulent, counterfeit, and fabricated alleged January 15, 2007, **Affidavit of Personal Service (perjury)** on Ulysses T. Ware, Esq. at the Bureau of Prison's Brooklyn, NY MDC federal prison—the BOP has confirmed that Mr. Ware *was not* **personally served** on January 15, 2007, at the MDC Brooklyn, NY prison because according to the BOP " ... Mr. Ware *was not* incarcerated and *was not* in the custody of the Bureau of Prison on January 15, 2007, *anywhere in the United States ... and certainly not in Brooklyn, NY ... that is a fact* ...." (emphasis in original).
>
>
>
>
> Page 17 of 162
> Tuesday, February 18, 2025
> (13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).



[20] Why would C. Palmieri wait for exactly one (1) year, **January 15, 2008**, to **personally**, allegedly, appear before Raphael Lucas seeking to have the alleged Affidavit of Personal Service notarized that is dated **January 15, 2007**? Where was the Affidavit of Personal Service during this period? Who had possession of the document? Where is the *verifiable certified chain of custody* for the document--which has never been produced? Where is the proof that this document is the actual document signed by C. Palmieri? Where are the verifiable jail records confirming Palmieri actually appeared at the MDC on January 15, 2007?

*(03) re Response to Clerk's Jan. 27, 2026, Letter Page 36 of 71*

*(03-A) 01.28.26 In the Matter of Ulysses T. Ware re Response to Clerk's Letter*

Case 1:25-cv-00613-MLB   Document 5-13   Filed 03/07/25   Page 41 of 270

**SUPREME COURT,, STATE OF GEORGIA**

STATE OF GEORGIA
Plaintiff/Petitioner
      Vs

ULYSSES THOMAS WARE
Defendant/respondent

STATE OF NEW YORK
COUNTY OF KINGS    } SS:

SHERIFF'S AFFIDAVIT OF
SERVICE
(DELR See Sun 306-p)

**FILED**
1-24-08-9h
STATE DISCIPLINARY BOARD
STATE BAR OF GEORGIA

Sheriff's Case # 08000990
Index/Docket # 30635

I D. Palmieri, Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby certify that: I am not a party in this action or proceeding and over 18 years of age. I further certify that on the 15th day of January 2007 at approximately 10:45AM at 80 25th Street in the borough of Brooklyn, County of Kings, I served the annexed: summons, complaint, X petition □ subpoena □ order/temporary order of protection □ order to show cause □ writ of habeas corpus □ property execution □ sheriff's sale notice □ sheriff's levy notice □ interrogatories □ financial disclosure affidavit X Attached Documents upon
ULYSSES THOMAS WARE, the defendant/respondent, in the following manner:

| | |
|---|---|
| **PERSONAL DELIVERY** | ☑ By delivering to and leaving with the above named defendant/respondent personally a true copy thereof, said person being known as the person mentioned and described herein. |
| **PERSONAL SERVICE ALTERNATE PERSON** (RESIDENCE) | ☐ By delivering to and leaving with, _____ a person of suitable age and discretion, who is _____ to the defendant/respondent. A true copy thereof, Said address is the dwelling place/usual place of abode of the party served. |
| **PERSONAL SERVICE ALTERNATE PERSON** (EMPLOYMENT) | ☐ By delivering to and leaving with, _____ a person at the defendant's/respondent's place ___ said title of employment _____ (name of place of employment) |
| **MAILED** | ☐ On _____ I mailed the above mentioned process(es) by first class USPS mail to the defendant/respondent at his/her last known residence/actual place of business in an envelope bearing the legend "PERSONAL AND CONFIDENTIAL" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the defendant/respondent. |
| **CORPORATION** | ☐ By delivering to and leaving with, _____ a true copy thereof. Said person stated he/she was ___ an agent authorized to accept service of legal process. book title |
| **DESCRIPTION** | ☑ The person served is a/X Male Female, and approximately: Age-48 Height 6-4 Weight 205lbs Skin-Black Hair-Black |

**NOTARY**
Sworn to before me
this 15 day of January, 2008

[signature] Rafael J. Lucas

DEPUTY SHERIFF Shield #188

000017

RAFAEL J. LUCAS
NOTARY PUBLIC, State of New York
No. 01LU6083001
Qualified in Queens County
Commission Expires September 30, 20 10

Page 18 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual
Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NOGA) (Brown, J.).

Lucas obviously back-
dated and falsified the
notary affirmation—

(03) re Response to Clerk's Jan. 27, 2026, Letter Page 37 of 71

(03-A) 01.28.26 In the Matter of Ulysses T. Ware re Response to Clerk's Letter

**Exhibit D:** **Official United States Attorney (SDNY) confirming non-custody status on January 15, 2007: "Ware's first trial began on January 15, 2007."** On Jan. 15, 2007, Mr. Ware was not convicted of any alleged offense—the date of his alleged "personal service" by the special master at the MDC in Brooklyn, NY. The special master lacked subject matter jurisdiction on Jan. 15, 2007, to initiate a disbarment proceeding, rendering the proceeding null and void ab initio and as a matter of GA statutory law, OCGA 9-12-60(f) void.

(04-Appx B) 12.28.2025—Supplemental Memorandum of Law (01)— In re: Ulysses Thomas Ware

**Exhibit D-2**—**07-5222cr (2d Cir):** the Government's judicial admissions made in its 07-5222cr (2d Cir.), Ware-I, brief, that (1) Jeremy Jones was in fact a covert cooperating/informant who testified in 05cr1115 pursuant to the USSG 5k1.1 willful perjury contracts; and (2) notified the Court of Appeals that it was dismissing the 07-5670cr (XAP), Gov.-I cross-appeal with prejudice—an Executive Branch Article II acquittal for insufficient evidence.



All Rule 11 plea contracts and USSG 5k1.1 cooperation agreements (contracts) for known perjured testimony were required to have been produced and disclosed by the Government's trial prosecutors, AUSA Southwell, Feldman, Goldin, Douvas, and Fish; and their supervisors (Kelley, Garcia, Williams, et al.); and the Judges (Pauley, Dolinger, Ramos, Kearse, Sack, Hall, Cabranes, Livingston, Lohier, et al.).

Page 47 of 50
Sunday, December 28, 2025

(03) re Response to Clerk's Jan. 27, 2026, Letter Page 38 of 71

**Exhibit E:    In re Ware, Oct. 6, 2008, S08Y1685 (S. Ct. GA) re Fraudulent and bogus, *null and void ab initio Order of Disbarment*.**

FINAL COPY

284 Ga. 444

S08Y1685.  IN THE MATTER OF ULYSSES THOMAS WARE.

**Per curiam.**

This matter is before the Court on the Report of the special master, William A. Myers, appointed pursuant to Bar Rule 4-106 of the Georgia Rules of Professional Conduct after Ware was convicted of two felonies in New York. Because Ware is incarcerated in New York, the special master granted leave for him to make a written submission concerning his case by filing it with the clerk of the State Disciplinary Board by April 28, 2008.  Ware did not timely file a submission, although he mailed two letters dated April 20, 2008 and May 1, 2008, which were received by the Office of General Counsel on May 5, 2008.  While the special master was not required to consider the letters because they were untimely, he nevertheless allowed them to be included in the record but found that they did not present any basis for withholding consideration of the matter or recommending discipline.  Neither party has requested a Review Panel review and, accordingly, each is deemed to have waived any right to file exceptions with

Case No. 25cv00613 (NDGA)

*(03-A) 01.28.26 In the Matter of Ulysses T. Ware re Response to Clerk's Letter*

The special master's purported "certified copy of the judgment of conviction" (see Ex. F, infra) regarding the *U.S. v. Ware*, 05-cr-1115 (SDNY) proceedings is dated for **Oct. 30, 2007**. Therefore, it is physically and factually impossible for Mr. Ware to have been served at the MDC in Brooklyn, NY on "**January 15, 2007**, at 10:42 AM" with a copy of an alleged "judgment of conviction" dated ten (10) months later on **Oct. 30, 2007**? Mr. Ware's trial started on January 15, 2007, (see Ex. D, supra), therefore it is a legal and physical impossibility that Mr. Ware was **convicted** and "**personally served**" at the MDC on **Jan. 15, 2007**, the alleged date of personal service. **The entire S08Y1685 disbarment proceeding, from beginning to end is a criminal fraud perpetrated by the SBGA, et al.**

or make request for oral argument to this Court. Bar Rule 4-217 (c).

Ware was convicted in the United States District Court for the Southern District of New York of conspiracy to commit securities fraud and securities fraud, and was sentenced to 97 months in prison, fined $25,000 and forfeited $228,388 to the United States. The special master admitted the certified copy of the judgment of conviction, which is included in the record. Because Ware was convicted of two serious felonies and conviction of a felony is a disciplinary offense, see Bar Rule 8.4 (a) (2), the maximum punishment for which is disbarment, see Bar Rule 8.4 (c), we agree with the special master's recommendation of disbarment and hereby order that Ware be disbarred from the practice of law in the State of Georgia pursuant to Bar Rule 4-106 (f) (1), see In the Matter of Skandalakis, 279 Ga. 865 (621 SE2d 750) (2005). He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

**Decided October 6, 2008.**

2

Case No. 25cv00613 (NDGA)

*(03-A) 01.28.26 In the Matter of Ulysses T. Ware re Response to Clerk's Letter*

Disbarment.

William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

3

**Exhibit F—(05-cr-1115) judgment: Special Master's (SBGA agent William Alan Myers, Esq., et al.) criminal fraud on the court—the copy submitted to the Supreme Court in *In re Ware*, S08Y1685 disbarment proceeding of an alleged "judgment of conviction" (the subject matter) in *U.S. v. Ware*, 05-cr-1115 (SDNY) is dated for <u>Oct. 30, 2007</u>, <u>ten (10) months after</u> the special master allegedly—without providing any certified Bureau of Prison records confirming that Mr. Ware was in fact in custody at the MDC on <u>Jan. 15, 2007</u>, "personally served" Mr. Ware on <u>Jan. 15, 2007</u>, at the MDC in Brooklyn, NY, with a copy of the same fraudulent, bogus, counterfeit, and fabricated alleged judgment of conviction <u>dated ten month later</u> for "10/30/20007," while the SBGA Appellees in the Case No. 25cv00613 (NDGA) have stipulated and judicially admitted that Mr. Ware <u>was not</u> in custody in the MDC on <u>Jan. 15, 2007</u> (see Ex. D, supra).** 

Moreover, according to the United States Attorney (SDNY), see Ex. D, supra, on "<u>**Jan. 15, 2007**</u>," Mr. Ware's first trial "***started***" and the second trial ***started on*** "April 15, 2007." Therefore, the special master' lying, intentional perjury, conspiracy to obstruct justice, fraud on the court, that he "personally served" Mr. Ware with a "certified copy" of the "judgment of conviction" entered in 05-cr-1115 (SDNY) on Jan. 15, 2007, at the MDC in Brooklyn, NY, when in fact on Jan. 15, 2007, (i) Mr. Ware *was not* in custody of the U.S. BOP in the MDC, nor (ii) had Mr. Ware on Jan. 15, 2007, been convicted of any charge in 05-cr-1115 (SDNY)—that is, the special master (William Alan Myers, Esq. and the SBGA Appellees named in Case No. 25cv00613 (NDGA)— *as illegal criminal association-in-fact*, all colluded, confederated, acted in concert, lied, committed perjury, conspired to obstruct justice, and willfully engaged and knowingly participated in numerous overt and predicates act of Hobbs Act racketeering extortion and predatory, criminal usury, unlawful debt collection activities in violation of NYS Penal Law, section 190.40, the criminal usury law, a class E felony; and violated the federal racketeering and loan sharking laws, 18 USC §§ 2, 156-57, 241, 242, 371, 924(c), 1341, 1343, 1344, 1503, 1512, 1951(a), 1956-57, 1961(6)(B), 1962(a-d), and 2071(a), (b), a pattern of racketeering activities.[21]



---

[21] The Office of the Clerk, District Court (SDNY) has confirmed that Mr. Ware's trial "started' on January 15, 2007; and further confirmed that the District Court's Office did not provide the SBGA and its agent with a "certified copy" of the 05-cr-1115 (SDNY) judgment of conviction on or before Jan. 15, 2007—the document is counterfeit.

Case No. 25cv00613 (NDGA)

*(03-A) 01.28.26 In the Matter of Ulysses T. Ware re Response to Clerk's Letter*

Exhibit F—Fabricated and forged by the SBGA Appellees, William Alan Myers, Esq., Jonathan
Hewett, et al. as an Hobbs Act overt and predicate act of racketeering extortion under color or
official right.

AO 245B   (Rev 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| **ULYSSES THOMAS WARE** | |
| a/k/a "Thomas Ware" | Case Number:   S1 05 CR 1115 -01 |
| | USM Number:   56218-019 |
| | Ulysses Thomas Ware (pro se) |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

X was found guilty on count(s)   1 & 2
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Securities Fraud and Wire Fraud | 2001 - 2002 | 1 |
| 15 USC 78j(b) | Securities Fraud | 2001 - 2002 | 2 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   underlying indictment/counts   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 26, 2007
Date of Imposition of Judgment

(signature)
Signature of Judge

| **USDC SDNY** |
| **DOCUMENT** |
| **ELECTRONICALLY FILED** |
| **DOC #:** |
| **DATE FILED:** 10-30-07 |

William H. Pauley III, United States District Judge
Name and Title of Judge

10/30/07

The SBGA's Bates number

000004

In open court on Oct. 30, 2007, (see green arrow above) AUSA Steven D. Feldman, pursuant to Fed. R. Crim. P.
48, moved the District Court (Pauley, J.) to dismiss all charges in the 05-cr-1115 indictment, which the court
GRANTED on Oct. 30, 2007, acquitting Mr. Ware of all charges, and triggered the absolute finality of the Double
Jeopardy Clause. The SBGA forged and fabricated personal service of process and the subject matter to initiate
a fake and fraudulent disbarment proceeding.

(03) re Response to Clerk's Jan. 27, 2026, Letter Page 43 of 71

Case No. 25cv00613 (NDGA)

**Exhibit 13—Hobbs Act threats of violence to collect predatory, criminal usury debts (GX 1-4) against Appellants Ware and Group Management by member and agents of the Hobbs Act criminal enterprise.**

Case No. 25cv00613 (NDGA)

 Exhibit 7—extreme armed and potentially deadly violence perpetrated against the Debtor and its agent in fact Ulysses T. Ware in furtherance to their conspiracy to collect criminal usury debts (GX 1-4) in violation of NYS Penal Law, section 190.40 and federal RICO law 18 USC §§ 1951(a), 1961(6)(B), and 1962(a-d)—a pattern of racketeering activities.

# Supplemental Appendices

Case No. 25cv00613 (NDGA)



**Appendix 1**—U.S. Marshals note given to Ulysses T. Ware on Sept. 12, 2024, in Brooklyn, NY at 10:17 AM, during the unlawful, armed, forced entry into Mr. Ware's residence while the Marshals lacked a lawful search warrant, arrest warrant, or lawful legal process; aided, abetted, assisted, enabled, and facilitated by the property manager.



Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

(02-A) Appellants' Rule 8015(h) Certificate and Supp. Memo. of Law No. 2
Page **65** of **72**

Case No. 25cv00613 (NDGA)



A.      Sept. 12, 2024; 10:17 AM, Brooklyn, NY alleged U.S. Marshals (SDNY) Plummer, Morton, and Belriz outside of Mr. Ware's residence regarding **a fraudulent referral** by former (SDNY) magistrate Judge Michel H. Dolinger and Colleen McMahon regarding a lawful Fed. R. Civ. P. Rule 11(b)(1-4) Prefiling Investigation concerning imminent RICO and 18 USC 1961(6)(B) unlawful, armed debt collection activities, related to *U.S. v. Ware,* 05cr1115 (SDNY),04cr1224, and 02cv2219 (SDNY); and *In re Group Management Corp..,* 03-93031 (BC NDGA), to wit: GX 1, GX 2, GX, 3, and GX 4—the NYS Penal Law, section 190.40, **null and void ab initio criminal usury unlawful debts**—the Marshals with the assistance of the property manager broke into Mr. Ware's residence *while armed and without any warrant,* or lawful process—*a potentially deadly encounter,* to intimidate, bully, threaten, and force Mr. Ware into giving up and abandoning his and Group Management's legal rights as 11 USC § 1109(b) statutory parties in interest.





**B.** Sept. 1, 2004. Atlanta, GA armed, forced, unlawful entry—potentially deadly, into Mr. Ware's law office *without any lawful warrant by persons impersonating U.S. Marshals*—Hobbs Act conspiracy to collect the criminal usury unlawful debts, GX 1, GX 2, GX 3, and GX 4—government trial exhibits in U.S. v. Ware, 04cr1224 (SDNY), and plaintiffs' exhibits in 02cv2219 (SDNY), and in *In re Group Management Corp.*, 03-93031 (BC NDGA) Chapter 11.

| 75. | 9/1/04 Age: 44 | Contempt of Court | Atlanta, Georgia | 10/15/04; Dismissed pursuant to order of Judge Leonard B. Sand |
|-----|-----|-----|-----|-----|





76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. This arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced

# Sept. 1, 2004 kidnapping
**WARE, ULYSSES THOMAS**     15     P47/014 - C. Tyler



common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable reason to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.



78. On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 set on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the corporate surety bond was discharged.

C.  Actual innocent dispositive Brady exculpatory and impeachment evidence deliberately, intentionally, and in bad faith suppressed and concealed by AUSA Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, David N. Kelley, Michael J. Garcia, Robert W. Sweet, (deceased), Colleen McMahon, Leonard B. Sand, (deceased), William H. Pauley, III (deceased), Robert A. Katzmann (deceased), Jose A. Cabranes, Edgardo Ramos, Laura Talor-Swain, Amalya L. Kearse, Robert D. Sack, Damian Williams, Daniel Gitner, Won Shin, Andrea Griswold, Danielle Sassoon, Hagan Scotten, Jun Xiang, Michael H. Dolinger, and other Unindicted Coconspirators.



3501 - 72

Case No. 25cv00613 (NDGA)

**Appendix 2**—McMahon's, Sica's, Tailwind's, Ramos, Taylor-Swain, DeArcy-Hall, Livingston, Cabranes, Kearse, Sack's, Gitner's, and Hagenau's coordinated conspiracy to commit bankruptcy fraud and obstruct justice regarding 02cv2219 (SDNY), 03-93031 (BC NDGA), 04cr1224 (SDNY), and 05cr1115 (SDNY)—the Hobbs Act Unlawful Debt Collection Proceedings, to wit: 18 USC §§ 2, 156-57, 371, 924(c), 1201-02, 1341, 1343, 1344, 1346, 1503, 1951, 1956-57, 1958-59, 1961(6)(B), 1962(a-d), and 2071(a), (b), a pattern of racketeering activities. 



**Coordinated conspiracy to obstruct justice and conceal Brady actual innocent exculpatory/impeachment evidence.**

In re Group Management Corp. (03-93031)(BC NDGA) (Hagenau, C, J.)

and

**Alpha Capital, AG et al., v. GPMT, et al., (02cv2219)(SDNY) (McMahon, J.)**

**Actual innocent petition filed on 10.20.22.**

10.20.22

SDNY Conviction Integrity Committee Filing

show cause order entered 4 days later          show cause order entered 7 days later

In re GPMT, 03-93031 (BC NDGA)                   Alpha Capital, AG, et al. v. GPMT, et al. (SDNY)

10.24.22                                          10.27.22

Show cause order, Dkt. 256                        Show cause order, Dkt. 132

**Appendix 2-1 (con't)**—Money laundering vehicle formed from the Hobbs Act money laundering and criminal usury unlawful debt collection activities profits and proceeds fraudulently obtained by Unindicted Coconspirators Arie Rabinowitz, LH Financial Services, Alpha Capital, AG, et al.



Case No. 25cv00613 (NDGA)

Exhibit 5—*U.S. v. Ware*, 04cr1224 (SDNY), Nov. 2007, Tr. 204-06, sworn testimony of KTS' clients' official agent, unregistered investment advisor and unregistered broker-dealer Arie Rabinowitz confessing to being unregistered broker-dealers.

*UNITED STATES v. WARE, CASE NO. 09-0851 (2D CIR.) (2010)*
ON APPEAL FROM *UNITED STATES v. WARE,* 04cr1224 (Sweet, J.)
18 USC 401(3) CRIMINAL CONTEMPT PROSECUTION
APPELLANT WARE'S OPENING BRIEF

1    Moreover, being unregistered brokers-dealers operating in violation of 15 U.S.C.
2    S78o(a)(1), Tr. 204-05, Rabinowitz testified as follows at Tr. 204:
3
4    **ADMISSION OF BROKER-DEALER STATUS BY**
5    **ARI RABINOWITZ UNDER CROSS EXAMINATION.**
6
7    Mr. Ware: What is the name of your company?
8    Rabinowitz: LH Financial Services.
9    Mr. Ware: What business is that company?
10   Rabinowitz: We are in the private placement business.
11   Tr. 206
12   Mr. Ware: Approximately how many companies have you assisted Alpha Capital
13   with over, let's say, the last five years?
14   Rabinowitz: A good few hundred.
15   Mr. Ware: A good few hundred?
16   Rabinowitz: Yes.

17   Rabinowitz' testimony of being in the private placement business, and assisting
18   Alpha Capital with "a good few hundred" transactions: pursuant to 15 U.S.C.
19   §77b(a)(12) Rabinowitz and Alpha were "dealers" not eligible for any exemption
20   under Title 15 Section 4, and thus not eligible for 17 C.F.R. §240.144(k)/(Rule 144(k)
21   regarding the purchase of the Notes of IVG/GPMT (GX 1-4).

Page 4 of 12
Appellant Ware's Statement of Facts
U.S. v. Ware, 09-0851 or (2d Cir.)
Opening Appeal Brief

Page 29 of 162
Tuesday, February 18, 2025
(13-6) (Part 15-6) re: The Parties' Joint Stipulated Bankr. Rule 8009(g)/8009(d) Appellate Factual
Jurisdictional and Sanctions Record on Appeal, 25cv00613 (NDGA) (Brown, J.).

Case No. 25cv00613 (NDGA)

# [End of document]

2.09.26 Filed    25 cv 00613 (NDGA)    FRE 201(c)(2) Dem



# UNITED STAT̶ POSTΛL SERV̶

- Expected delivery date specified fo
- Domestic shipments include $100 c
- USPS Tracking® service included fc
- Limited international insurance.**
- When used internationally, a custo

*Insurance does not cover certain items. For d
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.u

## FLAT RATE ENVE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSUI

PS00001000014

---

**UNITED STATES POSTAL SERVICE.**    Retail

### P    US POSTAGE PAID
**$11.95**    Origin: 11226
02/09/26
3509710318-16

### PRIORITY MAIL®

0 Lb 13.40 Oz
**RDC 03**

EXPECTED DELIVERY DAY: 02/12/26

C039

SHIP
TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315

USPS TRACKING® #

9505 5141 9284 6040 1278 85



---

**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

Filed on 02.09.26

FROM:

The Office of Ulysses T. Wave
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226



TO:
Office of the District Clerk
U.S. District Court (NDGA)
75 Ted Turner Dry SW
Atlanta, GA 30303

Attn. Mr. Kevin P. Weimer

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL USE

L 30303





This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.