# *UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA*

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 29 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**ATLANTA DIVISION**

**Civil Action No. 1:25-cv-00613-MLB (NDGA) appeal**

From Bankruptcy Case No. 03-93031-WLH, ***In re Group Management Corp.***, Debtor

**Ulysses T. Ware, Esq. and Group Management**

**(a sole proprietorship),**

**Appellants,**

v.

Alpha Capital, AG; Stonestreet, L.P.; Markham Holdings, L.P.; Amro International, S.A.; Kilpatrick, Townsend, & Stockton, LLP; Dennis S. Meir; John W. Mills, III; J. Henry Walker, IV; Wab Kadaba; Kenneth A. Zitter; Arie Rabinowitz; LH Financial Services Corp.; Konrad Ackermann; Joseph Hammer; Trailblazer Merger Corp., I; Wendy L. Hagenau; James H. Morawetz; The Office of the U.S. Trustee, Region 21; Mary Ida Townsend; M. Regina Thomas; Patricia Sinback; Margaret H. Murphy; Joyce Bihary; Coleman Ray Mullins; Securities and Exchange Commission; Financial Industry Regulatory Agency (FINRA); Barbara Ellis-Monro; Marcia E. Asquith; Robert L. D.; Colby; Robert W. Cook; Emma Jones; Sarah Jeffries; The State Bar of Georgia; Office of the General Counsel; William D. NeSmith, III; Paula Fredrick; Leigh Burgess; William Alan Myers; Adrienne Nash; Jenny Mittlemen; Jonathan Hewett; Patrick N. Arndt; Michael D. Hostetter; Nall & Miller, LLP; Manibur S. Arora; Edward T. M. Garland; Michael F. Bachner; David B. Levitt; Donald F. Samuel; Janice Singer; Alexander H. Southwell; Thomas W. Thrash, Jr.; Michael P. Boggs; Thomas A. Leghorn; Lawrence B. Mandala; Baker & McKenzie, LLP; Robert H. Albaral; John F. King; Office of the Georgia Insurance Commissioner; John Does Insurance Companies Nos. 1–5; Jeneane Treace, Assistant U.S. Trustee, Region 21,

**Appellees.**

---

## JOINT NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

## I. APPELLANTS AND COURT OF APPEALS

Ulysses T. Ware, Esq. and Group Management (a sole proprietorship), (the "**Appellants**"), appeal to the United States Court of Appeals for the Eleventh Circuit from the judgment and orders entered in this district court bankruptcy appeal, Civil Action No. 1:25-cv-00613-MLB. Fed. R. App. P. 3, 6(b); 28 U.S.C. § 158(d)(1).

## II. JUDGMENT AND ORDERS DESIGNATED FOR REVIEW

1. **September 14, 2026 order, Dkt. 61** (docket entry entered September 15, 2026): denying Appellants' Dkt. 59 motion for rehearing and reconsideration under Federal Rule of Bankruptcy Procedure 8022. The complete two-page image of the filed and signed order is attached as Exhibit A.

2. **January 27, 2026 judgment, Dkt. 58**: entering judgment that the bankruptcy court's order is affirmed and the appeal dismissed. The judgment is designated for review in its entirety. Its complete one-page PDF image is attached as Exhibit B.

3. **January 26, 2026 order, Dkt. 57 (docket entry entered January 27, 2026):** vacating Dkt. 6, dismissing the bankruptcy appeal as untimely, denying Appellees' Dkt. 46 sanctions motion without prejudice, denying Appellants' Dkts. 42, 44, and 49 motions as moot or otherwise meritless, and directing the Clerk to close the case. Its complete three-page PDF image is attached as Exhibit C.

4. **April 29, 2025 order, Dkt. 38**: denying Appellants' Dkts. 12, 14, 19, and 22 motions and directing submission of a consolidated opening appellate brief by May 29, 2025. A scan of the order is attached as Exhibit D. Appellants also designate prior rulings merged into the final judgment to the extent reviewable, including the March 10, 2025 order, Dkt. 6, which Dkt. 57 vacated.

Dkt. 59 is Appellants' February 5, 2026 rehearing motion; Dkt. 60 is their supplemental filing docketed February 17, 2026. They establish the procedural sequence and are not judicial orders.

These designations encompass the final judgment and all orders merged into it. Fed. R. App. P. 3(c)(4), (6).

5. **Dkt. 4 (signed February 13; docketed February 14, 2025):** ordering counsel for Group Management to appear by March 6 and warning of sanctions, including dismissal. The complete two-page PDF scan is Exhibit F.

6. **Dkt. 6 (signed March 10; docketed March 11, 2025):** dismissing Group Management without prejudice for noncompliance with Dkt. 4; vacated by Dkt. 57 on January 26, 2026. The complete two-page PDF scan is Exhibit G.

## III. NOTICE OF INTENDED PRE-BRIEFING THRESHOLD MOTION

Before merits briefing, Appellants intend to move on the "threshold" issues of Article III subject-matter jurisdiction, standing, and redressability in the Northern District of Georgia 25cv00613 proceeding, the Northern District of Georgia 03-93031 bankruptcy proceeding, the Southern District of New York 02cv2219 action, and this appeal to the Eleventh Circuit. The motion will present the following issues:

**A. Subject-matter jurisdiction over the Predatory Loan Sharking Subject Matter.** Whether the 25cv00613 (NDGA) district court and 03-93031 (NDGA) bankruptcy court had subject-matter jurisdiction over the **null and void ab initio, predatory, criminal-usury, loan-sharking convertible promissory notes** identified as GX 1, GX 2, GX 3, and GX 4 (collectively, the "**Loan Sharking Notes**"), and the predatory, loan-sharking contract identified as GX 5, which together constitute the "**Predatory Loan Sharking Subject Matter**."

**B. Article III standing of the 02-cv-2219 plaintiffs.** Whether the plaintiffs in 02-cv-2219 (S.D.N.Y.)—**FINRA certified unregistered predatory broker-dealers**, unauthorized to lawfully enter into, facilitate, and/or engage in securities transactions in the United States in violation of 15 U.S.C. § 78o(a)(1)—had Article III standing to file that lawsuit.

**C. Creditor standing and representations in 03-93031. Whether those 02cv2219 (SDNY) predatory, loan sharking plaintiffs** had standing to fraudulently appear as alleged creditors in 03-93031 (Bankr. N.D. Ga.) by fraudulently stating, through their counsel, Kilpatrick, Townsend, & Stockton, LLP (**"KTS"**), and its partners Dennis S. Meir, Esq., John W. Mills, III, Esq., Wab Kadaba, Esq., and J. Henry Walker, IV, Esq. (collectively, the **"KTS Partners"** or **"KTS Appellees"**), that they held creditor status arising from the **void ab initio predatory, Loan Sharking Subject Matter (GX 1–4 and GX 5).**

**D. Redressability and lawful relief.** Whether Article III subject-matter jurisdiction and redressability existed in the Article III district courts and the Article I bankruptcy court to grant judicial relief to **predatory, loan-sharking, unregistered broker-dealers engaged in unlawful predatory loan sharking debt collection of the null and void ab initio Loan Sharking Notes, where the challenged debt-collection conduct falls within 18 U.S.C. § 1961(6)(B) and the notes arise from criminal usury under N.Y. Penal Law § 190.40, a Class E felony**.

**E. Jurisdiction following the 02-cv-2219 dismissal.** Whether the federal courts in 02-cv-2219 (S.D.N.Y.), 03-93031 (Bankr. N.D. Ga.), 1:25-cv-00613-MLB (N.D. Ga.), and this Eleventh Circuit appeal have subject-matter jurisdiction **in light of the 02-cv-2219 plaintiffs' December 20, 2007 voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), after the limitations periods had run on all claims in the complaint,** as Appellants will establish. Dkt. 90, Ex. E, infra, states that the action was dismissed without prejudice. ***Appellants will argue that, given expiration of the limitations periods, the dismissal's legal effect is with prejudice and defeats the asserted jurisdictional basis for the later proceedings***.

Appellants will challenge the asserted ***creditor interests*** under notes GX 1–4 and agreement GX 5; raise N.Y. Penal Law predatory criminal usury law, § 190.40, a Class E felony, 18 U.S.C. § 1961(6)(A)–(B), and 15 U.S.C. § 78o(a)(1) in light of the FINRA materials and transactional record; and address the fraudulent and manifestly frivolous, bad faith bankruptcy court (03-93031) assertions advanced through appellees Kilpatrick, Townsend, & Stockton, LLP and Dennis S. Meir, John W. Mills, III, Wab Kadaba, and J. Henry Walker, IV. The motion will address Article III standing, statutory jurisdiction, enforceability, and redressability.

The Supreme Court directs courts to resolve jurisdiction "first" before merits adjudication. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause"); see also id. at 101 (rejecting "hypothetical jurisdiction"). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006), states: "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), ***may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment***." (emphasis added).

*Arbaugh* further instructs that when Congress does not clearly designate a statutory limitation as jurisdictional, courts should treat the restriction as nonjurisdictional. Id. at 515–16. Appellants

invoke the rule for their asserted subject-matter-jurisdiction objections and seek their consideration before merits briefing.

## ·IV. INDEX OF ATTACHED ORDERS AND JUDGMENT

Exhibits A–D: Dkts. 61 (two pages), 58 (one page), 57 (three pages), and 38 (two pages), respectively. Exhibits E–G: S.D.N.Y. Dkt. 90 (one page), N.D. Ga. Dkt. 4 (two pages), and N.D. Ga. Dkt. 6 (two pages), respectively.

Dated: September 26, 2026

Respectfully submitted,

Ulysses T. Ware, Esq.

**/s/ Ulysses T. Ware**

Ulysses T. Ware, Esq., Appellant; attorney in fact for Group Management

123 Linden Blvd., Ste. 9-L, Brooklyn, NY 11226 | (718) 844-1260 | utware007@gmail.com

**EXHIBIT A — DISTRICT COURT ORDER, DKT. 61 — PAGE 1**



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Ulysses T. Ware and Group Management,

Appellants,

Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

Appellees.

______________________________/

**ORDER**

The Court **DENIES** Appellants' Rule 8022 Motion for Rehearing (Dkt. 59) because it contains more than "3,900 words," exceeds "15 pages," and does not "include a certificate under Rule 8015(h)," in violation of Federal Rule of Bankruptcy Procedure 8022(b). *See In re Ford*, 2024 WL 5084836, at *2 (M.D. Fla. Jan. 25, 2024) (denying appellant's rehearing motion because appellant "fail[ed] to comply with the procedural requirements of Rule 8022," including the requirement that his motion "not exceed 3,900 words or exceed 15 pages").

True, Appellants belatedly filed a Rule 8015(h) certificate outside the 14-day window in which it was due and without leave of court. (Dkt. 60 at 5); *see* Fed. R. Bankr. P. 8022(a)(1), (b)(1) ("any motion for rehearing . . . must be filed within 14 days after a judgment on appeal is entered" and "must include a certificate under Rule 8015(h)"). But, even considering the untimely certificate, it does not "state the number of words" in Appellants' motion as required by Rule 8015(h)(1). It states only that the number is "fewer than a combined 7,800 words," which is both impermissibly vague and almost double the word-limit set forth in Rule 8022(b)(1). (Dkt. 60 at 5.) Appellants' untimely certificate does not save their 107-page motion or otherwise require the Court to drag out this meritless appeal any further.[1]

**SO ORDERED** this 14th day of September, 2026.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

[1] The Court recognizes that portions of Appellants' 107-page motion do not count towards the applicable word/page limit. *See* Fed. R. Bankr. P. 8015(g). The motion is far too long regardless.

## EXHIBIT B — CLERK'S JUDGMENT, DKT. 58

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GROUP MANAGEMENT CORP., Debtor, | BANKRUPTCY CASE NO. 03-93031-WLH |
| ULYSSES T. WARE et al, Appellants, | CIVIL ACTION FILE NO. 1:25-cv-00613-MLB. |
| vs. | |
| ALPHA CAPITAL, AG et al, Appellees. | |

**JUDGMENT**

This action having come before the court, Honorable Michael L. Brown, United States District Judge, for consideration of the appeal of the bankruptcy order entered 2/3/2025, and the court having rendered its decision, it is

**Ordered and adjudged** that the order of the bankruptcy court is **affirmed** and the appeal is **dismissed**.

Dated at Atlanta, Georgia this 27th day of January, 2026.

KEVIN P. WEIMER
CLERK OF COURT

By: s/Parker Thompson
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
January 27, 2026
Kevin P. Weimer
Clerk of Court

By: s/Parker Thompson
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Ulysses T. Ware and Group Management,

Appellants,

Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG et al.,

Appellees.

_______________________________/

## ORDER

The Court **VACATES** its prior Order (Dkt. 6) dismissing Appellant Group Management for failure to retain counsel. The Court does so because Appellant Ware now claims Group Management is a sole proprietorship and—assuming that is true, which the Court is willing to do given the pending dismissal of this case on other grounds—"[a] sole proprietorship may litigate pro se." *United States v. Natalie Jewelry*, 2015 WL 150841, at *5 (S.D. Fla. Jan. 13, 2015).

The Court **DISMISSES** this bankruptcy appeal as untimely because Federal Rule of Bankruptcy Procedure 8002 requires appellants

to file a notice of appeal "within 14 days after the [challenged] judgment, order, or decree"; Appellants' notice of appeal challenges bankruptcy court orders entered in 2003 and 2022; and Appellants did not file their notice of appeal until 2025, more than 14 days later. (Dkts. 1; 1-1 at 6–7); *see In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) ("[T]he timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal."). Appellants' filings are also meritless as other courts have repeatedly explained. (*See, e.g.*, Dkts. 1-5 at 6–16; 45 at 8–11 (discussing Appellant Ware's long history of frivolous filings in this bankruptcy case and related proceedings).)[1]

[1] Of the bankruptcy court orders challenged in Appellants' notice of appeal, the only one docketed within the 14-day appellate period is not really an order at all. It is a "letter" that simply notes the underlying bankruptcy case "has been closed since June 2003," Appellants sent the bankruptcy court more than 100 emails over an 8-month period in 2024–2025, "[e]mails do not constitute filing with the court," and thus "none of the emails have been or will be docketed." (Dkt. 5-9.) Nothing about this unremarkable document warrants any relief on appeal, much less the relief Appellants seek in their papers. The same goes for a February 2025 bankruptcy court order (Dkt. 5-10)—entered during the pendency of this appeal—that Appellants did not mention in their initial notice of appeal but which they have since attacked in other filings. (*See* Dkts. 5-15; 41 at 27). The February 2025 order, like the letter, discusses Appellants' 100+ emails, notes "letters are not proper pleadings," explains the bankruptcy

The Court **DENIES WITHOUT PREJUDICE** Appellees' 6-page motion for sanctions (Dkt. 46) as insufficiently developed. If Appellees wish to renew their motion, they must (1) explain in more detail why sanctions are warranted under Rule 8020; (2) address Appellants' counterarguments; (3) identify the specific sanctions they seek; and (4) describe each step required to process and effectuate their request from beginning to end (including whether the Court must hold a hearing and, if so, when and what should happen at the hearing). Appellees must be thorough and cite supporting authority throughout their analysis.

The Court **DENIES** Appellants' pending motions (Dkts. 42; 44; 49) as moot or otherwise meritless. The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 26th day of January, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

court cannot take "substantive action while the appeal is pending," and says the court "will henceforth return any email received from [Appellants] unopened." (Dkt. 5-10.) Again, nothing about this document—even assuming it were properly before the Court despite its omission from Appellants' initial notice of appeal—entitles Appellants to the relief they seek. That is so—and the Court's other conclusions in this Order remain true—regardless of which of Appellants' two opening briefs (Dkts. 26; 41) is deemed operative.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Ulysses T. Ware,

Appellant,

Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

Appellees.

______________________________/

**ORDER**

The Court **DENIES** Appellant's motions (Dkts. 12; 14; 19; 22) because Appellant has not shown the relief he seeks is warranted. The Court **ORDERS** Appellant to file a single, consolidated opening appellate brief no later than May 29, 2025. Appellant's brief must be titled "Appellant's Opening Appellate Brief," be double-spaced, not exceed 25 pages, contain everything required by Bankruptcy Rule 8014(a) in the proper format, and otherwise comply with the rules governing opening briefs in a bankruptcy appeal. If Appellant believes the Court lacks jurisdiction to consider his appeal—or that other jurisdictional problems exist—he may assert those arguments in his opening brief. The docket

**EXHIBIT D — DISTRICT COURT ORDER, DKT. 38 — PAGE 2**



in this case is already clogged with rambling, incoherent, voluminous, and unnecessary filings. Going forward, the Court urges Appellant to be more judicious and restrained about what he chooses to file. If Appellant does not comply with any of the instructions contained in this Order, the Court will likely dismiss his appeal, potentially with prejudice.

**SO ORDERED** this 29th day of April, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

**EXHIBIT E — 02cv2219 (SDNY) RULE 41(a)(2) DISMISSAL, DKT. 90**

90

U.S. DISTRICT COURT FILED DEC 2 0 2007 S.D. OF N.Y.

United States District Court
Southern District of New York
--------------------------------------------------------x

Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership,

Plaintiffs,

-against-

Group Management Corp., formerly known as IVG Corp., formerly known as Internet Venture Group, Inc., Elorian Landers and Becky Landers,

Defendants.
--------------------------------------------------------x

Order of Dismissal
Without Prejudice

02 Civ. 2219(LBS)

Pursuant to the provisions of Rule 41(a)(2) of the Federal Rules of Civil Procedure, upon request of Plaintiff Alpha Capital Aktiengesellschaft, this case is dismissed without prejudice.

DEC 2 0 2007 -12:00 PM

Dated: New York, New York
December , 2007

CERTIFIED AS A TRUE COPY ON
THIS DATE 6/13/19
BY [signature]
( ) Clerk
(X) Deputy

Law Offices of Kenneth A. Zitter

By: [signature]
Kenneth A. Zitter, Esq.
Attorneys for Plaintiff
Alpha Capital Aktiengesellschaft
260 Madison Avenue - 18th Floor
New York, New York 10016

[signature]
U.S.D.J.
12/18/07

COPIES MAILED TO ALL PARTIES
12-18-07

**EXHIBIT F — DISTRICT COURT ORDER, DKT. 4 — PAGE 1**



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Ulysses T. Ware and Group
Management,

Appellants,

Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

Appellees,

_______________________________/

**ORDER**

Appellants Ulysses T. Ware and Group Management seek to appeal an order entered by the United States Bankruptcy Court for the Northern District of Georgia. After reviewing the bankruptcy record, the Court notes that Appellants paid the required filing fee on February 12, 2025. (*See* 02/12/2025 Docket Entry in Bankruptcy Case No. 03-93031.)

The Court also notes, however, that Appellant Group Management is not represented by counsel. The Court **NOTIFIES** Appellant Group Management that a corporation cannot appear pro se and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385

# EXHIBIT F — DISTRICT COURT ORDER, DKT. 4 — PAGE 2



(11th Cir. 1985). "This rule applies even when the person seeking to represent the corporation is its president . . . ." *CNH Capital Am., LLC v. Se. Aggregate, Inc.*, No. CV608-027, 2009 WL 1468999, at *1 (S.D. Ga. May 26, 2009) (quoting *F.T.C. v. Gem Merch. Corp.*, No. 95-8364, 1995 WL 623168, at *1 (11th Cir. 1995)); *see also* LR 83.1E(2)(b)(I), NDGa.

The Court **ORDERS** Appellant Group Management to have counsel file a notice of appearance with the Clerk no later than March 6, 2025. Failure to comply with this order may result in sanctions against Appellant Group Management, including dismissal.

The Court **DIRECTS** the Clerk to submit this matter after March 6, 2025, if an attorney does not file a notice of appearance on behalf of Appellant Group Management.

**SO ORDERED** this 13th day of February, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

EXHIBIT G — DISTRICT COURT ORDER, DKT. 6 — PAGE 1



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Ulysses T. Ware and Group Management,

Appellants,

Case No. 1:25-cv-613-MLB

v.

Alpha Capital, AG, et al.,

Appellees,

______________________________/

**ORDER**

The Court ordered Appellant Group Management to have counsel file a notice of appearance with the Clerk no later than March 6, 2025. (Dkt. 4.) The Court warned Appellant that failure to comply may result in sanctions, including dismissal. (*Id.*) Appellant has failed to comply with the Court's order.

Accordingly, the Court **DISMISSES** Appellant Group Management without prejudice for failure to comply with a lawful order of the Court. *See* LR 41.3(A)(2), NDGa.

**EXHIBIT G — DISTRICT COURT ORDER, DKT. 6 — PAGE 2**



**SO ORDERED** this 10th day of March, 2025.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

**EXHIBIT H—FINRA's MAY 17, 2021, UNREGISTERED BROKER-DEALER CERTIFICATION**

## CERTIFICATION OF NO FINRA BUSINESS RECORDS

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1. I am the Executive Vice President, Board and External Relations. In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2. No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

   a) Alpha Capital, AG
   b) Stonestreet, L.P.
   c) Markham Holdings, Ltd.
   d) Amro International, S.A.
   e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External Relations and Corporate Secretary

Subscribed and sworn to before me this 17th day of May, 2021.

Notary Public, District of Columbia

My commission expires: 5/31/

PRESS FIRMLY TO SEAL

FSC MIX Board FSC® C116916

PAPER POUCH

PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PM
BROOKLYN, NY 11226
SEP 26, 2026

30303

RDC 03

0 Lb 0.10 Oz

$12.90

S2324M505671-10

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions Domestic Mail Manual at http://pe.usps.com.

** See International Mail Manual at http://pe.usps.com for availability and limitati

RECEIVED SEP 29 2026

To sche

FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

RECEIVED SEP 29 2026

TRACKED ■ INSURED

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

EXPECTED DELIVERY DAY: 09/30/26

USPS TRACKING® #

9505 5141 9264 6269 2342 41

FROM:

The Law Office of Ulysses T. Ware, Esq.
123 Linden Blvd, Ste 9-L
Brooklyn, NY 11226
Filed on Sept. 26, 2026
RE: Notice of Appeal (25cv00613) (NDGA)

TO:

TO
Office of the District Clerk
U.S. District Court (NDGA)
75 Ted Turner Dr., SW
Atlanta, GA 30303
Re: 25cv00613 (NDGA) Notice of Appeal